**Case CC-25-1037**

---

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

---

Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; Barbara Klein, an individual,

Appellants

v.

Bradley D. Sharp, Chapter 11 Trustee of Leslie Klein,

Appellee

On Appeal from the United States Bankruptcy Court
for the Central District of California
BK Case No. 2:23-bk-10990
Honorable Neil W. Bason

---

## EXCERPTS OF RECORD

---

Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:    jdulberg@pszjlaw.com
           jlucas@pszjlaw.com
           jnolan@pszjlaw.com

*Counsel for Bradley D. Sharp,*
*Chapter 11 Trustee of Leslie, Appellee*

# INDEX

| Date | Case No.: 2:24-ap-01140 Docket No. | Name of Document | Page(s) |
|---|---|---|---|
| 5/29/24 | 6 | First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property Located At 322 N. June St., Los Angeles, California | ER 0440 – ER 0538 |
| 5/29/2024 | 7 | Request that the Clerk Issue Another Summons and Notice of Status Conference (LBR 7004-1(a)(1)(B)) | ER 0539 – ER 0541 |
| 5/30/2024 | 8 | Another Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1] | ER 0542 – ER 0547 |
| 6/03/2024 | 9 | Summons Service Executed on Barbara Klein 5/31/2024; Leslie Klein 5/31/2024; The Marital Deduction Trust of Erika Klein 5/31/2024; The Second Amended Klein Living Trust 5/31/2024; The Survivor's Trust of Leslie Klein 5/31/2024 | ER 0548 – ER 0550 |
| 6/03/2024 | 10 | Proof of service (re: Amended Complaint and Another Summons Issued) | ER 0551 – ER 0552 |
| 6/04/2024 | 11 | Notice to Filer of Error and/or Deficient Document Other | ER 0553 |
| 6/04/2024 | 12 | Summons Service Executed on Barbara Klein 5/31/2024; Leslie Klein 5/31/2024; The Marital Deduction Trust of Erika Klein 5/31/2024; The Second Amended Klein Living Trust 5/31/2024; The Survivor's Trust of Leslie Klein 5/31/2024 | ER 0554 – ER 0558 |

| Date | Case No.: 2:24-ap-01140 Docket No. | Name of Document | Page(s) |
|---|---|---|---|
| 6/04/2024 | 13 | Request for courtesy Notice of Electronic Filing (NEF) | ER 0559 |
| 6/04/2024 | 14 | Request for courtesy Notice of Electronic Filing (NEF) | ER 0560 |
| 6/10/2024 | 15 | Request for courtesy Notice of Electronic Filing (NEF) | ER 0561 |
| 7/09/2024 | 16 | Stipulation to Extend Deadline to Respond to First Amended Complaint | ER 0562 – ER 0567 |
| 7/09/2024 | 17 | Notice of Lodgment of Order or Judgment in Adversary Proceeding | ER 0568 – ER 0573 |
| 7/09/2024 | 18 | Notice of Lodgment of Order or Judgment in Adversary Proceeding | ER 0574 – ER 0579 |
| 7/09/2024 | 19 | Amended Proof of Service re: Stipulation to Extend Deadline to Respond to Complaint | ER 0580 – ER 0582 |
| 7/10/2024 | 20 | Order Approving Stipulation to Extend Deadline to Respond to First Amended Complaint | ER 0583 – ER 0584 |
| 7/12/2024 | 21 | Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property Located at 322 North June Street, Los Angeles, California by Defendants Leslie Klein, The Second Amended Klein Living Trust, a Trust, The Marital Deduction Trust of Erika Klein, a Trust, The Survivor's Trust of Leslie Klein, a Trust, and Barbara Klein, an Individual. | ER 0585 – ER 0619 |

| Date | Case No.: 2:24-ap-01140 Docket No. | Name of Document | Page(s) |
|---|---|---|---|
| 7/13/2024 | 22 | BNC Certificate of Notice (re: Order Approving Stipulation to Extend Deadline to Respond to First Amended Complaint | ER 0620 – ER 0623 |
| 7/29/2024 | 23 | Joint Status Report | ER 0624 – ER 0629 |
| 8/14/2024 | 24 | Proof of service of Discovery Documents Served on Defendants Leslie Klein, The Second Amended Klein Living Trust, The Marital Deduction Trust of Erika Klein, The Survivor's Trust of Leslie Klein, The Creditors Trust of Leslie Klein on July 31, 2024 | ER 0630 – ER 0632 |
| 8/14/2024 | 25 | Proof of service of Discovery Documents Served on Defendant Barbara Klein on July 31, 2024 | ER 0633 – ER 0634 |
| 8/26/2024 | 26 | Notice of Continued Status Conference | ER 0635 – ER 0638 |
| 8/26/2024 | 27 | Notice of Lodgment of Scheduling Order | ER 0639 – ER 644 |
| 8/27/2024 | 28 | Scheduling Order | ER 0645 – ER 0646 |
| 8/30/2024 | 29 | BNC Certificate of Notice (re: Scheduling Order) | ER 0647 – ER 0650 |
| 9/12/2024 | 30 | Notice of Motion and Motion to Order Joinder of Necessary Parties or Dismiss (FRCIVP 19, 12(8)(7)); Declaration of Eric J. Olson; Points and Authorities | ER 0651 – ER 0690 |
| 9/12/2024 | 31 | Hearing Set | ER 0691 |
| 9/20/2024 | 32 | Notice of Motion and Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against | ER 0692 – ER 0723 |

| Date | Case No.: 2:24-ap-01140 Docket No. | Name of Document | Page(s) |
|------|-----------------------------------|------------------|---------|
| | | Defendants | |
| 9/20/2024 | 33 | Declaration of John W. Lucas in Support of Chapter 11 Trustees Summary Judgment on All Claims for Relief Against Defendants | ER 0724 – ER 0975 |
| 9/20/2024 | 34 | Request for Judicial Notice in Support of Chapter 11 Trustees Summary Judgment on All Claims for Relief Against Defendants | ER 0976 – ER 1247 |
| 9/20/2024 | 35 | Proof of service re Notice of Motion and Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against Defendants | ER 1248 – ER 1250 |
| 9/23/2024 | 36 | Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against Defendants | ER 1251 – ER 1266 |
| 9/24/2024 | 37 | Order Setting Hearing on Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against Defendants | ER 1267 – ER 1268 |
| 9/24/2024 | 38 | Hearing Set (re Motion for Summary Judgment) | ER 1269 |
| 9/25/2024 | 39 | Notice of Hearing on Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against Defendants | ER 1270 – ER 1274 |
| 9/26/2024 | 40 | BNC Certificate of Notice (re: Order Setting Hearing on Motion of | ER 1275 – ER 1278 |

| Date | Case No.: 2:24-ap-01140 Docket No. | Name of Document | Page(s) |
|---|---|---|---|
| | | Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against Defendants) | |
| 10/02/2024 | 41 | Opposition to Notice of Motion and Motion to Order Joinder of Necessary Parties or Dismiss | ER 1279 – ER 1286 |
| 10/08/2024 | 42 | Reply to Opposition to Motion to Order Joinder of Necessary Parties or Dismiss (FRCIVP 19, 12(8)(7)); Declaration of Leslie Klein; Declaration of Eric J. Olson | ER 1287 – ER 1295 |
| 10/15/2024 | 43 | Opposition to Motion For Summary Judgment; Points and Authorities; Declaration of Leslie Klein; Declaration of Eric J. Olson | ER 1296 – ER 1332 |
| 10/16/2024 | 44 | Statement of Genuine Issue of Facts In Opposition to Motion for Summary Judgment | ER 1333 – ER 1346 |
| 10/17/2024 | 45 | Notice of Lodgment of Order Denying Motion to Order Joinder of Necessary Parties or Dismiss | ER 1347 – ER 1352 |
| 10/18/2024 | 46 | Order Denying Motion to Order Joinder of Necessary Parties or Dismiss | ER 1353 – ER 1354 |
| 10/20/2024 | 47 | BNC Certificate of Notice re: Order Denying Motion to Order Joinder of Necessary Parties or Dismiss | ER 1355 – ER 1358 |
| 10/30/2024 | 48 | Reply to Defendants' Statement of Genuine Issues of Facts in Opposition to Motion for Summary Judgment | ER 1359 – ER 1371 |
| 10/30/2024 | 49 | Reply to Opposition to Motion for | ER 1372 – ER 1416 |

4903-5747-3340.1 78512.001

| Date | Case No.: 2:24-ap-01140 Docket No. | Name of Document | Page(s) |
|---|---|---|---|
| 4 | | Summary Judgment | |
| 12/04/2024 | 50 | Joint Status Report | ER 1417 – ER 1424 |
| 12/11/2024 | 51 | Motion to Continue Hearing on Motion for Summary Judgment | ER 1425 – ER 1440 |
| 12/16/2024 | 52 | Opposition to Motion for Continuance of Motion for Summary Judgment | ER 1441 – ER 1444 |
| 12/16/2024 | 53 | Notice to Filer of Error and/or Deficient Document | ER 1445 |
| 12/16/2024 | 54 | Certificate of Service re Opposition to Motion for Continuance of Motion for Summary Judgment | ER 1446 – ER 1447 |
| 12/16/2024 | 55 | Notice to Filer of Correction | ER 1448 |
| 12/17/2024 | 56 | Defendant's Reply re Motion to Continue Motion for Summary Judgment | ER 1449 – ER 1455 |
| 12/17/2024 | 57 | Notice to Filer of Error and/or Deficient Document | ER 1456 |
| 12/17/2024 | 58 | Proof of service re Defendant's Reply re Motion to Continue Motion for Summary Judgment | ER 1457 – ER 1459 |
| 12/19/2024 | 59 | Transcript Order Form, regarding Hearing Date 12/18/24 | ER 1460 |
| 12/19/2024 | 60 | Notice of Lodgment on Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants [Relates to Docket Nos. 33, 34, 36, 43, 44, 48, 49] | ER 1461 – ER 1465 |
| 12/19/2024 | 61 | Transcript Record Transmittal | ER 1466 |

| Date | Case No.: 2:24-ap-01140 Docket No. | Name of Document | Page(s) |
|---|---|---|---|
| 12/20/2024 | 62 | Order Granting Motion For Summary Judgment on All Claims for Relief Against Defendants | ER 1467 – ER 1468 |
| 12/22/2024 | 63 | BNC Certificate of Notice (re: Order Granting Motion For Summary Judgment on All Claims for Relief Against Defendants) | ER 1469 – ER 1472 |
| 12/30/2024 | 64 | Order to Show Cause Regarding Why Leslie Klein, Daniel Crawford, and Eric Olson are Not in Violation of the Automatic Stay | ER 1473 – ER 1475 |
| 12/31/2024 | 65 | Proof of service of Order to Show Cause Regarding Why Leslie Klein, Daniel Crawford, and Eric Olson are Not in Violation of the Automatic Stay | ER 1476 – ER 1477 |
| 1/01/2025 | 66 | BNC Certificate of Notice (re: Order to Show Cause Regarding Why Leslie Klein, Daniel Crawford, and Eric Olson are Not in Violation of the Automatic Stay) | ER 1478 – ER 1482 |
| 1/03/2025 | 67 | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel | ER 1483 – ER 1488 |
| 1/06/2025 | 68 | Notice of Referral of Appeal to the Bankruptcy Appellate Panel of the Ninth Circuit (BAP) | ER 1489 – ER 1507 |
| 1/06/2025 | 69 | Opening Letter re: Appeal from BAP CC 25-1002 (Originally filed at BAP 01/06/2025) | ER 1508 – ER 1509 |

| Date Filed | Case No.: 2:23-bk-10990 Docket No. | Name of Document | Page(s) |
|---|---|---|---|
| 1/17/25 | 890 | Notice of Motion and Motion of Chapter 11 Trustee for Order (1) Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee and Compelling Debtor to Vacate the Property; and (2) Directing and Authorizing the United States Marshal Service, or Any Other Law Enforcement Agency with Jurisdiction, to Enforce the Order of the Court to Restore Possession of the Property to The Trustee; Memorandum of Points and Authorities; Declarations of Bradley D. Sharp and Jeffrey W. Dulberg in Support Thereof | ER 1510 – ER 1525 |

1   Jeffrey W. Dulberg (State Bar No. 181200)
    John W. Lucas (State Bar No. 271038)
2   Jeffrey P. Nolan (State Bar No. 158923)
    PACHULSKI STANG ZIEHL & JONES LLP
3   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, California 90067-4003
4   Telephone: 310-277-6910
    Facsimile: 310-201-0760
5   Email: jdulberg@pszjlaw.com
           jlucas@pszjlaw.com
6          jnolan@pszjlaw.com

7   Attorneys for Plaintiff, Bradley D. Sharp,
    Chapter 11 Trustee

8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.:  2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee,, | **FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | |
| Defendants. | |

Bradley D. Sharp (**"Plaintiff"** or **"Trustee"**), the duly appointed trustee for the chapter 11

estate of Leslie Klein (the **"Debtor"**) brings this adversary proceeding against the defendants

named herein.  Plaintiff alleges as follows:

### INTRODUCTION

1.      On February 22, 2023 (the **"Petition Date"**), the Debtor commenced a voluntary

chapter 11 case in the United States Bankruptcy Court for the Central District of California (Los

Angeles Division) Case No. 23-10990-SK (the **"Bankruptcy Case"**).

ER 0440

2.      At the time the Bankruptcy Case was commenced, an estate was created by operation of law, pursuant to 11 U.S.C. § 541, of all legal and equitable interests of the Debtor in property.

3.      On March 8, 2023, the Debtor filed his schedules of assets and liabilities and statement of financial affairs [Docket No. 34] (the "**SOFAs**") reflecting that the real property located at 322 N. June St., Los Angeles, California (the "**Property**") is 50% owned by the Debtor's bankruptcy estate, 50% owned by an alleged marital deduction trust (the "**MDT**") of the Debtor's deceased spouse, Erika Klein, and a life estate held by Barbara Klein ("**Barbara Klein**"), the Debtor's current spouse. A true and correct copy of the SOFAs are annexed hereto as **Exhibit A**.

4.      Plaintiff seeks a determination that the Property is solely owned by the Debtor's bankruptcy estate and not held or own by the MDT, Barbara Klein, or any other party.

5.      The resolution of this disputed issue is critical to the underlying bankruptcy case because the Property has substantial value and will materially affect distributions to the creditors holding allowed claims against the Debtor and his bankruptcy estate.

## JURISDICTION

6.      This Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, 11 U.S.C. § 105, and Federal Rules of Bankruptcy Procedure 7001.

7.      Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1409.

8.      This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## PARTIES

9.      On May 23, 2023, the Office of the United States Trustee (the "**OUST**") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151]. On May 24, 2023, the OUST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered the same day [Docket No. 155].  On that same day, the Trustee accepted his appointment [Docket No. 156] as the chapter 11 trustee of the Debtor's bankruptcy estate.

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

10.      Leslie Klein, the Debtor, is an individual who is a debtor in the above-captioned bankruptcy case and resides in Los Angeles, California in the Property.

11.      The *Second Amended Klein Living Trust*, dated April 8, 1990 (the "**Klein Living Trust**"), is a living trust that was settled by the Debtor and his former/deceased spouse, Erika Klein. A true and correct copy of the Klein Living Trust is annexed hereto as **Exhibit B**.

12.      The MDT (*i.e.*, the *Marital Deduction Trust of Erika Klein*) was purportedly created and funded in connection with the death of Erika Klein on or around December 2012.

13.      The *Survivor's Trust of Leslie Klein* (the "**Survivor's Trust**") is a trust that was purportedly created at the time of Erika Klein's death as a successor to the Klein Living Trust.

14.      Barbara Klein, an individual, is the current spouse of the Debtor.

## THE PROPERTY

15.      The only and the most recently recorded deed (the "**Property Deed**") relating to the Property reflects that on or about July 8, 1977, the Property was granted to Leslie Klein and Erika Noemi Klein, as Trustees under the Klein Living Trust of 1975.  A true and correct copy of the Property Deed is annexed hereto as **Exhibit C**.

16.      The Klein Living Trust reflects that it amends and supersedes the "Klein Living Trust" and the "First Amended Klein Living Trust." *See* Klein Living Trust, Art. 1.

17.      On April 29, 2024, the Debtor's current counsel sent an email (the "**April 29 Email**") to the Plaintiff's counsel stating that "A Trust owns 100% of the June Street Property and the 2 Israel properties." A true and correct copy of the April 29 Email is annexed hereto as **Exhibit D**. The Plaintiff understands the reference to the "A Trust" to mean the MDT.

18.      On or about May 3, 2024, the Debtor, through his current counsel, produced documents in response to a formal discovery demand by the Trustee. The produced documents included the Klein Living Trust and a typed document (the "**Klein Trust Property Schedule**") that purports to reflect the property division between the MDT and the Klein Living Trust as a result of the death of Erika Klein. A true and correct copy of the Klein Trust Property Schedule is annexed hereto as **Exhibit E**.

19.      The Klein Trust Property Schedule is undated, unexecuted, and unrecorded, and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

there is no evidence that indicates when the schedule was created.

## FIRST CLAIM FOR RELIEF

### (Quiet Title)

20.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

21.     As of the Petition Date, the Property Deed reflects that the Property is owned by the Klein Living Trust.

22.     On or about March 8, 2023, the Debtor represented under penalty of perjury in the SOFAs that the Property was owned 50% by his bankruptcy estate and 50% by the MDT. The Trustee is unaware of any documents to support that the MDT owns 50% of the Property or any other interest in the Property.

23.     On or about March 8, 2023, the Debtor represented under penalty of perjury in the SOFAs that Barbara Klein holds a life estate in the Property. The Trustee is unaware of any documents to support any life estate held or owned by Barbara Klein or any other interest in the Property.

24.     On or about May 3, 2024, the Trustee received the undated, unexecuted, unrecorded Klein Trust Property Schedule that purports to indicate that the Property is 100% owned by the MDT. The Trustee is unaware of any documents to support that the MDT owns 100% of the Property or any other interest in the Property.

25.     As of the Petition Date, the Klein Living Trust or the Survivor's Trust owned 100% of the Property and continues to own 100% of the Property.

26.     The Trustee is entitled to a judicial declaration, pursuant to sections 760.010 *et. seq.* of the CCP, quieting title of the Property in name of the Debtor's bankruptcy estate as of February 22, 2023.

## SECOND CLAIM FOR RELIEF

### (Avoidance pursuant to 11 U.S.C. § 544(a)(3))

27.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

28.     All unrecorded interests in the Property are voidable by a *bona fide* purchaser of such real property who properly perfected such purchase at the time of the commencement of this bankruptcy case.

29.     Pursuant to 11 U.S.C. § 544(a)(3), the Plaintiff as Trustee has the rights and powers of a bona fide purchaser of real property as of the Petition Date and therefore, the estate may void all unrecorded interests in the Property, including any unrecorded interests that beneficiaries of the Klein Living Trust, MDT, Survivor's Trust, and Barbara Klein may assert.

30.     Plaintiff is entitled to a judicial declaration, pursuant to 11 U.S.C. § 544(a)(3), that all unrecorded interests in the  Property are void and unenforceable and the Property is property of the Debtor's bankruptcy estate.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1.     Declaring that any interests in the Property that were not created, transferred or declared in a validly recorded deed or instrument transferring the Property to the Klein Living Trust, Survivor's Trust, or recorded in the appropriate county real estate records are void and that the Property is property of the Debtor's bankruptcy estate giving the Trustee the right and power to transfer the Property free of any such interests (subject to Court approval and any enforceable exemption);

2.     Declaring that any unrecorded interests of the MDT, Survivor's Trust, Barbara Klein, or any other person or entity in the Property are void pursuant to 11 U.S.C. § 544(a)(3); and

3.     For such other and further relief as the Court may deem just and proper.

Dated:  May 29, 2024                    PACHULSKI STANG ZIEHL & JONES LLP


                                    By   */s/ John W. Lucas*
                                         _____
                                         Jeffrey W. Dulberg
                                         John W. Lucas
                                         Jeffrey P. Nolan

                                         Attorneys for Plaintiff, Bradley D. Sharp,
                                         Chapter 11 Trustee

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

**(SOFAs)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4889-2964-7549.1 78512.001

# United States Bankruptcy Court
## Central District of California

In re  **Leslie Klein**
_____  Case No.  **2:23-bk-10990-SK**
                                    Debtor(s)  Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |

**-NONE-**

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Leslie Klein, am the named debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  _3/8/2023_          Signature  _Leslie Klein_
                                    **Leslie Klein**

_Penalty for making a false statement of concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106Sum
### Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  |  | **Your assets** Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B.......................................... | $ 12,250,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................. | $ 2,044,000.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B......................................... | $ 14,294,000.00 |

### Part 2:    Summarize Your Liabilities

|  |  | **Your liabilities** Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $ 31,564,856.56 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.................... | $ 0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.................... | $ 97,928.00 |
| | **Your total liabilities** | $ 31,662,784.56 |

### Part 3:    Summarize Your Income and Expenses

| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.......................................... | $ 17,633.00 |
|---|---|---|
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*.......................................... | $ 9,552.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☒ Yes

7.  **What kind of debt do you have?**

☐ Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☒ Your debts are not primarily consumer debts. You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum    Summary of Your Assets and Liabilities and Certain Statistical Information    page 1 of 2

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

ER 0447

Debtor 1    Leslie Klein                                          Case number (if known) 2:23-bk-10990-SK

8.   From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form
     122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.                            $ _____

9.   Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

ER 0448

Fill in this information to identify your case and this filing:

| | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:23-bk-10990-SK**

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

**1.1**

**322 N. June Street**
Street address, if available, or other description

**Los Angeles      CA     90004-0000**
City                 State      ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$4,900,000.00** | **$2,450,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% is held in by Debtor and 50% held by his Erika's irrevocable marital deduction trust**

☐ Check if this is community property (see instructions)

ER 0449

Debtor 1    **Leslie Klein**                                              Case number *(if known)*    **2:23-bk-10990-SK**

---

**If you own or have more than one, list here:**

1.2

| | | |
|---|---|---|
| **315 N. Martel Avenue** | | |
| Street address, if available, or other description | | |

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| | |
|---|---|
| **Los Angeles**   CA   **90036-0000** | |
| City          State       ZIP Code | |

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,500,000.00** | **$2,500,000.00** |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

☐ **Check if this is community property** (see instructions)

| | |
|---|---|
| **Los Angeles** | |
| County | |

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property.  Debtor collects $5,500/month.**

---

**If you own or have more than one, list here:**

1.3

| | | |
|---|---|---|
| **143 S. Highland Drive** | | |
| Street address, if available, or other description | | |

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| | |
|---|---|
| **Los Angeles**   CA   **90036-0000** | |
| City          State       ZIP Code | |

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,200,000.00** | **$2,200,000.00** |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

☐ **Check if this is community property** (see instructions)

| | |
|---|---|
| **Los Angeles** | |
| County | |

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property. Debtor collects $4,000 per month in rental income.**

---

ER 0450

Debtor 1    Leslie Klein                                          Case number *(if known)*    2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.4

**161 N. Poinsettia Place**
Street address, if available, or other description

| | |
|---|---|
| **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative

- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Los Angeles    CA    90036-0000**
City        State    ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,000,000.00** | **$2,000,000.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Los Angeles**
County

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property. Debtor collects $3,000 per month rental income.**

---

**If you own or have more than one, list here:**

1.5

**2560-B Whitewater Club Drive**
Street address, if available, or other description

| | |
|---|---|
| **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ■ Condominium or cooperative

- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Palm Springs    CA    92262-0000**
City        State    ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$350,000.00** | **$350,000.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Riverside**
County

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**A condo with 2 bedrooms and 2 bathrooms; vacation home.**

---

ER 0451

Debtor 1    Leslie Klein    Case number *(if known)*    2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.6

**3752 Ocean Drive**
Street address, if available, or other description

| | |
|---|---|
| **Oxnard** | **CA** **93035-0000** |
| City | State    ZIP Code |

**Ventura**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,400,000.00** | **$2,400,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family home; vacation home.**

---

**If you own or have more than one, list here:**

1.7

**Leonardo Plaza Hotel Jerusalem**
Street address, if available, or other description

| | | |
|---|---|---|
| **Jerusalem** | | |
| City | State | ZIP Code |

**Israel**
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ■ Investment property
- ☐ Timeshare
- ■ Other    **Unit in a hotel**

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$500,000.00** | **$250,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**50% by Debtor and 50% by deceased wife's irrevocable trust**

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leanoardo Plaza Hotel. Vacation home.**

---

Official Form 106A/B    Schedule A/B: Property    page 4

Debtor 1    Leslie Klein                                      Case number *(if known)*    2:23-bk-10990-SK

If you own or have more than one, list here:

1.8
**Dan Boutique Hotel Jerusalem**

Street address, if available, or other description

| What is the property? Check all that apply | |
| --- | --- |
| ☐ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| ☐ Duplex or multi-unit building | |
| ☐ Condominium or cooperative | |

**Jerusalem**

City                         State         ZIP Code

| | |
| --- | --- |
| ☐ Manufactured or mobile home | |
| ☐ Land | **Current value of the entire property?** / **Current value of the portion you own?** |
| ☐ Investment property | $200,000.00 / $100,000.00 |
| ☐ Timeshare | |
| ■ Other    **Unit in a hotel** | **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known. |

Who has an interest in the property? Check one

**50% by Debtor and 50% by deceased spouse's irrevocable trust**

**Israel**

County

| | |
| --- | --- |
| ■ Debtor 1 only | |
| ☐ Debtor 2 only | |
| ☐ Debtor 1 and Debtor 2 only | ☐ **Check if this is community property** (see instructions) |
| ☐ At least one of the debtors and another | |

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leanoardo Plaza Hotel. Vacation home.**

---

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=>    | **$12,250,000.00** |

---

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

3.1   Make:    **Lexus**
Model:   **LS500**
Year:    **2021**
Approximate mileage:    **n/a**
Other information:

**Leased vehicle. Monthly payment is $1,319.00.**

Who has an interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** / **Current value of the portion you own?**

$0.00 / $0.00

3.2   Make:    **Lexus**
Model:   **LS**
Year:    **2021**
Approximate mileage:    **n/a**
Other information:

**Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.**

Who has an interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** / **Current value of the portion you own?**

$0.00 / $0.00

---

ER 0453

| Debtor 1 | **Leslie Klein** | Case number *(if known)* | **2:23-bk-10990-SK** |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here.........................................................=>

   | | $0.00 |

---

**Part 3:    Describe Your Personal and  Household Items**

Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

| Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household goods and furnishings | $8,000.00 |
| 2560-B Whitewater Club Drive, Palm Spring vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings. | $5,000.00 |
| 3752 Ocean Drive, Oxnard CA vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings. | $5,000.00 |

**7. Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

| TVs, phones, computers | $3,000.00 |

**8. Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☐ No
   ■ Yes.  Describe.....

| Books and art objects | $4,000.00 |

**9. Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ■ Yes.  Describe.....

---

ER 0454

Debtor 1    **Leslie Klein**    Case number *(if known)*    **2:23-bk-10990-SK**

| Sports and Hobyy equipment | $2,000.00 |
|---|---|

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| Debtor's residence: Clothes and shoes | $2,000.00 |
|---|---|

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings, gold rings and costume jewelry | $20,000.00 |
|---|---|

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here .................................................................

| | $49,000.00 |
|---|---|

**Part 4:    Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes.................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.......................    Institution name:

| 17.1. | Checking account ending in 9401 | Bank of America | $4,000.00 |
|---|---|---|---|

Official Form 106A/B    Schedule A/B: Property    page 7

ER 0455

Debtor 1    **Leslie Klein**    Case number *(if known)*    **2:23-bk-10990-SK**

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples: Bond funds, investment accounts with brokerage firms, money market accounts*
    ☑ No
    ☐ Yes.................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ☐ No
    ☑ Yes.  Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| Debtor has a 100% ownership interest in Bay Area Development, Co.   Bay Area Development, Co. filed  a chapter 11 bankruptcy petition on 9/12/2022, Case No.: 2:22-bk-15031-SK.  On December 6, 2022, Bay Area entered into a stipulation with its secured creditor Scott Capital Management Fund 1, LLC and OUST to dismiss the case.  The order dismissing the case with a 180 day bar (due to pending RFS motion) was enterd on 12/6/2022.  The real property owned by Bay Area Development, Co. went into foreclosure.  The company currently does not own any assets. | 100%        % | $0.00 |
| Debtor has a membership interest in Life Capital Group, LLC, which is an investment company.  The LLC buys insurance policies on other people's lives and upon passing, the LLC collects the funds and makes a distribution to its members. | 5% membershi p interest        % | Unknown |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ☑ No
    ☐ Yes. Give specific information about them
        Issuer name:

21. **Retirement or pension accounts**
    *Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans*
    ☑ No
    ☐ Yes. List each account separately.
        Type of account:        Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples: Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others*
    ☑ No
    ☐ Yes. .....................        Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ☑ No
    ☐ Yes............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ☑ No
    ☐ Yes............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ☐ No

Official Form 106A/B    Schedule A/B: Property    page 8

ER 0456

Debtor 1    **Leslie Klein**                                          Case number *(if known)*  **2:23-bk-10990-SK**

■ Yes.  Give specific information about them...

| | |
|---|---|
| Klein Living Trust dated April 8, 1990. The Settlors of the Trust are Leslie Klein and Erika Noemi Klein, husband and wife. Erika Klein passed away several years ago, and pursuant to the trust provision, Erika Klein's interest in the assets is now in an irrevocable trust ("Marital Deduction Trust").  The assets of the trust are listed on Schedule A/B, item #1 for each property that is part of the Trust. | $0.00 |

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

**Money or property owed to you?**                                    Current value of the portion you own?
                                                                      Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
              benefits; unpaid loans you made to someone else
    ☐ No
    ■ Yes.  Give specific information..

| | |
|---|---|
| Isaac Kirzner. Debtor entered into an agreement with Isaac Kirzner whereby he paid the insurance premiums for Mr. Kirzner, and upon Mr. Kirzner's passing, the Debtor would receive $1 Million. | $1,000,000.00 |

| | |
|---|---|
| Judith Bittman.  Debtor entered into an agreement with Judith Bittman whereby he paid the insurance premiums for Ms. Bittmanm  and upon Ms. Bittman's passing, the Debtor would receive $1 Million. | $1,000,000.00 |

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
             Company name:                     Beneficiary:                     Surrender or refund
                                                                                value:

Official Form 106A/B                          Schedule A/B: Property                                    page 9

ER 0457

Debtor 1    **Leslie Klein**                                    Case number *(if known)*    **2:23-bk-10990-SK**

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.

    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**

    ■ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
    **for Part 4. Write that number here** ................................................................................................    | $2,004,000.00 |

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest In That You Did Not List Above |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes.  Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................    | $0.00 |

Official Form 106A/B                          Schedule A/B: Property                                    page 10

ER 0458

| Debtor 1 | **Leslie Klein** | | Case number *(if known)* | **2:23-bk-10990-SK** |

**Part 8:**    List the Totals of Each Part of this Form

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ................................................................................... | | **$12,250,000.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$0.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$49,000.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$2,004,000.00** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54**    + | **$0.00** | |
| 62. | **Total personal property. Add lines 56 through 61...** | **$2,053,000.00** | Copy personal property total    **$2,053,000.00** |
| 63. | **Total of all property on Schedule A/B. Add line 55 + line 62** | | **$14,303,000.00** |

ER 0459

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | **2:23-bk-10990-SK** | | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt
4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill it out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **322 N. June Street Los Angeles, CA 90004  Los Angeles County Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.** Line from *Schedule A/B*: **1.1** | $2,450,000.00 | ■<br>☐ | $678,391.00<br>100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household g** Line from *Schedule A/B*: **6.1** | $8,000.00 | ■<br>☐ | $8,000.00<br>100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **TVs, phones, computers** Line from *Schedule A/B*: **7.1** | $3,000.00 | ■<br>☐ | $3,000.00<br>100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

ER 0460

| Debtor 1 | **Leslie Klein** | | Case number (if known) | **2:23-bk-10990-SK** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **Books and art objects**<br>Line from *Schedule A/B*: **8.1** | $4,000.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Sports and Hobyy equipment**<br>Line from *Schedule A/B*: **9.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Clothes and shoes**<br>Line from *Schedule A/B*: **11.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings, gold rings and costume jewelry**<br>Line from *Schedule A/B*: **12.1** | $20,000.00 | ■ $9,525.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ■ No

       ☐ Yes

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:23-bk-10990-SK** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| **2.1** **CCO Mortgage Corp.** | | **$19,372.00** | **$2,400,000.00** | **$0.00** |

| | |
|---|---|
| **2.1** **CCO Mortgage Corp.**<br>Creditor's Name<br><br>**Attn: Bankruptcy**<br>**10561 Telegraph Rd**<br>**Glen Allen, VA 23059**<br>Number, Street, City, State & Zip Code | **Describe the property that secures the claim:**<br>**3752 Ocean Drive Oxnard, CA 93035**<br>**Ventura County**<br>**Single family home; vacation home.**<br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

**Who owes the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)    **Secured Line of Credit**

| | Opened<br>05/05  Last<br>Active | | |
|---|---|---|---|
| Date debt was incurred | **1/09/23** | Last 4 digits of account number | **1428** |

---

Official Form 106D    Schedule D: Creditors Who Have Claims Secured by Property    page 1 of 8

ER 0462

| Debtor 1 | **Leslie** | | **Klein** | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| 2.2 | **Chase Mortgage** | Describe the property that secures the claim: | $138,719.00 | $350,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**2560-B Whitewater Club Drive Palm Springs, CA 92262  Riverside County**
**A condo with 2 bedrooms and 2 bathrooms; vacation home.**

**BK Department**
**Mail Code LA4 5555  700 Kansas Ln**
**Monroe, LA 71203**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Deed of Trust**

| Date debt was incurred | **Opened 07/05  Last Active 8/23/22** | Last 4 digits of account number | **2700** |
|---|---|---|---|

| 2.3 | **Ericka and Joseph Vago** | Describe the property that secures the claim: | $24,334,038.99 | $0.00 | $24,334,038.99 |
|---|---|---|---|---|---|

Creditor's Name

**Assets of the Debtor**

**c/o Brian Procel**
**Procel Law**
**401 Wilshire Blvd., 12th Floor**
**Santa Monica, CA 90401**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Notice of Judgment Lien**

| Date debt was incurred | **July 2020** | Last 4 digits of account number | **5050** |
|---|---|---|---|

ER 0463

Debtor 1    **Leslie Klein**

First Name        Middle Name        Last Name

Case number (if known)    **2:23-bk-10990-SK**

| 2.4 | **Fay Servicing LLC** | Describe the property that secures the claim: | $712,265.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**

**Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)    **1st Deed of Trust**

**Opened
10/13/04
Last Active
08/20**

Date debt was incurred

Last 4 digits of account number    **9505**

| 2.5 | **Fay Servicing LLC** | Describe the property that secures the claim: | $327,886.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**

**Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)    **2nd Deed of Trust**

**Opened
11/04 Last
Active**

Date debt was incurred    **8/09/22**

Last 4 digits of account number    **9492**

Official Form 106D    Additional Page of Schedule D: Creditors Who Have Claims Secured by Property

page 3 of 8

ER 0464

Debtor 1   **Leslie Klein**
First Name        Middle Name        Last Name

Case number (if known)   **2:23-bk-10990-SK**

| 2.6 | **Fiore Racobs & Powers** | | $49,436.57 | $350,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**c/o Palm Springs
Country Club HOA
6820 Indiana Ave., Ste
140
6820 Indiana Ave., Ste
140
Riverside, CA 92506**
Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**2560-B Whitewater Club Drive Palm Springs, CA 92262  Riverside County
A condo with 2 bedrooms and 2 bathrooms; vacation home.**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)   **HOA Assessments**

Date debt was incurred   **2020 - 2023**        Last 4 digits of account number   **4460**

| 2.7 | **Gestetner Charitable Remainder Trus** | | $2,000,000.00 | Unknown | Unknown |
|---|---|---|---|---|---|

Creditor's Name

**c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219**
Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**Debtor has a membership interest in Life Capital Group, LLC, which is an investment company. The LLC buys insurance policies on other people's lives and upon passing, the LLC collects the funds and makes a distribution to its members.
5% m**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)   **UCC Financing**

Date debt was incurred   **5/14/2021**        Last 4 digits of account number   **3629**

ER 0465

Debtor 1   **Leslie Klein**
_____ _____ _____   Case number (if known) **2:23-bk-10990-SK**
First Name    Middle Name    Last Name

| 2.8 | **Los Angeles County Tax Collector** | | $15,000.00 | $4,900,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

**Describe the property that secures the claim:**

> **322 N. June Street Los Angeles, CA 90004  Los Angeles County Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the res**

**Bankruptcy Unit
PO Box 54110
Los Angeles, CA
90054-0027**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Property Taxes**

Date debt was incurred   **2022 - 2023**      Last 4 digits of account number   **3008**

---

| 2.9 | **Mrc/united Wholesale M** | | $954,432.00 | $2,000,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

**Describe the property that secures the claim:**

> **161 N. Poinsettia Place Los Angeles, CA 90036  Los Angeles County
> Single family residence; rental property. Debtor collects $3,000 per month rental income.**

**Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Deed of Trust**

Date debt was incurred   **Opened 05/05  Last Active 11/17/22**      Last 4 digits of account number   **2120**

---

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 5 of 8

ER 0466

| Debtor 1 | **Leslie Klein** | | | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| 2.1 0 | **Selene Finance** | Describe the property that secures the claim: | $1,755,385.00 | $2,500,000.00 | $0.00 |
|---|---|---|---|---|---|

| | Creditor's Name | **315 N. Martel Avenue Los Angeles, CA 90036  Los Angeles County Single family residence; rental property.  Debtor collects $5,500/month.** |
|---|---|---|

**Attn: Bankruptcy**
**Po Box 8619**
**Philadelphia, PA 19101**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Deed of Trust**

| Date debt was incurred | **Opened 08/18 Last Active 6/22/21** | Last 4 digits of account number | **8372** |
|---|---|---|---|

| 2.1 1 | **Shellpoint Mortgage Servicing** | Describe the property that secures the claim: | $1,213,516.00 | $2,200,000.00 | $0.00 |
|---|---|---|---|---|---|

| | Creditor's Name | **143 S. Highland Drive Los Angeles, CA 90036  Los Angeles County Single family residence; rental property. Debtor collects $4,000 per month in rental income.** |
|---|---|---|

**Attn: Bankruptcy**
**Po Box 10826**
**Greenville, SC 29603**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Deed of Trust**

| Date debt was incurred | **Opened 04/19  Last Active 12/27/22** | Last 4 digits of account number | **4516** |
|---|---|---|---|

ER 0467

Debtor 1    **Leslie Klein**

First Name        Middle Name        Last Name

Case number (if known)    **2:23-bk-10990-SK**

| 2.1 2 | **Toyota Financial Services** | | | | |
|---|---|---|---|---|---|
| | Creditor's Name | Describe the property that secures the claim: | $34,318.00 | $0.00 | $34,318.00 |

**2021 Lexus LS500 n/a miles Leased vehicle. Monthly payment is $1,319.00.**

Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Auto Lease**

| **Opened 05/21  Last Active** | | |
|---|---|---|
| Date debt was incurred  **3/18/22** | Last 4 digits of account number | **X788** |

| 2.1 3 | **Toyota Financial Services** | | | | |
|---|---|---|---|---|---|
| | Creditor's Name | Describe the property that secures the claim: | $10,488.00 | $0.00 | $10,488.00 |

**2021 Lexus LS n/a miles Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.**

Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Auto Lease**

| **Opened 06/21  Last Active** | | |
|---|---|---|
| Date debt was incurred  **6/01/22** | Last 4 digits of account number | **Y582** |

Add the dollar value of your entries in Column A on this page. Write that number here:    **$31,564,856.56**

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:    **$31,564,856.56**

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

ER 0468

Debtor 1    **Leslie Klein**

<table>
<tr><td>First Name</td><td>Middle Name</td><td>Last Name</td></tr>
</table>

Case number (if known)    **2:23-bk-10990-SK**

---

[ ]    Name, Number, Street, City, State & Zip Code
**Andor Gestetner**
**c/o Law Offices of Jacob Unger**
**5404 Whitsett Ave Ste. 182**
**Valley Village, CA 91607**

On which line in Part 1 did you enter the creditor?    **2.7**

Last 4 digits of account number ___

---

[ ]    Name, Number, Street, City, State & Zip Code
**Ericka and Joseph Vago**
**124 N. Highland Ave**
**Sherman Oaks, CA 91423**

On which line in Part 1 did you enter the creditor?    **2.3**

Last 4 digits of account number ___

---

ER 0469

Fill in this information to identify your case:

| Debtor 1 | **Leslie Klein** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): **2:23-bk-10990-SK**

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?
   ☑ No. Go to Part 2.
   ☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?
   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
   ☑ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  | Total claim |
|---|---|---|
| **4.1** | **Bank of America** Nonpriority Creditor's Name | $7,450.00 |

Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634
Number Street City State Zip Code

Last 4 digits of account number   8296

When was the debt incurred? **Opened 09/16  Last Active 02/23**

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify **Credit Card**

ER 0470

Debtor 1   **Leslie Klein**                                                   Case number (if known)   **2:23-bk-10990-SK**

| 4.2 | **Bank of America** | Last 4 digits of account number   6416 | $1,566.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**4909 Savarese Circle**
**Tampa, FL 33634**

When was the debt incurred?    **Opened 04/89  Last Active 02/23**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                     ☐ Contingent
☐ Debtor 2 only                                     ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                        ☐ Disputed
☐ At least one of the debtors and another           Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community debt       ☐ Student loans
Is the claim subject to offset?                      ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                                ■ Other. Specify  **Credit Card**

| 4.3 | **Barclays Bank Delaware** | Last 4 digits of account number   0647 | $8,896.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 8801**
**Wilmington, DE 19899**

When was the debt incurred?    **Opened 05/09  Last Active 1/11/23**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                     ☐ Contingent
☐ Debtor 2 only                                     ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                        ☐ Disputed
☐ At least one of the debtors and another           Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community debt       ☐ Student loans
Is the claim subject to offset?                      ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                                ■ Other. Specify  **Credit Card**

| 4.4 | **California Bank & Trust** | Last 4 digits of account number   9505 | $1,695.00 |

Nonpriority Creditor's Name

**Po Box 711510**
**Santee, CA 92072**

When was the debt incurred?    **Opened 02/83  Last Active 02/23**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                                     ☐ Contingent
☐ Debtor 2 only                                     ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                        ☐ Disputed
☐ At least one of the debtors and another           Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community debt       ☐ Student loans
Is the claim subject to offset?                      ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                                ■ Other. Specify  **Credit Card**

ER 0471

Debtor 1   **Leslie Klein**                                                   Case number (if known)   **2:23-bk-10990-SK**

| 4.5 | **Chase Card Services** | Last 4 digits of account number | **4280** | **$22,278.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

**Opened 06/18  Last Active**
When was the debt incurred?    **5/07/21**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| 4.6 | **Chase Card Services** | Last 4 digits of account number | **1527** | **$22,095.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

**Opened 08/18  Last Active**
When was the debt incurred?    **03/21**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| 4.7 | **Chase Card Services** | Last 4 digits of account number | **9155** | **$17,555.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

**Opened 09/02  Last Active**
When was the debt incurred?    **02/23**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

ER 0472

Debtor 1    Leslie Klein                                                Case number (if known)    2:23-bk-10990-SK

| 4.8 | **Chase Card Services** | Last 4 digits of account number | 2050 | $15,112.00 |
|-----|------------------------|--------------------------------|------|------------|

Nonpriority Creditor's Name
**Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850**
Number Street City State Zip Code

**When was the debt incurred?**   **Opened 01/89  Last Active 1/22/23**

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Credit Card**

| 4.9 | **Citibank** | Last 4 digits of account number | 3837 | $1,281.00 |
|-----|-------------|--------------------------------|------|-----------|

Nonpriority Creditor's Name
**Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179**
Number Street City State Zip Code

**When was the debt incurred?**   **Opened 11/90  Last Active 8/12/22**

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Credit Card**

| 4.10 | **Franklin H. Menlo Irrevocable Trust** | Last 4 digits of account number | 6769 | Unknown |
|------|----------------------------------------|--------------------------------|------|---------|

Nonpriority Creditor's Name
**c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067**
Number Street City State Zip Code

**When was the debt incurred?**   **2012**

**Who incurred the debt? Check one.**

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **pending litigation (consolidated and related to 24 other cases)**

---

ER 0473

Debtor 1    **Leslie Klein**                                                  Case number *(if known)*    **2:23-bk-10990-SK**

| 4.1 |
|-----|
| 1   |

**Jeffrey Siegel, Successor Trustee**
Nonpriority Creditor's Name
**of the Hubert Scott Trust**
**c/o Oldman, Cooley, Sallus**
**16133 Ventura Blvd., Penthouse**
**Suit**
**Encino, CA 91436-2408**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

Last 4 digits of account number    **2432**                    **Unknown**

When was the debt incurred?    **2017**

As of the date you file, the claim is: Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **pending litigation**

---

### Part 3:    List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Oldman, Cooley, and Sallus**
**16133 Ventura Blvd., Penthouse Suit**
**Encino, CA 91436-2408**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.10** of *(Check one):*    ☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

### Part 4:    Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  | Total Claim |
|--|--|--|-------------|
| Total claims from Part 1 | 6a. Domestic support obligations | 6a. $ | 0.00 |
|  | 6b. Taxes and certain other debts you owe the government | 6b. $ | 0.00 |
|  | 6c. Claims for death or personal injury while you were intoxicated | 6c. $ | 0.00 |
|  | 6d. Other. Add all other priority unsecured claims. Write that amount here. | 6d. $ | 0.00 |
|  | 6e. Total Priority. Add lines 6a through 6d. | 6e. $ | 0.00 |

|  |  |  | Total Claim |
|--|--|--|-------------|
| Total claims from Part 2 | 6f. Student loans | 6f. $ | 0.00 |
|  | 6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. $ | 0.00 |
|  | 6h. Debts to pension or profit-sharing plans, and other similar debts | 6h. $ | 0.00 |
|  | 6i. Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ | 97,928.00 |
|  | 6j. Total Nonpriority. Add lines 6f through 6i. | 6j. $ | 97,928.00 |

---

ER 0474

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an
   amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|---|
| 2.1 | **Chase Doe**<br>**143 S. Highland Drive**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 143 S. Highland Drive,  Los Angeles rental property. Debtor collects $4,000 rental income per month.** |
| 2.2 | **Jacob Rummitz**<br>**315 N. Martel Avenue**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 315 N. Martel Avenue, Los Angeles rental property. Debtor collects $5,500 rental income per month.** |
| 2.3 | **Sandra Layton**<br>**161 N. Poinsettia Place**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 161 N. Poinsettia Place rental property. Debtor collects $3,000  rental income per month.** |

ER 0475

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Leslie Klein** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | 2:23-bk-10990-SK | ☐ Check if this is an |
| (if known) | | amended filing |

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

    ☐ No
    ■ Yes.

    In which community state or territory did you live? ____-NONE-____ . Fill in the name and current address of that person.

    _____
    Name of your spouse, former spouse, or legal equivalent
    Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

3.1   **Leslie Klein & Associates, Inc.**
      **c/o Parker Milliken**
      **555 Flower Street**
      **Los Angeles, CA 90071**

☐ Schedule D, line _____
■ Schedule E/F, line __4.10__
☐ Schedule G _____
**Franklin H. Menlo Irrevocable Trust**

Fill in this information to identify your case:

Debtor 1 __Leslie Klein_____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number __2:23-bk-10990-SK_____
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| Occupation | Attorney | |
| Employer's name | Leslie Klein & Associates, Inc. | |
| Employer's address | 14245 Ventura Blvd., #301<br>Sherman Oaks, CA 91423 | |
| How long employed there? | 50 years | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ ____0.00 | $ ____0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. +$ ____0.00 | +$ ____0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $ ____0.00 | $ ____0.00 |

| Debtor 1 | **Leslie Klein** | | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ 0.00 |
| 5. | List all payroll deductions: | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| | 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| | 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| | 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| | 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| | 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| | 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| | 5h. Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 0.00 |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |
| 8. | List all other income regularly received: | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1,800.00 | $ 0.00 |
| | 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| | 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| | 8e. Social Security | 8e. | $ 3,333.00 | $ 0.00 |
| | 8f. Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| | 8g. Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| | 8h. Other monthly income. Specify: **Rental Income from Martel Property** | 8h.+ | $ 5,500.00 + | $ 0.00 |
| | **Rental Income from Highland Property** | | $ 4,000.00 | $ 0.00 |
| | **Rental Income from Poinsettia Property** | | $ 3,000.00 | $ 0.00 |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 17,633.00 | $ 0.00 |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 17,633.00 + | $ 0.00 = $ 17,633.00 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____    11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12. $ 17,633.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain:  | **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.** |

Fill in this information to identify your case:

Debtor 1    **Leslie Klein**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:23-bk-10990-SK**
(if known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                                  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. Does Debtor 2 live in a separate household?

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**    ■ No

    Do not list Debtor 1 and    ☐ Yes.    Fill out this information for
    Debtor 2.                              each dependent..............

    Do not state the
    dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No  ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | | Your expenses |
|---|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4.  $ _____ 0.00

    If not included in line 4:

    4a.  Real estate taxes                                          4a.  $ _____ 1,250.00
    4b.  Property, homeowner's, or renter's insurance              4b.  $ _____ 333.00
    4c.  Home maintenance, repair, and upkeep expenses            4c.  $ _____ 350.00
    4d.  Homeowner's association or condominium dues              4d.  $ _____ 0.00

5.  **Additional mortgage payments for your residence,** such as home equity loans    5.  $ _____ 0.00

ER 0479

Debtor 1    **Leslie Klein**                                    Case number (if known)   **2:23-bk-10990-SK**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 1,800.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 200.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 2,000.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 100.00 |
| 10. | **Personal care products and services** | | 10. $ | 100.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 200.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare.<br>Do not include car payments. | | 12. $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.**<br>Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 500.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.<br>Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 1,319.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 500.00 |
| | 17c. | Other. Specify: **Mortgage for Martel Rental** | 17c. $ | 10,854.00 |
| | 17d. | Other. Specify: **Mortgage for Highland Rental** | $ | 10,729.00 |
| | | **Mortgage for Poinsettia Rental** | $ | 10,215.00 |
| | | **Mortgage for Whitewater Club Drive Property** | $ | 433.00 |
| | | **Property Tax for Whitewater Club Drive Property** | $ | 100.00 |
| | | **Mortgage for Ocean Drive Property** | $ | 8,813.00 |
| | | **Leonardo Plaza Hotel Maintenance Expenses** | $ | 2,500.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as<br>deducted from your pay on line 5, _Schedule I, Your Income_ (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.**<br>Specify: | | 19. | |
| | | | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on _Schedule I: Your Income_.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 52,846.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 52,846.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 _(your combined monthly income)_ from Schedule I. | | 23a. $ | 17,633.00 |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. -$ | 52,846.00 |
| | 23c. Subtract your monthly expenses from your monthly income.<br>The result is your _monthly net income_. | | 23c. $ | -35,213.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☐ No.

    ■ Yes.   | Explain here: **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.** |

ER 0480

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | 2:23-bk-10990-SK |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____    *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119)*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____    X _____
Leslie Klein    Signature of Debtor 2
Signature of Debtor 1

Date 3/8/2023    Date _____

Official Form 106Dec    Declaration About an Individual Debtor's Schedules

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:23-bk-10990-SK** |
| (if known) | |

☐ Check if this is an
  amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.  **What is your current marital status?**

    ☑ Married
    ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ☑ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ☐ No
    ☑ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $4,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☑ Operating a business | | ☐ Operating a business | |

ER 0482

Debtor 1    **Leslie Klein**                                                          Case number *(if known)*    **2:23-bk-10990-SK**

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2022 ) | ☐ Wages, commissions, bonuses, tips<br><br>■ Operating a business | $24,000.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 ) | ☐ Wages, commissions, bonuses, tips<br><br>■ Operating a business | $24,000.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security | $6,666.00 | | |
| | Rental Income | $25,000.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2022 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |

---

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ■ **No.    Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

   ■ **No.**    Go to line 7.
   ☐ **Yes**    List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

   * Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

ER 0483

Debtor 1    **Leslie Klein**                                                                Case number *(if known)*    **2:23-bk-10990-SK**

☐    **Yes.**    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐    **No.**    Go to line 7.
☐    **Yes**    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not
include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an
attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still paid | Was this payment for ... |
|---|---|---|---|---|

7.    **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations
of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for
a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and
alimony.

■    No
☐    Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.    **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an
insider?**
Include payments on debts guaranteed or cosigned by an insider.

■    No
☐    Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:**    **Identify Legal Actions, Repossessions, and Foreclosures**

9.    **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody
modifications, and contract disputes.

☐    No
■    Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| In re Matter of the Franklin Henry Menlo Irrevocable Trust, et al. v. Leslie Klein BP136769 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| The Scott Trust DTD 12/24/1992 - Trust BP172432 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| Joseph Vago, Et Al vs. Leslie Klein 20STCV25050 | Fraud | Superior Court of California 111 Hill St Los Angeles, CA 90012 | ☐ Pending<br>■ On appeal<br>☐ Concluded |

| Debtor 1    **Leslie Klein** | Case number *(if known)*    **2:23-bk-10990-SK** |

---

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

- ■ No. Go to line 11.
- ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

- ■ No
- ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

- ■ No
- ☐ Yes

### Part 5:    List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

- ■ No
- ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

- ■ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Address (Number, Street, City, State and ZIP Code) | | | |

### Part 6:    List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

- ■ No
- ☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss | Date of your loss | Value of property lost |
|---|---|---|---|
| | Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | | |

### Part 7:    List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ■ Yes. Fill in the details.

| Person Who Was Paid | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Address | | | |
| Email or website address | | | |
| Person Who Made the Payment, If Not You | | | |

ER 0485

Debtor 1    **Leslie Klein**                                    Case number *(if known)*    **2:23-bk-10990-SK**

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Law Offices of Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>michael.berger@bankruptcypower.com | Attorney Fees | 2/15/2023 + the filing fee | $21,738.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| | | | |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|
| | | |

<span style="background-color:black;color:white">**Part 8:**</span>  **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

ER 0486

Debtor 1    **Leslie Klein**                                              Case number *(if known)*    **2:23-bk-10990-SK**

---

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

---

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

---

ER 0487

Debtor 1    **Leslie Klein**    Case number *(if known)*    **2:23-bk-10990-SK**

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ **No.** None of the above applies. Go to Part 12.

■ **Yes.** Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Bay Area Development, Co. 14245 Ventura Blvd Sherman Oaks, CA 91423 | real estate holding company | Dates business existed EIN: 95-2816693 From-To |
| Life Capital Group, LLC 7223 Beverly Blvd., Suite 205 Los Angeles, CA 90036 | investment company | EIN: From-To |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ No
☐ Yes. Fill in the details below.

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

**Part 12:** Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____    _____
**Leslie Klein**                   **Signature of Debtor 2**
Signature of Debtor 1

Date _____3/9/2023_____             Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

You are an individual filing for bankruptcy, and

Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

ER 0489

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

### Chapter 11: Reorganization

| | | |
|---|---:|---|
| | $1,167 | filing fee |
| + | $571 | administrative fee |
| | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

ER 0490

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|---|---|
| + | $78 | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|---|---|
| + | $78 | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)    page 3

ER 0491

<div style="border:1px solid #000; padding:10px;">

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

</div>

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

ER 0492

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the | Central District of California |
| Case number (if known) | **2:23-bk-10990-SK** |

☐ Check if this is an amended filing

# Official Form 122B
## Chapter 11 Statement of Your Current Monthly Income

12/21

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11 (other than Subchapter V). If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:    Calculate Your Current Monthly Income**

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☑ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | | Column A Debtor 1 | Column B Debtor 2 |
|---|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | | $ 0.00 | $ |

| 5. | **Net income from operating a business, profession, or farm** | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|---|
| | Gross receipts (before all deductions) | $ | 2,000.00 | | |
| | Ordinary and necessary operating expenses | -$ | 200.00 | | |
| | Net monthly income from a business, profession, or farm | $ | 1,800.00 | Copy here -> $ 1,800.00 | $ |

| 6. | **Net income from rental and other real property** | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|---|
| | Gross receipts (before all deductions) | $ | 12,500.00 | | |
| | Ordinary and necessary operating expenses | -$ | 0.00 | | |
| | Net monthly income from rental or other real property | $ | 12,500.00 | Copy here -> $ 12,500.00 | $ |

ER 0493

| Debtor 1 | **Leslie Klein** | | Case number *(if known)* | **2:23-bk-10990-SK** |
|---|---|---|---|---|

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|

7. **Interest, dividends, and royalties** — $ 0.00 — $ _____

8. **Unemployment compensation** — $ 0.00 — $ _____

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you _____ $ 0.00

For your spouse _____ $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. — $ 0.00 — $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

_____ $ _____ $ _____

_____ $ 0.00 $ _____

Total amounts from separate pages, if any. + $ 0.00 $ _____

11. **Calculate your total current monthly income.**

Add lines 2 through 10 for each column.

Then add the total for Column A to the total for Column B.

$ 14,300.00 + $ _____ = $ 14,300.00

ER 0494

Debtor 1    Leslie Klein _____    Case number (*if known*)    2:23-bk-10990-SK _____

---

Part 2:    **Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____

**Leslie Klein**
Signature of Debtor 1

Date  3 / 8 / 2023 _____
MM / DD / YYYY

---

ER 0495

Debtor 1    **Leslie Klein**    Case number *(if known)*    **2:23-bk-10990-SK**

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2022** to **01/31/2023**.

**Line 5 - Income from operation of a business, profession, or farm**
Source of Income: **Leslie Klein & Associates, Inc.**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 5 Months Ago: | **09/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 4 Months Ago: | **10/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 3 Months Ago: | **11/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 2 Months Ago: | **12/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| Last Month: | **01/2023** | **$2,000.00** | **$200.00** | **$1,800.00** |
| | Average per month: | **$2,000.00** | **$200.00** | |
| | | | Average Monthly NET Income: | **$1,800.00** |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Highland**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 5 Months Ago: | **09/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 4 Months Ago: | **10/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 3 Months Ago: | **11/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 2 Months Ago: | **12/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| Last Month: | **01/2023** | **$4,000.00** | **$0.00** | **$4,000.00** |
| | Average per month: | **$4,000.00** | **$0.00** | |
| | | | Average Monthly NET Income: | **$4,000.00** |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Martel**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 5 Months Ago: | **09/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 4 Months Ago: | **10/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 3 Months Ago: | **11/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 2 Months Ago: | **12/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| Last Month: | **01/2023** | **$5,500.00** | **$0.00** | **$5,500.00** |
| | Average per month: | **$5,500.00** | **$0.00** | |
| | | | Average Monthly NET Income: | **$5,500.00** |

ER 0496

Debtor 1    **Leslie Klein**                                    Case number *(if known)*    **2:23-bk-10990-SK**

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Poinsettia**
Income/Expense/Net by Month:

|              | Date       | Income      | Expense   | Net         |
|--------------|------------|-------------|-----------|-------------|
| 6 Months Ago: | 08/2022   | $3,000.00   | $0.00     | $3,000.00   |
| 5 Months Ago: | 09/2022   | $3,000.00   | $0.00     | $3,000.00   |
| 4 Months Ago: | 10/2022   | $3,000.00   | $0.00     | $3,000.00   |
| 3 Months Ago: | 11/2022   | $3,000.00   | $0.00     | $3,000.00   |
| 2 Months Ago: | 12/2022   | $3,000.00   | $0.00     | $3,000.00   |
| Last Month:   | 01/2023   | $3,000.00   | $0.00     | $3,000.00   |
| Average per month: |      | $3,000.00   | $0.00     |             |

Average Monthly NET Income:    $3,000.00

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Income**
Income by Month:

|              | Date       | Amount      |
|--------------|------------|-------------|
| 6 Months Ago: | 08/2022   | $3,333.00   |
| 5 Months Ago: | 09/2022   | $3,333.00   |
| 4 Months Ago: | 10/2022   | $3,333.00   |
| 3 Months Ago: | 11/2022   | $3,333.00   |
| 2 Months Ago: | 12/2022   | $3,333.00   |
| Last Month:   | 01/2023   | $3,333.00   |
| Average per month: |      | $3,333.00   |

ER 0497

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>(310) 271-6223 Fax: (310) 271-9805<br>California State Bar Number: 100291 CA<br>michael.berger@bankruptcypower.com | |

☐ *Debtor(s) appearing without an attorney*
■ *Attorney for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>        Leslie Klein<br><br><br><br><br><br>                                Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br>CHAPTER: 11<br><br><br>**VERIFICATION OF MASTER**<br>**MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
|---|---|

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____3/8/w23_____          _____
                                Signature of Debtor 1

Date: _____          _____
                                Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _____3/8/2023_____          _____
                                Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    **F 1007-1.MAILING.LIST.VERIFICATION**

ER 0498

Leslie Klein
322 N. June Street
Los Angeles, CA 90001


Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212


Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607


Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634


Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899


California Bank & Trust
Po Box 711510
Santee, CA 92072


CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059


Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850


Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036


Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203


Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179


Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401


Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423


Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680


Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067


Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219


Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036


Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408


Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071


Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027


Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261


Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036


Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101


Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603


Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## **EXHIBIT B**

**(Klein Living Trust)**

4889-2964-7549.2 78512.001



**This page is part of your document - DO NOT DISCARD**

## 20130540038





**Pages:
0027**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/11/13 AT 11:27AM**

| | |
|---|---|
| FEES: | 93.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 93.00 |



**L E A D S H E E T**



**201304110940011**

**00007537718**



**004785000**

**SEQ:
01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**



*E220504*

ER 0504

Recording Request By:
**Les Klein & Associates**
*and when recorded mail to:*

Name   **LES KLEIN & ASSOCIATES**
Mailing Address
       **14245 Ventura Blvd,3rd Floor**
City,State **Sherman Oaks, Ca.**
Zip Code **91423**

---

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

---

## SECOND AMENDED KLEIN LIVING TRUST

---

**Re:   ERIKA  NOEMI  KLEIN**


**County Recorder: Please see Page 22 - ARTICLE 10**

## SECOND AMENDED KLEIN LIVING TRUST

### ARTICLE 1

### DECLARATION OF TRUST

Trust Establishment: LESLIE KLEIN and ERIKA NOEMI KLEIN, husband and wife, as settlors, will deliver to the trustee without consideration the property described in the attached schedule entitled "Trust Estate." The term "settlor" refers to one or both settlors. This Trust amends in its entirety the First Amended KLEIN Living Trust and revokes in its entirety both the KLEIN Living Trust and the first Amended KLEIN Living Trust. The Klein Living Trust and the first Amended KLEIN Living Trust was not recorded.

Trust Particulars:  For convenient reference, the following information applies:

> Settlors: LESLIE KLEIN and ERIKA NOEMI KLEIN
>
> Name of trust: KLEIN Living Trust
>
> Date established:  4/8/1990
>
> First trustee: LESLIE KLEIN and ERIKA NOEMI KLEIN as co-trustees
>
> Children living: KENNETH KLEIN, an adult;
>> SHERI LEE KLEIN, born ███████████
>> RICHARD KLEIN, born ███████████
>> JASON KLEIN, born ███████████

Property Status - Community:  All property transferred to this trust is and shall remain community property after its transfer and shall be called the "community trust estate." Further, the trustee shall have the power to convey, encumber, or otherwise dispose of community property without the consent of either husband or wife, whether or not each is then capable of giving such consent.

### ARTICLE 2

### TRUST DURING SETTLORS' JOINT LIVES

Introduction:  The trustee shall hold, administer, and distribute all property during the joint lives of the settlors as follows:

Beneficiaries - Both Spouses:  The beneficiaries of this trust shall be as follows:

>    Income beneficiaries: ·Class composed of the settlors for their joint lives

>    Principal beneficiaries:  Class composed of the settlors for their joint lives

Community Income - Broad Standard:  The trustee shall pay to or for the income beneficiary's benefit as much of the net income of the community trust estate as necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living.  The trustee shall add to principal any net income not so distributed.

Community Principal - Broad Standard:  If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

Beneficiary's Incapacity - Ascertainable Standard:  If a court declared a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from he trust estate as is necessary for the benficiary's health, education, or support to maintain the beneficiary;s accustomed manner of living.  The trustee shall make payments first form the community trust estate, then equally form the beneficiary's separate trust estates.  The trustee shall add to principal any income not distributed.

Community Payments - Special Duty:  The beneficiary receiving payments from the community trust estate shall have the ·same duty to use community income and principal allocations for the income

ER 0507

and principal beneficiary's benefit as that beneficiary has with
respect to any other community property.


Guidelines - Other Sources Considered:  In making distributions,
the trustee may (1) consider any other income or resources of a
beneficiary known to the trustee and reasonably available;  (2)
pay or apply for one beneficiary more than the other and may make
payments or applications of benefits for one beneficiary to the
exclusion of the other; and (3) consider the value of the trust
assets, the relative needs, both present and future, of each
beneficiary, and the tax consequences to the trust and to the
beneficiaries


Payments to Others:  The settlors acting jointly may at any time
direct the trustee in writing to pay single sums or periodic
payments out of the community trust estate to any  persons or
organization .  Additionally, a settlor's conservator upon
appropriate court order may exercise this power for payments
qualifying for the federal gift tax annual donee exclusion.


Revocation During Settlors' Lives:  During the settlors' joint
lives, either or both settlors may revoke from the trust the
community trust estate in whole or in part by a written document
delivered to the trustee that the trustee may require to be
acknowledged.  On revocation, the trustee shall promptly deliver
to both settlors or their designee the revoked portion of the
community trust estate, which shall continue as the settlors'
community property.  The trustee shall also provide an accounting
of the trustee's acts for the period since the preceding
accounting.  If the settlors revoke this trust with respect to
all or a major portion of the trust estate, then the trustee may
retain sufficient assets reasonable to secure payment of
liabilities lawfully incurred by the trustee in the
administration of the trust, unless the settlors indemnify the
trustee against losses or expenses.


Amendment During Settlors' Lives:  The settlors acting together
may at any time during their joint lives amend any of the terms
of this trust by a written document delivered to the trustee.  No
amendment shall substantially increase the trustee's duties and
liabilities or change the trustee's compensation without the
trustee's consent.  The trustee need not abide by the terms of
the amendment until it is accepted.  If the settlors remove a
trustee, the settlors shall pay to the trustee any sums due and
shall indemnify the trustee against liabilities lawfully incurred
by the trustee in the administration of the trust.

ER 0508

Powers of Revocation and Amendment Personal:  The settlors'
powers to revoke or amend this trust are personal to them, and no
guardian, conservator, or other person shall exercise them.

END OF ARTICLE

ARTICLE 3

TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH

Action at First Spouse's Death:  The first settlor to die shall
be the "deceased spouse," and the living settlor, the "surviving
spouse."  At the death of the deceased spouse but before the
trust assets are allocated as set forth below, the trustee shall
make the following distributions:

Deceased Spouse's Expenses and Taxes:  The trustee may, in the
trustee's reasonable discretion, pay from the trust estate the
deceased spouse's debts, last illness and funeral costs, and
expenses of administration for this trust and the deceased
spouse's debts to the deceased spouse's interest in the community
trust estate as the trustee determines in the trustee's
reasonable discretion.  However, the trustee shall further
allocate community debts between the deceased spouse's and
surviving spouse's trust interests in the trust estate according
to California law in effect at the deceased spouse's date of
death.

Allocation of Surviving Spouse's Property - Surviving Spouse's
Trust:  At the deceased spouse's death, the trustee shall
allocate the surviving spouse's interest in the community trust
estate to the Surviving Spouse's Trust.

Interrelated Marital Deduction Pecuniary Formula and Exemption
Residue - Distribution Date Values:  From the remainder of the
deceased spouse's interest in the community trust estate, the
trustee shall allocate the following gifts:

A. The Marital Deduction Trust

The Marital Deduction Trust shall consist of the minimum
amount that will entirely eliminate or reduce as far as possible

ER 0509

-4-

the federal estate tax, after allowance of all other deductions,
when added to the sum of (a) the federal estate tax value of all
other gifts passing under this instrument and outside this
instrument included in the deceased spouse's gross taxable
estate and qualified as federal estate tax marital deduction
gifts; and (b) the exemption equivalent value of the allowable
unified credit and state death tax credit (provided this latter
credit does not increase the state death taxes paid) reduced by
the federal estate tax value of all other gifts passing under
this instrument and outside this instrument included in the
deceased spouse's gross taxable estate but not qualified as
federal estate tax marital or charitable deduction gifts and by
all debts, administration expenses and charges to principal not
allowed or utilized as federal estate tax deductions. The amount
so allocated to the Marital Deduction Trust is referred to as
the Marital Deduction Amount. If a portion of the deceased
spouse's generation-skipping transfer exemption under Section
2631 of the Internal Revenue Code is allocated to the Marital
Deduction Trust under paragraph E below and if the Marital
Deduction Amount exceeds the portion of the exemption so
allocated to the Marital Deduction Trust., the Marital Deduction
Trust shall be divided into two trusts, known as Marital
Deduction Trust A and Marital Deduction Trust B. Marital
Deduction Trust A shall consist of an amount equal to the
portion of the deceased spouse's exemption allocated to the
Marital Deduction Trust; Marital Deduction Trust B shall consist
of the balance of the Marital Deduction Trust. Each of Marital
Deduction Trust A and Marital Deduction Trust B shall constitute
separate and independent trusts.

####       B.   The Credit Trust

The Credit Trust shall consist of the balance of the
deceased spouse's community property trust estate.

####       C. Funding of Trusts

All trusts may be funded in cash or in kind, partly in each.
However, the Marital Deduction Trust, or Marital Deduction Trust
A and Marital Deduction Trust B, as the case may be, shall only
be funded with assets includable in the deceased spouse's gross
estate and eligible for the marital deduction. Assets allocated
in kind to the Marital Deduction Trust, or to Marital Deduction
Trust A and Marital Deduction Trust B shall be valued either at
their values on the date of distribution to the Marital
Deduction Trust or Trusts, or at their final federal estate tax
values. If final federal estate tax values are used, assets
allocated in kind shall be fairly representative of appreciation
or depreciation in value for all assets available for
distribution. The trustee shall not allocate to either Marital
Deduction Trust (1) any interest in life insurance policies or
(2) assets that are, by reason of the deceased spouse's death,
subject to any tax in any foreign country, except to the extent

ER 0510

the value of those assets exceeds the value of the Credit Trust created in paragraph B above.

### D. Marital Deduction and Generation Skipping Elections.

The settlors direct the trustee to elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all of the property allocated to the Marital Deduction Trust as qualified terminable interest property.  If, however, the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, the trustee shall elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all of the property allocated to Marital Deduction Trust A as qualified terminable interest property and my executor may, but is not required to elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all or any part of the property allocated to Marital Deduction Trust B as qualified terminable interest property.  The trustee shall not be liable to any beneficiary under this instrument by reason of making or not making such an election with respect to Marital Deduction Trust B.  If the  trustee makes an election with respect to only a part of the property allocated to Marital Deduction Trust B, the trustee shall divide Marital Deduction Trust B into separate trusts to reflect the partial election, according to the fair market value of the assets of Marital Deduction Trust B at the time of the division.  The portion of Marital Deduction Trust B with respect to which the election has not been made shall be known as "Non-Qualified Marital Deduction Trust B" and the portion of Marital Deduction Trust B with respect to the election has been made shall be known as "Qualified Marital Deduction Trust B."  The trustee shall elect under Section 2652 (a)(3) of the Internal Revenue Code to treat the deceased spouse as the transferor of the Marital Deduction Trust or, if the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, to treat the deceased spouse as the transferor of Marital Deduction Trust A.

### E. Allocation of Generation Skipping Exemption

The portion of the deceased spouse's generation-skipping transfer exemption under Section 2631 of the Internal Revenue code which was not allocated during the lifetime of the deceased spouse shall be allocated by the trustee first to direct skips, if any, occurring under the provisions of this trust by reason of the deceased spouse's dearth.  If the aggregate value of such direct skips, as finally determined for federal estate tax purposes, exceeds that exemption, the unused portion of the exemption shall be allocated among the direct skips pro-rata in accordance with their respective values.  The remaining unused portion, if any, of the exemption shall next be allocated to the Credit Trust and the balance, if any, shall be allocated to the Marital Deduction Trust; provided, however, that if the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, the balance shall be allocated to Marital Deduction Trust A.

-6-

Special Allocation Guidelines:  In computing the interrelated exemption-marital gifts, the trustee shall disregard all assets that would disqualify the marital deduction.  In all other respects, the trustee shall have the sole discretion to select the assets that will constitute the marital gift.  In exercising that discretion, the trustee shall consider the tax advantages and disadvantages of allocating to the marital gift the following:

    (1)  Assets not qualifying for the marital deduction;

    (2)  Assets qualifying for the federal estate tax foreign death taxes credit;

    (3)  Securities qualifying for Internal Revenue Code capital gain corporate  stock redemption, unless they exceed the maximum number of shares qualifying for such redemption;

    (4)  Assets qualifying as Internal Revenue Code income in respect of decedent;

    (5)  United States Treasury bonds eligible for redemption at par as payment of federal estate taxes; and

    (6)  Unmatured life insurance policies.

Additionally, the trustee shall allocate to the exemption equivalent gift that amount of any retirement, profit-sharing, or death benefit plan excluded from federal estate taxes.

    Also, the trustee shall charge and pay from the exemption equivalent gift to the extent of reasonably available assets:

    (1)  All death taxes payable from such gift; and

    (2)  All debts and expenses for administration deducted against fiduciary income.

Further, the trustee may or may not fund all trusts prorata with insurance proceeds, retirement plan distributions, or other contract payments that are paid to the trustee, unless the beneficiary designations specifically earmark a particular trust.


Death Taxes – Statutory Provisions and Exemption Gift: The deceased spouse directs the trustee to charge and collect all federal death taxes for assets passing under this trust, under the deceased spouse's will, and outside the deceased spouse's trust or will from those persons sharing in the deceased spouse's taxable estate in accordance with California Probate Code

ER 0512

provisions for death tax apportionment and allocation.  However, as three exceptions, the deceased spouse directs the trustee to pay from the exemption equivalent gift, without apportionment among the beneficiaries, (1) all federal death taxes chargeable to any assets passing under or outside this trust or the deceased spouse's will constituting federal estate tax marital deduction gifts;  (2)  all federal death taxes chargeable to any family allowance; and (3)  all federal death taxes chargeable to any gift under this trust or the deceased spouse's will designated as "free of all death taxes."  The deceased spouse recognizes and confirms that such statutes provide that if a beneficiary's gift contributes to the taxable estate, the beneficiary must pay a proportionate share of the tax calculated at the average tax rate.  Further, the deceased spouse directs that all state death taxes shall be charged and collected in the same manner as the federal death taxes and not as a probate administration expense. To the extent other assets are available, the trustee shall not use any qualified retirement plan distribution excluded from federal estate tax under the Internal Revenue Code to pay taxes, debts, or other charges enforceable against the deceased spouse's estate.

Revocation - Surviving Spouse's Trust:  After the allocation of the trust estate, the following provisions regarding revocation and amendment shall apply:

    (1) Surviving Spouse's Trust:  The surviving spouse may revoke and amend the Surviving Spouse's Trust subject to the qualifications contained in Article 1.

    (2)  Other Trusts:  All other trusts shall become irrevocable and nonamendable.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 4</div>

<div align="center">SURVIVING SPOUSE'S TRUST</div>

Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Surviving Spouse's Trust as follows:

Beneficiary - Surviving Spouse:  The beneficiary of this trust shall be as follows:

        Income beneficiary:  Surviving spouse

<div align="center">-8-</div>

Principal beneficiary:  Surviving spouse

Income - Broad Standard:  The trustee shall pay to or for the
income beneficiary as much of the net income as the trustee
considers necessary for the income beneficiary's health,
education, support, comfort, welfare, or happiness to maintain
at a minimum the income beneficiary's accustomed manner of
living.  The trustee shall add to principal any net income not so
distributed.

Principal - Broad Standard:  If the trustee considers the income
insufficient, the trustee shall pay to or for the principal
beneficiary as much of the principal as is reasonably necessary
for the principal beneficiary's health, education, support,
comfort, welfare, or happiness to maintain at a minimum the
principal beneficiary's accustomed manner of living.

Surviving Spouse's Lifetime Income and Principal General Power of
Appointment - Broad Standard:  At any time during the surviving
spouse's life, the trustee shall distribute all or any part of
the trust, including accrued income and undistributed income, to
such one or more persons and entitles, including the surviving
spouse or the surviving spouse's estate, and on such terms and
conditions, outright, in trust, or by creating further powers of
appointment, as the surviving spouse shall request by an
acknowledged document that specifically refers to this power of
appointment.

Surviving Spouse's Deathtime Income and Principal General Power
of Appointment:  On the death of the surviving spouse, the
trustee shall distribute the remainder, if any, of the trust,
including accrued income and undistributed income to such one or
more persons and entitles, including the surviving spouse's
estate, and on such terms and conditions, either outright, in
trust, or by creating further powers of appointment as the
surviving spouse shall appoint by a valid instrument or lifetime
document that was executed after the deceased spouse's death and
specifically refers to this power of appointment.  If the
surviving spouse does not effectively appoint all the trust
estate, the trustee shall distribute such property according to
the distribution provisions below.

Distribution - Credit Trust:  At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed

income to the surviving spouse's estate, and (2) any remaining principal according to the Credit Trust distribution provisions.

Spouse's Last Illness Expenses and Taxes:  At the surviving spouse's death, the trustee, in the trustee's reasonable discretion, may pay the expenses of the surviving spouse's last illness and funeral, other obligations incurred for the surviving spouse's support, and any estate or inheritance taxes arising by reason of the surviving spouse's death from either income or principal of this trust to the extent they have not been specifically appointed, unless other adequate provisions exist.

Death Taxes - Surviving Spouse's Will:  The surviving spouse directs the trustee and the surviving spouse's executor to charge and collect all federal death taxes for assets passing under the surviving spouse's will and outside the surviving spouse's will from those persons sharing in the federal taxable estate in accordance with the California Probate Code provisions for death tax apportionment and allocation.  Further, the surviving spouse directs the trustee to charge and collect all state death taxes in the same manner as the federal death taxes and not as probate administration expenses.  These tax directions shall not apply to any gifts passing under the surviving spouse's will or under this trust designated as "free of all death taxes," and the trustee shall pay all such death taxes form the remainder of the trust estate without apportionment among the beneficiaries.

END OF ARTICLE

ARTICLE 5

MARITAL DEDUCTION TRUST

Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Marital Deduction Trust as follows:

Beneficiary - Surviving Spouse:  The beneficiary of this trust shall be as follows:

>       Income beneficiary:  Surviving spouse

>       Principal beneficiary:  Surviving spouse

ER 0515

Income - Entire:  The trustee shall pay to or for the income
beneficiary all net income of the trust in convenient
installments at least annually.

Principal - Ascertainable Standard:  If the trustee considers the
income insufficient, the trustee shall pay to or for the
principal beneficiary as much of the principal as is necessary
for the principal beneficiary's health, education, or support to
maintain the principal beneficiary's accustomed manner of living.

Guidelines - Other Sources, One Beneficiary:  In making
distributions, the trustee, in it s reasonable discretion, may
consider any other income or resources of the beneficiary known
to the trustee and reasonably available.

Distribution - Credit Trust:  At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed
income to the surviving spouse's estate, and (2) any remaining
principal according to the Credit Trust distribution provisions.

QTIP Election - Optional:  The settlors authorize the trustee, in
the trustee's absolute discretion, to make or not make the
election provided by section 2056 (b)(7)(B)(v) of the Internal
Revenue Code to treat all or a portion of the Marital Deduction
Trust as qualified terminable interest property for the purpose
of qualifying all or a specific portion of the trust for the
federal estate tax marital deduction.  The settlors recognize
that if the trustee does not make such an election, the Marital
Deduction Trust will not qualify for such marital deduction.  In
exercising such discretion, the trustee may consider all relevant
factors, including the potential benefits and detriments of
reducing the federal estate tax on the deceased spouse's trust
estate and increasing such tax on the estate of the surviving
spouse's gross estate such appreciation in value of the marital
deduction share as may occur after the deceased spouse's death
and before the surviving spouse's death.  This discretion of the
trustee shall be absolute, notwithstanding any beneficial or
adverse effect the making or not making of this election may have
on the deceased spouse's estate, the surviving spouse's estate,
or the beneficiaries of these estates.  The trustee shall not
incur personal liability for exercising or not exercising this
election, and the deceased spouse's estate shall hold the trustee
harmless against all claims with regard to the election.  The
discretion under this clause is not limited by the wording of the
Marital Deduction Intention clause.  If the trustee makes that
election, the settlors further request, but do not require, that

ER 0516

the trustee make an election under Section 5652 (a)(3) of the
Internal Revenue Code to treat that property, for purposes of
Chapter 13 of the Internal Revenue Code, as if the election had
not been made.  The trustee shall not be liable to any
beneficiary by reason of making or not making these elections.
If the trustee decides not to make these elections, the trustee
shall notify the surviving spouse of the decision in writing at
least 30 days before the due date plus any extensions for filing
the deceased spouse's federal estate tax return.

Tax Payment to Spouse's Estate:  On demand of the appropriate
fiduciary representing the surviving spouse's estate, the trustee
of the Marital QTIP trust shall distribute to that fiduciary
property equal to the amount of any federal estate tax that such
fiduciary requests up to the amount that the federal and state
tax codes entitle the surviving spouse's estate to recover.  If
no such fiduciary exists, the trustee shall pay directly to the
taxing authorities any such death taxes.

Marital Deduction Intention:  The deceased spouse intends that
this marital trust qualify for the marital deduction provisions
of the Internal Revenue Code.  Therefore, the deceased spouse
directs that the trustee not take any action or exercise any
power that will impair the marital deduction.  Further, the
deceased spouse specifically directs that the following
provisions apply to the marital trust, notwithstanding contrary
provisions in this instrument:

     (1) The surviving spouse, by written instrument
delivered to the trustee, shall have the right to direct the
trustee to convert any non-income-producing property, including
life insurance policies, to income-producing property, and the
trustee shall comply with any such direction within a reasonable
time after its receipt;

     (2) The trustee shall determine all matters with
respect to what is principal and income and the apportionment and
allocation of receipts and expenses by the provisions of the
California Revised Uniform Principal and Income Act from time to
time existing and shall establish reserves for depreciation and
depletion.  When such act is silent, the trustee, in the
trustee's reasonable discretion, shall determine the
characterization and allocation;

     (3) For all bonds purchased at a discount, the trustee
shall, at least annually, accumulate and pay each discount as
interest if necessary from principal or the sale or redemption
proceeds;

ER 0517

(4) The surviving spouse shall have the right to continue to occupy any real property free of rent in which the trust holds an interest and which the settlors used regularly or occasionally as a residence ar vacation home at the time of the deceased spouse's death.  However, the surviving spouse, in the surviving spouse's discretion, may direct the trustee to sell any such property and replace it with another residence of comparable or lower value selected by the surviving spouse.  The trustee shall pay such portion of the mortgage or trust deed payments, property taxes, assessments, insurance, maintenance, and ordinary repairs on all such property as is proportional to the interest in such property held in the trust.

(5) If the trustee redeems treasury bonds at par to pay the deceased spouse's federal estate tax liability, the trustee shall consider any accrued interest on such bonds in calculating the payment of income from the marital trust to the surviving spouse.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 6</div>

<div align="center">CREDIT TRUST</div>

Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Credit Trust as follows:

Beneficiaries - Surviving Spouse, Settlors' Descendants:  The beneficiaries of this trust shall be as follows:

Income beneficiary:  Surviving spouse, settlors' children

Principal beneficiary:  Surviving Spouse, settlors' children

Income - Ascertainable Standard:  The trustee shall pay to or for the income beneficiary's health, education, or support to maintain the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

Principal - Ascertainable Standard:  If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary

ER 0518

for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

Division on Death of Surviving Spouse:  Upon the death of the surviving spouse, the trustee shall divide the trust estate into as many shares as there are children of the settlors then living. Each child shall thereupon be an income and principal beneficiary only to the extent of the share allocated to him or her, and the ascertainable standards specified in paragraphs 6.03 and 6.04 of this Article shall govern the trustee's discretion with respect to distributions of income and principal respectively of the child's share to the child.

Distribution - Progressive Ages:  Upon a child's attainment of age 21, the trustee shall distribute to that child, outright, the percentage of the then remaining balance of the trust estate. Should a child predecease complete distribution of his or her share survived by issue, then the issue of such child shall take his or her distributive share by right of representation; provided, however, that should a child predecease complete distribution of his or her share without issue, then the then-remaining balance of his or her share shall augment the shares of the then-surviving children of the settlors equally.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 7</div>

<div align="center">OFFICE OF TRUSTEE</div>

Nomination of Trustees for All Trusts:  For all trusts under this instrument, the trustee and successor trustees shall be those persons named below.  Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

Trustee:  settlors as co-trustees

Successors:

First:  surviving settlor

Second: KENNETH KLEIN

<div align="center">-14-</div>

Employment of Consultants - General:  The trustee may employ custodians, attorneys, accountants, investment advisers, corporate fiduciaries, or any other agents or advisers to assist the trustee in the administration of this trust and may rely on the advice given by these agents.  The trustee shall pay reasonable compensation for all services performed by these agents from the trust estate out of either income or principal as the trustee in the trustee's reasonable discretion determines. These payments shall not decrease the compensation to which the trustee is entitled.

Exculpatory Clause - All Trustees:  No trustee shall be liable to any person interested in this trust for any act or default unless it results from the trustee's bad faith, willful misconduct, or gross negligence.

Waiver of Liability for Predecessor Trustee:  Any successor trustee may accept as correct any accounting of trust assets made by any predecessor trustee.  However, a successor trustee may institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor trustee.

Bond - Waiver:  No trustee, including nonresidents, shall be required to post bond or security.

Trustee Self-Dealing - Loan, Buy, and Sell:  The trustee shall have the power to loan or advance the trustee's own funds to the trust for any trust purpose, with interest at current rates, to receive security for such loans in the form of a mortgage, pledge, deed of trust, or other encumbrance of any assets of the trust, to purchase or exchange assets of the trust at their fair market value as determined by an independent appraise, to sell property to the trust at a price not in excess of its fair market value as determined by an independent appraise, and to lease assets to or from the trust for fair rental value as determined by an independent appraise.

Trustee and Executor Transactions - Self-Dealing Permitted:  The trustee and the executor of the settlor's estate may freely contract financial transactions between themselves, such as the purchase and sale of assets and the making of loans, secured and unsecured, notwithstanding each office being held by the d\same person and apparent conflicts of interest.

<div align="center">END OF ARTICLE</div>

ER 0520

ARTICLE 8

TRUSTEE MANAGEMENT POWERS

Introduction:  For all trusts under this instrument, the trustee
shall have the management powers set forth below in addition to
those powers now or hereafter conferred by law.

Retain or Abandon Property:  The trustee shall have the power to
continue to hold any property, including shares of the trustee's
own stock, or to abandon any property that the trustee receives
or acquires.

Unproductive Property:  Except when specifically restricted, the
trustee shall have the power to retain , purchase, or otherwise
acquire unproductive property.

Sell, Exchange, Repair:  The trustee shall have the power to
manage, control, grant options on, sell (for cash or on deferred
payments with or without security), convey, exchange, partition,
divide, improve, and repair trust property.

Lease:  The trustee shall have the power to lease trust property
for terms within or beyond the terms of the trust and for any
purpose, including exploration for and removal of gas, oil, and
other minerals and to enter into community oil leases, pooling,
and unitization agreements.

Investments - General Power:  The trustee shall have the power to
invest and reinvest the trust estate in every kind of property,
real, personal, or mixes, and every kind of investment,
specifically including, but not by way of limitation, corporate
obligations of every kind, stocks, preferred or common, shares in
investment trusts, investment companies, mutual funds, mortgage
participations, life insurance policies on the life of any
beneficiary that men of prudence, discretion, and intelligence
acquire for their own account, and any common trust fund
administered by the trustee.

-16-

ER 0521

Private Accounting:  The trustee shall annually render an account of its administration of the trusts under this instrument to all of the current income and current principal beneficiaries who are then adults.  The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the accounting.  To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests.  Except as provided in this paragraph, any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law.

Principal and Income - Act Governs:  The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing.  When this instrument or such Act does not provide, the Trustee, in the Trustee's reasonable discretion, shall determine the characterization.

Depreciation Reserve - Mandatory:  The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the California Revised Uniform Principal and Income Act.

Undistributed Income:  Income accrued or unpaid on trust property when received into the trust shall be treated as any other income.  Income accrued or held undistributed by the trustee at the termination of any trust or any interest in a trust created under this instrument, other than a trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it.  Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

Expense Allocation - Proration:  The trustee shall prorate all taxes and current expenses among successive beneficiaries over the period to which they relate on a daily basis.

Tax Consequences - Adjustment:  The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any

beneficiaries, or between the income and principal accounts, to
compensate for the consequences of any tax election or any
investment or administrative decision that the trustee believes
has had the effect of directly or indirectly preferring one
beneficiary or group of beneficiaries over others.

Multiple Trusts - No Physical Division:  If this instrument
creates more than one trust, the trustee shall not be required to
physically segregate or divide assets among the various trusts,
except on the termination of any of the trusts.  However, the
trustee shall keep separate undivided interests, and the trust
may hold undivided interests in the same assets.

Death Taxes of Beneficiary - Authority to Pay:  The trustee, in
the trustee's reasonable discretion, shall have the power to pay
from the trust estate, and to allocate between income and
principal, any death taxes to the extent that such taxes are
attributable to the trust estate or any part of it (calculated at
the average rates applicable to such tax).  However, any trust
property otherwise exempt from federal estate tax shall not be
subject to the payment of any such death taxes.

Beneficiary's Last Illness and Funeral Expenses:  The trustee
shall have the power, in the trustee's reasonable discretion, to
pay the last illness expenses, funeral expenses, and other
obligations incurred for the beneficiary's support from the
income or principal of the beneficiary's trust.

Distributions - Consideration of Basis of Assets:  In making
nonprorata distributions to the beneficiaries, the trustee shall
consider and attempt to equalize, insofar as practicable, the
aggregate income tax basis of assets distributed to the various
beneficiaries.  Any such determination by the trustee shall bind
all parties in interest.

Distributions and Powers of Appointment:  If, on expiration of
the later of either six (6) months after the death of any person
holding a power of appointment created by this instrument or the
expiration of the statutory period which a will contest must be
files, the trustee has not received any document purporting to
exercise the power, the trustee may distribute any property
according to the terms of this instrument as if the  power had
not been exercised.  If a document purporting to exercise the
power is subsequently located, the trustee shall not be liable to
the appointees under that exercise, and the rights of the
appointees and the persons receiving property from the trustee
shall follow applicable law.

Distribution - Broad Powers:  When the trustee must divide any
trust property into parts or shares for the purpose of
distribution or otherwise, the trustee may, in the trustee's
reasonable discretion, make the division and distribution in
identical interests, in kind, or partly in kind and partly in
money, prorata or nonprorata.  Also, the trustee may make such

-18-

ER 0523

sales, of the trust property as the trustee deems necessary to accommodate such distributions.

Deferral of Division and Distribution: If the trust directs distribution of the trust estate or division into separate trusts, then the trustee may, in the trustee's reasonable discretion, defer that distribution or division for six months. When the trustee so defers, the trustee shall make the distribution or division as if it had taken place at the time prescribed in the absence of this paragraph, and all beneficiary rights in those trust assets shall accrue and vest as of the prescribed time.

Small Trust Termination - Trustee Discretion:  The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer.  The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings, account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the California Uniform Transfers to Minors Act; or (4) distribute the trust assets as provided by law.  On such distribution and delivery, the trust shall terminate.  The trustee shall not be liable or responsible to any person for its action or for its failure or refusal at any time to terminate the trust as authorized in this paragraph

Payment of Income or Principal - Trustee's Discretion To Select Payee:  If Income or principal is payable to a minor, to a person under legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable to manage the distribution properly, then the trustee may, in its reasonable discretion, pay such income or principal in any of the following ways:  (1)  to the beneficiary directly, (2) to the legally appointed guardian or conservator of the beneficiary,  (3)  to a custodian for the beneficiary under the California Uniform Transfers to Minors Act,  (4) for the benefit of the beneficiary, or  (5)  to an adult relative or friend in reimbursement for amounts property advanced for the benefit of the beneficiary.

Back-up Trust for Minor Beneficiary's Distribution:  Except when this instrument provides otherwise, the trustee shall delay outright distribution of any minor beneficiary's interest in a trust by continuing in a separate trust such minor's share. subject to any trustee discretion to terminate a small trust or court-ordered termination.  The trustee shall add all income to principal and pay to and for the benefit of the minor beneficiary as much of the trust estate as is necessary for the minor beneficiary's health, education, support, or maintenance in the minor beneficiary's accustomed manner of living taking into account the minor beneficiary's other income and resources known to the trustee and reasonably available for that purpose.  When

-19-

ER 0524

Bonds - Limitations:  The trustee shall have the power to
purchase bonds either at a premium or at a discount.  For bonds
purchased at a premium, the trustee shall, in a reasonable
manner, periodically repay to principal each premium from
interest on the bond or sale or redemption proceeds.  For bonds
purchased at discounts, the trustee shall periodically accumulate
each discount as interest and, to the extent necessary, pay such
discount out of principal or from the sale or redemption
proceeds.

Invest in Life Insurance:  The trustee shall have the power to
acquire and maintain life insurance policies on the life of any
person, including a trust beneficiary, and to exercise all rights
of ownership granted to such policies.

General Partnership Restriction:  The trustee, in the trustee's
absolute discretion, shall have the election to act only as a
limited partner of any general partnership in the trust and shall
take any action necessary to effect this election.

Treasury Bonds - Special Tax Redemptions:  The trustee shall have
the power to purchase at less than par obligations of the United
States of America that are redeemable at par in payment of any
federal estate tax liability of a settlor in such amounts as the
trustee deems advisable.  The trustee shall exercise this
discretion if the trustee believes that a settlor is in
substantial danger of death, and the trustee may borrow funds and
doubt concerning the desirability of making the purchase and its
amount in favor of making the purchase and in purchasing a
larger, even though somewhat excessive, amount.  The trustee
shall not be liable to a settlor, any heir, or any beneficiary of
this trust for losses resulting from purchases made in good
faith.  The trustee shall redeem such obligations to the fullest
extent possible in payment of a settlor's federal estate tax
liability.

<center>END OF ARTICLE</center>

<center>TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS</center>

Introduction:  For all trusts under this instrument, the trustee
shall have the following powers and duties for accounting and tax
matters.

<center>-20-</center>

Securities:  The trustee shall have all the rights, powers, and
privileges of an owner of the securities held in trust,
including, but not by way of limitation, the power to vote, give
proxies, and pay assessments; to participate in voting trusts and
pooling agreements (whether or not extending beyond the term of
the trust); to enter into shareholders' agreements; to consent to
foreclosure, reorganizations, consolidations, merger
liquidations, sales, and leases, and, incident to any such
action, to deposit securities with and transfer title to any
protective or other committee on such terms as the trustee may
deem advisable; and to exercise or sell stock subscription or
conversion rights.


Investment Funds:  The trustee shall have the power to invest in
mortgage participations, in shares of investment trusts and
regulated investment counsel employed by the trustee, in mutual
funds, money market funds, and index funds that investors of
prudence, discretion, and intelligence acquire for their own
account.


Nominee's Name:  The trustee shall have the power to hold
securities or other property in the trustee's name as trustee
under this trust, or in the trustee's own name, or in the name of
a nominee, or the trustee may hold securities unregistered in
such condition that ownership will pass by delivery.


Insurance:  The trustee shall have the power to carry, at the
expense of the trust, insurance of such kinds and in such amounts
as the trustee deems advisable to protect the trust estate
against any damage or loss and to protect the trustee against
liability with respect to third parties.


Borrow - General:  The trustee shall have the power to borrow
money and to encumber or hypothecate trust property by mortgage,
deed of trust, pledge, or by otherwise securing the indebtedness
of the trust or the joint indebtedness of the trust and s co-
owner of trust property.


Loan:  The trustee shall have the power to loan money to any
person, including a trust beneficiary or the estate of a trust
beneficiary, at prevailing interest rates and with or without
security as the trustee deems advisable.

ER 0526

the minor beneficiary attains majority, the trustee shall
distribute the trust estate to the beneficiary outright.  If the
minor beneficiary dies before distribution, the trustee shall
distribute the trust estate to the beneficiary's estate.

END OF ARTICLE

ARTICLE 10

TRUST ADMINISTRATION PROVISIONS

Introduction:  The following additional trust provisions shall
apply under this instrument.

Upon death of either Trustor: This Trust shall be recorded with death certificate.
with the county recorder where decedent resided. *OF A DEATH CERTIFICATE ATTACHED* *I.C.*

Spendthrift Provision:  No beneficiary shall anticipate, assign,
encumber, or subject to any creditor's claim or to legal process
any interest in principal or income before its actual receipt by
any beneficiary.  The beneficial and legal interests in this
trust, its principal, and its income shall be free from
interference or control of any beneficiary's creditor and shall
not be subject to claims of any such creditor or liable to
attachment, execution, bankruptcy, or other process of law.

Perpetuities Savings Clause - Surviving Spouse and Descendants:
All trusts created by this instrument or by the exercise of any
power of appointment shall terminate 21 years after the death of
the surviving spouse and of settlors' descendants living at the
surviving spouse's death.

California Law Governs; California law shall govern the validity,
construction, interpretation, and administration of this trust.

No contest-contestant disinherited; If an beneficiary in any
matter directly or in directly contests or attacks this
instrument any interest in the trust given to that contesting
beneficiary is revoked and shall be dispose as if that contesting
beneficiary had predeceased the settlor.

Survivorship requirement; Surviving spouse or beneficiaries must
survive the settlor for 60 days before entitlement to such gifts.

Educational expenses; Education expenses shall include the cost
of elementary, secondary, college, and travel for foreign study.
the trustee may also consider the beneficiaries related living
expenses to the extent that they are reasonable.

DATED: 7/8/199     *SCHEDULE "A" ATTACHED.*

SETTLOR
LESLIE KLEIN

-22-

ER 0527

# COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/06)

3201219050694

| STATE FILE NUMBER | | | LOCAL REGISTRATION NUMBER |
|---|---|---|---|

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| ERIKA | NAOEMI | KLEIN |

| 4A. ALSO KNOWN AS—Include full AKA (FIRST, MIDDLE, LAST) | | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months Days | IF UNDER 24 HOURS Hours Minutes | 6. SEX |
|---|---|---|---|---|---|---|
| | | 09/01/1947 | 65 | | | F |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES ☐ NO ☒ UNK ☐ | 7. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| GERMANY | 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 | | MARRIED | 12/12/2012 | 2115 |

| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (If yes, see worksheet on back) YES ☐ ☒ | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| BACHELOR | | CAUCASIAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED. | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| HOMEMAKER | OWN HOME | 42 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 322 N. JUNE ST. |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS ANGELES | LOS ANGELES | 90004 | 42 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| LESLIE KLEIN, HUSBAND | 322 N. JUNE ST., LOS ANGELES, CA 90004 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| LESLIE | | KLEIN |

| 31. NAME OF FATHER/PARENT–FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| KOLEV | | GESTETNER | HUNGARY |

| 35. NAME OF MOTHER/PARENT–FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| TERESA | | SOLOMON | HUNGARY |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 12/13/2012 | JERUSALEM, ISRAEL  HAR HAMENUCHOS CEMETERY |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| TR/BU | ▶ NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| CHEVRA KADISHA MORTUARY | FD1326 | ▶ JONATHAN FIELDING, MD | 12/13/2012 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE: IP ☒ ER/OP ☐ DOA ☐ | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE: Hospice ☐ Nursing Home/LTC ☐ Decedent's Home ☐ Other ☐ |
|---|---|---|
| CEDARS-SINAI MEDICAL CENTER | | |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| LOS ANGELES | 8700 BEVERLY BLVD | WEST HOLLYWOOD |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? YES ☐ NO ☒ |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | (A) CARDIOPULMONARY ARREST | 5 MINS. | |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | (B) METASTATIC COLON CANCER | 6 MTHS. | 109. BIOPSY PERFORMED? YES ☐ NO ☐ |
| | (C) | | 110. AUTOPSY PERFORMED? YES ☐ NO ☐ |
| | (D) | | 111. USED IN DETERMINING CAUSE? YES ☐ NO ☐ |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES ☐ NO ☒ UNK ☐ |
|---|---|
| NO | |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since / Decedent Last Seen Alive | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| (A) mm/dd/ccyy 09/--/2011 | (B) mm/dd/ccyy 12/12/2012 | ▶ MICHAEL T DUFFY M.D. | G59599 | 12/12/2012 |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| MICHAEL T DUFFY M.D. 9400 BRIGHTON WAY #300, BEVERLY HILLS, CA 90210 |

**CORONER USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. MANNER OF DEATH: Natural ☐ Accident ☐ Homicide ☐ Suicide ☐ Pending Investigation ☐ Could not be determined ☐ | 120. INJURED AT WORK? YES ☐ NO ☐ UNK ☐ | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|---|

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|

*010001002224734*

This is a true certified copy of the record filed in the County of Los Angeles
Department of Public Health if it bears the Registrar's signature in purple ink.

*HD3041577*

*Jonathan E. Fielding, MD*
VE                                    DATE ISSUED

Director of Public Health and Registrar          DEC 13 2012

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

FBNCO (REV) 08/11

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

DATED: 4/8/1990                    _____
                                         SETTLOR ✓
                                   ERIKA NOEMI KLEIN

DATED: 4/8/1990                    _____
                                         TRUSTEE
                                   LESLIE KLEIN

DATED: 4/8/1990                    _____
                                         TRUSTEE
                                   ERIKA NOEMI KLEIN

The settlors' attorney approves this Declaration of Trust.

Dated:

     4/8/1990              LESLIE KLEIN  _____
                                         KLEIN AND CUTLER
                                         Attorneys for
                                         settlors

ACKNOWLEDGMENT FOR SETTLORS AND INITIAL CO-TRUSTEES

COUNTY OF LOS ANGELES          )
STATE OF CALIFORNIA            )

On ___4/8___ 1990, before me, the undersigned, a Notary
Public for this State, personally appeared _Leslie Klein_
and _Erika Klein_ personally known to me or proved to me
on the basis of satisfactory evidence to be the settlors and
initial co-trustees of the trust created by this instrument and
to be the persons whose names are subscribed to this instrument
and who acknowledged its signing as the settlors.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

                         _Vicente E. Coronel_____
                              Notary Public

                              VINCENT E. CORONEL

(Seal)     OFFICIAL SEAL
           VICENTE E. CORONEL
           NOTARY PUBLIC - CALIFORNIA
           LOS ANGELES COUNTY
           My Comm. Expires Dec. 17, 1993

                         -23-

ER 0529

### SCHEDULE "A"

Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 146 of Tract 4891 as per Map recorded in Book 52 Page 57 of Maps in the office of the
County Recorder of said County.

APN NO: 5527-014-022
Commonly known as:  730 N. Laurel Avenue, Los Angeles, Ca.

Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 300 of Tract 8320 as per Map recorded in Book 98 Page 41 of Maps in the office of the
County recorder of said County.

APN NO: 5523-033-008
Commonly known as: 322 N. June Street, Los Angeles, Ca.

-24-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT C</u>**

**(Property Deed)**

2



RECORDING REQUESTED BY
S.W.CO. TITLE INS. CO.

CENTURY BANK

AND WHEN RECORDED MAIL TO

Name Leslie Klein and Erika Klein
Street Address 613 N. Alta Vista
City & State Los Angeles, California

Escrow No. 1449-NR    7720760

MAIL TAX STATEMENTS TO

Mail Tax Statements to Return Address Above

77-1376859

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA.
27 MIN.
PAST 9 A.M. DEC 14 1977
Recorder's Office

FEE
$3
J

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Individual Grant Deed
THIS FORM FURNISHED BY TICOR TITLE INSURERS

A.P.N.

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 363.00
(X) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: ( ) City of _____ and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

HOWARD L. RAYKOFF AND JUDY H. RAYKOFF

hereby GRANT(S) to  LESLIE KLEIN AND ERIKA NOEMI KLEIN, AS TRUSTEES UNDER THE
KLEIN LIVING TRUST OF 1975,

the following described real property in the city of Los Angeles
County of  Los Angeles  , State of California:

Lot 300 of Tract 8320 as per map recorded in Book 98 Page 41 of maps in the office
of the County REcorder of said County.

Dated  July 8, 1977

Howard L. Raykoff

Judy H. Raykoff

STATE OF CALIFORNIA
COUNTY OF Los Angeles }ss.
On  11th July 1977  before me, the under-
signed, a Notary Public in and for said State, personally appeared

Howard L. Raykoff and Judy H. Raykoff

_____ known to me
to be the person s whose name s are subscribed to the within
instrument and acknowledged that they executed the same.
WITNESS my hand and official seal.

Signature _Irene M. Sells_

OFFICIAL SEAL
IRENE M. SELLS
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
My comm. expires JAN 7, 1979
445 South Figueroa, Los Angeles, CA 90017
(This area for official notarial seal)

Title Order No. _____    Escrow or Loan No. 1449

MAIL TAX STATEMENTS AS DIRECTED ABOVE    7720760-53

END OF RECORDED DOCUMENT

532

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT D</u>**

**(April 29 Email)**

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

| | |
|---|---|
| **From:** | Marc Lieberman <marc.lieberman@flpllp.com> |
| **Sent:** | Monday, April 29, 2024 7:30 PM |
| **To:** | Jeffrey P. Nolan |
| **Cc:** | John W. Lucas; Safa Saleem |
| **Subject:** | Re: (Sent on behalf of Jeffrey W. Dulberg) In re: LESLIE KLEIN - USBC for the Central District of California - 23-10990 (SK) |
| **Attachments:** | image001.jpg; image001.jpg; Klein-Order Entered 4-26-2024 Dkt 721.pdf; Sharp-Klein-Klein Subpoena for Documents.pdf |

Jeff:

Our paralegal Safa Saleem and I are both back in town and loading up a Dropbox with Bates-stamped copies of all responsive documents we can get our hands on.

Some of the responsive documents were provided by Michael Kogan, so there may be a few duplicates.

I believe that there is only one version of the Marital Deduction Trust (MTD) that you refer to below.  The MTD, also called the "A Trust" is one of two sub trusts under the Second Amended Klein Trust of 1990  ("Klein Trust") The other is called the Survivors Trust or "B Trust."   When Les's late wife passed away in 2012, the A Trust and B Trust became irrevocable.

Les's position has been that assets in the B Trust are property of the bankruptcy estate, while the assets of the A Trust are not property of the estate.

Les contends that the A Trust owns 100% of the June Street Property and the 2 Israel properties. However, I have yet to see documents that support those contentions. If I obtain them, I will up load them to the Dropbox.

The major challenge has been finding documents that evidence what assets are in the A Trust and what assets are in the B Trust. Les is trying to get certified copies of the title documents for the Israel properties, and will provide them when he gets them.

I'm hopeful that some of the documents uploaded to the Dropbox will shed light on other ownership issues.

Other documents  to be uploaded are copies of several life insurance policies, title to which appears to be held by various insurance trusts (the "Insurance Trusts") of which Les Klein is the trustee.   I hope to also obtain copies of the Insurance Trusts to track who the beneficiaries are.

Then there is Life Capital Group, LLC ("LCG").  The LCG operating agreement  will be in the Dropbox.  It says that Les Klein owns 50% and Shlomo  Rechnitz owns 50% of LCG. (Les contends that his 50% is split equally between the A Trust and the B Trust. However, I have yet to see any documents explaining why this is the case.)

My understanding is that LCG has always been managed by a Rechnitz controlled manager and that there was previously litigation between Les on the one hand and Shlomo and the manger on  the other hand.  Les is concerned that Shlomo has short-changed the estate or out-right misappropriated  LCG monies, all of which would have been the proceeds of insurance policies. Certainly communications among Shlomo, Les, and the manager would be helpful here. Les does not have such communications. It seems that Shlomo and the manager should be subpoenaed.

ER 0534

It is not yet clear to me how the LKA law firm fits into all this. I am still trying to get responsive documents that will shed light on this.

**MARC A. LIEBERMAN, ESQ.**
FLP Law Group LLP
1875 Century Park East, Suite 2230
Los Angeles, CA 90067
t. 310.284.7350 ext. 2
marc.lieberman@flpllp.com
**www.flpllp.com**

This message and any attached documents contain information from the law firm of FLP Law Group LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message. We are a federally designated Debt Relief Agency under the United States Bankruptcy Laws. We help individuals and their companies find solutions to their debt problems, including, where appropriate, assisting them file petitions for relief under the United States Bankruptcy Code. This does not constitute an electronic signature.

On Apr 29, 2024, at 6:04 PM, Jeffrey P. Nolan <jnolan@pszjlaw.com> wrote:

Marc,

Attached please find a courtesy copy of the Court order approving the issuance of the 2004 subpoena to the Debtor. I also included a courtesy copy of the subpoena again. I think my secretary meant this to go to you earlier today rather than Simon. My apologies. I did talk to Simon today and he mentioned the Marital Trust and receiving documents with regards to it. I assume that this is the one and the same Marital Trust the Trustee has been seeking documents in our emails and communications with the Debtor. If it is a different Marital Trust, it would also be responsive to the subpoena. I wanted to check in as to timing and if there is a preferred format to exchange the documents.

Hope all is well otherwise.

Jeff
**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** Ramon X. Sainz <rsainz@pszjlaw.com>
**Sent:** Monday, April 29, 2024 3:17 PM
**To:** saron@wrslawyers.com; moster@wrslawyers.com; les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net; Nathan Talei <ntalei@oclslaw.com>
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Jeffrey P. Nolan

&lt;jnolan@pszjlaw.com&gt;; Yves P. Derac &lt;yderac@pszjlaw.com&gt;
**Subject:** (Sent on behalf of Jeffrey W. Dulberg) In re: LESLIE KLEIN - USBC for the Central District of
California - 23-10990 (SK)

Please see attached.

**Ramon Sainz**
Legal Secretary
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2385
Tel: 310.277.6910 | Fax: 310.201.0760
rsainz@pszjlaw.com

Los Angeles | New York | Wilmington, DE | Houston | San Francisco

ER 0536

# EXHIBIT E

## (Klein Trust Property Schedule)

# KLEIN SECOND AMENDED TRUST AGREEMENT
## dated 4-08-1990
### as of
### September 10, 2013

Marital Deduction Trust (Trust A)

322 N. June Street        Value on 9-10-2013        $3,500,000
Los Angeles, CA. 90004
(Home)
100%

Suite 1323 in Leonardo    Value on 9-10-2013        $500,000
Plaza Jerusalem Israel
(King George Street)
100%

Dan Boutique              Value on 9-10-2013
Suite on 5th Floor in
Jerusalem Israel
(Hebron Road)
100%                                                $250,000
                   TOTAL                            $4,250,000

25% interest in Life Capital Group LLC

Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co 100% which
owns the following properties:

14245 Ventura Blvd.
Sherman Oaks, CA. 91423   Value on 9-10-2013        $2,500,000
(Commercial Office Building)

419 N. Highland Ave       Value on 9-10-2013        $1,000,000
Los Angeles, CA-90036
(Home)

507 N. Mansfield Ave      Value on 9-10-2013        $750,000
Los Angeles, CA. 90036
(Home)
                                    TOTAL           $4,250,000

25% interest in Life Capital Group LLC

ER 0538

KLEIN000814

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey W. Dulberg (State Bar No. 181200)<br>John W. Lucas (State Bar No. 271038)<br>Jeffrey P. Nolan (State Bar No. 158923)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13<sup>th</sup> Floor<br>Los Angeles, CA  90067-4003<br>Telephone: 310.277.6910<br>Facsimile: 310.201.0760<br>E-mail:  jdulberg@pszjlaw.com<br>          jlucas@pszjlaw.com<br>          jnolan@pszjlaw.com<br><br>☐  *Individual appearing without attorney*<br>          [Proposed] Counsel to Bradley D. Sharp,<br>☒  *Attorney for:* Chapter 11 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br><br>LESLIE KLEIN,<br><br><br><br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:23-bk-10990-SK<br><br>ADVERSARY NO.:        2:24-ap-01140-SK<br><br>CHAPTER:    11 |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br><div align="right">Plaintiff(s),</div><br>vs.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br><div align="right">Defendant(s).</div> | **REQUEST THAT THE CLERK ISSUE ANOTHER SUMMONS AND NOTICE OF STATUS CONFERENCE**<br><br>**[LBR 7004-1(a)(1)(B)]**<br><br><hr><br>No hearing required [LBR 9013-1(p)] |

**PLEASE TAKE NOTICE THAT** *(name of party)*  Bradley D. Sharp, Chapter 11 Trustee requests that the clerk issue another Summons and Notice of Status Conference, for the reason(s) stated below. This request is made pursuant to LBR 9013-1(p), which allows the court to grant the request without a hearing.

☐ **A**. **ORIGINAL SUMMONS NOT TIMELY SERVED** [FRBP 7004(e)]

    1.  A summons was issued and filed by the clerk as docket entry # _____ on *(date)* _____.

    2.  The 7-day period to serve a summons ended on *(date)* _____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2015*                                   Page 1                **F 7004-1.2.REQUEST.ANOTHER.SUMMONS**
LA:4880-4055-7506.1 78512.001

ER 0539

3. The period to serve a summons ended without service of the summons on the following previously named parties:

a. _____

b. _____

c. _____

4. Therefore, another summons ("alias summons") is needed.

☒ **B. NEW PARTY TO BE ADDED OR JOINED** [FRBP 7014, 7019, 7020]

1. Movant is: ☒ Plaintiff    ☐ Third-Party Plaintiff

2. Name of the party(ies) to be added or joined:

a. The Survivor's Trust of Leslie Klein, a trust _____

b. _____

c. _____

3. The document that identifies the new party(ies) is filed as docket entry # 6 on *(date)* 5/29/24 :

☒ First Amended Complaint

☐ Third-Party Complaint

4. Therefore, another summons is needed to serve the new party (ies).

Date: May 29, 2024              JOHN W. LUCAS _____
                                Print name of Movant or Attorney for Movant


                                /s/ John W. Lucas _____
                                Signature of Movant or Attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled**: REQUEST THAT THE CLERK ISSUE ANOTHER SUMMONS AND NOTICE OF STATUS CONFERENCE [LBR 7004-(1)(a)(1)(C)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _May 29, 2024_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Reem J Bello on behalf of Interested Party Joseph Vago
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Robert P Goe on behalf of Interested Party Joseph Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com

John W Lucas on behalf of Plaintiff Bradley D. Sharp, Chapter 11 Trustee
jlucas@pszjlaw.com, ocarpio@pszjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _May 29, 2024_ | Nancy H. Brown | _/s/ Nancy H. Brown_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

**EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND
STATUS CONFERENCE INSTRUCTIONS**

1.      A copy of these instructions must be attached to the copy of the complaint served upon each party, and the proof of service of the summons and complaint must indicate that such copy was served therewith.

2.      If the adversary proceeding involves money or property exceeding $10,000, or if plaintiff believes trial time will exceed 4 hours, plaintiff must serve, with the summons and complaint, a notice that compliance with Local Bankruptcy Rule 7026-1 and Federal Bankruptcy Procedure Rule 7026 is required. Plaintiff must also file a proof of service of the notice together with the proof of service of the summons and the complaint.

3.      If Local Bankruptcy Rule 7026-1 is applicable, counsel for the parties <u>MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES, AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED **IN** SAID RULE. FEDERAL RULE OF CIVIL PROCEDURE 26(D DOES NOT APPLY TO THIS PROCEEDING.</u>

4.      Unless all defendants have defaulted, the parties **must** file a Joint Status Report pursuant to Local Bankruptcy Rule 7016-1(a)(2) at least 14 court days before the date of the status conference using Local Form No. F 7016-1.1. This form may be found on the Court's website, <u>www.cacb.uscourts.gov,</u> by clicking on "Forms/Rules/General Orders," then "Local Bankruptcy Rules & Forms." and scrolling down to F 7016-1.1. If Local Bankruptcy Rule 7026-1 is applicable, <u>the parties shall include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.</u>

5.      If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court pursuant to Local Bankruptcy Rule 7055-1(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion pursuant to Local Bankruptcy Rule 7055-1(b). These motions may be brought pursuant to Local Bankruptcy Rule 9013-1.

6.      If the parties dispute whether the adversary proceeding is "core" or "non-core," they must file points and authorities in support of their positions. See 28 U.S.C. § 157. Any party that contends the proceeding is "non-core" must file and serve its points and authorities at least 14 days before the status conference. Any response must be filed and served at least 7 days before the status conference.

7.      Unless a party objects in writing in the first Joint Status Report or the court orders otherwise, direct testimony at trial will be presented by declaration.

8.      Failure to comply with these instructions may subject the responsible party to sanctions.

ER 0542

9.      At the initial status conference a date may be set for further status conference, a pre-trial conference and/or for trial.

10.     Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment and the adversary proceeding may be dismissed or judgment entered against the defaulting party, without further hearing.

                                        Sandra R. Klein
                                        United States Bankruptcy Judge

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John W Lucas<br>Pachulski Stang Ziehl & Jones LLP<br>One Sansome Street<br>34th Floor, Suite 3430<br>San Francisco, CA 94104–4436<br><br>415–263–7000<br><br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Leslie Klein<br><br><br>                                                      Debtor(s). | CASE NO.:  2:23–bk–10990–SK<br><br>CHAPTER:  11<br><br>ADVERSARY NUMBER: 2:24–ap–01140–SK |
|---|---|
| Bradley D. Sharp, Chapter 11 Trustee<br><br>                                        Plaintiff(s)<br>                        Versus<br>Leslie Klein<br><br>**(See Attachment A for names of additional defendants)**<br>                                        Defendant(s) | ## ANOTHER<br>## SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1] |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper–hand corner of this page. The deadline to file and serve a written response is **07/01/2024.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **August 21, 2024** |
| **Time:** | **09:00 AM** |
| **Hearing Judge:** | **Sandra R. Klein** |
| **Location:** | **255 E Temple St., Crtrm 1575, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                                    Page 1                **F 7004–1.SUMMONS.ADV.PROC**

ER 0544

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**


Date of Issuance of Alias Summons and Notice of Status Conference in Adversary Proceeding: May 30, 2024


By: _____ "s/" Sonny Milano _____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Bradley D. Sharp, Chapter 11 Trustee | Leslie Klein<br>The Second Amended Klein Living Trust<br>The Marital Deduction Trust of Erika Klein<br>Barbara Klein<br>The Survivor's Trust of Leslie Klein |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

ER 0546

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                          **F 7004–1.SUMMONS.ADV.PROC**

ER 0547

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
Email: jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
          jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>                Debtor.<br><br>―――――――――――――――――――<br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>                Plaintiff,<br><br>     v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>                Defendants. | Case No.: 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11<br><br><br>**SUMMONS SERVICE EXECUTED**<br><br>**Status Conference:**<br><br>**Date:**     August 21, 2024<br>**Time:**     9:00 a.m.<br>**Location:** U.S. Bankruptcy Court<br>            255 East Temple Street<br>            Courtroom 1575<br>            Los Angeles, CA 90012<br><br>**Hearing Judge:** Hon. Sandra R. Klein |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LA:4878-7187-3732.1 78512.001

ER 0548

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): *PROOF OF SERVICE RE:  (1) ANOTHER SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [DOCKET NO. 8]; (2) FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA [DOCKET NO. 6]; AND EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 3, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Clarisse Young Shumaker**  youngshumaker@smcounsel.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 31, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 31, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA EMAIL:**
Marc A. Lieberman  marc.lieberman@flpllp.com

On behalf of the following Defendants:

Leslie Klein
The Survivor's Trust of Leslie Klein

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 3, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
LA:4878-7187-3732.1 78512.001                          2

ER 0549

**ADDITIONAL MAILING INFORMATION FOR CASE 2:24-AP-01140-sk**

Leslie Klein
322 North June Street
Los Angeles, CA 90004-1042

Barbara Klein
322 North June Street
Los Angeles, CA 90004-1042

The Second Amended Klein Living Trust
322 North June Street
Los Angeles, CA 90004-1042

The Marital Deduction Trust of Erika Klein
322 North June Street
Los Angeles, CA 90004-1042

The Survivor's Trust of Leslie Klein
322 North June Street
Los Angeles, CA 90004-1042

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

LA:4878-7187-3732.1 78512.001                              3                                                                        ER 0550

1   Jeffrey W. Dulberg (State Bar No. 181200)
    John W. Lucas (State Bar No. 271038)
2   Jeffrey P. Nolan (State Bar No. 158923)
    PACHULSKI STANG ZIEHL & JONES LLP
3   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, California 90067-4003
4   Telephone: 310-277-6910
    Facsimile:  310-201-0760
5   Email: jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6           jnolan@pszjlaw.com

7   Attorneys for Plaintiff, Bradley D. Sharp,
    Chapter 11 Trustee
8

9                 UNITED STATES BANKRUPTCY COURT

                  CENTRAL DISTRICT OF CALIFORNIA
10
                     LOS ANGELES DIVISION
11
    In re:                                    Case No.: 2:23-bk-10990-SK
12
    LESLIE KLEIN,                             Adv. Case No.: 2:24-ap-01140-SK
13
                              Debtor.         Chapter 11
14
    ────────────────────────────────
15  BRADLEY D. SHARP, Chapter 11 Trustee,

16                            Plaintiff,      **PROOF OF SERVICE**

17         v.

18  LESLIE KLEIN, an individual, THE SECOND
    AMENDED KLEIN LIVING TRUST, a trust, THE
19  MARITAL DEDUCTION TRUST OF ERIKA
    KLEIN, a trust, THE SURVIVOR'S TRUST OF
20  LESLIE KLEIN, a trust, and BARBARA KLEIN,
    an individual,
21
                              Defendants.
22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): ***PROOF OF SERVICE RE:  (1) ANOTHER SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [DOCKET NO. 8]; (2) FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA [DOCKET NO. 6]; AND EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 3, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Clarisse Young Shumaker**  youngshumaker@smcounsel.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **June 3, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kenneth Klein, Second Successor Trustee of the
Second Amended Klein Living Trust
306 N. Highland Ave.
Los Angeles, CA 90036-2630

Kenneth Klein, Second Successor Trustee of the
Marital Deduction Trust
306 N. Highland Ave.
Los Angeles, CA 90036-2630

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 3, 2024 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4869-9468-2053.1 78512.001

2

**F 9013-3.1.PROOF.SERVICE**

ER 0552

**\*\*\* TEXT ONLY \*\*\***

| | | |
|---|---|---|
| 06/04/2024 | **11** | Notice to Filer of Error and/or Deficient Document Other - No attached copy of the executed summons (RE: related document(s)9 Summons Service Executed) (TM) (Entered: 06/04/2024) |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John W Lucas<br>Pachulski Stang Ziehl & Jones LLP<br>One Sansome Street<br>34th Floor, Suite 3430<br>San Francisco, CA 94104–4436<br><br>415–263–7000<br><br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Leslie Klein<br><br><br><br>Debtor(s). | CASE NO.:  2:23–bk–10990–SK<br><br>CHAPTER:  11<br><br>ADVERSARY NUMBER: 2:24–ap–01140–SK |
|---|---|
| Bradley D. Sharp, Chapter 11 Trustee<br><br><br>Plaintiff(s)<br>Versus<br>Leslie Klein<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **ANOTHER<br>SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **07/01/2024.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

|  |  |
|---|---|
| Date: | **August 21, 2024** |
| Time: | **09:00 AM** |
| Hearing Judge: | **Sandra R. Klein** |
| Location: | **255 E Temple St., Crtrm 1575, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ER 0554

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


                                    KATHLEEN J. CAMPBELL
                                    CLERK OF COURT



Date of Issuance of Alias Summons and Notice of Status Conference in Adversary Proceeding: May 30, 2024



                    By: _____"s/" Sonny Milano_____

                            Deputy Clerk




---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2              **F 7004–1.SUMMONS.ADV.PROC**



ER 0555

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Bradley D. Sharp, Chapter 11 Trustee | Leslie Klein<br>The Second Amended Klein Living Trust<br>The Marital Deduction Trust of Erika Klein<br>Barbara Klein<br>The Survivor's Trust of Leslie Klein |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA 90067

**ANOTHER**

A true and correct copy of the foregoing document entitled:/**SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property Located at 322 N. June St., Los Angeles, California; and Early Meeting of Counsel, Joint Status Report and Status Conference Instructions

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____May 31, 2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ____May 31, 2024_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___May 31, 2024_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA EMAIL:**
Marc A. Lieberman

On behalf of the following Defendants:

Leslie Klein
The Survivor's Trust of Leslie Klein

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 4, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

ER 0557

**CASE 2:24-AP-01140-sk**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Robert P Goe**   kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Clarisse Young Shumaker**   youngshumaker@smcounsel.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

Leslie Klein
322 North June Street
Los Angeles, CA 90004-1042

Barbara Klein
322 North June Street
Los Angeles, CA 90004-1042

The Second Amended Klein Living Trust
322 North June Street
Los Angeles, CA 90004-1042

The Marital Deduction Trust of Erika Klein
322 North June Street
Los Angeles, CA 90004-1042

The Survivor's Trust of Leslie Klein
322 North June Street
Los Angeles, CA 90004-1042

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Name, Address, Telephone Numbers, and California State Bar Number (if applicable)<br><br>Jeffrey W. Dulberg (State Bar No. 181200)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Boulevard, Suite 1300<br>Los Angeles, CA  90067<br>Telephone:  310.277.6910<br>Facsimile:  310.201.0760<br>Email:  jdulberg@pszjlaw.com<br>*Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee* | CASE NO.:  2:24-ap-01140-SK<br>CHAPTER:  11 |
| | ☒ **REQUEST COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)** |
| In re: Leslie Klein,                              Debtor.<br><br>Bradley D. Sharp, Chapter 11 Trustee,        Plaintiff,<br><br>     vs.<br><br>Leslie Klein, an individual, *et al.*,            Defendants. | ☐ **REQUEST REMOVAL FROM COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)** |

## REQUEST TO BE ADDED OR REMOVED FROM
## COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)

To the Clerk of the U.S. Bankruptcy Court, I hereby:

☒ **Request Courtesy Notification of Electronic Filing**. The above named wishes to receive courtesy electronic notice of all documents filed in the above referenced case. I understand the courtesy electronic notification shall be delivered via the Court's Case Management/Electronic Filing (CM/ECF) system as a Notice of Electronic Filing (NEF) and that I must be a registered User of the Court's CM/ECF system to be eligible for courtesy NEFs.

I understand it is <u>my responsibility to add myself and my e-mail address to the above referenced case via CM/ECF in order to receive a courtesy NEF</u>.

I further understand this request ***DOES NOT*** impose any obligation on the Court, the debtors or any other party in the case to deliver courtesy copies of any orders, pleadings or other documents entered on the docket by mail, telephone, facsimile, or any other means of electronic transmission.

I will use docket event "Request for Courtesy Notice of Electronic Filing (NEF)."

☐ **Request <u>Removal</u> from Courtesy Notification of Electronic Filing.** By selecting this option, courtesy notification of court orders and all other pleadings entered on the docket in the above referenced case will no longer be sent via electronic means to the above named.

I will use docket event "Request for REMOVAL from Courtesy Notice of Electronic Filing (NEF)."

**(WARNING: This form must be used to be added or removed from receiving Courtesy NEFs and may NOT be used in place of *Substitution of Attorney* form F 2090-1.4)**

Dated: <u>June 4, 2024</u>          */s/ Jeffrey W. Dulberg* _____
                              *Signature*
                              Jeffrey W. Dulberg

<u>**(NOTE: This form can only be filed electronically via the Court's CM/ECF system.** Scan this form to a PDF document, then file electronically.)</u>

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Name, Address, Telephone Numbers, and California State Bar Number (if applicable)<br><br>Jeffrey P. Nolan (State Bar No. 158923)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Boulevard, Suite 1300<br>Los Angeles, CA 90067<br>Telephone: 310.277.6910<br>Facsimile: 310.201.0760<br>Email: jnolan@pszjlaw.com<br>*Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee* | CASE NO.: 2:24-ap-01140-SK<br>CHAPTER: 11 |
| | ☒ **REQUEST COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)** |
| In re: Leslie Klein,                               Debtor.<br><br>Bradley D. Sharp, Chapter 11 Trustee,        Plaintiff,<br><br>    vs.<br><br>Leslie Klein, an individual, *et al.,*          Defendants. | ☐ **REQUEST REMOVAL FROM COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)** |

## REQUEST TO BE ADDED OR REMOVED FROM
## COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)

To the Clerk of the U.S. Bankruptcy Court, I hereby:

☒ **Request Courtesy Notification of Electronic Filing.** The above named wishes to receive courtesy electronic notice of all documents filed in the above referenced case. I understand the courtesy electronic notification shall be delivered via the Court's Case Management/Electronic Filing (CM/ECF) system as a Notice of Electronic Filing (NEF) and that I must be a registered User of the Court's CM/ECF system to be eligible for courtesy NEFs.

I understand it is <u>my responsibility to add myself and my e-mail address to the above referenced case via CM/ECF in order to receive a courtesy NEF</u>.

I further understand this request ***DOES NOT*** impose any obligation on the Court, the debtors or any other party in the case to deliver courtesy copies of any orders, pleadings or other documents entered on the docket by mail, telephone, facsimile, or any other means of electronic transmission.

I will use docket event "Request for Courtesy Notice of Electronic Filing (NEF)."

☐ **Request <u>Removal</u> from Courtesy Notification of Electronic Filing.** By selecting this option, courtesy notification of court orders and all other pleadings entered on the docket in the above referenced case will no longer be sent via electronic means to the above named.

I will use docket event "Request for REMOVAL from Courtesy Notice of Electronic Filing (NEF)."

**(WARNING: This form must be used to be added or removed from receiving Courtesy NEFs and may NOT be used in place of *Substitution of Attorney* form F 2090-1.4)**

Dated:  June 4, 2024 _____        */s/ Jeffrey W. Dulberg* _____
                                  *Signature*
                             Jeffrey W. Dulberg

**<u>(NOTE: This form can only be filed electronically via the Court's CM/ECF system.</u> Scan this form to a PDF document, then file electronically.)**

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*April 2010*
4871-0264-6469.1 78512.001

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Name, Address, Telephone Numbers, and California State Bar Number (if applicable)<br>Simon Aron, Esq. (State Bar No. 108183)<br>  saron@wrslawyers.com<br>WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP<br>11400 West Olympic Boulevard, 9th Floor<br>Los Angeles, California 90064-1582<br>Telephone: (310) 478-4100<br>Facsimile: (310) 479-1422<br>Attorneys for Kenneth Klein, Trustee | CASE NO.: 2:24-ap-01140-SK<br>CHAPTER: 11 |
| | ☑ **REQUEST COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)** |
| In re: Leslie Klein, Debtor.<br><br>       Bradley D. Sharp, Chapter 11 Trustee      Plaintiff,<br>          vs.<br>       Leslie Klein, an individual, et al.      Defendants. | ❑ **REQUEST REMOVAL FROM COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)** |

## REQUEST TO BE ADDED OR REMOVED FROM
## COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)

To the Clerk of the U.S. Bankruptcy Court, I hereby:

☑ **Request Courtesy Notification of Electronic Filing.**  The above named wishes to receive courtesy electronic notice of all documents filed in the above referenced case.  I understand the courtesy electronic notification shall be delivered via the Court's Case Management/Electronic Filing (CM/ECF) system as a Notice of Electronic Filing (NEF) and that I must be a registered User of the Court's CM/ECF system to be eligible for courtesy NEFs.

I understand it is my responsibility to add myself and my e-mail address to the above referenced case via CM/ECF in order to receive a courtesy NEF.

I further understand this request *DOES NOT* impose any obligation on the Court, the debtors or any other party in the case to deliver courtesy copies of any orders, pleadings or other documents entered on the docket  by mail, telephone, facsimile, or any other means of electronic transmission.

I will use docket event "Request for Courtesy Notice of Electronic Filing (NEF)."

❑ **Request Removal from Courtesy Notification of Electronic Filing.** By selecting this option, courtesy notification of court orders and all other pleadings entered on the docket in the above referenced case will no longer be sent via electronic means to the above named.

I will use docket event "Request for REMOVAL from Courtesy Notice of Electronic Filing (NEF)."

**(WARNING:  This form must be used to be added or removed from receiving Courtesy NEFs and may NOT be used in place of *Substitution of Attorney* form F 2090-1.4)**

Dated:  6/10/24                                    /s/ Simon Aron
                                          *Signature*

**(NOTE: This form can only be filed electronically via the Court's CM/ECF system.** Scan this form to a PDF document, then file electronically.)**

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*April 2010*                                                                                    ER 0561

1  Marc A. Lieberman, Esq. (SBN 157318)
   marc.lieberman@flpllp.com
2  Alan W. Forsley, Esq. (SBN 180958)
   alan.forsley@flpllp.com
3  **FLP LAW GROUP LLP**
   1875 Century Park East, Suite 2230
4  Los Angeles, California 90067
   Telephone:    (310) 284-7350
5  Facsimile:    (310) 432-5999

6  Co-Counsel to debtor Leslie Klein in **Main
   Case Only.**
7

8  Leslie Klein, Esq. (SBN 50908)
   les.kleinlaw@gmail.com
9  **LESLIE KLEIN & ASSOCIATES, INC.**
   14245 Ventura Blvd,
10 Sherman Oaks, CA 91423
   Telephone: (818) 501-2663
11 Facsimile: (818) 501-2859

12 Counsel to Barbara Klein and to Leslie Klein,
   individually and as trustee of the Second Amended
13 Klein Living Trust of 1990 and of the Erika Klein
   Marital Deduction Trust.
14

15                    **UNITED STATES BANKRUPTCY COURT**

                      **CENTRAL DISTRICT OF CALIFORNIA**
16
                      **LOS ANGELES DIVISION**
17

18 In re                          )   Case No:  2:23-bk-10990-SK
                                   )
19 LESLIE KLEIN,                   )   Chapter 11
                                   )
20                      Debtor.    )
                                   )
21 ─────────────────────────────── )   Adversary Case No. 2:24-ap-01140-SK
   BRADLEY D. SHARP, Chapter 11 Trustee, )
22                                 )   **STIPULATION TO EXTEND DEADLINE
                      Plaintiff,  )   TO RESPOND TO FIRST AMENDED
23                                 )   COMPLAINT**
                  v.               )
24 LESLIE KLEIN, an individual, THE )   Status Conference:
   SECOND AMENDED KLEIN LIVING    )   Date:  August 14, 2024
25 TRUST, a trust, THE MARITAL    )   Time:  9:00 a.m.
   DEDUCTION TRUST OF ERIKA KLEIN, a )   Place: Ctrm 1575
26 trust, and BARBARA KLEIN, an individual, )       255 E. Temple Street,
                                   )          Los Angeles, CA 90012
27                    Defendants.  )
                                   )
28 ─────────────────────────────── )

                                   1

1

2

3

4      This Stipulation is entered into by and between defendant Les Klein ("**Debtor**"), an

5   individual, and Leslie Klein as first successor trustee of the Second Amended Klein Living Trust

6   of 1990 ("**Klein Trust**"), trustee of the Marital Deduction Trust of Erika Klein (the "**MDT**"),

7   trustee under the survivor trust under the Klein Trust (the "**Survivor Trust**"), and Barbara Klein

8   ("**Barbara**" and collectively "**Defendants**") on the one hand and plaintiff Bradley D. Sharp,

9   Chapter 11 Trustee ("**Plaintiff**") on the other hand

10                                    **RECITALS**

11

12      A.      On May 23, 2024. Plaintiff filed a complaint against certain of the Defendants,

13   commencing the above-captioned adversary proceeding [Doc 1].

14      B.      On May 29, 2024, Plaintiff filed a First Amended Complaint ("**FAC**") against each

15   of the Defendants[Doc 6].

16      C.      The first status conference in the instant case is set for August 21, 2024, at 9:00

17   a.m.

18      E.      Each of the Defendants acknowledge being duly served with a copy of the FAC

19   and summons. Following discussions between the parties, Plaintiff has agreed to extend the time

20   for each of the Defendants to respond to the FAC to July 15, 2024 on the terms and conditions set

21   forth herein.

22      F.      Each of the Defendants acknowledge that the execution of this Stipulation by the

23   Trustee is not an admission, acknowledgement, or waiver regarding the creation or existence of

24   any of the undersigned trusts.

25      Accordingly, subject to approval of the Court, the parties stipulate as follows:

26

27

28

4885-5954-0173.2 78512.001

2

*Stipulation to Extend Deadline to Respond to Complaint*

each of the Defendants[Doc 6].

      C.      The first status conference in the instant case is set for August 21, 2024, at 9:00 a.m.

      E.      Each of the Defendants acknowledge being duly served with a copy of the FAC and summons. Following discussions between the parties, Plaintiff has agreed to extend the time for each of the Defendants to respond to the FAC to July 15, 2024 on the terms and conditions set forth herein.

      F.      Each of the Defendants acknowledge that the execution of this Stipulation by the Trustee is not an admission, acknowledgement, or waiver regarding the creation or existence of any of the undersigned trusts.

      Accordingly, subject to approval of the Court, the parties stipulate as follows:

## STIPULATION

      1.      Defendants, and each of them, acknowledge service of the summons and FAC in the instant adversary proceeding.

      2.      Defendants' deadline of July 1, 2024 to respond to the FAC shall be extended through and including July 15, 2024, without prejudice to seeking further extensions of such deadline.

      3.      Defendants agree that the Trustee's entry into this Stipulation is not an admission, acknowledgement, or waiver regarding the creation or existence of any of the undersigned trusts.

      4.      Each of the parties hereto represent they are duly authorize to enter into this Stipulation.

      5.      By their signatures below, the parties hereto express their agreement to this Stipulation and the entry of an Order by the Court approving the terms of this Stipulation.

DATED: July 2, 2024      **LESLIE KLEIN & ASSOCIATES, INC.**

By: _____

Leslie Klein, Esq.
Co-Counsel for Debtor and counsel to Les Klein,
individually and as trustee of the Second Amended
Klein Living Trust of 1990, Survivor's Trust of Leslie
Klein, the Marital Deduction Trust of Erika Klein, and
and Barbara Klein.

DATED: July 2, 2024

By: _____
Barbara Klein

DATED: July 2, 2024      **FLP LAW GROUP LLP**

By: _____
Marc A. Lieberman, Esq.
Alan W. Forsley, Esq.

ER 0564

Co-Counsel for Debtor (in main case only)

DATED:  July 2, 2024          **SECOND AMENDED KLEIN LIVING TRUST**

By: _____

Leslie Klein, Trustee Second Amended Klein Living
Trust of 1990

DATED:  July 2, 2024          **MARITAL DEDUCTION TRUST OF ERIKA
KLEIN**

By: _____

Leslie Klein, Trustee of Marital Deduction Trust of
Erika Klein

DATED:  July 2, 2024          **SURVIVOR'S TRUST OF LESLIE KLEIN**

By: _____

Leslie Klein, Trustee of Survivor's Trust of Leslie
Klein

DATED:  July 2, 2024

By: _____

Leslie Klein, an individual

DATED:  July ___, 2024          **PACHULSKI STANG ZIEHL & JONES LLP**

By: _____

John W. Lucas

Attorneys for Plaintiff Bradley D. Sharp,
Chapter 11 Trustee

1
Caption

4885-5954-0173.2 78812.001

4885-5954-0173.2 78812.001          4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO EXTEND DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 3, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

II.  **SERVED BY UNITED STATES MAIL**:
On (*date*) **July 3, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2024 | ANDREA HANSEN | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<u>SERVICE LIST VIA NEF</u>

Simon Aron     saron@wrslawyers.com, moster@wrslawyers.com
Reem J Bello     rbello@goeforlaw.com, kmurphy@goeforlaw.com
Jeffrey W Dulberg     jdulberg@pszjlaw.com
Robert P Goe     kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
John W Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
Jeffrey P Nolan     jnolan@pszjlaw.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Marc A. Lieberman, Esq. (SBN 157318) marc.liebermna@flpllp.com FLP LAW GROUP LLP 1875 Century Park East, Suite 2230 Telephone: (310)284-7350 Facsimile: (310) 432-5999 Co-Counsel to debtor Leslie Klein in **Main Case Only.** Leslie Klein, Esq. (SBN 50908) Les.kleinlaw@gmail.com **LESLIE KLEIN & ASSOCIATES, INC.** 14245 Ventura Blvd, Sherman Oaks, CA 91423 Telephone: (818) 501-2663 Facsimile: (818) 501-2859 Counsel to Barbara Klein and to Leslide Klein, Individually and as trustee of the Second Amended Klein Living Trust of 1990 and of the Erika Klein Marital Deduction Trust | |
| ☐ *Individual appearing without attorney* ☒ *Attorney for* Leslie Klein | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: LESLIE KLEIN Debtor(s). | CASE NO.: 2:23-bk-10990-SK CHAPTER: 11 ADVERSARY NO.: 2:24-ap-01140-SK |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee Plaintiff(s), vs. LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a Trust, and BARBARA KLEIN, an individual Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:** (*title of motion[1]*): Stipulation to Extend Deadline to Respond to First Amended Complaint _____ _____ |

PLEASE TAKE NOTE that the order or judgment titled Order Granting Stipulation to Extend Deadline to Respond to First Amended Complaint

was lodged on (*date*) July 9, 2024 and is attached.  This order relates to the motion which is docket number 16.

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 1                    **F 9021-1.2.ADV.NOTICE.LODGMENT**

ER 0568

# EXHIBIT A

1   **MARC A. LIEBERMAN (SBN 157318)**
marc.lieberman@flpllp.com
2   **ALAN W. FORSLEY (SBN 180958)**
alan.forsley@flpllp.com
3   **FLP LAW GROUP LLP**
1875 Century Park East, Suite 2230
4   Los Angeles, California 90067
Telephone:  (310) 284-7350
5   Facsimile:  (310) 432-5999

6
Co-Counsel to debtor Leslie Klein in **Main
7   Case Only.**

8   Leslie Klein, Esq. (SBN 50908)
les.kleinlaw@gmail.com
9   **LESLIE KLEIN & ASSOCIATES, INC.**
1425 Ventura Blvd,
10   Sherman Oaks, CA 91423
Telephone: (818) 501-2663
11   Facsimile: (818) 501-2859

12   Counsel to Barbara Klein and to Leslie Klein,
individually and as trustee of the Second Amended
13   Klein Living Trust of 1990 and of the Erika Klein
Marital Deduction Trust
14

15          **UNITED STATES BANKRUPTCY COURT**

16        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17             **LOS ANGELES DIVISION**

18   In re               ) **Case No. 2:23-bk-10990-SK**
                      )
19   LESLIE KLEIN,        )
                      )
20                Debtor. ) Chapter 11
                      )
21   BRADLEY D. SHARP, Chapter 11 Trustee, )
                      ) **ORDER GRANTING STIPULATION TO**
22               Plaintiff, ) **EXTEND DEADLINE TO RESPOND TO**
                      ) **FIRST AMENDED COMPLAINT**
23           v.       )
24   LESLIE KLEIN, an individual, THE SECOND )
AMENDED KLEIN LIVING TRUST, a trust, ) Status Conference:
25   THE MARITAL DEDUCTION TRUST OF ) Date:  August 21, 2024
ERIKA KLEIN, a trust, THE SURVIVOR' ) Time: 9:00 a.m.
26   TRUST OF LESLIE KLEIN, a trust, and ) Place: Ctrm 1575
BARBARA KLEIN, an individual, )        255 E. Temple Street,
27              Defendants. )        Los Angeles, CA 90012
                      )
28                      )

1

The Court having considered the *"The Stipulation to Extend Deadline to respond to the First Amended Complaint ("__FAC__")"* (the *"__Stipulation__"*) , dated June 8, 2024, as agreed to by Bradley D. Sharp, the duly appointed trustee for the chapter 11 estate of Leslie Klein, and good cause appearing therefore,

**IT IS HEARBY ORDERED** that:

1.   The Stipulation of APPROVED.

2.   The deadline for defendants to respond to FAC is extended to July 15, 2024.

###

ER 0571

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP   1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 9, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) July 9, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**United States Bankruptcy Court**
**Chambers of the Honorable Sandra Klein**
**255 E. Temple St., Suite 1582**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 9, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2024 | ANDREA HANSEN | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ER 0572

**Service List**
**Via NEF**
**Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
**Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
**Jeffrey W Dulberg**    jdulberg@pszjlaw.com
**Robert P Goe**    kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
**John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
**Jeffrey P Nolan**    jnolan@pszjlaw.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ER 0573

*December 2012*                    Page 3                    **F 9021-1.2.ADV.NOTICE.LODGMENT**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Marc A. Lieberman, Esq. (SBN 157318)<br>marc.liebermna@flpllp.com<br>FLP LAW GROUP LLP<br>1875 Century Park East, Suite 2230<br>Telephone: (310)284-7350<br>Facsimile: (310) 432-5999<br><br>Co-Counsel to debtor Leslie Klein in **Main Case Only.**<br><br>Leslie Klein, Esq. (SBN 50908)<br>Les.kleinlaw@gmail.com<br>**LESLIE KLEIN & ASSOCIATES, INC.**<br>14245 Ventura Blvd,<br>Sherman Oaks, CA 91423<br>Telephone: (818) 501-2663<br>Facsimile: (818) 501-2859<br><br>Counsel to Barbara Klein and to Leslide Klein,<br>Individually and as trustee of the Second Amended<br>Klein Living Trust of 1990 and of the Erika Klein<br>Marital Deduction Trust<br><br>☐  *Individual appearing without attorney*<br>☒  *Attorney for* Leslie Klein | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA** - LOS ANGELES **DIVISION**

</div>

| In re:<br><br>LESLIE KLEIN<br><br>                                         Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br>CHAPTER: 11<br>ADVERSARY NO.: 2:24-ap-01140-SK |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee<br><br>                                         Plaintiff(s),<br><br>                          vs.<br><br>LESLIE KLEIN, an individual, THE<br>SECOND AMENDED KLEIN LIVING<br>TRUST, a trust, THE MARITAL<br>DEDUCTION TRUST OF ERIKA KLEIN, a<br>Trust, and BARBARA KLEIN, an individual<br><br>                                         Defendant. | **NOTICE OF LODGMENT OF ORDER OR**<br>**JUDGMENT IN ADVERSARY PROCEEDING**<br>**RE:** (*title of motion[1]*): <u>Stipulation to Extend Deadline</u><br><u>to Respond to First Amended Complaint</u><br><br>_____<br><br>_____ |

PLEASE TAKE NOTE that the order or judgment titled <u>Order Granting Stipulation to Extend Deadline to Respond to First</u>
<u>Amended Complaint</u>

was lodged on (*date*) <u>July 9, 2024</u> and is attached.  This order relates to the motion which is docket number <u>16</u>.

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 1

ER 0574
**F 9021-1.2.ADV.NOTICE.LODGMENT**

# EXHIBIT A

**MARC A. LIEBERMAN (SBN 157318)**
marc.lieberman@flpllp.com
**ALAN W. FORSLEY (SBN 180958)**
alan.forsley@flpllp.com
**FLP LAW GROUP LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone:  (310) 284-7350
Facsimile:  (310) 432-5999

Co-Counsel to debtor Leslie Klein in **Main Case Only.**

Leslie Klein, Esq. (SBN 50908)
les.kleinlaw@gmail.com
**LESLIE KLEIN & ASSOCIATES, INC.**
1425 Ventura Blvd,
Sherman Oaks, CA 91423
Telephone: (818) 501-2663
Facsimile: (818) 501-2859

Counsel to Barbara Klein and to Leslie Klein,
individually and as trustee of the Second Amended
Klein Living Trust of 1990 and of the Erika Klein
Marital Deduction Trust

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:23-bk-10990-SK |
| | ) |
| LESLIE KLEIN, | ) Adversary Case No: 2:24-ap-01140-SK |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| | ) |
| BRADLEY D. SHARP, Chapter 11 Trustee, | ) |
| | ) **ORDER GRANTING STIPULATION TO** |
| Plaintiff, | ) **EXTEND DEADLINE TO RESPOND TO** |
| | ) **FIRST AMENDED COMPLAINT** |
| v. | ) |
| LESLIE KLEIN, an individual, THE SECOND | ) |
| AMENDED KLEIN LIVING TRUST, a trust, | ) Status Conference: |
| THE MARITAL DEDUCTION TRUST OF | ) Date:  August 21, 2024 |
| ERIKA KLEIN, a trust, THE SURVIVOR' | ) Time: 9:00 a.m. |
| TRUST OF LESLIE KLEIN, a trust, and | ) Place: Ctrm 1575 |
| BARBARA KLEIN, an individual, | )         255 E. Temple Street, |
| Defendants. | )         Los Angeles, CA 90012 |
| | ) |
| | ) |

1

ER 0576

The Court having considered the *"The Stipulation to Extend Deadline to respond to the First Amended Complaint ("__FAC__")"* (the *"__Stipulation__"*) , dated June 8, 2024, as agreed to by Bradley D. Sharp, the duly appointed trustee for the chapter 11 estate of Leslie Klein, and good cause appearing therefore,

**IT IS HEARBY ORDERED** that:

1. The Stipulation of APPROVED.

2. The deadline for defendants to respond to FAC is extended to July 15, 2024.

###

ER 0577

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP   1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN
ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required
by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
July 9, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) July 9, 2024, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 9, 2024, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2024 | ANDREA HANSEN | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

ER 0578

**Service List**
**Via NEF**

Simon Aron     saron@wrslawyers.com, moster@wrslawyers.com
Reem J Bello     rbello@goeforlaw.com, kmurphy@goeforlaw.com
Jeffrey W Dulberg     jdulberg@pszjlaw.com
Robert P Goe     kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
John W Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
Jeffrey P Nolan     jnolan@pszjlaw.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                              Page 3                                              **F 9021-1.2.ADV.NOTICE.LODGMENT**

ER 0579

1  Marc A. Lieberman, Esq. (SBN 157318)
   marc.lieberman@flpllp.com
2  Alan W. Forsley, Esq. (SBN 180958)
   alan.forsley@flpllp.com
3  **FLP LAW GROUP LLP**
   1875 Century Park East, Suite 2230
4  Los Angeles, California 90067
   Telephone:    (310) 284-7350
5  Facsimile:    (310) 432-5999

6  Co-Counsel to Debtor Leslie Klein in **Main
   Case Only.**
7

8  Leslie Klein, Esq. (SBN 50908)
   les.kleinlaw@gmail.com
9  **LESLIE KLEIN & ASSOCIATES, INC.**
   14245 Ventura Blvd,
10 Sherman Oaks, CA 91423
   Telephone: (818) 501-2663
11 Facsimile: (818) 501-2859

12              **UNITED STATES BANKRUPTCY COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                   **LOS ANGELES DIVISION**

15

16 In re                              ) Case No:  2:23-bk-10990-SK
                                      )
17 LESLIE KLEIN,                      )
                                      ) Chapter 11
18                          Debtor.   )
   ───────────────────────────────────)
19 BRADLEY D. SHARP, Chapter 11 Trustee, ) Adversary Case No. 2:24-ap-01140-SK
                                      )
20                          Plaintiff,) **AMENDED PROOF OF SERVICE RE:**
                                      ) **STIPULATION TO EXTEND**
21              v.                     ) **DEADLINE TO RESPOND TO**
                                      ) **COMPLAINT**
22 LESLIE KLEIN, an individual, THE   )
   SECOND AMENDED KLEIN LIVING        )
23 TRUST, a trust, THE MARITAL        )
   DEDUCTION TRUST OF ERIKA KLEIN,    )
24 a trust, and BARBARA KLEIN, an     )
   individual,                        )
25                                    ) Status Conference:
                           Defendants.) Date:   August 14, 2024
26                                    ) Time:   9:00 a.m.
                                      ) Place:  Ctrm 1575
27                                    )         255 E. Temple Street,
                                      )         Los Angeles, CA 90012
28                                    )
   ───────────────────────────────────

                                 1
*Stipulation to Extend Deadline to Respond to Complaint*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO EXTEND DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 9, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

II. **SERVED BY UNITED STATES MAIL**:
On (*date*) **July 9, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2024 | ANDREA HANSEN | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          F 9013-3.1.PROOF.SERVICE

<u>SERVICE LIST VIA NEF</u>

Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com
Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Robert P Goe    kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
Jeffrey P Nolan    jnolan@pszjlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

1    **MARC A. LIEBERMAN (SBN 157318)**
     marc.lieberman@flpllp.com
2    **ALAN W. FORSLEY (SBN 180958)**
     alan.forsley@flpllp.com
3    **FLP LAW GROUP LLP**
     1875 Century Park East, Suite 2230
4    Los Angeles, California 90067
     Telephone:  (310) 284-7350
5    Facsimile:  (310) 432-5999

6    Co-Counsel to debtor Leslie Klein in **Main
7    Case Only.**

8    Leslie Klein, Esq. (SBN 50908)
     les.kleinlaw@gmail.com
9    **LESLIE KLEIN & ASSOCIATES, INC.**
     1425 Ventura Blvd,
10   Sherman Oaks, CA 91423
     Telephone: (818) 501-2663
11   Facismile: (818) 501-2859

12   Counsel to Barbara Klein and to Leslie Klein,
     individually and as trustee of the Second Amended
13   Klein Living Trust of 1990 and of the Erika Klein
     Marital Deduction Trust
14

<table>
<tr><td colspan="2">FILED & ENTERED</td></tr>
<tr><td colspan="2">JUL 10 2024</td></tr>
<tr><td colspan="2">CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY may         DEPUTY CLERK</td></tr>
</table>

15              **UNITED STATES BANKRUPTCY COURT**

16          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17                   **LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) **Case No. 2:23-bk-10990-SK** |
| | ) |
| LESLIE KLEIN, | ) **Adversary Case No: 2:24-ap-01140-SK** |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| BRADLEY D. SHARP, Chapter 11 Trustee, | ) |
| | ) **ORDER APPROVING STIPULATION TO** |
| Plaintiff, | ) **EXTEND DEADLINE TO RESPOND TO** |
| | ) **FIRST AMENDED COMPLAINT** |
| v. | ) |
| LESLIE KLEIN, an individual, THE SECOND | ) Status Conference: |
| AMENDED KLEIN LIVING TRUST, a trust, | ) Date:   August 21, 2024 |
| THE MARITAL DEDUCTION TRUST OF | ) Time: 9:00 a.m. |
| ERIKA KLEIN, a trust, THE SURVIVOR' | ) Place: Ctrm 1575 |
| TRUST OF LESLIE KLEIN, a trust, and | )          255 E. Temple Street, |
| BARBARA KLEIN, an individual, | )          Los Angeles, CA 90012 |
| Defendants. | ) |
| | ) |

18 19 20 21 22 23 24 25 26 27 28

---

1

ER 0583

The Court, having considered the *"Stipulation to Extend Deadline to Respond to First Amended Complaint [("**FAC**")]"* (the ***"Stipulation"***) [Docket #16], dated June 8, 2024, as agreed to by Bradley D. Sharp, the duly appointed trustee for the chapter 11 estate of Leslie Klein, and good cause appearing therefore,

**IT IS HEARBY ORDERED** that:

1.  The Stipulation of APPROVED.

2.  The deadline for defendants to respond to FAC is extended from July 1, 2024 to July 15, 2024.

###

Date: July 10, 2024

Sandra R. Klein
United States Bankruptcy Judge

2

ER 0584

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR. | Case No.: 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>        Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>        Defendants. | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL.<br><br>STATUS CONFERENCE:<br>DATE:    AUGUST 21, 2024<br>TIME:    9:00 AM<br>PLACE: CTRM 1575<br>        255 E. TEMPLE ST<br>        LOS ANGELES, CA 90012. |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 1 -

ER 0585

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

for themselves and themselves alone, answer the Trustee's First Amended Complaint

("FAC") on file herein by denying each and every allegation (either for lack of

information or because the allegations are untrue), except as expressly admitted

below:[1]

## Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

## Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

## Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

Defendants allege that as shown on Exhibit B to the First Amended

Complaint The Klein Living Trust was recorded with the Los Angeles

County Recorder 4/11/13 as no. 20130540038.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First
Amended Complaint.
ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 2 -

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 3 -

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value.  As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

### **First Affirmative Defense**

### **(Bona Fide Purchaser)**

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 4 -

ER 0588

1

2             **WHEREFORE**, Defendants pray

3              A.  That Trustee take nothing by his First Amended Complaint

4              B.  For such other and further relief as the Court may deem just and

5               proper.

6  Dated: July 12, 2024

7

8                        Eric J. Olson of counsel to

9                        Leslie Klein & Associates

                         Attorney for Defendants

ER 0589

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | AP No.: 2:24-ap-01140-SK |
| Trustee | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

| In re: LESLIE KLEIN<br>            Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |
| --- | --- |

I. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)"**</u>:

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan    jnolan@pszjlaw.com

II. <u>**SERVED BY UNITED STATES MAIL:**</u>

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 7 -

ER 0591

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE <br><br> LESLIE KLEIN, <br><br> DEBTOR. | Case No.: 2:23-bk-10990-SK <br><br> Adv. Case No.: 2:24-ap-01140-SK <br><br> Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, <br><br>             Plaintiff, <br><br> vs. <br><br> LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL, <br><br>             Defendants. | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL. <br><br> STATUS CONFERENCE: <br> DATE:    AUGUST 21, 2024 <br> TIME:     9:00 AM <br> PLACE:  CTRM 1575 <br>               255 E. TEMPLE ST <br>               LOS ANGELES, CA 90012. |

ER 0592

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

for themselves and themselves alone, answer the Trustee's First Amended Complaint

("FAC") on file herein by denying each and every allegation (either for lack of

information or because the allegations are untrue), except as expressly admitted

below:[1]

### Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

### Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

### Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

Defendants allege that as shown on Exhibit B to the First Amended

Complaint The Klein Living Trust was recorded with the Los Angeles

County Recorder 4/11/13 as no. 20130540038.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 0593

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ER 0594

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value.  As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

### First Affirmative Defense

### (Bona Fide Purchaser)

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 4 -

ER 0595

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      **WHEREFORE**, Defendants pray

      A.  That Trustee take nothing by his First Amended Complaint

      B.  For such other and further relief as the Court may deem just and

proper.

Dated: July 12, 2024

      Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 5 -

ER 0596

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | AP No.: 2:24-ap-01140-SK |
| Trustee | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS

- 7 -

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   Of Counsel to Leslie Klein & Associates, Inc
3  301 East Colorado Boulevard Suite 520
   Pasadena, California 91101
4  626-224-5619
5  Eric@EJOlsonLaw.com

6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an
8  individual

9            **UNITED STATES BANKRUPTCY COURT**

10
         **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**
11

| | |
|---|---|
| 12  IN RE | Case No.: 2:23-bk-10990-SK |
| 13  LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| 14  DEBTOR. | Chapter 11 |
| 15  BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | |
| 16 | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL. |
| 17         Plaintiff, | |
| 18  vs. | |
| 19  LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING | |
| 20  TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A | |
| 21  TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA | |
| 22  KLEIN, AN INDIVIDUAL, | |
| 23         Defendants. | |
| 24 | |
| 25 | STATUS CONFERENCE: DATE:    AUGUST 21, 2024 |
| 26 | TIME:     9:00 AM PLACE:  CTRM 1575 |
| 27 |          255 E. TEMPLE ST          LOS ANGELES, CA 90012. |
| 28 | |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 1 -

BR 0599

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

for themselves and themselves alone, answer the Trustee's First Amended Complaint

("FAC") on file herein by denying each and every allegation (either for lack of

information or because the allegations are untrue), except as expressly admitted

below:[1]

### Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

### Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

### Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

    Defendants allege that as shown on Exhibit B to the First Amended

    Complaint The Klein Living Trust was recorded with the Los Angeles

    County Recorder 4/11/13 as no. 20130540038.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 0600

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

## The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants   allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

## First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ER 0601

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value.  As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

### First Affirmative Defense

### (Bona Fide Purchaser)

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 4 -

ER 0602

**WHEREFORE**, Defendants pray

A. That Trustee take nothing by his First Amended Complaint

B. For such other and further relief as the Court may deem just and proper.

Dated: July 12, 2024

_____

Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 5 -

ER 0603

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | AP No.: 2:24-ap-01140-SK |
| Trustee | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
|---|---|---|
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan    jnolan@pszjlaw.com

II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 7 -

ER 0605

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   Of Counsel to Leslie Klein & Associates, Inc
3  301 East Colorado Boulevard Suite 520
   Pasadena, California 91101
4  626-224-5619
5  Eric@EJOlsonLaw.com

6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an
8  individual

9                    **UNITED STATES BANKRUPTCY COURT**

10
11          **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

12  IN RE                              | Case No.: 2:23-bk-10990-SK

13  LESLIE KLEIN,                      | Adv. Case No.: 2:24-ap-01140-SK

14  DEBTOR.
                                       | Chapter 11
15  BRADLEY D. SHARP, CHAPTER 11
16  TRUSTEE,
                                         ANSWER TO FIRST AMENDED
17          Plaintiff,                   COMPLAINT FOR QUIET TITLE AND
                                         AVOIDANCE OF UNRECORDED
18  vs.                                  INTERESTS IN REAL PROPERTY
                                         LOCATED AT 322 NORTH JUNE
19  LESLIE KLEIN, AN INDIVIDUAL, THE     STREET, LOS ANGELES, CALIFORNIA
    SECOND AMENDED KLEIN LIVING          BY DEFENDANTS LESLIE KLEIN, THE
20  TRUST, A TRUST, THE MARITAL          SECOND AMENDED KLEIN LIVING
    DEDUCTION TRUST OF ERIKA KLEIN, A    TRUST, A TRUST, THE MARITAL
21  TRUST, THE SURVIVOR'S TRUST OF       DEDUCTION TRUST OF ERIKA KLEIN, A
    LESLIE KLEIN, A TRUST, AND BARBARA   TRUST, THE SURVIVOR'S TRUST OF
22  KLEIN, AN INDIVIDUAL,                LESLIE KLEIN, A TRUST, AND
                                         BARBARA KLEIN, AN INDIVIDUAL.
23          Defendants.
24                                       STATUS CONFERENCE:
25                                       DATE:    AUGUST 21, 2024
                                         TIME:    9:00 AM
26                                       PLACE: CTRM 1575
27                                              255 E. TEMPLE ST
                                                LOS ANGELES, CA 90012.
28

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 1 -

ER 0606

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

for themselves and themselves alone, answer the Trustee's First Amended Complaint

("FAC") on file herein by denying each and every allegation (either for lack of

information or because the allegations are untrue), except as expressly admitted

below:[1]

### Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

### Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

### Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

Defendants allege that as shown on Exhibit B to the First Amended

Complaint The Klein Living Trust was recorded with the Los Angeles

County Recorder 4/11/13 as no. 20130540038.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 0607

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 3 -

ER 0608

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value. As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

### First Affirmative Defense

### (Bona Fide Purchaser)

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 4 -

ER 0609

1

2

**WHEREFORE**, Defendants pray

A.  That Trustee take nothing by his First Amended Complaint

3

4

B.  For such other and further relief as the Court may deem just and

5

proper.

6

Dated: July 12, 2024

7

8

Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 5 -

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | AP No.: 2:24-ap-01140-SK |
| Trustee | |

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan    jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

ER 0612

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an
individual

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR. | Case No.: 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>          Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>          Defendants. | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL.<br><br>STATUS CONFERENCE:<br>DATE:   AUGUST 21, 2024<br>TIME:    9:00 AM<br>PLACE:  CTRM 1575<br>          255 E. TEMPLE ST<br>          LOS ANGELES, CA 90012. |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 1 -

ER 0613

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

for themselves and themselves alone, answer the Trustee's First Amended Complaint

("FAC") on file herein by denying each and every allegation (either for lack of

information or because the allegations are untrue), except as expressly admitted

below:[1]

## Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

## Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

## Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

    Defendants allege that as shown on Exhibit B to the First Amended

    Complaint The Klein Living Trust was recorded with the Los Angeles

    County Recorder 4/11/13 as no. 20130540038.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First
Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 0614

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

## The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

## First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 3 -

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value. As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

### First Affirmative Defense

### (Bona Fide Purchaser)

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ER 0616

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREFORE**, Defendants pray

A.  That Trustee take nothing by his First Amended Complaint

B.  For such other and further relief as the Court may deem just and

proper.

Dated: July 12, 2024

Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 5 -

ER 0617

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | AP No.: 2:24-ap-01140-SK |
| Trustee | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
|---|---|---|
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

ER 0618

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

ER 0619

United States Bankruptcy Court

Central District of California

Sharp, Chapter 11 Trustee,

    Plaintiff

Adv. Proc. No. 24-01140-SK

Klein,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jul 11, 2024 | Form ID: pdf031 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 13, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| intp | + Joseph Vago, c/o Goe Forsythe & Hodges LLP, 17701 Cowan, Suite 210, IRVINE IRVINE, CA 92614-6840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Barbara Klein |
| pla | | Bradley D. Sharp, Chapter 11 Trustee |
| intp | | Clarisse Young Shumaker |
| dft | | Kenneth Klein |
| dft | | Leslie Klein |
| dft | | The Marital Deduction Trust of Erika Klein |
| dft | | The Second Amended Klein Living Trust |
| dft | | The Survivor's Trust of Leslie Klein |

TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 13, 2024               Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 10, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jeffrey P Nolan | |
| | on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com |

District/off: 0973-2    User: admin    Page 2 of 2
Date Rcvd: Jul 11, 2024    Form ID: pdf031    Total Noticed: 1

Jeffrey W Dulberg
on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

John W Lucas
on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

Reem J Bello
on behalf of Interested Party Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Robert P Goe
on behalf of Interested Party Joseph Vago kmurphy@goeforlaw.com
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com

Simon Aron
on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov


TOTAL: 7

ER 0621

1

**MARC A. LIEBERMAN (SBN 157318)**
marc.lieberman@flpllp.com

2

**ALAN W. FORSLEY (SBN 180958)**

3

alan.forsley@flpllp.com
**FLP LAW GROUP LLP**

4

1875 Century Park East, Suite 2230
Los Angeles, California 90067

5

Telephone:  (310) 284-7350
Facsimile:  (310) 432-5999

6

Co-Counsel to debtor Leslie Klein in **Main**

7

**Case Only.**

8

Leslie Klein, Esq. (SBN 50908)
les.kleinlaw@gmail.com

9

**LESLIE KLEIN & ASSOCIATES, INC.**
1425 Ventura Blvd,

10

Sherman Oaks, CA 91423
Telephone: (818) 501-2663

11

Facsimile: (818) 501-2859

12

Counsel to Barbara Klein and to Leslie Klein,

13

individually and as trustee of the Second Amended
Klein Living Trust of 1990 and of the Erika Klein

14

Marital Deduction Trust

| | FILED & ENTERED |
| | |
| | JUL 10 2024 |
| | |
| | CLERK U.S. BANKRUPTCY COURT |
| | Central District of California |
| | BY may        DEPUTY CLERK |

15

**UNITED STATES BANKRUPTCY COURT**

16

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17

**LOS ANGELES DIVISION**

18

In re                                                          )    **Case No. 2:23-bk-10990-SK**
                                                               )

19

LESLIE KLEIN,                                          )    **Adversary Case No: 2:24-ap-01140-SK**
                                                               )

20

                                          Debtor.    )    Chapter 11
                                                               )

21

BRADLEY D. SHARP, Chapter 11 Trustee,    )
                                                               )    **ORDER APPROVING STIPULATION TO**

22

                                          Plaintiff,    )    **EXTEND DEADLINE TO RESPOND TO**
                                                               )    **FIRST AMENDED COMPLAINT**

23

          v.                                              )

24

LESLIE KLEIN, an individual, THE SECOND    )
AMENDED KLEIN LIVING TRUST, a trust,    )    Status Conference:

25

THE MARITAL DEDUCTION TRUST OF          )    Date:   August 21, 2024
ERIKA KLEIN, a trust, THE SURVIVOR'      )    Time: 9:00 a.m.

26

TRUST OF LESLIE KLEIN, a trust, and          )    Place: Ctrm 1575
BARBARA KLEIN, an individual,                    )              255 E. Temple Street,

27

                                          Defendants.   )              Los Angeles, CA 90012
                                                               )

28

                                                               )

1

1

2

The Court, having considered the *"Stipulation to Extend Deadline to Respond to First Amended Complaint [("**FAC**")]"* (the ***"Stipulation"***) [Docket #16], dated June 8,

3

2024, as agreed to by Bradley D. Sharp, the duly appointed trustee for the chapter 11 estate

4

of Leslie Klein, and good cause appearing therefore,

5

6

**IT IS HEARBY ORDERED** that:

7

1.  The Stipulation of APPROVED.

8

2.  The deadline for defendants to respond to FAC is extended from July 1, 2024 to

9

July 15, 2024.

10

11

###

12

13

14

15

16

17

18

19

20

21

22

23

24

Date: July 10, 2024

Sandra R. Klein
United States Bankruptcy Judge

25

26

27

28

2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey W. Dulberg (State Bar No. 181200)<br>John W. Lucas (State Bar No. 271038)<br>Jeffrey P. Nolan (State Bar No. 158923)<br>PACHUSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067-4003<br>Telephone:  310/277-6910<br>Facsimile:  310.201-0760<br>Email:  jdulberg@pszjlaw.com<br>        jlucas@pszjlaw.com<br>        jnolan@pszjlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Plaintiff, Bradley D. Sharp, Chapter 11 Trustee | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>                                        Debtor(s). | CASE NO.: 23-10990-SK<br><br>ADVERSARY NO.: 2:24-ap-01140-SK<br><br>CHAPTER: 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>                                        Plaintiff(s).<br>vs.<br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>                                        Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:   August 21, 2024<br>TIME:    9:00 a.m.<br>COURTROOM: 1575<br>ADDRESS:<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ER 0624

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1 (a)(2):

**A. PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No

2. Have all parties filed and served answers to the Claims Documents?  ☒ Yes  ☐ No

3. Have all motions addressed to the Claims Documents been resolved?  ☒ Yes  ☐ No *See 6*

4. Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below *(or on attached page):*

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| No more than three months after the August 21, 2024 status conference. | Agree |

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| n/a | n/a |

3. When do you expect to complete <u>your</u> discovery efforts?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| In the next 45 days. | In the next 90 days. |

4. What additional discovery do you require to prepare for trial?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| The Plaintiff will request information regarding the Debtor's or his trust's ownership of the June St. Home and likley interrogatories regarding the same. | Depends on Plaintiff's Discovery |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**C. TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial *(including rebuttal stage if applicable)?*

|  Plaintiff  |  Defendant  |
|---|---|
| Approximately two hours. | Approximately 3 hours. |

2. How many witnesses do you intend to call at trial *(including opposing parties)?*

|  Plaintiff  |  Defendant  |
|---|---|
| Approximately two. | Approximately two or three. |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                          Page 2                               **F 7016-1.STATUS.REPORT**
4857-6273-1729.1 78512.001

ER 0626

3.  How many exhibits do you anticipate using at trial?

|              Plaintiff              |              Defendant              |
| Approximately ten to twelve.        | Approximately ten to twelve.        |

## D.  <u>PRETRIAL CONFERENCE</u>:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

|                   Plaintiff                   |                   Defendant                   |
| Pretrial conference  ☐ is  ☒ is not requested | Pretrial conference  ☐ is  ☒ is not requested |
| Reasons:                                      | Reasons:                                      |
| Plaintiff does not believe that a pre-trial conference will be Agreed. | |
| necessary because there will be very little disputed | |
| evidence. Plus, any pre-trial order should be narrow in its | |
| scope and uncontroversial. | |

|                   Plaintiff                   |                   Defendant                   |
| Pretrial conference should be set <u>after</u>: | Pretrial conference should be set <u>after</u>: |
| *(date)* _____ | *(date)* _____ |

## E.  <u>SETTLEMENT</u>:

1.  What is the status of settlement efforts?

Plaintiff has ask that Defendants' counsel stipulate to the relief in the complaint but as of the date of this report he has not received a response. Regardless, the Plaintiff will continue to pursue a settlement that is reasonable under the facts known to him.

Defendants will pursue a settlement that is reasonable in light of the facts known to them.

2.  Has this dispute been formally mediated?      ☐ Yes   ☒ No
If so, when?

3.  Do you want this matter sent to mediation at this time?

|              Plaintiff              |              Defendant              |
|            ☐ Yes   ☒ No             |            ☒ Yes   ☐ No             |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 3                          **F 7016-1.STATUS.REPORT**
4857-6273-1729.1 78512.001

ER 0627

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

<table>
<tr><td align="center">Plaintiff</td><td align="center">Defendant</td></tr>
<tr><td>I ☒ do  ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td><td>I ☒ do  ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td></tr>
</table>

**G.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary)*

Plaintiff believes that once discovery is compled that the claims raised in the complaint can be adjudicated by the Court by summary judgment. Plaintiff believes there will not be any disputed facts related to the legal issues to be determined by the Court.

Defendants believe that mediation would likely resolve the case with much less effort on everyone's part.

As to Defendant Trusts, steps may be taken to appoint an independent trustee.

Defendant Barbara Klein will, if the parties cannot so stipulate, seek to amend her answer to allege that in addition to other bases, she is entitled to a homestead in her own right.

Respectfully submitted,

Date: July 26, 2024

EJOLSONLAW
Printed name of law firm

_____
Signature

Eric J. Olson
Printed name

Attorney for: Defendants

Date: July 29, 2024

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

*/s/ John W. Lucas*
Signature

John W. Lucas
Printed name

Attorney for: Plaintiff

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                Page 4                      **F 7016-1.STATUS.REPORT**
4857-6273-1729.1 78512.001

ER 0628

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067


A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1 (a)(2)]** will be served
or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)*
**July 29, 2024** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Robert P Goe**   kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On *(date)* **July 29, 2024** , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Leslie Klein & Associates, Inc. | Leslie Klein | Leslie Klein & Associates, Inc. |
| c/o Parker Milliken | 322 North June Street | c/o Leslie Klein |
| 555 Flower Street | Los Angeles, CA 90004 | 6454 Van Nuys Blvd. Suite 150 |
| Los Angeles, CA  90071 | | Van Nuys, CA 91401 |

☐  Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* **July 29, 2024** , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

**<u>Via Email:</u>**

Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| July 29, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jdulberg@pszjlaw.com
         jlucas@pszjlaw.com
         jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 23-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | |
| BRADLEY D. SHARP, Chapter 11 Trustee,, | Adv. Case No.:  2:24-ap-01140-SK |
| Plaintiff, | **PROOF OF SERVICE OF DISCOVERY DOCUMENTS SERVED ON DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, THE SURVIVOR'S TRUST OF LESLIE KLEIN, THE CREDITORS TRUST OF LESLIE KLEIN ON JULY 31, 2024** |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | |
| Defendants. | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4879-2000-8408.1 78512.001

# **PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                                 )

COUNTY OF LOS ANGELES   )

I, Nancy H. Brown, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100.

On July 31, 2024, I caused to be served the following documents:

- Plaintiff's First Set of Interrogatories, Propounded to Defendant Leslie Klein

- Plaintiff's First Set of Interrogatories, Propounded to Second Amended Klein Living Trust, Dated April 8, 1990

- Plaintiff's First Set of Interrogatories, Propounded to Defendant Barbara Klein

- Plaintiff's First Set of Interrogatories, Propounded to "Creditor Trust" that was Purportedly Created and Funded by The Second Amended Klein Living Trust, Dated April 8, 1990

- Plaintiff's First Set of Interrogatories, Propounded to "Marital Deduction Trust" that was Purportedly Created and Funded by The Second Amended Klein Living Trust, Dated April 8, 1990

- Plaintiff's First Set of Interrogatories, Propounded to "Survivor's Trust" that was Purportedly Created and Funded by The Second Amended Klein Living Trust, Dated April 8, 1990

- Plaintiff's Request for Admissions, Set One, Propounded to Leslie Klein

- Plaintiff's Request for Admissions, Set One, Propounded to Second Amended Klein Living Trust, Dated April 8, 1990

- Plaintiff's Request for Admissions, Set One, Propounded to Barbara Klein

- Plaintiff's Request for Admissions, Set One, Propounded to "Creditor Trust" that was Purportedly Created and Funded by The Second Amended Klein Living Trust, Dated April 8, 1990

- Plaintiff's Request for Admissions, Set One, Propounded to "Marital Deduction Trust" that was Purportedly Created and Funded by The Second Amended Klein Living Trust, Dated April 8, 1990

- Plaintiff's Request for Admissions, Set One, Propounded to "Survivor's Trust" that was Purportedly Created and Funded by The Second Amended Klein Living Trust, Dated April 8, 1990

- Request for Production of Documents, Set One to Leslie Klein, Second Amended Klein Living Trust, Marital Deduction Trust, Survivor's Trust, and Barbara Klein

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1    in this action by placing true and correct copies of said documents to the parties indicated below in
sealed envelopes in the United States mail, first class, postage prepaid, addressed as follows, and
2    by email at the indicated email addresses:

3    **VIA U.S. Mail**                          **VIA U.S. Mail**
Eric J. Olson                              Leslie Klein
4    EJOLSONLAW                                322 North June Street
301 East Colorado Boulevard, Suite 520     Los Angeles, CA 90004
5    Pasadena, California 91101

6    **VIA Email**                             **VIA Email**
Eric@EJOlsonLaw.com                        les.kleinlaw@gmail.com;
7                                               leskleinlaw@gmail.com;
kleinlaw@earthlink.net
8

9
    I declare under penalty of perjury under the laws of the United States that the foregoing is
10   true and correct.

11       Executed on August 14, 2024, at Los Angeles, California.

12                                                     */s/ Nancy H. Brown*
Nancy H. Brown
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law

1 Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
2 Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
3 10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
4 Telephone: 310-277-6910
Facsimile: 310-201-0760
5 Email: jdulberg@pszjlaw.com
       jlucas@pszjlaw.com
6       jnolan@pszjlaw.com

7 Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

8

9                UNITED STATES BANKRUPTCY COURT

                 CENTRAL DISTRICT OF CALIFORNIA

10               LOS ANGELES DIVISION

| | |
|---|---|
| 11  In re | Case No. 23-10990-SK |
| 12  LESLIE KLEIN, | Chapter 11 |
| 13         Debtor. | |
| 14  BRADLEY D. SHARP, Chapter 11 Trustee,, | Adv. Case No.:  2:24-ap-01140-SK |
| 15         Plaintiff, | **PROOF OF SERVICE OF DISCOVERY DOCUMENTS SERVED ON DEFENDANT BARBARA KLEIN ON JULY 31, 2024** |
| 16         v. | |
| 17  LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | |
| 18 | |
| 19 | |
| 20 | |
| 21         Defendants. | |
| 22 | |

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ER 0633

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## **PROOF OF SERVICE**

2  STATE OF CALIFORNIA )
                       )
3  COUNTY OF LOS ANGELES )

4     I, Nancy H. Brown, am employed in the city and county of Los Angeles, State of
   California.  I am over the age of 18 and not a party to the within action; my business address is
5  10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100.

6     On July 31, 2024, I caused to be served the following documents:

7     • Plaintiff's First Set of Interrogatories, Propounded to Barbara Klein

8     • Plaintiff's Request for Admissions, Set One, Propounded to Barbara Klein

9     • Request for Production of Documents, Set One to Leslie Klein, Second Amended
        Klein Living Trust, Marital Deduction Trust, Survivor's Trust, and Barbara Klein
10

11  in this action by placing true and correct copies of said documents in a sealed envelope in the
   United States mail, first class, postage prepaid, and addressed as follows:

12    **VIA U.S. MAIL**
   Barbara Klein
13  322 North June Street
   Los Angeles, CA 90004
14

15     I declare under penalty of perjury under the laws of the United States that the foregoing is
   true and correct.

16     Executed on August 14, 2024, at Los Angeles, California.

17                            _/s/ Nancy H. Brown_____
                            Nancy H. Brown
18

19

20

21

22

23

24

25

26

27

28

1    Jeffrey W. Dulberg (State Bar No. 181200)
     John W. Lucas (State Bar No. 271038)
2    Jeffrey P. Nolan (State Bar No.158923)
     PACHULSKI STANG ZIEHL & JONES LLP
3    10100 Santa Monica Blvd., 13th Floor
     Los Angeles, CA  90067-4003
4    Telephone: 310.277.6910
     Facsimile: 310.201.0760
5    E-mail:  jdulberg@pszjlaw.com
               jlucas@pszjlaw.com
6               jnolan@pszjlaw.com

7    Counsel to Bradley D. Sharp, Chapter 11 Trustee

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES DIVISION

11   In re:                                      Case No.: 2:23-bk-10990-SK

12   LESLIE KLEIN,

13                        Debtor                 Chapter 11

14   BRADLEY D. SHARP, Chapter 11 Trustee,       Adv. Case No.: 2:24-ap-01140-SK

15                        Plaintiff,
                                                 **NOTICE OF CONTINUED STATUS
16       v.                                      CONFERENCE**

17   LESLIE KLEIN, an individual, THE
     SECOND AMENDED KLEIN LIVING              Date:  December 18, 2024
18   TRUST, a trust, THE MARITAL             Time:  9:00 a.m.
     DEDUCTION TRUST OF ERIKA KLEIN, a        Place: Courtroom 1575
19   trust, THE SURVIVOR'S TRUST OF                 Edward R. Roybal Federal Building
     LESLIE KLEIN, a trust, and BARBARA              and Courthouse
20   KLEIN, an individual,                           255 E. Temple Street
                                                     Los Angeles, CA 90012
21                        Defendants.
                                                 Judge: Honorable Sandra R. Klein
22

23

24

25       **PLEASE TAKE NOTICE** that the Court has continued the Status Conference in the above-

26   entitled adversary proceeding to December 18, 2024 at 9:00 a.m., before the Honorable Sandra R.

27   Klein, United States Bankruptcy Court, 255 E. Temple Street, Los Angeles, CA 90012.

28       The parties shall file a Joint Status Report fourteen (14) days in advance of the Status

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Conference, and shall comply with the scheduling order lodged concurrently herewith.

2

3  Dated:    August 26, 2024          PACHULSKI STANG ZIEHL & JONES LLP

4                              By    */s/ John W. Lucas*
                                     Jeffrey W. Dulberg
5                                    John W. Lucas
                                     Jeffrey P. Nolan
6
                                     Counsel to Bradley D. Sharp,
7                                    Chapter 11 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA:4882-9060-3227.1 78512.001

2

ER 0636

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify):* **NOTICE OF CONTINUED STATUS CONFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date)* **August 26, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date)* **August 26, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date)* **August 26, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Email:** | **Via Email:** |
|---|---|
| Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | Eric@EJOlsonLaw.com |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 26, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**2.  SERVED BY UNITED STATES MAIL**

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Barbara Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

LA:4882-9060-3227.1 78512.001

ER 0638

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>John W. Lucas (CA Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California  90067<br>Telephone: 310/277-6910<br>Facsimile:  310/201-0760<br>E-mail:  jlucas@pszjlaw.com<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorneys for* Bradley D. Sharp, Chapter 11 Trustee | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>        LESLIE KLEIN,<br><br>                                    Debtor(s) | CASE NO.:  2:23-bk-10990-SK<br>CHAPTER: 11<br><br>ADV. CASE NO. 2:24-ap-01140-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>                                    Plaintiff,<br>        vs.<br><br>LESLIE KLEIN, an individual, *et al*.,<br><br>                                    Defendants. | **NOTICE OF LODGMENT OF<br>SCHEDULING ORDER** |

PLEASE TAKE NOTE that the order titled **SCHEDULING ORDER** was lodged on (*date*) <u>August 26, 2024</u>
and is attached as Exhibit A hereto. This order relates to the Notice which is docket number  <u>26</u> .

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    Page 1                          **F 9021-1.2.BK.NOTICE.LODGMENT**
LA:4874-5371-3883.1 78512.001                                                                                      ER 0639

# EXHIBIT A

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*
LA:4874-5371-3883.1 78512.001

**F 9021-1.2.ADV.NOTICE.LODGMENT**
ER 0640

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No.158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  E-mail:   jdulberg@pszjlaw.com
             jlucas@pszjlaw.com
6            jnolan@pszjlaw.com

7  Counsel to Bradley D. Sharp, Chapter 11 Trustee

                    UNITED STATES BANKRUPTCY COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                         LOS ANGELES DIVISION
10

11  In re:                                    Case No.: 2:23-bk-10990-SK

12  LESLIE KLEIN,
                                              Chapter 11
13                         Debtor

14  BRADLEY D. SHARP, Chapter 11 Trustee,     Adv. Case No.: 2:24-ap-01140-SK

15                         Plaintiff,
                                              **SCHEDULING ORDER**
16       v.
                                              Date:   August 22, 2024
17  LESLIE KLEIN, an individual, THE          Time:   9:00 a.m.
    SECOND AMENDED KLEIN LIVING             Place:  Courtroom 1575
18  TRUST, a trust, THE MARITAL                       Edward R. Roybal Federal Building
    DEDUCTION TRUST OF ERIKA KLEIN, a                 and Courthouse
19  trust, THE SURVIVOR'S TRUST OF                    255 E. Temple Street
    LESLIE KLEIN, a trust, and BARBARA                Los Angeles, CA 90012
20  KLEIN, an individual,
                                              Judge: Honorable Sandra R. Klein
21                         Defendants.

22

23

24

25       The Court, in connection with the status conference in the above-captioned adversary

26  proceeding (the "**Adversary Proceeding**") that was held on August 21, 2024, the Court hereby

27  enters this scheduling order with respect to certain deadlines.

28       **IT IS HEREBY ORDERED THAT:**

LA:4876-5805-0523.2 78512.001

1      1.     The deadline for parties to propound discovery in the Adversary Proceeding is

2  August 31, 2024.

3      2.     The deadline for parties to file dispositive motions in the Adversary Proceeding is

4  September 30, 2024.

5      3.     The Court shall retain jurisdiction to hear and determine all matters arising from or

6  related to the implementation, interpretation, and/or enforcement of this Order.

# # #

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LA:4876-5805-0523.2 78512.001

ER 0642

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 26, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **August 26, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 26, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Email:**<br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | **Via Email**:<br>Eric@EJOlsonLaw.com |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 26, 2024 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE LIST**

**MAILING INFORMATION FOR CASE NO. 2:23-bk-10990-SK**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

2.    **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Barbara Klein
322 North June Street
Los Angeles, CA 90004

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1   Jeffrey W. Dulberg (State Bar No. 181200)
    John W. Lucas (State Bar No. 271038)
2   Jeffrey P. Nolan (State Bar No.158923)
    PACHULSKI STANG ZIEHL & JONES LLP
3   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA  90067-4003
4   Telephone: 310.277.6910
    Facsimile: 310.201.0760
5   E-mail:   jdulberg@pszjlaw.com
              jlucas@pszjlaw.com
6             jnolan@pszjlaw.com

7   Counsel to Bradley D. Sharp, Chapter 11 Trustee

FILED & ENTERED

AUG 27 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may          DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

8   CENTRAL DISTRICT OF CALIFORNIA

9   LOS ANGELES DIVISION

10

11  In re:                                          Case No.: 2:23-bk-10990-SK

12  LESLIE KLEIN,

13                          Debtor                  Chapter 11

14  BRADLEY D. SHARP, Chapter 11 Trustee,           Adv. Case No.: 2:24-ap-01140-SK

15                          Plaintiff,

16          v.                                      **SCHEDULING ORDER**

17  LESLIE KLEIN, an individual, THE                Date:  August 21, 2024
    SECOND AMENDED KLEIN LIVING              Time:  9:00 a.m.
18  TRUST, a trust, THE MARITAL                     Place:  Courtroom 1575
    DEDUCTION TRUST OF ERIKA KLEIN, a               Edward R. Roybal Federal Building
19  trust, THE SURVIVOR'S TRUST OF                  and Courthouse
    LESLIE KLEIN, a trust, and BARBARA              255 E. Temple Street
20  KLEIN, an individual,                           Los Angeles, CA 90012

21                          Defendants.             Judge: Honorable Sandra R. Klein

22

23

24

25          The Court, in connection with the status conference in the above-captioned adversary

26  proceeding (the "**Adversary Proceeding**") that was held on August 21, 2024, the Court hereby

27  enters this scheduling order with respect to certain deadlines.

28          **IT IS HEREBY ORDERED THAT:**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ER 0645

LA:4876-5805-0523.2 78512.001

1       1.     The deadline for parties to propound discovery in the Adversary Proceeding is

2   August 31, 2024.

3       2.     The deadline for parties to file dispositive motions in the Adversary Proceeding is

4   September 30, 2024.

5       3.     The Court shall retain jurisdiction to hear and determine all matters arising from or

6   related to the implementation, interpretation, and/or enforcement of this Order.

7

8   # # #

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Date: August 27, 2024

24   Sandra R. Klein
    United States Bankruptcy Judge

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LA:4876-5805-0523.2 78512.001

2

ER 0646

United States Bankruptcy Court

Central District of California

Sharp, Chapter 11 Trustee,

    Plaintiff

                                                    Adv. Proc. No. 24-01140-SK

Klein,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Aug 28, 2024 | Form ID: pdf031 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 30, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| intp | + Joseph Vago, c/o Goe Forsythe & Hodges LLP, 17701 Cowan, Suite 210, IRVINE IRVINE, CA 92614-6840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Barbara Klein |
| pla | | Bradley D. Sharp, Chapter 11 Trustee |
| intp | | Clarisse Young Shumaker |
| dft | | Kenneth Klein |
| dft | | Leslie Klein |
| dft | | The Marital Deduction Trust of Erika Klein |
| dft | | The Second Amended Klein Living Trust |
| dft | | The Survivor's Trust of Leslie Klein |

TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 30, 2024                  Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 27, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Eric J Olson | |
| | on behalf of Defendant Barbara Klein eric@ejolsonlaw.com |

Eric J Olson
                    on behalf of Defendant Leslie Klein eric@ejolsonlaw.com

Eric J Olson
                    on behalf of Defendant The Survivor's Trust of Leslie Klein eric@ejolsonlaw.com

Eric J Olson
                    on behalf of Defendant The Marital Deduction Trust of Erika Klein eric@ejolsonlaw.com

Eric J Olson
                    on behalf of Defendant The Second Amended Klein Living Trust eric@ejolsonlaw.com

Jeffrey P Nolan
                    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com

Jeffrey W Dulberg
                    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

John W Lucas
                    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

Reem J Bello
                    on behalf of Interested Party Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Robert P Goe
                    on behalf of Interested Party Joseph Vago kmurphy@goeforlaw.com
                    rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Simon Aron
                    on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com

United States Trustee (LA)
                    ustpregion16.la.ecf@usdoj.gov


TOTAL: 12

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No.158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail:   jdulberg@pszjlaw.com
              jlucas@pszjlaw.com
              jnolan@pszjlaw.com

FILED & ENTERED

AUG 27 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may        DEPUTY CLERK

Counsel to Bradley D. Sharp, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>              Debtor<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>              Plaintiff,<br><br>     v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>              Defendants. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>**SCHEDULING ORDER**<br><br>Date:   August 21, 2024<br>Time:   9:00 a.m.<br>Place:  Courtroom 1575<br>       Edward R. Roybal Federal Building<br>       and Courthouse<br>       255 E. Temple Street<br>       Los Angeles, CA 90012<br><br>Judge: Honorable Sandra R. Klein |

The Court, in connection with the status conference in the above-captioned adversary proceeding (the "**Adversary Proceeding**") that was held on August 21, 2024, the Court hereby enters this scheduling order with respect to certain deadlines.

**IT IS HEREBY ORDERED THAT:**

1   1.  The deadline for parties to propound discovery in the Adversary Proceeding is

2 August 31, 2024.

3   2.  The deadline for parties to file dispositive motions in the Adversary Proceeding is

4 September 30, 2024.

5   3.  The Court shall retain jurisdiction to hear and determine all matters arising from or

6 related to the implementation, interpretation, and/or enforcement of this Order.

7

8         # # #

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 Date: August 27, 2024

24         Sandra R. Klein
          United States Bankruptcy Judge

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LA:4876-5805-0523.2 78512.001     2

ER 0650

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   Of Counsel to Leslie Klein & Associates, Inc.
3  301 East Colorado Boulevard, Suite 520
4  Pasadena, California 91101
   T: 818-245-2246
5  C: 626-224-5619
6  Eric@EJOlsonLaw.com

7  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee
8  of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein
9  as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a
   trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE
10 KLEIN, a trust, and BARBARA KLEIN, an individual

11      **UNITED STATES BANKRUPTCY COURT**
12
13    **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| 14  IN RE | Case No.: 2:23-bk-10990-SK |
| 15  LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| 16  DEBTOR. | Chapter 11 |
| 17 | |
| 18  BRADLEY D. SHARP, CHAPTER 11, TRUSTEE, | Hon. Sandra Klein |
| 19           Plaintiff, | **NOTICE OF MOTION AND MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS (FRCIVP 19, 12(B)(7)); DECLARATION OF ERIC J. OLSON; POINTS AND AUTHORITIES** |
| 20 | |
| 21  vs. | |
| 22  LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN | |
| 23  LIVING TRUST, A TRUST, THE | |
| 24  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE | |
| 25  SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA | Date:    October 16, 2024 |
| 26  KLEIN, AN INDIVIDUAL, | Time:    9:00 AM |
| 27 | Place:    Courtroom 1575 |
| 28           Defendants. | 255 East Temple Street |
| | Los Angeles, CA 90012 |

ER 0651

**PLEASE TAKE NOTICE THAT** on October 16, 2024 at 9:00 AM in the courtroom of the Hon. Sandra Klein, Courtroom 1575, Defendants will move that the Court order the joinder of the children of Erika Klein and Leslie Klein to wit: Kenneth Klein, Sheri Lee Klein [Bienstock], Richard Klein and Jason Klein, successor beneficiaries of the Second Amended Trust, Marital Deduction Trust and Credit Trust as parties necessary to be joined pursuant to FRCivP12(b)(7) and FRCivP 19, or that the action be dismissed.

This motion will be presented on the basis that the named children of Erika Klein and Les Klein are beneficiaries of the named trusts, that the Trustee seeks to recover the family home to which the named children are the beneficiaries upon the death of Les Klein in the case of the MDT and concurrent beneficiaries in the case of the Credit Trust and are thereby parties who must be joined pursuant to FRCivP 19.

This Motion will be presented based on this Motion, the attached declaration and points and authorities, the pleadings and other files and records of the Court and such other matters as may be presented.

//

//

NOTICE OF MOTION AND MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS
(FRCIVP 19, 12(B)(7)); DECLARATION OF ERIC J. OLSON; POINTS AND AUTHORITIES
- 2 -

ER 0652

1

2

**PLEASE TAKE FURTHER NOTICE**, to the opposing party that LBR

9013-1(f) requires a written response to be filed and served at least 14

days before the hearing.

Dated: September 12, 2024

Eric J. Olson
Of Counsel to Leslie Klein &
Associates, Inc.
Attorney for Defendants

//

//

ER 0653

# DECLARATION OF ERIC J. OLSON

Eric J. Olson states:

1 I am the attorney for the Defendants herein.  All matters set forth are of my own firsthand knowledge unless otherwise stated and I am competent to testify thereto.

2. (a) Attached hereto is a copy of Exhibit B to the Complaint, The Second Amended Klein Living Trust, recorded with the Los Angeles County Recorder no. 20130540038.

(b) Schedule A (page 24) shows that the subject property, 322 N. June Street, Los Angeles, CA is an asset of the Trust.  Article I identifies the children of Erika Klein and Leslie Klein, Kenneth Klein, Sheri Lee Klein [Bienstock], Richard Klein and Jason Klein.

(c) ARTICLE 5 MARITAL DEDUCTION TRUST (at P 11) provides, *"Distribution – Credit Trust- At the surviving spouse's death, the trustee shall distribute (1) any accrued and undistributed income to the surviving spouse's estate; and (2) any remaining principal according to the Credit Trust distribution provisions" and further provides (at p 13) "(4) The surviving spouse shall have the right to continue to occupy any real property free of rent in which the trust holds an interest and which the settlors used regularly or occasionally as a residence or vacation home at*

ER 0654

1
2
3
4
5
6
7
8
9
10

*the time of the deceased spouse's death. However, the surviving spouse, in the surviving spouse's discretion, may direct the trustee to sell any such property and replace it with another residence of comparable or lower value selected by the surviving spouse. The trustee shall pay such portion of the mortgage or trust deed payments, property taxes, assessments, insurance, maintenance, and ordinary repairs on all such property as is proportional to the interest in such property held in the trust."*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d) ARTICLE 6 CREDIT TRUST (at P 13) provides *"Beneficiaries – Surviving Spouse, Settlors' Descendants: The beneficiaries of this trust shall be as follows: Income beneficiary: Surviving spouse, settlors' children Principal beneficiary: Surviving spouse, settlors' children"* and (at P 14) provides *"Division on Death of Surviving Spouse: Upon the death of the surviving spouse, the trustee shall divide the trust estate into as many shares as there are children of the settlors then living. Each child shall thereupon be an income and principal beneficiary only to the extent of the share allocated to him or her, and the ascertainable standards specified in paragraphs 6.03 and 6.04 of this Article shall govern the trustee's discretion with respect to distributions of income and principal respectively of the child's share to the child.*

ER 0655

*Distribution – Progressive Ages: Upon a child's attainment of age 21, the trustee shall distribute to that child, outright, the percentage of the then remaining balance of the trust estate. Should a child predecease complete distribution of his or her share survived by issue, then the issue of such child shall take his or her distributive share by right of representation; provided, however, that should a child predecease complete distribution of his or her share without issue, then the then-remaining balance of his or her shall augment the shares of the then-surviving children of the settlors equally."*

3. The point of the Trust is that the MDT and Credit Trust represent the interest of Erika Klein in the former community property, providing a life interest in such interest to Leslie Klein, but with the remainder to her children.

4. It is my understanding that the position of Plaintiff is that the Estate should be entitled to not only the life interest of Leslie Klein, but the remainder as well to the exclusion of the children.  For that reason, the children are parties that should be named pursuant to FRCivP19.

*//*

*//*

ER 0656

1       I declare under penalty of perjury under the laws of the United States

2

3    that the foregoing is true and correct.

4    Dated: September 12, 2024

5

6                           _____

7                           Eric J. Olson
                            Of Counsel to Leslie Klein &
8                          Associates, Inc.
                           Attorney for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   //

27   //

28

**NOTICE OF MOTION AND MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS
(FRCIVP 19, 12(B)(7)); DECLARATION OF ERIC J. OLSON; POINTS AND AUTHORITIES**

## POINTS AND AUTHORITIES

A.    FRCivP 12(b)(7) provides *"every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:*

*…*

*(7) failure to join a party under Rule 19."*

B.    FRCivP12(h)(2) provides that a person identified in FRCiv19 may be joined at any time up to the time of trial.

C. FRCivP 19 provides *"Required Joinder of Parties*

*(a)Persons Required to be Joined if Feasible.*

*(1)Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:*

*(A) In that person's absence, the court cannot accord complete relief among existing parties; or*

*(B)That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:*

*(i)    As a practical matter impair or impede the person's ability to protect the interest; or*

NOTICE OF MOTION AND MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS
(FRCIVP 19, 12(B)(7)); DECLARATION OF ERIC J. OLSON; POINTS AND AUTHORITIES
- 8 -

ER 0658

*(ii)   Leave an existing party subject to a substantial risk*

*of incurring double, multiple, or otherwise*

*inconsistent obligations because of the interest."*

D.    It appears that the position of the Plaintiff is that not only should

the life interest of Leslie Klein in the Property be property of the Estate, but

the remainder interest of the children should be as well.

E.    To the extent that the children are remaindermen after a life

interest, the situation is analogous to EEOC v. Peabody Western Coal

Company; Navajo Nation 610 F.3d 1070, 1078-1080 (9th Cir. 2008)

In that case, the primary dispute was between the EEOC and

Peabody Western Coal Company, who operated under Mineral lease in

which the Navajo Nation was the lessor (and holder of the residue) under

the leases, and was held a party who should be joined under FRCivP 19.

Insofar as the Credit Trust is concerned the children are

concurrent owners during the lifetime of the surviving spouse in addition to

residuary beneficiaries after the death of the surviving spouse.

F.    Under the circumstances it is clear that the Children are the

kind of party contemplated by FRCivP 19 that should be joined.

ER 0659

## CONCLUSION

For the reasons set forth the Court should order Court order the

joinder of the children of Erika Klein and Leslie Klien, Kenneth Klein, Sheri

Lee Klein [Bienstock], Richard Klein and Jason Klein, successor

beneficiaries of the Second Amended Trust, Marital Deduction Trust and

Credit Trust as parties necessary to be joined pursuant to FRCivP 19 and

FRCivP12(b)(7), or that the action be dismissed.

Dated: September 12, 2024

Eric J. Olson
Of Counsel to Leslie Klein &
Associates, Inc.
Attorney for Defendants

ER 0660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## **EXHIBIT B**

**(Klein Living Trust)**

4889-2964-7549.2 78512.001

 

**This page is part of your document - DO NOT DISCARD**



## 20130540038

Pages:
0027

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/11/13 AT 11:27AM**

| | |
|---|---|
| **FEES:** | 93.00 |
| **TAXES:** | 0.00 |
| **OTHER:** | 0.00 |
| **PAID:** | 93.00 |



**L E A D S H E E T**

201304110940011

00007537718

004785000

**SEQ:**
**01**

**DAR - Counter (Upfront Scan)**

**THIS FORM IS NOT TO BE DUPLICATED**

E220504

Recording Request By:
**Les Klein & Associates**
*and when recorded mail to:*

Name **LES KLEIN & ASSOCIATES**
Mailing Address
**14245 Ventura Blvd,3rd Floor**
City,State **Sherman Oaks, Ca.**
Zip Code **91423**

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

## SECOND AMENDED KLEIN LIVING TRUST

**Re: ERIKA NOEMI KLEIN**

**County Recorder: Please see Page 22 - ARTICLE 10**

ER 0663

# SECOND AMENDED KLEIN LIVING TRUST

## ARTICLE 1

### DECLARATION OF TRUST

**Trust Establishment:** LESLIE KLEIN and ERIKA NOEMI KLEIN, husband and wife, as settlors, will deliver to the trustee without consideration the property described in the attached schedule entitled "Trust Estate." The term "settlor" refers to one or both settlors. This Trust amends in its entirety the First Amended KLEIN Living Trust and revokes in its entirety both the KLEIN Living Trust and the first Amended KLEIN Living Trust. The Klein Living Trust and the first Amended KLEIN Living Trust was not recorded.

**Trust Particulars:** For convenient reference, the following information applies:

> Settlors: LESLIE KLEIN and ERIKA NOEMI KLEIN
>
> Name of trust: KLEIN Living Trust
>
> Date established: 4/8/1990
>
> First trustee: LESLIE KLEIN and ERIKA NOEMI KLEIN
>         as co-trustees
>
> Children living: KENNETH KLEIN, an adult;
>         SHERI LEE KLEIN, born███████████
>         RICHARD KLEIN, born███████████
>         JASON KLEIN, born███████████

**Property Status - Community:** All property transferred to this trust is and shall remain community property after its transfer and shall be called the "community trust estate." Further, the trustee shall have the power to convey, encumber, or otherwise dispose of community property without the consent of either husband or wife, whether or not each is then capable of giving such consent.

## ARTICLE 2

### TRUST DURING SETTLORS' JOINT LIVES

Introduction:  The trustee shall hold, administer, and distribute all property during the joint lives of the settlors as follows:

Beneficiaries - Both Spouses:  The beneficiaries of this trust shall be as follows:

        Income beneficiaries: ·Class composed of the settlors for their joint lives

        Principal beneficiaries:  Class composed of the settlors for their joint lives

Community Income - Broad Standard:  The trustee shall pay to or for the income beneficiary's benefit as much of the net income of the community trust estate as necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living.  The trustee shall add to principal any net income not so distributed.

Community Principal - Broad Standard:  If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

Beneficiary's Incapacity - Ascertainable Standard:  If a court declared a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from he trust estate as is necessary for the beneficiary's health, education, or support to maintain the beneficiary;s accustomed manner of living.  The trustee shall make payments first form the community trust estate, then equally form the beneficiary's separate trust estates.  The trustee shall add to principal any income not distributed.

Community Payments - Special Duty:  The beneficiary receiving payments from the community trust estate shall have the ·same duty to use community income and principal allocations for the income

-2-

ER 0665

and principal beneficiary's benefit as that beneficiary has with
respect to any other community property.

Guidelines - Other Sources Considered:  In making distributions,
the trustee may (1) consider any other income or resources of a
beneficiary known to the trustee and reasonably available;  (2)
pay or apply for one beneficiary more than the other and may make
payments or applications of benefits for one beneficiary to the
exclusion of the other; and (3) consider the value of the trust
assets, the relative needs, both present and future, of each
beneficiary, and the tax consequences to the trust and to the
beneficiaries

Payments to Others:  The settlors acting jointly may at any time
direct the trustee in writing to pay single sums or periodic
payments out of the community trust estate to any  persons or
organization .  Additionally, a settlor's conservator upon
appropriate court order may exercise this power for payments
qualifying for the federal gift tax annual donee exclusion.

Revocation During Settlors' Lives:  During the settlors' joint
lives, either or both settlors may revoke from the trust the
community trust estate in whole or in part by a written document
delivered to the trustee that the trustee may require to be
acknowledged.  On revocation, the trustee shall promptly deliver
to both settlors or their designee the revoked portion of the
community trust estate, which shall continue as the settlors'
community property.  The trustee shall also provide an accounting
of the trustee's acts for the period since the preceding
accounting.  If the settlors revoke this trust with respect to
all or a major portion of the trust estate, then the trustee may
retain sufficient assets reasonable to secure payment of
liabilities lawfully incurred by the trustee in the
administration of the trust, unless the settlors indemnify the
trustee against losses or expenses.

Amendment During Settlors' Lives:  The settlors acting together
may at any time during their joint lives amend any of the terms
of this trust by a written document delivered to the trustee.  No
amendment shall substantially increase the trustee's duties and
liabilities or change the trustee's compensation without the
trustee's consent.  The trustee need not abide by the terms of
the amendment until it is accepted.  If the settlors remove a
trustee, the settlors shall pay to the trustee any sums due and
shall indemnify the trustee against liabilities lawfully incurred
by the trustee in the administration of the trust.

-3-

ER 0666

Powers of Revocation and Amendment Personal:  The settlors'
powers to revoke or amend this trust are personal to them, and no
guardian, conservator, or other person shall exercise them.

END OF ARTICLE

ARTICLE 3

TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH

Action at First Spouse's Death:  The first settlor to die shall
be the "deceased spouse," and the living settlor, the "surviving
spouse."  At the death of the deceased spouse but before the
trust assets are allocated as set forth below, the trustee shall
make the following distributions:

Deceased Spouse's Expenses and Taxes:  The trustee may, in the
trustee's reasonable discretion, pay from the trust estate the
deceased spouse's debts, last illness and funeral costs, and
expenses of administration for this trust and the deceased
spouse's debts to the deceased spouse's interest in the community
trust estate as the trustee determines in the trustee's
reasonable discretion.  However, the trustee shall further
allocate community debts between the deceased spouse's and
surviving spouse's trust interests in the trust estate according
to California law in effect at the deceased spouse's date of
death.

Allocation of Surviving Spouse's Property - Surviving Spouse's
Trust:  At the deceased spouse's death, the trustee shall
allocate the surviving spouse's interest in the community trust
estate to the Surviving Spouse's Trust.

Interrelated Marital Deduction Pecuniary Formula and Exemption
Residue - Distribution Date Values:  From the remainder of the
deceased spouse's interest in the community trust estate, the
trustee shall allocate the following gifts:

A. The Marital Deduction Trust

The Marital Deduction Trust shall consist of the minimum
amount that will entirely eliminate or reduce as far as possible

-4-

the federal estate tax, after allowance of all other deductions, when added to the sum of (a) the federal estate tax value of all other gifts passing under this instrument and outside this instrument included in the deceased spouse's gross taxable estate and qualified as federal estate tax marital deduction gifts; and (b) the exemption equivalent value of the allowable unified credit and state death tax credit (provided this latter credit does not increase the state death taxes paid) reduced by the federal estate tax value of all other gifts passing under this instrument and outside this instrument included in the deceased spouse's gross taxable estate but not qualified as federal estate tax marital or charitable deduction gifts and by all debts, administration expenses and charges to principal not allowed or utilized as federal estate tax deductions. The amount so allocated to the Marital Deduction Trust is referred to as the Marital Deduction Amount. If a portion of the deceased spouse's generation-skipping transfer exemption under Section 2631 of the Internal Revenue Code is allocated to the Marital Deduction Trust under paragraph E below and if the Marital Deduction Amount exceeds the portion of the exemption so allocated to the Marital Deduction Trust., the Marital Deduction Trust shall be divided into two trusts, known as Marital Deduction Trust A and Marital Deduction Trust B. Marital Deduction Trust A shall consist of an amount equal to the portion of the deceased spouse's exemption allocated to the Marital Deduction Trust; Marital Deduction Trust B shall consist of the balance of the Marital Deduction Trust. Each of Marital Deduction Trust A and Marital Deduction Trust B shall constitute separate and independent trusts.

    B.  The Credit Trust

    The Credit Trust shall consist of the balance of the deceased spouse's community property trust estate.

    C. Funding of Trusts

    All trusts may be funded in cash or in kind, partly in each. However, the Marital Deduction Trust, or Marital Deduction Trust A and Marital Deduction Trust B, as the case may be, shall only be funded with assets includable in the deceased spouse's gross estate and eligible for the marital deduction. Assets allocated in kind to the Marital Deduction Trust, or to Marital Deduction Trust A and Marital Deduction Trust B shall be valued either at their values on the date of distribution to the Marital Deduction Trust or Trusts, or at their final federal estate tax values. If final federal estate tax values are used, assets allocated in kind shall be fairly representative of appreciation or depreciation in value for all assets available for distribution. The trustee shall not allocate to either Marital Deduction Trust (1) any interest in life insurance policies or (2) assets that are, by reason of the deceased spouse's death, subject to any tax in any foreign country, except to the extent

-5-

the value of those assets exceeds the value of the Credit Trust
created in paragraph B above.

### D. Marital Deduction and Generation Skipping Elections.

The settlors direct the trustee to elect under Section 2056
(b)(7) of the Internal Revenue Code to treat all of the property
allocated to the Marital Deduction Trust as qualified terminable
interest property.  If, however, the Marital Deduction Trust is
divided into Marital Deduction Trust A and Marital Deduction
Trust B, the trustee shall elect under Section 2056 (b)(7) of the
Internal Revenue Code to treat all of the property allocated to
Marital Deduction Trust A as qualified terminable interest
property and my executor may, but is not required to elect under
Section 2056 (b)(7) of the Internal Revenue Code to treat all or
any part of the property allocated to Marital Deduction Trust B
as qualified terminable interest property.  The trustee shall not
be liable to any beneficiary under this instrument by reason of
making or not making such an election with respect to Marital
Deduction Trust B.  If the  trustee makes an election with
respect to only a part of the property allocated to Marital
Deduction Trust B, the trustee shall divide Marital Deduction
Trust B into separate trusts to reflect the partial election,
according to the fair market value of the assets of Marital
Deduction Trust B at the time of the division.  The portion of
Marital Deduction Trust B with respect to which the election has
not been made shall be known as "Non-Qualified Marital Deduction
Trust B" and the portion of Marital Deduction Trust B with
respect to the election has been made shall be known as
"Qualified Marital Deduction Trust B."  The trustee shall elect
under Section 2652 (a)(3) of the Internal Revenue Code to treat
the deceased spouse as the transferor of the Marital Deduction
Trust or, if the Marital Deduction Trust is divided into Marital
Deduction Trust A and Marital Deduction Trust B, to treat the
deceased spouse as the transferor of Marital Deduction Trust A.

### E. Allocation of Generation Skipping Exemption

The portion of the deceased spouse's generation-skipping
transfer exemption under Section 2631 of the Internal Revenue
code which was not allocated during the lifetime of the deceased
spouse shall be allocated by the trustee first to direct skips,
if any, occurring under the provisions of this trust by reason of
the deceased spouse's dearth.  If the aggregate value of such
direct skips, as finally determined for federal estate tax
purposes, exceeds that exemption, the unused portion of the
exemption shall be allocated among the direct skips pro-rata in
accordance with their respective values.  The remaining unused
portion, if any, of the exemption shall next be allocated to the
Credit Trust and the balance, if any, shall be allocated to the
Marital Deduction Trust; provided, however, that if the Marital
Deduction Trust is divided into Marital Deduction Trust A and
Marital Deduction Trust B, the balance shall be allocated to
Marital Deduction Trust A.

-6-

Special Allocation Guidelines:  In computing the interrelated exemption-marital gifts, the trustee shall disregard all assets that would disqualify the marital deduction.  In all other respects, the trustee shall have the sole discretion to select the assets that will constitute the marital gift.  In exercising that discretion, the trustee shall consider the tax advantages and disadvantages of allocating to the marital gift the following:

   (1)  Assets not qualifying for the marital deduction;

   (2)  Assets qualifying for the federal estate tax foreign death taxes credit;

   (3)  Securities qualifying for Internal Revenue Code capital gain corporate  stock redemption, unless they exceed the maximum number of shares qualifying for such redemption;

   (4)  Assets qualifying as Internal Revenue Code income in respect of decedent;

   (5)  United States Treasury bonds eligible for redemption at par as payment of federal estate taxes; and

   (6)  Unmatured life insurance policies.

Additionally, the trustee shall allocate to the exemption equivalent gift that amount of any retirement, profit-sharing, or death benefit plan excluded from federal estate taxes.

   Also, the trustee shall charge and pay from the exemption equivalent gift to the extent of reasonably available assets:

   (1)  All death taxes payable from such gift; and

   (2)  All debts and expenses for administration deducted against fiduciary income.

Further, the trustee may or may not fund all trusts prorata with insurance proceeds, retirement plan distributions, or other contract payments that are paid to the trustee, unless the beneficiary designations specifically earmark a particular trust.


Death Taxes - Statutory Provisions and Exemption Gift: The deceased spouse directs the trustee to charge and collect all federal death taxes for assets passing under this trust, under the deceased spouse's will, and outside the deceased spouse's trust or will from those persons sharing in the deceased spouse's taxable estate in accordance with California Probate Code

-7- _

provisions for death tax apportionment and allocation.  However, as three exceptions, the deceased spouse directs the trustee to pay from the exemption equivalent gift, without apportionment among the beneficiaries, (1) all federal death taxes chargeable to any assets passing under or outside this trust or the deceased spouse's will constituting federal estate tax marital deduction gifts;  (2)  all federal death taxes chargeable to any family allowance; and (3)  all federal death taxes chargeable to any gift under this trust or the deceased spouse's will designated as "free of all death taxes."  The deceased spouse recognizes and confirms that such statutes provide that if a beneficiary's gift contributes to the taxable estate, the beneficiary must pay a proportionate share of the tax calculated at the average tax rate.  Further, the deceased spouse directs that all state death taxes shall be charged and collected in the same manner as the federal death taxes and not as a probate administration expense. To the extent other assets are available, the trustee shall not use any qualified retirement plan distribution excluded from federal estate tax under the Internal Revenue Code to pay taxes, debts, or other charges enforceable against the deceased spouse's estate.


Revocation - Surviving Spouse's Trust:  After the allocation of the trust estate, the following provisions regarding revocation and amendment shall apply:

     (1) Surviving Spouse's Trust:  The surviving spouse may revoke and amend the Surviving Spouse's Trust subject to the qualifications contained in Article 1.

     (2)  Other Trusts:  All other trusts shall become irrevocable and nonamendable.

                         END OF ARTICLE


                          ARTICLE 4


                  SURVIVING SPOUSE'S TRUST


Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Surviving Spouse's Trust as follows:


Beneficiary - Surviving Spouse:  The beneficiary of this trust shall be as follows:

          Income beneficiary:  Surviving spouse

                          -8-

Principal beneficiary:  Surviving spouse


Income - Broad Standard:  The trustee shall pay to or for the
income beneficiary as much of the net income as the trustee
considers necessary for the income beneficiary's health,
education, support, comfort, welfare, or happiness to maintain
at a minimum the income beneficiary's accustomed manner of
living.  The trustee shall add to principal any net income not so
distributed.


Principal - Broad Standard:  If the trustee considers the income
insufficient, the trustee shall pay to or for the principal
beneficiary as much of the principal as is reasonably necessary
for the principal beneficiary's health, education, support,
comfort, welfare, or happiness to maintain at a minimum the
principal beneficiary's accustomed manner of living.


Surviving Spouse's Lifetime Income and Principal General Power of
Appointment - Broad Standard:  At any time during the surviving
spouse's life, the trustee shall distribute all or any part of
the trust, including accrued income and undistributed income, to
such one or more persons and entitles, including the surviving
spouse or the surviving spouse's estate, and on such terms and
conditions, outright, in trust, or by creating further powers of
appointment, as the surviving spouse shall request by an
acknowledged document that specifically refers to this power of
appointment.


Surviving Spouse's Deathtime Income and Principal General Power
of Appointment:  On the death of the surviving spouse, the
trustee shall distribute the remainder, if any, of the trust,
including accrued income and undistributed income to such one or
more persons and entitles, including the surviving spouse's
estate, and on such terms and conditions, either outright, in
trust, or by creating further powers of appointment as the
surviving spouse shall appoint by a valid instrument or lifetime
document that was executed after the deceased spouse's death and
specifically refers to this power of appointment.  If the
surviving spouse does not effectively appoint all the trust
estate, the trustee shall distribute such property according to
the distribution provisions below.


Distribution - Credit Trust:  At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed

-9-

income to the surviving spouse's estate, and (2) any remaining
principal according to the Credit Trust distribution provisions.


**Spouse's Last Illness Expenses and Taxes:**  At the surviving
spouse's death, the trustee, in the trustee's reasonable
discretion, may pay the expenses of the surviving spouse's last
illness and funeral, other obligations incurred for the surviving
spouse's support, and any estate or inheritance taxes arising by
reason of the surviving spouse's death from either income or
principal of this trust to the extent they have not been
specifically appointed, unless other adequate provisions exist.


**Death Taxes - Surviving Spouse's Will:**  The surviving spouse
directs the trustee and the surviving spouse's executor to charge
and collect all federal death taxes for assets passing under the
surviving spouse's will and outside the surviving spouse's will
from those persons sharing in the federal taxable estate in
accordance with the California Probate Code provisions for death
tax apportionment and allocation.  Further, the surviving spouse
directs the trustee to charge and collect all state death taxes
in the same manner as the federal death taxes and not as probate
administration expenses.  These tax directions shall not apply to
any gifts passing under the surviving spouse's will or under this
trust designated as "free of all death taxes," and the trustee
shall pay all such death taxes form the remainder of the trust
estate without apportionment among the beneficiaries.

<div align="center">END OF ARTICLE</div>


<div align="center">ARTICLE 5</div>

<div align="center">MARITAL DEDUCTION TRUST</div>


**Introduction:**  The trustee shall hold, administer, and distribute
all property allocated to the Marital Deduction Trust as follows:


**Beneficiary - Surviving Spouse:**  The beneficiary of this trust
shall be as follows:

> Income beneficiary:  Surviving spouse

> Principal beneficiary:  Surviving spouse

<div align="center">-10-</div>

Income - Entire:  The trustee shall pay to or for the income
beneficiary all net income of the trust in convenient
installments at least annually.


Principal - Ascertainable Standard:  If the trustee considers the
income insufficient, the trustee shall pay to or for the
principal beneficiary as much of the principal as is necessary
for the principal beneficiary's health, education, or support to
maintain the principal beneficiary's accustomed manner of living.


Guidelines - Other Sources, One Beneficiary:  In making
distributions, the trustee, in it s reasonable discretion, may
consider any other income or resources of the beneficiary known
to the trustee and reasonably available.


Distribution - Credit Trust:  At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed
income to the surviving spouse's estate, and (2) any remaining
principal according to the Credit Trust distribution provisions.


QTIP Election - Optional:  The settlors authorize the trustee, in
the trustee's absolute discretion, to make or not make the
election provided by section 2056 (b)(7)(B)(v) of the Internal
Revenue Code to treat all or a portion of the Marital Deduction
Trust as qualified terminable interest property for the purpose
of qualifying all or a specific portion of the trust for the
federal estate tax marital deduction.  The settlors recognize
that if the trustee does not make such an election, the Marital
Deduction Trust will not qualify for such marital deduction.  In
exercising such discretion, the trustee may consider all relevant
factors, including the potential benefits and detriments of
reducing the federal estate tax on the deceased spouse's trust
estate and increasing such tax on the estate of the surviving
spouse's gross estate such appreciation in value of the marital
deduction share as may occur after the deceased spouse's death
and before the surviving spouse's death.  This discretion of the
trustee shall be absolute, notwithstanding any beneficial or
adverse effect the making or not making of this election may have
on the deceased spouse's estate, the surviving spouse's estate,
or the beneficiaries of these estates.  The trustee shall not
incur personal liability for exercising or not exercising this
election, and the deceased spouse's estate shall hold the trustee
harmless against all claims with regard to the election.  The
discretion under this clause is not limited by the wording of the
Marital Deduction Intention clause.  If the trustee makes that
election, the settlors further request, but do not require, that

-11-
-11-

-12-

the trustee make an election under Section 5652 (a)(3) of the Internal Revenue Code to treat that property, for purposes of Chapter 13 of the Internal Revenue Code, as if the election had not been made.  The trustee shall not be liable to any beneficiary by reason of making or not making these elections. If the trustee decides not to make these elections, the trustee shall notify the surviving spouse of the decision in writing at least 30 days before the due date plus any extensions for filing the deceased spouse's federal estate tax return.


Tax Payment to Spouse's Estate:  On demand of the appropriate fiduciary representing the surviving spouse's estate, the trustee of the Marital QTIP trust shall distribute to that fiduciary property equal to the amount of any federal estate tax that such fiduciary requests up to the amount that the federal and state tax codes entitle the surviving spouse's estate to recover.  If no such fiduciary exists, the trustee shall pay directly to the taxing authorities any such death taxes.


Marital Deduction Intention:  The deceased spouse intends that this marital trust qualify for the marital deduction provisions of the Internal Revenue Code.  Therefore, the deceased spouse directs that the trustee not take any action or exercise any power that will impair the marital deduction.  Further, the deceased spouse specifically directs that the following provisions apply to the marital trust, notwithstanding contrary provisions in this instrument:

    (1) The surviving spouse, by written instrument delivered to the trustee, shall have the right to direct the trustee to convert any non-income-producing property, including life insurance policies, to income-producing property, and the trustee shall comply with any such direction within a reasonable time after its receipt;

    (2) The trustee shall determine all matters with respect to what is principal and income and the apportionment and allocation of receipts and expenses by the provisions of the California Revised Uniform Principal and Income Act from time to time existing and shall establish reserves for depreciation and depletion.  When such act is silent, the trustee, in the trustee's reasonable discretion, shall determine the characterization and allocation;

    (3) For all bonds purchased at a discount, the trustee shall, at least annually, accumulate and pay each discount as interest if necessary from principal or the sale or redemption proceeds;

-12-

-14-

(4) The surviving spouse shall have the right to continue to occupy any real property free of rent in which the trust holds an interest and which the settlors used regularly or occasionally as a residence ar vacation home at the time of the deceased spouse's death.  However, the surviving spouse, in the surviving spouse's discretion, may direct the trustee to sell any such property and replace it with another residence of comparable or lower value selected by the surviving spouse.  The trustee shall pay such portion of the mortgage or trust deed payments, property taxes, assessments, insurance, maintenance, and ordinary repairs on all such property as is proportional to the interest in such property held in the trust.

(5) If the trustee redeems treasury bonds at par to pay the deceased spouse's federal estate tax liability, the trustee shall consider any accrued interest on such bonds in calculating the payment of income from the marital trust to the surviving spouse.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 6</div>

<div align="center">CREDIT TRUST</div>

Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Credit Trust as follows:

Beneficiaries - Surviving Spouse, Settlors' Descendants:  The beneficiaries of this trust shall be as follows:

> Income beneficiary:  Surviving spouse, settlors' children

> Principal beneficiary:  Surviving Spouse, settlors' children

Income - Ascertainable Standard:  The trustee shall pay to or for the income beneficiary's health, education, or support to maintain the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

Principal - Ascertainable Standard:  If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary

<div align="center">-13-</div>

ER 0676

for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

Division on Death of Surviving Spouse:  Upon the death of the surviving spouse, the trustee shall divide the trust estate into as many shares as there are children of the settlors then living. Each child shall thereupon be an income and principal beneficiary only to the extent of the share allocated to him or her, and the ascertainable standards specified in paragraphs 6.03 and 6.04 of this Article shall govern the trustee's discretion with respect to distributions of income and principal respectively of the child's share to the child.

Distribution - Progressive Ages:  Upon a child's attainment of age 21, the trustee shall distribute to that child, outright, the percentage of the then remaining balance of the trust estate. Should a child predecease complete distribution of his or her share survived by issue, then the issue of such child shall take his or her distributive share by right of representation; provided, however, that should a child predecease complete distribution of his or her share without issue, then the then-remaining balance of his or her share shall augment the shares of the then-surviving children of the settlors equally.

<center>END OF ARTICLE</center>

<center>ARTICLE 7</center>

<center>OFFICE OF TRUSTEE</center>

Nomination of Trustees for All Trusts:  For all trusts under this instrument, the trustee and successor trustees shall be those persons named below.  Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

Trustee:  settlors as co-trustees

Successors:

First:  surviving settlor

Second: KENNETH KLEIN

<center>-14-</center>

Employment of Consultants - General:  The trustee may employ
custodians, attorneys, accountants, investment advisers,
corporate fiduciaries, or any other agents or advisers to assist
the trustee in the administration of this trust and may rely on
the advice given by these agents.  The trustee shall pay
reasonable compensation for all services performed by these
agents from the trust estate out of either income or principal as
the trustee in the trustee's reasonable discretion determines.
These payments shall not decrease the compensation to which the
trustee is entitled.


Exculpatory Clause - All Trustees:  No trustee shall be liable to
any person interested in this trust for any act or default unless
it results from the trustee's bad faith, willful misconduct, or
gross negligence.


Waiver of Liability for Predecessor Trustee:  Any successor
trustee may accept as correct any accounting of trust assets made
by any predecessor trustee.  However, a successor trustee may
institute any action or proceeding for the settlement of the
accounts, acts, or omissions of any predecessor trustee.


Bond - Waiver:  No trustee, including nonresidents, shall be
required to post bond or security.


Trustee Self-Dealing - Loan, Buy, and Sell:  The trustee shall
have the power to loan or advance the trustee's own funds to the
trust for any trust purpose, with interest at current rates, to
receive security for such loans in the form of a mortgage,
pledge, deed of trust, or other encumbrance of any assets of the
trust, to purchase or exchange assets of the trust at their fair
market value as determined by an independent appraise, to sell
property to the trust at a price not in excess of its fair market
value as determined by an independent appraise, and to lease
assets to or from the trust for fair rental value as determined
by an independent appraise.


Trustee and Executor Transactions - Self-Dealing Permitted:  The
trustee and the executor of the settlor's estate may freely
contract financial transactions between themselves, such as the
purchase and sale of assets and the making of loans, secured and
unsecured, notwithstanding each office being held by the d\same
person and apparent conflicts of interest.

<div align="center">END OF ARTICLE</div>

<div align="center">-15-</div>

<div align="center">-16-</div>

ARTICLE 8

TRUSTEE MANAGEMENT POWERS

**Introduction:**  For all trusts under this instrument, the trustee shall have the management powers set forth below in addition to those powers now or hereafter conferred by law.

**Retain or Abandon Property:**  The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

**Unproductive Property:**  Except when specifically restricted, the trustee shall have the power to retain , purchase, or otherwise acquire unproductive property.

**Sell, Exchange, Repair:**  The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

**Lease:**  The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

**Investments - General Power:**  The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixes, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

-16-

ER 0679

Private Accounting:  The trustee shall annually render an account of its administration of the trusts under this instrument to all of the current income and current principal beneficiaries who are then adults.  The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the accounting.  To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests.  Except as provided in this paragraph, any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law.

Principal and Income - Act Governs:  The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing.  When this instrument or such Act does not provide, the Trustee, in the Trustee's reasonable discretion, shall determine the characterization.

Depreciation Reserve - Mandatory:  The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the California Revised Uniform Principal and Income Act.

Undistributed Income:  Income accrued or unpaid on trust property when received into the trust shall be treated as any other income.  Income accrued or held undistributed by the trustee at the termination of any trust or any interest in a trust created under this instrument, other than a trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it.  Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

Expense Allocation - Proration:  The trustee shall prorate all taxes and current expenses among successive beneficiaries over the period to which they relate on a daily basis.

Tax Consequences - Adjustment:  The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any

-17 -

ER 0680

beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

Multiple Trusts - No Physical Division:  If this instrument creates more than one trust, the trustee shall not be required to physically segregate or divide assets among the various trusts, except on the termination of any of the trusts.  However, the trustee shall keep separate undivided interests, and the trust may hold undivided interests in the same assets.

Death Taxes of Beneficiary - Authority to Pay:  The trustee, in the trustee's reasonable discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax).  However, any trust property otherwise exempt from federal estate tax shall not be subject to the payment of any such death taxes.

Beneficiary's Last Illness and Funeral Expenses:  The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

Distributions - Consideration of Basis of Assets:  In making nonprorata distributions to the beneficiaries, the trustee shall consider and attempt to equalize, insofar as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries.  Any such determination by the trustee shall bind all parties in interest.

Distributions and Powers of Appointment:  If, on expiration of the later of either six (6) months after the death of any person holding a power of appointment created by this instrument or the expiration of the statutory period which a will contest must be files, the trustee has not received any document purporting to exercise the power, the trustee may distribute any property according to the terms of this instrument as if the  power had not been exercised.  If a document purporting to exercise the power is subsequently located, the trustee shall not be liable to the appointees under that exercise, and the rights of the appointees and the persons receiving property from the trustee shall follow applicable law.

Distribution - Broad Powers:  When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata.  Also, the trustee may make such

ER 0681

sales, of the trust property as the trustee deems necessary to accommodate such distributions.

Deferral of Division and Distribution: If the trust directs distribution of the trust estate or division into separate trusts, then the trustee may, in the trustee's reasonable discretion, defer that distribution or division for six months. When the trustee so defers, the trustee shall make the distribution or division as if it had taken place at the time prescribed in the absence of this paragraph, and all beneficiary rights in those trust assets shall accrue and vest as of the prescribed time.

Small Trust Termination - Trustee Discretion:  The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer.  The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings, account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the California Uniform Transfers to Minors Act; or (4) distribute the trust assets as provided by law.  On such distribution and delivery, the trust shall terminate.  The trustee shall not be liable or responsible to any person for its action or for its failure or refusal at any time to terminate the trust as authorized in this paragraph

Payment of Income or Principal - Trustee's Discretion To Select Payee:  If Income or principal is payable to a minor, to a person under legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable to manage the distribution properly, then the trustee may, in its reasonable discretion, pay such income or principal in any of the following ways:  (1)  to the beneficiary directly, (2) to the legally appointed guardian or conservator of the beneficiary,  (3)  to a custodian for the beneficiary under the California Uniform Transfers to Minors Act,  (4) for the benefit of the beneficiary, or  (5)  to an adult relative or friend in reimbursement for amounts property advanced for the benefit of the beneficiary.

Back-up Trust for Minor Beneficiary's Distribution:  Except when this instrument provides otherwise, the trustee shall delay outright distribution of any minor beneficiary's interest in a trust by continuing in a separate trust such minor's share. subject to any trustee discretion to terminate a small trust or court-ordered termination.  The trustee shall add all income to principal and pay to and for the benefit of the minor beneficiary as much of the trust estate as is necessary for the minor beneficiary's health, education, support, or maintenance in the minor beneficiary's accustomed manner of living taking into account the minor beneficiary's other income and resources known to the trustee and reasonably available for that purpose.  When

-19-

ER 0682

Bonds - Limitations:  The trustee shall have the power to purchase bonds either at a premium or at a discount.  For bonds purchased at a premium, the trustee shall, in a reasonable manner, periodically repay to principal each premium from interest on the bond or sale or redemption proceeds.  For bonds purchased at discounts, the trustee shall periodically accumulate each discount as interest and, to the extent necessary, pay such discount out of principal or from the sale or redemption proceeds.

Invest in Life Insurance:  The trustee shall have the power to acquire and maintain life insurance policies on the life of any person, including a trust beneficiary, and to exercise all rights of ownership granted to such policies.

General Partnership Restriction:  The trustee, in the trustee's absolute discretion, shall have the election to act only as a limited partner of any general partnership in the trust and shall take any action necessary to effect this election.

Treasury Bonds - Special Tax Redemptions:  The trustee shall have the power to purchase at less than par obligations of the United States of America that are redeemable at par in payment of any federal estate tax liability of a settlor in such amounts as the trustee deems advisable.  The trustee shall exercise this discretion if the trustee believes that a settlor is in substantial danger of death, and the trustee may borrow funds and doubt concerning the desirability of making the purchase and its amount in favor of making the purchase and in purchasing a larger, even though somewhat excessive, amount.  The trustee shall not be liable to a settlor, any heir, or any beneficiary of this trust for losses resulting from purchases made in good faith.  The trustee shall redeem such obligations to the fullest extent possible in payment of a settlor's federal estate tax liability.

<div align="center">END OF ARTICLE</div>

<div align="center">TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS</div>

Introduction:  For all trusts under this instrument, the trustee shall have the following powers and duties for accounting and tax matters.

<div align="center">-20-</div>

ER 0683

**Securities:** The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

**Investment Funds:** The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment counsel employed by the trustee, in mutual funds, money market funds, and index funds that investors of prudence, discretion, and intelligence acquire for their own account.

**Nominee's Name:** The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, or in the trustee's own name, or in the name of a nominee, or the trustee may hold securities unregistered in such condition that ownership will pass by delivery.

**Insurance:** The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

**Borrow - General:** The trustee shall have the power to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or by otherwise securing the indebtedness of the trust or the joint indebtedness of the trust and s co-owner of trust property.

**Loan:** The trustee shall have the power to loan money to any person, including a trust beneficiary or the estate of a trust beneficiary, at prevailing interest rates and with or without security as the trustee deems advisable.

-2¹-

the minor beneficiary attains majority, the trustee shall
distribute the trust estate to the beneficiary outright.  If the
minor beneficiary dies before distribution, the trustee shall
distribute the trust estate to the beneficiary's estate.

END OF ARTICLE

ARTICLE 10

TRUST ADMINISTRATION PROVISIONS

Introduction:  The following additional trust provisions shall
apply under this instrument.

Upon death of either Trustor: This Trust shall be recorded with death certificate.
with the county recorder where decedent resided. *OKAY   CK-TIFICATT  ATTACHM ZC.*

Spendthrift Provision:  No beneficiary shall anticipate, assign,
encumber, or subject to any creditor's claim or to legal process
any interest in principal or income before its actual receipt by
any beneficiary.  The beneficial and legal interests in this
trust, its principal, and its income shall be free from
interference or control of any beneficiary's creditor and shall
not be subject to claims of any such creditor or liable to
attachment, execution, bankruptcy, or other process of law.

Perpetuities Savings Clause - Surviving Spouse and Descendants:
All trusts created by this instrument or by the exercise of any
power of appointment shall terminate 21 years after the death of
the surviving spouse and of settlors' descendants living at the
surviving spouse's death.

California Law Governs; California law shall govern the validity,
construction, interpretation, and administration of this trust.

No contest-contestant disinherited; If an beneficiary in any
matter directly or in directly contests or attacks this
instrument any interest in the trust given to that contesting
beneficiary is revoked and shall be dispose as if that contesting
beneficiary had predeceased the settlor.

Survivorship requirement; Surviving spouse or beneficiaries must
survive the settlor for 60 days before entitlement to such gifts.

Educational expenses; Education expenses shall include the cost
of elementary, secondary, college, and travel for foreign study.
the trustee may also consider the beneficiaries related living
expenses to the extent that they are reasonable.
DATED: *7/8/(99)*     *SCLICOUS   'A'   ATTACH D.*

_____
                              SETTLOR
                      LESLIE KLEIN

-22-

CERTIFICATION OF VITAL RECORD

## COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA

3201219050694

USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS

**DECEDENT'S PERSONAL DATA**

| | | |
|---|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) ERIKA | 2. MIDDLE NAOEMI | 3. LAST (Family) KLEIN |
| AKA ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | 4. DATE OF BIRTH mm/dd/ccyy 09/01/1947 | 5. AGE Yrs. 65 |
| 7. BIRTH STATE/FOREIGN COUNTRY GERMANY | 8. SOCIAL SECURITY NUMBER 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 | 11. EVER IN U.S. ARMED FORCES? YES [X] NO UNK |
| 12. MARITAL STATUS MARRIED | 13. DATE OF DEATH mm/dd/ccyy 12/12/2012 | 7. TIME OF DEATH 2115 |
| 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? [X] NO | 16. DECEDENT'S RACE CAUCASIAN | |
| 17. USUAL OCCUPATION HOMEMAKER | 18. KIND OF BUSINESS OR INDUSTRY OWN HOME | 19. YEARS IN OCCUPATION 42 |

**USUAL RESIDENCE**

| | | | | |
|---|---|---|---|---|
| 20. DECEDENT'S RESIDENCE 322 N. JUNE ST. | | | | |
| 21. CITY LOS ANGELES | 22. COUNTY/PROVINCE LOS ANGELES | 23. ZIP CODE 90004 | 24. YEARS IN COUNTY 42 | 25. STATE/FOREIGN COUNTRY CA |

**INFORMANT**

26. INFORMANT'S NAME, RELATIONSHIP LESLIE KLEIN, HUSBAND
27. INFORMANT'S MAILING ADDRESS 322 N. JUNE ST., LOS ANGELES, CA 90004

**SPOUSE/SRDP AND PARENT INFORMATION**

| | | |
|---|---|---|
| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST LESLIE | 29. MIDDLE | 30. LAST (BIRTH NAME) KLEIN |
| 31. NAME OF FATHER/PARENT—FIRST KOLEV | 32. MIDDLE | 33. LAST GESTETNER | 34. BIRTH STATE HUNGARY |
| 35. NAME OF MOTHER/PARENT—FIRST TERESA | 36. MIDDLE | 37. LAST (BIRTH NAME) SOLOMON | 38. BIRTH STATE HUNGARY |

**FUNERAL DIRECTOR / LOCAL REGISTRAR**

| | | | |
|---|---|---|---|
| 39. DISPOSITION DATE mm/dd/ccyy 12/13/2012 | 40. PLACE OF FINAL DISPOSITION HAR HAMENUCHOS CEMETERY JERUSALEM, ISRAEL | | |
| 41. TYPE OF DISPOSITION(S) TR/BU | 42. SIGNATURE OF EMBALMER NOT EMBALMED | | 43. LICENSE NUMBER |
| 44. NAME OF FUNERAL ESTABLISHMENT CHEVRA KADISHA MORTUARY | 45. LICENSE NUMBER FD1326 | 46. SIGNATURE OF LOCAL REGISTRAR JONATHAN FIELDING, MD | 47. DATE mm/dd/ccyy 12/13/2012 |

**PLACE OF DEATH**

| | | |
|---|---|---|
| 101. PLACE OF DEATH CEDARS-SINAI MEDICAL CENTER | 102. IF HOSPITAL, SPECIFY ONE [X] IP | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
| 104. COUNTY LOS ANGELES | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND 8700 BEVERLY BLVD | 106. CITY WEST HOLLYWOOD |

**CAUSE OF DEATH**

| | | | |
|---|---|---|---|
| 107. CAUSE OF DEATH | | Time Interval Between Onset and Death | |
| IMMEDIATE CAUSE (A) CARDIOPULMONARY ARREST | | 5 MINS. | 108. DEATH REPORTED TO CORONER? YES [X] NO |
| (B) METASTATIC COLON CANCER | | 6 MTHS. | 109. BIOPSY PERFORMED? YES [X] NO |
| (C) | | | 110. AUTOPSY PERFORMED? YES [X] NO |
| (D) | | | 111. USED IN DETERMINING CAUSE? YES NO |
| 112. OTHER SIGNIFICANT CONDITIONS NONE | | | |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? NO | | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES [X] NO UNK | |

**PHYSICIAN'S CERTIFICATION**

| | | |
|---|---|---|
| 115. SIGNATURE AND TITLE OF CERTIFIER MICHAEL T DUFFY M.D. | 116. LICENSE NUMBER G59599 | 117. DATE mm/dd/ccyy 12/12/2012 |
| 114. DECEDENT ATTENDED SINCE 09/ /2011 DECEDENT LAST SEEN ALIVE 12/12/2012 | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE MICHAEL T DUFFY M.D. 9400 BRIGHTON WAY #800, BEVERLY HILLS, CA 90210 | |

**CORONER'S USE ONLY**

| | | | |
|---|---|---|---|
| 119. MANNER OF DEATH Natural Accident Homicide Suicide Pending Investigation Could not be determined | 120. INJURED AT WORK? YES NO UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR 24 Hour |
| 123. PLACE OF INJURY | | | |
| 124. DESCRIBE HOW INJURY OCCURRED | | | |
| 125. LOCATION OF INJURY | | | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | |

**STATE REGISTRAR** | A | B | C | D | E | *010001002224734*  | FAX AUTH.# | CENSUS TRACT

This is a true certified copy if the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

*Jonathan E Fielding MD*
VE

**DATE ISSUED**

DEC 13 2012

Director of Public Health and Registrar

*HD3041577*

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

PHSO26 (REV. 08/11)

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

ER 0686

DATED: 4/8/1990

_____
SETTLOR
ERIKA NOEMI KLEIN

DATED: 4/8/1990

_____
TRUSTEE
LESLIE KLEIN

DATED: 4/8/1990

_____
TRUSTEE
ERIKA NOEMI KLEIN

The settlors' attorney approves this Declaration of Trust.

Dated:

4/8/1990

LESLIE KLEIN   _____
KLEIN AND CUTLER
Attorneys for
settlors

ACKNOWLEDGMENT FOR SETTLORS AND INITIAL CO-TRUSTEES

COUNTY OF LOS ANGELES            )
STATE OF CALIFORNIA              )

On _____4/8_____ 1990, before me, the undersigned, a Notary
Public for this State, personally appeared _Leslie Klein_
and ___Erika Klein___ personally known to me or proved to me
on the basis of satisfactory evidence to be the settlors and
initial co-trustees of the trust created by this instrument and
to be the persons whose names are subscribed to this instrument
and who acknowledged its signing as the settlors.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

_Vicente E. Coronel_
Notary Public
VINCENT E. CORONEL

(Seal)

OFFICIAL SEAL
VICENTE E. CORONEL
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 17, 1993

-23-

ER 0687

### SCHEDULE "A"

Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 146 of Tract 4891 as per Map recorded in Book 52 Page 57 of Maps in the office of the
County Recorder of said County.

APN NO: 5527-014-022
Commonly known as:  730 N. Laurel Avenue, Los Angeles, Ca.


Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 300 of Tract 8320 as per Map recorded in Book 98 Page 41 of Maps in the office of the
County recorder of said County.

APN NO: 5523-033-008
Commonly known as: 322 N. June Street, Los Angeles, Ca.

-24-

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Notice of Motion and Motion to Order Joinder of Necessary Parties or Dismiss (FRCIVP 19, 12(B)(7)); Declaration of Eric J. Olson; Points and Authorities"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 09/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 09/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

NOTICE OF MOTION AND MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS
(FRCIVP 19, 12(B)(7)); DECLARATION OF ERIC J. OLSON; POINTS AND AUTHORITIES
- 11 -

ER 0689

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 09/12/2024 | Jasper Pantaleon | _signature_ |
| Date | Type Name | Signature |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ER 0690

**\*\*\* TEXT ONLY \*\*\***

| 09/12/2024 | 31 | Hearing Set (RE: related document(s)30 Generic Motion filed by Defendant Leslie Klein, Defendant The Second Amended Klein Living Trust, Defendant The Marital Deduction Trust of Erika Klein, Defendant Barbara Klein, Defendant The Survivor's Trust of Leslie Klein) The Hearing date is set for 10/16/2024 at 09:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (TM) (Entered: 09/12/2024) |

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  E-mail:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6            jnolan@pszjlaw.com

7  Attorneys for Plaintiff, Bradley D. Sharp,
   Chapter 11 Trustee

8

9                    UNITED STATES BANKRUPTCY COURT

                     CENTRAL DISTRICT OF CALIFORNIA
10
                          LOS ANGELES DIVISION

11 | In re:                                    | Case No.: 23-10990-SK
12 | LESLIE KLEIN,                             | Adv. Case No.: 2:24-ap-01140-SK
13 |          Debtor.                          | Chapter 11
14 | BRADLEY D. SHARP, Chapter 11 Trustee,     | **NOTICE OF MOTION AND MOTION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS; DECLARATION OF JOHN W. LUCAS; AND REQUEST FOR JUDICIAL NOTICE**
15 |          Plaintiff,                        |
16 | v.                                        |
17 | LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING |
18 | TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a |
19 | trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA | Date:  TBD
20 | KLEIN, an individual,                     | Time:  TBD<br>Place:  Courtroom 1575
21 |          Defendants.                       | 255 E. Temple Street<br>Los Angeles, CA 90012

22 **TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE,**

23 **AND TO ALL COUNSEL OF RECORD:**

24          **PLEASE TAKE NOTICE** that on a date and time to be scheduled by the Honorable Sandra

25 Klein, United States Bankruptcy Judge, in Courtroom 1575 of the above-captioned Court, Plaintiff

26 Bradley D. Sharp, as  trustee ("**Plaintiff**" or the "**Trustee**") for the chapter 11 estate of Leslie Klein

27 (the "**Debtor**"), will and hereby does move (the "**Motion**") the Court for entry of summary judgment

28 in the Trustee's favor and against each of the above-captioned defendants, Leslie Klein or the

Debtor, The Second Amended Klein Living Trust (the "**Klein Living Trust**"), the Marital

Deduction Trust of Erika Klein (the "**MDT**"), The Survivor's Trust of Leslie Klein (the "**Survivor's**

**Trust**"), and Barbara Klein ("**Barbara**" and together with the other defendants, the "**Defendants**"

and each individually. a "**Defendant**")[1] on all claims for relief set forth in that certain *First Amended*

*Complaint for Quite Title and Avoidance of Unrecorded Interest in Real Property Located at 322*

*June St., Los Angeles, California* [Adv. Docket No. 6][2] (the "**Complaint**").[3]

The Trustee commenced this action seeking to (i) quiet title, pursuant to section 760.101, *et.*

*seq.* of the California Code of Civil Procedure, of that certain property located at 322 June St., Los

Angeles, California (the "**June St. Property**") in the name of the Debtor and, as such, as property of

the Debtor's estate, (ii) avoid any unrecorded or invalid transfers, pursuant to section 544(a)(3) of

the Bankruptcy Code, of the June St. Property, and (iii) recover the estate's interest in the June St.

Property, pursuant to section 550 of the Bankruptcy Code.  As discussed herein, the Trustee

contends that none of the material facts relevant to this Motion are in dispute and that he is entitled

to judgment, as a matter of law, on all of the claims for relief set forth in the Complaint.

This Motion is based upon this Notice, the Memorandum of Points and Authorities filed

attached hereto, the Declaration of John W. Lucas (the "**Lucas Declaration**") filed

contemporaneously herewith, the Request for Judicial Notice (the "**Request for Judicial Notice**")

filed contemporaneously herewith, the Statement of Uncontroverted Facts (the "**Statement**") filed

contemporaneously herewith, the pleadings and other papers filed in this adversary proceeding and

in the chapter 11 case to which it relates, and such further evidence and argument as may be

presented at or prior to the hearing on the Motion.

---

[1] References herein to the parties by their respective first names are made for ease of reference only.

[2] All references herein to "Bankr. Docket No. ___" are to the docket entries Case No. 23-10990-SK.  All references
herein to "Adv. Docket No. ___" are to the docket entries in Adv. Case No.: 2:24-ap-01140-SK.

[3] All capitalized terms not defined herein have the meanings ascribed to them in the Complaint.

1    **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 7056-

2    1(c), objections and responses, if any, to the Motion shall be filed with the Court and served on

3    Plaintiff's counsel at least twenty-one (21) days prior to the hearing date.

4
     Dated:    September 20, 2024            PACHULSKI STANG ZIEHL & JONES LLP
5

6                                           By    */s/ John W. Lucas*
7                                                 John W. Lucas

8                                                 Attorneys for Plaintiff, Bradley D. Sharp,
                                                  Chapter 11 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................. 1

II. UNCONTROVERTED FACTS ........................................... 2

    A.    The Bankruptcy Case .............................................. 2

    B.    Schedules of Assets and Liabilities ......................... 3

    C.    Barbara Klein and June St. Property ....................... 3

    D.    Debtor's Exemption Regarding June St. Property ..... 4

    E.    The Property Deed .................................................. 4

    F.    The Klein Living Trust, Survivor's Trust, and MDT ..... 4

    G.    The Complaint and Answer ..................................... 7

III. STANDARD FOR SUMMARY JUDGMENT .................... 7

IV. PLAINTIFF IS ENTITLED TO SUMMARY
      JUDGMENT ON THE QUIET TITLE CLAIMS ............. 8

    A.    The Elements of a Quiet Title Claim Have Been Satisfied ............ 8

    B.    Bankruptcy Code Determines What Is Included in the Estate and  State Law
        Determines Whether a Certain Property Interest Is Owned by the Debtor ............ 9

    C.    The Klein Living Trust and the Underlying Trusts Are  "Self-Settled"
        and As Such the June St. Property Is Property of the Debtor's Estate ............... 10

V. The Debtor Admitted the June St. Property is Property of the Estate as Part of his
    Exemptions ................................................................. 13

VI. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS A HYPOTHETICAL
      BONA FIDE PURCHASER UNDER SECTION 544(a)(3) CLAIMS ........................... 17

    A.    Section 544(a)(3) of the Bankruptcy Code Authorizes the  Plaintiff to
        Avoid Barbara Klein's Alleged Life Estate in the June St. Property .................. 18

    B.    Section 544(a) of the Bankruptcy Code Authorizes the  Plaintiff to
        Avoid the MDT's Interest in the June St. Property ............................. 20

    C.    Section 544(a)(3) of the Bankruptcy Code Entitles the  Plaintiff to
        Avoid Survivor's Trust's Alleged Interest the June St. Property ....................... 21

    D.    The Undisputed Facts Indicate That the Trustee Is  Entitled to Recover
        the June St. Property from the  Debtor Pursuant to Section 550 of the
        Bankruptcy Code .................................................. 22

VII. DEFENDANTS' DEFENSES ARE UNSUBSTANTIATED AND
       WITHOUT LEGAL MERIT ....................................... 23

VIII. CONCLUSION ................................................................................................................. 24

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)................................................................8

*Barboza v. New Form, Inc. (In re Barboza)*,
545 F. 3d 702 (9th Cir. 2008) .................................................8

*Bier v. Leisle*,
172 Cal. 432, 435 (1916) ...............................................21, 22

*Butner v. United States*,
440 U.S. 48 (1974).................................................................9

*California Steel & Tube v. Kaiser Steel Corp.*,
650 F.2d 1001 (9th Cir. 1981) ...............................................8

*Cutter v. Seror (In re Cutter)*,
398 B.R. 6, 20 and 21 (B.A.P. 9th Cir. 2008)......................11

*Hamilton v. State Farm Fire & Cas. Co.*,
270 F.3d 778 (9th Cir. 2001) ...............................................15

*Horton v. Kyburz*,
53 Cal. 2d 59, 66 (1959) ......................................................18

*In re Coupon Clearing Service, Inc.*,
113 F.3d 1091 (9th Cir. 1997) ...............................................9

*In re Deuel*,
594 F.3d 1073 (9th Cir. 2010) .............................................23

*In re Farmers Markets, Inc.*,
792 F.2d 1400 (9th Cir. 1986) ...............................................9

*In re Fisher*,
67 B.R. 666 (Bankr. D. Colo. 1986) ....................................19

*In re Heintz*,
198 B.R. 581 (B.A.P. 9th Cir. 1996) ...................................13

*In re MacDonald*,
164 B.R. 325 (Bankr. C.D. Cal. 1994)...................................9

*In re Neuton*,
922 F.2d 1379 (9th Cir. 1990) .............................................10

*In re Salkin*,
526 B.R. 31 (Bankr. C.D. Cal. 2015)...................................10

*In re Seaway Express Corp.*,
912 F.2d 1125 (9th Cir.1990) ..............................................23

*In re Tleel*,
876 F.2d 769 (9th Cir. 1989) ........................................18, 23

*In re Washburn & Roberts, Inc.*,
795 F.2d 870 (9th Cir. 1986) ...............................................18

*In re Witwer*,
148 B.R. 930 (Bankr. C.D. Cal. 1992)..................................10

*Johnson v. Or. Dep't of Human Res.*,
   141 F.3d 1361(9th Cir. 1998) ............................................................... 15

*Melendrez v. D & I Investment, Inc.*,
   127 Cal. App. 4th 1238 (Cal. App. 2005) ............................................. 18

*Metcalf v. Drexel Lending Grp.*, No. 08-CV-00731
   W POR, 2008 U.S. Dist. LEXIS 87420 (S.D. Cal. Oct. 29, 2008) ........... 9

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
   568 F. Supp. 2d 1152 (C.D. Cal. 2008) ................................................ 15

*Moses v. Southern California Permanente Med. Group*,
   167 F.3d 470 (9th Cir. 1999) ............................................................... 10

*Nelson v. California Trust Co.*,
   33 Cal. 2d 501 (Cal. 1949) .................................................................. 11

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ............................................................................ 15

*North Slope Borough v. Rogstad (In re Rogstad)*,
   126 F.3d 1224 (9th Cir. 1997) ............................................................... 7

*Owen v. Owen*,
   500 U.S. 305 (1991) ............................................................................ 13

*Patterson v. Shumate*,
   504 U.S. 753 (1992) ............................................................................ 10

*Perlow v. Perlow*,
   128 B.R. 412 (E.D.N.C. 1991) ............................................................ 19

*Rafftery v. Kirkpatrick*,
   29 Cal. App. 2d 503 (Cal. App. 1938) ................................................. 18

*Summers v. Teichert & Son, Inc.*,
   127 F.3d 1150 (9th Cir.1997) ................................................................ 8

*T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) ................................................................. 8

**STATUTES**

11 U.S.C. § 521(a)(1) ............................................................................... 16

11 U.S.C. § 541 ................................................................................... 9, 10

11 U.S.C. § 544 ....................................................................................... 18

11 U.S.C. § 550 ....................................................................................... 22

**OTHER AUTHORITIES**

3 Harry D. Miller & Marvin B. Starr, *California Real Estate* §§ 8:62, 8:63, 8:65 (2d ed. 1989) ...... 18

Cal. Civ. Code § 1214 ........................................................................ 18, 23

Cal. Civ. Code § 19 ................................................................................ 18

Cal. Prob. Code § 15300 ......................................................................... 10

Cal. Prob. Code § 15304(a) ..................................................................... 11

**RULES**

Fed. R. Civ. P. 56 ..................................................................................... 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The uncontroverted facts make it patently clear that the Debtor owns and controls the property located at 322 June St., Los Angeles, California (the "**June St. Property**") for his benefit and has attempted to exclude this valuable asset from the reach of his creditors. Because the Debtor is a settlor, a trustee with unfettered control of the trust assets, and a beneficiary under the trust that holds title to the June St. Property, any spendthrift clause in the trust document that would otherwise prevent creditors from reaching the June St. Property are unenforceable. The Debtor, as a settlor, trustee, and beneficiary cannot place the June St. Property in a trust, control the June St. Property without any restrictions, and also enjoy the benefits of the June St. Property – all while thwarting creditors. The California Supreme Court has ruled without question that establishment of such trusts cannot be enforced against creditors.

The Debtor has conveniently omitted in the Answer that he sought and obtained a $189,050 exemption with respect to the June St. Property. The Debtor sought to exempt a greater amount; however, the exemption was opposed and the Court limited the exemption to the maximum amount permitted under applicable law. Undercutting the entirety of the Debtor's defense in this adversary proceeding, is the fact that *the U.S. Supreme Court has held that a debtor cannot claim an exemption unless the subject property is in fact property of the estate.* The Debtor is bound by his own conduct and is judicially estopped from taking another position, especially one that is not based on any evidence.

The Defendants contend, without any valid and enforceable written proof, that the June St. Property is owned by a trust that was established by the Debtor and his late spouse, and that Barbara, the Debtor's current spouse, holds a life interest in the June St. Property. However, no valid and enforceable documentation exists that reflects a trust (other than the Debtor's self-settled trust) owns the June St. Property except a premarital agreement between the Debtor and Barbara that was never recorded (as Barbara has admitted) and as such may be avoided by the Trustee pursuant to section 544(a)(3) of the Bankruptcy Code, along with any other unrecorded interest in the June St. Property.

1    By way of the Trustee's Complaint, the Trustee seeks to (i) have the Court quiet title,

2    pursuant to section 760.101 *et. seq.* of the California Civil Procedure, to the June St. Property in the

3    name of the Debtor's estate, (ii) avoid any unrecorded or invalid transfers, pursuant to section

4    544(a)(3) of the Bankruptcy Code, of the June St. Property, and (iii) recover the estate's interest in

5    the June St. Property, pursuant to section 550 of the Bankruptcy Code.

6    As set forth herein, this matter is straightforward. Plaintiff's position is strongly supported by

7    the evidence (including admissions by the Defendants) and ample case law from the Ninth Circuit

8    and the California Supreme Court. Plaintiff's relief seeking to quiet title of the June St. Property in

9    the name of the Debtor's estate should be granted. For the reasons set forth herein, the Plaintiff's

10    motion should be granted based on the uncontroverted facts and controlling law.

11    **II.**

12    **UNCONTROVERTED FACTS**

13    The following uncontroverted facts are supported by the Lucas Declaration and the Statement

14    of Uncontroverted Facts:

15    **A.    The Bankruptcy Case**

16    On February 22, 2023 (the "Petition Date") [Bankr. Docket No. 1], the Debtor commenced a

17    voluntary chapter 11 case in the United States Bankruptcy Court for the Central District of

18    California (Los Angeles Division) Case No. 23-10990-SK (the "Bankruptcy Case").[1]

19    On May 23, 2023, the Office of the United States Trustee (the "OUST") filed a *Notice of*

20    *Appointment of Chapter 11 Trustee* [Docket No. 151].[2] On May 24, 2023, the OUST filed an

21    *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154],[3] which

22    was approved by order entered the same day [Docket No. 155].[4] On that same day, the Trustee

23    accepted his appointment [Docket No. 156],[5] as the chapter 11 trustee of the Debtor's bankruptcy

24    estate.

25

26

27

28

---

[1] Request for Judicial Notice, **Exhibit A**.
[2] Request for Judicial Notice, **Exhibit B**.
[3] Request for Judicial Notice, **Exhibit C**.
[4] Request for Judicial Notice, **Exhibit D**.
[5] Request for Judicial Notice, **Exhibit E**.

**B.      Schedules of Assets and Liabilities**

On March 8, 2023, the Debtor filed his schedules of assets and liabilities ("**Schedules**") and statement of financial affairs (the "**SOFAs**") [Bankr. Docket No. 34].[6]

According to the Debtor, the Schedules reflect that the June St. Property (*i.e.*, the property located at 322 N. June St., Los Angeles, California) is 50% owned by the Debtor's bankruptcy estate, and 50% owned by the MDT of the Debtor's deceased spouse, Erika Klein.[7]

According to the SOFAs, to the question "[w]ithin 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?" the Debtor admitted that *he had not*.[8]

The SOFAs also reflect that the June St. Property is subject to a life estate interest asserted by Barbara Klein ("**Barbara**"), the Debtor's current spouse.[9]

**C.      Barbara Klein and June St. Property**

The Debtor and Barbara entered into a *Premarital Agreement*, dated November 2013 (the "**Premarital Agreement**").[10] The parties to the premarital agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara.[11]

The Debtor and Barbara entered into a certain *First Amendment to Premarital Agreement*, dated November 25, 2015 (the "**Amendment to the Premarital Agreement**"), wherein the Debtor agreed that Barbara "may also live in the house AT [sic] 322 N. June Street where the Parties live during her life time."[12] Like the Premarital Agreement, the parties to the Amendment to the Premarital Agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara.

Barbara admits that the Amendment to the Premarital Agreement was never recorded with the recorder's office in the County of Los Angeles (or any other county) prior to or after the Petition Date.[13]

---

[6] Request for Judicial Notice, **Exhibit F**.
[7] Request for Judicial Notice, **Exhibit F**, Sch. A/B, Pt. 1.1.
[8] Request for Judicial Notice, **Exhibit F**, SOFA Pt. 7.19.
[9] Request for Judicial Notice, **Exhibit F**, Sch. A/B, Pt. 1.1.
[10] *Declaration of John W. Lucas* (the "**Lucas Declaration**,") **Exhibit 1**.
[11] Lucas Declaration, **Exhibit 1**.
[12] Lucas Declaration, **Exhibit 2**.
[13] Lucas Declaration, **Exhibit 3**, Nos. 2 and 3.

**D.**     **Debtor's Exemption Regarding June St. Property**

        As set forth in the SOFAs, the Debtor sought and obtained an exemption with respect to the

June St. Property.[14] The SOFAs reflect that the Debtor sought an exemption in the amount of

$678,397, pursuant to California Code of Civil Procedure § 704.703. *Id.* However, after litigation the

Court limited the Debtor's exemption in the June St. Property to $189,050. *See* [Bankr. Docket No.

141].[15]

**E.**     **The Property Deed**

        The real property deed (the "**June St. Deed**") for the June St. Property reflects that it is

owned by "Leslie Klein and Erika Noemi Klein, as Trustee under the Klein Living Trust of 1975."

(the "**Klein Living Trust of 1975**").[16]

**F.**     **The Klein Living Trust, Survivor's Trust, and MDT**

        **(i)**     **The Klein Living Trust**

        On April 8, 1990, the Debtor and his former spouse, Erika Klein ("Erika"), created the Klein

Living Trust.[17]

        Under the Klein Living Trust, the Debtor and Erika were co-settlors.[18]

        Under the Klein Living Trust, the Debtor and Erika were the co-trustees.[19]

        During the joint lives of the Debtor and Erika, they were the sole income and principal

beneficiaries under the Klein Living Trust.[20]

        On December 12, 2012, Erika died.[21]

        Under the Klein Living Trust, upon Erika's death, the Debtor became the surviving settlor

and assumed the role as the "First Trustee."[22]

        Under the Klein Living Trust, the First Trustee serves as trustee for "all trusts under this

instrument."[23]

---

[14] Request for Judicial Notice, **Exhibit F**, Sch. C, Pt. 1.
[15] Request for Judicial Notice, **Exhibit G**.
[16] Request for Judicial Notice, **Exhibit H**.
[17] Request for Judicial Notice, **Exhibit I**.
[18] Request for Judicial Notice, **Exhibit I**, Art. 1.
[19] Request for Judicial Notice, **Exhibit I**, Art. 1.
[20] Request for Judicial Notice, **Exhibit I**, Art. 2.
[21] Request for Judicial Notice, **Exhibit I**, p. 23.
[22] Request for Judicial Notice, **Exhibit I**, Art. 7.
[23] Request for Judicial Notice, **Exhibit I**, Art. 7.

1    Under the Klein Living Trust, both the Debtor and Erika were sole income and principal

2    beneficiaries.[24]

3    Each of the Defendants (other than Barbara who was not asked the applicable question)

4    admit that the ownership of the June St. Property was continuously held by the Klein Living Trust of

5    1975 and then by the Klein Living Trust when such trust was amended and superseded the Klein

6    Living Trust of 1975.[25]

7    Each of the Defendants (other than Barbara who was not asked the applicable question)

8    represent that the documents memorializing the transfer of the June St. Property from the Klein

9    Living Trust to any other party is reflected on ledgers annexed to the responses to interrogatories,

10    which were not recorded with the recorder's office of Los Angeles County, or any other county.[26]

11    The Defendants admit that the June St. Property is owned by the Klein Living Trust since

12    1990 and prior versions of such trust (*i.e.*, the Klein Living Trust of 1975) since 1977.[27]

13    **(ii)    The Marital Deduction Trust or MDT**

14    Under the Klein Living Trust, the Debtor serves as the First Trustee for the MDT.[28]

15    Under the Klein Living Trust, and all trusts under such instrument, including the MDT, "self-

16    dealing" is permitted.[29]

17    Under the Klein Living Trust, the MDT provides that the Debtor is both the income

18    beneficiary and principal beneficiary.[30]

19    Under the Klein Living Trust, the MDT provides that the First Trustee may use both the

20    income from the MDT and the principal of the MDT for the benefit of the Debtor.[31]

21    Under the Klein Living Trust, the MDT provides that the First Trustee (i.e., the Debtor)

22    "shall pay to or for the income beneficiary all net income of the trust in convenient installments at

23    least annually."[32]

24    _____

25    [24] Request for Judicial Notice, **Exhibit I**, Art. 2.
[25] Lucas Declaration, **Exhibit 4**, No. 3.
[26] Lucas Declaration, **Exhibit 5**, No. 1.

26    [27] Lucas Declaration, **Exhibit 5**, No. 1.
[28] Request for Judicial Notice, **Exhibit I**, Art. 7.

27    [29] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 15.
[30] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 10.

28    [31] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.
[32] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.

1    Under the Klein Living Trust, the MDT provides that the First Trustee (i.e., the Debtor)

2    "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal

3    beneficiary's health, education, or support to maintain the principal beneficiary's accustomed

4    manner of living."[33]

5    **(iii)    The Survivor's Trust**

6    Under the Klein Living Trust, the Debtor serves as the First Trustee for the Survivor's

7    Trust.[34]

8    Under the Klein Living Trust, and all trusts under such instrument, including the Survivor's

9    Trust, "self-dealing" is permitted.[35]

10    Under the Klein Living Trust, the Survivor's Trust provides that the Debtor is both the

11    income beneficiary and principal beneficiary.[36]

12    Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee may use

13    both the income from the Survivor's Trust and the principal of the Survivor's Trust for the benefit of

14    the Debtor.[37]

15    Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay

16    to or for the income beneficiary as much of the net income as the trustee considers necessary for the

17    income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a

18    minimum the income beneficiary's accustomed manner of living."[38]

19    Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay

20    to or for the principal beneficiary as much of the principal as is necessary for the principal

21    beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum

22    the principal beneficiary's accustomed manner of living."[39]

23

24

25

26    [33] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.
[34] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 14.
[35] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 15.

27    [36] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 8-9.
[37] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.

28    [38] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.
[39] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.

(iv)     **The Management Powers of the Trustee(s) Under the Klein Living**

Under the Klein Living Trust, the MDT, Survivor's Trust, and any other trust created under

the Klein Living Trust, the trustee thereunder has the power to:  (a) retain or abandon any property

held by the trust (including the June St. Property) and (b) manage, control, grant options on, sell (for

cash or on deferred payments with or without security), convey, exchange, partition, divide,

improve, and repair trust property (including the June St. Property).[40]

(v)      **The Spendthrift Clause**

The Klein Living Trust contains a "spendthrift" clause (the "**Spendthrift Clause**") that

purports to limit or exclude the trust "res" from the reach of creditors to pay their claims.[41]

**G.     The Complaint and Answer**

On May 29, 2024, the Plaintiff filed the Complaint [Adv. Docket No. 6] and commenced this

adversary proceeding.[42]

On July 12, 2024, each of the Defendants filed a consolidated answer (the "**Answer**") to the

Complaint [Adv. Docket No. 21].[43]  In the Answer, the Defendants represent that the Survivor's

Trust transferred its 50% interest in the June St. Property to the MDT.[44]

**III.**

**STANDARD FOR SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure applies in this adversary proceeding.  *See*

Fed. R. Bankr. P. 7056.  Under Rule 56, "[t]he court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law."  Fed. R. Civ. P. 56.  Summary judgment is available under Bankruptcy Rule

7056 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  *North Slope Borough v. Rogstad (In re*

*Rogstad)*, 126 F.3d 1224, 1227 (9th Cir. 1997).

---

[40] Request for Judicial Notice, **Exhibit I**, Art. 8, p. 16.
[41] Request for Judicial Notice, **Exhibit I**, Art. 10, p. 22.
[42] Request for Judicial Notice, **Exhibit J**.
[43] Request for Judicial Notice, **Exhibit K**.
[44] Request for Judicial Notice, **Exhibit K**, Para. 11.

1    "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary

2    judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

3    1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Rather, following the

4    filing of "a properly submitted summary judgment motion, the burden shifts to the opposing party to

5    set forth specific facts showing that there is a genuine issue for trial." *Barboza v. New Form, Inc. (In*

6    *re Barboza)*, 545 F. 3d 702, 707 (9th Cir. 2008). The opposing party cannot simply assert the "mere

7    existence of some alleged factual dispute between the parties" (*Liberty Lobby*, 477 U.S. at 247-48),

8    nor can it "rest upon the mere allegations or denials" in the pleadings. *Id.*[45] Thus, "[f]or an issue to

9    be 'genuine,' there must be evidence such that a reasonable jury could reach a verdict in favor of the

10   nonmoving party." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997) (citing

11   *Liberty Lobby*, 477 U.S. at 250)).

12       Substantive law determines which facts are material for purposes of summary judgment.

13   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment will not lie if the

14   dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could

15   return a verdict for the nonmoving party." *Id*. The court must view all the evidence in the light most

16   favorable to the nonmoving party. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The court may

17   not evaluate the credibility of a witness or weigh the evidence. *California Steel & Tube v. Kaiser*

18   *Steel Corp.*, 650 F.2d 1001, 1003 (9th Cir. 1981).

19                                          **IV.**

20   **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE QUIET TITLE CLAIMS**

21   **A.    The Elements of a Quiet Title Claim Have Been Satisfied**

22       To state a claim for quiet title, a complaint must include (1) the subject property's

23   description, including both its legal description and its street address or common designation; (2)

24

---

25   [45] In *Liberty Lobby*, a Georgia politician sued Liberty Lobby, Inc. for defamation stemming from an article in their
     magazine *The Spotlight* that falsely associated him with the Communist Party. *Id.* The Court vacated the partial

26   summary judgment in favor of the petitioners and remanded the case due to the incorrect application of the standard of
     review: the plaintiff was compelled to provide specific facts showing actual malice in order to survive the defendant's

27   motion for summary judgment. *Id. Accord*, *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968) (holding that
     in response to the defendant's amply supported motion for summary judgment, plaintiff could not rely solely on his

28   allegations of a conspiracy to get to a jury without "any significant probative evidence tending to support the
     complaint.").

plaintiff's alleged title to the property; (3) the adverse claims against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title against the adverse claims. *Metcalf v. Drexel Lending Grp.*, No. 08-CV-00731 W POR, 2008 U.S. Dist. LEXIS 87420, *14 (S.D. Cal. Oct. 29, 2008).

The June St. Property is specifically described in the Complaint.[46]   The Complaint describes who the Trustee believes currently owns the June St. Property (*i.e.*, the Debtor).[47]   The Complaint describes the adverse claims for which a determination is sought (*i.e.*, the MDT).[48]   The Complaint seeks a determination as of the Petition Date that the Debtor's estate owns the June St. Property.[49] The Complaint includes a prayer for the determination of title against the adverse claims (*i.e.*, neither the MDT or any other party, other than the Debtor's estate, holds a valid interest in the June St. Property).[50]

As reflected in the Complaint and herein, the Plaintiff's claim for quiet title is proper and ripe for determination by the Court.

**B.    The Bankruptcy Code Determines What Is Included in the Estate and State Law Determines Whether a Certain Property Interest Is Owned by the Debtor**

Federal bankruptcy law governs the extent to which a debtor's property is included in the bankruptcy estate. *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1986); *In re MacDonald*, 164 B.R. 325, 328 (Bankr. C.D. Cal. 1994).  Section 541(a) of the Bankruptcy Code expressly provides that property of the estate includes, *inter alia*, "(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a). However, state law determines whether a particular right, power or interest is "property" and the nature and extent of the debtor's interest therein.  *Butner v. United States*, 440 U.S. 48, 54 (1974); *In re Coupon Clearing Service, Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997).

---

[46] Request for Judicial Notice, **Exhibit J**, ¶¶ 3, 15, and Exhibit C thereto
[47] Id. at ¶ 15.
[48] Id. at ¶¶ 3 and 17-19.
[49] Id. at ¶ 4.
[50] Id. at p. 5, ¶¶ 1-3.

**C.    The Klein Living Trust and the Underlying Trusts Are**
**"Self-Settled" and As Such the June St. Property Is Property of the Debtor's Estate**

The June St. Property is owned by the Debtor and is property of the Debtor's bankruptcy estate. Any of the alleged trusts that are asserted to own the June St. Property (*e.g.*, the Klein Living Trust, the Survivor's Trust, or the MDT) are each "self-settled" (*i.e.*, the Debtor is the beneficiary of such trusts, the trustee for each trust, and as trustee has unfettered control and discretion over the assets of each trust). A "self-settled" trust is <u>statutorily</u> precluded from shielding the June St. Property (or any other assets) from creditors with claims against the Debtor by virtue of the Spendthrift Clause.

Upon the filing of a petition under the Bankruptcy Code, an estate is created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a) (1988); *Moses v. Southern California Permanente Med. Group*, 167 F.3d 470, 473 (9th Cir. 1999). Section 541 of the Bankruptcy Code, however, excludes from the estate property that contains a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2); *Moses*, 167 F.3d at 473. Under section 541(c)(2) of the Bankruptcy Code, an anti-alienation provision in a valid spendthrift trust created under state law is an enforceable "restriction on the transfer of a beneficial interest of the debtor" and thus serves to exclude the trust corpus from the bankruptcy estate. *Patterson v. Shumate*, 504 U.S. 753, 757-58 (1992).

California law recognizes the validity of spendthrift trusts. *In re Neuton*, 922 F.2d 1379 (9th Cir. 1990) (citing Cal. Prob. Code §§ 15300 *et seq.*). However, the critical inquiry in determining the validity and enforceability of a spendthrift clause under California law is whether the trust's beneficiaries exercise excessive control over the trust. *See, e.g., In re Salkin*, 526 B.R. 31 (Bankr. C.D. Cal. 2015); *In re Witwer*, 148 B.R. 930, 937 (Bankr. C.D. Cal. 1992). As will be shown here, California law does not allow a participant with excessive control over his or her trust to shield that trust with an anti-alienation provision lacking true substance.

Under California law, a settlor of a trust containing a spendthrift clause cannot also act as beneficiary of that trust and use such clause to prevent creditors from reaching the trust's corpus to

pay their claims.  Cal. Prob. Code § 15304(a).  A trust where the settlor acts as the beneficiary is commonly referred to as a "self-settled" trust.  In this context, California law **voids** spendthrift clauses in self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time still reaping the bounties of such property as a beneficiary of the trust.  *Nelson v. California Trust Co.*, 33 Cal. 2d 501, 202 P.2d 1021, 1021 (Cal. 1949) (holding that where a debtor was the sole beneficiary under a trust, all the property in the trust is subject to the claims of the debtor's creditors).

In *Salkin*, a husband and wife were co-settlers of their living trust and also served as co-trustees during their lifetime.  *Salkin*, 526 B.R. at 33.  The husband and wife were income and principal beneficiaries under the trust.  *Id.*  After the husband's death, the wife continued to serve as trustee under the trust and remained as an income and principal beneficiary under the trust.  *Id.*  The trust included a "spendthrift" provision that precluded any beneficiary from alienating, encumbering or hypothecating his or her interest in Trust principal or income and precluding such interest from becoming subject to claims of such beneficiary's creditors.  *Id.*  The court held that the income and principal in the trust were property of the debtor's (*i.e.*, the wife's) estate because section 15304(a) of the California Probate Code renders the spendthrift provision of the trust unenforceable against a transferee (in this case the chapter 7 trustee) or a creditor of the beneficiary.  *Id.* at 33 and 34.  Further, the court held that all of the assets of the trust were property of the estate because the debtor as the trustee of the trust was permitted to control the trust's assets.  *Id.* at 34.

Similarly, in *Cutter v. Seror* (*In re Cutter*), 398 B.R. 6, 20 and 21 (B.A.P. 9th Cir. 2008), the court held that because the debtor had access to potentially all of the trust's assets and income to maintain his standard of living and possessed the power to "invade" the corpus of the trust, and the right, at his sole discretion, to make distributions to provide for his health, education, or support and maintenance in his customary standard of living that the spendthrift clause in the trust was not enforceable against his creditors.

Here, the facts are substantially similar, if not identical, to the facts in *Salkin* and *Cutter*.  The Debtor and Erika were co-settlors of the Klein Living Trust.[51]  Under the Klein Living Trust, the

---

[51] Request for Judicial Notice, **Exhibit I**, Art. 1.

Debtor and Erika served as co-trustees and during their lives were both income and principal

beneficiaries.[52]  After Erika's death, the Debtor continued in his capacity as trustee "[f]or all trusts

under this instrument . . ."[53]  Other than the creditors' trust (which does not claim any interest in the

June St. Property), the Debtor is the trustee, income beneficiary, and principal beneficiary under the

Klein Living Trust and all trusts created thereunder.[54]

The Debtor as trustee under the Klein Living Trust, Survivor's Trust, and the MDT, is

authorized to "self-deal" permitting him as the trustee under each of the applicable trusts to loan

money to the trust and encumber trust property for the purpose of securing such loans, purchase and

exchange assets, and abandon and sell assets of the applicable trusts.[55]  Further, the Klein Living

Trust, Survivor's Trust, and the MDT each provided the trustee of those trusts (*i.e.*, the Debtor)

unfettered discretion to distribute assets of the applicable trust to the income and principal

beneficiary, who is also the Debtor.[56]

Accordingly, based on the foregoing controlling law and undisputed facts, the Court should

enter summary judgment in the Trustee's favor with respect to the First Claim for Relief and

quieting title of the June St. Property in the name of the Debtor's bankruptcy estate. First, the June

St. Deed reflect that the June St. Property is owned by the Klein Living Trust.[57] Second, Defendants

admit that the June St. Property is owned by the Klein Living Trust since 1990 and prior versions of

such trust (*i.e.*, the Klein Living Trust of 1975) since 1977.[58] Third, there are no other valid and

enforceable documents reflecting that the June St. Property is owned by any other party than the

Klein Living Trust. Fourth, the Debtor is the settlor, trustee, and income and principal beneficiary

under the Klein Living Trust who has unfettered discretion to dispose of the assets held by the Klein

Living Trust thereby precluding the enforcement of the Spendthrift Clause in the Klein Living

Trust.[59] As a result, the June St. Property is property of the Debtor's estate.

---

[52] Request for Judicial Notice, **Exhibit I**, Art. 1 and Art. 2.

[53] Request for Judicial Notice, **Exhibit I**, Art. 7.

[54] Request for Judicial Notice, **Exhibit I**, Art. 2, Art. 4, and Art. 5.

[55] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 15.

[56] Request for Judicial Notice, **Exhibit I**, Art. 8, p. 16.

[57] Request for Judicial Notice, **Exhibit H**.

[58] Lucas Declaration, **Exhibit 5**, No. 1.

[59] Request for Judicial Notice, **Exhibit I**, Art. 1., Art. 2, and Art. 7.

1    Even if it is assumed that it is owned by MDT or the Survivor's Trust (and the Trustee is not

2  making such concession), each such trust is "self-settled" because the Debtor was the settlor of Klein

3  Living Trust[60] and is the trustee[61] and income and principal beneficiary under such trusts,[62] with

4  unfettered discretion of control of the assets (including the June St. Property) for the Debtor's

5  benefit.[63] Like the applicability of the Spendthrift Clause to the Klein Living Trust, such clause is

6  not enforceable against the Debtor's creditors because even if the June St. Property is owned by

7  either the MDT or Survivor's Trust such trusts are self-settled and their assets (i.e., the June St.

8  Property) are property of the Debtor's estate.

9                                         **V.**

10  **The Debtor Admitted the June St. Property is Property of the Estate as Part of his Exemptions**

11    In further support of the Plaintiff's quiet title claim, the Debtor's actions, admissions, and the

12  relief he obtained from the Court with respect to his homestead exemption regarding the June St.

13  Property further demonstrate that the June St. Property is property of the Debtor's estate.

14    The Supreme Court of the United States held that "[n]o property can be exempted (and

15  thereby immunized), however, **unless it first falls within the bankruptcy estate**." *Owen v. Owen*,

16  500 U.S. 305, 308 (1991) (superseded by statute on unrelated finding) (emphasis added); *In re*

17  *Heintz*, 198 B.R. 581, 585 (B.A.P. 9th Cir. 1996) (holding that an exemption removes property from

18  the debtor's estate).

19    In the Answer, Defendants take the untenable position that the entire ownership interest in

20  the June St. Property is held by the MDT.[64] By the Answer, Defendants assert that:

21
Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as
22        trustee of the Survivor's Trust, all of the Survivor's Trust's 50%
interest in the June Property as a bona fide purchaser for value. As a
23        result, Leslie Klein, as trustee of the MDT, owns all right, title and
interest in the June Street Property and neither the Survivor's Trust nor
24        the bankruptcy estate holds any interest in the June Street property,
except for Leslie Klein's life estate.
25

26  _____

27  [60] Request for Judicial Notice, **Exhibit I**, Art. 1.
   [61] Request for Judicial Notice, **Exhibit I**, Art. 7.
   [62] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 10 and Art. 4, p. 8-9.
28  [63] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9, Art. 5, p. 11, and Art. 8, p. 16.
   [64] Request for Judicial Notice, **Exhibit K**, Para. 11.

1    Without any support or written verification, Defendants assert that the June St. Property is

2 wholly owned by the MDT and not part of the Debtor's estate. While the Debtor's and the other

3 Defendants' assertions are not credible, they are impossible. The Debtor already sought and obtained

4 an exemption (up to the maximum amount permitted by law) with respect to the entirety of the June

5 St. Property.[65] As recognized by the U.S. Supreme Court in *Owen*, this Court could not have

6 approved the Debtor's exemption of the June St. Property (in whole or part) unless the June St.

7 Property was in fact property of the Debtor's estate. *Owen*, 500 U.S. at 308.

8    The Defendants contend that recordation of the Klein Living Trust in April 2013[66] (after

9 Erika's death in December 2012) provides the necessary recordation to preserve the asserted senior

10 rights the MDT with respect to the June St. Property. However, in the SOFAs, the Debtor

11 represented to the Court, under penalty of perjury, that in the ten years prior to the Petition Date (ten

12 years prior to the Petition Date is February 22, 2013, i.e., before the recordation of the Klein Living

13 Trust) that he had not transferred any property to a "self-settled" trust or any other similar party.[67]

14    In short, the Debtor is intentionally attempting to deceive the Court and the other parties in

15 this case about his representations regarding the June St. Property and he cannot keep straight his

16 "evolving" story in his futile attempt to hold onto the June St. Property. The Debtor's and the other

17 Defendants' conduct here should not and cannot be rewarded. The Debtor has conveniently omitted

18 that he sought and obtained an exemption with respect to the June St. Property. The Debtor also fails

19 to understand the conclusions and findings of obtaining an exemption with respect to any property

20 (*i.e.*, it must first be property of the estate) and the representations he made with respect to all his

21 assets.

22    The Defendants have not produced any documents that could be construed or interpreted as

23 transferring the June St. Property from the Klein Living Trust to any other trust or party. Under

24 California law, Civil Code section 1092 provides that a grant of an estate in real property may be

25 made by providing in substance: "I, A B, grant to C D all that real property . . . ." The operative and

26 essential element of such a deed has long been held to be the word "grant." *Klamath Land & Cattle*

---

[65] Request for Judicial Notice, **Exhibit G**.
[66] Request for Judicial Notice, **Exhibit I**.
[67] Request for Judicial Notice, **Exhibit F**, SOFA Pt. 7.19.

*Co. v. Roemer*, 12 Cal. App. 3d 613, 618 (Cal. App. 1970) (holding that in California the word "grant" has been used to the transfer of all estates in real property, and not solely estates in fee simple, since some time prior to 1845).

No Defendant produced any writing that reflects there was a grant of the fee simple interest in the June St. Property to any other Defendant, or any other party for that matter. Thus, the Debtor and the other Defendants' attempted manipulation of the facts falls flat because they cannot demonstrate, as they must, that there was a transfer of the June St. Property in whole or in part.

As a result, and on account of the Debtor's request for and the relief obtain for his homestead exemption, the Debtor should be judicially estopped from arguing that the June St. Property is not property of the Debtor's estate. Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, which precludes a party from gaining an advantage by asserting one position and subsequently taking a clearly inconsistent position. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The doctrine applies to prevent a party from asserting inconsistent positions in different cases, as well as in a single litigation. *Id.* at 783. The Supreme Court has identified three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's position is "clearly inconsistent" with its earlier position; (2) whether the first court accepted the party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). "In addition to these factors, the Ninth Circuit examines whether the party to be estopped acted inadvertently or with any degree of intent." *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1164 (C.D. Cal. 2008) (internal quotation marks omitted). "If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." *Johnson v. Or. Dep't of Human Res.*, 141 F.3d 1361, 1369 (9th Cir. 1998).

The application of judicial estoppel in the bankruptcy setting is important "to protect the integrity of the bankruptcy process," for "[t]he debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets." *Hamilton*, 270 F.3d at 785. Further, because the Bankruptcy Code subjects debtors to a continuing

duty to disclose all pending and potential claims, *see* 11 U.S.C. § 521(a)(1), judicial estoppel bars a plaintiff from pursuing a claim that the plaintiff failed to disclose in his bankruptcy proceeding even when the claim arose after the bankruptcy petition was initially filed, see Hamilton, 270 F.3d at 785. Indeed, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784; *see also Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 272-73 (9th Cir. 2013) (applying "a presumption of deliberate manipulation" where "a plaintiff-debtor has not reopened bankruptcy proceedings" and "filed amended bankruptcy schedules that properly listed this claim as an asset").

All factors have been satisfied here as outlined in by the Supreme Court in *New Hampshire v. Maine*. First, the Debtor sought an exemption with respect to the June St. Property and obtained an exemption in the amount of $189,050, which under the circumstances is the maximum amount permitted under California law and the Bankruptcy Code. The Debtor could not have obtained such exemption under the June St. Property is property of the estate. Now, as set forth in the Answer, Defendants contend, without any evidence and in response to the Trustee's action to obtain control of the June St. Property and sell it, that the MDT owns 100% of the June St. Property.[68]

Second, the Trustee believes that it is more than fair to say that this Court accepted the Debtor's position in this case that the June St. Property is property of the Debtor's estate given that the Debtor obtained relief from the Court in the form of an exemption in the amount of $189,050. Now that the Trustee is seeking to obtain control of the June St. Property the Debtor is continuing to change his story regarding the ownership of the June St. Property.

Third, the Debtor (who is really the true defendant in this adversary proceeding) would gain an unfair advantage if he is permitted to take inconsistent positions that are contrary to positions taken under penalty of perjury. Again, the Debtor has offered no evidence to support his unsubstantiated assertions that the MDT is the sole owner of the June St. Property even when such

---

[68] It should be noted that the Debtor made a similar argument regarding the MDT's ownership of Bay Area Development Company in connection with the Trustee's actions to sell the Debtor's equity interest in such company (*i.e.*, the MDT owns Bay Area Development not the Debtor's bankruptcy estate. *See, e.g.*, [Bankr. Docket Nos. 749 and 750] and the Trustee's response thereto. [Bankr. Docket No. 754].

property had to be property of the estate for him to obtain the relief from this Court regarding the homestead exemption. To let such a specious argument prevail now would prevent the Trustee from obtaining control of the June St. Property so that he can the property, subject to Court approval, and retain the proceeds in excess of the $189,050 exemption that the Debtor fought to preserve.

Accordingly, based on the foregoing controlling law and undisputed facts, the Court should enter summary judgment in the Trustee's favor with respect to the First Claim for Relief and quieting title of the June St. Property in the name of the Debtor's bankruptcy estate because the Debtor sought and obtained an homestead exemption, which could have only been granted if the June St. Property was property of the estate. Moreover, there are no documents evidencing a transfer of ownership of the June St. Property in accordance with California law.

## VI.

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS A HYPOTHETICAL BONA FIDE PURCHASER ON HIS SECTION 544(a)(3) CLAIMS

The Defendants contend that Barbara holds an interest in the June St. Property that is not subject to avoidance. To the extent Barbara holds any interest in the June St. Property, such interest is neither memorialized in writing nor recorded in the local county recorder's office as required by California law. As a result, the Trustee is a *bone fide* purchaser for value holding a senior and perfected interest in the June St. Property and may avoid whatever junior and unrecorded interest that Barbara might hold.

The Defendants have failed produce any written and recorded documentation, as required by California law, that shows the MDT or any other trust owns an interest in the June St. Property. As above, the Trustee, as a *bone fide* purchaser for value, holds a senior and perfected interest in the June St. Property and may avoid whatever junior and unrecorded interest that the MDT or any other trust might hold in the June St. Property.

A debtor or a bankruptcy trustee on behalf of a debtor's estate holds "strong arm powers" provided by section 544(a)(3) of the Bankruptcy Code empowering the trustee to avoid transfers of or against real property that would be junior under state law to a *bona fide* purchaser for value. Section 544(a)(3) provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—A bona fide purchaser of all real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that attains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

A bankruptcy court looks to state law to determine the rights of a *bone fide* purchaser for value. *In re Washburn & Roberts, Inc.*, 795 F.2d 870, 872 (9th Cir. 1986). Under California law,

> Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action.

Cal. Civ. Code § 1214.

The terms "valuable consideration" or "for value" do not necessarily mean "fair market value" but value that is not nominal in nature. *Horton v. Kyburz*, 53 Cal. 2d 59, 66 (1959); *Melendrez v. D & I Investment, Inc.*, 127 Cal. App. 4th 1238, 1251 (Cal. App. 2005).

Under California law, a *bona fide* purchaser without actual or constructive notice takes free of a prior equitable interest or constructive trust interest. *In re Tleel*, 876 F.2d 769, 771-72 (9th Cir. 1989); *Raffiery v. Kirkpatrick*, 29 Cal. App. 2d 503, 507-508 (Cal. App. 1938). Section 544(a)(3) of the Bankruptcy Code makes a trustee's actual knowledge irrelevant. A purchaser of real estate for value without constructive notice of a prior interest is given status as a *bona fide* purchaser. *Tleel*, 876 F.2d at 772. Constructive notice in the context of real estate is provided by recordation of interests against the property. Cal. Civ. Code §§ 19, 1214; 3 Harry D. Miller & Marvin B. Starr, *California Real Estate* §§ 8:62, 8:63, 8:65 (2d ed. 1989).

**A.    Section 544(a)(3) of the Bankruptcy Code Authorizes the Plaintiff to Avoid Barbara Klein's Alleged Life Estate in the June St. Property**

As a *bona fide* purchaser for value, section 544(a)(3) provides the Trustee with a senior ownership interest in the June St. Property because as of the Petition Date, the Debtor, through the

Klein Living Trust, owned (and continues to own) 100% of the June St. Property. To the extent that

Barbara had any interest in the June St. Property pursuant to the Amendment to the Premarital

Agreement, such interest was unrecorded as of the Petition Date.[69] As a result, the Trustee, on behalf

of the Debtor's estate, may avoid the unrecorded interest that Barbara might hold in the June St.

Property because the Trustee as a *bona fide* purchaser holds a senior and perfected interest in the

June St. Property under section 544(a)(3) of the Bankruptcy Code .

 Agreements regarding the formation or dissolution of a marriage that affect real property are

not enforceable against a bankruptcy estate unless the rights under such agreement are perfected by

recordation in accordance with applicable state law. *See, e.g.*, *Perlow v. Perlow*, 128 B.R. 412, 415

(E.D.N.C. 1991) (a court approved marital dissolution agreement that provided a spouse with an

interest in real property may be avoided under section 544(a)(3) of the Bankruptcy Code if it is not

recorded prior to the debtor/former spouse's bankruptcy); *In re Fisher*, 67 B.R. 666, 669 (Bankr. D.

Colo. 1986) (same).

 The Trustee, as a hypothetical *bona fide* purchaser for value of the June St. Property (as of

the Petition Date) when looking at the duly recorded real estate records of the June St. Property

would not have had constructive notice of Barbara's alleged interest in the June St. Property because

the Amendment to the Premarital Agreement was never recorded.[70] The only and the most recently

recorded deed relating to the June St. Property reflects that on or about July 8, 1977, the June St.

Property was granted to Leslie Klein and Erika Noemi Klein, as Trustees under the Klein Living

Trust of 1975, which as amended is now the Klein Living Trust.[71]

 Barbara and the other Defendants have not produced any other documents reflecting

Barbara's interest in the June St. Property. To the extent there are any other documents, they are not

recorded in accordance with California law, which means any such interest is junior to the estate's

and may be avoided. Thus, the Trustee, pursuant to 11 U.S.C. § 544(a)(3), holding the rights and

powers of a *bona fide* purchaser of real property as of the Petition Date may avoid the unrecorded

---

[69] Lucas Declaration, **Exhibit 3**, Nos. 2 and 3.
[70] Lucas Declaration, **Exhibit 3**, Nos. 2 and 3.
[71] Request for Judicial Notice, **Exhibit H** and Lucas Declaration, **Exhibit 5**, No. 1.

interests in the June St. Property under the Amendment to the Premarital Agreement and any other

agreements written or oral that might exist but were not produced by the Defendants.

**B.**     **Section 544(a) of the Bankruptcy Code Authorizes the**
           **Plaintiff to Avoid the MDT's Interest in the June St. Property**

As a *bona fide* purchaser for value, section 544(a)(3) provides the Trustee with a senior

ownership interest in the June St. Property because at the time the petition was filed, the Debtor,

through the Klein Living Trust, owned 100% of the June St. Property.  The Debtor will surely argue

that the Trustee is not a *bona fide* purchaser for value under section 544(a)(3) of the Bankruptcy

Code because he alleges that the Property is entirely owned by the MDT, which was purportedly

created and funded in connection with the death of Erika Klein on or around December 2012.[72]

However, the Trustee is not aware nor was there anything produced by the Defendants reflecting that

the MDT was granted any interest in the June St. Property.[73]  Even if there was a valid and

enforceable writing, it was never recorded and as a result may be avoided by the Trustee.

The Debtor admitted in the SOFAs that in the ten years prior to the Petition Date he had not

transferred any property from his estate to a self-settled trust or similar type of trust.[74] The Klein

Living Trust, the MDT, and Survivor's Trust are self-settled trusts (*i.e.*, it was created by the Debtor,

administered by the Debtor as trustee, and the Debtor is the sole income and principal beneficiary of

the MDT).[75] Under penalty of perjury, the Debtor represented to the Court that he had not transferred

any interest in real property to a trust.  Now that the Trustee is seeking to quiet title of the June St.

Property or avoid the transfer, the Debtor contends that the estate's interest in the June St. Property

was transferred to the MDT. There is no valid and enforceable documentation reflecting that the

June St. Home is owned by any other party than the Klein Living Trust.

As stated above, the Trustee, on behalf of the estate, holds a senior and perfected ownership

interest in the June St. Property because the alleged MDT's interest in the Property is not

memorialized in a valid and enforceable writing and recorded in accordance with applicable law.

Under California law, "No trust in relation to real property is valid unless created or declared:  1. By

---

[72] Lucas Declaration, **Exhibit K**, Para. 11.
[73] *See* Sections IV and V, *supra*, regarding the transfer requirements of real property under California law.
[74] Request for Judicial Notice, **Exhibit F**, SOFA Pt. 7.19.
[75] Request for Judicial Notice, **Exhibit I**, Art. 2, Art. 4, and Art. 5.

a written instrument, subscribed by the trustee, or by his agent thereto authorized by writing; 2. By the instrument under which the trustee claims the estate affected; or, 3. By operation of law." *Bier v. Leisle*, 172 Cal. 432, 435 (1916). Debtor has not proffered any writing to substantiate that the MTD owns all or any interest in the June St. Property nor has Debtor produced any other documents that reflect an ownership in the June St. Property that cannot be avoided by the Trustee.

Further, even if there is a writing that purports to convey the June St. Property to the MDT, that writing is not valid and enforceable and not recorded and is thus avoidable by the Trustee. The Trustee, as a hypothetical *bona fide* purchaser for value of the June St. Property (as of the Petition Date) when looking at the duly recorded real estate records of the June St. Property would not have had constructive notice of the MDT's alleged interest in the June St. Property because it was never recorded.

**C.     Section 544(a)(3) of the Bankruptcy Code Entitles the
        Plaintiff to Avoid Survivor's Trust's Alleged Interest the June St. Property**

As a bona fide purchaser for value, section 544(a)(3) provides the Trustee with a senior ownership interest in the June St. Property because at the time the petition was filed, the Debtor, through the Klein Living Trust owned 100% of the June St. Property. Debtor will surely argue that the Trustee is not a *bona fide* purchaser for value under section 544(a)(3) of the Bankruptcy Code because he alleges that the Property is entirely owned by the MDT, which was purportedly created and funded in connection with the death of Erika Klein on or around December 2012 as a successor to the Klein Living Trust.[76]

However, Debtor admitted in the SOFAs that in the ten years prior to the Petition Date he had not transferred any property from his estate to a self-settled trust or similar type of trust.[77] The Survivor's Trust is a self-settled trust (*i.e.*, it was created by the Debtor, administered by the Debtor as trustee, and the Debtor is the sole income and principal beneficiary of the MDT).[78] Under penalty of perjury, the Debtor represented to the Court that he had not transferred any interest in real property to a trust. Now that the Trustee is seeking to quiet title of the June St. Property or avoid the

---

[76] Lucas Declaration, **Exhibit K**, Para. 11.
[77] Request for Judicial Notice, **Exhibit F**, SOFA Pt. 7.19.
[78] Request for Judicial Notice, **Exhibit I**, Art. 4.

1    transfer, the Debtor contends that the estate's interest in the June St. Property was transferred to the

2    MDT. There is no valid and enforceable documentation reflecting that the June St. Home is owned

3    by the MDT or any other trust created under the Klein Living Trust.

4         The Trustee maintains a senior ownership interest in the June St. Property because the

5    alleged Survivor's Trust interest in the Property is not memorialized in writing and recorded in

6    accordance with appliable law.  Under California law, "No trust in relation to real property is valid

7    unless created or declared: 1. By a written instrument, subscribed by the trustee, or by his agent

8    thereto authorized by writing; 2. By the instrument under which the trustee claims the estate

9    affected; or, 3. By operation of law." *Bier v. Leisle*, 172 Cal. 432, 435(1916).  Debtor has not

10   proffered any writing to substantiate that the Survivor's Trust owns all or any interest in the June St.

11   Property nor has Debtor produced any other documents that reflect an ownership in the June St.

12   Property that cannot be avoided by the Trustee.

13        Further, even if there is a valid and enforceable writing that purports to convey the June St.

14   Property to the Survivor's Trust, that writing was not recorded and is thus voidable by the Trustee.

15   The Trustee, as a hypothetical *bona fide* purchaser for value of the June St. Property (as of the

16   Petition Date) when looking at the duly recorded real estate records of the June St. Property would

17   not have had constructive notice of the Survivor's Trust alleged interest in the June St. Property

18   because it was never recorded.

19   **D.    The Undisputed Facts Indicate That the Trustee Is Entitled to Recover the June St.
         Property from the Debtor Pursuant to Section 550 of the Bankruptcy Code**
20

21        Section 550 of the Bankruptcy Code sets forth that:

22             to the extent that a transfer is avoided under section 544. . .
               [or] 548 . . . of this title, the trustee may recover, for the
23             benefit of the estate, the property transferred, or, if the court so
               orders, the value of such property, from - . . . the initial
24             transferee of such transfer or the entity for whose benefit such
               transfer was made ….
25

26   11 U.S.C. § 550.

27        Indisputably, as discussed above, the Trustee believes that the Debtor's estate owns the entire

28   June St. Property.  However, to the extent that Barbara, MDT, or the Survivor's Trust hold any

interest in the June St. Property, the Trustee, pursuant to section 550 of the Bankruptcy Code, is entitled to recovery the June St. Property from any of the foregoing Defendants. The Trustee requests that the Court enter an order accordingly, granting the Trustee summary judgment entitling the Trustee to recover the June St. Property from any of the foregoing Defendants.

## VII.

## DEFENDANTS' DEFENSES ARE UNSUBSTANTIATED AND WITHOUT LEGAL MERIT

All asserted Affirmative Defenses are irrelevant and/or invalid:

Defense (¶ 11): "Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest in the June Property as a bona fide purchaser for value. As a result, Leslie Klein, as trustee of the MDT, owns all right, title and interest in the June Street Property and neither the Survivor's Trust nor the bankruptcy estate holds any interest in the June Street property, except for Leslie Klein's life estate."

Plaintiff's Response:

The rights of a bona fide purchaser are defined by state law. *In re Tleel*, 876 F.2d 769, 772 (9th Cir. 1989); *In re Deuel*, 594 F.3d 1073, 1078-1079 (9th Cir. 2010); *In re Seaway Express Corp.*, 912 F.2d 1125, 1128 (9th Cir.1990). Under California law a *bona fide* purchaser's interest in property takes priority over an unrecorded prior-in-time deed of trust. Civil Code section 1214 provides that "[e]very conveyance of real property . . . is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

None of the Defendants have been able to show, in a valid and enforceable writing, that the MDT holds any interest in the June St. Property. There are no valid and enforceable documents reflecting the transfer to the MDT. In fact, the Debtor admitted in the SOFAs that in the ten years prior to the Petition Date that he had not transferred any property from his estate to a self-settled trust or similar type of trust.[79] The MDT is a self-settled trust (*i.e.*, it was created by the Debtor, administered by the Debtor as trustee, and the Debtor is the sole income and principal beneficiary of

---

[79] Request for Judicial Notice, **Exhibit F**, SOFA Pt. 7.19.

1    the MDT).[80] First, the Debtor represented to the Court that he had not transferred any interest in real

2    property to a trust. But now that the Trustee is seeking to quiet title of the June St. Property or avoid

3    the transfer, the Debtor contends that the estate's interest in the June St. Property was transferred to

4    the MDT.

5            Assuming there are valid and enforceable documents reflecting the transfer of the June St.

6    Property to the MDT, those documents were not recorded prior to the Petition Date.  As a result, the

7    Trustee, on behalf of the estate, holds a senior interest in the June St. Property.  Thus, the

8    Defendants' defense should be overruled because it is unsubstantiated and without any legal merit.

9                                      **VIII.**

10                                  **<u>CONCLUSION</u>**

11           For all of the reasons set forth herein, the Plaintiff is entitled to summary judgment on all of

12   the claims for relief as set forth in the Complaint.  In that regard, the Court should enter a judgment

13   in favor the Trustee that the June St. Property is owned by the Debtor and is property of the estate,

14   or, alternatively, that any interest held by Barbara, MDT, or the Survivor's Trust may be avoided by

15   the Trustee pursuant to section 544(a)(3) of the Bankruptcy Code and recover the June St. Property

16   pursuant to section 550 of the Bankruptcy Code.

17

18    Dated:    September 20, 2024            PACHULSKI STANG ZIEHL & JONES LLP

19                                           By      _/s/ John W. Lucas_

20                                                   John W. Lucas

21                                           Attorneys for Plaintiff, Bradley D. Sharp,
                                             Chapter 11 Trustee

22

23

24

25

26

27

28

---

[80] Request for Judicial Notice, **<u>Exhibit I</u>**, Art. 5, p. 10.

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail:   jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
          jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee, | **DECLARATION OF JOHN W. LUCAS IN SUPPORT OF CHAPTER 11 TRUSTEE'S SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 1575<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |
| Defendants. | |

**TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE AND PARTIES IN INTEREST:**

I, John W. Lucas, declare as follows:

I am an attorney at law duly authorized to practice before all of the courts of the State of California, and am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP counsel of record herein to Bradley D. Sharp, the duly appointed chapter 11 trustee ("**Trustee**") of Leslie Klein (the "**Debtor**").  I make this Declaration in support of the *Notice of Motion and*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4853-6525-3603.1 78512.001

1    *Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief*

2    *Against Defendants* (the "**Motion**").  All capitalized terms not otherwise defined herein shall

3    have the same meaning as set forth in the Motion.

4              Except as otherwise indicated, all statements in this Declaration are based upon my

5    personal knowledge, my review of certain of the Debtor's books and records, relevant documents,

6    discovery produced by the above-name defendants, and other information prepared or collected

7    by my firm or the Trustee's employees and/or advisors, or my opinion based on my experience

8    serving as counsel to the Trustee in the Debtors' chapter 11 cases.  If I were called to testify as a

9    witness in this matter, I could and would competently testify to each of the facts set forth herein

10   based upon my personal knowledge, review of documents, or opinion.

11             The Defendants produced documents to the Trustee and his counsel the following

12   category of documents: (a) pursuant to Bankruptcy Rule 7026(a)(1) (the "**Initial Disclosures**"),

13   (b) in response to the Plaintiff's written discovery, pursuant to Bankruptcy Rules 7026 and 7034

14   (the "**Document Production**"), (c) in response to the Plaintiff's request for admissions, pursuant

15   to Bankruptcy Rule 7036 (the "**Defendant Admissions**"), and in response to the Plaintiff's

16   interrogatories, pursuant to Bankruptcy Rule 7033 (the "**Defendant Response to**

17   **Interrogatories**" and together with the Initial Disclosures, Document Production, Defendant

18   Admissions, the "**Defendant Production**").

19             Annexed hereto as **Exhibit 1** is a true and correct copy of the *Premarital*

20   *Agreement*, dated November 2013, between the Debtor and Barbara Roth Klein that was

21   produced by the Defendants as part of the Defendants' Document Production.

22             Annexed hereto as **Exhibit 2** is a true and correct copy of the *First Amendment to*

23   *Premarital Agreement*, dated November 25, 2015, between Barbara Roth Klein and Leslie Klein

24   that was produced by the Defendants as part of their Initial Disclosures.

25             Annexed hereto as **Exhibit 3** is a true and correct copy of *Barbara Roth Klein's*

26   *Defendant Admissions*, dated August 23, 2024, that was produced by Barbara in response to the

27   Trustee's request for admissions.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1          Annexed hereto as **Exhibit 4** is a true and correct copy of the *Defendants'*

2   *Admissions*, dated August 27, 2024, produced by all Defendants (other than Barbara who was not

3   asked to respond to this set of requests) in response to the Trustee's request for admissions.

4          Annexed hereto as **Exhibit 5** is a true and correct copy of the *Defendant's*

5   *Response to Interrogatories*, dated August 23, 2024, that was produced by Defendants (other than

6   Barbara who was not asked to respond) in response to the Trustee's interrogatories.

7          I declare under penalty of perjury that the foregoing is true and correct and that, if called as

8   a witness, I could and would competently testify as to all of the matters stated herein.

9          Executed this 20th day of September 2024, at San Francisco, California.

10

11          _/s/ John W. Lucas_____
            John W. Lucas

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

(Premarital Agreement)

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law

4853-6525-3603.1 78512.001

LAW OFFICES OF

# LES KLEIN &
# ASSOCIATES, INC.

A LAW CORPORATION

———

6454 Van Nuys Boulevard

Suite 150

Van Nuys, CA

91401-1407

Tel (818) 756-2000

Fax (818) 783-5987

———



**TO:     ERIC OLSON**
**<eric@EJOlsonLaw.com>**


DATE:    July 8, 2024

**FROM:    LESLIE KLEIN & ASSOCIATES**
**LESLIE KLEIN**

Attached please find

Premarital Agreement of Nov. 25, 2013

1

ER 0728

# PREMARITAL AGREEMENT

**THIS AGREEMENT** is made and entered into on ___ΣT___ N// ω/3___, at Los Angeles, California, by and between Barbara Roth ("Barbara"), of Los Angeles County, California, and Leslie Klein ("Leslie"), of Los Angeles, California, with reference to the following facts and purposes:

A. Barbara and Leslie, who are each presently unmarried, plan to be married to each other on or about ___ι√ιr/ω/з___

B. Barbara is a duly licensed and practicing speech therapist and Leslie is a duly licensed practicing attorney. Both Parties are in good health and are financially self-supporting.

C. Barbara and Leslie were each formerly married to other persons, but each of these former marriages has been terminated by death or final judgment of marriage dissolution.

D. Neither Barbara nor Leslie now has any right, title, claim or interest in or to the property, income or estate of the other by reason of their nonmarital relationship, or otherwise, and neither party is indebted to the other.

E. Barbara and Leslie desire to make a fair, reasonable and full disclosure of their respective property and financial obligations, one to the other.

F. The Parties desire and intend by this Agreement to (1) define their respective rights in the property they now hold and in that property which they may acquire after marriage; and (2) avoid those interests which, except for this Agreement, each might acquire after their marriage in the income and property of the other as incidents of their contemplated marriage.

G. Both Parties hereto recognize that this Agreement is a premarital agreement as defined in California <u>Family Code</u> section 1610 and understand and intend that the provisions of this Agreement shall prevail over the provisions of law applicable in the absence of this Agreement.

**NOW, THEREFORE**, for good and valuable consideration including, without limitation, the mutual promises, conditions and agreements set forth herein and the contemplated marriage of the Parties, Barbara and Leslie agree as follows:

**1. <u>Effective Date</u>:** This Agreement shall be and become effective as of the date of the contemplated marriage between the Parties, and its effectiveness is expressly conditioned upon such marriage. If, for any reason, and irrespective of fault, the contemplated marriage does not take place, this Agreement will be of no force or effect.

**Page 1 of 9**

2. **No Independent Counsel**: The Parties acknowledge and acknowledge and agree that neither of them has been represented by separate and independent legal counsel nor has either of them relied on counsel of their own choosing in negotiations for and in preparation of this Agreement

3. **Submission of Disputes to Beth Din**: Should certain differences and disputes arise between the Parties in reference to the matters addressed in this Agreement including, without limitation, irreconcilable claims and/or counterclaims each Party may have against the other, the Parties agree that any such matters in dispute shall be submitted to the binding arbitration of the ~~Beth~~ Din of America, for purposes of satisfactorily adjudging such differences and disputes. The ~~Beth Din of America~~ shall resolve the matter in accordance with its rules and procedures The Parties acknowledge and agree that they have selected said Beth Din to resolve their disputes, and shall accept the ruling of the arbitrator or arbitrators appointed by that organization as a binding decision.

The parties acknowledge and agree that such Beth Din arbitrator or arbitrators may resolve this controversy in accordance with Jewish law ("din") or through court ordered settlement in accordance with Jewish law ("p'shara krova l'din").

The parties acknowledge and agree that a judgment may be entered on the award in any court of competent jurisdiction in the State of California and that such agreement shall be final as to the parties and issues encompassed in this Agreement, any Beth Din  of America submission agreement and as specified in the rules of the Beth Din of America.

4. **Voluntary and Informed Consent**: The parties further acknowledge and agree that they are fully aware of and understand the contents, legal effect and consequences of this Agreement, and that they enter into this Agreement voluntarily, free from duress, fraud, undue influence, coercion or misrepresentation of any kind.

5. **Property and Financial Disclosures:**

A. Barbara:

(1)    The Parties and acknowledge and agree that prior to execution of this Agreement, a fair, reasonable and full disclosure of all of Barbara's property and financial obligations has been made by her to Leslie, and a list of such property and financial obligations is set forth in Exhibit "A" attached hereto and incorporated herein by reference. It is understood that the figures and amounts of property and financial obligations set forth in Exhibit "A" are approximate and not necessarily exact, but they are intended to be reasonably accurate and are warranted to be the best estimates of such figures and amounts.

(2)    Leslie  hereby acknowledges his satisfaction with Barbara's disclosures of her property and financial obligations and, by placing his signature at the end of this paragraph before executing this Agreement, hereby expressly and voluntarily waives any

**Page 2 of 9**

ER 0730

right to disclosure of Barbara's property and financial obligations beyond the disclosures provided.

      B. <u>Leslie</u>:

      (1)    The Parties acknowledge and agree that, before execution of this Agreement, a fair, reasonable and full disclosure of all of Leslie 's property and financial obligations has been made by him to Barbara, and a list of such property and financial obligations is set forth in Exhibit "B" attached hereto and incorporated herein by reference. It is understood that the figures and amounts of property and financial obligations set forth in Exhibit "B" are approximate and not necessarily exact, but they are intended to be reasonably accurate and are warranted to be the best estimates of such figures and amounts.

      (2)    Barbara hereby acknowledges her satisfaction with Leslie's disclosures of his property and financial obligations and, by placing her signature at the end of this paragraph before executing this Agreement, hereby expressly and voluntarily waives any right to disclosure of Leslie's property and financial obligations beyond the disclosures provided.

      C.    The Parties acknowledge and agree that the foregoing disclosures are not an inducement to enter into this Agreement. Barbara and Leslie acknowledge and agree that each is willing to enter into this Agreement regardless of the nature or extent of the present or future assets, liabilities, income or expenses of the other, and regardless of any financial arrangements made for his or her benefit by the other.

## 6. <u>Separate Property Interests in Premarital and Postmarital Assets and Acquisitions</u>

      A. Barbara and Leslie  acknowledge and agree that all property, including the property set forth in Exhibit "A" belonging to Barbara at the commencement of their contemplated marriage, and any property acquired by Barbara during that marriage by gift, bequest, devise or descent, shall be and remain her separate property. The Parties further acknowledge and agree that all rents, issues, profits, increases, appreciation and income from the separate property of Barbara, and any other assets purchased or otherwise acquired with the foregoing proceeds, shall be and remain Barbara's separate property. The Parties acknowledge and agree that a change in the form of Barbara's assets as a result of the sale, exchange, hypothecation or other disposition of such assets, or a change in form of doing business, shall not constitute any change of property characterization, and such assets shall remain Barbara's separate property regardless of any change in form. Leslie shall have no right, title, interest, lien or claim under the laws of any state in or to any of Barbara's separate property assets.

      B. Barbara and Leslie acknowledge and agree that all property, including the property set forth in Exhibit "B" belonging to Leslie at the commencement of their contemplated marriage, and any property acquired by Leslie during that marriage by gift, bequest, devise or descent, shall be and remain his separate property. The Parties further acknowledge and agree that all rents, issues, profits, increases, appreciation and income from the separate property of Leslie  , and any other assets purchased or otherwise acquired with the foregoing proceeds, shall be and remain Leslie's separate property. The Parties acknowledge and agree that a change in the

ER 0731

form of Leslie's assets as a result of the sale, exchange, hypothecation or other disposition of such assets, or a change in form of doing business, shall not constitute any change of property characterization, and such assets shall remain Leslie 's separate property regardless of any change in form. Barbara shall have no right, title, interest, lien or claim under the laws of any state in or to any of Leslie's separate property assets.

## 7. <u>Marital Efforts in Managing Each Party's Own Separate Property Interests</u>

A. The Parties acknowledge and agree that Barbara may devote considerable personal time, skill, service, industry and effort during their marriage to the investment and management of her separate property and the income thereof, specifically including, without limitation, Barbara's existing or future orthopedic surgery practice. The Parties acknowledge and agree that even though the expenditure of Barbara's personal, time, skill, service, industry and effort might constitute or create a community property interest, community property income or community property asset in the absence of this Agreement, no such community property interest, income or asset shall be created thereby, and any income, profits, accumulations, appreciation and increase in value of the separate property of Barbara during marriage shall be and remain entirely Barbara's separate property.

B. The Parties acknowledge and agree that Leslie   may devote considerable personal time, skill, service, industry and effort during their marriage to the investment and management of his separate property and the income thereof. The Parties acknowledge and agree that even though the expenditure of Leslie 's personal, time, skill, service, industry and effort might constitute or create a community property interest, community property income or community property asset in the absence of this Agreement, no such community property interest, income or asset shall be created thereby, and any income, profits, accumulations, appreciation and increase in value of the separate property of Leslie   during marriage shall be and remain entirely Leslie  's separate property.

## 8. <u>Marital Efforts in Managing the Other Party's Separate Property Interests</u>: The Parties acknowledge and agree that during their marriage one party may choose to contribute considerable personal time, skill, service, industry and effort to the investment and management of the other party's separate property and the income thereof. The Parties acknowledge and agree that even though any such contribution might constitute or create a community property interest, community property income or community property asset in the absence of this Agreement, no such community property interest, income or asset shall be created thereby. The Parties further acknowledge and agree that any such contribution shall not create any other claim, right, lien or interest whatsoever, in favor of the party contributing the personal time, skill, service, industry and effort, in or to the other party's separate property and any income, profits, accumulations, appreciation and increase in value thereof during the Parties' marriage.

ER 0732

9. **Separate Property Earnings, Deferred Compensation and Employee Benefits**: The Parties acknowledge and agree that any earnings, income or benefits, no matter their nature, kind or source, from and after the marriage, including, but not limited to, salary, bonuses, stock options, deferred compensation and retirement benefits, shall be the separate property of the party earning or acquiring such earnings, income or benefits as though the contemplated marriage had never occurred. There shall be no allocation made of any such earnings, income or benefits between community property and separate property, and such earnings, income or benefits shall be entirely the separate property of the party earning or acquiring same. The Parties acknowledge their understanding that in the absence of this Agreement any earnings, income or benefits resulting from the personal services, skills, industry and efforts of either party during the contemplated marriage would be community property.

10. **Property Purchased With Borrowed Funds:** Barbara and Leslie acknowledge that from time to time either of them may obtain loans to purchase property or loans that are secured by property in which one of them may have an interest. The proceeds of any such loan shall be the borrower's separate property, notwithstanding that the lender may intend that repayment be made from income or assets acquired during marriage. Any property purchased with such borrowed funds and any property that secures a loan shall remain the borrower's separate property.

11. **Waiver of Rights in Respective Estates:** Subject to subparagraph (L) of this paragraph 12 of the within agreement, set forth below, Barbara and Leslie acknowledge and agree that each party waives and relinquishes, to the fullest extent lawfully possible, all right, title, claim, lien or interest, whether actual, inchoate, vested or contingent, in law and equity, under the laws of any state or under federal law, in the other's property, income and estate by reason of the proposed marriage including, without limitation, the following:

    A. All community property, quasi-community property and quasi-marital property rights;

    B. The right to a probate family allowance;

    C. The right to a probate homestead;

    D. The rights or claims of dower, curtesy, or any statutory substitute now or hereafter provided under the laws of any state in which the Parties may die domiciled or in which they may own real property;

    E. The right to inherit property from the other by intestate succession;

    F. The right to receive property that would pass from the decedent party by testamentary disposition in a will executed before this Agreement;

    G. The right of election to take against the will of the other;

    H. The right to take the statutory share of an omitted spouse;

ER 0733

I. The right to be appointed as administrator of the deceased party's estate, or as executor of the deceased party's will, unless appointed pursuant to a will executed after the date hereof;

J. The right to have exempt property set aside;

K. Any right created under federal law, including, without limitation, the Retirement Equity Act of 1984; and

L.. Notwithstanding the foregoing subparagraphs (A) through (K)of this paragraph 12 of the within Agreement, upon Leslie's demise, Barbara shall receive from the Decedent's Estate of Leslie the sum of $200,000 for every year the Parties have been married prior to Leslie's demise. *In the event Leslie dies within 10 years of marriage Barbara shall receive $200,00 from decedent's estate.* [handwritten]

**12. Property Transfers Between Parties:** The Parties acknowledge and agree that nothing contained in this Agreement shall be construed as a bar to either party transferring, conveying, devising or bequeathing any property to the other. Neither party intends by this Agreement to limit or restrict in any way the right to receive any such transfer, conveyance, devise or bequest from the other made after the Parties' marriage. However, the Parties specifically agree that no promises of any kind have been made by either of them about any such gift, bequest, devise, conveyance or transfer from one to the other.

*[handwritten right margin: she may also have in Leslie may at 3rd year for for each year of marriage]*

**13. Management and Control of Separate Property Interests; Executing Arrangements:** The Parties acknowledge and agree that each party shall retain and enjoy sole and exclusive management and control of his or her separate property, both during lifetime and upon death, as though unmarried. In order to accomplish the intent of this Agreement, each of the Parties agrees to execute, acknowledge and deliver, at the request of the other, his or her heirs, executors, administrators, grantees, devisees or assigns, any and all such deeds, releases, assignments or other instruments and such further assurances as may be reasonably required or requested to effect or evidence the release, waiver, relinquishment or extinguishment of the rights of said party in the property, income or estate of the other under the provisions of this Agreement, and to assure that each party shall have sole and exclusive management and control of his or her separate property.

**14. Debt Obligations on Separate Property Interests:** All obligations (including principal and interest) incurred due to or as a consequence of the purchase, encumbrance or hypothecation of the separate property of either party, whether real, personal or mixed, and all taxes, insurance premiums and maintenance costs of said separate property, shall be paid from such party's separate property income or from such party's separate property funds, at such party's election, there being no community property by the terms of this Agreement. To the extent that either party uses his or her separate property to pay the foregoing obligations of the other party, there shall be no right to reimbursement for such expenditures.

ER 0734

15. **Unsecured Debt Responsibility:** All unsecured obligations of each party, no matter when incurred, shall remain the sole and separate obligations of each such party, and each party shall indemnify and hold the other harmless from liability therefor. Each party's unsecured obligations shall be paid from each respective party's separate property income or separate property funds, at such party's election, there being no community property by the terms of this Agreement. To the extent that either party uses his or her separate property to pay the unsecured obligations of the other party, there shall be no right to reimbursement for such expenditures.

16. **Payment of Living Expenses:** During the period of time that the Parties are married and continue to live together as husband and wife, Leslie shall pay the joint living expenses of the Parties' from his separate property, without a right of reimbursement. As used in this provision, the term joint living expenses includes the following expenses of the Parties: rent or mortgage on the residence in which the Parties reside, including principal, interest, taxes, homeowner's insurance, utilities, food, cable, telephone, laundry and cleaning, household supplies, medical insurance, non-reimbursed medical expenses, clothing, personal care and grooming, automobile insurance, automobile repair, gasoline, automobile maintenance, joint vacations, joint entertainment, and joint gifts.

17. **Responsibility for Income Taxes; Effect of Joint Return:** Leslie shall pay the state and federal income taxes on the Parties' income. The election, if any, to file federal, state or local income tax returns, gift tax returns, or other returns using a joint filing status shall not constitute any form of transmutation, or the creation of any community property or of any other rights or interest in contravention of this Agreement.

18. **Mutual Waiver of Right to Receive Spousal Support:** In the event of a legal separation or dissolution of their contemplated marriage, Barbara and Leslie hereby each waive and renounce any right to ever seek or receive temporary or permanent spousal support, rehabilitation payments, or any other payments in the nature of spousal support or alimony, in any sum or amount or for any period of time, and each releases the other from any and all claims for temporary or permanent spousal support or maintenance of any kind.

In executing this mutual waiver of their right to receive spousal support from one another, Barbara and Leslie each acknowledge and agree that they have done so: (A) voluntarily and knowingly and with full knowledge of the consequences that could result from such a waiver; and (B): in consideration of their mutual promises, conditions and agreements contained in this Agreement. *[handwritten: Notwithstanding the foregoing, in the event of Dissolution Barbara shall receive $100,000 as spousal support per year for maintenance]*

19. **Spousal Support Liability During Marriage and Child Support Liability:** Nothing contained in this Agreement shall be construed as absolving either party of the statutory obligation to support the other during marriage.

ER 0735

20. **Parties and Persons Bound:** This Agreement shall bind the Parties to the Agreement, and their respective heirs, executors, administrators, representatives, assigns and any other successors in interest.

21. **Voluntary Arms' Length Negotiations:** The Parties acknowledge and agree that this document is voluntarily entered into by and between them and that, as of the date of execution of the Agreement, there is no confidential or fiduciary relationship existing between them as defined under the laws of the State of California. The Parties further acknowledge that they have had explained to each of them respectively, and that they understand, the meaning of the terms "confidential relationship" and "fiduciary relationship." The Parties specifically acknowledge that neither has ever offered business advice to the other, nor has either become dependent upon the other or relied on the other for advice, and that their relationship as of the date of the execution of this Agreement is a purely personal relationship of two engaged individuals intending to be married to each other at a future date.

22. **Execution Formalities:** The Parties specifically acknowledge and agree that forthwith upon their execution of the Agreement, their respective signatures shall be acknowledged by a notary public in their presence. The Parties further acknowledge that the date set forth on the first page of this Agreement is the actual date on which they and each of them are signing this Agreement. This Agreement or a memorandum of this Agreement may be recorded at any time and from time to time by either party in any place or office authorized by law for the recording of documents affecting title to or ownership status of property, real or personal, specifically including, but not limited to, any county in which either party resides during the marriage and any county in which either party owns or may own real or personal property.

23. **Applicable Law:** This Agreement is executed in the State of California and shall be subject to and interpreted under the laws of the State of California, except as hereinabove set forth.

24 . **Entire Agreement:** This Agreement contains the entire understanding and agreement of the Parties, and there have been no promises, representations, warranties or undertakings by either party to the other, oral or written, of any character or nature, except as set forth herein.

25. **Modification; Revocation:** This Agreement may be altered, amended, modified or revoked only by an instrument in writing expressly referring to this Agreement, executed, signed and acknowledged by the Parties hereto, and by no other means. Each of the Parties waives the right to claim, contend or assert in the future that this Agreement was modified, canceled, superseded or changed by an oral agreement, course of conduct or estoppel.

ER 0736

26 . **Invalidity; Severability:** This Agreement has been jointly prepared and negotiated by counsel for each of the Parties and shall not be construed against either party. If any term, provision or condition of this Agreement is held by a Court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

27. **Date of Execution Agreement:** Barbara and Leslie further acknowledge this Agreement was not signed earlier than seven (7) calendar days from the last of any modification hereof.

28. **Confidentiality:** Barbara and Leslie expressly acknowledge and agree that each party's privacy is highly valued. All efforts shall be made to maintain confidentiality with respect to all information and other materials of every kind concerning each of them. Accordingly, Barbara and Leslie agree that:

     A.   Neither party shall, after the date of this Agreement, directly or indirectly, disclose, intentionally publish, cause to be published, or provide information or documentation to any other individual or entity, which

     (1)   Describes, depicts, or discloses the terms, provisions, or substance of this Agreement or any information concerning the terms, provisions, or substance, or events giving rise to the execution of this Agreement;

     (2)   Describes, depicts, or discloses any personal or financial information of the other party, the other party's business interests, and/or any personal or financial aspect of the Parties' relationship;

     B.   It shall be a breach of this Agreement if an attorney or agent of a party engages in conduct which, if done by a party, would have been a violation of the confidentiality provisions set forth herein.

**IN WITNESS WHEREOF,** the Parties have executed this Premarital Agreement on the date set forth on the first page of this Agreement.

 

**BARBARA ROTH**
("Barbara")

**LESLIE KLEIN**
("Leslie")

ER 0737

**BALANCE SHEET AS OF** _10/17/2013_

Date

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| CASH IN THIS BANK (INCLUDING MONEY MARKET ACCOUNTS AND CDS) | $ 100,000 | NOTES PAYABLE TO THIS BANK    X  X  X | $ |
| | | SECURED | |
| CASH IN OTHER FINANCIAL INSTITUTIONS (LIST) (INCLUDING MONEY MARKET ACCOUNTS AND CDS) | | UNSECURED | |
| | | NOTES PAYABLE TO OTHERS (SCHEDULE E)    X  X  X | |
| | | SECURED | |
| | | UNSECURED | |
| | | ACCOUNTS PAYABLE (INCLUDING CREDIT CARDS) | |
| | | MARGIN ACCOUNTS | |
| READILY MARKETABLE SECURITIES (SCHEDULE A) | | NOTES DUE: PARTNERSHIP (SCHEDULE D) | |
| NON-READILY MARKETABLE SECURITIES (SCHEDULE A) | 9,000,000 | TAXES PAYABLE | |
| ACCOUNTS AND NOTES RECEIVABLE | | MORTGAGE DEBT (SCHEDULE C) | 4,400,000 |
| NET CASH SURRENDER VALUE OF LIFE INSURANCE (SCHEDULE B) | 750,000 | LIFE INSURANCE LOANS (SCHEDULE B) | |
| RESIDENTIAL REAL ESTATE (SCHEDULE C) | 5,000,000 | OTHER LIABILITIES (LIST) | |
| REAL ESTATE INVESTMENTS (SCHEDULE C) | 12,000,000 | | |
| PARTNERSHIPS / PC INTERESTS (SCHEDULE D) | 17,000,000 | | |
| IRA, KEOGH, PROFIT-SHARING & OTHER VESTED RETIREMENT ASSETS | | | |
| DEFERRED INCOME (NUMBER OF YEARS DEFERRED.........) | | | |
| PERSONAL PROPERTY (INCLUDING AUTOMOBILES) | | | |
| OTHER ASSETS (LIST): | | | |
| | | | |
| | | | |
| | | TOTAL LIABILITIES | |
| | | NET WORTH | |
| | $47,050,000 | | $4,400,000 |

| SCHEDULE A - ALL SECURITIES (INCLUDING NON-MONEY MARKET MUTUAL FUNDS) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NUMBER OF SHARES (STOCK) OR FACE VALUE (BONDS) | DESCRIPTION | OWNER(S) | WHERE HELD | COST | CURRENT MARKET VALUE | PLEDGED YES | NO |
| READILY MARKETABLE SECURITIES (INCLUDING U.S. GOVERNMENTS AND MUNICIPALS) | | | | | | | |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| | | | | | | ☐ | ☐ |
| NON-READILY MARKETABLE SECURITIES (CLOSELY HELD, THINLY TRADED, OR RESTRICTED STOCK | | | | | | | |
| 1,000,000 | Time Square Media | Leslie Klein | USA | 250,000 | 6,000,000 | ☐ | X |
| 1,000,000 | BayArea Dev. Co. | Leslie Klein | USA | 1,000,000 | 1,500,000 | | |
| 1,000,000 | Leslie Klein & Assoc. | Leslie Klein | USA | 1,000,000 | 1,500,000 | | |

*If not enough space, attach a separate schedule or brokerage statement and enter totals only.*

total:3,000,000

## SCHEDULE B – INSURANCE / LIFE INSURANCE (USE ADDITIONAL SHEET IF NECESSARY)

| INSURANCE COMPANY | FACE AMOUNT OF POLICY | TYPE OF POLICY | BENEFICIARY | CASH SURRENDER VALUE | AMOUNT BORROWED | OWNERSHIP |
|---|---|---|---|---|---|---|
| ING | 10,000,000 | universal | children | 500,000 | --- | Trust |
| AIG | 10,000,000 | universal | children | 200,000 | --- | Trust |
| PHOENIX | 5,000,000 | universal | children | 50,000 | --- | Trust |

| DISABILITY INSURANCE | APPLICANT |
|---|---|
| MONTHLY DISTRIBUTION IF DISABLED | |
| NUMBER OF YEARS COVERED | |

## SCHEDULE C – PERSONAL RESIDENCE & REAL ESTATE INVESTMENTS, MORTGAGE DEBT (MAJORITY OWNERSHIP ONLY)

PERSONAL RESIDENCE

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | LENDER |
|---|---|---|---|---|---|---|---|---|---|
| 322 N June St. | Leslie & Erika Klein | 1975 | $300,000 | 5,000,000 | none | none | none | none | none |

INVESTMENT

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | LENDER |
|---|---|---|---|---|---|---|---|---|---|
| 161 N.Ponsettia | Leslie Klein & Erika Klein | 1990 | 500,000 | 1,200,000 | none | none | none | none | none |

(see schedule "A" attached)

## SCHEDULE D – PARTNERSHIPS (LESS THAN MAJORITY OWNERSHIP FOR REAL ESTATE PARTNERSHIPS)*

| TYPE OF INVESTMENT | DATE OF INITIAL INVESTMENT | COST | PERCENT OWNED | CURRENT MARKET VALUE | BALANCE DUE ON PARTNERSHIPS/ NOTES, CASH CALL | FINAL CONTRIBUTION DATE |
|---|---|---|---|---|---|---|
| BUSINESS/PERSONAL (INDICATE NAME) | | | | | | |
| | | | | | | |
| | | | | | | |
| INVESTMENT (INCLUDING TAX SHELTERS) | | | | | | |
| Longevity Fund | 2010 | 1,000,000 | 30% | 2,000,000 | none | none |
| Life Capital Group | 2010 | 7,000,000 | 50% | 15,000,000 | none | none |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*Note: For investments which represent a material portion of your total assets, please include the relevant financial statements or tax returns, or in the case of partnership investments or S corporations, schedule K-1s.

## SCHEDULE E – NOTES PAYABLE

| DUE TO | TYPE OF FACILITY | AMOUNT OF LINE | SECURED YES / NO | COLLATERAL | INTEREST RATE | MATURITY | INTEREST RATE |
|---|---|---|---|---|---|---|---|
| | | | ☐ ☐ | | | | |
| | | | ☐ ☐ | | | | |
| | | | ☐ ☐ | | | | |
| | | | ☐ ☐ | | | | |

I HAVE 45,000,00 LIFE INSURANCE CASH VALUE 1,000,00

SCEDULE "A" of Schedule "C" continued

| | | | | |
|---|---|---|---|---|
| 50% interest 331-35 N. Sycamore | Leslie & Erika Klein | 1990 | $500,000 | $1,200,000 |
| 50% interest 118-120 S. Detroit | Leslie & Erika Klein | 1982 | $200,000 | $700,000 |
| 50% interest Cabazon Post Office | Leslie & Erika Klein | 1978 | $100,000 | $200,000 |

222 S. McCadden    Leslie & Erika Klein    2006 $1,500,000 $3,000,000
(Loan outstanding $1,259,000)

720 N. Laurel    Leslie & Erika Klein    1985 $200,000 $1,000,000
(Loan outstanding $300,000)

507 N. Mansfield    Leslie & Erika Klein    1998 $400,000 $1,000,000
(Loan outstanding $400,000)

143 S. Highland    Leslie & Erika Klein    2006 $700,000 $1,300,000
(Loan outstanding $800,000)

411 N, Highland    Leslie & Erika Klein    2005 $800,000 $1,400,000
(Loan outstanding $1,000,000)

310 N. Martel    Leslie & Erika Klein    2006 $800,000 $1,300,000
(Loan outstanding $650,000)

TOTAL    . . . . . . .    $9,000,000

ER 0740

*Exhibit* *B*

BALANCE SHEET AS OF _____10/7/~13_____
                                    Date

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| CASH IN THIS BANK (INCLUDING MONEY MARKET ACCOUNTS AND CDS) | $ 100,000 | NOTES PAYABLE TO THIS BANK | X X X |
| | | SECURED | $ |
| CASH IN OTHER FINANCIAL INSTITUTIONS (LIST) (INCLUDING MONEY MARKET ACCOUNTS AND CDS) | | UNSECURED | |
| | | NOTES PAYABLE TO OTHERS (SCHEDULE B) | X X X |
| | | SECURED | |
| | | UNSECURED | |
| | | ACCOUNTS PAYABLE (INCLUDING CREDIT CARDS) | |
| | | MARGIN ACCOUNTS | |
| READILY MARKETABLE SECURITIES (SCHEDULE A) | | NOTES DUE PARTNERSHIP (SCHEDULE D) | |
| NON-READILY MARKETABLE SECURITIES (SCHEDULE A) | 9,000,000 | TAXES PAYABLE | |
| ACCOUNTS AND NOTES RECEIVABLE | | MORTGAGE DEBT (SCHEDULE C) | 4,400,000 |
| NET CASH SURRENDER VALUE OF LIFE INSURANCE (SCHEDULE B) | 750,000 | LIFE INSURANCE LOANS (SCHEDULE B) | |
| RESIDENTIAL REAL ESTATE (SCHEDULE C) | 5,000,000 | OTHER LIABILITIES (LIST) | |
| REAL ESTATE INVESTMENTS (SCHEDULE C) | 12,000,000 | | |
| PARTNERSHIPS + PC INTERESTS (SCHEDULE D) | 17,000,000 | | |
| IRA, KEOGH, PROFIT-SHARING & OTHER VESTED RETIREMENT ACCTS. | | | |
| DEFERRED INCOME IN NO. OF YEARS DEFERRED _____ | | | |
| PERSONAL PROPERTY (INCLUDING AUTOMOBILES) | | | |
| OTHER ASSETS (LIST) | | | |
| | | | |
| | | TOTAL LIABILITIES | |
| | | NET WORTH | |
| | $47,050,000 | | $4,400,000 |

SCHEDULE A - ALL SECURITIES (INCLUDING NON-MONEY MARKET MUTUAL FUNDS)

| NUMBER OF SHARES (STOCK) OR FACE VALUE (BONDS) | DESCRIPTION | OWNER(S) | WHERE HELD | COST | CURRENT MARKET VALUE | PLEDGED YES NO |
|---|---|---|---|---|---|---|
| READILY MARKETABLE SECURITIES (INCLUDING U.S. GOVERNMENT AND MUNICIPALS) | | | | | | |
| | | | | | | ☐ ☐ |
| | | | | | | ☐ ☐ |
| | | | | | | ☐ ☐ |
| NON-READILY MARKETABLE SECURITIES (CLOSELY HELD, THINLY TRADED, OR RESTRICTED STOCK) | | | | | | |
| 1,000,000 | Time Square Media | Leslie Klein | USA | 250,000 | 6,000,000 | ☐ x |
| 1,000 | BayArea Dev.Co. | Leslie Klein | USA | 1,000,000 | 1,500,000 | |
| 000 | Leslie Klein & Assoc. | Leslie Klein | USA | 1,000,000 | 1,500,00 | |

If not enough space, attach a separate schedule or brokerage statement and enter totals only.

total:3,000,000

## SCHEDULE B – INSURANCE / LIFE INSURANCE (USE ADDITIONAL SHEET IF NECESSARY)

| INSURANCE COMPANY | FACE AMOUNT OF POLICY | TYPE OF POLICY | BENEFICIARY | CASH SURRENDER VALUE | AMOUNT BORROWED | OWNERSHIP |
|---|---|---|---|---|---|---|
| ING | 10,000,000 | universal | children | 500,000 | ——— | Trust |
| AIG | 10,000,000 | universal | children | 200,000 | ——— | Trust |
| PHOENIX | 5,000,000 | universal | children | 50,000 | | Trust |

| DISABILITY INSURANCE | APPLICANT |
|---|---|
| MONTHLY DISTRIBUTION IF DISABLED | |
| NUMBER OF YEARS COVERED | |

## SCHEDULE C – PERSONAL RESIDENCE & REAL ESTATE INVESTMENTS, MORTGAGE DEBT (MAJORITY OWNERSHIP ONLY)

PERSONAL RESIDENCE

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | LENDER |
|---|---|---|---|---|---|---|---|---|---|
| 322 N June St. | Leslie & Erika Klein | 1975 | $300,000 | 3,000,000 | none | none | none | none | none |

INVESTMENT

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | LENDER |
|---|---|---|---|---|---|---|---|---|---|
| 161 N. Ponsettia | Leslie Klein & Erika Klein | 1990 | 500,000 | 1,200,000 | none | none | none | none | none |

(see schedule "A" attached)

## SCHEDULE D – PARTNERSHIPS (LESS THAN MAJORITY OWNERSHIP FOR REAL ESTATE PARTNERSHIPS)*

| TYPE OF INVESTMENT (BUSINESS/PERSONAL INDICATE NAME) | DATE OF INITIAL INVESTMENT | COST | PERCENT OWNED | CURRENT MARKET VALUE | BALANCE DUE ON PARTNERSHIPS: NOTES, CASH CALL | FINAL CONTRIBUTION DATE |
|---|---|---|---|---|---|---|
| INVESTMENT (INCLUDING TAX SHELTERS) | | | | | | |
| Longevity Fund | 2010 | 1,000,000 | 30% | 2,000,000 | none | none |
| Life Capital Group | 2010 | 7,000,000 | 50% | 15,000,000 | none | none |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*Note: For investments which represent a material portion of your total assets, please include the relevant financial statements or tax returns, or in the case of partnership investments or S corporations, schedule K-1s.

## SCHEDULE E – NOTES PAYABLE

| DUE TO | TYPE OF FACILITY | AMOUNT OF LINE | SECURED YES / NO | COLLATERAL | INTEREST RATE | MATURITY | INTEREST RATE |
|---|---|---|---|---|---|---|---|
| | | | ☐ / ☐ | | | | |
| | | | ☐ / ☐ | | | | |
| | | | ☐ / ☐ | | | | |

I HAVE 45,000,000 LIFE INSURANCE CASH VALUE 1,000,000

ER 0742

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT 2**

(First Amendment to Premarital Agreement)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

### FIRST AMENDMENT TO PREMARITAL AGREEMENT
### DATED NOVEMBER 25, 2015
### BETWEEN BARBARA ROTH KLEIN AND LESLIE KLEIN

The parties hereby amend Paragraph 11.L of above entitled matter as follows:

1. Notwithstanding the foregoing subparagraphs (A) through (K) of this Paragraph 11 of the within Agreement, upon LESLIE KLEIN's demise, BARBARA ROTH KLEIN shall receive $4,000,000 from the Estate of LESLIE KLEIN.  She may also live in the house AT 322 N.  June Street where the Parties live during her life time .  The Estate shall also pay BARBARA ROTH KLEIN the sum of $230,000 which is a repayment of a loan.

**IN WITNESS WHEREOF,** the undersigned has executed and acknowledged this **FIRST AMENDMENT TO PREMARITAL AGREEMENT DATED NOVEMBER 25, 2015 BETWEEN BARBARA ROTH AND LESLIE KLEIN** this 25 day of NOVEMBER 2021.

**BARBARA ROTH KLEIN**

**LESLIE KLEIN**
TRUSTEE OF KLEIN
MARITAL DEDUCTION TRUST

Page 1 of 3

EJOKLEIN000090

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**__EXHIBIT 3__**

(Barbara Roth Klein's Defendant Admissions)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4853-6525-3603.1 78512.001

1    Jeffrey W. Dulberg (State Bar No. 181200)
     John W. Lucas (State Bar No. 271038)
2    Jeffrey P. Nolan (State Bar No. 158923)
     PACHULSKI STANG ZIEHL & JONES LLP
3    10100 Santa Monica Blvd., 13th Floor
     Los Angeles, California 90067-4003
4    Telephone: 310-277-6910
     Facsimile: 310-201-0760
5    Email: jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6            jnolan@pszjlaw.com

7    Attorneys for Plaintiff, Bradley D. Sharp,
     Chapter 11 Trustee
8
                 **UNITED STATES BANKRUPTCY COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10
                      **LOS ANGELES DIVISION**

11   In re                              Case No. 23-10990-SK

12   LESLIE KLEIN,                      Adv. Case No.:  2:24-ap-01140-SK

13          Debtor.                     Chapter 11

14   BRADLEY D. SHARP, Chapter 11 Trustee,,    **PLAINTIFF'S REQUEST FOR**
                                               **ADMISSIONS, SET ONE, PROPOUNDED**
15          Plaintiff,                         **TO BARBARA KLEIN**

16          v.

17   LESLIE KLEIN, an individual, THE
     SECOND AMENDED KLEIN LIVING
18   TRUST, a trust, THE MARITAL
     DEDUCTION TRUST OF ERIKA KLEIN, a
19   trust, THE SURVIVOR'S TRUST OF
     LESLIE KLEIN, a trust, and BARBARA
20   KLEIN, an individual,

21          Defendants.

22
                **PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE,**
23                **PROPOUNDED TO DEFENDANT, BARBARA KLEIN**

24        TO:        Defendant, Barbara Klein ("**Defendant**")

25        FROM:      Plaintiff, Bradley D. Sharp ("**Plaintiff**"),
                     Chapter 11 Trustee of estate of Leslie Klein
26

27        Pursuant to Federal Rules of Civil Procedure 36, made applicable by Federal Rule of

28   Bankruptcy Procedure 7036, Plaintiff, by its undersigned attorneys, hereby propounds the

4857-7541-7300.1 78512.001

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*

1    following Requests For Admissions to Defendant.  Plaintiff hereby requests that Defendant answer

2    the following requests to admit facts, within thirty (30) days of the date of service hereof.

3    <div align="center">**DEFINITIONS FOR REQUESTS FOR ADMISSIONS**</div>

4    1.     "<u>YOU</u>" or "<u>YOUR</u>" means Barbara Klein (the current spouse of KLEIN), an

5    individual, acting in any capacity.

6    2.     "<u>BARBARA KLEIN</u>" means the KLEIN'S current spouse.

7    3.     "<u>CONCERNING</u>" means and includes relating to, constituting, defining, evidencing,

8    mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating,

9    referring to, dealing with, or in any way pertaining to the subject matter.

10    4.     "<u>CREDITOR TRUST</u>" means a certain "creditor trust" purportedly created and

11    funded by the KLEIN LIVING TRUST.

12    5.     "<u>DOCUMENT</u>" or "<u>DOCUMENTS</u>" is defined to have the same meaning and to be

13    equal in scope to the terms "documents" and "electronically stored information" as used in the

14    Federal Rules of Civil Procedure 34(a) and/or "writings" as defined in the Federal Rules of Evidence

15    1001, and each "duplicate" as defined in the Federal Rules of Evidence 1001.  "DOCUMENTS"

16    means and includes all written, recorded, transcribed or graphic matter of every nature, type and

17    kind, however and by whomever produced, reproduced, disseminated or made.  This includes, but

18    is not limited to, any and all originals, copies or drafts of any and all of the following: papers; books;

19    letters; correspondence; loans, memoranda; notes; notations; transcripts; minutes; reports;

20    appraisals; estimates; projections; charts, graphs and tables; schedules; proposals; offers; contracts;

21    agreements; signature cards; checks, canceled checks and bank or account  statements; and any

22    information contained in any computer tape, card, disk, drive, program or other device; computer

23    print-outs; microfilm; microfiche; all amendments or riders any other tangible or intangible thing or

24    item that contains any information; and, all "writings and recordings" and "photographs" (and all

25    negatives thereof) as defined in and by the Federal Rules of Evidence, Rule 1001.

26    6.     "<u>ERIKA KLEIN</u>" means the KLEIN'S former spouse who was a co-settlor and co-

27    trustee of the KLEIN LIVING TRUST and who also died on or about December 13, 2012.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

7.    "<u>JUNE ST. PROPERTY</u>" means that certain real property located at 322 N. June Street, Los Angeles, CA.

8.    "<u>JUNE ST. PROPERTY DEED</u>" means that certain real property deed wherein Howard L Raykoff and Judy H. Raykoff granted the JUNE ST. PROPERTY to Leslie Klein and Erika Noemi Klein, as Trustees Under the Klein Living Trust of 1975, which was recorded in the County of Los Angeles on or about December 14, 1977.

9.    "<u>KLEIN</u>" means the individual Leslie Klein and any alias name including Menachem Klein, and/or Lutzy Klein, in Leslie Klein's individual capacity or capacity as a trustee under the KLEIN LIVING TRUST, MDT, SURVIVOR'S TRUST, CREDITOR TRUST, or any other trustee of trust that was created as a result of the KLEIN LIVING TRUST.

10.    "<u>KLEIN LIVING TRUST</u>" means the Second Amended Klein Living Trust, dated Aril 8, 1990, wherein KLEIN AND ERIKA KLEIN were co-settlers and co-trustees.

11.    "<u>KLEIN LIVING TRUST OF 1975</u>" means that certain living trust, wherein KLEIN and ERIKA KLEIN were co-trustees, which also owned the JUNE ST. PROPERTY as reflected on the JUNE ST. PROPERTY DEED.

12.    "<u>MDT</u>" means a certain "marital deduction trust" that was purportedly created and funded by the KLEIN LIVING TRUST.

13.    "<u>PETITION DATE</u>" means February 22, 2023.

14.    "<u>SURVIVOR'S TRUST</u>" means that certain "survivor's trust" that was purportedly created and fund by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

## <u>GENERAL PROVISIONS AND INSTRUCTIONS</u>

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULES OF BANKRUPTCY PROCEDURE 7026 AND 7036, INCORPORATING THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 26 AND 36, WITH RESPECT TO THIS SET OF

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1  REQUESTS FOR ADMISSIONS, THE MATTERS ABOUT WHICH AN ADMISSION ARE

2  REQUESTED SHALL BE DEEMED ADMITTED.

3                         **REQUEST FOR ADMISSIONS**

4  **REQUEST FOR ADMISSION NO. 1:**

5       Admit that the only DOCUMENT recorded in the Registrar/Recorder's Office of the

6  County of Los Angeles evidencing ownership of the JUNE ST. PROPERTY is the JUNE ST.

7  PROPERTY DEED.

8  **REQUEST FOR ADMISSION NO. 2:**

9       Admit that any agreement between YOU and KLEIN giving you a life estate in the JUNE

10 ST. PROPERTY was not recorded in the Registrar/Recorder's Office of the County of Los

11 Angeles prior to the PETITION DATE.

12 **REQUEST FOR ADMISSION NO. 3:**

13      Admit that no interest BARBARA KLEIN might assert in the JUNE ST. PROPERTY was

14 recorded in the Registrar/Recorder's Office of the County of Los Angeles prior to the PETITION

15 DATE.

16

17 Dated:  July 31, 2024                 PACHULSKI STANG ZIEHL & JONES LLP

18

19

20                                By  _____

21                                     Jeffrey W. Dulberg
                                     John W. Lucas
                                     Jeffrey P. Nolan

22

23                                     Attorneys for Plaintiff, Bradley D. Sharp,
                                     Chapter 11 Trustee

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

I, Nancy H. Brown, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100.

On July 31, 2024, I caused to be served the **PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE, PROPOUNDED TO BARBARA KLEIN** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

**VIA U.S. MAIL**
Barbara Klein
322 North June Street
Los Angeles, CA 90004

**VIA U.S. Mail**
Eric J. Olson
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101

**VIA Email**
Eric@EJOlsonLaw.com

**VIA U.S. Mail**
Leslie Klein
322 North June Street
Los Angeles, CA 90004

**VIA Email**
les.kleinlaw@gmail.com;
leskleinlaw@gmail.com;
kleinlaw@earthlink.net

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☐ (BY OVERNIGHT DELIVERY) By sending by Federal Express to the addressee(s) as indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on July 31, 2024, at Los Angeles, California.

*/s/ Nancy H. Brown*
Nancy H. Brown

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT 4**

(Defendants' Admissions)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4853-6525-3603.1 78512.001

1  Eric J. Olson (SBN 37630)
   EJOLSONLAW
2  301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5
6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8
9              UNITED STATES BANKRUPTCY COURT
10       CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| 11  IN RE | Case No.: 2:23-bk-10990-SK |
| 12  LESLIE KLEIN, | Adverse Case No.: 2:24-ap-01140-SK |
| 13  DEBTOR. | Chapter 11 |
| 14  BRADLEY D. SHARP, CHAPTER 11 | |
| 15  TRUSTEE, | |
| 16          Plaintiff, | **AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3 PROPOUNDED TO CREDITOR TRUST** |
| 17  vs. | |
| 18  LESLIE KLEIN, AN INDIVIDUAL, THE | |
| 19  SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL | |
| 20  DEDUCTION TRUST OF ERIKA KLEIN, A | |
| 21  TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA | |
| 22  KLEIN, AN INDIVIDUAL, | |
| 23          Defendants. | |

24         Pursuant to Federal Rule of Civil Procedure 36, as made applicable by

25  Federal Rule of Bankruptcy Procedure 7036, Defendant Creditor Trust ("Defendant" or

26  "Responding Party") hereby responds to Plaintiff Bradley D. Sharp, Chapter 11

27

28  Trustee's ("Plaintiff" or "Propounding Party") First Set of Request for Admissions to the

ER 0753

offices of Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th

Floor, Los Angeles, California 90067.

## DEFINITIONS

1. "YOU" or "YOUR" means the KLEIN LIVING TRUST.

2. "BARBARA KLEIN" means the KLEIN'S current spouse.

3. "CONCERNING" means and includes relating to, constituting, defining,

   evidencing, mentioning, containing, describing, discussing, embodying,

   reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way

   pertaining to the subject matter.

4. "CREDITOR TRUST" means a certain "creditor trust" purportedly created and

   funded by the KLEIN LIVING TRUST.

5. "DOCUMENT" or "DOCUMENTS" is defined to have the same meaning and to

   be equal in scope to the terms "documents" and "electronically stored

   information" as used in the Federal Rules of Civil Procedure 34(a) and/or

   "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate"

   as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and

   includes all written, recorded, transcribed or graphic matter of every nature, type

   and kind, however and by whomever produced, reproduced, disseminated or

   made. This includes, but is not limited to, any and all originals, copies or drafts of

   any and all of the following: papers; books; letters; correspondence; loans;

   memoranda; notes; notations; transcripts; minutes; reports; appraisals;

   estimates; projections; charts; graphs and tables; schedules; proposals; offers;

   contracts; agreements; signature cards; checks, cancelled checks and bank or

ER 0754

account statements; and any information contained in any computer tape, card, disk, drive, program or other device; computer print-outs; microfilm; microfiche; all amendments or riders any other tangible or intangible thing or item that contains any information; and, all "writings and recordings" and "photographs" (and all negatives thereof) as defined in and by the Federal Rules of Evidence, Rule 1001.

6. "ERIKA KLEIN" means the KLEIN'S former spouse who was a co-settlor and co-trustee of the KLEIN LIVING TRUST and who also died on or about December 13, 2012.

7. "JUNE ST. PROPERTY" means that certain real property located at 322 N. June Street, Los Angeles, CA.

8. "JUNE ST. PROPERTY DEED" means that certain real property deed wherein Howard L Raykoff and Judy H Raykoff granted the JUNE ST. PROPERTY to Leslie Klein and Erika Noemi Klein, as Trustees Under the Klein Living Trust of 1975, which was recorded in the County of Los Angeles on or about December 4, 1977.

9. "KLEIN" means the individual Leslie Klein and any alias name including Menachem Klein, and/or Lutzy Klein, in Leslie Klein's individual capacity or capacity as trustee under the KLEIN LIVING TRUST, MDT, SURVIVOR'S TRUST, CREDITOR TRUST, or any other trustee of trust that was created as a result of the KLEIN LIVING TRUST.

BR 0755

10. "KLEIN LIVING TRUST" means the Second Amended Klein Living Trust, dated April 8, 1990, wherein KLEIN AND ERIKA KLEIN were co-settlors and co-trustees.

11. "KLEIN LIVING TRUST OF 1975" means that certain living trust, wherein KLEIN and ERIKA KLEIN were co-trustees, which also owned the JUNE ST. PROPERTY as reflected on the JUNE ST. PROPERTY DEED.

12. "MDT" means a certain "marital deduction trust" that was purportedly created and funded by the KLEIN LIVING TRUST.

13. "PETITION DATE" means February 22, 2023.

14. "SURVIVOR'S TRUST" means that certain "survivor's trust" that was purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

## **GENERAL PROVISIONS AND INSTRUCTIONS**

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULE SOF BANKRUPTCY PROCEDURE 7026 AND 7036, INCORPORATING THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 26 AND 36, WITH RESPECT TO THIS SET OF REQUESTS FOR ADMISSIONS, THE MATTERS ABOUT WHICH AN ADMISSION ARE REQUESTED SHALL BE DEEMED ADMITTED.

## **REQUEST FOR ADMISSION**

## **REQUEST FOR ADMISSION NO. 3:**

Admit that by the amendment of the KLEIN LIVING TRUST OF 1975 by the KLEIN LIVING TRUST that the KLEIN LIVING TRUST owned the JUNE ST. PROPERTY just as it was owned by the KLEIN LIVING TRUST OF 1975.

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO CREDITOR TRUST**
**- 4 -**

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2         Admitted. Question originally misread.

3

4

5    Dated: August 27, 2024

6

7                                                Eric J. Olson

8                                                Attorney for Leslie Klein as Trustee of
                                                 The Creditor Trust
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO CREDITOR TRUST**
- 5 -

<u>**VERIFICATION**</u>

I have read the foregoing Response to First Set of Request for Admission to "Creditor Trust" and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 27, 2024, at Los Angeles, California.


_____
Leslie Klein as Trustee of The Creditor
Trust

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3 PROPOUNDED TO CREDITOR TRUST**
- 6 -

1

2

3

## PROOF OF SERVICE BY MAIL

(State and Federal)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4      I am employed in the County of Los Angeles, State of California. I am over the age

5 of 18, and not a party to the within entitled action; my business address is 301 East

6 Colorado Boulevard, Suite 520, Pasadena, California 91101.

7      On August 27, 2024, I served the foregoing **"Amended Response to First Set of

8 Request for Admissions, Number 3 to Creditor Trust"** on the interested parties in this

action by:

9 **_X_ MAIL.** I placed the envelope for collection and mailing, following our ordinary

10 business practices. I am readily familiar with this business's practice for collecting and

11 processing correspondence for mailing. On the same day that correspondence is placed

12 for collection and mailing, it is deposited in the ordinary course of business with the United

13 States Postal Service, in a sealed envelope with postage fully prepaid.

14 **_X_ EMAIL.** As shown below.

15 I am a resident or employed in the county where the mailing occurred. The envelope or

16 package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

17

18

19

20 I am employed in the office of a member of the bar of this Court at whose direction the

21 service was made. I declare under penalty of perjury under the laws of the State of

22 California and the United States that the foregoing is true and correct and that this is

executed on August 27, 2024, at Pasadena, California.

23

24

25                                    _____

Jasper Pantaleon

26

27

28

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO CREDITOR TRUST**
- 7 -

ER 0759

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5
6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
8  THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual

9               UNITED STATES BANKRUPTCY COURT

10       CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

11 | IN RE                              | Case No.: 2:23-bk-10990-SK
12 | LESLIE KLEIN,                      | Adverse Case No.: 2:24-ap-01140-SK
13 | DEBTOR.                            |
14 |                                    | Chapter 11
   | BRADLEY D. SHARP, CHAPTER 11       |
15 | TRUSTEE,                           |
16 |            Plaintiff,              | AMENDED RESPONSE TO PLAINTIFF'S
   |                                    | REQUEST FOR ADMISSION, SET ONE,
17 | vs.                                | NUMBER 3 PROPOUNDED TO
18 |                                    | SURVIVOR'S TRUST
   | LESLIE KLEIN, AN INDIVIDUAL, THE   |
19 | SECOND AMENDED KLEIN LIVING        |
   | TRUST, A TRUST, THE MARITAL        |
20 | DEDUCTION TRUST OF ERIKA KLEIN, A  |
21 | TRUST, THE SURVIVOR'S TRUST OF     |
   | LESLIE KLEIN, A TRUST, AND BARBARA |
22 | KLEIN, AN INDIVIDUAL,              |
23 |            Defendants.             |

24         Pursuant to Federal Rule of Civil Procedure 36, as made applicable by

25 Federal Rule of Bankruptcy Procedure 7036, Defendant Leslie Klein as trustee of The

26 Survivor's Trust ("Defendant" or "Responding Party") hereby responds to Plaintiff

27

28 Bradley D. Sharp, Chapter 11 Trustee's ("Plaintiff" or "Propounding Party") First Set of

AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SURVIVOR'S TRUST
- 1 -

Request for Admissions to the offices of Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13<sup>th</sup> Floor, Los Angeles, California 90067.

## DEFINITIONS

1. "<u>YOU</u>" or "<u>YOUR</u>" means the KLEIN LIVING TRUST.

2. "<u>BARBARA KLEIN</u>" means the KLEIN'S current spouse.

3. "<u>CONCERNING</u>" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

4. "<u>CREDITOR TRUST</u>" means a certain "creditor trust" purportedly created and funded by the KLEIN LIVING TRUST.

5. "<u>DOCUMENT</u>" or "<u>DOCUMENTS</u>" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in the Federal Rules of Civil Procedure 34(a) and/or "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate" as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whomever produced, reproduced, disseminated or made. This includes, but is not limited to, any and all originals, copies or drafts of any and all of the following: papers; books; letters; correspondence; loans; memoranda; notes; notations; transcripts; minutes; reports; appraisals; estimates; projections; charts; graphs and tables; schedules; proposals; offers; contracts; agreements; signature cards; checks, cancelled checks and bank or

ER 0761

account statements; and any information contained in any computer tape, card,

disk, drive, program or other device; computer print-outs; microfilm; microfiche;

all amendments or riders any other tangible or intangible thing or item that

contains any information; and, all "writings and recordings" and "photographs"

(and all negatives thereof) as defined in and by the Federal Rules of Evidence,

Rule 1001.

6. "ERIKA KLEIN" means the KLEIN'S former spouse who was a co-settlor and co-

trustee of the KLEIN LIVING TRUST and who also died on or about December

13, 2012.

7. "JUNE ST. PROPERTY" means that certain real property located at 322 N. June

Street, Los Angeles, CA.

8. "JUNE ST. PROPERTY DEED" means that certain real property deed wherein

Howard L Raykoff and Judy H Raykoff granted the JUNE ST. PROPERTY to

Leslie Klein and Erika Noemi Klein, as Trustees Under the Klein Living Trust of

1975, which was recorded in the County of Los Angeles on or about December

4, 1977.

9. "KLEIN" means the individual Leslie Klein and any alias name including

Menachem Klein, and/or Lutzy Klein, in Leslie Klein's individual capacity or

capacity as trustee under the KLEIN LIVING TRUST, MDT, SURVIVOR'S

TRUST, CREDITOR TRUST, or any other trustee of trust that was created as a

result of the KLEIN LIVING TRUST.

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SURVIVOR'S TRUST**
- 3 -

10. "<u>KLEIN LIVING TRUST</u>" means the Second Amended Klein Living Trust, dated April 8, 1990, wherein KLEIN AND ERIKA KLEIN were co-settlors and co-trustees.

11. "<u>KLEIN LIVING TRUST OF 1975</u>" means that certain living trust, wherein KLEIN and ERIKA KLEIN were co-trustees, which also owned the JUNE ST. PROPERTY as reflected on the JUNE ST. PROPERTY DEED.

12. "<u>MDT</u>" means a certain "marital deduction trust" that was purportedly created and funded by the KLEIN LIVING TRUST.

13. "<u>PETITION DATE</u>" means February 22, 2023.

14. "<u>SURVIVOR'S TRUST</u>" means that certain "survivor's trust" that was purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

## **GENERAL PROVISIONS AND INSTRUCTIONS**

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULE SOF BANKRUPTCY PROCEDURE 7026 AND 7036, INCORPORATING THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 26 AND 36, WITH RESPECT TO THIS SET OF REQUESTS FOR ADMISSIONS, THE MATTERS ABOUT WHICH AN ADMISSION ARE REQUESTED SHALL BE DEEMED ADMITTED.

## **REQUEST FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 3:**

Admit that by the amendment of the KLEIN LIVING TRUST OF 1975 by the KLEIN LIVING TRUST that the KLEIN LIVING TRUST owned the JUNE ST. PROPERTY just as it was owned by the KLEIN LIVING TRUST OF 1975.

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3 PROPOUNDED TO SURVIVOR'S TRUST**
- 4 -

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2          Admitted. Question originally misread.

3

4

     Dated: August 27, 2024
5

6

7                                                    Eric J. Olson
                                                     Attorney for Leslie Klein as Trustee of
8                                                    The Creditor Trust

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       **AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
                     PROPOUNDED TO SURVIVOR'S TRUST**
                                    - 5 -

## VERIFICATION

I have read the foregoing Response to First Set of Request for Admission to Survivor's Trust and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 27, 2024, at Los Angeles, California.

_____
Leslie Klein as Trustee of The Survivor's Trust

AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SURVIVOR'S TRUST
- 6 -

ER 0765

1

## PROOF OF SERVICE BY MAIL

2

(State and Federal)

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

I am employed in the County of Los Angeles, State of California. I am over the age

5

of 18, and not a party to the within entitled action; my business address is 301 East

6

Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 27, 2024, I served the foregoing **"Amended Response to First Set of**

7

**Request for Admissions, Number 3 to Survivor's Trust"** on the interested parties in

8

this action by:

9

**_X_ MAIL.** I placed the envelope for collection and mailing, following our ordinary

10

business practices. I am readily familiar with this business's practice for collecting and

11

processing correspondence for mailing. On the same day that correspondence is placed

12

for collection and mailing, it is deposited in the ordinary course of business with the United

13

States Postal Service, in a sealed envelope with postage fully prepaid.

14

**_X_ EMAIL.** As shown below.

15

I am a resident or employed in the county where the mailing occurred. The envelope or

16

package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

20

I am employed in the office of a member of the bar of this Court at whose direction the

21

service was made. I declare under penalty of perjury under the laws of the State of

22

California and the United States that the foregoing is true and correct and that this is

23

executed on August 27, 2024, at Pasadena, California.

24

25

_____
Jasper Pantaleon

26

27

28

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SURVIVOR'S TRUST**
**- 7 -**

Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
E: Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Adverse Case No.: 2:24-ap-01140-SK |
| DEBTOR. | Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | **AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3 PROPOUNDED TO SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990** |
| vs. | |
| LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 36, as made applicable by

Federal Rule of Bankruptcy Procedure 7036, Defendant Leslie Klein as trustee of The

Second Amended Klein Living Trust Dated April 8, 1990 ("Defendant" or "Responding

Party") hereby responds to Plaintiff Bradley D. Sharp, Chapter 11 Trustee's ("Plaintiff" or

ER 0767

"Propounding Party") First Set of Request for Admissions to the offices of Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067.

## DEFINITIONS

1. "YOU" or "YOUR" means the KLEIN LIVING TRUST.

2. "BARBARA KLEIN" means the KLEIN'S current spouse.

3. "CONCERNING" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

4. "CREDITOR TRUST" means a certain "creditor trust" purportedly created and funded by the KLEIN LIVING TRUST.

5. "DOCUMENT" or "DOCUMENTS" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in the Federal Rules of Civil Procedure 34(a) and/or "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate" as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whomever produced, reproduced, disseminated or made. This includes, but is not limited to, any and all originals, copies or drafts of any and all of the following: papers; books; letters; correspondence; loans; memoranda; notes; notations; transcripts; minutes; reports; appraisals; estimates; projections; charts; graphs and tables; schedules; proposals; offers;

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990**
**- 2 -**

ER 0768

contracts; agreements; signature cards; checks, cancelled checks and bank or

account statements; and any information contained in any computer tape, card,

disk, drive, program or other device; computer print-outs; microfilm; microfiche;

all amendments or riders any other tangible or intangible thing or item that

contains any information; and, all "writings and recordings" and "photographs"

(and all negatives thereof) as defined in and by the Federal Rules of Evidence,

Rule 1001.

6. "ERIKA KLEIN" means the KLEIN'S former spouse who was a co-settlor and co-

trustee of the KLEIN LIVING TRUST and who also died on or about December

13, 2012.

7. "JUNE ST. PROPERTY" means that certain real property located at 322 N. June

Street, Los Angeles, CA.

8. "JUNE ST. PROPERTY DEED" means that certain real property deed wherein

Howard L Raykoff and Judy H Raykoff granted the JUNE ST. PROPERTY to

Leslie Klein and Erika Noemi Klein, as Trustees Under the Klein Living Trust of

1975, which was recorded in the County of Los Angeles on or about December

4, 1977.

9. "KLEIN" means the individual Leslie Klein and any alias name including

Menachem Klein, and/or Lutzy Klein, in Leslie Klein's individual capacity or

capacity as trustee under the KLEIN LIVING TRUST, MDT, SURVIVOR'S

TRUST, CREDITOR TRUST, or any other trustee of trust that was created as a

result of the KLEIN LIVING TRUST.

ER 0769

10. "<u>KLEIN LIVING TRUST</u>" means the Second Amended Klein Living Trust, dated April 8, 1990, wherein KLEIN AND ERIKA KLEIN were co-settlors and co-trustees.

11. "<u>KLEIN LIVING TRUST OF 1975</u>" means that certain living trust, wherein KLEIN and ERIKA KLEIN were co-trustees, which also owned the JUNE ST. PROPERTY as reflected on the JUNE ST. PROPERTY DEED.

12. "<u>MDT</u>" means a certain "marital deduction trust" that was purportedly created and funded by the KLEIN LIVING TRUST.

13. "<u>PETITION DATE</u>" means February 22, 2023.

14. "<u>SURVIVOR'S TRUST</u>" means that certain "survivor's trust" that was purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

### **GENERAL PROVISIONS AND INSTRUCTIONS**

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULE SOF BANKRUPTCY PROCEDURE 7026 AND 7036, INCORPORATING THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 26 AND 36, WITH RESPECT TO THIS SET OF REQUESTS FOR ADMISSIONS, THE MATTERS ABOUT WHICH AN ADMISSION ARE REQUESTED SHALL BE DEEMED ADMITTED.

### **REQUEST FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 3:**

Admit that by the amendment of the KLEIN LIVING TRUST OF 1975 by the KLEIN LIVING TRUST that the KLEIN LIVING TRUST owned the JUNE ST. PROPERTY just as it was owned by the KLEIN LIVING TRUST OF 1975.

AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990
- 4 -

ER 0770

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

    Admitted. Question originally misread.


Dated: August 27, 2024

                                                        Eric J. Olson
                                                        Attorney for Leslie Klein as Trustee of
                                                        The Creditor Trust

ER 0771

## VERIFICATION

I have read the foregoing Response to First Set of Request for Admission to The Second Amended Klein Living Trust Dated April 8, 1990 and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 27, 2024, at Los Angeles, California.

_Leslie Klein_

Leslie Klein as Trustee of The Second Amended Klein Living Trust Dated April 8, 1990

AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990
- 6 -

ER 0772

## PROOF OF SERVICE BY MAIL

### (State and Federal)

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 27, 2024, I served the foregoing "**Amended Response to First Set of Request for Admissions, Number 3 to The Second Amended Klein Living Trust Dated April 8, 1990**" on the interested parties in this action by:

**_X_ MAIL.** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**_X_ EMAIL.** As shown below.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 27, 2024, at Pasadena, California.

_____
Jasper Pantaleon

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990**
-7-

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
5  E: Eric@EJOlsonLaw.com

6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8

9              UNITED STATES BANKRUPTCY COURT

10      CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

11 | IN RE                                  | Case No.: 2:23-bk-10990-SK
12 | LESLIE KLEIN,                          |
   |                                        | Adverse Case No.: 2:24-ap-01140-SK
13 | DEBTOR.                                |
   |                                        | Chapter 11
14 |                                        |
   | BRADLEY D. SHARP, CHAPTER 11           |
15 | TRUSTEE,                               |
16 |          Plaintiff,                    | **AMENDED RESPONSE TO PLAINTIFF'S
   |                                        | REQUEST FOR ADMISSION, SET ONE,
17 | vs.                                    | NUMBER 3 PROPOUNDED TO LESLIE
   |                                        | KLEIN**
18 | LESLIE KLEIN, AN INDIVIDUAL, THE       |
19 | SECOND AMENDED KLEIN LIVING            |
   | TRUST, A TRUST, THE MARITAL            |
20 | DEDUCTION TRUST OF ERIKA KLEIN, A      |
   | TRUST, THE SURVIVOR'S TRUST OF         |
21 | LESLIE KLEIN, A TRUST, AND BARBARA     |
22 | KLEIN, AN INDIVIDUAL,                  |
23 |          Defendants.                   |

24         Pursuant to Federal Rule of Civil Procedure 36, as made applicable by

25 Federal Rule of Bankruptcy Procedure 7036, Defendant Leslie Klein ("Defendant" or

26 "Responding Party") hereby responds to Plaintiff Bradley D. Sharp, Chapter 11

27

28 Trustee's ("Plaintiff" or "Propounding Party") First Set of Request for Admissions to the

BR 0774

offices of Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th

Floor, Los Angeles, California 90067.

## DEFINITIONS

1. "YOU" or "YOUR" means the KLEIN LIVING TRUST.

2. "BARBARA KLEIN" means the KLEIN'S current spouse.

3. "CONCERNING" means and includes relating to, constituting, defining,

   evidencing, mentioning, containing, describing, discussing, embodying,

   reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way

   pertaining to the subject matter.

4. "CREDITOR TRUST" means a certain "creditor trust" purportedly created and

   funded by the KLEIN LIVING TRUST.

5. "DOCUMENT" or "DOCUMENTS" is defined to have the same meaning and to

   be equal in scope to the terms "documents" and "electronically stored

   information" as used in the Federal Rules of Civil Procedure 34(a) and/or

   "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate"

   as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and

   includes all written, recorded, transcribed or graphic matter of every nature, type

   and kind, however and by whomever produced, reproduced, disseminated or

   made. This includes, but is not limited to, any and all originals, copies or drafts of

   any and all of the following: papers; books; letters; correspondence; loans;

   memoranda; notes; notations; transcripts; minutes; reports; appraisals;

   estimates; projections; charts; graphs and tables; schedules; proposals; offers;

   contracts; agreements; signature cards; checks, cancelled checks and bank or

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO LESLIE KLEIN**
**- 2 -**

account statements; and any information contained in any computer tape, card, disk, drive, program or other device; computer print-outs; microfilm; microfiche; all amendments or riders any other tangible or intangible thing or item that contains any information; and, all "writings and recordings" and "photographs" (and all negatives thereof) as defined in and by the Federal Rules of Evidence, Rule 1001.

6. "ERIKA KLEIN" means the KLEIN'S former spouse who was a co-settlor and co-trustee of the KLEIN LIVING TRUST and who also died on or about December 13, 2012.

7. "JUNE ST. PROPERTY" means that certain real property located at 322 N. June Street, Los Angeles, CA.

8. "JUNE ST. PROPERTY DEED" means that certain real property deed wherein Howard L Raykoff and Judy H Raykoff granted the JUNE ST. PROPERTY to Leslie Klein and Erika Noemi Klein, as Trustees Under the Klein Living Trust of 1975, which was recorded in the County of Los Angeles on or about December 4, 1977.

9. "KLEIN" means the individual Leslie Klein and any alias name including Menachem Klein, and/or Lutzy Klein, in Leslie Klein's individual capacity or capacity as trustee under the KLEIN LIVING TRUST, MDT, SURVIVOR'S TRUST, CREDITOR TRUST, or any other trustee of trust that was created as a result of the KLEIN LIVING TRUST.

ER 0776

10. "<u>KLEIN LIVING TRUST</u>" means the Second Amended Klein Living Trust, dated April 8, 1990, wherein KLEIN AND ERIKA KLEIN were co-settlors and co-trustees.

11. "<u>KLEIN LIVING TRUST OF 1975</u>" means that certain living trust, wherein KLEIN and ERIKA KLEIN were co-trustees, which also owned the JUNE ST. PROPERTY as reflected on the JUNE ST. PROPERTY DEED.

12. "<u>MDT</u>" means a certain "marital deduction trust" that was purportedly created and funded by the KLEIN LIVING TRUST.

13. "<u>PETITION DATE</u>" means February 22, 2023.

14. "<u>SURVIVOR'S TRUST</u>" means that certain "survivor's trust" that was purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

## <u>GENERAL PROVISIONS AND INSTRUCTIONS</u>

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULE SOF BANKRUPTCY PROCEDURE 7026 AND 7036, INCORPORATING THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 26 AND 36, WITH RESPECT TO THIS SET OF REQUESTS FOR ADMISSIONS, THE MATTERS ABOUT WHICH AN ADMISSION ARE REQUESTED SHALL BE DEEMED ADMITTED.

## <u>REQUEST FOR ADMISSIONS</u>

### <u>REQUEST FOR ADMISSION NO. 3:</u>

Admit that by the amendment of the KLEIN LIVING TRUST OF 1975 by the KLEIN LIVING TRUST that the KLEIN LIVING TRUST owned the JUNE ST. PROPERTY just as it was owned by the KLEIN LIVING TRUST OF 1975.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

      Admitted. Question originally misread.

Dated: August 27, 2024

                                                               Eric J. Olson
                                                               Attorney for Leslie Klein as Trustee of
                                                               The Creditor Trust

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO LESLIE KLEIN**
**- 5 -**

ER 0778

<u>**VERIFICATION**</u>

I have read the foregoing Response to First Set of Request for Admission to Leslie Klein and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 27, 2024, at Los Angeles, California.

_Leslie Klein_
Leslie Klein

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3 PROPOUNDED TO LESLIE KLEIN**

- 6 -

## PROOF OF SERVICE BY MAIL

(State and Federal)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 27, 2024, I served the foregoing **"Amended Response to First Set of Request for Admissions, Number 3 to Leslie Klein"** on the interested parties in this action by:

_X_ **MAIL.** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_X_ **EMAIL.** As shown below.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 27, 2024, at Pasadena, California.

_____
Jasper Pantaleon

AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO LESLIE KLEIN

- 7 -

ER 0780

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5

6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8

9              UNITED STATES BANKRUPTCY COURT

10      CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

11  | IN RE | Case No.: 2:23-bk-10990-SK |
12  | LESLIE KLEIN, | Adverse Case No.: 2:24-ap-01140-SK |
13  | DEBTOR. | |
14  | | Chapter 11 |
15  | BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | |
16  | Plaintiff, | **AMENDED RESPONSE TO PLAINTIFF'S** |
17  | vs. | **REQUEST FOR ADMISSION, SET ONE, NUMBER 3 PROPOUNDED TO** |
18  | LESLIE KLEIN, AN INDIVIDUAL, THE | **MARITAL DEDUCTION TRUST** |
19  | SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL | |
20  | DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF | |
21  | LESLIE KLEIN, A TRUST, AND BARBARA | |
22  | KLEIN, AN INDIVIDUAL, | |
23  | Defendants. | |

24        Pursuant to Federal Rule of Civil Procedure 36, as made applicable by

25  Federal Rule of Bankruptcy Procedure 7036, Defendant Leslie Klein as trustee of The
26

27  Marital Deduction Trust ("Defendant" or "Responding Party") hereby responds to

28  Plaintiff Bradley D. Sharp, Chapter 11 Trustee's ("Plaintiff" or "Propounding Party") First

AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO MARITAL DEDUCTION TRUST
- 1 -

ER 0781

1  Set of Request for Admissions to the offices of Pachulski Stang Ziehl & Jones LLP, at

2  10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067.

### DEFINITIONS

1. "YOU" or "YOUR" means the KLEIN LIVING TRUST.

2. "BARBARA KLEIN" means the KLEIN'S current spouse.

3. "CONCERNING" means and includes relating to, constituting, defining,
   evidencing, mentioning, containing, describing, discussing, embodying,
   reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way
   pertaining to the subject matter.

4. "CREDITOR TRUST" means a certain "creditor trust" purportedly created and
   funded by the KLEIN LIVING TRUST.

5. "DOCUMENT" or "DOCUMENTS" is defined to have the same meaning and to
   be equal in scope to the terms "documents" and "electronically stored
   information" as used in the Federal Rules of Civil Procedure 34(a) and/or
   "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate"
   as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and
   includes all written, recorded, transcribed or graphic matter of every nature, type
   and kind, however and by whomever produced, reproduced, disseminated or
   made. This includes, but is not limited to, any and all originals, copies or drafts of
   any and all of the following: papers; books; letters; correspondence; loans;
   memoranda; notes; notations; transcripts; minutes; reports; appraisals;
   estimates; projections; charts; graphs and tables; schedules; proposals; offers;
   contracts; agreements; signature cards; checks, cancelled checks and bank or

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO MARITAL DEDUCTION TRUST**
- 2 -

ER 0782

account statements; and any information contained in any computer tape, card, disk, drive, program or other device; computer print-outs; microfilm; microfiche; all amendments or riders any other tangible or intangible thing or item that contains any information; and, all "writings and recordings" and "photographs" (and all negatives thereof) as defined in and by the Federal Rules of Evidence, Rule 1001.

6. "ERIKA KLEIN" means the KLEIN'S former spouse who was a co-settlor and co-trustee of the KLEIN LIVING TRUST and who also died on or about December 13, 2012.

7. "JUNE ST. PROPERTY" means that certain real property located at 322 N. June Street, Los Angeles, CA.

8. "JUNE ST. PROPERTY DEED" means that certain real property deed wherein Howard L Raykoff and Judy H Raykoff granted the JUNE ST. PROPERTY to Leslie Klein and Erika Noemi Klein, as Trustees Under the Klein Living Trust of 1975, which was recorded in the County of Los Angeles on or about December 4, 1977.

9. "KLEIN" means the individual Leslie Klein and any alias name including Menachem Klein, and/or Lutzy Klein, in Leslie Klein's individual capacity or capacity as trustee under the KLEIN LIVING TRUST, MDT, SURVIVOR'S TRUST, CREDITOR TRUST, or any other trustee of trust that was created as a result of the KLEIN LIVING TRUST.

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO MARITAL DEDUCTION TRUST**
- 3 -

ER 0783

10. "KLEIN LIVING TRUST" means the Second Amended Klein Living Trust, dated April 8, 1990, wherein KLEIN AND ERIKA KLEIN were co-settlors and co-trustees.

11. "KLEIN LIVING TRUST OF 1975" means that certain living trust, wherein KLEIN and ERIKA KLEIN were co-trustees, which also owned the JUNE ST. PROPERTY as reflected on the JUNE ST. PROPERTY DEED.

12. "MDT" means a certain "marital deduction trust" that was purportedly created and funded by the KLEIN LIVING TRUST.

13. "PETITION DATE" means February 22, 2023.

14. "SURVIVOR'S TRUST" means that certain "survivor's trust" that was purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

## GENERAL PROVISIONS AND INSTRUCTIONS

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULE SOF BANKRUPTCY PROCEDURE 7026 AND 7036, INCORPORATING THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 26 AND 36, WITH RESPECT TO THIS SET OF REQUESTS FOR ADMISSIONS, THE MATTERS ABOUT WHICH AN ADMISSION ARE REQUESTED SHALL BE DEEMED ADMITTED.

## REQUEST FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 3:

Admit that by the amendment of the KLEIN LIVING TRUST OF 1975 by the KLEIN LIVING TRUST that the KLEIN LIVING TRUST owned the JUNE ST. PROPERTY just as it was owned by the KLEIN LIVING TRUST OF 1975.

ER 0784

1    **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 3:</u>**

2        Admitted. Question originally misread.

3

4

Dated: August 27, 2024

5

6

7                                         Eric J. Olson
                                          Attorney for Leslie Klein as Trustee of
8                                         The Creditor Trust

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO MARITAL DEDUCTION TRUST**
**- 5 -**

ER 0785

1

## <u>VERIFICATION</u>

2

3

I have read the foregoing Response to First Set of Request for Admission to

Marital Deduction Trust and know its contents. I am a party to this action. The matters

4

5

stated in the foregoing document are true of my own knowledge except as to those

6

matters which are stated on information and belief, and to those matters I believe them

7

to be true.

8

I declare under the penalty of perjury under the laws of the State of California

9

that the foregoing is true and correct.

10

11

Executed on August 27, 2024, at Los Angeles, California.

12

13

14

_____

Leslie Klein as Trustee of The Marital
Deduction Trust

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION, SET ONE, NUMBER 3
PROPOUNDED TO MARITAL DEDUCTION TRUST
- 6 -

ER 0786

## PROOF OF SERVICE BY MAIL

### (State and Federal)

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 27, 2024, I served the foregoing **"Amended Response to First Set of Request for Admissions, Number 3 to the Marital Deduction Trust"** on the interested parties in this action by:

**_X_ MAIL.** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**_X_ EMAIL.** As shown below.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 27, 2024, at Pasadena, California.

_____
Jasper Pantaleon

**EXHIBIT 5**

(Defendant's Response to Interrogatories)

4853-6525-3603.1 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
E: Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR. | Case No.: 2:23-bk-10990-SK<br><br>Adverse Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11<br>TRUSTEE,<br><br>       Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE<br>SECOND AMENDED KLEIN LIVING<br>TRUST, A TRUST, THE MARITAL<br>DEDUCTION TRUST OF ERIKA KLEIN, A<br>TRUST, THE SURVIVOR'S TRUST OF<br>LESLIE KLEIN, A TRUST, AND BARBARA<br>KLEIN, AN INDIVIDUAL,<br><br>       Defendants. | **RESPONSE TO PLAINTIFF'S REQUEST<br>FOR PRODUCTION OF DOCUMENTS,<br>SET ONE, PROPOUNDED TO LESLIE<br>KLEIN, SECOND AMENDED KLEIN<br>LIVING TRUST, MARITAL DEDUCTION<br>TRUST, SURVIVOR'S TRUST, AND<br>BARBARA KLEIN** |

Pursuant to Federal Rule of Civil Procedure 26 and 34, as made

applicable by Federal Rule of Bankruptcy Procedure 7026 and 7034, Defendants Leslie

Klein as an individual, Leslie Klein as trustee of The Second Amended Klein Living

Trust, Leslie Klein as trustee of The Marital Deduction Trust, Leslie Klein as trustee of

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL
DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**

- 1 -

The Survivor's Trust, and Barbara Klein ("Defendants" or "Responding Party") hereby

responds to Plaintiff Bradley D. Sharp, Chapter 11 Trustee's ("Plaintiff" or "Propounding

Party") First Set of Request for Production of Documents to the offices of Pachulski

Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles,

California 90067.

### INSTRUCTIONS

A.  You are required to conduct a thorough investigation and produce all

DOCUMENTS (as defined below) in your possession, custody and control

including all DOCUMENTS in the possession, custody and control of your,

officers, directors, employees, agents, representatives and anyone acting on

your behalf.

B.  If there are no documents in existence that are responsive to a particular

Request, your response must include a statement to that effect. If documents

once existed in your possession, custody or control, but are no longer in your

possession, custody or control for any reason, please identify the specific

circumstances under which you lost possession, custody or control, and

identify your understanding of the documents' current location or the manner

in which you disposed of the documents.

C.  Electronically stored information ("ESI") responsive to these Requests shall

be produced in the same manner in which it is stored, together with all

associated metadata. If software not in normal, typical, commercial use is

necessary to view the ESI produced in full, native, and usable form with full

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL
DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**
- 2 -

functionality, then a copy of or license to the necessary software shall be

produced together with the ESI.

D. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents

should either be organized and labeled to correspond with the categories in

this Request or produced as they are kept in the normal course of business.

E. If any of the requested documents fall within the scope of this Request, but

have not been produced on grounds that such documents are privileged,

please provide the following information as to each document to which such

claim is made: (a) the privilege that is grounds for withholding the

DOCUMENT: (b) the nature of the DOCUMENT (e.g. letter, spreadsheet,

memorandum); (c) the date that the DOCUMENT was prepared; (d) the

name/title of the author; (e) the name/title of each recipient or addressee of

the DOCUMENT; (f) the number of pages withheld; and (g) the name and

location of the current custodian of the DOCUMENT.

F. Unless otherwise provided herein, the relevant period of inquiry for these

Requests is from December 14, 1977 (i.e. the last date a real property deed

for the JUNE ST. PROPERTY was recorded) to the present.

**DEFINITIONS FOR DOCUMENT PRODUCTION AND EXAMINATION TOPICS**

1. "YOU" or "YOUR" means Leslie Klein, Menachem Klein or Lutzy Klein an

individual, acting in any capacity be it as a trustee, lawyer, administrator,

accountant, fiduciary for yourself, your former or current spouse or any entity

you own, control, manage, supervise or have an interest possessory, legal,

equitable, contingent or non-contingent.

ER 0791

2. "BARBARA KLEIN" means the KLEIN'S current spouse.

3. "CONCERNING" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

4. "CREDITOR TRUST" means a certain "creditor trust" purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

5. "DOCUMENT" or "DOCUMENTS" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in the Federal Rules of Civil Procedure 34(a) and/or "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate" as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and includes all written, recorded, reproduced, disseminated or made. This includes, but is not limited, any and all originals, copies or drafts of any and all of the following: papers; books; letters; correspondence; loans; memoranda; notes; notations; transcripts; minutes; reports; appraisals; estimates; projections; charts, graphs and tables; schedules; proposals; offers; contracts; agreements; signature cards; checks, cancelled checks and bank or account statements; and any information contained in any computer tape, card, disk, drive, program or other device; computer print-outs; microfilm; microfiche; all amendments or riders any other tangible or intangible thing or item that contains any information; and, all "writings and

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**

- 4 -

recordings" and "photographs" (and all negatives thereof) as defined in and by the Federal Rules of Evidence, Rule 1001.

6.  "ERIKA KLEIN" means the KLEIN'S former spouse who was a co-settlor and co-trustee of the KLEIN LIVING TRUST and who also died on or about December 13, 2012.

7.  "JUNE ST. PROPERTY" means that certain real property located at 322 N. June Street, Los Angeles, CA.

8.  "KLEIN" means the individual Leslie Klein and any alias name including Menachem Klein, and/or Lutzy Klein, in Leslie Klein's individual capacity or capacity as a trustee under the KLEIN LIVING TRUST, MDT, SURVIVOR'S TRUST, CREDITOR TRUST, or any other trustee of trust that was created as a result of the KLEIN LIVING TRUST.

9.  "KLEIN LIVING TRUST" means the Second Amended Klein Living Trust dated April 8, 1990.

10. "MDT" means a certain "marital deduction trust" that was purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

11. "SURVIVOR'S TRUST" means that certain "survivor's trust" that was purportedly created and funded by the KLEIN LIVING TRUST upon the death of ERIKA KLEIN.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control, that evidences any ownership interest (in whole or in part) in the JUNE ST. PROPERTY

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**

- 5 -

including but not limited to a fee simple or a life estate interest from December 14, 1977

to the present.

**RESPONSE TO REQUEST NO. 1:**

A copy of the deed dated December 14, 1977, Klein Living Trust and a ledger

(marked as Exhibit E) is attached to Plaintiff's Complaint. See also 16, 6 and 7.

**REQUEST NO. 2:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING any TRANSFERS regarding the JUNE ST.

PROPERTY between the KLEIN LIVING TRUST and KLEIN from December 14, 1977

to the present.

**RESPONSE TO REQUEST NO. 2:**

See No. 1.

**REQUEST NO. 3:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING any TRANSFERS regarding the JUNE ST.

PROPERTY between the KLEIN LIVING TRUST and MDT from December 13, 2012 to

the present.

**RESPONSE TO REQUEST NO. 3:**

See No. 1.

**REQUEST NO. 4:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING any TRANSFERS regarding the JUNE ST.

BR 0794

PROPERTY between the KLEIN LIVING TRUST and SURVIVOR'S TRUST from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 4:**

See No. 1.

**REQUEST NO. 5:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control memorializing or CONCERNING any TRANSFERS regarding the JUNE ST. PROPERTY between the KLEIN LIVING TRUST and CREDITOR TRUST from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 5:**

None.

**REQUEST NO. 6:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control memorializing or CONCERNING the formation and administration of the MDT from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 6:**

See Exhibit 2 attached to Answers to Interrogatories. See No. 1.

**REQUEST NO. 7:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control memorializing or CONCERNING the formation, funding and administration of the SURVIVOR'S TRUST from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 7:**

See Exhibit 2 attached to Answers to Interrogatories. See No. 1.

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**

- 7 -

**REQUEST NO. 8:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING the formation, funding and administration of the

CREDITOR TRUST from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 8:**

See Exhibit 2 attached to Answers to Interrogatories.

**REQUEST NO. 9:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING any transfer of money or other property from the MDT

to KLEIN, KLEIN's children, BARBARA KLEIN, or any other person from December 13,

2012 to the present.

**RESPONSE TO REQUEST NO. 9:**

See Exhibit 2 attached to Answers to Interrogatories. See No. 1.

**REQUEST NO. 10:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING any transfer of money or other property from the

SURVIVOR'S TRUST to KLEIN, KLEIN's children, BARBARA KLEIN, or any other

person from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 10:**

See Exhibit 2 attached to Answers to Interrogatories. See No. 1.

**REQUEST NO. 11:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING any transfer of money or other property from the

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL
DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**

- 8 -

BR 0796

CREDITOR TRUST to KLEIN, KLEIN's children, BARBARA KLEIN, or any other person

from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 11:**

    None.

**REQUEST NO. 12:**

    All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING federal or state tax returns filed with respect to the

KLEIN LIVING TRUST from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 12:**

    None.

**REQUEST NO. 13:**

    All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING federal or state tax returns filed with respect to the

MDT from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 13:**

    None.

**REQUEST NO. 14:**

    All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING federal or state tax returns filed with respect to the

SURVIVOR'S TRUST from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 14:**

    None.

//

BR 0797

**REQUEST NO. 15:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING federal or state tax returns filed with respect to the

CREDITOR TRUST from December 13, 2012 to the present.

**RESPONSE TO REQUEST NO. 15:**

None.

**REQUEST NO. 16:**

All DOCUMENTS within YOUR or KLEIN'S possession, custody or control

memorializing or CONCERNING any pre-marital or marital agreements, each in their

entirety, between KLEIN AND BARBARA KLEIN from January 1, 2013 to the present.

**RESPONSE TO REQUEST NO. 16:**

See Pre-Nuptial Agreement and Amendment to Pre-Nuptial Agreement attached.

Dated: August 23, 2024

_____

Eric J. Olson
Attorney for Defendants Leslie Klein, an
individual; Leslie Klein as trustee of The
Second Amended Klein Living Trust;
Leslie Klein as trustee of The Marital
Deduction Trust; Leslie Klein as trustee
of The Survivor's Trust; and,
Barbara Klein

ER 0798

## VERIFICATION

I have read the foregoing Response to First Set of Request for Production of Documents and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2024, at Los Angeles, California.

_____
Leslie Klein

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**
- 11 -

ER 0799



1

## **EXHIBIT E**

2

**(Klein Trust Property Schedule)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4889-2964-7549.2 78512.001

4

# KLEIN SECOND AMENDED TRUST AGREEMENT
## dated 4-08-1990
### as of
### September 10, 2013

Marital Deduction Trust (Trust A)

| | | |
|---|---|---|
| 322 N. June Street | Value on 9-10-2013 | $3,500,000 |
| Los Angeles, CA. 90004 | | |
| (Home) | | |
| 100% | | |
| Suite 1323 in Leonardo | Value on 9-10-2013 | $500,000 |
| Plaza Jerusalem Israel | | |
| (King George Street) | | |
| 100% | | |
| Dar Boutique | Value on 9-10-2013 | |
| Suite on 3rd Floor in | | |
| Jerusalem Israel | | |
| (Hebron Road) | | |
| 100% | | $250,000 |
| | TOTAL | $4,250,000 |

25% interest in Life Capital Group LLC

Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co 100% which
owns the following properties:

| | | |
|---|---|---|
| 14245 Ventura Blvd. | | |
| Sherman Oaks, CA. 91423 | Value on 9-10-2013 | $2,500,000 |
| (Commercial Office Building) | | |
| 419 N. Highland Ave | Value on 9-10-2013 | $1,000,000 |
| Los Angeles, CA 90036 | | |
| (Home) | | |
| 507 N. Mansfield Ave | Value on 9-10-2013 | $750,000 |
| Los Angeles, CA. 90036 | | |
| (Home) | | |
| | TOTAL | $4,250,000 |

25% interest in Life Capital Group LLC

KLEIN000814

ER 0802

# KLEIN MARITAL DEDUCTION TRUST

**dated 4-08-1990**

**as of**

**September 10, 2013**

| | Marital Deduction Trust (Trust A) | |
|---|---|---|
| 322 N. June Street<br>Los Angeles, CA 90004<br>(Home)<br>100% | Value on 9-10-2013 | $3,500,000 |
| Suite 1323 in Leonardo<br>Plaza Jerusalem Israel<br>(King George Street)<br>100% | Value on 9-10-2013 | $500,000 |
| Dan Boutique<br>Suite on 5th Floor in<br>Jerusalem Israel<br>(Hebron Road)<br>100% | Value on 9-10-2013 | $250,000 |
| TOTAL | | $4,250,000 |

| | Survivor Trust (Trust B) | |
|---|---|---|
| COMMON STOCK in<br>Bay Area Dev. Co 100% which<br>owns the following properties: | | |
| 1425 Ventura Blvd.<br>Sherman Oaks, CA. 91423<br>(Commercial Office Building) | Value on 9-10-2013 | $2,500,000 |
| 419 N. Highland Ave<br>Los Angeles, CA 90036<br>(Home) | Value on 9-10-2013 | $1,000,000 |
| 507 N. Mansfield Ave<br>Los Angeles, CA. 90036<br>(Home) | Value on 9-10-2013 | $750,000 |
| | TOTAL | $4,250,000 |

**EXHIBIT 2**

11112



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
As of *December 31, 2014*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $1,800,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| Trustee Fees Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |



## KLEIN MARITAE DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2015*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245  Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
As of *December 31, 2016*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
As of *December 31, 2017*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-1

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990

### As of *December 31, 2018*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Pleza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-2



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
As of *December 31, 2019*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
*As of December 31, 2020*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Marie Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2021*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co., which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
*As of December 31, 2022*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 21

ER 0812



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2023*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 22

ER 0813

**This page is part of your document - DO NOT DISCARD**





# 20130540038



**Pages:
0027**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/11/13 AT 11:27AM**

| | |
|---|---|
| FEES: | 93.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 93.00 |



**LEADSHEET**



201304110940011

**00007537718**



004785000

**SEQ:
01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

EJOKLEIN000058

Recording Request By:
**Les Klein & Associates**
*and when recorded mail to:*

Name   **LES KLEIN & ASSOCIATES**
Mailing Address
        **14245 Ventura Blvd,3rd Floor**
City,State **Sherman Oaks, Ca.**
Zip Code **91423**

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

## SECOND AMENDED KLEIN LIVING TRUST

**Re:  ERIKA  NOEMI  KLEIN**

**County Recorder: Please see Page 22 - ARTICLE 10**

EJOKLEIN000059

## SECOND AMENDED KLEIN LIVING TRUST

### ARTICLE 1

#### DECLARATION OF TRUST

**Trust Establishment:** LESLIE KLEIN and ERIKA NOEMI KLEIN, husband and wife, as settlors, will deliver to the trustee without consideration the property described in the attached schedule entitled "Trust Estate." The term "settlor" refers to one or both settlors. This Trust amends in its entirety the First Amended KLEIN Living Trust and revokes in its entirety both the KLEIN Living Trust and the first Amended KLEIN Living Trust. ~~The Klein Living Trust and the first Amended KLEIN Living Trust was not recorded.~~

**Trust Particulars:** For convenient reference, the following information applies:

  Settlors: LESLIE KLEIN and ERIKA NOEMI KLEIN

  Name of trust: KLEIN Living Trust

  Date established: 4/5/1990

  First trustee: LESLIE KLEIN and ERIKA NOEMI KLEIN
    as co-trustees

  Children living: KENNETH KLEIN, an adult;
       SHERI LEE KLEIN, born ██████████
       RICHARD KLEIN, born █████████████
       JASON KLEIN, born ███████████

**Property Status - Community:** <u>All property transferred to this trust is and shall remain community property after its transfer and shall be called the "community trust estate."</u> Further, the trustee shall have the power to convey, encumber, or otherwise dispose of community property without the consent of either husband or wife, whether or not each is then capable of giving such consent.

### ARTICLE 2

#### TRUST DURING SETTLORS' JOINT LIVES

EJOKLEIN000080

**Introduction:**  The trustee shall hold, administer, and distribute all property during the joint lives of the settlors as follows:

**Beneficiaries - Both Spouses:**  The beneficiaries of this trust shall be as follows:

       **Income beneficiaries:** Class composed of the settlors for their joint lives

       **Principal beneficiaries:**  Class composed of the settlors for their joint lives

**Community Income - Broad Standard:**  The trustee shall pay to or for the income beneficiary's benefit as much of the net income of the community trust estate as necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living.  The trustee shall add to principal any net income not so distributed.

**Community Principal - Broad Standard:**  If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

**Beneficiary's Incapacity - Ascertainable Standard:**  If a court declared a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from he trust estate as is necessary for the beneficiary's health, education, or support to maintain the beneficiary;s accustomed manner of living.  The trustee shall make payments first form the community trust estate, then equally form the beneficiary's separate trust estates.  The trustee shall add to principal any income not distributed.

**Community Payments - Special Duty:**  The beneficiary receiving payments from the community trust estate shall have the same duty to use community income and principal allocations for the income

-2-

EJOKLEIN000061

ER 0817

and principal beneficiary's benefit as that beneficiary has with
respect to any other community property.

**Guidelines - Other Sources Considered:**  In making distributions,
the trustee may (1) consider any other income or resources of a
beneficiary known to the trustee and reasonably available;  (2)
pay or apply for one beneficiary more than the other and may make
payments or applications of benefits for one beneficiary to the
exclusion of the other; and (3) consider the value of the trust
assets, the relative needs, both present and future, of each
beneficiary, and the tax consequences to the trust and to the
beneficiaries

**Payments to Others:**  The settlors acting jointly may at any time
direct the trustee in writing to pay single sums or periodic
payments out of the community trust estate to any  persons or
organization .  Additionally, a settlor's conservator upon
appropriate court order may exercise this power for payments
qualifying for the federal gift tax annual donee exclusion.

**Revocation During Settlors' Lives:**  During the settlors' joint
lives, either or both settlors may revoke from the trust the
community trust estate in whole or in part by a written document
delivered to the trustee that the trustee may require to be
acknowledged.  On revocation, the trustee shall promptly deliver
to both settlors or their designee the revoked portion of the
community trust estate, which shall continue as the settlors'
community property.  The trustee shall also provide an accounting
of the trustee's acts for the period since the preceding
accounting.  If the settlors revoke this trust with respect to
all or a major portion of the trust estate, then the trustee may
retain sufficient assets reasonable to secure payment of
liabilities lawfully incurred by the trustee in the
administration of the trust, unless the settlors indemnify the
trustee against losses or expenses.

**Amendment During Settlors' Lives:**  The settlors acting together
may at any time during their joint lives amend any of the terms
of this trust by a written document delivered to the trustee.  No
amendment shall substantially increase the trustee's duties and
liabilities or change the trustee's compensation without the
trustee's consent.  The trustee need not abide by the terms of
the amendment until it is accepted.  If the settlors remove a
trustee, the settlors shall pay to the trustee any sums due and
shall indemnify the trustee against liabilities lawfully incurred
by the trustee in the administration of the trust.

-3-

EJOKLEIN000062

ER 0818

Powers of Revocation and Amendment Personal:  The settlors'
powers to revoke or amend this trust are personal to them, and no
guardian, conservator, or other person shall exercise them.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 3</div>

<div align="center">TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH</div>

Action at First Spouse's Death:  The first settlor to die shall
be the "deceased spouse," and the living settlor, the "surviving
spouse."  At the death of the deceased spouse but before the
trust assets are allocated as set forth below, the trustee shall
make the following distributions:

Deceased Spouse's Expenses and Taxes:  The trustee may, in the
trustee's reasonable discretion, pay from the trust estate the
deceased spouse's debts, last illness and funeral costs, and
expenses of administration for this trust and the deceased
spouse's debts to the deceased spouse's interest in the community
trust estate as the trustee determines in the trustee's
reasonable discretion.  However, the trustee shall further
allocate community debts between the deceased spouse's and
surviving spouse's trust interests in the trust estate according
to California law in effect at the deceased spouse's date of
death.

Allocation of Surviving Spouse's Property - Surviving Spouse's
Trust:  At the deceased spouse's death, the trustee shall
allocate the surviving spouse's interest in the community trust
estate to the Surviving Spouse's Trust.

Interrelated Marital Deduction Pecuniary Formula and Exemption
Residue - Distribution Date Values:  From the remainder of the
deceased spouse's interest in the community trust estate, the
trustee shall allocate the following gifts:

A. The Marital Deduction Trust.

The Marital Deduction Trust shall consist of the minimum
amount that will entirely eliminate or reduce as far as possible

<div align="center">-4-</div>

EJOKLEIN000063

the federal estate tax, after allowance of all other deductions,
when added to the sum of (a) the federal estate tax value of all
other gifts passing under this instrument and outside this
instrument included in the deceased spouse's gross taxable
estate and qualified as federal estate tax marital deduction
gifts; and (b) the exemption equivalent value of the allowable
unified credit and state death tax credit (provided this latter
credit does not increase the state death taxes paid) reduced by
the federal estate tax value of all other gifts passing under
this instrument and outside this instrument included in the
deceased spouse's gross taxable estate but not qualified as
federal estate tax marital or charitable deduction gifts and by
all debts, administration expenses and charges to principal not
allowed or utilized as federal estate tax deductions. The amount
so allocated to the Marital Deduction Trust is referred to as
the Marital Deduction Amount. If a portion of the deceased
spouse's generation-skipping transfer exemption under Section
2631 of the Internal Revenue Code is allocated to the Marital
Deduction Trust under paragraph E below and if the Marital
Deduction Amount exceeds the portion of the exemption so
allocated to the Marital Deduction Trust., the Marital Deduction
Trust shall be divided into two trusts, known as Marital
Deduction Trust A and Marital Deduction Trust B. Marital
Deduction Trust A shall consist of an amount equal to the
portion of the deceased spouse's exemption allocated to the
Marital Deduction Trust; Marital Deduction Trust B shall consist
of the balance of the Marital Deduction Trust. Each of Marital
Deduction Trust A and Marital Deduction Trust B shall constitute
separate and independent trusts.

       **B.  The Credit Trust**

    The Credit Trust shall consist of the balance of the
deceased spouse's community property trust estate.

       **C. Funding of Trusts**

    All trusts may be funded in cash or in kind, partly in each.
However, the Marital Deduction Trust, or Marital Deduction Trust
A and Marital Deduction Trust B, as the case may be, shall only
be funded with assets includable in the deceased spouse's gross
estate and eligible for the marital deduction. Assets allocated
in kind to the Marital Deduction Trust, or to Marital Deduction
Trust A and Marital Deduction Trust B shall be valued either at
their values on the date of distribution to the Marital
Deduction Trust or Trusts, or at their final federal estate tax
values. If final federal estate tax values are used, assets
allocated in kind shall be fairly representative of appreciation
or depreciation in value for all assets available for
distribution. The trustee shall not allocate to either Marital
Deduction Trust (1) any interest in life insurance policies or
(2) assets that are, by reason of the deceased spouse's death,
subject to any tax in any foreign country, except to the extent

-5-

EJOKLEIN000064

the value of those assets exceeds the value of the Credit Trust created in paragraph B above.

### D. Marital Deduction and Generation Skipping Elections.

The settlors direct the trustee to elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all of the property allocated to the Marital Deduction Trust as qualified terminable interest property. If, however, the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, the trustee shall elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all of the property allocated to Marital Deduction Trust A as qualified terminable interest property and my executor may, but is not required to elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all or any part of the property allocated to Marital Deduction Trust B as qualified terminable interest property. The trustee shall not be liable to any beneficiary under this instrument by reason of making or not making such an election with respect to Marital Deduction Trust B. If the trustee makes an election with respect to only a part of the property allocated to Marital Deduction Trust B, the trustee shall divide Marital Deduction Trust B into separate trusts to reflect the partial election, according to the fair market value of the assets of Marital Deduction Trust B at the time of the division. The portion of Marital Deduction Trust B with respect to which the election has not been made shall be known as "Non-Qualified Marital Deduction Trust B" and the portion of Marital Deduction Trust B with respect to the election has been made shall be known as "Qualified Marital Deduction Trust B." The trustee shall elect under Section 2652 (a)(3) of the Internal Revenue Code to treat the deceased spouse as the transferor of the Marital Deduction Trust or, if the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, to treat the deceased spouse as the transferor of Marital Deduction Trust A.

### E. Allocation of Generation Skipping Exemption

The portion of the deceased spouse's generation-skipping transfer exemption under Section 2631 of the Internal Revenue code which was not allocated during the lifetime of the deceased spouse shall be allocated by the trustee first to direct skips, if any, occurring under the provisions of this trust by reason of the deceased spouse's dearth. If the aggregate value of such direct skips, as finally determined for federal estate tax purposes, exceeds that exemption, the unused portion of the exemption shall be allocated among the direct skips pro-rata in accordance with their respective values. The remaining unused portion, if any, of the exemption shall next be allocated to the Credit Trust and the balance, if any, shall be allocated to the Marital Deduction Trust; provided, however, that if the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, the balance shall be allocated to Marital Deduction Trust A.

-6-

EJOKLEIN000065

Case 2:24-ap-01140-SK   Doc 6   Filed 05/29/24   Entered 05/29/24 12:02:00   Desc
Main Document   Page 73 of 99

**Special Allocation Guidelines:** In computing the interrelated exemption-marital gifts, the trustee shall disregard all assets that would disqualify the marital deduction. In all other respects, the trustee shall have the sole discretion to select the assets that will constitute the marital gift. In exercising that discretion, the trustee shall consider the tax advantages and disadvantages of allocating to the marital gift the following:

(1) Assets not qualifying for the marital deduction;

(2) Assets qualifying for the federal estate tax foreign death taxes credit;

(3) Securities qualifying for Internal Revenue Code capital gain corporate stock redemption, unless they exceed the maximum number of shares qualifying for such redemption;

(4) Assets qualifying as Internal Revenue Code income in respect of decedent;

(5) United States Treasury bonds eligible for redemption at par as payment of federal estate taxes; and

(6) Unmatured life insurance policies.

Additionally, the trustee shall allocate to the exemption equivalent gift that amount of any retirement, profit-sharing, or death benefit plan excluded from federal estate taxes.

Also, the trustee shall charge and pay from the exemption equivalent gift to the extent of reasonably available assets:

(1) All death taxes payable from such gift; and

(2) All debts and expenses for administration deducted against fiduciary income.

Further, the trustee may or may not fund all trusts prorata with insurance proceeds, retirement plan distributions, or other contract payments that are paid to the trustee, unless the beneficiary designations specifically earmark a particular trust.

**Death Taxes - Statutory Provisions and Exemption Gift:** The deceased spouse directs the trustee to charge and collect all federal death taxes for assets passing under this trust, under the deceased spouse's will, and outside the deceased spouse's trust or will from those persons sharing in the deceased spouse's taxable estate in accordance with California Probate Code

-7-

EJOKLEIN000086

provisions for death tax apportionment and allocation. However, as three exceptions, the deceased spouse directs the trustee to pay from the exemption equivalent gift, without apportionment among the beneficiaries, (1) all federal death taxes chargeable to any assets passing under or outside this trust or the deceased spouse's will constituting federal estate tax marital deduction gifts; (2) all federal death taxes chargeable to any family allowance; and (3) all federal death taxes chargeable to any gift under this trust or the deceased spouse's will designated as "free of all death taxes." The deceased spouse recognizes and confirms that such statutes provide that if a beneficiary's gift contributes to the taxable estate, the beneficiary must pay a proportionate share of the tax calculated at the average tax rate. Further, the deceased spouse directs that all state death taxes shall be charged and collected in the same manner as the federal death taxes and not as a probate administration expense. To the extent other assets are available, the trustee shall not use any qualified retirement plan distribution excluded from federal estate tax under the Internal Revenue Code to pay taxes, debts, or other charges enforceable against the deceased spouse's estate.

**Revocation - Surviving Spouse's Trust:** After the allocation of the trust estate, the following provisions regarding revocation and amendment shall apply:

(1) **Surviving Spouse's Trust:** The surviving spouse may revoke and amend the Surviving Spouse's Trust subject to the qualifications contained in Article 1.

(2) **Other Trusts:** All other trusts shall become irrevocable and nonamendable.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 4</div>

<div align="center">SURVIVING SPOUSE'S TRUST</div>

**Introduction:** The trustee shall hold, administer, and distribute all property allocated to the Surviving Spouse's Trust as follows:

**Beneficiary - Surviving Spouse:** The beneficiary of this trust shall be as follows:

Income beneficiary: Surviving spouse

<div align="center">-8-</div>

EJOKLEIN000067

**Principal beneficiary:  Surviving spouse**

**Income - Broad Standard:**  The trustee shall pay to or for the income beneficiary as much of the net income as the trustee considers necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living.  The trustee shall add to principal any net income not so distributed.

**Principal - Broad Standard:**  If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is reasonably necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

**Surviving Spouse's Lifetime Income and Principal General Power of Appointment - Broad Standard:**  At any time during the surviving spouse's life, the trustee shall distribute all or any part of the trust, including accrued income and undistributed income, to such one or more persons and entitles, including the surviving spouse or the surviving spouse's estate, and on such terms and conditions, outright, in trust, or by creating further powers of appointment, as the surviving spouse shall request by an acknowledged document that specifically refers to this power of appointment.

**Surviving Spouse's Deathtime Income and Principal General Power of Appointment:**  On the death of the surviving spouse, the trustee shall distribute the remainder, if any, of the trust, including accrued income and undistributed income to such one or more persons and entitles, including the surviving spouse's estate, and on such terms and conditions, either outright, in trust, or by creating further powers of appointment as the surviving spouse shall appoint by a valid instrument or lifetime document that was executed after the deceased spouse's death and specifically refers to this power of appointment.  If the surviving spouse does not effectively appoint all the trust estate, the trustee shall distribute such property according to the distribution provisions below.

**Distribution - Credit Trust:**  At the surviving spouse's death, the trustee shall distribute (1) any accrued and undistributed

-9-

EJOKLEIN000088

ER 0824

income to the surviving spouse's estate, and (2) any remaining
principal according to the Credit Trust distribution provisions.


**Spouse's Last Illness Expenses and Taxes:**  At the surviving
spouse's death, the trustee, in the trustee's reasonable
discretion, may pay the expenses of the surviving spouse's last
illness and funeral, other obligations incurred for the surviving
spouse's support, and any estate or inheritance taxes arising by
reason of the surviving spouse's death from either income or
principal of this trust to the extent they have not been
specifically appointed, unless other adequate provisions exist.


**Death Taxes - Surviving Spouse's Will:**  The surviving spouse
directs the trustee and the surviving spouse's executor to charge
and collect all federal death taxes for assets passing under the
surviving spouse's will and outside the surviving spouse's will
from those persons sharing in the federal taxable estate in
accordance with the California Probate Code provisions for death
tax apportionment and allocation.  Further, the surviving spouse
directs the trustee to charge and collect all state death taxes
in the same manner as the federal death taxes and not as probate
administration expenses.  These tax directions shall not apply to
any gifts passing under the surviving spouse's will or under this
trust designated as "free of all death taxes," and the trustee
shall pay all such death taxes form the remainder of the trust
estate without apportionment among the beneficiaries.

<center>END OF ARTICLE</center>

<center>ARTICLE 5</center>

<center>MARITAL DEDUCTION TRUST</center>


**Introduction:**  The trustee shall hold, administer, and distribute
all property allocated to the Marital Deduction Trust as follows:


**Beneficiary - Surviving Spouse:**  The beneficiary of this trust
shall be as follows:

      Income beneficiary:  Surviving spouse

      Principal beneficiary:  Surviving spouse

<center>-10-</center>

EJOKLEIN000069

**Income - Entire:** The trustee shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually.

**Principal - Ascertainable Standard:** If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

**Guidelines - Other Sources, One Beneficiary:** In making distributions, the trustee, in it s reasonable discretion, may consider any other income or resources of the beneficiary known to the trustee and reasonably available.

**Distribution - Credit Trust:** At the surviving spouse's death, the trustee shall distribute (1) any accrued and undistributed income to the surviving spouse's estate, and (2) any remaining principal according to the Credit Trust distribution provisions.

**QTIP Election - Optional:** The settlors authorize the trustee, in the trustee's absolute discretion, to make or not make the election provided by section 2056 (b)(7)(B)(v) of the Internal Revenue Code to treat all or a portion of the Marital Deduction Trust as qualified terminable interest property for the purpose of qualifying all or a specific portion of the trust for the federal estate tax marital deduction. The settlors recognise . that if the trustee does not make such an election, the Marital Deduction Trust will not qualify for such marital deduction. In exercising such discretion, the trustee may consider all relevant factors, including the potential benefits and detriments of reducing the federal estate tax on the deceased spouse's trust estate and increasing such tax on the estate of the surviving spouse's gross estate such appreciation in value of the marital deduction share as may occur after the deceased spouse's death and before the surviving spouse's death. This discretion of the trustee shall be absolute, notwithstanding any beneficial or adverse effect the making or not making of this election may have on the deceased spouse's estate, the surviving spouse's estate, or the beneficiaries of these estates. The trustee shall not incur personal liability for exercising or not exercising this election, and the deceased spouse's estate shall hold the trustee harmless against all claims with regard to the election. The discretion under this clause is not limited by the wording of the Marital Deduction Intention clause. If the trustee makes that election, the settlors further request, but do not require, that

*No QTIP election made*

-11-

-12-

EJOKLEIN000070

the trustee make an election under Section 6652 (a)(3) of the
Internal Revenue Code to treat that property, for purposes of
Chapter 13 of the Internal Revenue Code, as if the election had
not been made.  The trustee shall not be liable to any
beneficiary by reason of making or not making these elections.
If the trustee decides not to make these elections, the trustee
shall notify the surviving spouse of the decision in writing at
least 30 days before the due date plus any extensions for filing
the deceased spouse's federal estate tax return.

**Tax Payment to Spouse's Estate:**  On demand of the appropriate
fiduciary representing the surviving spouse's estate, the trustee
of the Marital QTIP trust shall distribute to that fiduciary
property equal to the amount of any federal estate tax that such
fiduciary requests up to the amount that the federal and state
tax codes entitle the surviving spouse's estate to recover.  If
no such fiduciary exists, the trustee shall pay directly to the
taxing authorities any such death taxes.

**Marital Deduction Intention:**  The deceased spouse intends that
this marital trust qualify for the marital deduction provisions
of the Internal Revenue Code.  Therefore, the deceased spouse
directs that the trustee not take any action or exercise any
power that will impair the marital deduction.  Further, the
deceased spouse specifically directs that the following
provisions apply to the marital trust, notwithstanding contrary
provisions in this instrument:

        (1) The surviving spouse, by written instrument
delivered to the trustee, shall have the right to direct the
trustee to convert any non-income-producing property, including
life insurance policies, to income-producing property, and the
trustee shall comply with any such direction within a reasonable
time after its receipt;

        (2) The trustee shall determine all matters with
respect to what is principal and income and the apportionment and
allocation of receipts and expenses by the provisions of the
California Revised Uniform Principal and Income Act from time to
time existing and shall establish reserves for depreciation and
depletion.  When such act is silent, the trustee, in the
trustee's reasonable discretion, shall determine the
characterization and allocation;

        (3) For all bonds purchased at a discount, the trustee
shall, at least annually, accumulate and pay each discount as
interest if necessary from principal or the sale or redemption
proceeds;

-125-

-14-

EJOKLEIN000071

(4) The surviving spouse shall have the right to continue to occupy any real property free of rent in which the trust holds an interest and which the settlors used regularly or occasionally as a residence or vacation home at the time of the deceased spouse's death. However, the surviving spouse, in the surviving spouse's discretion, may direct the trustee to sell any such property and replace it with another residence of comparable or lower value selected by the surviving spouse. The trustee shall pay such portion of the mortgage or trust deed payments, property taxes, assessments, insurance, maintenance, and ordinary repairs on all such property as is proportional to the interest in such property held in the trust.

(5) If the trustee redeems treasury bonds at par to pay the deceased spouse's federal estate tax liability, the trustee shall consider any accrued interest on such bonds in calculating the payment of income from the marital trust to the surviving spouse.

**END OF ARTICLE**

**ARTICLE 6**

**CREDIT TRUST**

**Introduction:**  The trustee shall hold, administer, and distribute all property allocated to the Credit Trust as follows:

**Beneficiaries – Surviving Spouse, Settlors' Descendants:**  The beneficiaries of this trust shall be as follows:

Income beneficiary:  Surviving spouse, settlors' children

Principal beneficiary:  Surviving Spouse, settlors' children

**Income – Ascertainable Standard:**  The trustee shall pay to or for the income beneficiary's health, education, or support to maintain the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

**Principal – Ascertainable Standard:**  If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary

-13-
-14-

EJOKLEIN000072

for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

**Division on Death of Surviving Spouse:** Upon the death of the surviving spouse, the trustee shall divide the trust estate into as many shares as there are children of the settlors then living. Each child shall thereupon be an income and principal beneficiary only to the extent of the share allocated to him or her, and the ascertainable standards specified in paragraphs 6.03 and 6.04 of this Article shall govern the trustee's discretion with respect to distributions of income and principal respectively of the child's share to the child.

**Distribution - Progressive Ages:** Upon a child's attainment of age 21, the trustee shall distribute to that child, outright, the percentage of the then remaining balance of the trust estate. Should a child predecease complete distribution of his or her share survived by issue, then the issue of such child shall take his or her distributive share by right of representation; provided, however, that should a child predecease complete distribution of his or her share without issue, then the then-remaining balance of his or her share shall augment the shares of the then-surviving children of the settlors equally.

                        END OF ARTICLE


                        ARTICLE 7

                    OFFICE OF TRUSTEE


**Nomination of Trustees for All Trusts:** For all trusts under this instrument, the trustee and successor trustees shall be those persons named below. Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

    Trustee:  settlors as co-trustees

    Successors:

    First:  surviving settlor

    Second: KENNETH KLEIN


                        -14-

EJOKLEIN000073

**Employment of Consultants - General:**  The trustee may employ custodians, attorneys, accountants, investment advisers, corporate fiduciaries, or any other agents or advisers to assist the trustee in the administration of this trust and may rely on the advice given by these agents.  The trustee shall pay reasonable compensation for all services performed by these agents from the trust estate out of either income or principal as the trustee in the trustee's reasonable discretion determines. These payments shall not decrease the compensation to which the trustee is entitled.

**Exculpatory Clause - All Trustees:**  No trustee shall be liable to any person interested in this trust for any act or default unless it results from the trustee's bad faith, willful misconduct, or gross negligence.

**Waiver of Liability for Predecessor Trustee:**  Any successor trustee may accept as correct any accounting of trust assets made by any predecessor trustee.  However, a successor trustee may institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor trustee.

**Bond - Waiver:**  No trustee, including nonresidents, shall be required to post bond or security.

**Trustee Self-Dealing - Loan, Buy, and Sell:**  The trustee shall have the power to loan or advance the trustee's own funds to the trust for any trust purpose, with interest at current rates, to receive security for such loans in the form of a mortgage, pledge, deed of trust, or other encumbrance of any assets of the trust, to purchase or exchange assets of the trust at their fair market value as determined by an independent appraise, to sell property to the trust at a price not in excess of its fair market value as determined by an independent appraise, and to lease assets to or from the trust for fair rental value as determined by an independent appraise.

**Trustee and Executor Transactions - Self-Dealing Permitted:**  The trustee and the executor of the settlor's estate may freely contract financial transactions between themselves, such as the purchase and sale of assets and the making of loans, secured and unsecured, notwithstanding each office being held by the d\same person and apparent conflicts of interest.

<div align="center">END OF ARTICLE</div>

<div align="center">-15-</div>

<div align="center">-16-</div>

EJOKLEIN000074

## ARTICLE 8

### TRUSTEE MANAGEMENT POWERS

**Introduction:** For all trusts under this instrument, the trustee shall have the management powers set forth below in addition to those powers now or hereafter conferred by law.

**Retain or Abandon Property:** The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

**Unproductive Property:** Except when specifically restricted, the trustee shall have the power to retain , purchase, or otherwise acquire unproductive property.

**Sell, Exchange, Repair:** The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

**Lease:** The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

**Investments – General Power:** The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixes, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

-16-

EJOKLEIN000075

**Private Accounting:** The trustee shall annually render an account of its administration of the trusts under this instrument to all of the current income and current principal beneficiaries who are then adults. The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the accounting. To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests. Except as provided in this paragraph, any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law.

**Principal and Income - Act Governs:** The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing. When this instrument or such Act does not provide, the Trustee, in the Trustee's reasonable discretion, shall determine the characterization.

**Depreciation Reserve - Mandatory:** The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the California Revised Uniform Principal and Income Act.

**Undistributed Income:** Income accrued or unpaid on trust property when received into the trust shall be treated as any other income. Income accrued or held undistributed by the trustee at the termination of any trust or any interest in a trust created under this instrument, other than a trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it. Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

**Expense Allocation - Proration:** The trustee shall prorate all taxes and current expenses among successive beneficiaries over the period to which they relate on a daily basis.

**Tax Consequences - Adjustment:** The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any

-17 -

EJOKLEIN000076

beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

**Multiple Trusts - No Physical Division:** If this instrument creates more than one trust, the trustee shall not be required to physically segregate or divide assets among the various trusts, except on the termination of any of the trusts. However, the trustee shall keep separate undivided interests, and the trust may hold undivided interests in the same assets.

**Death Taxes of Beneficiary - Authority to Pay:** The trustee, in the trustee's reasonable discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax). However, any trust property otherwise exempt from federal estate tax shall not be subject to the payment of any such death taxes.

**Beneficiary's Last Illness and Funeral Expenses:** The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

**Distributions - Consideration of Basis of Assets:** In making nonprorata distributions to the beneficiaries, the trustee shall consider and attempt to equalize, insofar as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries. Any such determination by the trustee shall bind all parties in interest.

**Distributions and Powers of Appointment:** If, on expiration of the later of either six (6) months after the death of any person holding a power of appointment created by this instrument or the expiration of the statutory period which a will contest must be files, the trustee has not received any document purporting to exercise the power, the trustee may distribute any property according to the terms of this instrument as if the power had not been exercised. If a document purporting to exercise the power is subsequently located, the trustee shall not be liable to the appointees under that exercise, and the rights of the appointees and the persons receiving property from the trustee shall follow applicable law.

**Distribution - Broad Powers:** When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata. Also, the trustee may make such

-18-

EJOKLEIN000077

ER 0833

sales, of the trust property as the trustee deems necessary to
accommodate such distributions.

**Deferral of Division and Distribution:** If the trust directs
distribution of the trust estate or division into separate
trusts, then the trustee may, in the trustee's reasonable
discretion, defer that distribution or division for six months.
When the trustee so defers, the trustee shall make the
distribution or division as if it had taken place at the time
prescribed in the absence of this paragraph, and all beneficiary
rights in those trust assets shall accrue and vest as of the
prescribed time.

**Small Trust Termination - Trustee Discretion:** The trustee may
determine, in its reasonable discretion, if the principal of the
trust is uneconomical to administer. The trustee may then, in
its reasonable discretion, (1) distribute the trust assets to the
beneficiaries in proportion to their interests in income; (2)
purchase and deliver to the income beneficiaries a restrictive
savings, account, certificate of deposit, annuity, or endowment;
(3) distribute the trust assets to a custodian for the
beneficiaries under the California Uniform Transfers to Minors
Act; or (4) distribute the trust assets as provided by law. On
such distribution and delivery, the trust shall terminate. The
trustee shall not be liable or responsible to any person for its
action or for its failure or refusal at any time to terminate the
trust as authorized in this paragraph

**Payment of Income or Principal - Trustee's Discretion To Select
Payee:** If income or principal is payable to a minor, to a person
under legal disability, or to a person not adjudicated
incompetent but who, by reason of illness or mental or physical
disability, is in the opinion of the trustee unable to manage the
distribution properly, then the trustee may, in its reasonable
discretion, pay such income or principal in any of the following
ways: (1) to the beneficiary directly, (2) to the legally
appointed guardian or conservator of the beneficiary, (3) to a
custodian for the beneficiary under the California Uniform
Transfers to Minors Act, (4) for the benefit of the beneficiary,
or (5) to an adult relative or friend in reimbursement for
amounts property advanced for the benefit of the beneficiary.

**Back-up Trust for Minor Beneficiary's Distribution:** Except when
this instrument provides otherwise, the trustee shall delay
outright distribution of any minor beneficiary's interest in a
trust by continuing in a separate trust such minor's share.
subject to any trustee discretion to terminate a small trust or
court-ordered termination. The trustee shall add all income to
principal and pay to and for the benefit of the minor beneficiary
as much of the trust estate as is necessary for the minor
beneficiary's health, education, support, or maintenance in the
minor beneficiary's accustomed manner of living taking into
account the minor beneficiary's other income and resources known
to the trustee and reasonably available for that purpose. When

-19-

EJOKLEIN000078

ER 0834

**Bonds - Limitations:** The trustee shall have the power to purchase bonds either at a premium or at a discount. For bonds purchased at a premium, the trustee shall, in a reasonable manner, periodically repay to principal each premium from interest on the bond or sale or redemption proceeds. For bonds purchased at discounts, the trustee shall periodically accumulate each discount as interest and, to the extent necessary, pay such discount out of principal or from the sale or redemption proceeds.

**Invest in Life Insurance:** The trustee shall have the power to acquire and maintain life insurance policies on the life of any person, including a trust beneficiary, and to exercise all rights of ownership granted to such policies.

**General Partnership Restriction:** The trustee, in the trustee's absolute discretion, shall have the election to act only as a limited partner of any general partnership in the trust and shall take any action necessary to effect this election.

**Treasury Bonds - Special Tax Redemptions:** The trustee shall have the power to purchase at less than par obligations of the United States of America that are redeemable at par in payment of any federal estate tax liability of a settlor in such amounts as the trustee deems advisable. The trustee shall exercise this discretion if the trustee believes that a settlor is in substantial danger of death, and the trustee may borrow funds and doubt concerning the desirability of making the purchase and its amount in favor of making the purchase and in purchasing a larger, even though somewhat excessive, amount. The trustee shall not be liable to a settlor, any heir, or any beneficiary of this trust for losses resulting from purchases made in good faith. The trustee shall redeem such obligations to the fullest extent possible in payment of a settlor's federal estate tax liability.

<div align="center">END OF ARTICLE</div>

<div align="center">TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS</div>

**Introduction:** For all trusts under this instrument, the trustee shall have the following powers and duties for accounting and tax matters.

<div align="center">-20-</div>

EJOKLEIN000079

**Securities:** The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

**Investment Funds:** The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment counsel employed by the trustee, in mutual funds, money market funds, and index funds that investors of prudence, discretion, and intelligence acquire for their own account.

**Nominee's Name:** The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, or in the trustee's own name, or in the name of a nominee, or the trustee may hold securities unregistered in such condition that ownership will pass by delivery.

**Insurance:** The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

**Borrow – General:** The trustee shall have the power to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or by otherwise securing the indebtedness of the trust or the joint indebtedness of the trust and s co-owner of trust property.

**Loan:** The trustee shall have the power to loan money to any person, including a trust beneficiary or the estate of a trust beneficiary, at prevailing interest rates and with or without security as the trustee deems advisable.

-21-

EJOKLEIN000080

the minor beneficiary attains majority, the trustee shall
distribute the trust estate to the beneficiary outright.  If the
minor beneficiary dies before distribution, the trustee shall
distribute the trust estate to the beneficiary's estate.

END OF ARTICLE

ARTICLE 10

TRUST ADMINISTRATION PROVISIONS

Introduction:  The following additional trust provisions shall
apply under this instrument.

Upon death of either Trustor: This Trust shall be recorded with death certificate
with the county recorder where decedent resided. *Okay certificate attached*

Spendthrift Provision:  No beneficiary shall anticipate, assign,
encumber, or subject to any creditor's claim or to legal process
any interest in principal or income before its actual receipt by
any beneficiary.  The beneficial and legal interests in this
trust, its principal, and its income shall be free from
interference or control of any beneficiary's creditor and shall
not be subject to claims of any such creditor or liable to
attachment, execution, bankruptcy, or other process of law.

Perpetuities Savings Clause - Surviving Spouse and Descendants:
All trusts created by this instrument or by the exercise of any
power of appointment shall terminate 21 years after the death of
the surviving spouse and of settlors' descendants living at the
surviving spouse's death.

California Law Governs; California law shall govern the validity,
construction, interpretation, and administration of this trust.

No contest-contestant disinherited; If an beneficiary in any
matter directly or in directly contests or attacks this
instrument any interest in the trust given to that contesting
beneficiary is revoked and shall be dispose as if that contesting
beneficiary had predeceased the settlor.

Survivorship requirement; Surviving spouse or beneficiaries must
survive the settlor for 60 days before entitlement to such gifts.

Educational expenses; Education expenses shall include the cost
of elementary, secondary, college, and travel for foreign study.
the trustee may also consider the beneficiaries related living
expenses to the extent that they are reasonable.
DATED: *Scrivener "A" Attorp*

7/8/199*

_____
SETTLOR
LESLIE KLEIN

-22-

EJOKLEIN000081

ER 0837

COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

CERTIFICATE OF DEATH 3201219050694

| Field | Entry |
|---|---|
| 1. Name of decedent – First | ERIKA |
| 2. Middle | NAOMI |
| 3. Last | KLEIN |
| 4. Date of birth | 09/01/1947 |
| 5. Age yrs. | 65 |
| 6. Sex | F |
| 8. Birth state/foreign country | GERMANY |
| 10. Social security number | 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 |
| 11. Ever in U.S. Armed Forces | NO |
| 12. Marital status | MARRIED |
| 13. Date of death | 12/12/2012 |
| 14. Hour | 2115 |
| 15. Education | BACHELOR |
| 16. Hispanic/Latino | NO |
| 17. Race | CAUCASIAN |
| 18. Usual occupation | HOMEMAKER |
| 19. Kind of business or industry | OWN HOME |
| 20. Years in occupation | 42 |
| 21. Residence | 322 N JUNE ST |
| 22. City | LOS ANGELES |
| 23. County/province | LOS ANGELES |
| 24. Zip code | 90004 |
| 25. Years in county | 42 |
| 26. State/foreign country | CA |
| 27. Informant's name, relationship | LESLIE KLEIN, HUSBAND |
| 28. Informant's mailing address | 322 N. JUNE ST., LOS ANGELES, CA 90004 |
| 29. Name of surviving spouse – First | LESLIE |
| 31. Last | KLEIN |
| 32. Name of father – First | KOLEV |
| 34. Last | GESTETNER |
| 35. Birth state | HUNGARY |
| 36. Name of mother – First | TERESA |
| 38. Last (birth name) | SOLOMON |
| 39. Birth state | HUNGARY |
| 40. Disposition date | 12/13/2012 |
| 41. Place of final disposition | HAR HAMENUCHOS CEMETERY JERUSALEM, ISRAEL |
| 42. Type of disposition | TR/BU |
| 43. Signature of embalmer | NOT EMBALMED |
| 45. Name of funeral establishment | CHEVRA KADISHA MORTUARY |
| 46. License number | FD1326 |
| 47. Signature of local registrar | JONATHAN FIELDING, MD |
| 48. Date | 12/13/2012 |
| 101. Place of death | CEDARS-SINAI MEDICAL CENTER |
| 102. If hospital | IP |
| 104. County | LOS ANGELES |
| 105. Facility address | 8700 BEVERLY BLVD |
| 106. City | WEST HOLLYWOOD |
| 107. Cause of death (A) | CARDIOPULMONARY ARREST — 5 MINS |
| (B) | METASTATIC COLON CANCER — 6 MTHS |
| 108. Reported to coroner | NO |
| 109. Biopsy performed | NO |
| 110. Autopsy performed | NO |
| 112. Other significant conditions | NONE |
| 113. Operation performed | NO |
| 114. Physician's certification – Decedent attended since | 08/-/2011 |
| Decedent last seen alive | 12/12/2012 |
| 115. Signature and title of certifier | MICHAEL T DUFFY M.D. |
| 116. License number | G55659 |
| 117. Date | 12/12/2012 |
| 118. Attending physician's name, mailing address | MICHAEL T DUFFY M.D., 9400 BRIGHTON WAY #300, BEVERLY HILLS, CA 90210 |

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

Jonathan Fielding MD

Director of Public Health and Registrar

VE

DATE ISSUED DEC 13 2012

HD30401577

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

CERTIFICATION OF VITAL RECORD

DATED: 4/8/1990.

SETTLOR

ERIKA NOEMI KLEIN

DATED: 4/8/1990

TRUSTEE

LESLIE KLEIN

DATED: 4/8/1990

TRUSTEE

ERIKA NOEMI KLEIN

The settlors' attorney approves this Declaration of Trust.

Dated:

4/8/1990

LESLIE KLEIN

KLEIN AND CUTLER
Attorneys for
settlors

ACKNOWLEDGMENT FOR SETTLORS AND INITIAL CO-TRUSTEES

COUNTY OF LOS ANGELES        )
STATE OF CALIFORNIA          )

On ___4/8___ 1989, before me, the undersigned, a Notary
Public for this State, personally appeared __Leslie Klein__
and __Erika Klein__ personally known to me or proved to me
on the basis of satisfactory evidence to be the settlors and
initial co-trustees of the trust created by this instrument and
to be the persons whose names are subscribed to this instrument
and who acknowledged its signing as the settlors.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

Vicente E. Coronel

Notary Public

VINCENT E. CORONEL

(Seal)

OFFICIAL SEAL
VICENTE E. CORONEL
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 17, 1993

-23-

EJOKLEIN000083

ER 0839

## SCHEDULE "A"

Real property located in the County of Los Angeles, State of California, more particularly described as follows:

Lot 146 of Tract 4891 as per Map recorded in Book 52 Page 57 of Maps in the office of the County Recorder of said County.

APN NO: 5527-014-022
Commonly known as: 730 N. Laurel Avenue, Los Angeles, Ca.

Real property located in the County of Los Angeles, State of California, more particularly described as follows:

Lot 300 of Tract 8320 as per Map recorded in Book 98 Page 41 of Maps in the office of the County recorder of said County.

APN NO: 5523-033-008
Commonly known as: 322 N. June Street, Los Angeles, Ca.

-24-

EJOKLEIN000084

## PREMARITAL AGREEMENT

**THIS AGREEMENT** is made and entered into on _____, at Los Angeles, California, by and between Barbara Roth ("Barbara"), of Los Angeles County, California, and Leslie Klein ("Leslie"), of Los Angeles, California, with reference to the following facts and purposes:

      A. Barbara and Leslie, who are each presently unmarried, plan to be married to each other on or about _____

      B. Barbara is a duly licensed and practicing speech therapist and Leslie is a duly licensed practicing attorney. Both Parties are in good health and are financially self-supporting.

      C. Barbara and Leslie were each formerly married to other persons, but each of these former marriages has been terminated by death or final judgment of marriage dissolution.

      D. Neither Barbara nor Leslie now has any right, title, claim or interest in or to the property, income or estate of the other by reason of their nonmarital relationship, or otherwise, and neither party is indebted to the other.

      E. Barbara and Leslie desire to make a fair, reasonable and full disclosure of their respective property and financial obligations, one to the other.

      F. The Parties desire and intend by this Agreement to (1) define their respective rights in the property they now hold and in that property which they may acquire after marriage; and (2) avoid those interests which, except for this Agreement, each might acquire after their marriage in the income and property of the other as incidents of their contemplated marriage.

      G. Both Parties hereto recognize that this Agreement is a premarital agreement as defined in California Family Code section 1610 and understand and intend that the provisions of this Agreement shall prevail over the provisions of law applicable in the absence of this Agreement.

**NOW, THEREFORE**, for good and valuable consideration including, without limitation, the mutual promises, conditions and agreements set forth herein and the contemplated marriage of the Parties, Barbara and Leslie agree as follows:

**1. Effective Date:** This Agreement shall be and become effective as of the date of the contemplated marriage between the Parties, and its effectiveness is expressly conditioned upon such marriage. If, for any reason, and irrespective of fault, the contemplated marriage does not take place, this Agreement will be of no force or effect.

**Page 1 of 9**

2. **No Independent Counsel**: The Parties acknowledge and acknowledge and agree that neither of them has been represented by separate and independent legal counsel nor has either of them relied on counsel of their own choosing in negotiations for and in preparation of this Agreement

3. **Submission of Disputes to Beth Din**: Should certain differences and disputes arise between the Parties in reference to the matters addressed in this Agreement including, without limitation, irreconcilable claims and/or counterclaims each Party may have against the other, the Parties agree that any such matters in dispute shall be submitted to the binding arbitration of the ~~Beth~~ Din of America, for purposes of satisfactorily adjudging such differences and disputes. The ~~Beth Din of America~~ shall resolve the matter in accordance with its rules and procedures The Parties acknowledge and agree that they have selected said Beth Din to resolve their disputes, and shall accept the ruling of the arbitrator or arbitrators appointed by that organization as a binding decision.

The parties acknowledge and agree that such Beth Din arbitrator or arbitrators may resolve this controversy in accordance with Jewish law ("din") or through court ordered settlement in accordance with Jewish law ("p'shara krova l'din").

The parties acknowledge and agree that a judgment may be entered on the award in any court of competent jurisdiction in the State of California and that such agreement shall be final as to the parties and issues encompassed in this Agreement, any Beth Din of America submission agreement and as specified in the rules of the Beth Din of America.

4. **Voluntary and Informed Consent**: The parties further acknowledge and agree that they are fully aware of and understand the contents, legal effect and consequences of this Agreement, and that they enter into this Agreement voluntarily, free from duress, fraud, undue influence, coercion or misrepresentation of any kind.

5. **Property and Financial Disclosures**:

A. Barbara:

(1)    The Parties and acknowledge and agree that prior to execution of this Agreement, a fair, reasonable and full disclosure of all of Barbara's property and financial obligations has been made by her to Leslie, and a list of such property and financial obligations is set forth in Exhibit "A" attached hereto and incorporated herein by reference. It is understood that the figures and amounts of property and financial obligations set forth in Exhibit "A" are approximate and not necessarily exact, but they are intended to be reasonably accurate and are warranted to be the best estimates of such figures and amounts.

(2)    Leslie hereby acknowledges his satisfaction with Barbara's disclosures of her property and financial obligations and, by placing his signature at the end of this paragraph before executing this Agreement, hereby expressly and voluntarily waives any

ER 0842

right to disclosure of Barbara's property and financial obligations beyond the disclosures
provided.

B. Leslie:

(1)    The Parties acknowledge and agree that, before execution of this
Agreement, a fair, reasonable and full disclosure of all of Leslie 's property and financial
obligations has been made by him to Barbara, and a list of such property and financial obligations
is set forth in Exhibit "B" attached hereto and incorporated herein by reference. It is understood
that the figures and amounts of property and financial obligations set forth in Exhibit "B" are
approximate and not necessarily exact, but they are intended to be reasonably accurate and are
warranted to be the best estimates of such figures and amounts.

(2)    Barbara hereby acknowledges her satisfaction with Leslie's
disclosures of his property and financial obligations and, by placing her signature at the end of
this paragraph before executing this Agreement, hereby expressly and voluntarily waives any
right to disclosure of Leslie's property and financial obligations beyond the disclosures provided.

C.    The Parties acknowledge and agree that the foregoing disclosures are not an
inducement to enter into this Agreement. Barbara and Leslie acknowledge and agree that each is
willing to enter into this Agreement regardless of the nature or extent of the present or future
assets, liabilities, income or expenses of the other, and regardless of any financial arrangements
made for his or her benefit by the other.

## 6. Separate Property Interests in Premarital and Postmarital Assets and Acquisitions

A. Barbara and Leslie  acknowledge and agree that all property, including the
property set forth in Exhibit "A" belonging to Barbara at the commencement of their
contemplated marriage, and any property acquired by Barbara during that marriage by gift,
bequest, devise or descent, shall be and remain her separate property. The Parties further
acknowledge and agree that all rents, issues, profits, increases, appreciation and income from the
separate property of Barbara, and any other assets purchased or otherwise acquired with the
foregoing proceeds, shall be and remain Barbara's separate property. The Parties acknowledge
and agree that a change in the form of Barbara's assets as a result of the sale, exchange,
hypothecation or other disposition of such assets, or a change in form of doing business, shall not
constitute any change of property characterization, and such assets shall remain Barbara's
separate property regardless of any change in form. Leslie shall have no right, title, interest, lien
or claim under the laws of any state in or to any of Barbara's separate property assets.

B. Barbara and Leslie acknowledge and agree that all property, including the
property set forth in Exhibit "B" belonging to Leslie at the commencement of their contemplated
marriage, and any property acquired by Leslie during that marriage by gift, bequest, devise or
descent, shall be and remain his separate property. The Parties further acknowledge and agree
that all rents, issues, profits, increases, appreciation and income from the separate property of
Leslie , and any other assets purchased or otherwise acquired with the foregoing proceeds, shall
be and remain Leslie's separate property. The Parties acknowledge and agree that a change in the

**Page 3 of  9**

form of Leslie's assets as a result of the sale, exchange, hypothecation or other disposition of such assets, or a change in form of doing business, shall not constitute any change of property characterization, and such assets shall remain Leslie 's separate property regardless of any change in form. Barbara shall have no right, title, interest, lien or claim under the laws of any state in or to any of Leslie's separate property assets.

### 7. Marital Efforts in Managing Each Party's Own Separate Property Interests

A. The Parties acknowledge and agree that Barbara may devote considerable personal time, skill, service, industry and effort during their marriage to the investment and management of her separate property and the income thereof, specifically including, without limitation, Barbara's existing or future orthopedic surgery practice. The Parties acknowledge and agree that even though the expenditure of Barbara's personal, time, skill, service, industry and effort might constitute or create a community property interest, community property income or community property asset in the absence of this Agreement, no such community property interest, income or asset shall be created thereby, and any income, profits, accumulations, appreciation and increase in value of the separate property of Barbara during marriage shall be and remain entirely Barbara's separate property.

B. The Parties acknowledge and agree that Leslie  may devote considerable personal time, skill, service, industry and effort during their marriage to the investment and management of his separate property and the income thereof. The Parties acknowledge and agree that even though the expenditure of Leslie 's personal, time, skill, service, industry and effort might constitute or create a community property interest, community property income or community property asset in the absence of this Agreement, no such community property interest, income or asset shall be created thereby, and any income, profits, accumulations, appreciation and increase in value of the separate property of Leslie  during marriage shall be and remain entirely Leslie 's separate property.

### 8. Marital Efforts in Managing the Other Party's Separate Property Interests: The Parties acknowledge and agree that during their marriage one party may choose to contribute considerable personal time, skill, service, industry and effort to the investment and management of the other party's separate property and the income thereof. The Parties acknowledge and agree that even though any such contribution might constitute or create a community property interest, community property income or community property asset in the absence of this Agreement, no such community property interest, income or asset shall be created thereby. The Parties further acknowledge and agree that any such contribution shall not create any other claim, right, lien or interest whatsoever, in favor of the party contributing the personal time, skill, service, industry and effort, in or to the other party's separate property and any income, profits, accumulations, appreciation and increase in value thereof during the Parties' marriage.

**Page 4 of  9**

ER 0844

**9. Separate Property Earnings, Deferred Compensation and Employee Benefits**: The Parties acknowledge and agree that any earnings, income or benefits, no matter their nature, kind or source, from and after the marriage, including, but not limited to, salary, bonuses, stock options, deferred compensation and retirement benefits, shall be the separate property of the party earning or acquiring such earnings, income or benefits as though the contemplated marriage had never occurred. There shall be no allocation made of any such earnings, income or benefits between community property and separate property, and such earnings, income or benefits shall be entirely the separate property of the party earning or acquiring same. The Parties acknowledge their understanding that in the absence of this Agreement any earnings, income or benefits resulting from the personal services, skills, industry and efforts of either party during the contemplated marriage would be community property.

**10. Property Purchased With Borrowed Funds**: Barbara and Leslie acknowledge that from time to time either of them may obtain loans to purchase property or loans that are secured by property in which one of them may have an interest. The proceeds of any such loan shall be the borrower's separate property, notwithstanding that the lender may intend that repayment be made from income or assets acquired during marriage. Any property purchased with such borrowed funds and any property that secures a loan shall remain the borrower's separate property.

**11. Waiver of Rights in Respective Estates**: Subject to subparagraph (L) of this paragraph 12 of the within agreement, set forth below, Barbara and Leslie acknowledge and agree that each party waives and relinquishes, to the fullest extent lawfully possible, all right, title, claim, lien or interest, whether actual, inchoate, vested or contingent, in law and equity, under the laws of any state or under federal law, in the other's property, income and estate by reason of the proposed marriage including, without limitation, the following:

    A. All community property, quasi-community property and quasi-marital property rights;

    B. The right to a probate family allowance;

    C. The right to a probate homestead;

    D. The rights or claims of dower, curtesy, or any statutory substitute now or hereafter provided under the laws of any state in which the Parties may die domiciled or in which they may own real property;

    E. The right to inherit property from the other by intestate succession;

    F. The right to receive property that would pass from the decedent party by testamentary disposition in a will executed before this Agreement;

    G. The right of election to take against the will of the other;

    H. The right to take the statutory share of an omitted spouse;

**Page 5 of 9**

ER 0845

I. The right to be appointed as administrator of the deceased party's estate, or as executor of the deceased party's will, unless appointed pursuant to a will executed after the date hereof;

J. The right to have exempt property set aside;

K. Any right created under federal law, including, without limitation, the Retirement Equity Act of 1984; and

L.. Notwithstanding the foregoing subparagraphs (A) through (K)of this paragraph 12 of the within Agreement, upon Leslie's demise, Barbara shall receive from the Decedent's Estate of Leslie the sum of $200,000 for every year the Parties have been married prior to Leslie's demise.

*[handwritten: IN THE EVENT LESLIE DIES WITHIN 10 YEAR OF MARRIAGE BARBARA SHALL RECEIVE $200,000 FROM DECEDENT'S ESTATE.]*

**12. Property Transfers Between Parties:** The Parties acknowledge and agree that nothing contained in this Agreement shall be construed as a bar to either party transferring, conveying, devising or bequeathing any property to the other. Neither party intends by this Agreement to limit or restrict in any way the right to receive any such transfer, conveyance, devise or bequest from the other made after the Parties' marriage. However, the Parties specifically agree that no promises of any kind have been made by either of them about any such gift, bequest, devise, conveyance or transfer from one to the other.

*[handwritten margin note: SHE PA ALSO WUE IN LESLIE HUNG AT PREMENT FOR EACH YEAR OF MARRIAGE]*

**13. Management and Control of Separate Property Interests; Executing Arrangements:** The Parties acknowledge and agree that each party shall retain and enjoy sole and exclusive management and control of his or her separate property, both during lifetime and upon death, as though unmarried. In order to accomplish the intent of this Agreement, each of the Parties agrees to execute, acknowledge and deliver, at the request of the other, his or her heirs, executors, administrators, grantees, devisees or assigns, any and all such deeds, releases, assignments or other instruments and such further assurances as may be reasonably required or requested to effect or evidence the release, waiver, relinquishment or extinguishment of the rights of said party in the property, income or estate of the other under the provisions of this Agreement, and to assure that each party shall have sole and exclusive management and control of his or her separate property.

**14. Debt Obligations on Separate Property Interests:** All obligations (including principal and interest) incurred due to or as a consequence of the purchase, encumbrance or hypothecation of the separate property of either party, whether real, personal or mixed, and all taxes, insurance premiums and maintenance costs of said separate property, shall be paid from such party's separate property income or from such party's separate property funds, at such party's election, there being no community property by the terms of this Agreement. To the extent that either party uses his or her separate property to pay the foregoing obligations of the other party, there shall be no right to reimbursement for such expenditures.

**Page 6 of 9**

**15. Unsecured Debt Responsibility:** All unsecured obligations of each party, no matter when incurred, shall remain the sole and separate obligations of each such party, and each party shall indemnify and hold the other harmless from liability therefor. Each party's unsecured obligations shall be paid from each respective party's separate property income or separate property funds, at such party's election, there being no community property by the terms of this Agreement. To the extent that either party uses his or her separate property to pay the unsecured obligations of the other party, there shall be no right to reimbursement for such expenditures.

**16. Payment of Living Expenses:** During the period of time that the Parties are married and continue to live together as husband and wife, Leslie shall pay the joint living expenses of the Parties' from his separate property, without a right of reimbursement. As used in this provision, the term joint living expenses includes the following expenses of the Parties: rent or mortgage on the residence in which the Parties reside, including principal, interest, taxes, homeowner's insurance, utilities, food, cable, telephone, laundry and cleaning, household supplies, medical insurance, non-reimbursed medical expenses, clothing, personal care and grooming, automobile insurance, automobile repair, gasoline, automobile maintenance, joint vacations, joint entertainment, and joint gifts.

**17. Responsibility for Income Taxes; Effect of Joint Return:** Leslie shall pay the state and federal income taxes on the Parties' income. The election, if any, to file federal, state or local income tax returns, gift tax returns, or other returns using a joint filing status shall not constitute any form of transmutation, or the creation of any community property or of any other rights or interest in contravention of this Agreement.

**18. Mutual Waiver of Right to Receive Spousal Support:** In the event of a legal separation or dissolution of their contemplated marriage, Barbara and Leslie hereby each waive and renounce any right to ever seek or receive temporary or permanent spousal support, rehabilitation payments, or any other payments in the nature of spousal support or alimony, in any sum or amount or for any period of time, and each releases the other from any and all claims for temporary or permanent spousal support or maintenance of any kind.

In executing this mutual waiver of their right to receive spousal support from one another, Barbara and Leslie each acknowledge and agree that they have done so: (A) voluntarily and knowingly and with full knowledge of the consequences that could result from such a waiver; and (B): in consideration of their mutual promises, conditions and agreements contained in this Agreement. *Notwithstanding the foregoing, in the event of dissolution Barbara shall receive $100,000 as spousal support for eleven years or payments.* [handwritten note]

**19. Spousal Support Liability During Marriage and Child Support Liability:** Nothing contained in this Agreement shall be construed as absolving either party of the statutory obligation to support the other during marriage.

ER 0847

**20. Parties and Persons Bound:** This Agreement shall bind the Parties to the Agreement, and their respective heirs, executors, administrators, representatives, assigns and any other successors in interest.

**21. Voluntary Arms' Length Negotiations:** The Parties acknowledge and agree that this document is voluntarily entered into by and between them and that, as of the date of execution of the Agreement, there is no confidential or fiduciary relationship existing between them as defined under the laws of the State of California. The Parties further acknowledge that they have had explained to each of them respectively, and that they understand, the meaning of the terms "confidential relationship" and "fiduciary relationship." The Parties specifically acknowledge that neither has ever offered business advice to the other, nor has either become dependent upon the other or relied on the other for advice, and that their relationship as of the date of the execution of this Agreement is a purely personal relationship of two engaged individuals intending to be married to each other at a future date.

**22. Execution Formalities:** The Parties specifically acknowledge and agree that forthwith upon their execution of the Agreement, their respective signatures shall be acknowledged by a notary public in their presence. The Parties further acknowledge that the date set forth on the first page of this Agreement is the actual date on which they and each of them are signing this Agreement. This Agreement or a memorandum of this Agreement may be recorded at any time and from time to time by either party in any place or office authorized by law for the recording of documents affecting title to or ownership status of property, real or personal, specifically including, but not limited to, any county in which either party resides during the marriage and any county in which either party owns or may own real or personal property.

**23. Applicable Law:** This Agreement is executed in the State of California and shall be subject to and interpreted under the laws of the State of California, except as hereinabove set forth.

**24 . Entire Agreement:** This Agreement contains the entire understanding and agreement of the Parties, and there have been no promises, representations, warranties or undertakings by either party to the other, oral or written, of any character or nature, except as set forth herein.

**25. Modification; Revocation:** This Agreement may be altered, amended, modified or revoked only by an instrument in writing expressly referring to this Agreement, executed, signed and acknowledged by the Parties hereto, and by no other means. Each of the Parties waives the right to claim, contend or assert in the future that this Agreement was modified, canceled, superseded or changed by an oral agreement, course of conduct or estoppel.

ER 0848

26 . **Invalidity; Severability:** This Agreement has been jointly prepared and negotiated by counsel for each of the Parties and shall not be construed against either party. If any term, provision or condition of this Agreement is held by a Court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

27. **Date of Execution Agreement:** Barbara and Leslie further acknowledge this Agreement was not signed earlier than seven (7) calendar days from the last of any modification hereof.

28. **Confidentiality:** Barbara and Leslie expressly acknowledge and agree that each party's privacy is highly valued. All efforts shall be made to maintain confidentiality with respect to all information and other materials of every kind concerning each of them. Accordingly, Barbara and Leslie agree that:

    A.  Neither party shall, after the date of this Agreement, directly or indirectly, disclose, intentionally publish, cause to be published, or provide information or documentation to any other individual or entity, which

    (1)  Describes, depicts, or discloses the terms, provisions, or substance of this Agreement or any information concerning the terms, provisions, or substance, or events giving rise to the execution of this Agreement;

    (2)  Describes, depicts, or discloses any personal or financial information of the other party, the other party's business interests, and/or any personal or financial aspect of the Parties' relationship;

    B.  It shall be a breach of this Agreement if an attorney or agent of a party engages in conduct which, if done by a party, would have been a violation of the confidentiality provisions set forth herein.

**IN WITNESS WHEREOF,** the Parties have executed this Premarital Agreement on the date set forth on the first page of this Agreement.

_____      _____
BARBARA ROTH                      LESLIE KLEIN
("Barbara")                        ("Leslie")

**Page 9 of 9**

*Exhib* *B*

**BALANCE SHEET AS OF** _10/7/~13_

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| CASH IN THIS BANK (INCLUDING MONEY MARKET ACCOUNTS AND CDS) | $ 100,000 | NOTES PAYABLE TO THIS BANK | X X X |
| | | SECURED | $ |
| CASH IN OTHER FINANCIAL INSTITUTIONS (LIST) (INCLUDING MONEY MARKET ACCOUNTS AND CDS) | | UNSECURED | |
| | | NOTES PAYABLE TO OTHERS (SCHEDULE E) | X X X |
| | | SECURED | |
| | | UNSECURED | |
| | | ACCOUNTS PAYABLE (INCLUDING CREDIT CARDS) | |
| READILY MARKETABLE SECURITIES (SCHEDULE A) | | NOTES DUE PARTNERSHIP I (SCHEDULE D) | |
| NON-READILY MARKETABLE SECURITIES (SCHEDULE A) | 9,000,000 | TAXES PAYABLE | |
| ACCOUNTS AND NOTES RECEIVABLE | | MORTGAGE DEBT (SCHEDULE C) | 4,400,000 |
| NET CASH SURRENDER VALUE OF LIFE INSURANCE (SCHEDULE B) | 750,000 | LIFE INSURANCE LOANS (SCHEDULE B) | |
| RESIDENTIAL REAL ESTATE (SCHEDULE C) | 5,000,000 | OTHER LIABILITIES (LIST) | |
| REAL ESTATE INVESTMENTS (SCHEDULE C) | 12,000,000 | | |
| PARTNERSHIPS / PC INTERESTS (SCHEDULE D) | | | |
| IRA, KEOGH, PROFIT-SHARING & OTHER VESTED RETIREMENT ASSETS | 17,000,000 | | |
| DEFERRED INCOME (NUMBER OF YEARS DEFERRED _____) | | | |
| PERSONAL PROPERTY (INCLUDING AUTOMOBILES) | | | |
| OTHER ASSETS (LIST) | | | |
| | | | |
| | | TOTAL LIABILITIES NET WORTH | |
| | $47,050,000 | | $4,400,000 |

| SCHEDULE A - ALL SECURITIES (INCLUDING NON-MONEY MARKET MUTUAL FUNDS) | | | | | | PLEDGED | |
|---|---|---|---|---|---|---|---|
| NUMBER OF SHARES (STOCK) OR FACE VALUE (BONDS) | DESCRIPTION | OWNER(S) | WHERE HELD | COST | CURRENT MARKET VALUE | YES | NO |
| *READILY MARKETABLE SECURITIES (INCLUDING U.S. GOVERNMENTS AND MUNICIPALS)* | | | | | | ☐ ☐ | ☐ ☐ |
| | | | | | | ☐ ☐ | ☐ ☐ |
| | | | | | | ☐ ☐ | ☐ ☐ |
| | | | | | | ☐ ☐ | ☐ ☐ |
| NON-READILY MARKETABLE SECURITIES (CLOSELY HELD, THINLY TRADED, OR RESTRICTED STOCK | | | | | | | |
| 1,000,000 | Time Square Media | Leslie Klein | USA | 250,000 | 6,000,000 | ☐ | ☒ |
| 1,000 | BayArea Dev.Co. | Leslie Klein | USA | 1,000,000 | 1,500,000 | | |
| 1,000 | Leslie Klein Assoc. | Leslie Klein | USA | 1,000,000 | 1,500,00 | | |

*If not enough space, attach a separate statement or brokerage statement and enter totals only.*

total:3,000,000

## SCHEDULE B - INSURANCE / LIFE INSURANCE (USE ADDITIONAL SHEET IF NECESSARY)

| INSURANCE COMPANY | FACE AMOUNT OF POLICY | TYPE OF POLICY | BENEFICIARY | CASH SURRENDER VALUE | AMOUNT BORROWED | OWNERSHIP |
|---|---|---|---|---|---|---|
| ING | 10,000,000 | universal | children | 500,000 | ---- | Trust |
| AIG | 10,000,000 | universal | children | 200,000 | ---- | Trust |
| PHOENIX | 5,000,000 | universal | children | 50,000 | ---- | Trust |

| DISABILITY INSURANCE | APPLICANT |
|---|---|
| MONTHLY DISTRIBUTION IF DISABLED | |
| NUMBER OF YEARS COVERED | |

## SCHEDULE C - PERSONAL RESIDENCE & REAL ESTATE INVESTMENTS, MORTGAGE DEBT (MAJORITY OWNERSHIP ONLY)

**PERSONAL RESIDENCE**

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | LENDER |
|---|---|---|---|---|---|---|---|---|---|
| 322 N June St. | Leslie & Erika Klein | 1975 | $300,000 | 5,000,000 | none | none | none | none | none |

**INVESTMENT**

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | TENDER |
|---|---|---|---|---|---|---|---|---|---|
| 161 N Ponsettia | Leslie Klein & Erika Klein | 1990 | 500,000 | 1,200,000 | none | none | none | none | none |

(see schedule "A" attached)

## SCHEDULE D - PARTNERSHIPS (LESS THAN MAJORITY OWNERSHIP FOR REAL ESTATE PARTNERSHIPS)*

| TYPE OF INVESTMENT | DATE OF INITIAL INVESTMENT | COST | PERCENT OWNED | CURRENT MARKET VALUE | BALANCE DUE ON PARTNERSHIPS NOTES, CASH CALL | FINAL CONTRIBUTION DATE |
|---|---|---|---|---|---|---|
| BUSINESS/PERSONAL (INDICATE NAME) | | | | | | |
| | | | | | | |
| | | | | | | |
| INVESTMENT (INCLUDING TAX SHELTERS) | | | | | | |
| Longevity Fund | 2010 | 1,000,000 | 30% | 2,000,000 | none | none |
| Life Capital Group | 2010 | 7,000,000 | 50% | 15,000,000 | none | none |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*Note: For investments which represent a material portion of your total assets, please include the relevant financial statements or tax returns, or in the case of partnership investments or S-corporations, schedule K-1s.

## SCHEDULE E - NOTES PAYABLE

| DUE TO | TYPE OF FACILITY | AMOUNT OF LINE | SECURED YES | NO | COLLATERAL | INTEREST RATE | MATURITY | INTEREST RATE |
|---|---|---|---|---|---|---|---|---|
| | | | ☐ | ☐ | | | | |
| | | | ☐ | ☐ | | | | |
| | | | ☐ | ☐ | | | | |
| | | | ☐ | ☐ | | | | |

I HAVE 45,000,000 LIFE INSURANCE CASH VALUE 1,000,000

SCEDULE "A" of Schedule "C" continued

| | | | | | |
|---|---|---|---|---|---|
| 50% interest 331-35 N. Sycamore | Leslie & Erika Klein | | 1990 | $500,000 | $1,200,000 |
| 50% interest 118-120 S. Detroit | Leslie & Erika Klein | | 1982 | $200,000 | $700,000 |
| 50% interest Cabazon Post Office | Leslie & Erika Klein | | 1978 | $100,000 | $200,000 |
| 222 S. McCadden | Leslie & Erika Klein | 2006 | $1,500,000 | $3,000,000 |
| | | (Loan outstanding $1,259,000) | | |
| 720 N. Laurel | Leslie & Erika Klein | 1985 | $200,000 | $1,000,000 |
| | | (Loan outstanding $300,000) | | |
| 507 N. Mansfield | Leslie & Erika Klein | 1998 | $400,000 | $1,000,000 |
| | | (Loan outstanding $400,000) | | |
| 143 S. Highland | Leslie & Erika Klein | 2006 | $700,000 | $1,300,000 |
| | | (Loan outstanding $800,000) | | |
| 411 N, Highland | Leslie & Erika Klein | 2005 | $800,000 | $1,400,000 |
| | | (Loan outstanding $1,000,000) | | |
| 310 N. Martel | Leslie & Erika Klein | 2006 | $800,000 | $1,300,000 |
| | | (Loan outstanding $650,000) | | |

TOTAL      .......                                   $9,000,000

EXHIB    B

BALANCE SHEET AS OF _____ 10/7/2013

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| CASH IN THIS BANK (INCLUDING MONEY MARKET ACCOUNTS AND COS) | $ 100,000 | NOTES PAYABLE TO THIS BANK SECURED | X X X $ |
| CASH IN OTHER FINANCIAL INSTITUTIONS (BANK) (INCLUDING MONEY MARKET ACCOUNTS AND COS) | | UNSECURED | |
| | | NOTES PAYABLE TO OTHERS (SCHEDULED) SECURED | X X X |
| | | UNSECURED | |
| | | ACCOUNTS PAYABLE (INCLUDING CREDIT CARDS) | |
| | | ILLEGSH ACCOUNTS | |
| TREADILY MARKETABLE SECURITIES (SCHEDULE A) | | NOTES DUE PARTNERSHIP (SCHEDULED) | |
| NON-READILY MARKETABLE SECURITIES (SCHEDULE A) | 9,000,000 | TAXES PAYABLE | |
| ACCOUNTS AND NOTES RECEIVABLE | | MORTGAGE DEBT (SCHEDULE C) | 4,400,000 |
| NET CASH SURRENDER VALUE OF LIFE INSURANCE (SCHEDULED) | 750,000 | LIFE INSURANCE LOANS (SCHEDULED) | |
| RESIDENTIAL REAL ESTATE (SCHEDULE C) | 5,000,000 | OTHER LIABILITIES (LIST) | |
| REAL ESTATE INVESTMENTS (SCHEDULE C) | 12,000,000 | | |
| PARTNERSHIPS & JV INTERESTS (SCHEDULE D) | 17,000,000 | | |
| IRA, KEOGH, PROFIT-SHARING & OTHER VESTED RETIREMENT ACCTS. | | | |
| DEFERRED INCOME (NO MORE OF YEARS DEFERRED) | | | |
| PERSONAL PROPERTY (INCLUDING AUTOMOBILES) | | | |
| OTHER ASSETS (LIST) | | | |
| | | TOTAL LIABILITIES | |
| | | NET WORTH | |
| | $47,050,000 | | $4,400,000 |

| SCHEDULE A – ALL SECURITIES (INCLUDING NON-MONEY MARKET MUTUAL FUNDS) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NUMBER OF SHARES (STOCK) OR FACE VALUE (BONDS) | DESCRIPTION | OWNER(S) | WHERE HELD | COST | CURRENT MARKET VALUE | PLEDGED | |
| | | | | | | YES | NO |
| READILY MARKETABLE SECURITIES (INCLUDING U.S. GOVERNMENTS AND MUNICIPALS) | | | | | | | |
| | | | | | | ☐ ☐ | ☐ ☐ |
| | | | | | | ☐ ☐ | ☐ ☐ |
| | | | | | | ☐ ☐ | ☐ ☐ |
| NON-READILY MARKETABLE SECURITIES (CLOSELY HELD, THINLY TRADED, OR RESTRICTED STOCK) | | | | | | | |
| 1,000,000 | Time Square Media | Leslie Klein | USA | 250,000 | 4,000,000 | ☐ | x |
| 1,000 | BayArea Dev.Co. | Leslie Klein | USA | 1,000,000 | 1,500,000 | | |
| 1,000 | Leslie Klein & Assoc | Leslie Klein | USA | 1,000,000 | 1,500,00 | | |
| total:3,000,000 | | | | | | | |

*If not enough space, attach a separate schedule or brokerage statement and enter totals only.

## SCHEDULE B – INSURANCE / LIFE INSURANCE (USE ADDITIONAL SHEET IF NECESSARY)

| INSURANCE COMPANY | FACE AMOUNT OF POLICY | TYPE OF POLICY | BENEFICIARY | CASH SURRENDER VALUE | AMOUNT BORROWED | OWNERSHIP |
|---|---|---|---|---|---|---|
| ING | 10,000,000 | universal | children | 500,000 | ----- | Trust |
| AIG | 10,000,000 | universal | children | 280,000 | ----- | Trust |
| PHOENIX | 5,000,000 | universal | children | 50,000 | ----- | Trust |

### DISABILITY INSURANCE

**APPLICANT**

| MONTHLY DISTRIBUTION IF DISABLED | |
|---|---|
| NUMBER OF YEARS COVERED | |

## SCHEDULE C - PERSONAL RESIDENCE & REAL ESTATE INVESTMENTS, MORTGAGE DEBT (MAJORITY OWNERSHIP ONLY)

PERSONAL RESIDENCE

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PURCHASE PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | LENDER |
|---|---|---|---|---|---|---|---|---|---|
| 322 N. June St. | Leslie & Erika Klein | 1975 | $300,000 | 3,000,000 | none | none | none | none | none |

INVESTMENT

| PROPERTY ADDRESS | LEGAL OWNER | PURCHASE YEAR | PURCHASE PRICE | MARKET VALUE | PRESENT LOAN BALANCE | INTEREST RATE | LOAN MATURITY DATE | MONTHLY PAYMENT | LENDER |
|---|---|---|---|---|---|---|---|---|---|
| 161 N. Ponsettia | Leslie Klein & Erika Klein | 1996 | 500,000 | 1,200,000 | none | none | none | none | none |

(see schedule "A" attached)

## SCHEDULE D - PARTNERSHIPS (LESS THAN MAJORITY OWNERSHIP FOR REAL ESTATE PARTNERSHIPS)*

| TYPE OF INVESTMENT | DATE OF INITIAL INVESTMENT | COST | PERCENT OWNED | CURRENT MARKET VALUE | BALANCE DUE ON PARTNERSHIP(S) NOTES, CASH CALL | FINAL CONTRIBUTION DATE |
|---|---|---|---|---|---|---|
| BUSINESS/PERSONAL (INDICATE NAME) | | | | | | |
| | | | | | | |
| INVESTMENT (INCLUDING TAX SHELTERS) | | | | | | |
| Longevity Fund | 2010 | 1,000,000 | 30% | 2,000,000 | none | none |
| Life Capital Group | 2010 | 1,000,000 | 50% | 15,000,000 | none | none |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*Note: For investments which represent a material portion of your total assets, please include the relevant financial statements or tax returns, or in the case of partnership investments as S corporations, schedule K-1s.

## SCHEDULE E - NOTES PAYABLE

| DUE TO | TYPE OF FACILITY | AMOUNT OF LINE | SECURED YES / NO | COLLATERAL | INTEREST RATE | MATURITY | INTEREST RATE |
|---|---|---|---|---|---|---|---|
| | | | ☐ ☐ | | | | |
| | | | ☐ ☐ | | | | |
| | | | ☐ ☐ | | | | |
| | | | ☐ ☐ | | | | |

I HAVE 45,000,000 LIFE insurance cash value 1,000,000

**FIRST AMENDMENT TO PREMARITAL AGREEMENT**
**DATED NOVEMBER 25, 2015**
**BETWEEN BARBARA ROTH KLEIN  AND LESLIE KLEIN**

The parties hereby amend Paragraph 11.L of above entitled matter as follows:

1. Notwithstanding the foregoing subparagraphs (A) through (K) of this Paragraph 11 of the within Agreement, upon LESLIE KLEIN's demise, BARBARA ROTH KLEIN shall receive $4,000,000 from the Estate of LESLIE KLEIN.  She may also live in the house AT 322 N.  June Street where the Parties live during her life time .  The Estate shall also pay BARBARA ROTH KLEIN the sum of $230,000 which is a repayment of a loan.

**IN WITNESS WHEREOF,** the undersigned has executed and acknowledged this **FIRST AMENDMENT TO PREMARITAL AGREEMENT DATED NOVEMBER 25, 2015 BETWEEN BARBARA ROTH AND LESLIE KLEIN** this 25 day of _NOVEMBER_ 2017.

_PLIL_

_____
**BARBARA ROTH KLEIN**

_____
**LESLIE KLEIN**
TRUSTEE OF KLEIN
KAPITAL DEDUCTION TRUST

Page 1 of 3

1

## PROOF OF SERVICE BY MAIL

2

(State and Federal)

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4
     I am employed in the County of Los Angeles, State of California. I am over the age

5
of 18, and not a party to the within entitled action; my business address is 301 East
Colorado Boulevard, Suite 520, Pasadena, California 91101.

6
     On August 23, 2024, I served the foregoing **"Response to the First Set of**

7
**Request for Production of Documents"** on the interested parties in this action by:

8
**_X_ MAIL.** I placed the envelope for collection and mailing, following our ordinary

9
business practices. I am readily familiar with this business's practice for collecting and

10
processing correspondence for mailing. On the same day that correspondence is placed

11
for collection and mailing, it is deposited in the ordinary course of business with the United

12
States Postal Service, in a sealed envelope with postage fully prepaid.

13
**_X_ EMAIL.** As shown below.

14
I am a resident or employed in the county where the mailing occurred. The envelope or

15
package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

16

17

18

19
I am employed in the office of a member of the bar of this Court at whose direction the

20
service was made. I declare under penalty of perjury under the laws of the State of

21
California and the United States that the foregoing is true and correct and that this is

22
executed on August 23, 2024, at Pasadena, California.

23

24
                  _____
                  Jasper Pantaleon

25

26

27

28

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
PROPOUNDED TO LESLIE KLEIN, SECOND AMENDED KLEIN LIVING TRUST, MARITAL
DEDUCTION TRUST, SURVIVOR'S TRUST, AND BARBARA KLEIN**
- 12 -

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5
6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8
9              **UNITED STATES BANKRUPTCY COURT**
10    **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**
11  | IN RE | Case No.: 2:23-bk-10990-SK |
12  | LESLIE KLEIN, | Adverse Case No.: 2:24-ap-01140-SK |
13  | DEBTOR. | |
    | | Chapter 11 |
14  | BRADLEY D. SHARP, CHAPTER 11 | |
15  | TRUSTEE, | |
16  | Plaintiff, | **RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BARBARA KLEIN** |
17  | vs. | |
18  | LESLIE KLEIN, AN INDIVIDUAL, THE | |
19  | SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL | |
20  | DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF | |
21  | LESLIE KLEIN, A TRUST, AND BARBARA | |
22  | KLEIN, AN INDIVIDUAL, | |
23  | Defendants. | |
24
25         Pursuant to Federal Rule of Civil Procedure 33, as made applicable by
26  Federal Rule of Bankruptcy Procedure 7033, Defendant Barbara Klein ("Defendant" or
27  "Responding Party") hereby responds to Plaintiff Bradley D. Sharp, Chapter 11
28  Trustee's ("Plaintiff" or "Propounding Party") First Set of Interrogatories to the offices of

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BARBARA KLEIN**
- 1 -

ER 0857

Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th Floor, Los
Angeles, California 90067.

### DEFINITIONS

As used in these interrogatories, the following words and terms shall mean and
including the following:

1. "ALL" shall mean "any" and vice-versa.

2. "AND" shall mean "or" and vice-versa.

3. "COMMUNICATION" shall mean any transmission of information, the information
   transmitted, and any process by which information is transmitted, and shall
   include both written communication and oral communication.

4. "DOCUMENT(S)" shall mean all written, printed, typed, recorded, photographic,
   electronically transmitted or graphic matter of every type and description,
   however and by whomever prepared, produced, reproduced, disseminated or
   made, in any form, including, but not limited to, books, papers, letters,
   correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes,
   notes, schedules, tabulations, vouchers, accounts, contracts, agreements,
   change orders, purchase orders, invoices, progress reports, intra- and inter-office
   communications, calendars, drafts, drawings, microfilm, abstracts, summaries,
   messages, statements, affidavits, instructions, bulletins, circulars, pamphlets,
   slide, photographs, sketches, labels, advertisements, charts, graphs, computer
   date compilations, statistics, speeches, tapes, tape recordings, press releases,
   public statements, public announcements, public and governmental filings, and

other writings and other magnetic, photographic, electronic and sound recordings.

5. "IDENTIFY" when used with respect to a person shall mean to provide the following information:

    a. The name, telephone number, and residential address of the person; and

    b. The name of the present employer, place of employment, business and job title of the person.

6. "IDENTIFY" when used with respect to an entity shall mean to provide the following information:

    a. The name, telephone number, and address of the entity; and

    b. The name of the entity's owners, principals, officers, and/or partners.

7. "IDENTIFY" when used with respect to a document shall mean to provide the following information:

    a. The nature of the document (e.g., letter, contract, memorandum, etc.);

    b. The date of the document;

    c. The preparer and/or source of the document and all recipients of the document;

    d. The substance in detail of the document; and

    e. Each person who now has custody, possession or control of the document.

8. "IDENTIFY" when used with respect to a communication shall mean to provide the following information:

    a. The date of the communication;

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BARBARA KLEIN**

- 3 -

BR 0859

b.  Whether the communication was oral or written;

c.  Any person who sent, received, or had knowledge of the communication;

d.  The substance of in detail of the communication; and

e.  Any document embodying the communication.

9.  "PERSON(S)" shall mean and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

10. "YOU" or "YOUR" refers, unless otherwise indicated, to the party served with these Interrogatories. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean not only the party served, but also its agents, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants and sureties. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean also your predecessors in interest.

11. "RELATING TO" shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to.

12. "REQUEST FOR ADMISSION" shall mean Plaintiff's Request for Admission, Set One, Propounded to Defendant, Leslie Klein, dated July 31, 2024.

13. The singular shall mean the plural and vice-versa.

## GENERAL PROVISIONS AND INSTRUCTIONS

1.  Each interrogatory shall be answered fully and separately. Interrogatories shall not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BARBARA KLEIN**
- 4 -

2. Where an interrogatory cannot be answered in full, state why, and furnish all available information.

3. Estimated data should be given only if exact data cannot be supplied. Any estimated data should be identified as such, and the source(s) and means of derivation of each estimate should be specifically set forth.

4. Whenever the name or identity of a PERSON is requested, state the full name and the home and business address of such PERSON.

5. When knowledge or information in the possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys.

6. Whenever a DOCUMENT is cited in support of a response, IDENTIFY the specific language in such DOCUMENT which YOU contend provides support for YOUR response.

7. These interrogatories shall be deemed to be continuing, so as to require supplemental answers should the party on whom these interrogatories are propounded obtain information responsive to these interrogatories which has not previously been supplied. Such supplemental answers shall be served before trial and within a reasonable time after the information is obtained. The date such additional information was obtained shall be disclosed, and the identity of the source of the additional information shall be specified.

8. If YOU claim a privilege as to any requested information, specify the privilege claimed, the COMMUNICATION or other matter as to which such claim is made,

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BARBARA KLEIN**
- 5 -

BR 0861

the subject of the COMMUNICATION or other matter and the basis which YOU

assert the claim of privilege.

### INTERROGATORIES

**INTERROGATORY NO. 1:**

If YOUR answer to any request for admission contained in the REQUEST FOR

ADMISSIONS served concurrently herewith is anything other than a complete

admission, identify each Request for Admission and set forth all facts upon which YOU

rely for YOUR response to or denial of the Request for Admission.

**RESPONSE TO INTERROGATORY NO. 1:**

The June Street house was owned by the Klein Living Trust since 1990 and prior

versions of the Trust since 1977. The Klein Living Trust was recorded in 2013 after

Erika Klein died. The Trustee made allocations as to what is in the Marital Deduction

Trust and the Survivor's Trust. A copy of those allocations are attached herewith and

marked Exhibit 2 (Number 11112 to 11122).

Dated: August 23, 2024

Eric J. Olson
Attorney for Barbara Klein

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BARBARA KLEIN**
- 6 -

1

## VERIFICATION

I have read the foregoing **Response to First Set of Interrogatories to Barbara Klein** and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2024, at Los Angeles, California.

_____
Barbara Klein

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BARBARA KLEIN**
- 7 -

# KLEIN MARITAL DEDUCTION TRUST

## dated 4-08-1990
## as of
## September 10, 2013

Marital Deduction Trust (Trust A)

| | | |
|---|---|---|
| 322 N. June Street<br>Los Angeles, CA. 90004<br>(Home)<br>100% | Value on 9-10-2013 | $3,500,000 |
| Suite 1323 in Leonardo<br>Plaza Jerusalem Israel<br>(King George Street)<br>100% | Value on 9-10-2013 | $500,000 |
| Dan Boutique<br>Suite on 5th Floor in<br>Jerusalem Israel<br>(Hebron Road)<br>100% | Value on 9-10-2013 | $250,000 |
| TOTAL | | $4,250,000 |

Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co 100% which
owns the following properties:

| | | |
|---|---|---|
| 14245 Ventura Blvd.<br>Sherman Oaks, CA. 91423<br>(Commercial Office Building) | Value on 9-10-2013 | $2,500,000 |
| 419 N. Highland Ave<br>Los Angeles, CA 90036<br>(Home) | Value on 9-10-2013 | $1,000,000 |
| 507 N. Mansfield Ave<br>Los Angeles, CA. 90036<br>(Home) | Value on 9-10-2013 | $750,000 |
| | TOTAL | $4,250,000 |

**EXHIBIT 2**

11112

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2014

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $1,800,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| Trustee Fees Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |





**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
As of *December 31, 2015*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2016*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

ER 0867



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2017*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-1

ER 0868

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2018*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111-6-2

ER 0869

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2019*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2020*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** |  |  |
| June Street home | $3,500,000 |  |
| Suite in Leonardo Plaza Jerusalem | $500,000 |  |
| Dan Boutique Suite in Jerusalem | $250,000 |  |
| Money given to Investors to reimburse for premium paid | $4,500,000 |  |
|  |  | $8,750,000 |
| **Survivor Trust** |  |  |
| Common stock in Bay Area Dev. Co. which owns the following properties: |  |  |
| 14245 Ventura Blvd. | $6,300,000 |  |
| 419 N. Highland Ave. | $1,000,000 |  |
| 507 N. Mansfield Ave. | $700,000 |  |
| 315 N. Martel Street | $750,000 |  |
|  |  | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2021*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245  Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

ER 0872

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2022*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

**111 21**

ER 0873

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2023

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111.22

ER 0874

1

## PROOF OF SERVICE BY MAIL

2
(State and Federal)

3
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4
    I am employed in the County of Los Angeles, State of California. I am over the age

5
of 18, and not a party to the within entitled action; my business address is 301 East

6
Colorado Boulevard, Suite 520, Pasadena, California 91101.

7
    On August 23, 2024, I served the foregoing **"Response to First Set of**

**Interrogatories to Barbara Klein"** on the interested parties in this action by:

8
**_X_ MAIL.** I placed the envelope for collection and mailing, following our ordinary

9
business practices. I am readily familiar with this business's practice for collecting and

10
processing correspondence for mailing. On the same day that correspondence is placed

11
for collection and mailing, it is deposited in the ordinary course of business with the United

12
States Postal Service, in a sealed envelope with postage fully prepaid.

13
**_X_ EMAIL.** As shown below.

14
I am a resident or employed in the county where the mailing occurred. The envelope or

15
package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

19
I am employed in the office of a member of the bar of this Court at whose direction the

20
service was made. I declare under penalty of perjury under the laws of the State of

21
California and the United States that the foregoing is true and correct and that this is

executed on August 23, 2024, at Pasadena, California.

22

23

24
_____
Jasper Pantaleon

25

26

27

28

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
5  E: Eric@EJOlsonLaw.com

6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8

9              **UNITED STATES BANKRUPTCY COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

11  IN RE                          | Case No.: 2:23-bk-10990-SK
12  LESLIE KLEIN,                   | Adverse Case No.: 2:24-ap-01140-SK
13  DEBTOR.                         |
14                                  | Chapter 11
    BRADLEY D. SHARP, CHAPTER 11    |
15  TRUSTEE,                        |
16            Plaintiff,            | **RESPONSE TO PLAINTIFF'S FIRST SET
                                    | OF INTERROGATORIES TO
17  vs.                             | "CREDITOR TRUST"**
18  LESLIE KLEIN, AN INDIVIDUAL, THE |
19  SECOND AMENDED KLEIN LIVING     |
    TRUST, A TRUST, THE MARITAL     |
20  DEDUCTION TRUST OF ERIKA KLEIN, A|
21  TRUST, THE SURVIVOR'S TRUST OF  |
    LESLIE KLEIN, A TRUST, AND BARBARA|
22  KLEIN, AN INDIVIDUAL,           |
23            Defendants.           |

24          Pursuant to Federal Rule of Civil Procedure 33, as made applicable by
25
26  Federal Rule of Bankruptcy Procedure 7033, Defendant "Creditor Trust" ("Defendant" or
27  "Responding Party") hereby responds to Plaintiff Bradley D. Sharp, Chapter 11
28  Trustee's ("Plaintiff" or "Propounding Party") First Set of Interrogatories to the offices of

         **RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "CREDITOR TRUST"**
                                    - 1 -

ER 0876

Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067.

### **DEFINITIONS**

As used in these interrogatories, the following words and terms shall mean and including the following:

1. "ALL" shall mean "any" and vice-versa.

2. "AND" shall mean "or" and vice-versa.

3. "COMMUNICATION" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include both written communication and oral communication.

4. "DOCUMENT(S)" shall mean all written, printed, typed, recorded, photographic, electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slide, photographs, sketches, labels, advertisements, charts, graphs, computer date compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public announcements, public and governmental filings, and

other writings and other magnetic, photographic, electronic and sound recordings.

5. "IDENTIFY" when used with respect to a person shall mean to provide the following information:

    a.  The name, telephone number, and residential address of the person; and

    b.  The name of the present employer, place of employment, business and job title of the person.

6. "IDENTIFY" when used with respect to an entity shall mean to provide the following information:

    a.  The name, telephone number, and address of the entity; and

    b.  The name of the entity's owners, principals, officers, and/or partners.

7. "IDENTIFY" when used with respect to a document shall mean to provide the following information:

    a.  The nature of the document (e.g., letter, contract, memorandum, etc.);

    b.  The date of the document;

    c.  The preparer and/or source of the document and all recipients of the document;

    d.  The substance in detail of the document; and

    e.  Each person who now has custody, possession or control of the document.

8. "IDENTIFY" when used with respect to a communication shall mean to provide the following information:

    a.  The date of the communication;

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "CREDITOR TRUST"**
**- 3 -**

BR 0878

     b.  Whether the communication was oral or written;

     c.  Any person who sent, received, or had knowledge of the communication;

     d.  The substance of in detail of the communication; and

     e.  Any document embodying the communication.

9.  "PERSON(S)" shall mean and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

10. "YOU" or "YOUR" refers, unless otherwise indicated, to the party served with these Interrogatories. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean not only the party served, but also its agents, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants and sureties. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean also your predecessors in interest.

11. "RELATING TO" shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to.

12. "REQUEST FOR ADMISSION" shall mean Plaintiff's Request for Admission, Set One, Propounded to Defendant, Leslie Klein, dated July 31, 2024.

13. The singular shall mean the plural and vice-versa.

### <u>GENERAL PROVISIONS AND INSTRUCTIONS</u>

1.  Each interrogatory shall be answered fully and separately. Interrogatories shall not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

BR 0879

2.  Where an interrogatory cannot be answered in full, state why, and furnish all available information.

3.  Estimated data should be given only if exact data cannot be supplied. Any estimated data should be identified as such, and the source(s) and means of derivation of each estimate should be specifically set forth.

4.  Whenever the name or identity of a PERSON is requested, state the full name and the home and business address of such PERSON.

5.  When knowledge or information in the possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys.

6.  Whenever a DOCUMENT is cited in support of a response, IDENTIFY the specific language in such DOCUMENT which YOU contend provides support for YOUR response.

7.  These interrogatories shall be deemed to be continuing, so as to require supplemental answers should the party on whom these interrogatories are propounded obtain information responsive to these interrogatories which has not previously been supplied. Such supplemental answers shall be served before trial and within a reasonable time after the information is obtained. The date such additional information was obtained shall be disclosed, and the identity of the source of the additional information shall be specified.

8.  If YOU claim a privilege as to any requested information, specify the privilege claimed, the COMMUNICATION or other matter as to which such claim is made,

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "CREDITOR TRUST"**
**- 5 -**

BR 0880

the subject of the COMMUNICATION or other matter and the basis which YOU

assert the claim of privilege.

### INTERROGATORIES

**INTERROGATORY NO. 1:**

If YOUR answer to any request for admission contained in the REQUEST FOR

ADMISSIONS served concurrently herewith is anything other than a complete

admission, identify each Request for Admission and set forth all facts upon which YOU

rely for YOUR response to or denial of the Request for Admission.

**RESPONSE TO INTERROGATORY NO. 1:**

The June Street house was owned by the Klein Living Trust since 1990 and prior

versions of the Trust since 1977. The Klein Living Trust was recorded in 2013 after

Erika Klein died. The Trustee made allocations as to what is in the Marital Deduction

Trust and the Survivor's Trust. A copy of those allocations are attached herewith and

marked Exhibit 2 (Number 11112 to 11122).

**RE RESPONSE TO ADMISSION NO 4.:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

**RE RESPONSE TO ADMISSION NO. 5:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

**RE RESPONSE TO ADMISSION NO. 6:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

ER 0881

1 | Dated: August 23, 2024

2

3

Eric J. Olson
4 | Attorney for Leslie Klein as Trustee of
The Creditor Trust
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "CREDITOR TRUST"**
- 7 -

ER 0882

1

## <u>VERIFICATION</u>

2

    I have read the foregoing Response to First Set of Interrogatories to "Creditor

3

Trust" and know its contents. I am a party to this action. The matters stated in the

4

foregoing document are true of my own knowledge except as to those matters which

5

6

are stated on information and belief, and to those matters I believe them to be true.

7

    I declare under the penalty of perjury under the laws of the State of California

8

that the foregoing is true and correct.

9

    Executed on August 23, 2024, at Los Angeles, California.

10

11

12

13

    Leslie Klein as Trustee of The Creditor
Trust

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "CREDITOR TRUST"**
- 8 -

ER 0883

# KLEIN MARITAL DEDUCTION TRUST

## dated 4-08-1990
## as of
## September 10, 2013

Marital Deduction Trust (Trust A)

| | | |
|---|---|---|
| 322 N. June Street<br>Los Angeles, CA 90004<br>(Home)<br>100% | Value on 9-10-2013 | $3,500,000 |
| Suite 1323 in Leonardo<br>Plaza Jerusalem Israel<br>(King George Street)<br>100% | Value on 9-10-2013 | $500,000 |
| Dan Boutique<br>Suite on 5th Floor in<br>Jerusalem Israel<br>(Hebron Road)<br>100% | Value on 9-10-2013 | $250,000 |
| TOTAL | | $4,250,000 |

Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co.100% which
owns the following properties:

| | | |
|---|---|---|
| 14245 Ventura Blvd.<br>Sherman Oaks, CA. 91423<br>(Commercial Office Building) | Value on 9-10-2013 | $2,500,000 |
| 419 N. Highland Ave.<br>Los Angeles, CA 90036<br>(Home) | Value on 9-10-2013 | $1,000,000 |
| 507 N. Mansfield Ave<br>Los Angeles, CA. 90036<br>(Home) | Value on 9-10-2013 | $750,000 |
| | TOTAL | $4,250,000 |

**EXHIBIT 2**

11112

ER 0884

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2014

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $1,800,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| Trustee Fees Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2015*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245  Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
*As of December 31, 2016*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
As of *December 31, 2017*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $560,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111-6-1

ER 0888



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
As of *December 31, 2018*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

1116.2

ER 0889



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2019*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2020

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2021*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245  Ventura Blvd. | $6,300,000 | |
| 419 N.  Highland Ave. | $1,000,000 | |
| 507 N.  Marsfield Ave. | $700,000 | |
| 315 N.  Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2022

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

**111 21**

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2023*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| | | |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 22

ER 0894

## PROOF OF SERVICE BY MAIL

(State and Federal)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 23, 2024, I served the foregoing **"Response to First Set of Interrogatories to "Creditor Trust""** on the interested parties in this action by:

**_X_ MAIL.** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**_X_ EMAIL.** As shown below.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 23, 2024, at Pasadena, California.

_____
Jasper Pantaleon

ER 0895

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5
6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8

9                **UNITED STATES BANKRUPTCY COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

11 IN RE                                    | Case No.: 2:23-bk-10990-SK

12 LESLIE KLEIN,                            | Adverse Case No.: 2:24-ap-01140-SK

13 DEBTOR.                                  | Chapter 11

14 ───────────────────────
   BRADLEY D. SHARP, CHAPTER 11
15 TRUSTEE,

16          Plaintiff,                       **RESPONSE TO PLAINTIFF'S FIRST SET
                                             OF INTERROGATORIES TO THE
17 vs.                                      SECOND AMENDED KLEIN LIVING
                                            TRUST DATED APRIL 8, 1990**
18 LESLIE KLEIN, AN INDIVIDUAL, THE
19 SECOND AMENDED KLEIN LIVING
   TRUST, A TRUST, THE MARITAL
20 DEDUCTION TRUST OF ERIKA KLEIN, A
   TRUST, THE SURVIVOR'S TRUST OF
21 LESLIE KLEIN, A TRUST, AND BARBARA
22 KLEIN, AN INDIVIDUAL,

23          Defendants.

24              Pursuant to Federal Rule of Civil Procedure 33, as made applicable by

25 Federal Rule of Bankruptcy Procedure 7033, Defendant Leslie Klein as trustee of The

26 Second Amended Klein Living Trust Dated April 8, 1990 ("Defendant" or "Responding

27 Party") hereby responds to Plaintiff Bradley D. Sharp, Chapter 11 Trustee's ("Plaintiff" or

28

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE SECOND AMENDED
KLEIN LIVING TRUST DATED APRIL 8, 1990**
- 1 -

BR 0896

"Propounding Party") First Set of Interrogatories to the offices of Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067.

## **DEFINITIONS**

As used in these interrogatories, the following words and terms shall mean and including the following:

1. "ALL" shall mean "any" and vice-versa.

2. "AND" shall mean "or" and vice-versa.

3. "COMMUNICATION" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include both written communication and oral communication.

4. "DOCUMENT(S)" shall mean all written, printed, typed, recorded, photographic, electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slide, photographs, sketches, labels, advertisements, charts, graphs, computer date compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public announcements, public and governmental filings, and

BR 0897

other writings and other magnetic, photographic, electronic and sound recordings.

5. "IDENTIFY" when used with respect to a person shall mean to provide the following information:

    a. The name, telephone number, and residential address of the person; and

    b. The name of the present employer, place of employment, business and job title of the person.

6. "IDENTIFY" when used with respect to an entity shall mean to provide the following information:

    a. The name, telephone number, and address of the entity; and

    b. The name of the entity's owners, principals, officers, and/or partners.

7. "IDENTIFY" when used with respect to a document shall mean to provide the following information:

    a. The nature of the document (e.g., letter, contract, memorandum, etc.);

    b. The date of the document;

    c. The preparer and/or source of the document and all recipients of the document;

    d. The substance in detail of the document; and

    e. Each person who now has custody, possession or control of the document.

8. "IDENTIFY" when used with respect to a communication shall mean to provide the following information:

    a. The date of the communication;

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990**

- 3 -

ER 0898

b. Whether the communication was oral or written;

c. Any person who sent, received, or had knowledge of the communication;

d. The substance of in detail of the communication; and

e. Any document embodying the communication.

9. "PERSON(S)" shall mean and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

10. "YOU" or "YOUR" refers, unless otherwise indicated, to the party served with these Interrogatories. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean not only the party served, but also its agents, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants and sureties. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean also your predecessors in interest.

11. "RELATING TO" shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to.

12. "REQUEST FOR ADMISSION" shall mean Plaintiff's Request for Admission, Set One, Propounded to Defendant, Leslie Klein, dated July 31, 2024.

13. The singular shall mean the plural and vice-versa.

## GENERAL PROVISIONS AND INSTRUCTIONS

1. Each interrogatory shall be answered fully and separately. Interrogatories shall not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990**
- 4 -

BR 0899

2. Where an interrogatory cannot be answered in full, state why, and furnish all available information.

3. Estimated data should be given only if exact data cannot be supplied. Any estimated data should be identified as such, and the source(s) and means of derivation of each estimate should be specifically set forth.

4. Whenever the name or identity of a PERSON is requested, state the full name and the home and business address of such PERSON.

5. When knowledge or information in the possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys.

6. Whenever a DOCUMENT is cited in support of a response, IDENTIFY the specific language in such DOCUMENT which YOU contend provides support for YOUR response.

7. These interrogatories shall be deemed to be continuing, so as to require supplemental answers should the party on whom these interrogatories are propounded obtain information responsive to these interrogatories which has not previously been supplied. Such supplemental answers shall be served before trial and within a reasonable time after the information is obtained. The date such additional information was obtained shall be disclosed, and the identity of the source of the additional information shall be specified.

8. If YOU claim a privilege as to any requested information, specify the privilege claimed, the COMMUNICATION or other matter as to which such claim is made,

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990**
**- 5 -**

BR 0900

the subject of the COMMUNICATION or other matter and the basis which YOU

assert the claim of privilege.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

If YOUR answer to any request for admission contained in the REQUEST FOR

ADMISSIONS served concurrently herewith is anything other than a complete

admission, identify each Request for Admission and set forth all facts upon which YOU

rely for YOUR response to or denial of the Request for Admission.

**RE RESPONSE TO ADMISSION NO. 1:**

The June Street house was owned by the Klein Living Trust since 1990 and prior

versions of the Trust since 1977. The Klein Living Trust was recorded in 2013 after

Erika Klein died. The Trustee made allocations as to what is in the Marital Deduction

Trust and the Survivor's Trust. A copy of those allocations are attached herewith and

marked Exhibit 2 (Number 11112 to 11122).

**RE RESPONSE TO ADMISSION NO. 4:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

**RE RESPONSE TO ADMISSION NO. 5:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

**RE RESPONSE TO ADMISSION NO. 6:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

BR 0901

Dated: August 23, 2024

_____
Eric J. Olson
Attorney for Leslie Klein as Trustee of
The Second Amended Klein Living Trust
Dated April 8, 1990

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE SECOND AMENDED
KLEIN LIVING TRUST DATED APRIL 8, 1990
- 7 -

ER 0902

## VERIFICATION

I have read the foregoing Response to First Set of Interrogatories to the Second Amended Klein Living Trust Dated April 8, 1990 and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2024, at Los Angeles, California.

Leslie Klein as Trustee of The Second
Amended Klein Living Trust Dated April
8, 1990

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990**

- 8 -

ER 0903

# KLEIN MARITAL DEDUCTION TRUST

**dated 4-08-1990**
**as of**
**September 10, 2013**

## Marital Deduction Trust (Trust A)

| | | |
|---|---|---|
| 322 N. June Street<br>Los Angeles, CA. 90004<br>(Home)<br>100% | Value on 9-10-2013 | $3,500,000 |
| Suite 1323 in Leonardo<br>Plaza Jerusalem Israel<br>(King George Street)<br>100% | Value on 9-10-2013 | $500,000 |
| Dan Boutique<br>Suite on 5th Floor in<br>Jerusalem Israel<br>(Hebron Road)<br>100% | Value on 9-10-2013 | $250,000 |
| TOTAL | | $4,250,000 |

## Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co 100% which
owns the following properties:

| | | |
|---|---|---|
| 14245 Ventura Blvd.<br>Sherman Oaks, CA. 91423<br>(Commercial Office Building) | Value on 9-10-2013 | $2,500,000 |
| 419 N. Highland Ave<br>Los Angeles, CA 90036<br>(Home) | Value on 9-10-2013 | $1,000,000 |
| 507 N. Mansfield Ave<br>Los Angeles, CA. 90036<br>(Home) | Value on 9-10-2013 | $750,000 |
| | TOTAL | $4,250,000 |

**EXHIBIT 2**

11112



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2014

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $1,800,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| Trustee Fees Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
*As of December 31, 2015*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245  Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2016*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2017*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-1



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
*As of December 31, 2018*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-2

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2019*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| | | |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245  Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
*As of December 31, 2020*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2021*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co., which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2022*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| | | |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Venture Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

**111 21**



KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
*As of December 31, 2023*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 22

## PROOF OF SERVICE BY MAIL

(State and Federal)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 23, 2024, I served the foregoing **"Response to First Set of Interrogatories to The Second Amended Klein Living Trust Dated April 8, 1990"** on the interested parties in this action by:

_X_ **MAIL.** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_X_ **EMAIL.** As shown below.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 23, 2024, at Pasadena, California.

_____

Jasper Pantaleon

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE SECOND AMENDED KLEIN LIVING TRUST DATED APRIL 8, 1990**

- 9 -

ER 0915

1  Eric J. Olson (SBN 37630)
   EJOLSONLAW
2  301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
5  E: Eric@EJOlsonLaw.com

6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8

9             **UNITED STATES BANKRUPTCY COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

11  IN RE                                    | Case No.: 2:23-bk-10990-SK

12  LESLIE KLEIN,                            | Adverse Case No.: 2:24-ap-01140-SK

13  DEBTOR.                                  | Chapter 11
14
15  BRADLEY D. SHARP, CHAPTER 11
    TRUSTEE,
16              Plaintiff,                   | **RESPONSE TO PLAINTIFF'S FIRST SET
                                             OF INTERROGATORIES TO LESLIE
17  vs.                                      KLEIN**
18
    LESLIE KLEIN, AN INDIVIDUAL, THE
19  SECOND AMENDED KLEIN LIVING
    TRUST, A TRUST, THE MARITAL
20  DEDUCTION TRUST OF ERIKA KLEIN, A
    TRUST, THE SURVIVOR'S TRUST OF
21  LESLIE KLEIN, A TRUST, AND BARBARA
    KLEIN, AN INDIVIDUAL,
22
23              Defendants.
24
25          Pursuant to Federal Rule of Civil Procedure 33, as made applicable by

26  Federal Rule of Bankruptcy Procedure 7033, Defendant Leslie Klein ("Defendant" or

27  "Responding Party") hereby responds to Plaintiff Bradley D. Sharp, Chapter 11

28  Trustee's ("Plaintiff" or "Propounding Party") First Set of Interrogatories to the offices of

         **RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**
                                     - 1 -

ER 0916

Pachulski Stang Ziehl & Jones LLP, at 10100 Santa Monica Boulevard, 13th Floor, Los

Angeles, California 90067.

<div align="center">

**DEFINITIONS**

</div>

As used in these interrogatories, the following words and terms shall mean and

including the following:

1.  "ALL" shall mean "any" and vice-versa.

2.  "AND" shall mean "or" and vice-versa.

3.  "COMMUNICATION" shall mean any transmission of information, the information

    transmitted, and any process by which information is transmitted, and shall

    include both written communication and oral communication.

4.  "DOCUMENT(S)" shall mean all written, printed, typed, recorded, photographic,

    electronically transmitted or graphic matter of every type and description,

    however and by whomever prepared, produced, reproduced, disseminated or

    made, in any form, including, but not limited to, books, papers, letters,

    correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes,

    notes, schedules, tabulations, vouchers, accounts, contracts, agreements,

    change orders, purchase orders, invoices, progress reports, intra- and inter-office

    communications, calendars, drafts, drawings, microfilm, abstracts, summaries,

    messages, statements, affidavits, instructions, bulletins, circulars, pamphlets,

    slide, photographs, sketches, labels, advertisements, charts, graphs, computer

    date compilations, statistics, speeches, tapes, tape recordings, press releases,

    public statements, public announcements, public and governmental filings, and

BR 0917

other writings and other magnetic, photographic, electronic and sound recordings.

5. "IDENTIFY" when used with respect to a person shall mean to provide the following information:

   a. The name, telephone number, and residential address of the person; and

   b. The name of the present employer, place of employment, business and job title of the person.

6. "IDENTIFY" when used with respect to an entity shall mean to provide the following information:

   a. The name, telephone number, and address of the entity; and

   b. The name of the entity's owners, principals, officers, and/or partners.

7. "IDENTIFY" when used with respect to a document shall mean to provide the following information:

   a. The nature of the document (e.g., letter, contract, memorandum, etc.);

   b. The date of the document;

   c. The preparer and/or source of the document and all recipients of the document;

   d. The substance in detail of the document; and

   e. Each person who now has custody, possession or control of the document.

8. "IDENTIFY" when used with respect to a communication shall mean to provide the following information:

   a. The date of the communication;

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**

- 3 -

ER 0918

b.  Whether the communication was oral or written;

c.  Any person who sent, received, or had knowledge of the communication;

d.  The substance of in detail of the communication; and

e.  Any document embodying the communication.

9.  "PERSON(S)" shall mean and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

10. "YOU" or "YOUR" refers, unless otherwise indicated, to the party served with these Interrogatories. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean not only the party served, but also its agents, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants and sureties. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean also your predecessors in interest.

11. "RELATING TO" shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to.

12. "REQUEST FOR ADMISSION" shall mean Plaintiff's Request for Admission, Set One, Propounded to Defendant, Leslie Klein, dated July 31, 2024.

13. The singular shall mean the plural and vice-versa.

## GENERAL PROVISIONS AND INSTRUCTIONS

1.  Each interrogatory shall be answered fully and separately. Interrogatories shall not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**
- 4 -

BR 0919

2.  Where an interrogatory cannot be answered in full, state why, and furnish all available information.

3.  Estimated data should be given only if exact data cannot be supplied. Any estimated data should be identified as such, and the source(s) and means of derivation of each estimate should be specifically set forth.

4.  Whenever the name or identity of a PERSON is requested, state the full name and the home and business address of such PERSON.

5.  When knowledge or information in the possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys.

6.  Whenever a DOCUMENT is cited in support of a response, IDENTIFY the specific language in such DOCUMENT which YOU contend provides support for YOUR response.

7.  These interrogatories shall be deemed to be continuing, so as to require supplemental answers should the party on whom these interrogatories are propounded obtain information responsive to these interrogatories which has not previously been supplied. Such supplemental answers shall be served before trial and within a reasonable time after the information is obtained. The date such additional information was obtained shall be disclosed, and the identity of the source of the additional information shall be specified.

8.  If YOU claim a privilege as to any requested information, specify the privilege claimed, the COMMUNICATION or other matter as to which such claim is made,

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**
**- 5 -**

BR 0920

the subject of the COMMUNICATION or other matter and the basis which YOU

assert the claim of privilege.

### INTERROGATORIES

### INTERROGATORY NO. 1:

If YOUR answer to any request for admission contained in the REQUEST FOR

ADMISSIONS served concurrently herewith is anything other than a complete

admission, identify each Request for Admission and set forth all facts upon which YOU

rely for YOUR response to or denial of the Request for Admission.

### RESPONSE TO INTERROGATORY NO. 1:

The June Street house was owned by the Klein Living Trust since 1990 and prior

versions of the Trust since 1977.  The Klein Living Trust was recorded in 2013 after

Erika Klein died. The Trustee made allocations as to what is in the Marital Deduction

Trust and the Survivor's Trust. A copy of those allocations are attached herewith and

marked Exhibit 2 (Number 11112 to 11122).

### RE RESPONSE TO ADMISSION NO. 4:

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

### RE RESPONSE TO ADMISSION NO. 5:

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

### RE RESPONSE TO ADMISSION NO. 6:

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**
**- 6 -**

Dated: August 23, 2024

Eric J. Olson
Attorney for Leslie Klein

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**

- 7 -

## <u>VERIFICATION</u>

I have read the foregoing Response to First Set of Interrogatories to Leslie Klein and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2024, at Los Angeles, California.

_____
Leslie Klein

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**
- 8 -

ER 0923

# KLEIN MARITAL DEDUCTION TRUST

**dated 4-08-1990**

**as of**

**September 10, 2013**

Marital Deduction Trust (Trust A)

| | | |
|---|---|---|
| 322 N. June Street<br>Los Angeles, CA. 90004<br>(Home)<br>100% | Value on 9-10-2013 | $3,500,000 |
| Suite 1323 in Leonardo<br>Plaza Jerusalem Israel<br>(King George Street)<br>100% | Value on 9-10-2013 | $500,000 |
| Dan Boutique<br>Suite on 5th Floor in<br>Jerusalem Israel<br>(Hebron Road)<br>100% | Value on 9-10-2013 | $250,000 |
| TOTAL | | $4,250,000 |

Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co 100% which
owns the following properties:

| | | |
|---|---|---|
| 14245 Ventura Blvd.<br>Sherman Oaks, CA. 91423<br>(Commercial Office Building) | Value on 9-10-2013 | $2,500,000 |
| 419 N. Highland Ave<br>Los Angeles, CA. 90036<br>(Home) | Value on 9-10-2013 | $1,000,000 |
| 507 N. Mansfield Ave<br>Los Angeles, CA. 90036<br>(Home) | Value on 9-10-2013 | $750,000 |
| TOTAL | | $4,250,000 |

**EXHIBIT 2**

**11112**



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
As of December 31, 2014

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $1,800,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| Trustee Fees Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2015

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

ER 0926



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
As of *December 31, 2016*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
*As of December 31, 2017*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Marsfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-1



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2018

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6 2

ER 0929



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**

*As of December 31, 2019*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| | | |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

ER 0930

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2020*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
As of *December 31, 2021*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
As of *December 31, 2022*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

**111 21**

ER 0933



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2023*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 22

## PROOF OF SERVICE BY MAIL

(State and Federal)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 23, 2024, I served the foregoing **"Response to First Set of Interrogatories to Leslie Klein"** on the interested parties in this action by:

_X_ **MAIL.** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_X_ **EMAIL.** As shown below.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 23, 2024, at Pasadena, California.

Jasper Pantaleon

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LESLIE KLEIN**

- 9 -

ER 0935

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   301 East Colorado Boulevard, Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5
6  Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
   SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7  MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
   THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8

9                    **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

11  | IN RE | Case No.: 2:23-bk-10990-SK |
12  | LESLIE KLEIN, | Adverse Case No.: 2:24-ap-01140-SK |
13  | DEBTOR. | |
14  | | Chapter 11 |
    | BRADLEY D. SHARP, CHAPTER 11 | |
15  | TRUSTEE, | |
16  |          Plaintiff, | **RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION TRUST"** |
17  | vs. | |
18  | LESLIE KLEIN, AN INDIVIDUAL, THE | |
19  | SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL | |
20  | DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF | |
21  | LESLIE KLEIN, A TRUST, AND BARBARA | |
22  | KLEIN, AN INDIVIDUAL, | |
23  |          Defendants. | |

24         Pursuant to Federal Rule of Civil Procedure 33, as made applicable by

25  Federal Rule of Bankruptcy Procedure 7033, Defendant Leslie Klein as trustee of The

26  Marital Deduction Trust ("Defendant" or "Responding Party") hereby responds to

27  Plaintiff Bradley D. Sharp, Chapter 11 Trustee's ("Plaintiff" or "Propounding Party") First

28

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION
TRUST"
- 1 -

Set of Interrogatories to the offices of Pachulski Stang Ziehl & Jones LLP, at 10100

Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067.

<div align="center"><u>**DEFINITIONS**</u></div>

As used in these interrogatories, the following words and terms shall mean and

including the following:

1. "ALL" shall mean "any" and vice-versa.

2. "AND" shall mean "or" and vice-versa.

3. "COMMUNICATION" shall mean any transmission of information, the information

    transmitted, and any process by which information is transmitted, and shall

    include both written communication and oral communication.

4. "DOCUMENT(S)" shall mean all written, printed, typed, recorded, photographic,

    electronically transmitted or graphic matter of every type and description,

    however and by whomever prepared, produced, reproduced, disseminated or

    made, in any form, including, but not limited to, books, papers, letters,

    correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes,

    notes, schedules, tabulations, vouchers, accounts, contracts, agreements,

    change orders, purchase orders, invoices, progress reports, intra- and inter-office

    communications, calendars, drafts, drawings, microfilm, abstracts, summaries,

    messages, statements, affidavits, instructions, bulletins, circulars, pamphlets,

    slide, photographs, sketches, labels, advertisements, charts, graphs, computer

    date compilations, statistics, speeches, tapes, tape recordings, press releases,

    public statements, public announcements, public and governmental filings, and

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION
TRUST"**
- 2 -

other writings and other magnetic, photographic, electronic and sound recordings.

5. "IDENTIFY" when used with respect to a person shall mean to provide the following information:

    a. The name, telephone number, and residential address of the person; and

    b. The name of the present employer, place of employment, business and job title of the person.

6. "IDENTIFY" when used with respect to an entity shall mean to provide the following information:

    a. The name, telephone number, and address of the entity; and

    b. The name of the entity's owners, principals, officers, and/or partners.

7. "IDENTIFY" when used with respect to a document shall mean to provide the following information:

    a. The nature of the document (e.g., letter, contract, memorandum, etc.);

    b. The date of the document;

    c. The preparer and/or source of the document and all recipients of the document;

    d. The substance in detail of the document; and

    e. Each person who now has custody, possession or control of the document.

8. "IDENTIFY" when used with respect to a communication shall mean to provide the following information:

    a. The date of the communication;

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION TRUST"**

- 3 -

b.  Whether the communication was oral or written;

c.  Any person who sent, received, or had knowledge of the communication;

d.  The substance of in detail of the communication; and

e.  Any document embodying the communication.

9.  "PERSON(S)" shall mean and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

10. "YOU" or "YOUR" refers, unless otherwise indicated, to the party served with these Interrogatories. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean not only the party served, but also its agents, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants and sureties. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean also your predecessors in interest.

11. "RELATING TO" shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to.

12. "REQUEST FOR ADMISSION" shall mean Plaintiff's Request for Admission, Set One, Propounded to Defendant, Leslie Klein, dated July 31, 2024.

13. The singular shall mean the plural and vice-versa.

## GENERAL PROVISIONS AND INSTRUCTIONS

1.  Each interrogatory shall be answered fully and separately. Interrogatories shall not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION TRUST"**

- 4 -

BR 0939

2. Where an interrogatory cannot be answered in full, state why, and furnish all available information.

3. Estimated data should be given only if exact data cannot be supplied. Any estimated data should be identified as such, and the source(s) and means of derivation of each estimate should be specifically set forth.

4. Whenever the name or identity of a PERSON is requested, state the full name and the home and business address of such PERSON.

5. When knowledge or information in the possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys.

6. Whenever a DOCUMENT is cited in support of a response, IDENTIFY the specific language in such DOCUMENT which YOU contend provides support for YOUR response.

7. These interrogatories shall be deemed to be continuing, so as to require supplemental answers should the party on whom these interrogatories are propounded obtain information responsive to these interrogatories which has not previously been supplied. Such supplemental answers shall be served before trial and within a reasonable time after the information is obtained. The date such additional information was obtained shall be disclosed, and the identity of the source of the additional information shall be specified.

8. If YOU claim a privilege as to any requested information, specify the privilege claimed, the COMMUNICATION or other matter as to which such claim is made,

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION TRUST"**
**- 5 -**

BR 0940

the subject of the COMMUNICATION or other matter and the basis which YOU

assert the claim of privilege.

## INTERROGATORIES

### INTERROGATORY NO. 1:

If YOUR answer to any request for admission contained in the REQUEST FOR

ADMISSIONS served concurrently herewith is anything other than a complete

admission, identify each Request for Admission and set forth all facts upon which YOU

rely for YOUR response to or denial of the Request for Admission.

### RESPONSE TO INTERROGATORY NO. 1:

The June Street house was owned by the Klein Living Trust since 1990 and prior

versions of the Trust since 1977.  The Klein Living Trust was recorded in 2013 after

Erika Klein died. The Trustee made allocations as to what is in the Marital Deduction

Trust and the Survivor's Trust. A copy of those allocations are attached herewith and

marked Exhibit 2 (Number 11112 to 11122).

### RE RESPONSE TO ADMISSION NO. 4:

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

### RE RESPONSE TO ADMISSION NO. 5:

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

### RE RESPONSE TO ADMISSION NO. 6:

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

ER 0941

1

Dated: August 23, 2024

2

3

_____

4

Eric J. Olson
Attorney for Leslie Klein as Trustee of
The Marital Deduction Trust

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION TRUST"**

- 7 -

ER 0942

## VERIFICATION

I have read the foregoing Response to First Set of Interrogatories to "Marital Deduction Trust" and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2024, at Los Angeles, California.

_____
Leslie Klein as Trustee of The Marital
Deduction Trust

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION TRUST"**
- 8 -

# KLEIN MARITAL DEDUCTION TRUST

**dated 4-08-1990**

**as of**

**September 10, 2013**

Marital Deduction Trust (Trust A)

322 N. June Street          Value on 9-10-2013          $3,500,000
Los Angeles, CA. 90004
(Home)
100%

Suite 1323 in Leonardo      Value on 9-10-2013          $500,000
Plaza Jerusalem Israel
(King George Street)
100%

Dan Boutique                Value on 9-10-2013
Suite on 5th Floor in
Jerusalem Israel
(Hebron Road)
100%                                                    $250,000
              TOTAL                                     $4,250,000

Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co 100% which
owns the following properties:

1424 Ventura Blvd.
Sherman Oaks, CA. 91423     Value on 9-10-2013          $2,500,000
(Commercial Office Building)

419 N. Highland Ave         Value on 9-10-2013          $1,000,000
Los Angeles, CA. 90036
(Home)

507 N. Mansfield Ave        Value on 9-10-2013          $750,000
Los Angeles, CA. 90036
(Home)
                            TOTAL          $4,250,000

**EXHIBIT 2**                                          11112

ER 0944



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
*As of December 31, 2014*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $1,800,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| Trustee Fees | | |
| Money given to investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
#### As of *December 31, 2015*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| | | |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
As of *December 31, 2016*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2017*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Marsfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-1



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
*As of December 31, 2018*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

**111 6 2**

ER 0949



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2019*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2020

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2021*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co., which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2022*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

**111 21**

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2023*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 22

## PROOF OF SERVICE BY MAIL

(State and Federal)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 23, 2024, I served the foregoing **"Response to First Set of Interrogatories to "Marital Deduction Trust""** on the interested parties in this action by:

_X_ **MAIL.** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_X_ **EMAIL.** As shown below.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 23, 2024, at Pasadena, California.

_____
Jasper Pantaleon

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "MARITAL DEDUCTION TRUST"
- 9 -

ER 0955

1   Eric J. Olson (SBN 37630)
2   EJOLSONLAW
    301 East Colorado Boulevard, Suite 520
3   Pasadena, California 91101
    T: 818-245-2246
4   C: 626-224-5619
    E: Eric@EJOlsonLaw.com
5
6   Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
    SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
7   MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
    THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and Barbara Klein, an individual
8
9                 **UNITED STATES BANKRUPTCY COURT**
10        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

11  IN RE                                  Case No.: 2:23-bk-10990-SK
12  LESLIE KLEIN,                          Adverse Case No.: 2:24-ap-01140-SK
13  DEBTOR.
                                           Chapter 11
14
    BRADLEY D. SHARP, CHAPTER 11
15  TRUSTEE,
                                           **RESPONSE TO PLAINTIFF'S FIRST SET**
16          Plaintiff,                     **OF INTERROGATORIES TO**
                                           **"SURVIVOR'S TRUST"**
17  vs.
18
    LESLIE KLEIN, AN INDIVIDUAL, THE
19  SECOND AMENDED KLEIN LIVING
    TRUST, A TRUST, THE MARITAL
20  DEDUCTION TRUST OF ERIKA KLEIN, A
    TRUST, THE SURVIVOR'S TRUST OF
21  LESLIE KLEIN, A TRUST, AND BARBARA
    KLEIN, AN INDIVIDUAL,
22
23          Defendants.
24
              Pursuant to Federal Rule of Civil Procedure 33, as made applicable by
25
    Federal Rule of Bankruptcy Procedure 7033, Defendant Leslie Klein as trustee of The
26
    Survivor's Trust ("Defendant" or "Responding Party") hereby responds to Plaintiff
27
    Bradley D. Sharp, Chapter 11 Trustee's ("Plaintiff" or "Propounding Party") First Set of
28

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"**
- 1 -

ER 0956

Interrogatories to the offices of Pachulski Stang Ziehl & Jones LLP, at 10100 Santa

Monica Boulevard, 13th Floor, Los Angeles, California 90067.

<div align="center"><u>**DEFINITIONS**</u></div>

As used in these interrogatories, the following words and terms shall mean and

including the following:

1. "ALL" shall mean "any" and vice-versa.

2. "AND" shall mean "or" and vice-versa.

3. "COMMUNICATION" shall mean any transmission of information, the information

    transmitted, and any process by which information is transmitted, and shall

    include both written communication and oral communication.

4. "DOCUMENT(S)" shall mean all written, printed, typed, recorded, photographic,

    electronically transmitted or graphic matter of every type and description,

    however and by whomever prepared, produced, reproduced, disseminated or

    made, in any form, including, but not limited to, books, papers, letters,

    correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes,

    notes, schedules, tabulations, vouchers, accounts, contracts, agreements,

    change orders, purchase orders, invoices, progress reports, intra- and inter-office

    communications, calendars, drafts, drawings, microfilm, abstracts, summaries,

    messages, statements, affidavits, instructions, bulletins, circulars, pamphlets,

    slide, photographs, sketches, labels, advertisements, charts, graphs, computer

    date compilations, statistics, speeches, tapes, tape recordings, press releases,

    public statements, public announcements, public and governmental filings, and

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"**
<div align="center">- 2 -</div>

other writings and other magnetic, photographic, electronic and sound recordings.

5. "IDENTIFY" when used with respect to a person shall mean to provide the following information:

    a. The name, telephone number, and residential address of the person; and

    b. The name of the present employer, place of employment, business and job title of the person.

6. "IDENTIFY" when used with respect to an entity shall mean to provide the following information:

    a. The name, telephone number, and address of the entity; and

    b. The name of the entity's owners, principals, officers, and/or partners.

7. "IDENTIFY" when used with respect to a document shall mean to provide the following information:

    a. The nature of the document (e.g., letter, contract, memorandum, etc.);

    b. The date of the document;

    c. The preparer and/or source of the document and all recipients of the document;

    d. The substance in detail of the document; and

    e. Each person who now has custody, possession or control of the document.

8. "IDENTIFY" when used with respect to a communication shall mean to provide the following information:

    a. The date of the communication;

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"**
**- 3 -**

ER 0958

b. Whether the communication was oral or written;

c. Any person who sent, received, or had knowledge of the communication;

d. The substance of in detail of the communication; and

e. Any document embodying the communication.

9. "PERSON(S)" shall mean and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

10. "YOU" or "YOUR" refers, unless otherwise indicated, to the party served with these Interrogatories. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean not only the party served, but also its agents, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants and sureties. "YOU" or "YOUR" or "DEFENDANT" shall be construed to mean also your predecessors in interest.

11. "RELATING TO" shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to.

12. "REQUEST FOR ADMISSION" shall mean Plaintiff's Request for Admission, Set One, Propounded to Defendant, Leslie Klein, dated July 31, 2024.

13. The singular shall mean the plural and vice-versa.

## GENERAL PROVISIONS AND INSTRUCTIONS

1. Each interrogatory shall be answered fully and separately. Interrogatories shall not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"
- 4 -

BR 0959

2. Where an interrogatory cannot be answered in full, state why, and furnish all available information.

3. Estimated data should be given only if exact data cannot be supplied. Any estimated data should be identified as such, and the source(s) and means of derivation of each estimate should be specifically set forth.

4. Whenever the name or identity of a PERSON is requested, state the full name and the home and business address of such PERSON.

5. When knowledge or information in the possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys.

6. Whenever a DOCUMENT is cited in support of a response, IDENTIFY the specific language in such DOCUMENT which YOU contend provides support for YOUR response.

7. These interrogatories shall be deemed to be continuing, so as to require supplemental answers should the party on whom these interrogatories are propounded obtain information responsive to these interrogatories which has not previously been supplied. Such supplemental answers shall be served before trial and within a reasonable time after the information is obtained. The date such additional information was obtained shall be disclosed, and the identity of the source of the additional information shall be specified.

8. If YOU claim a privilege as to any requested information, specify the privilege claimed, the COMMUNICATION or other matter as to which such claim is made,

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"**

ER 0960

the subject of the COMMUNICATION or other matter and the basis which YOU

assert the claim of privilege.

### INTERROGATORIES

**INTERROGATORY NO. 1:**

If YOUR answer to any request for admission contained in the REQUEST FOR

ADMISSIONS served concurrently herewith is anything other than a complete

admission, identify each Request for Admission and set forth all facts upon which YOU

rely for YOUR response to or denial of the Request for Admission.

**RESPONSE TO INTERROGATORY NO. 1:**

The June Street house was owned by the Klein Living Trust since 1990 and prior

versions of the Trust since 1977. The Klein Living Trust was recorded in 2013 after

Erika Klein died. The Trustee made allocations as to what is in the Marital Deduction

Trust and the Survivor's Trust. A copy of those allocations are attached herewith and

marked Exhibit 2 (Number 11112 to 11122).

**RE RESPONSE TO ADMISSION NO. 4:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

**RE RESPONSE TO ADMISSION NO. 5:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

**RE RESPONSE TO ADMISSION NO. 6:**

The Klein Living Trust (incorporating the MDT, Creditor Trust, and Survivor's

Trust) was recorded in 2013.

1 | Dated: August 23, 2024

2

3

4 | Eric J. Olson
Attorney for Leslie Klein as Trustee of
5 | The Survivor's Trust

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"**
- 7 -

## <u>VERIFICATION</u>

I have read the foregoing Response to First Set of Interrogatories to "Survivor's Trust" and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2024, at Los Angeles, California.

_____
Leslie Klein as Trustee of The Survivor's Trust

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"**
- 8 -

# KLEIN MARITAL DEDUCTION TRUST

## dated 4-08-1990
## as of
## September 10, 2013

**Marital Deduction Trust (Trust A)**

| | | |
|---|---|---|
| 322 N. June Street Los Angeles, CA. 90004 (Home) 100% | Value on 9-10-2013 | $3,500,000 |
| Suite 1323 in Leonardo Plaza Jerusalem Israel (King George Street) 100% | Value on 9-10-2013 | $500,000 |
| Dan Boutique Suite on 5th Floor in Jerusalem Israel (Hebron Road) 100% | Value on 9-10-2013 | $250,000 |
| TOTAL | | $4,250,000 |

**Survivor Trust (Trust B)**

| | | |
|---|---|---|
| COMMON STOCK in Bay Area Dev. Co 100% which owns the following properties: | | |
| 14245 Ventura Blvd. Sherman Oaks, CA. 91423 (Commercial Office Building) | Value on 9-10-2013 | $2,500,000 |
| 419 N. Highland Ave Los Angeles, CA. 90036 (Home) | Value on 9-10-2013 | $1,000,000 |
| 507 N. Mansfield Ave Los Angeles, CA. 90036 (Home) | Value on 9-10-2013 | $750,000 |
| TOTAL | | $4,250,000 |

**EXHIBIT 2**

11112



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2014

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $1,800,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| Trustee Fees Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2015*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2016

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



**KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990**
*As of December 31, 2017*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-1

ER 0968



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2018*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 6-2

ER 0969



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of December 31, 2019

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

ER 0970



### KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2020*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2021*

|  | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $1,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd | $6,300,000 | |
| 419 N. Highland Ave | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2022*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 21



## KLEIN MARITAL DEDUCTION TRUST dated 4-8-1990
### As of *December 31, 2023*

| | AMOUNT | TOTAL |
|---|---|---|
| **Credit Trust** | | |
| June Street home | $3,500,000 | |
| Suite in Leonardo Plaza Jerusalem | $500,000 | |
| Dan Boutique Suite in Jerusalem | $250,000 | |
| Money given to Investors to reimburse for premium paid | $4,500,000 | |
| | | $8,750,000 |
| **Survivor Trust** | | |
| Common stock in Bay Area Dev. Co. which owns the following properties: | | |
| 14245 Ventura Blvd. | $6,300,000 | |
| 419 N. Highland Ave. | $1,000,000 | |
| 507 N. Mansfield Ave. | $700,000 | |
| 315 N. Martel Street | $750,000 | |
| | | $8,750,000 |

111 22

1

## PROOF OF SERVICE BY MAIL

2

(State and Federal)

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

I am employed in the County of Los Angeles, State of California. I am over the age

5

of 18, and not a party to the within entitled action; my business address is 301 East

6

Colorado Boulevard, Suite 520, Pasadena, California 91101.

On August 23, 2024, I served the foregoing **"Response to First Set of**

7

**Interrogatories to "Survivor's Trust""** on the interested parties in this action by:

8

**_X_  MAIL.** I placed the envelope for collection and mailing, following our ordinary

9

business practices. I am readily familiar with this business's practice for collecting and

10

processing correspondence for mailing. On the same day that correspondence is placed

11

for collection and mailing, it is deposited in the ordinary course of business with the United

12

States Postal Service, in a sealed envelope with postage fully prepaid.

13

**_X_ EMAIL.** As shown below.

14

I am a resident or employed in the county where the mailing occurred. The envelope or

15

package was placed in the mail at Pasadena, California.

| Via Mail | Via Email |
| --- | --- |
| Pachulski Stang Ziehl & Jones LLP | Jeffrey W. Dulberg - jdulberg@pszjlaw.com |
| 10100 Santa Monica Boulevard, 13th Floor | John W. Lucas - jlucas@pszjlaw.com |
| Los Angeles, California 90067-4003 | Jeffrey P. Nolan - jnolan@pszjlaw.com |

16

17

18

19

I am employed in the office of a member of the bar of this Court at whose direction the

20

service was made. I declare under penalty of perjury under the laws of the State of

21

California and the United States that the foregoing is true and correct and that this is

executed on August 23, 2024, at Pasadena, California.

22

23

24

Jasper Pantaleon

25

26

27

28

RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO "SURVIVOR'S TRUST"
- 9 -

ER 0975

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail:   jdulberg@pszjlaw.com
              jlucas@pszjlaw.com
              jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>          Debtor.<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>          Plaintiff,<br><br>v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>          Defendants. | Case No.: 23-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CHAPTER 11 TRUSTEE'S SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 1575<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE AND PARTIES IN INTEREST:**

In support of the Chapter 11 Trustee's *Motion for Summary Judgment* [Docket No. 32] (the "**Summary Judgment Motion**"), Plaintiff Bradley D. Sharp, as Chapter 11 Trustee for Leslie Klein, requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence (the "**Request for Judicial Notice**"), of the following public records, a true and correct copy of which is attached hereto in support of Plaintiff's Summary Judgment Motion:

ER 0976

4865-0920-4701.1 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1    **Exhibit A**: Chapter 11 petition of Leslie Klein.  [Bankr. Docket No. 1].

2    **Exhibit B**: Notice of Appointment of Chapter 11 Trustee [Bankr. Docket No. 151].

3    **Exhibit C**: Application for Order Approving Appointment of Trustee and Fixing Bond [Bankr.

4            Docket No. 154].

5    **Exhibit D**: Order Approving Application for Appointment of Trustee and Fixing Bond [Bankr.

6            Docket No. 155].

7    **Exhibit E**: Notice of Trustee's Acceptance of Appointment [Bankr. Docket No. 156].

8    **Exhibit F**: Schedules of Assets and Liabilities and Statement of Financial Affairs [Bankr.

9            Docket No. 34].

10   **Exhibit G**: Order Disallowing Debtor's Request for Homestead Exemption [Bankr. Docket No.

11           141].

12   **Exhibit H**: Duly Recorded Real Property Deed of 322 N. June St., Los Angeles, California.

13   **Exhibit I**:  Duly Recorded Copy of Klein Living Trust, dated April 8, 1990 (Recorded April 11,

14           2013).

15   **Exhibit J**: Complaint [Adv. Docket No. 6].

16   **Exhibit K**: Answer [Adv. Docket No. 21].

17

18

19

20   Dated:  September 20, 2024               PACHULSKI STANG ZIEHL & JONES LLP

21

22                                       By   _/s/ John W. Lucas_
                                               John W. Lucas

23

24                                           Attorneys for Plaintiff, Bradley D. Sharp,
                                             Chapter 11 Trustee

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

(Chapter 11 petition of Leslie Klein.  [Bankr. Docket No. 1])

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

ER 0978

4865-0920-4701.1 78512.001

<table>
<tr><td colspan="2">Fill in this information to identify your case:</td></tr>
</table>

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

---

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|   | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Leslie<br>First name<br><br>Middle name<br><br>Klein<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6944 | |

Debtor 1   **Leslie Klein**                                                 Case number *(if known)*   _____

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4.** **Your Employer Identification Number (EIN), if any.**

| About Debtor 1: | About Debtor 2: |
|---|---|
| EIN | EIN |

**5.** **Where you live**

| About Debtor 1 | About Debtor 2 |
|---|---|
| **322 N. June Street** <br> **Los Angeles, CA 90001** <br> Number, Street, City, State & ZIP Code | If Debtor 2 lives at a different address: <br><br> Number, Street, City, State & ZIP Code |
| **Los Angeles** <br> County | County |
| If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address. | If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address. |
| Number, P.O. Box, Street, City, State & ZIP Code | Number, P.O. Box, Street, City, State & ZIP Code |

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

- ◼ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

- ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

*Check one:*

- ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

- ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

Debtor 1    **Leslie Klein**                                                                    Case number *(if known)*

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.  The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

■ Chapter 11

☐ Chapter 12

☐ Chapter 13

**8.  How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.  Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |
| | District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| | Debtor | _____ | | | Relationship to you | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number, if known | _____ |
| | Debtor | _____ | | | Relationship to you | _____ |
| | District | _____ | When | _____ | Case number, if known | _____ |

**11.  Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1  **Leslie Klein**                                                   Case number *(if known)*

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12.  Are you a sole proprietor of any full- or part-time business?**

■ **No.**   Go to Part 4.

☐ **Yes.**   Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____
Name of business, if any

_____
_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

**13.  Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S.C. § 1182(1)?**
For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ **No.**   I am not filing under Chapter 11.

☐ **No.**   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

■ **Yes.**   I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14.  Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ **No.**

☐ **Yes.**   What is the hazard?   _____

If immediate attention is needed, why is it needed?   _____

Where is the property?   _____

_____
Number, Street, City, State & Zip Code

| Debtor 1 | Leslie Klein | Case number *(if known)* | |
|---|---|---|---|

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1   __Leslie Klein__                                          Case number *(if known)* _____

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
|---|---|

**16.** What kind of debts do you have?

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■*/// Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts

**17.** Are you filing under Chapter 7?

☐*/// No.  I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.  I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18.** How many Creditors do you estimate that you owe?

☐*/// 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**19.** How much do you estimate your assets to be worth?

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐*/// $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20.** How much do you estimate your liabilities to be?

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐*/// $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____                          _____
**Leslie Klein**                                   Signature of Debtor 2
Signature of Debtor 1

Executed on   __2/22/2023__                         Executed on   _____
                MM / DD / YYYY                                    MM / DD / YYYY

ER 0984

Debtor 1 __Leslie Klein__                                                    Case number *(if known)* _____

---

**For your attorney, if you are
represented by one**

**If you are not represented by
an attorney, you do not need
to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed
under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter
for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b)
and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the
schedules filed with the petition is incorrect.

X _____        Date __02/21/2022__
Signature of Attorney for Debtor                      MM / DD / YYYY

__Michael Jay Berger__
Printed name

__Law Offices of Michael Jay Berger__
Firm name

__9454 Wilshire Boulevard, 6th floor__
__Beverly Hills, CA 90212__
Number, Street, City, State & ZIP Code

Contact phone __(310) 271-6223__          Email address   __michael.berger@bankruptcypower.com__

__100291 CA__
Bar number & State

---

ER 0985

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## B 104

## For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders

12/15

If you are an individual filing for bankruptcy under Chapter 11, you must fill out this form. If you are filing under Chapter 7, Chapter 12, or Chapter 13, do not fill out this form. Do not include claims by anyone who is an insider. Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20 percent or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor.  11 U.S.C. § 101.  Also, do not include claims by secured creditors unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

**Part 1:** List the 20 Unsecured Claims in Order from Largest to Smallest.  Do Not Include Claims by Insiders.

| | | Unsecured claim |
|---|---|---|

**1**

**Bank of America**
**Attn: Bankruptcy**
**4909 Savarese Circle**
**Tampa, FL 33634**

What is the nature of the claim?   Credit Card   $7,450.00

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
         Value of security:          -
         Unsecured claim

Contact

Contact phone

---

**2**

**Bank of America**
**Attn: Bankruptcy**
**4909 Savarese Circle**
**Tampa, FL 33634**

What is the nature of the claim?   Credit Card   $1,566.00

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
         Value of security:          -
         Unsecured claim

Contact

Contact phone

---

ER 0986

Debtor 1 __Leslie Klein__        Case number *(if known)* _____

---

**3**    **Barclays Bank Delaware**
     **Attn: Bankruptcy**
     **Po Box 8801**
     **Wilmington, DE 19899**

What is the nature of the claim?    **Credit Card**    **$8,896.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
     Value of security:   - _____
     Unsecured claim   _____

Contact _____
Contact phone _____

---

**4**    **California Bank & Trust**
     **Po Box 711510**
     **Santee, CA 92072**

What is the nature of the claim?    **Credit Card**    **$1,695.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
     Value of security:   - _____
     Unsecured claim   _____

Contact _____
Contact phone _____

---

**5**    **CCO Mortgage Corp.**
     **Attn: Bankruptcy**
     **10561 Telegraph Rd**
     **Glen Allen, VA 23059**

What is the nature of the claim?    **Credit Line Secured**    **Unknown**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?
☐ No
☑ Yes. Total claim (secured and unsecured)   **$19,372.00**
     Value of security:   - **Unknown**
     Unsecured claim   **Unknown**

Contact _____
Contact phone _____

---

**6**    **Chase Card Services**
     **Attn: Bankruptcy**
     **P.O. 15298**
     **Wilmington, DE 19850**

What is the nature of the claim?    **Credit Card**    **$22,278.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
     Value of security:   - _____

Contact _____

---

ER 0987

| Debtor 1 | **Leslie Klein** | Case number *(if known)* | |

Contact phone                          Unsecured claim

---

**7**

**Chase Card Services**
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

What is the nature of the claim?    **Credit Card**        **$22,095.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?

☑ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:                        -
    Unsecured claim

Contact

Contact phone

---

**8**

**Chase Card Services**
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

What is the nature of the claim?    **Credit Card**        **$17,555.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?

☑ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:                        -
    Unsecured claim

Contact

Contact phone

---

**9**

**Chase Card Services**
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

What is the nature of the claim?    **Credit Card**        **$15,112.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?

☑ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:                        -
    Unsecured claim

Contact

Contact phone

---

**10**

**Citibank**
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

What is the nature of the claim?    **Credit Card**        **$1,281.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?

☑ No

---

ER 0988

Debtor 1   **Leslie Klein**        Case number (if known) _____

| | | |
|---|---|---|
| Contact | ☐ | Yes. Total claim (secured and unsecured) |
| | | Value of security:   - _____ |
| Contact phone | | Unsecured claim _____ |

---

| 11 | | |
|---|---|---|
| | What is the nature of the claim? | **judgment; pending appeal**     $ Unknown |

**Ericka and Joseph Vago**
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401

As of the date you file, the claim is: Check all that apply
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:   - _____
    Unsecured claim _____

Contact
Contact phone

---

| 12 | | |
|---|---|---|
| | What is the nature of the claim? | **pending litigation (consolidated and related to 24 other cases)**     $ Unknown |

**Franklin H. Menlo Irrevocable Trust**
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

As of the date you file, the claim is: Check all that apply
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:   - _____
    Unsecured claim _____

Contact
Contact phone

---

| 13 | | |
|---|---|---|
| | What is the nature of the claim? | **pending litigation**     $ Unknown |

**Jeffrey Siegel, Successor Trustee**
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

As of the date you file, the claim is: Check all that apply
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:   - _____
    Unsecured claim _____

Contact
Contact phone

---

| 14 | | |
|---|---|---|
| | What is the nature of the claim? | **2021 Lexus LS500 n/a miles Leased vehicle. Monthly payment is**     $34,318.00 |

---

ER 0989

| Debtor 1 | Leslie Klein | Case number *(if known)* | |
|---|---|---|---|

|  | Toyota Financial Services<br>Attn: Bankruptcy<br>Po Box 259001<br>Plano, TX 75025 | $1,319.00. | |

As of the date you file, the claim is: Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed
- [x] None of the above apply

Does the creditor have a lien on your property?

- [ ] No
- [x] Yes. Total claim (secured and unsecured)    $34,318.00
  - Value of security:    - $0.00
  - Unsecured claim    $34,318.00

Contact

Contact phone

---

| 15 | | What is the nature of the claim? | 2021 Lexus LS n/a miles<br>Leased vehicle.<br>Debtor's spouse drives this vehicle.<br>Monthly payment is $500. | $10,488.00 |

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

As of the date you file, the claim is: Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed
- [x] None of the above apply

Does the creditor have a lien on your property?

- [ ] No
- [x] Yes. Total claim (secured and unsecured)    $10,488.00
  - Value of security:    - $0.00
  - Unsecured claim    $10,488.00

Contact

Contact phone

---

**Part 2:  Sign Below**

Under penalty of perjury, I declare that the information provided in this form is true and correct.

X _Leslie Klein_                    X _____
Leslie Klein                         Signature of Debtor 2
Signature of Debtor 1

Date 2/22/2023                    Date _____

---

B 104 (Official Form 104)        For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims        Page 5

ER 0990

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   **None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   **None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   **None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
   **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Los Angeles**                              , California.

Date:        2/21/2023

**Leslie Klein**
Signature of Debtor 1


Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2018*                          *Page 1*                **F 1015-2.1.STMT.RELATED.CASES**
                                                              ER 0991

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re  **Leslie Klein** _____    Case No. _____

_____     Chapter  **11** _____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept A RETAINER OF _____ | $ | **20,000.00** |
| Prior to the filing of this statement I have received A RETAINER OF_____ | $ | **20,000.00** |
| Balance Due_____ | $ | **0.00** |

2.  The source of the compensation paid to me was:

☑ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

☑ Debtor    ☐ Other (specify):

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____2/19/2023_____
Date

Michael Jay Berger
*Signature of Attorney*
**Law Offices of Michael Jay Berger**
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**
**(310) 271-6223   Fax: (310) 271-9805**
**michael.berger@bankruptcypower.com**
*Name of law firm*

---

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**(310) 271-6223 Fax: (310) 271-9805**<br>California State Bar Number: **100291 CA**<br>michael.berger@bankruptcypower.com | |

☐ *Debtor(s) appearing without an attorney*
■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

      Leslie Klein

CASE NO.:

CHAPTER: **11**

### VERIFICATION OF MASTER
### MAILING LIST OF CREDITORS

#### [LBR 1007-1(a)]

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of **__3__** sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____2/22/2023_____

                            Signature of Debtor 1

Date: _____

Date: _____2/22/2023_____

                            Signature of Debtor 2 (joint debtor) (if applicable)

                            Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*

**F 1007-1.MAILING.LIST.VERIFICATION**

ER 0993

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

ER 0994

Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203


Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179


Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401


Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680


Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067


Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408


Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071


Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

ER 0995

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408


Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101


Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603


Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

# United States Bankruptcy Court
## Central District of California

| | |
|---|---|
| In re:<br>Leslie Klein | CHAPTER NO.:  11 |
| | CASE NO.: 2:23–bk–10990–SK |

# CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.** You must cure the following within 14 days from filing of your petition:

☑ Declaration by Debtor(s) as to Whether Income was Received From an Employer within 60 Days of the Petition Date [11 U.S.C. § 521(a)(1)(B)(iv)] (LBR Form F1002–1)

**B.** If you are a Small Business Debtor under a Subchapter V in a Chapter 11 case, within 7 days after the date of the filing of the petition, you must file the most recent:

1. Balance sheet
2. Statement of operations
3. Cash–flow statement
4. Federal tax return

OR

5. Statement made under penalty of perjury that no balance sheet, statement of operations, or cash–flow statement has been prepared and no Federal tax return has been filed. [11 U.S.C.§1116]

**The Revised Official Bankruptcy Forms are mandatory and are available at www.cacb.uscourts.gov/forms**

For all items above that are not electronically filed, you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002–1(c) and 5005–2, and Court Manual, section 2.5(a)(2).

> Chapter 11    Original and 2 Copies. 1 copy marked as "Judge's Copy."

**Please return the original or copy of this form with all required items to the following location:**

> 255 E. Temple Street, Room 100, Los Angeles, CA 90012

If you have any questions, please contact the Court's Call Center at the toll free number (855) 460–9641.

Dated: February 22, 2023

For the Court
**Kathleen J. Campbell**
Clerk of Court

(Form ccdn – Rev 02/2020)                                                                1 /

ER 0997

| United States Bankruptcy Court Central District of California | |
|---|---|
| In re: Leslie Klein | CHAPTER NO.: 11 |
| | CASE NO.: 2:23–bk–10990–SK |

# NOTICE OF CASE DEFICIENCY
## UNDER 11 U.S.C. § 521(a)(1) AND BANKRUPTCY RULE 1007

**To Debtor and Debtor's Attorney of Record,**

**Pursuant to F.R.B.P. 1007, you must file the following documents within 14 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so.**

**Schd A/B(Form106A/B or 206A/B)**
**Schedule C (Form 106C)**
**Schedule D (Form 106D or 206D)**
**Schd E/F(Form106E/F or 206E/F)**
**Summary(Form 106Sum or 206Sum)**
**Schedule G (Form 106G or 206G)**
**StmtFinAffairs(Form107 or 207)**
**Schedule H (Form 106H or 206H)**
**Schedule I (Form 106I)**
**Schedule J (Form 106J)**
**Decl Re Sched (Form 106Dec)**

**The Revised Official Bankruptcy Forms are mandatory and are available at www.cacb.uscourts.gov/forms**

According to Bankruptcy Rule 1007(c), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)    File the required documents. If the document is filed electronically, no hard copy need to be submitted to the court. (See Local Bankruptcy Rule 5005–2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)    File and serve a motion for an order extending the time to file the required document(s).

**IF YOU DO NOT COMPLY**, in a timely manner with either of the above alternatives, your case may be the subject of an order to show cause to dismiss the case. Motion for extension of time to file schedules and other papers shall comply with Local Bankruptcy Rule 1007–1, and shall be supported by admissible evidence demonstrating cause for the requested extension.

Dated: <u>February 22, 2023</u>

For the Court
**Kathleen J. Campbell**
Clerk of Court

ER 0998

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law

**EXHIBIT B**

(Notice of Appointment of Chapter 11 Trustee [Bankr. Docket No. 151])

4865-0920-4701.1 78512.001

PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770, TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**LESLIE KLEIN,**<br><br>Debtor. | Case No.:  2:23-bk-10990-SK<br>Chapter 11<br><br>NOTICE OF APPOINTMENT OF CHAPTER 11 TRUSTEE |

Pursuant to the Order of this Court entered on May 17, 2023 (Doc 142) (the "Order") directing the United States Trustee to appoint a chapter 11 trustee in the above-captioned case, the United States Trustee hereby appoints **BRADLEY D. SHARP** to serve as the chapter 11 trustee.

The chapter 11 trustee bond is initially set at **$100,000.00**. The bond may require adjustment as the trustee collects and liquidates assets of the estate, and the trustee is directed to inform the United States Trustee when changes to the bond amount are required or made. This appointment is made the 23rd day of May 2023.

DATE: 5-23-2023

PETER C. ANDERSON
United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF APPOINTMENT OF CHAPTER 11 TRUSTEE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____5/23/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**SEE ATTACHED SHEET**

      __x__  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**None**

      __  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __5/23/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Judge's copy temporarily suspended under General Order 20-02, as updated by General Order 23-01**

**By email:** Bradley D. Sharp: bsharp@dsiconsulting.com

      __  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/23/2023 | Ron Maroko | /s/ Ron Maroko |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## ADDITIONAL SERVICE INFORMATION

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
Michael Jay Berger (Debtor's counsel)    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Theron S Covey    tcovey@raslg.com, sferry@raslg.com
Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
Michael I. Gottfried    mgottfried@elkinskalt.com,
cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
Michael Jones    michael.jones4@usdoj.gov
Ron Maroko    ron.maroko@usdoj.gov
Steven M Mayer    smayer@mayerlawla.com
Krikor J Meshefejian    kjm@lnbyg.com
Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
Mark M Sharf (TR)    mark@sharflaw.com,
C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
Nikko Salvatore Stevens    nikko@cym.law
Alan G Tippie    Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,
denise.walker@gmlaw.com
Gary Tokumori    gtokumori@pmcos.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Michael L Wachtell    mwachtell@buchalter.com
John P. Ward    jward@attleseystorm.com, ezhang@attleseystorm.com
Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
Paul P Young    paul@cym.law, jaclyn@cym.law
Roye Zur    rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

/ / /

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1

## **EXHIBIT C**

(Application for Order Approving Appointment
of Trustee and Fixing Bond [Bankr. Docket No. 154])

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770, TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re:

LESLIE KLEIN,

                    Debtor.

Case No.: 2:23-bk-10990-SK

Chapter 11

APPLICATION FOR ORDER APPROVING
APPOINTMENT OF TRUSTEE AND
FIXING BOND

[NO HEARING REQUIRED]

The United States Trustee (the "Applicant") hereby applies to the Court pursuant to Fed. R.

Bankr. P. 2007.1 for an Order Approving Appointment of a Trustee, and in support thereof, states

as follows:

1. The Applicant has appointed Bradley D. Sharp as Trustee in the above captioned case on

May 23, 2023.

2. Counsel for the Applicant has consulted with the following parties in interest regarding

the appointment of the Trustee:

a. Michael Jay Berger as Counsel for Debtor;

b. Robert P. Goe as Counsel for creditor Erica and Joseph Vago;

c. Steven Mayer as Counsel for creditor Jeffrey Siegel, Successor Trustee, Scott

Trust Agreement dated December 24, 1992;

d. Michael I. Gottfried as Counsel for creditors Gestetner Charitable Remainder

Unitrust, A. Gestetner Family Trust; and Andor Gestetner;

e. Clarisse Young Shumaker as Counsel for creditor Adi Venriger;

f. Baruch Cohen as Counsel for creditor Robert and Ethel Mermelstein;

1

ER 1004

1           g.  Krikor Meshefejian as Counsel for creditor Life Capital Group, LLC;

2           h.  Nikko Stevens as Counsel for creditor Franklin H. Menlo, co-trustee of the

3    Franklin Menlo Irrevocable Trust established March 1, 1983;

4            i.  Joshua Scheer as Counsel for creditor Ajax Mortgage Loan Trust.

5         3. To the best of the Applicant's knowledge, the Trustee's connections with the debtor(s),

6    creditors, any other parties in interest, their respective attorneys and accountants, the United States

7    Trustee, and persons employed in the Office of the United States Trustee, are limited to the

8    connections set forth in the Verified Statement filed in support of this Application.

9         WHEREFORE, Applicant requests that the Court enter an Order Approving Appointment of

10   Bradley D. Sharp as Trustee in the above-captioned case.

11   DATE: 5-23-2023

12                            PETER C. ANDERSON
                              United States Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ER 1005

# EXHIBIT "1"

# EXHIBIT "1"

1   PETER C. ANDERSON
    UNITED STATES TRUSTEE
2   MICHAEL JONES, State Bar No. 271574
    ASSISTANT UNITED STATES TRUSTEE
3   RON MAROKO, State Bar No. 124770, TRIAL ATTORNEY
    OFFICE OF THE UNITED STATES TRUSTEE
4   915 Wilshire Boulevard, Suite 1850
    Los Angeles, California 90017
5   (213) 894-4520 telephone; (213) 894-2603 facsimile
    Email: ron.maroko@usdoj.gov

6

FILED & ENTERED

MAY 17 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

7                   **UNITED STATES BANKRUPTCY COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

9   In re:                        )   Case No.:  2:23-bk-10990-SK
                                  )   Chapter 11
10  LESLIE KLEIN,                 )
                                  )   ORDER DIRECTING THE APPOINTMENT
11              Debtor.           )   OF A CHAPTER 11 TRUSTEE
                                  )
12                                )   Hearing Date:  May 17, 2023
                                  )   Time:         9:00 AM
13                                )   Place:        Courtroom 1575

14  The Court heard judgment creditors Erica and Joseph Vago's (the Vagos) "Motion for an Order

15  Dismissing Leslie Klein's (Klein) Chapter 11 Case" at the above date and time.  Docket #80.

16  Appearances were as noted on the record.

17          In response to the Motion, the U.S. Trustee (UST) filed a "Limited Opposition to Judgment

18  Creditor Vago's Motion to Dismiss" (UST Opposition).  Docket #98.  Franklin H. Menlo, (Menlo)

19  co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983 (Menlo Trust) filed

20  "The Menlo Trusts' Response to Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy"

21  (Menlo Trust Response).  Docket #99.  Adi Vendriger, Co-Trustee and beneficiary of Creditor The

22  First Amendment Trust Wendriger Family Dated May 7, 1990 (Wendriger Trust) filed "Response

23  to Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case" (Wendriger Trust

24  Response).  Docket #100.  Klein filed "Debtor's Opposition to Motion to Dismiss" (Klein

25  Opposition).  Docket #107.  Creditors Robert & Esther Mermelstein (the Mermelsteins) filed a

26  "Response of Robert & Esther Mermelstein to Motion for Order Dismissing Debtor's Chapter 11

27  Bankruptcy Case" (Mermelstein Response).  Docket #111.  The Vagos filed an "Omnibus Reply in

28  Support of Erica and Jospeh Vago's Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy

                                        1                                    ER 1007

1    Case" (Reply).  Docket #118.The Court considered the Motion, the UST Opposition, the Menlo

2    Trust Response, the Wendriger Trust Response, the Klein Opposition, the Mermelstein Response,

3    and the Reply, , as well as argument from the parties present.  For the reasons stated on the record,

4    the Court found cause to grant the motion and determined that it was in the best interests of all

5    creditors, under the circumstances of this case, that a chapter 11 trustee be appointed forthwith.

6    Therefore, **GOOD CAUSE** appearing,

7        **IT IS HEREBY ORDERED** that the United States Trustee is directed to appoint a Chapter

8    11 Trustee in this case.

9        **IT IS FURTHER ORDERED** that the case management status conference in this Chapter

10   11 case is continued to August 9, 2023, at 8:30 AM in Courtroom 1575.

11       **IT IS FURTHER ORDERED** that Debtor shall file his Monthly Operating Report for the

12   month ending April 30, 2023, by May 21, 2023.

13       **IT IS SO ORDERED**.

14                                          # # #

22

23   Date: May 17, 2023                    _signature_
                                          Sandra R. Klein
24                                        United States Bankruptcy Judge

# EXHIBIT "2"

# EXHIBIT "2"

ER 1009

Bradley D. Sharp
Development Specialists, Inc.
333 South Grand Avenue, Suite 4100
Los Angeles, California 90071
Telephone:     (213) 617-2717
Facsimile:     (213) 617-2718

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:23-bk-09990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | **DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF APPLICATION FOR ORDER APPROVING APPOINTMENT OF TRUSTEE AND FIXING BOND** |
| | [No Hearing Required] |

I, Bradley D. Sharp, declare:

1.     I am the nominated Chapter 11 Trustee of the above-entitled case. I am also the President and Chief Executive Officer of Development Specialists, Inc. ("DSI"). I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could and would testify competently to these facts, except where matters are stated on information and belief, and as to these facts, I am informed and believe that they are true.

2.     I meet the criteria set forth in 11 U.S.C. § 321 in that I have an office in the judicial district in which this case is pending. My office is located at 333 South Grand Avenue, Suite 4100, Los Angeles, California. Furthermore, I have not served as an examiner in this case.

1

3.      I will comply with the requirement of 11 U.S.C. §322 as I will file a bond with the Bankruptcy Court of the United States that is conditioned on my faithful performance of my official duties.

4.      I have more than 30 years' experience working with large and small troubled companies and chapter 11 matters for individuals. I have been appointed as chapter 11 trustee in cases that have involved complex issues including Arnold Klein, East Coast Foods, Inc. and Namco Capital Group, (Central District of California, Los Angeles Division), and SK Foods, LP (Eastern District of California, Sacramento Division).

5.      I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules and shall comply with them during the administration of this case.

6.      I hereby verify that I have no connections with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as follows:

7.      DSI has worked in the past and will likely continue to work in the future on a number of unrelated matters in conjunction with and opposed to various other professionals representing various persons in this case, including other law firms and accounting firms that may represent or advise the debtor, creditors or parties in interest in this case.

8.      To the best of my knowledge, neither my firm nor I hold any interest materially adverse with the debtor, the debtor's attorneys or accountants, the debtor's creditors, nor any other party in interest, nor their respective attorneys or accountants. If additional information comes to my attention that changes these facts, I will advise the Court and the United States Trustee immediately.

9.      I and my firm are "disinterested persons" within the meaning of Bankruptcy Code Section 101(14) in that neither I nor my firm are a creditor or related to the debtor. Neither I nor my firm holds an interest materially adverse to the estate or any class of creditors, by reason of any direct or indirect relationship or connection with or interest in, the debtor for any other reason.

ER 1011

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on May 23, 2023 at San Juan Capistrano, California.

Bradley D. Sharp.

3

ER 1012

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*): APPLICATION FOR ORDER APPROVING APPOINTMENT AND FIXING BOND will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____5/24/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**SEE ATTACHED SHEET**

                        __x_      Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**None**

                        __      Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __5/23/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Judge's copy temporarily suspended under General Order 20-02, as updated by General Order 23-01**

**By email:** Bradley D. Sharp: bsharp@dsiconsulting.com
           Eric Olson (Debtor's new counsel): eric@ejolsonlaw.com

                        __      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/24/2023 | Ron Maroko | /s/ Ron Maroko |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                       **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

## 1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
Michael Jay Berger (Debtor's counsel)    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Theron S Covey    tcovey@raslg.com, sferry@raslg.com
Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
Michael I. Gottfried    mgottfried@elkinskalt.com,
cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
Michael Jones    michael.jones4@usdoj.gov
Ron Maroko    ron.maroko@usdoj.gov
Steven M Mayer    smayer@mayerlawla.com
Krikor J Meshefejian    kjm@lnbyg.com
Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
Mark M Sharf (TR)    mark@sharflaw.com,
C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
Nikko Salvatore Stevens    nikko@cym.law
Alan G Tippie    Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,
denise.walker@gmlaw.com
Gary Tokumori    gtokumori@pmcos.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Michael L Wachtell    mwachtell@buchalter.com
John P. Ward    jward@attleseystorm.com, ezhang@attleseystorm.com
Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
Paul P Young    paul@cym.law, jaclyn@cym.law
Roye Zur    rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com


/ / /

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1

## **EXHIBIT D**

2

(Order Approving Application for Appointment of
Trustee and Fixing Bond [Bankr. Docket No. 155])

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4865-0920-4701.1 78512.001

1   PETER C. ANDERSON
    UNITED STATES TRUSTEE
2   MICHAEL JONES, State Bar No. 271574
    ASSISTANT UNITED STATES TRUSTEE
3   RON MAROKO, State Bar No. 124770
    TRIAL ATTORNEY
4   OFFICE OF THE UNITED STATES TRUSTEE
    915 Wilshire Boulevard, Suite 1850
5   Los Angeles, California 90017-5418
    (213) 894-4520 telephone; (213) 894-2603 facsimile
6   Email: ron.maroko@usdoj.gov

FILED & ENTERED

MAY 24 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may          DEPUTY CLERK

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

11

12  In re:                          )   Case No.:  2:23-bk-10990-SK
                                    )   Chapter 11
13  **LESLIE KLEIN,**                   )
                                    )   ORDER APPROVING APPOINTMENT OF
14                      Debtor.     )   A CHAPTER 11 TRUSTEE
                                    )
15                                  )   Hearing Date:  NOT REQUIRED
    _____)   Place:          Courtroom 1575

16          After a hearing on 5/17/23, the Court determined that there was cause to dismiss, convert, or

17  appoint a Chapter 11 Trustee, and it was in the best interests of all creditors, under the

18  circumstances of this case, that a Chapter 11 Trustee be appointed forthwith and entered an order

19  directing the U.S. Trustee to appoint a Chapter 11 Trustee in this case.  Docket #142.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

ER 1016

1   The Court having considered the United States Trustee's Application For Order Approving

2 Appointment Of Trustee And Fixing Bond ("Application"; Doc 154), and for good cause appearing,

3   IT IS HEREBY ORDERED that the Application is **GRANTED**.

4   IT IS FURTHER ORDERED that the appointment of the Bradley D. Sharp as Trustee by

5 the United States Trustee is **APPROVED**.

6 IT IS SO ORDERED.

7               ###

Date: May 24, 2023

Sandra R. Klein
United States Bankruptcy Judge

ER 1017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

**EXHIBIT E**

(Notice of Trustee's Acceptance of Appointment [Bankr. Docket No. 156])

4865-0920-4701.1 78512.001

PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770, TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**LESLIE KLEIN,**<br><br>                    Debtor.<br>_____ | )  Case No.: 2:23-bk-10990-SK<br>)  Chapter 11<br>)<br>)  NOTICE OF ACCEPTANCE OF<br>)  APPOINTMENT BY CHAPTER 11<br>)  TRUSTEE<br>)<br>)<br>) |

Attached is the acceptance Bradley D. Sharp of his appointment as chapter 11 trustee in the above captioned case.

PETER C. ANDERSON
United States Trustee

By:     /s Ron Maroko
        Ron Maroko
        ATTORNEY FOR THE UNITED STATES TRUSTEE

1    Bradley D. Sharp
     Development Specialists, Inc.
2    333 South Grand Avenue
     Suite 4100
3    Los Angeles, California  90071-1524
     Telephone: (213) 617-2717
4    Facsimile: (213) 617-2718

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        LOS ANGELES DIVISION

11

12   In re                              | Case No: 2:23-bk-09990-SK

13   LESLIE KLEIN,

14                          Debtor.      | Chapter 11

15                                       | ACCEPTANCE OF APPOINTMENT AS
                                           CHAPTER 11 TRUSTEE
16
                                         | [NO HEARING REQUIRED]
17

18

19        I, Bradley D. Sharp, proposed Chapter 11 Trustee hereby accept my appointment in the

20   above-mentioned case.

21

22        May 23, 2023.

23

24

25                                                _____

26                                                BRADLEY D. SHARP

27

28

ACCEPTANCE OF BRADLEY D. SHARP
CASE NO. 2:23-BK-09990-SK
                                                                              ER 1020

**EXHIBIT F**

(Schedules of Assets and Liabilities and Statement of Financial Affairs [Bankr. Docket No. 34])

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4865-0920-4701.1 78512.001

# United States Bankruptcy Court
## Central District of California

In re  **Leslie Klein**

Case No.  **2:23-bk-10990-SK**

Chapter  **11**

Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |

**-NONE-**

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Leslie Klein, am the named debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  3/8/2023

Signature  _Leslie Klein_
Leslie Klein

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

ER 1022

ER 1023

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |
| (if known) | | | |

☐ Check if this is an
amended filing

# Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  |  | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B............................................. | $  12,250,000.00 |
|  | 1b. Copy line 62, Total personal property, from Schedule A/B................................ | $  2,044,000.00 |
|  | 1c. Copy line 63, Total of all property on Schedule A/B........................................... | $  14,294,000.00 |

### Part 2:    Summarize Your Liabilities

|  |  | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $  31,564,856.56 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................ | $  0.00 |
|  | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $  97,928.00 |
|  | **Your total liabilities** | $  31,662,784.56 |

### Part 3:    Summarize Your Income and Expenses

|  |  |  |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.............................. | $  17,633.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*...................................... | $  9,552.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

  ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

  ■ Yes

7. **What kind of debt do you have?**

  ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

  ■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information          page 1 of 2

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

Debtor 1   **Leslie Klein**                                    Case number *(if known)*  **2:23-bk-10990-SK**

8.   From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form
     122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14. .................................................  $ _____

9.   Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

| From Part 4 on *Schedule E/F,* copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

ER 1024

Fill in this information to identify your case and this filing:

| | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1
**322 N. June Street**
Street address, if available, or other description

**Los Angeles        CA    90004-0000**
City                State    ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other
**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$4,900,000.00** | **$2,450,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% is held in by Debtor and 50% held by his Erika's irrevocable marital deduction trust**

☐ Check if this is community property (see instructions)

ER 1025

Debtor 1    Leslie Klein                                          Case number (if known)    2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.2

**315 N. Martel Avenue**
Street address, if available, or other description

| **What is the property?** Check all that apply | |
|---|---|
| ■ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |
| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ☐ | Other _____ |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Los Angeles    CA    90036-0000**
City            State    ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,500,000.00** | **$2,500,000.00** |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

**Los Angeles**
County

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property.  Debtor collects $5,500/month.**

---

**If you own or have more than one, list here:**

1.3

**143 S. Highland Drive**
Street address, if available, or other description

| **What is the property?** Check all that apply | |
|---|---|
| ■ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |
| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ☐ | Other _____ |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Los Angeles    CA    90036-0000**
City            State    ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,200,000.00** | **$2,200,000.00** |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

**Los Angeles**
County

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property. Debtor collects $4,000 per month in rental income.**

---

ER 1026

Debtor 1   **Leslie Klein**                                                    Case number (*if known*)  **2:23-bk-10990-SK**

**If you own or have more than one, list here:**

1.4

**161 N. Poinsettia Place**
Street address, if available, or other description

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

*Do not deduct secured claims or exemptions. Put the amount of any secured claims on Schedule D: Creditors Who Have Claims Secured by Property.*

**Los Angeles    CA    90036-0000**
City          State      ZIP Code

**Current value of the entire property?**  **$2,000,000.00**

**Current value of the portion you own?**  **$2,000,000.00**

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

**Los Angeles**
County

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property. Debtor collects $3,000 per month rental income.**

---

**If you own or have more than one, list here:**

1.5

**2560-B Whitewater Club Drive**
Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
■ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

*Do not deduct secured claims or exemptions. Put the amount of any secured claims on Schedule D: Creditors Who Have Claims Secured by Property.*

**Palm Springs    CA    92262-0000**
City          State      ZIP Code

**Current value of the entire property?**  **$350,000.00**

**Current value of the portion you own?**  **$350,000.00**

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

**Riverside**
County

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Other information you wish to add about this item, such as local property identification number:

**A condo with 2 bedrooms and 2 bathrooms; vacation home.**

---

ER 1027

Debtor 1    Leslie Klein                                    Case number *(if known)*    2:23-bk-10990-SK

### If you own or have more than one, list here:

**1.6**

**3752 Ocean Drive**
Street address, if available, or other description

| **Oxnard** | **CA** | **93035-0000** |
|---|---|---|
| City | State | ZIP Code |

**Ventura**
County

**What is the property?** Check all that apply

- ☑ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Single family home; vacation home.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,400,000.00** | **$2,400,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

☐ Check if this is community property *(see instructions)*

---

### If you own or have more than one, list here:

**1.7**

**Leonardo Plaza Hotel Jerusalem**
Street address, if available, or other description

| **Jerusalem** | | |
|---|---|---|
| City | State | ZIP Code |

**Israel**
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☑ Investment property
- ☐ Timeshare
- ☑ Other    **Unit in a hotel**

**Who has an interest in the property?** Check one

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leonardo Plaza Hotel. Vacation home.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$500,000.00** | **$250,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% by Debtor and 50% by deceased wife's irrevocable trust**

☐ Check if this is community property *(see instructions)*

---

Debtor 1    **Leslie Klein**                                          Case number *(if known)*    **2:23-bk-10990-SK**

If you own or have more than one, list here:

**1.8**

| Dan Boutique Hotel Jerusalem | **What is the property?** Check all that apply | |
|---|---|---|

Street address, if available, or other description

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other    **Unit in a hotel**

**Jerusalem**

City          State        ZIP Code

**Who has an interest in the property?** Check one

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$200,000.00** | **$100,000.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% by Debtor and 50% by deceased spouse's irrevocable trust**

**Israel**

County

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leanoardo Plaza Hotel. Vacation home.**

---

**2.** Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................=>

| **$12,250,000.00** |
|---|

---

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

**3.1**    Make:    **Lexus**
Model:    **LS500**
Year:    **2021**
Approximate mileage:    **n/a**
Other information:

| **Leased vehicle. Monthly payment is $1,319.00.** |
|---|

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$0.00** | **$0.00** |

**3.2**    Make:    **Lexus**
Model:    **LS**
Year:    **2021**
Approximate mileage:    **n/a**
Other information:

| **Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.** |
|---|

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$0.00** | **$0.00** |

---

Official Form 106A/B                    Schedule A/B: Property                    page 5

ER 1029

Debtor 1    **Leslie Klein**                                                    Case number (if known)   **2:23-bk-10990-SK**

**4.  Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
    pages you have attached for Part 2. Write that number here.......................................................=>   | **$0.00** |

**Part 3:   Describe Your Personal and  Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6.  Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

| **Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household goods and furnishings** | **$8,000.00** |

| **2560-B Whitewater Club Drive, Palm Spring vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings.** | **$5,000.00** |

| **3752 Ocean Drive, Oxnard CA vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings.** | **$5,000.00** |

**7.  Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

| **TVs, phones, computers** | **$3,000.00** |

**8.  Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☐ No
   ■ Yes.  Describe.....

| **Books and art objects** | **$4,000.00** |

**9.  Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ■ Yes.  Describe.....

Official Form 106A/B                        Schedule A/B: Property                                        page 6

ER 1030

Debtor 1    **Leslie Klein**                                       Case number *(if known)*    **2:23-bk-10990-SK**

| Sports and Hobyy equipment | $2,000.00 |
|---|---|

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes. Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes. Describe.....

| Debtor's residence: Clothes and shoes | $2,000.00 |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes. Describe.....

| Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings,  gold rings and costume jewelry | $20,000.00 |
|---|---|

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes. Give specific information.....

**15.   Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ................................................................................

| $49,000.00 |
|---|

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?                    Current value of the portion you own? Do not deduct secured claims or exemptions.

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ■ No
   ☐ Yes...........................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes.......................                    Institution name:

| 17.1. | Checking account ending in 9401 | Bank of America | $4,000.00 |
|---|---|---|---|

Official Form 106A/B                    Schedule A/B: Property                    page 7

ER 1031

| Debtor 1 | **Leslie Klein** | | Case number *(if known)* | **2:23-bk-10990-SK** |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes.................         Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
■ Yes.  Give specific information about them....................

| Name of entity: | % of ownership: | |
|---|---|---|
| Debtor has a 100% ownership interest in Bay Area Development, Co.   Bay Area Development, Co. filed  a chapter 11 bankruptcy petition on 9/12/2022, Case No.: 2:22-bk-15031-SK.  On December 6, 2022, Bay Area entered into a stipulation with its secured creditor Scott Capital Management Fund 1, LLC and OUST to dismiss the case.  The order dismissing the case with a 180 day bar (due to pending RFS motion) was enterd on 12/6/2022.  The real property owned by Bay Area Development, Co. went into foreclosure.  The company currently does not own any assets. | 100%          % | $0.00 |
| Debtor has a membership interest in Life Capital Group, LLC, which is an investment company. The LLC buys insurance policies on other people's lives and upon passing, the LLC collects the funds and makes a distribution to its members. | 5% membershi p interest          % | Unknown |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
         Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No
☐ Yes. List each account separately.
         Type of account:          Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. .....................          Institution name or individual:

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**

■ No
☐ Yes............          Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25.  Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☐ No

Official Form 106A/B          Schedule A/B: Property          page 8

ER 1032

Debtor 1    **Leslie Klein**    Case number *(if known)*    **2:23-bk-10990-SK**

■ Yes.  Give specific information about them...

| | |
|---|---|
| Klein Living Trust dated April 8, 1990. The Settlors of the Trust are Leslie Klein and Erika Noemi Klein, husband and wife. Erika Klein passed away several years ago, and pursuant to the trust provision,Erika Klein's interest in the assets is now in an irrevocable trust ("Marital Deduction Trust").  The assets of the trust are listed on Schedule A/B, item #1 for each property that is part of the Trust. | $0.00 |

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
   benefits; unpaid loans you made to someone else
   ☐ No
   ■ Yes.  Give specific information..

| | |
|---|---|
| Isaac Kirzner. Debtor entered into an agreement with Isaac Kirzner whereby he paid the insurance premiums for Mr. Kirzner, and upon Mr. Kirzner's passing, the Debtor would receive $1 Million. | $1,000,000.00 |

| | |
|---|---|
| Judith Bittman.  Debtor entered into an agreement with Judith Bittman whereby he paid the insurance premiums for Ms. Bittmanm  and upon Ms. Bittman's passing, the Debtor would receive $1 Million. | $1,000,000.00 |

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
   Company name:          Beneficiary:          Surrender or refund value:

Official Form 106A/B          Schedule A/B: Property          page 9

ER 1033

| Debtor 1 | **Leslie Klein** | Case number *(if known)* | **2:23-bk-10990-SK** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

■ No
☐ Yes.  Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................................................

| | |
|---|---|
| | **$2,004,000.00** |

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest in. List any real estate in Part 1.** |

**37. Do you own or have any legal or equitable interest in any business-related property?**
■ No. Go to Part 6.
☐ Yes.  Go to line 38.

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest in.**
If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
■ No. Go to Part 7.
☐ Yes.  Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
■ No
☐ Yes.  Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ....................................

| | |
|---|---|
| | **$0.00** |

Official Form 106A/B                     Schedule A/B: Property                     page 10

ER 1034

Debtor 1    **Leslie Klein**                      Case number *(if known)*   **2:23-bk-10990-SK**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ............................................................................................ | | **$12,250,000.00** |
| 56. | **Part 2: Total vehicles, line 5** | $0.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $49,000.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $2,004,000.00 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54**    + | $0.00 | |

62.   **Total personal property. Add lines 56 through 61...**     **$2,053,000.00**      Copy personal property total ➡    **$2,053,000.00**

63.   **Total of all property on Schedule A/B. Add line 55 + line 62**              **$14,303,000.00**

ER 1035

| Fill in this information to identify your case: | |
|---|---|
| **Debtor 1** | **Leslie Klein** |
| | First Name    Middle Name    Last Name |
| **Debtor 2** | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **2:23-bk-10990-SK** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **322 N. June Street Los Angeles, CA 90004  Los Angeles County** Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence. Line from *Schedule A/B*: **1.1** | $2,450,000.00 | ☑             $678,391.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household g** Line from *Schedule A/B*: **6.1** | $8,000.00 | ☑             $8,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **TVs, phones, computers** Line from *Schedule A/B*: **7.1** | $3,000.00 | ☑             $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

ER 1036

Debtor 1    **Leslie Klein**                                    Case number (if known)    **2:23-bk-10990-SK**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Books and art objects** Line from *Schedule A/B*: **8.1** | $4,000.00 | ■ $0.00 ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Sports and Hobyy equipment** Line from *Schedule A/B*: **9.1** | $2,000.00 | ■ $2,000.00 ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Clothes and shoes** Line from *Schedule A/B*: **11.1** | $2,000.00 | ■ $2,000.00 ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings, gold rings and costume jewelry** Line from *Schedule A/B*: **12.1** | $20,000.00 | ■ $9,525.00 ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

3.  **Are you claiming a homestead exemption of more than $189,050?**
    (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☐   No

    ■   Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ■   No

        ☐   Yes

---

Official Form 106C              **Schedule C: The Property You Claim as Exempt**              page 2 of 2

ER 1037

Fill in this information to identify your case:

| Debtor 1 | **Leslie Klein** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|

| 2.1 | CCO Mortgage Corp. | $19,372.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|

Creditor's Name

**Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**
**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**
As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Secured Line of Credit**

| Date debt was incurred | **Opened 05/05  Last Active 1/09/23** | Last 4 digits of account number | **1428** |
|---|---|---|---|

ER 1038

Debtor 1 **Leslie Klein**

First Name ___ Middle Name ___ Last Name

Case number (if known) **2:23-bk-10990-SK**

| 2.2 | **Chase Mortgage** | Describe the property that secures the claim: | $138,719.00 | $350,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**2560-B Whitewater Club Drive Palm Springs, CA 92262  Riverside County**
**A condo with 2 bedrooms and 2 bathrooms; vacation home.**

**BK Department**
**Mail Code LA4 5555  700 Kansas Ln**
**Monroe, LA 71203**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Deed of Trust**

Date debt was incurred **Opened 07/05  Last Active 8/23/22**

Last 4 digits of account number **2700**

| 2.3 | **Ericka and Joseph Vago** | Describe the property that secures the claim: | $24,334,038.99 | $0.00 | $24,334,038.99 |

Creditor's Name

**c/o Brian Procel**
**Procel Law**
**401 Wilshire Blvd., 12th Floor**
**Santa Monica, CA 90401**

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

**Assets of the Debtor**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Notice of Judgment Lien**

Date debt was incurred **July 2020**

Last 4 digits of account number **5050**

ER 1039

Debtor 1  **Leslie Klein**

First Name          Middle Name          Last Name

Case number (if known)   **2:23-bk-10990-SK**

| | | | | |
|---|---|---|---|---|
| **2.4** | **Fay Servicing LLC** | Describe the property that secures the claim: | $712,265.00 | $2,400,000.00 | $0.00 |

| 2.4 | **Fay Servicing LLC** | Describe the property that secures the claim: | $712,265.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**

**Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680**

Number, Street, City, State & Zip Code

As of the date you file, is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ (filled) Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ (filled) Other (including a right to offset)   **1st Deed of Trust**

**Opened
10/13/04
Last Active
08/20**

Date debt was incurred   08/20

Last 4 digits of account number   **9505**

| 2.5 | **Fay Servicing LLC** | Describe the property that secures the claim: | $327,886.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**

**Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680**

Number, Street, City, State & Zip Code

As of the date you file, is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ (filled) Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ (filled) Other (including a right to offset)   **2nd Deed of Trust**

**Opened
11/04  Last
Active**

Date debt was incurred   8/09/22

Last 4 digits of account number   **9492**

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 3 of 8

ER 1040

Debtor 1   **Leslie Klein**

First Name     Middle Name     Last Name

Case number *(if known)*   **2:23-bk-10990-SK**

| 2.6 | **Fiore Racobs & Powers** | | Describe the property that secures the claim: | **$49,436.57** | **$350,000.00** | **$0.00** |
|---|---|---|---|---|---|---|

Creditor's Name

**c/o Palm Springs
Country Club HOA
6820 Indiana Ave., Ste
140
6820 Indiana Ave., Ste
140
Riverside, CA 92506**

Number, Street, City, State & Zip Code

**2560-B Whitewater Club Drive Palm
Springs, CA 92262  Riverside
County
A condo with 2 bedrooms and 2
bathrooms; vacation home.**

As of the date you file, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ Check if this claim relates to a
community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)    **HOA Assessments**

Date debt was incurred   **2020 - 2023**    Last 4 digits of account number   **4460**

---

| 2.7 | **Gestetner Charitable
Remainder Trus** | | Describe the property that secures the claim: | **$2,000,000.00** | **Unknown** | **Unknown** |
|---|---|---|---|---|---|---|

Creditor's Name

**Debtor has a membership interest in
Life Capital Group, LLC, which is an
investment company. The LLC buys
insurance policies on other people's
lives and upon passing, the LLC
collects the funds and makes a
distribution to its members.
5% m**

**c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a
community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)    **UCC Financing**

Date debt was incurred   **5/14/2021**    Last 4 digits of account number   **3629**

---

ER 1041

Debtor 1    **Leslie Klein** _____

First Name    Middle Name    Last Name

Case number (if known)    **2:23-bk-10990-SK**

| 2.8 | **Los Angeles County Tax Collector** | Describe the property that secures the claim: | $15,000.00 | $4,900,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**322 N. June Street Los Angeles, CA 90004 Los Angeles County Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the res**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Bankruptcy Unit**
**PO Box 54110**
**Los Angeles, CA**
**90054-0027**

Number, Street, City, State & Zip Code

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Property Taxes**

Date debt was incurred    **2022 - 2023**    Last 4 digits of account number    **3008**

| 2.9 | **Mrc/united Wholesale M** | Describe the property that secures the claim: | $954,432.00 | $2,000,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**161 N. Poinsettia Place Los Angeles, CA 90036 Los Angeles County Single family residence; rental property. Debtor collects $3,000 per month rental income.**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Attn: Bankruptcy**
**P. O. Box 619098**
**Dallas, TX 75261**

Number, Street, City, State & Zip Code

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Deed of Trust**

Date debt was incurred    **Opened 05/05  Last Active 11/17/22**    Last 4 digits of account number    **2120**

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 5 of 8

ER 1042

| Debtor 1 | **Leslie Klein** | | | Case number *(if known)* | **2:23-bk-10990-SK** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| 2.10 | **Selene Finance** | Describe the property that secures the claim: | $1,755,385.00 | $2,500,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**315 N. Martel Avenue Los Angeles, CA 90036  Los Angeles County Single family residence; rental property.  Debtor collects $5,500/month.**

**Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Deed of Trust**

| Date debt was incurred | **Opened 08/18 Last Active 6/22/21** | Last 4 digits of account number | **8372** |
|---|---|---|---|

| 2.11 | **Shellpoint Mortgage Servicing** | Describe the property that secures the claim: | $1,213,516.00 | $2,200,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**143 S. Highland Drive Los Angeles, CA 90036  Los Angeles County Single family residence; rental property. Debtor collects $4,000 per month in rental income.**

**Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Deed of Trust**

| Date debt was incurred | **Opened 04/19  Last Active 12/27/22** | Last 4 digits of account number | **4516** |
|---|---|---|---|

ER 1043

Debtor 1    **Leslie Klein**

First Name          Middle Name          Last Name          Case number (if known)    **2:23-bk-10990-SK**

| 2.1 2 | **Toyota Financial Services** | | $34,318.00 | $0.00 | $34,318.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

> **2021 Lexus LS500 n/a miles Leased vehicle. Monthly payment is $1,319.00.**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Attn: Bankruptcy**
**Po Box 259001**
**Plano, TX 75025**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Auto Lease**

Date debt was incurred **Opened 05/21  Last Active 3/18/22**    Last 4 digits of account number    **X788**

| 2.1 3 | **Toyota Financial Services** | | $10,488.00 | $0.00 | $10,488.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

> **2021 Lexus LS n/a miles Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Attn: Bankruptcy**
**Po Box 259001**
**Plano, TX 75025**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Auto Lease**

Date debt was incurred **Opened 06/21  Last Active 6/01/22**    Last 4 digits of account number    **Y582**

Add the dollar value of your entries in Column A on this page. Write that number here:    **$31,564,856.56**

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:    **$31,564,856.56**

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

ER 1044

| Debtor 1 | **Leslie Klein** | | | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

[ ]  Name, Number, Street, City, State & Zip Code
     **Andor Gestetner**
     **c/o Law Offices of Jacob Unger**
     **5404 Whitsett Ave Ste. 182**
     **Valley Village, CA 91607**

On which line in Part 1 did you enter the creditor? __**2.7**__

Last 4 digits of account number ___

[ ]  Name, Number, Street, City, State & Zip Code
     **Ericka and Joseph Vago**
     **124 N. Highland Ave**
     **Sherman Oaks, CA 91423**

On which line in Part 1 did you enter the creditor? __**2.3**__

Last 4 digits of account number ___

Official Form 106D          Additional Page of Schedule D: Creditors Who Have Claims Secured by Property          page 8 of 8

ER 1045

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:23-bk-10990-SK** |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?
   ■ No. Go to Part 2.
   ☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?
   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
   ■ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  | Total claim |
|---|---|---|

| 4.1 | **Bank of America** | Last 4 digits of account number    8296 | $7,450.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634**
Number Street City State Zip Code

When was the debt incurred?    **Opened 09/16  Last Active 02/23**

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

ER 1046

Debtor 1 __Leslie Klein__                                    Case number (if known) __2:23-bk-10990-SK__

| 4.2 | **Bank of America** | Last 4 digits of account number __6416__ | $1,566.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**4909 Savarese Circle**
**Tampa, FL 33634**

When was the debt incurred?    **Opened 04/89  Last Active 02/23**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **Credit Card**

---

| 4.3 | **Barclays Bank Delaware** | Last 4 digits of account number __0647__ | $8,896.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 8801**
**Wilmington, DE 19899**

When was the debt incurred?    **Opened 05/09  Last Active 1/11/23**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **Credit Card**

---

| 4.4 | **California Bank & Trust** | Last 4 digits of account number __9505__ | $1,695.00 |

Nonpriority Creditor's Name

**Po Box 711510**
**Santee, CA 92072**

When was the debt incurred?    **Opened 02/83  Last Active 02/23**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **Credit Card**

---

ER 1047

Debtor 1    **Leslie Klein**                                                    Case number *(if known)*    **2:23-bk-10990-SK**

| | | | |
|---|---|---|---|
| 4.5 | **Chase Card Services** | Last 4 digits of account number    **4280** | **$22,278.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

**Opened 06/18  Last Active 5/07/21**
When was the debt incurred?

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

| | | | |
|---|---|---|---|
| 4.6 | **Chase Card Services** | Last 4 digits of account number    **1527** | **$22,095.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

**Opened 08/18  Last Active 03/21**
When was the debt incurred?

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

| | | | |
|---|---|---|---|
| 4.7 | **Chase Card Services** | Last 4 digits of account number    **9155** | **$17,555.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

**Opened 09/02  Last Active 02/23**
When was the debt incurred?

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

ER 1048

Debtor 1    Leslie Klein

| 4.8 | **Chase Card Services** | Last 4 digits of account number | 2050 | | | $15,112.00 |

Nonpriority Creditor's Name
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Opened 01/89  Last Active 1/22/23**

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Credit Card**

---

| 4.9 | **Citibank** | Last 4 digits of account number | 3837 | | | $1,281.00 |

Nonpriority Creditor's Name
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Opened 11/90  Last Active 8/12/22**

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Credit Card**

---

| 4.10 | **Franklin H. Menlo Irrevocable Trust** | Last 4 digits of account number | 6769 | | | Unknown |

Nonpriority Creditor's Name
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**When was the debt incurred?**    2012

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **pending litigation (consolidated and related to 24 other cases)**

---

ER 1049

Debtor 1   **Leslie Klein**                                                      Case number (if known)   **2:23-bk-10990-SK**

| 4.1 | | |
|---|---|---|

| **Jeffrey Siegel, Successor Trustee** | Last 4 digits of account number | **2432** | **Unknown** |

Nonpriority Creditor's Name

**of the Hubert Scott Trust**       When was the debt incurred?   **2017**
**c/o Oldman, Cooley, Sallus**
**16133 Ventura Blvd., Penthouse**
**Suit**
**Encino, CA 91436-2408**

Number Street City State Zip Code         As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only                          ■ Contingent
☐ Debtor 2 only                          ■ Unliquidated
☐ Debtor 1 and Debtor 2 only             ■ Disputed
☐ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a community**   ☐ Student loans
**debt**                                 ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**          report as priority claims

■ No                                     ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                    ■ Other. Specify  **pending litigation**

---

### Part 3:   List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address                       On which entry in Part 1 or Part 2 did you list the original creditor?
**Oldman, Cooley, and Sallus**          Line **4.10** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
**16133 Ventura Blvd., Penthouse Suit**                                  ■ Part 2: Creditors with Nonpriority Unsecured Claims
**Encino, CA 91436-2408**

Last 4 digits of account number

---

### Part 4:   Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  | Total Claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. | $ | 0.00 |
|  | 6b. | Taxes and certain other debts you owe the government | 6b. | $ | 0.00 |
|  | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ | 0.00 |
|  | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
|  | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $ | 0.00 |

|  |  |  | Total Claim |
|---|---|---|---|
|  | 6f. | Student loans | 6f. | $ | 0.00 |
| **Total claims from Part 2** | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ | 0.00 |
|  | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ | 0.00 |
|  | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 97,928.00 |
|  | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ | 97,928.00 |

---

Official Form 106 E/F          **Schedule E/F: Creditors Who Have Unsecured Claims**          Page 5 of 5

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an
amended filing

# Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.**

| | Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|---|
| 2.1 | **Chase Doe**<br>**143 S. Highland Drive**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 143 S. Highland Drive,  Los Angeles rental property. Debtor collects $4,000 rental income per month.** |
| 2.2 | **Jacob Rummitz**<br>**315 N. Martel Avenue**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 315 N. Martel Avenue, Los Angeles rental property. Debtor collects $5,500 rental income per month.** |
| 2.3 | **Sandra Layton**<br>**161 N. Poinsettia Place**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 161 N. Poinsettia Place rental property. Debtor collects $3,000  rental income per month.** |

ER 1051

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

    ☐ No
    ■ Yes.

In which community state or territory did you live?     -NONE-     . Fill in the name and current address of that person.

_____
Name of your spouse, former spouse, or legal equivalent
Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

3.1    **Leslie Klein & Associates, Inc.**
       **c/o Parker Milliken**
       **555 Flower Street**
       **Los Angeles, CA 90071**

     ☐ Schedule D, line _____
     ■ Schedule E/F, line    **4.10**
     ☐ Schedule G _____
     **Franklin H. Menlo Irrevocable Trust**

ER 1052

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:23-bk-10990-SK** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| Occupation | | **Attorney** | |
| Employer's name | | **Leslie Klein & Associates, Inc.** | |
| Employer's address | | **14245 Ventura Blvd., #301<br>Sherman Oaks, CA 91423** | |
| How long employed there? | | **50 years** | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

Debtor 1  **Leslie Klein**                                    Case number (if known)  **2:23-bk-10990-SK**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 0.00 | $ 0.00 |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  | 6. | $ 0.00 | $ 0.00 |

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.  | 7. | $ 0.00 | $ 0.00 |

8. List all other income regularly received:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1,800.00 | $ 0.00 |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. Social Security | 8e. | $ 3,333.00 | $ 0.00 |
| 8f. Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. Other monthly income. Specify: **Rental Income from Martel Property** | 8h.+ | $ 5,500.00 + | $ 0.00 |
| **Rental Income from Highland Property** | | $ 4,000.00 | $ 0.00 |
| **Rental Income from Poinsettia Property** | | $ 3,000.00 | $ 0.00 |

9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  | 9. | $ 17,633.00 | $ 0.00 |

10. Calculate monthly income. Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.  | 10. | $ 17,633.00 + | $ 0.00 | = $ 17,633.00 |

11. State all other regular contributions to the expenses that you list in *Schedule J*.
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____  | 11. | +$ 0.00 |

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies  | 12. | $ 17,633.00 |
**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?

☐ No.

■ Yes. Explain:  **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.**

ER 1054

Fill in this information to identify your case:

Debtor 1    **Leslie Klein**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:23-bk-10990-SK**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    **Describe Your Household**

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**    ■ No

    Do not list Debtor 1 and     ☐ Yes.   Fill out this information for
    Debtor 2.                              each dependent..............

    Do not state the
    dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3.  **Do your expenses include**     ■ No
    **expenses of people other than**  ☐ Yes
    **yourself and your dependents?**

**Part 2:**    **Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

    4. $ _____ 0.00

    If not included in line 4:

    4a.  Real estate taxes                                       4a. $ _____ 1,250.00
    4b.  Property, homeowner's, or renter's insurance           4b. $ _____ 333.00
    4c.  Home maintenance, repair, and upkeep expenses          4c. $ _____ 350.00
    4d.  Homeowner's association or condominium dues            4d. $ _____ 0.00

5.  **Additional mortgage payments for your residence,** such as home equity loans    5. $ _____ 0.00

Debtor 1    **Leslie Klein**                               Case number (if known)    **2:23-bk-10990-SK**

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a.  Electricity, heat, natural gas | 6a. $ | 1,800.00 |
| | 6b.  Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 200.00 |
| | 6d.  Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 2,000.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 100.00 |
| 10. | **Personal care products and services** | 10. $ | 100.00 |
| 11. | **Medical and dental expenses** | 11. $ | 200.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.  Life insurance | 15a. $ | 0.00 |
| | 15b.  Health insurance | 15b. $ | 0.00 |
| | 15c.  Vehicle insurance | 15c. $ | 500.00 |
| | 15d.  Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a.  Car payments for Vehicle 1 | 17a. $ | 1,319.00 |
| | 17b.  Car payments for Vehicle 2 | 17b. $ | 500.00 |
| | 17c.  Other. Specify:  **Mortgage for Martel Rental** | 17c. $ | 10,854.00 |
| | 17d.  Other. Specify:  **Mortgage for Highland Rental** | 17d. $ | 10,729.00 |
| | **Mortgage for Poinsettia Rental** | $ | 10,215.00 |
| | **Mortgage for Whitewater Club Drive Property** | $ | 433.00 |
| | **Property Tax for Whitewater Club Drive Property** | $ | 100.00 |
| | **Mortgage for Ocean Drive Property** | $ | 8,813.00 |
| | **Leonardo Plaza Hotel Maintenance Expenses** | $ | 2,500.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a.  Mortgages on other property | 20a. $ | 0.00 |
| | 20b.  Real estate taxes | 20b. $ | 0.00 |
| | 20c.  Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d.  Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e.  Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a.  Add lines 4 through 21. | $ | 52,846.00 |
| | 22b.  Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c.  Add line 22a and 22b.  The result is your monthly expenses. | $ | 52,846.00 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a.  Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 17,633.00 |
| | 23b.  Copy your monthly expenses from line 22c above. | 23b. -$ | 52,846.00 |
| | 23c.  Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | -35,213.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.   | Explain here: **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.** |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number   2:23-bk-10990-SK
(if known)

☐ Check if this is an amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules          12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____   *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119)*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____          X _____

Leslie Klein
Signature of Debtor 1                               Signature of Debtor 2

Date   3/8/2023                                    Date _____

ER 1057

ER 1058

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 107
# Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

   ■ Married
   ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ☐ No
   ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2**   Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $4,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

ER 1058

Debtor 1    **Leslie Klein**                                      Case number *(if known)*  **2:23-bk-10990-SK**

| | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year:** (January 1 to December 31, 2022 ) | ☐ Wages, commissions, bonuses, tips | $24,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:** (January 1 to December 31, 2021 ) | ☐ Wages, commissions, bonuses, tips | $24,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ■ Yes. Fill in the details.

| | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security | $6,666.00 | | |
| | Rental Income | $25,000.00 | | |
| **For last calendar year:** (January 1 to December 31, 2022 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |
| **For the calendar year before that:** (January 1 to December 31, 2021 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ■ **No.** **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

   ■ **No.** Go to line 7.

   ☐ **Yes** List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

   * Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

ER 1059

Debtor 1   Leslie Klein                                                Case number (if known)  **2:23-bk-10990-SK**

☐   **Yes.**  **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐  **No.**   Go to line 7.
☐  **Yes**   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not
include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an
attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations
of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for
a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and
alimony.

■  No
☐  Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an
insider?**
Include payments on debts guaranteed or cosigned by an insider.

■  No
☐  Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:**   **Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody
modifications, and contract disputes.

☐  No
■  Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| In re Matter of the Franklin Henry Menlo Irrevocable Trust, et al. v. Leslie Klein BP136769 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending ☐ On appeal ☐ Concluded |
| The Scott Trust DTD 12/24/1992 - Trust BP172432 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending ☐ On appeal ☐ Concluded |
| Joseph Vago, Et Al vs. Leslie Klein 20STCV25050 | Fraud | Superior Court of California 111 Hill St Los Angeles, CA 90012 | ☐ Pending ■ On appeal ☐ Concluded |

Official Form 107                 Statement of Financial Affairs for Individuals Filing for Bankruptcy                 page 3

ER 1060

| Debtor 1 | **Leslie Klein** | Case number *(if known)* | **2:23-bk-10990-SK** |

---

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
■ No
☐ Yes

### Part 5:    List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Address (Number, Street, City, State and ZIP Code) | | | |

### Part 6:    List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss | Date of your loss | Value of property lost |
|---|---|---|---|
| | Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | | |

### Part 7:    List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Address | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |

ER 1061

Debtor 1    **Leslie Klein**                                              Case number *(if known)*   **2:23-bk-10990-SK**

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Law Offices of Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>michael.berger@bankruptcypower.com | Attorney Fees | 2/15/2023 + the filing fee | $21,738.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

- ☒ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

- ☒ No
- ☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

- ☒ No
- ☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

### Part 8:   List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

- ☒ No
- ☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

- ☒ No
- ☐ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

ER 1062

Debtor 1    **Leslie Klein**                                    Case number *(if known)*    **2:23-bk-10990-SK**

---

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

---

### Part 9:   Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City and ZIP Code) | Describe the property | Value |
|---|---|---|---|

---

### Part 10:   Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. Have you notified any governmental unit of any release of hazardous material?

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ **No**
☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

### Part 11:   Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

---

ER 1063

Debtor 1    Leslie Klein    Case number *(if known)*    2:23-bk-10990-SK

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ **No.** None of the above applies. Go to Part 12.

☑ **Yes.** Check all that apply above and fill in the details below for each business.

| Business Name Address *(Number, Street, City, State and ZIP Code)* | Describe the nature of the business | Employer identification number Do not include Social Security number or ITIN. |
|---|---|---|
| | Name of accountant or bookkeeper | Dates business existed |
| Bay Area Development, Co. 14245 Ventura Blvd Sherman Oaks, CA 91423 | real estate holding company | EIN:    95-2816693 From-To |
| Life Capital Group, LLC 7223 Beverly Blvd., Suite 205 Los Angeles, CA 90036 | investment company | EIN: From-To |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business?** Include all financial institutions, creditors, or other parties.

☑ **No**

☐ **Yes.** Fill in the details below.

| Name Address *(Number, Street, City, State and ZIP Code)* | Date Issued |
|---|---|

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____    _____
**Leslie Klein**    Signature of Debtor 2
**Signature of Debtor 1**

Date    3/9/2023    Date _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☑ **No**

☐ **Yes**

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ **No**

☐ **Yes.** Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

ER 1064

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

> You are an individual filing for bankruptcy, and
>
> Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

ER 1065

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

### Chapter 11: Reorganization

|   |   |   |
|---|---:|---|
|   | $1,167 | filing fee |
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

ER 1066

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | | |
|---|---|---|
|   | $200 | filing fee |
| + | $78 | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | | |
|---|---|---|
|   | $235 | filing fee |
| + | $78 | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

ER 1067

---

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

---

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | **2:23-bk-10990-SK** |

☐ Check if this is an amended filing

## Official Form 122B
## Chapter 11 Statement of Your Current Monthly Income

12/21

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11 (other than Subchapter V). If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1: Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ■ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | | | Column A Debtor 1 | Column B Debtor 2 |
|---|---|---|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | | | | $ 0.00 | $ ____ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | | | | $ 0.00 | $ ____ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | | | | $ 0.00 | $ ____ |

| 5. **Net income from operating a business, profession, or farm** | Debtor 1 | | Debtor 2 | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | | 2,000.00 | | |
| Ordinary and necessary operating expenses | -$ | | 200.00 | | |
| Net monthly income from a business, profession, or farm | $ | | 1,800.00 | Copy here -> $ 1,800.00 | $ ____ |

| 6. **Net income from rental and other real property** | Debtor 1 | | Debtor 2 | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | | 12,500.00 | | |
| Ordinary and necessary operating expenses | -$ | | 0.00 | | |
| Net monthly income from rental or other real property | $ | | 12,500.00 | Copy here -> $ 12,500.00 | $ ____ |

ER 1069

| Debtor 1 | Leslie Klein | | Case number (if known) | 2:23-bk-10990-SK |
|---|---|---|---|---|

| | | Column A Debtor 1 | Column B Debtor 2 |
|---|---|---|---|
| 7. | Interest, dividends, and royalties | $ 0.00 | $ |
| 8. | Unemployment compensation | $ 0.00 | $ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ 0.00 | | |
|---|---|---|---|
| For your spouse | $ | | |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

$ 0.00    $

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | $ | $ |
|---|---|---|
| | $ 0.00 | $ |
| Total amounts from separate pages, if any. | + $ 0.00 | $ |

11. **Calculate your total current monthly income.**
Add lines 2 through 10 for each column.
Then add the total for Column A to the total for Column B.

$ 14,300.00    + $    = $ 14,300.00

Official Form 122B    Chapter 11 Statement of Your Current Monthly Income    page 2

ER 1070

Debtor 1    **Leslie Klein** _____    Case number *(if known)*    **2:23-bk-10990-SK** _____

---

**Part 2:** | **Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____

**Leslie Klein**
Signature of Debtor 1

Date    3/8/2023 _____
MM / DD / YYYY

---

ER 1071

| Debtor 1 | **Leslie Klein** | | Case number *(if known)* | **2:23-bk-10990-SK** |

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2022** to **01/31/2023**.

**Line 5 - Income from operation of a business, profession, or farm**
Source of Income: **Leslie Klein & Associates, Inc.**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 08/2022 | $2,000.00 | $200.00 | $1,800.00 |
| 5 Months Ago: | 09/2022 | $2,000.00 | $200.00 | $1,800.00 |
| 4 Months Ago: | 10/2022 | $2,000.00 | $200.00 | $1,800.00 |
| 3 Months Ago: | 11/2022 | $2,000.00 | $200.00 | $1,800.00 |
| 2 Months Ago: | 12/2022 | $2,000.00 | $200.00 | $1,800.00 |
| Last Month: | 01/2023 | $2,000.00 | $200.00 | $1,800.00 |
| | Average per month: | $2,000.00 | $200.00 | |
| | | | Average Monthly NET Income: | $1,800.00 |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Highland**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 08/2022 | $4,000.00 | $0.00 | $4,000.00 |
| 5 Months Ago: | 09/2022 | $4,000.00 | $0.00 | $4,000.00 |
| 4 Months Ago: | 10/2022 | $4,000.00 | $0.00 | $4,000.00 |
| 3 Months Ago: | 11/2022 | $4,000.00 | $0.00 | $4,000.00 |
| 2 Months Ago: | 12/2022 | $4,000.00 | $0.00 | $4,000.00 |
| Last Month: | 01/2023 | $4,000.00 | $0.00 | $4,000.00 |
| | Average per month: | $4,000.00 | $0.00 | |
| | | | Average Monthly NET Income: | $4,000.00 |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Martel**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 08/2022 | $5,500.00 | $0.00 | $5,500.00 |
| 5 Months Ago: | 09/2022 | $5,500.00 | $0.00 | $5,500.00 |
| 4 Months Ago: | 10/2022 | $5,500.00 | $0.00 | $5,500.00 |
| 3 Months Ago: | 11/2022 | $5,500.00 | $0.00 | $5,500.00 |
| 2 Months Ago: | 12/2022 | $5,500.00 | $0.00 | $5,500.00 |
| Last Month: | 01/2023 | $5,500.00 | $0.00 | $5,500.00 |
| | Average per month: | $5,500.00 | $0.00 | |
| | | | Average Monthly NET Income: | $5,500.00 |

ER 1072

Debtor 1  **Leslie Klein**                                                Case number (*if known*)  __2:23-bk-10990-SK__

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Poinsettia**
Income/Expense/Net by Month:

|              | Date        | Income      | Expense     | Net         |
|--------------|-------------|-------------|-------------|-------------|
| 6 Months Ago: | 08/2022    | $3,000.00   | $0.00       | $3,000.00   |
| 5 Months Ago: | 09/2022    | $3,000.00   | $0.00       | $3,000.00   |
| 4 Months Ago: | 10/2022    | $3,000.00   | $0.00       | $3,000.00   |
| 3 Months Ago: | 11/2022    | $3,000.00   | $0.00       | $3,000.00   |
| 2 Months Ago: | 12/2022    | $3,000.00   | $0.00       | $3,000.00   |
| Last Month:   | 01/2023    | $3,000.00   | $0.00       | $3,000.00   |
|              | Average per month: | $3,000.00 | $0.00 |             |
|              |             |             | Average Monthly NET Income: | $3,000.00 |

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Income**
Income by Month:

|              |             |             |
|--------------|-------------|-------------|
| 6 Months Ago: | 08/2022    | $3,333.00   |
| 5 Months Ago: | 09/2022    | $3,333.00   |
| 4 Months Ago: | 10/2022    | $3,333.00   |
| 3 Months Ago: | 11/2022    | $3,333.00   |
| 2 Months Ago: | 12/2022    | $3,333.00   |
| Last Month:   | 01/2023    | $3,333.00   |
|              | Average per month: | $3,333.00 |

ER 1073

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>(310) 271-6223 Fax: (310) 271-9805<br>California State Bar Number: 100291 CA<br>michael.berger@bankruptcypower.com | |

☐ *Debtor(s) appearing without an attorney*
■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>      Leslie Klein<br><br><br><br><br><br>                                        Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br>CHAPTER: 11<br><br>**VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
|---|---|

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____3/8/2023_____                          _____
                                                  Signature of Debtor 1

Date: _____                      _____
                                                  Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _____3/8/2023_____                          _____
                                                  Signature of Attorney for Debtor (if applicable)

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                      **F 1007-1.MAILING.LIST.VERIFICATION**

Leslie Klein
322 N. June Street
Los Angeles, CA 90001


Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212


Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607


Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634


Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899


California Bank & Trust
Po Box 711510
Santee, CA 92072


CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059


Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850


Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036


Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203


Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179


Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401


Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423


Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680


Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067


Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219


Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036


Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408


Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071


Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027


Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261


Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036


Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101


Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603


Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

**<u>EXHIBIT G</u>**

(Order Disallowing Debtor's Request for Homestead Exemption [Bankr. Docket No. 141])

1  Robert P. Goe - State Bar No. 137019
    Brandon J. Iskander - State Bar No. 300916

2  **GOE FORSYTHE & HODGES LLP**
    17701 Cowan Avenue, Suite 210, Bldg. D

3  Irvine, CA 92614
    rgoe@goeforlaw.com

4  biskander@goeforlaw.com

5  Telephone:  (949) 798-2460
    Facsimile:  (949) 955-9437

6

7  Attorneys for Judgment Creditors Erica and Joseph Vago

<div style="text-align:center">

**FILED & ENTERED**

**MAY 17 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

</div>

8          **UNITED STATES BANKRUPTCY COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

10

11  In re:

12  LESLIE KLEIN,

13       Debtor,

14

15

16

17

18

19

20

Case No. 2:23-bk-10990-SK

Chapter 11 Proceeding

**ORDER GRANTING MOTION TO DISALLOW DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION PURSUANT TO 11 U.S.C. § 522(q)**

Date:     May 17, 2023
Time:    9:00 a.m.
Place:    Courtroom 1575
         U.S. Bankruptcy Court
         255 E. Temple Street
         Los Angeles, CA 90012

21  On May 17, 2023, at 10:00 a.m., the Court held a hearing regarding Erica and Joseph Vago's (the

22  Vagos) "Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. §

23  522(q)"(Motion).  Docket #71.  Leslie Klein (Klein) filed an "Opposition to Motion to Disallow

24  Debtor's Claim of Homestead Exemption . . ." (Opposition).  Docket #106.  The Vagos filed a

25  "Reply to Debtor's Opposition . . ." (Reply).  Docket #119.

26       Appearances were noted on the record.

27

28               1

1    After considering the Motion, the Opposition, and the Reply, and based on the findings of

2    facts and conclusions of law which were stated on the record at the hearing, the Court hereby

3    ORDERS as follows:

4    1.    The Motion is granted.

5    2.    Pursuant to 11 U.S.C. § 522(q), the exemption asserted by the Debtor in the real

6    property located at 322 N. June Street, Los Angeles, CA 90004 ("Property") is reduced to

7    $189,050.  All amounts claimed as an exemption in the Property in excess of $189,050 are

8    disallowed.

9    IT IS SO ORDERED.

10    ###

23    Date: May 17, 2023

Sandra R. Klein
United States Bankruptcy Judge

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT H**

(Duly Recorded Real Property Deed of 322 N. June St., Los Angeles, California)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4865-0920-4701.1 78512.001



RECORDING REQUESTED BY
SAFECO TITLE INS. CO.

CENTURY BANK

AND WHEN RECORDED MAIL TO

**77-1376859**

Name: Leslie Klein and Erika Klein
Street Address: 613 N. Alta Vista
City & State: Los Angeles, California

Escrow No. 1449-NR    7720760

MAIL TAX STATEMENTS TO

Mail Tax Statements to Return Address Above

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA.
27 MIN.
PAST    9 A.M. DEC 14 1977
Recorder's Office

FEE
$3
J

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Individual Grant Deed
THIS FORM FURNISHED BY TICOR TITLE INSURERS

A.P.N.

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 353.00
( X ) computed on full value of property conveyed, or
(  ) computed on full value less value of liens and encumbrances remaining at time of sale.
(  ) Unincorporated area: (  ) City of _____ and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

HOWARD L. RAYKOFF AND JUDY H. RAYKOFF

hereby GRANT(S) to    LESLIE KLEIN AND ERIKA NOEMI KLEIN, AS TRUSTEES UNDER THE
KLEIN LIVING TRUST OF 1975,

the following described real property in the city of Los Angeles
County of    Los Angeles    , State of California:

Lot 300 of Tract 8320 as per map recorded in Book 98 Page 41 of maps in the office
of the County REcorder of said County.

Dated    July 8, 1977

Howard L. Raykoff
Judy H. Raykoff

STATE OF CALIFORNIA
COUNTY OF Los Angeles }ss.
On    11th July 1977    before me, the under-
signed, a Notary Public in and for said State, personally appeared

Howard L. Raykoff and Judy H. Raykoff

_____ known to me
to be the person s whose name s are subscribed to the within
instrument and acknowledged that    they    executed the same.
WITNESS my hand and official seal.

Signature    Irene M. Sells

OFFICIAL SEAL
IRENE M. SELLS
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires JAN 7, 1979
445 South Figueroa, Los Angeles, CA 90017
(This area for official notarial seal)

Title Order No. _____    Escrow or Loan No.    1449

MAIL TAX STATEMENTS AS DIRECTED ABOVE    7720760-53

END OF RECORDED DOCUMENT

1

## **EXHIBIT I**

2

(Duly Recorded Copy of Klein Living Trust, dated April 8, 1990 (Recorded April 11, 2013))

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law

4865-0920-4701.1 78512.001



**This page is part of your document - DO NOT DISCARD**



## 20130540038



**Pages:**
**0027**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/11/13 AT 11:27AM**

| | |
|---|---|
| FEES: | 93.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 93.00 |



**L E A D S H E E T**



**201304110940011**

**00007537718**



**004785000**

**SEQ:**
**01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

*E220504*



ER 1085

Recording Request By:
**Les Klein & Associates**
*and when recorded mail to:*

Name    **LES KLEIN & ASSOCIATES**
Mailing Address
       **14245 Ventura Blvd,3rd Floor**
City,State **Sherman Oaks, Ca.**
Zip Code **91423**

---

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

---

## SECOND AMENDED KLEIN LIVING TRUST

**Re:   ERIKA  NOEMI  KLEIN**

**County Recorder: Please see Page 22 - ARTICLE 10**

SECOND AMENDED KLEIN LIVING TRUST

## ARTICLE 1

### DECLARATION OF TRUST

Trust Establishment: LESLIE KLEIN and ERIKA NOEMI KLEIN, husband and wife, as settlors, will deliver to the trustee without consideration the property described in the attached schedule entitled "Trust Estate." The term "settlor" refers to one or both settlors. This Trust amends in its entirety the First Amended KLEIN Living Trust and revokes in its entirety both the KLEIN Living Trust and the first Amended KLEIN Living Trust. The Klein Living Trust and the first Amended KLEIN Living Trust was not recorded.

Trust Particulars: For convenient reference, the following information applies:

Settlors: LESLIE KLEIN and ERIKA NOEMI KLEIN

Name of trust: KLEIN Living Trust

Date established:  4/8/1990

First trustee: LESLIE KLEIN and ERIKA NOEMI KLEIN
as co-trustees

Children living: KENNETH KLEIN, an adult;
SHERI LEE KLEIN, born █████████
RICHARD KLEIN, born █████████
JASON KLEIN, born █████████

Property Status - Community: All property transferred to this trust is and shall remain community property after its transfer and shall be called the "community trust estate." Further, the trustee shall have the power to convey, encumber, or otherwise dispose of community property without the consent of either husband or wife, whether or not each is then capable of giving such consent.

## ARTICLE 2

### TRUST DURING SETTLORS' JOINT LIVES

Introduction:  The trustee shall hold, administer, and distribute all property during the joint lives of the settlors as follows:

Beneficiaries - Both Spouses:  The beneficiaries of this trust shall be as follows:

> Income beneficiaries: ·Class composed of the settlors for their joint lives

> Principal beneficiaries:  Class composed of the settlors for their joint lives

Community Income - Broad Standard:  The trustee shall pay to or for the income beneficiary's benefit as much of the net income of the community trust estate as necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living.  The trustee shall add to principal any net income not so distributed.

Community Principal - Broad Standard:  If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

Beneficiary's Incapacity - Ascertainable Standard:  If a court declared a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from he trust estate as is necessary for the beneficiary's health, education, or support to maintain the beneficiary;s accustomed manner of living.  The trustee shall make payments first form the community trust estate, then equally form the beneficiary's separate trust estates.  The trustee shall add to principal any income not distributed.

Community Payments - Special Duty:  The beneficiary receiving payments from the community trust estate shall have the ·same duty to use community income and principal allocations for the income

ER 1088

and principal beneficiary's benefit as that beneficiary has with respect to any other community property.

**Guidelines - Other Sources Considered:**  In making distributions, the trustee may (1) consider any other income or resources of a beneficiary known to the trustee and reasonably available;  (2) pay or apply for one beneficiary more than the other and may make payments or applications of benefits for one beneficiary to the exclusion of the other; and (3) consider the value of the trust assets, the relative needs, both present and future, of each beneficiary, and the tax consequences to the trust and to the beneficiaries

**Payments to Others:**  The settlors acting jointly may at any time direct the trustee in writing to pay single sums or periodic payments out of the community trust estate to any  persons or organization . Additionally, a settlor's conservator upon appropriate court order may exercise this power for payments qualifying for the federal gift tax annual donee exclusion.

**Revocation During Settlors' Lives:**  During the settlors' joint lives, either or both settlors may revoke from the trust the community trust estate in whole or in part by a written document delivered to the trustee that the trustee may require to be acknowledged.  On revocation, the trustee shall promptly deliver to both settlors or their designee the revoked portion of the community trust estate, which shall continue as the settlors' community property.  The trustee shall also provide an accounting of the trustee's acts for the period since the preceding accounting.  If the settlors revoke this trust with respect to all or a major portion of the trust estate, then the trustee may retain sufficient assets reasonable to secure payment of liabilities lawfully incurred by the trustee in the administration of the trust, unless the settlors indemnify the trustee against losses or expenses.

**Amendment During Settlors' Lives:**  The settlors acting together may at any time during their joint lives amend any of the terms of this trust by a written document delivered to the trustee.  No amendment shall substantially increase the trustee's duties and liabilities or change the trustee's compensation without the trustee's consent.  The trustee need not abide by the terms of the amendment until it is accepted.  If the settlors remove a trustee, the settlors shall pay to the trustee any sums due and shall indemnify the trustee against liabilities lawfully incurred by the trustee in the administration of the trust.

-3-

ER 1089

Powers of Revocation and Amendment Personal:  The settlors'
powers to revoke or amend this trust are personal to them, and no
guardian, conservator, or other person shall exercise them.

END OF ARTICLE

ARTICLE 3

TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH

Action at First Spouse's Death:  The first settlor to die shall
be the "deceased spouse," and the living settlor, the "surviving
spouse."  At the death of the deceased spouse but before the
trust assets are allocated as set forth below, the trustee shall
make the following distributions:

Deceased Spouse's Expenses and Taxes:  The trustee may, in the
trustee's reasonable discretion, pay from the trust estate the
deceased spouse's debts, last illness and funeral costs, and
expenses of administration for this trust and the deceased
spouse's debts to the deceased spouse's interest in the community
trust estate as the trustee determines in the trustee's
reasonable discretion.  However, the trustee shall further
allocate community debts between the deceased spouse's and
surviving spouse's trust interests in the trust estate according
to California law in effect at the deceased spouse's date of
death.

Allocation of Surviving Spouse's Property – Surviving Spouse's
Trust:  At the deceased spouse's death, the trustee shall
allocate the surviving spouse's interest in the community trust
estate to the Surviving Spouse's Trust.

Interrelated Marital Deduction Pecuniary Formula and Exemption
Residue - Distribution Date Values:  From the remainder of the
deceased spouse's interest in the community trust estate, the
trustee shall allocate the following gifts:

A. The Marital Deduction Trust

The Marital Deduction Trust shall consist of the minimum
amount that will entirely eliminate or reduce as far as possible

the federal estate tax, after allowance of all other deductions, when added to the sum of (a) the federal estate tax value of all other gifts passing under this instrument and outside this instrument included in the deceased spouse's gross taxable estate and qualified as federal estate tax marital deduction gifts; and (b) the exemption equivalent value of the allowable unified credit and state death tax credit (provided this latter credit does not increase the state death taxes paid) reduced by the federal estate tax value of all other gifts passing under this instrument and outside this instrument included in the deceased spouse's gross taxable estate but not qualified as federal estate tax marital or charitable deduction gifts and by all debts, administration expenses and charges to principal not allowed or utilized as federal estate tax deductions.  The amount so allocated to the Marital Deduction Trust is referred to as the Marital Deduction Amount.  If a portion of the deceased spouse's generation-skipping transfer exemption under Section 2631 of the Internal Revenue Code is allocated to the Marital Deduction Trust under paragraph E below and if the Marital Deduction Amount exceeds the portion of the exemption so allocated to the Marital Deduction Trust., the Marital Deduction Trust shall be divided into two trusts, known as Marital Deduction Trust A and Marital Deduction Trust B.  Marital Deduction Trust A shall consist of an amount equal to the portion of the deceased spouse's exemption allocated to the Marital Deduction Trust; Marital Deduction Trust B shall consist of the balance of the Marital Deduction Trust.  Each of Marital Deduction Trust A and Marital Deduction Trust B shall constitute separate and independent trusts.

### B.  The Credit Trust

The Credit Trust shall consist of the balance of the deceased spouse's community property trust estate.

### C. Funding of Trusts

All trusts may be funded in cash or in kind, partly in each. However, the Marital Deduction Trust, or Marital Deduction Trust A and Marital Deduction Trust B, as the case may be, shall only be funded with assets includable in the deceased spouse's gross estate and eligible for the marital deduction.  Assets allocated in kind to the Marital Deduction Trust, or to Marital Deduction Trust A and Marital Deduction Trust B shall be valued either at their values on the date of distribution to the Marital Deduction Trust or Trusts, or at their final federal estate tax values.  If final federal estate tax values are used, assets allocated in kind shall be fairly representative of appreciation or depreciation in value for all assets available for distribution.  The trustee shall not allocate to either Marital Deduction Trust (1) any interest in life insurance policies or (2) assets that are, by reason of the deceased spouse's death, subject to any tax in any foreign country, except to the extent

ER 1091

-5-

the value of those assets exceeds the value of the Credit Trust created in paragraph B above.

D. Marital Deduction and Generation Skipping Elections.

The settlors direct the trustee to elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all of the property allocated to the Marital Deduction Trust as qualified terminable interest property.  If, however, the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, the trustee shall elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all of the property allocated to Marital Deduction Trust A as qualified terminable interest property and my executor may, but is not required to elect under Section 2056 (b)(7) of the Internal Revenue Code to treat all or any part of the property allocated to Marital Deduction Trust B as qualified terminable interest property.  The trustee shall not be liable to any beneficiary under this instrument by reason of making or not making such an election with respect to Marital Deduction Trust B.  If the trustee makes an election with respect to only a part of the property allocated to Marital Deduction Trust B, the trustee shall divide Marital Deduction Trust B into separate trusts to reflect the partial election, according to the fair market value of the assets of Marital Deduction Trust B at the time of the division.  The portion of Marital Deduction Trust B with respect to which the election has not been made shall be known as "Non-Qualified Marital Deduction Trust B" and the portion of Marital Deduction Trust B with respect to the election has been made shall be known as "Qualified Marital Deduction Trust B."  The trustee shall elect under Section 2652 (a)(3) of the Internal Revenue Code to treat the deceased spouse as the transferor of the Marital Deduction Trust or, if the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, to treat the deceased spouse as the transferor of Marital Deduction Trust A.

E. Allocation of Generation Skipping Exemption

The portion of the deceased spouse's generation-skipping transfer exemption under Section 2631 of the Internal Revenue code which was not allocated during the lifetime of the deceased spouse shall be allocated by the trustee first to direct skips, if any, occurring under the provisions of this trust by reason of the deceased spouse's dearth.  If the aggregate value of such direct skips, as finally determined for federal estate tax purposes, exceeds that exemption, the unused portion of the exemption shall be allocated among the direct skips pro-rata in accordance with their respective values.  The remaining unused portion, if any, of the exemption shall next be allocated to the Credit Trust and the balance, if any, shall be allocated to the Marital Deduction Trust; provided, however, that if the Marital Deduction Trust is divided into Marital Deduction Trust A and Marital Deduction Trust B, the balance shall be allocated to Marital Deduction Trust A.

-6-

ER 1092

Special Allocation Guidelines:  In computing the interrelated exemption-marital gifts, the trustee shall disregard all assets that would disqualify the marital deduction.  In all other respects, the trustee shall have the sole discretion to select the assets that will constitute the marital gift.  In exercising that discretion, the trustee shall consider the tax advantages and disadvantages of allocating to the marital gift the following:

    (1)  Assets not qualifying for the marital deduction;

    (2)  Assets qualifying for the federal estate tax foreign death taxes credit;

    (3)  Securities qualifying for Internal Revenue Code capital gain corporate  stock redemption, unless they exceed the maximum number of shares qualifying for such redemption;

    (4)  Assets qualifying as Internal Revenue Code income in respect of decedent;

    (5)  United States Treasury bonds eligible for redemption at par as payment of federal estate taxes; and

    (6)  Unmatured life insurance policies.

Additionally, the trustee shall allocate to the exemption equivalent gift that amount of any retirement, profit-sharing, or death benefit plan excluded from federal estate taxes.

    Also, the trustee shall charge and pay from the exemption equivalent gift to the extent of reasonably available assets:

    (1)  All death taxes payable from such gift; and

    (2)  All debts and expenses for administration deducted against fiduciary income.

Further, the trustee may or may not fund all trusts prorata with insurance proceeds, retirement plan distributions, or other contract payments that are paid to the trustee, unless the beneficiary designations specifically earmark a particular trust.


Death Taxes - Statutory Provisions and Exemption Gift: The deceased spouse directs the trustee to charge and collect all federal death taxes for assets passing under this trust, under the deceased spouse's will, and outside the deceased spouse's trust or will from those persons sharing in the deceased spouse's taxable estate in accordance with California Probate Code

ER 1093

provisions for death tax apportionment and allocation.  However, as three exceptions, the deceased spouse directs the trustee to pay from the exemption equivalent gift, without apportionment among the beneficiaries, (1) all federal death taxes chargeable to any assets passing under or outside this trust or the deceased spouse's will constituting federal estate tax marital deduction gifts;  (2)  all federal death taxes chargeable to any family allowance; and (3)  all federal death taxes chargeable to any gift under this trust or the deceased spouse's will designated as "free of all death taxes."  The deceased spouse recognizes and confirms that such statutes provide that if a beneficiary's gift contributes to the taxable estate, the beneficiary must pay a proportionate share of the tax calculated at the average tax rate.  Further, the deceased spouse directs that all state death taxes shall be charged and collected in the same manner as the federal death taxes and not as a probate administration expense. To the extent other assets are available, the trustee shall not use any qualified retirement plan distribution excluded from federal estate tax under the Internal Revenue Code to pay taxes, debts, or other charges enforceable against the deceased spouse's estate.


Revocation - Surviving Spouse's Trust:  After the allocation of the trust estate, the following provisions regarding revocation and amendment shall apply:

     (1) Surviving Spouse's Trust:  The surviving spouse may revoke and amend the Surviving Spouse's Trust subject to the qualifications contained in Article 1.

     (2)  Other Trusts:  All other trusts shall become irrevocable and nonamendable.

<div align="center">END OF ARTICLE</div>


<div align="center">ARTICLE 4</div>


<div align="center">SURVIVING SPOUSE'S TRUST</div>


Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Surviving Spouse's Trust as follows:


Beneficiary - Surviving Spouse:  The beneficiary of this trust shall be as follows:

          Income beneficiary:  Surviving spouse

<div align="center">-8-</div>

Principal beneficiary:   Surviving spouse


Income – Broad Standard:   The trustee shall pay to or for the
income beneficiary as much of the net income as the trustee
considers necessary for the income beneficiary's health,
education, support, comfort, welfare, or happiness to maintain
at a minimum the income beneficiary's accustomed manner of
living.   The trustee shall add to principal any net income not so
distributed.


Principal – Broad Standard:   If the trustee considers the income
insufficient, the trustee shall pay to or for the principal
beneficiary as much of the principal as is reasonably necessary
for the principal beneficiary's health, education, support,
comfort, welfare, or happiness to maintain at a minimum the
principal beneficiary's accustomed manner of living.


Surviving Spouse's Lifetime Income and Principal General Power of
Appointment – Broad Standard:   At any time during the surviving
spouse's life, the trustee shall distribute all or any part of
the trust, including accrued income and undistributed income, to
such one or more persons and entitles, including the surviving
spouse or the surviving spouse's estate, and on such terms and
conditions, outright, in trust, or by creating further powers of
appointment, as the surviving spouse shall request by an
acknowledged document that specifically refers to this power of
appointment.


Surviving Spouse's Deathtime Income and Principal General Power
of Appointment:   On the death of the surviving spouse, the
trustee shall distribute the remainder, if any, of the trust,
including accrued income and undistributed income to such one or
more persons and entitles, including the surviving spouse's
estate, and on such terms and conditions, either outright, in
trust, or by creating further powers of appointment as the
surviving spouse shall appoint by a valid instrument or lifetime
document that was executed after the deceased spouse's death and
specifically refers to this power of appointment.   If the
surviving spouse does not effectively appoint all the trust
estate, the trustee shall distribute such property according to
the distribution provisions below.


Distribution – Credit Trust:   At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed

-9-

ER 1095

income to the surviving spouse's estate, and (2) any remaining principal according to the Credit Trust distribution provisions.

Spouse's Last Illness Expenses and Taxes:  At the surviving spouse's death, the trustee, in the trustee's reasonable discretion, may pay the expenses of the surviving spouse's last illness and funeral, other obligations incurred for the surviving spouse's support, and any estate or inheritance taxes arising by reason of the surviving spouse's death from either income or principal of this trust to the extent they have not been specifically appointed, unless other adequate provisions exist.

Death Taxes - Surviving Spouse's Will:  The surviving spouse directs the trustee and the surviving spouse's executor to charge and collect all federal death taxes for assets passing under the surviving spouse's will and outside the surviving spouse's will from those persons sharing in the federal taxable estate in accordance with the California Probate Code provisions for death tax apportionment and allocation.  Further, the surviving spouse directs the trustee to charge and collect all state death taxes in the same manner as the federal death taxes and not as probate administration expenses.  These tax directions shall not apply to any gifts passing under the surviving spouse's will or under this trust designated as "free of all death taxes," and the trustee shall pay all such death taxes form the remainder of the trust estate without apportionment among the beneficiaries.

END OF ARTICLE

ARTICLE 5

MARITAL DEDUCTION TRUST

Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Marital Deduction Trust as follows:

Beneficiary - Surviving Spouse:  The beneficiary of this trust shall be as follows:

          Income beneficiary:  Surviving spouse

          Principal beneficiary:  Surviving spouse

ER 1096

-10-

Income - Entire:  The trustee shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually.

Principal - Ascertainable Standard:  If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

Guidelines - Other Sources, One Beneficiary:  In making distributions, the trustee, in it s reasonable discretion, may consider any other income or resources of the beneficiary known to the trustee and reasonably available.

Distribution - Credit Trust:  At the surviving spouse's death, the trustee shall distribute (1) any accrued and undistributed income to the surviving spouse's estate, and (2) any remaining principal according to the Credit Trust distribution provisions.

QTIP Election - Optional:  The settlors authorize the trustee, in the trustee's absolute discretion, to make or not make the election provided by section 2056 (b)(7)(B)(v) of the Internal Revenue Code to treat all or a portion of the Marital Deduction Trust as qualified terminable interest property for the purpose of qualifying all or a specific portion of the trust for the federal estate tax marital deduction.  The settlors recognize that if the trustee does not make such an election, the Marital Deduction Trust will not qualify for such marital deduction.  In exercising such discretion, the trustee may consider all relevant factors, including the potential benefits and detriments of reducing the federal estate tax on the deceased spouse's trust estate and increasing such tax on the estate of the surviving spouse's gross estate such appreciation in value of the marital deduction share as may occur after the deceased spouse's death and before the surviving spouse's death.  This discretion of the trustee shall be absolute, notwithstanding any beneficial or adverse effect the making or not making of this election may have on the deceased spouse's estate, the surviving spouse's estate, or the beneficiaries of these estates.  The trustee shall not incur personal liability for exercising or not exercising this election, and the deceased spouse's estate shall hold the trustee harmless against all claims with regard to the election.  The discretion under this clause is not limited by the wording of the Marital Deduction Intention clause.  If the trustee makes that election, the settlors further request, but do not require, that

-11-
-12-

-12-

the trustee make an election under Section 5652 (a)(3) of the
Internal Revenue Code to treat that property, for purposes of
Chapter 13 of the Internal Revenue Code, as if the election had
not been made.  The trustee shall not be liable to any
beneficiary by reason of making or not making these elections.
If the trustee decides not to make these elections, the trustee
shall notify the surviving spouse of the decision in writing at
least 30 days before the due date plus any extensions for filing
the deceased spouse's federal estate tax return.

Tax Payment to Spouse's Estate:  On demand of the appropriate
fiduciary representing the surviving spouse's estate, the trustee
of the Marital QTIP trust shall distribute to that fiduciary
property equal to the amount of any federal estate tax that such
fiduciary requests up to the amount that the federal and state
tax codes entitle the surviving spouse's estate to recover.  If
no such fiduciary exists, the trustee shall pay directly to the
taxing authorities any such death taxes.

Marital Deduction Intention:  The deceased spouse intends that
this marital trust qualify for the marital deduction provisions
of the Internal Revenue Code.  Therefore, the deceased spouse
directs that the trustee not take any action or exercise any
power that will impair the marital deduction.  Further, the
deceased spouse specifically directs that the following
provisions apply to the marital trust, notwithstanding contrary
provisions in this instrument:

        (1) The surviving spouse, by written instrument
delivered to the trustee, shall have the right to direct the
trustee to convert any non-income-producing property, including
life insurance policies, to income-producing property, and the
trustee shall comply with any such direction within a reasonable
time after its receipt;

        (2) The trustee shall determine all matters with
respect to what is principal and income and the apportionment and
allocation of receipts and expenses by the provisions of the
California Revised Uniform Principal and Income Act from time to
time existing and shall establish reserves for depreciation and
depletion.  When such act is silent, the trustee, in the
trustee's reasonable discretion, shall determine the
characterization and allocation;

        (3) For all bonds purchased at a discount, the trustee
shall, at least annually, accumulate and pay each discount as
interest if necessary from principal or the sale or redemption
proceeds;

-12-

-13-

ER 1098

(4) The surviving spouse shall have the right to continue to occupy any real property free of rent in which the trust holds an interest and which the settlors used regularly or occasionally as a residence ar vacation home at the time of the deceased spouse's death.  However, the surviving spouse, in the surviving spouse's discretion, may direct the trustee to sell any such property and replace it with another residence of comparable or lower value selected by the surviving spouse.  The trustee shall pay such portion of the mortgage or trust deed payments, property taxes, assessments, insurance, maintenance, and ordinary repairs on all such property as is proportional to the interest in such property held in the trust.

(5) If the trustee redeems treasury bonds at par to pay the deceased spouse's federal estate tax liability, the trustee shall consider any accrued interest on such bonds in calculating the payment of income from the marital trust to the surviving spouse.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 6</div>

<div align="center">CREDIT TRUST</div>

Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Credit Trust as follows:

Beneficiaries - Surviving Spouse, Settlors' Descendants:  The beneficiaries of this trust shall be as follows:

> Income beneficiary:  Surviving spouse, settlors' children
>
> Principal beneficiary:  Surviving Spouse, settlors' children

Income - Ascertainable Standard:  The trustee shall pay to or for the income beneficiary's health, education, or support to maintain the income beneficiary's accustomed manner of living.  The trustee shall add to principal any net income not so distributed.

Principal - Ascertainable Standard:  If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary

ER 1099

for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

**Division on Death of Surviving Spouse:**  Upon the death of the surviving spouse, the trustee shall divide the trust estate into as many shares as there are children of the settlors then living. Each child shall thereupon be an income and principal beneficiary only to the extent of the share allocated to him or her, and the ascertainable standards specified in paragraphs 6.03 and 6.04 of this Article shall govern the trustee's discretion with respect to distributions of income and principal respectively of the child's share to the child.

**Distribution - Progressive Ages:**  Upon a child's attainment of age 21, the trustee shall distribute to that child, outright, the percentage of the then remaining balance of the trust estate. Should a child predecease complete distribution of his or her share survived by issue, then the issue of such child shall take his or her distributive share by right of representation; provided, however, that should a child predecease complete distribution of his or her share without issue, then the then-remaining balance of his or her share shall augment the shares of the then-surviving children of the settlors equally.

<div align="center">END OF ARTICLE</div>

<div align="center">ARTICLE 7</div>

<div align="center">OFFICE OF TRUSTEE</div>

**Nomination of Trustees for All Trusts:**  For all trusts under this instrument, the trustee and successor trustees shall be those persons named below.  Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

Trustee:  settlors as co-trustees

Successors:

First:  surviving settlor

Second: KENNETH KLEIN

<div align="center">-14-</div>

ER 1100

Employment of Consultants - General:  The trustee may employ
custodians, attorneys, accountants, investment advisers,
corporate fiduciaries, or any other agents or advisers to assist
the trustee in the administration of this trust and may rely on
the advice given by these agents.  The trustee shall pay
reasonable compensation for all services performed by these
agents from the trust estate out of either income or principal as
the trustee in the trustee's reasonable discretion determines.
These payments shall not decrease the compensation to which the
trustee is entitled.

Exculpatory Clause - All Trustees:  No trustee shall be liable to
any person interested in this trust for any act or default unless
it results from the trustee's bad faith, willful misconduct, or
gross negligence.

Waiver of Liability for Predecessor Trustee:  Any successor
trustee may accept as correct any accounting of trust assets made
by any predecessor trustee.  However, a successor trustee may
institute any action or proceeding for the settlement of the
accounts, acts, or omissions of any predecessor trustee.

Bond - Waiver:  No trustee, including nonresidents, shall be
required to post bond or security.

Trustee Self-Dealing - Loan, Buy, and Sell:  The trustee shall
have the power to loan or advance the trustee's own funds to the
trust for any trust purpose, with interest at current rates, to
receive security for such loans in the form of a mortgage,
pledge, deed of trust, or other encumbrance of any assets of the
trust, to purchase or exchange assets of the trust at their fair
market value as determined by an independent appraise, to sell
property to the trust at a price not in excess of its fair market
value as determined by an independent appraise, and to lease
assets to or from the trust for fair rental value as determined
by an independent appraise.

Trustee and Executor Transactions - Self-Dealing Permitted:  The
trustee and the executor of the settlor's estate may freely
contract financial transactions between themselves, such as the
purchase and sale of assets and the making of loans, secured and
unsecured, notwithstanding each office being held by the d\same
person and apparent conflicts of interest.

<p align="center">END OF ARTICLE</p>

ER 1101

ARTICLE 8

TRUSTEE MANAGEMENT POWERS

Introduction:  For all trusts under this instrument, the trustee shall have the management powers set forth below in addition to those powers now or hereafter conferred by law.

Retain or Abandon Property:  The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

Unproductive Property:  Except when specifically restricted, the trustee shall have the power to retain , purchase, or otherwise acquire unproductive property.

Sell, Exchange, Repair:  The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

Lease:  The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

Investments - General Power:  The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixes, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

ER 1102

Private Accounting:  The trustee shall annually render an account of its administration of the trusts under this instrument to all of the current income and current principal beneficiaries who are then adults.  The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the accounting.  To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests.  Except as provided in this paragraph, any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law.

Principal and Income - Act Governs:  The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing.  When this instrument or such Act does not provide, the Trustee, in the Trustee's reasonable discretion, shall determine the characterization.

Depreciation Reserve - Mandatory:  The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the California Revised Uniform Principal and Income Act.

Undistributed Income:  Income accrued or unpaid on trust property when received into the trust shall be treated as any other income.  Income accrued or held undistributed by the trustee at the termination of any trust or any interest in a trust created under this instrument, other than a trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it.  Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

Expense Allocation - Proration:  The trustee shall prorate all taxes and current expenses among successive beneficiaries over the period to which they relate on a daily basis.

Tax Consequences - Adjustment:  The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any

-17 -

beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

Multiple Trusts - No Physical Division:  If this instrument creates more than one trust, the trustee shall not be required to physically segregate or divide assets among the various trusts, except on the termination of any of the trusts.  However, the trustee shall keep separate undivided interests, and the trust may hold undivided interests in the same assets.

Death Taxes of Beneficiary - Authority to Pay:  The trustee, in the trustee's reasonable discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax).  However, any trust property otherwise exempt from federal estate tax shall not be subject to the payment of any such death taxes.

Beneficiary's Last Illness and Funeral Expenses:  The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

Distributions - Consideration of Basis of Assets:  In making nonprorata distributions to the beneficiaries, the trustee shall consider and attempt to equalize, insofar as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries.  Any such determination by the trustee shall bind all parties in interest.

Distributions and Powers of Appointment:  If, on expiration of the later of either six (6) months after the death of any person holding a power of appointment created by this instrument or the expiration of the statutory period which a will contest must be files, the trustee has not received any document purporting to exercise the power, the trustee may distribute any property according to the terms of this instrument as if the  power had not been exercised.  If a document purporting to exercise the power is subsequently located, the trustee shall not be liable to the appointees under that exercise, and the rights of the appointees and the persons receiving property from the trustee shall follow applicable law.

Distribution - Broad Powers:  When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata.  Also, the trustee may make such

-18-

ER 1104

sales, of the trust property as the trustee deems necessary to accommodate such distributions.

Deferral of Division and Distribution: If the trust directs distribution of the trust estate or division into separate trusts, then the trustee may, in the trustee's reasonable discretion, defer that distribution or division for six months. When the trustee so defers, the trustee shall make the distribution or division as if it had taken place at the time prescribed in the absence of this paragraph, and all beneficiary rights in those trust assets shall accrue and vest as of the prescribed time.

Small Trust Termination - Trustee Discretion:  The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer.  The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings, account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the California Uniform Transfers to Minors Act; or (4) distribute the trust assets as provided by law.  On such distribution and delivery, the trust shall terminate.  The trustee shall not be liable or responsible to any person for its action or for its failure or refusal at any time to terminate the trust as authorized in this paragraph

Payment of Income or Principal - Trustee's Discretion To Select Payee:  If Income or principal is payable to a minor, to a person under legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable to manage the distribution properly, then the trustee may, in its reasonable discretion, pay such income or principal in any of the following ways:  (1)  to the beneficiary directly, (2) to the legally appointed guardian or conservator of the beneficiary,  (3)  to a custodian for the beneficiary under the California Uniform Transfers to Minors Act,  (4) for the benefit of the beneficiary, or  (5)  to an adult relative or friend in reimbursement for amounts property advanced for the benefit of the beneficiary.

Back-up Trust for Minor Beneficiary's Distribution:  Except when this instrument provides otherwise, the trustee shall delay outright distribution of any minor beneficiary's interest in a trust by continuing in a separate trust such minor's share. subject to any trustee discretion to terminate a small trust or court-ordered termination.  The trustee shall add all income to principal and pay to and for the benefit of the minor beneficiary as much of the trust estate as is necessary for the minor beneficiary's health, education, support, or maintenance in the minor beneficiary's accustomed manner of living taking into account the minor beneficiary's other income and resources known to the trustee and reasonably available for that purpose.  When

-19-

ER 1105

Bonds - Limitations:  The trustee shall have the power to purchase bonds either at a premium or at a discount.  For bonds purchased at a premium, the trustee shall, in a reasonable manner, periodically repay to principal each premium from interest on the bond or sale or redemption proceeds.  For bonds purchased at discounts, the trustee shall periodically accumulate each discount as interest and, to the extent necessary, pay such discount out of principal or from the sale or redemption proceeds.

Invest in Life Insurance:  The trustee shall have the power to acquire and maintain life insurance policies on the life of any person, including a trust beneficiary, and to exercise all rights of ownership granted to such policies.

General Partnership Restriction:  The trustee, in the trustee's absolute discretion, shall have the election to act only as a limited partner of any general partnership in the trust and shall take any action necessary to effect this election.

Treasury Bonds - Special Tax Redemptions:  The trustee shall have the power to purchase at less than par obligations of the United States of America that are redeemable at par in payment of any federal estate tax liability of a settlor in such amounts as the trustee deems advisable.  The trustee shall exercise this discretion if the trustee believes that a settlor is in substantial danger of death, and the trustee may borrow funds and doubt concerning the desirability of making the purchase and its amount in favor of making the purchase and in purchasing a larger, even though somewhat excessive, amount.  The trustee shall not be liable to a settlor, any heir, or any beneficiary of this trust for losses resulting from purchases made in good faith.  The trustee shall redeem such obligations to the fullest extent possible in payment of a settlor's federal estate tax liability.

<div align="center">END OF ARTICLE</div>

<div align="center">TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS</div>

Introduction:  For all trusts under this instrument, the trustee shall have the following powers and duties for accounting and tax matters.

<div align="center">-20-</div>

Securities:  The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

Investment Funds:  The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment counsel employed by the trustee, in mutual funds, money market funds, and index funds that investors of prudence, discretion, and intelligence acquire for their own account.

Nominee's Name:  The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, or in the trustee's own name, or in the name of a nominee, or the trustee may hold securities unregistered in such condition that ownership will pass by delivery.

Insurance:  The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

Borrow - General:  The trustee shall have the power to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or by otherwise securing the indebtedness of the trust or the joint indebtedness of the trust and s co-owner of trust property.

Loan:  The trustee shall have the power to loan money to any person, including a trust beneficiary or the estate of a trust beneficiary, at prevailing interest rates and with or without security as the trustee deems advisable.

ER 1107

the minor beneficiary attains majority, the trustee shall
distribute the trust estate to the beneficiary outright. If the
minor beneficiary dies before distribution, the trustee shall
distribute the trust estate to the beneficiary's estate.

END OF ARTICLE

ARTICLE 10

TRUST ADMINISTRATION PROVISIONS

Introduction: The following additional trust provisions shall
apply under this instrument.
Upon death of either Trustor: This Trust shall be recorded with death certificate.
with the county recorder where decedent resided. *death certificate attached*
Spendthrift Provision: No beneficiary shall anticipate, assign,
encumber, or subject to any creditor's claim or to legal process
any interest in principal or income before its actual receipt by
any beneficiary. The beneficial and legal interests in this
trust, its principal, and its income shall be free from
interference or control of any beneficiary's creditor and shall
not be subject to claims of any such creditor or liable to
attachment, execution, bankruptcy, or other process of law.

Perpetuities Savings Clause - Surviving Spouse and Descendants:
All trusts created by this instrument or by the exercise of any
power of appointment shall terminate 21 years after the death of
the surviving spouse and of settlors' descendants living at the
surviving spouse's death.

California Law Governs; California law shall govern the validity,
construction, interpretation, and administration of this trust.

No contest-contestant disinherited; If an beneficiary in any
matter directly or in directly contests or attacks this
instrument any interest in the trust given to that contesting
beneficiary is revoked and shall be dispose as if that contesting
beneficiary had predeceased the settlor.

Survivorship requirement; Surviving spouse or beneficiaries must
survive the settlor for 60 days before entitlement to such gifts.

Educational expenses; Education expenses shall include the cost
of elementary, secondary, college, and travel for foreign study.
the trustee may also consider the beneficiaries related living
expenses to the extent that they are reasonable.
DATED: _7/8/1990_    *Schedule "A" attached.*

_____
SETTLOR
LESLIE KLEIN

-22-

ER 1108

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/06)

3201219050694

STATE FILE NUMBER — LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| ERIKA | NAOEMI | KLEIN |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX |
|---|---|---|---|---|
| 09/01/1947 | 65 | | | F |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| GERMANY | 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 | YES [X] NO [ ] UNK | MARRIED | 12/12/2012 | 2115 |

| 13. EDUCATION – Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/A(H)/SPANISH? (If yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| BACHELOR | YES [ ] [X] | CAUCASIAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED. | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| HOMEMAKER | OWN HOME | 42 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 322 N. JUNE ST. |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS ANGELES | LOS ANGELES | 90004 | 42 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| LESLIE KLEIN, HUSBAND | 322 N. JUNE ST., LOS ANGELES, CA 90004 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| LESLIE | | KLEIN |

| 31. NAME OF FATHER/PARENT–FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| KOLEV | | GESTETNER | HUNGARY |

| 35. NAME OF MOTHER/PARENT–FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| TERESA | | SOLOMON | HUNGARY |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 12/13/2012 | JERUSALEM; ISRAEL  HAR HAMENUCHOS CEMETERY |

| 41. TYPE OF DISPOSITION(S) | 43. LICENSE NUMBER |
|---|---|
| TR/BU  NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| CHEVRA KADISHA MORTUARY | FD1326 |  JONATHAN FIELDING, MD | 12/13/2012 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| CEDARS-SINAI MEDICAL CENTER | [X] IP  ER/OP  DOA |  Hospice  Nursing Home/LTC  Decedent's Home  Other |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| LOS ANGELES | 8700 BEVERLY BLVD | WEST HOLLYWOOD |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) CARDIOPULMONARY ARREST | 5 MINS. | YES [ ] NO [X] |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) METASTATIC COLON CANCER | 6 MTHS. | 109. BIOPSY PERFORMED? YES [ ] NO [X] |
| (C) | | 110. AUTOPSY PERFORMED? YES [ ] NO [ ] |
| (D) | | 111. USED IN DETERMINING CAUSE? YES [ ] NO [ ] |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR |
|---|---|
| NO | YES [ ] NO [X] UNK [ ] |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since / Decedent Last Seen Alive |  MICHAEL T DUFFY M.D. | G59599 | 12/12/2012 |

| (A) mm/dd/ccyy | (B) mm/dd/ccyy | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|---|---|
| 09/--/2011 | 12/12/2012 | MICHAEL T DUFFY M.D. 9400 BRIGHTON WAY #300, BEVERLY HILLS, CA 90210 |

**CORONER USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. MANNER OF DEATH | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|---|
| | Natural [ ] Accident [ ] Homicide [ ] Suicide [ ] Pending Investigation [ ] Could not be determined [ ] | YES [ ] NO [ ] UNK [ ] | | |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| |

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|
| |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| | | |

**STATE REGISTRAR**

| A | B | C | D | E | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|
| | | | | | | |

*010001002224734*

This is a true certified copy if the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

*Jonathan E. Fielding, MD*
VE

Director of Public Health and Registrar

DATE ISSUED

**DEC 13 2012**

*HD3041577*

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar. FBNCO (REV) 08/11

**ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE**

DATED: 4/8/1990                         _____
                                        SETTLOR ✓
                                        ERIKA NOEMI KLEIN


DATED: 4/8/1990                         _____
                                        TRUSTEE
                                        LESLIE KLEIN


DATED: 7/8/1990                         _____
                                        TRUSTEE
                                        ERIKA NOEMI KLEIN


The settlors' attorney approves this Declaration of Trust.

Dated:

        4/8/1990

                          LESLIE KLEIN  _____
                                        KLEIN AND CUTLER
                                        Attorneys for
                                        settlors


ACKNOWLEDGMENT FOR SETTLORS AND INITIAL CO-TRUSTEES

COUNTY OF LOS ANGELES          )
STATE OF CALIFORNIA            )

On ___4/8___ 1990, before me, the undersigned, a Notary
Public for this State, personally appeared _Leslie Klein_
and _Erika Klein_ personally known to me or proved to me
on the basis of satisfactory evidence to be the settlors and
initial co-trustees of the trust created by this instrument and
to be the persons whose names are subscribed to this instrument
and who acknowledged its signing as the settlors.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

                          _____
                          Notary Public

                          VINCENT E. CORONEL

(Seal)      OFFICIAL SEAL
            VICENTE E. CORONEL
            NOTARY PUBLIC - CALIFORNIA
            LOS ANGELES COUNTY
            My Comm. Expires Dec. 17, 1993

                          -23-

## SCHEDULE "A"

Real property located in the County of Los Angeles, State of California, more particularly described as follows:

Lot 146 of Tract 4891 as per Map recorded in Book 52 Page 57 of Maps in the office of the County Recorder of said County.

APN NO: 5527-014-022
Commonly known as:  730 N. Laurel Avenue, Los Angeles, Ca.

Real property located in the County of Los Angeles, State of California, more particularly described as follows:

Lot 300 of Tract 8320 as per Map recorded in Book 98 Page 41 of Maps in the office of the County recorder of said County.

APN NO: 5523-033-008
Commonly known as: 322 N. June Street, Los Angeles, Ca.

-24-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

**<u>EXHIBIT J</u>**

(Complaint [Adv. Docket No. 6])

4865-0920-4701.1 78512.001

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
          jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | Case No. 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee,, | **FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | |
| Defendants. | |

Bradley D. Sharp (**"Plaintiff"** or **"Trustee"**), the duly appointed trustee for the chapter 11 estate of Leslie Klein (the **"Debtor"**) brings this adversary proceeding against the defendants named herein. Plaintiff alleges as follows:

### **INTRODUCTION**

1.    On February 22, 2023 (the **"Petition Date"**), the Debtor commenced a voluntary chapter 11 case in the United States Bankruptcy Court for the Central District of California (Los Angeles Division) Case No. 23-10990-SK (the **"Bankruptcy Case"**).

4889-2964-7549.3 78512.001

2. At the time the Bankruptcy Case was commenced, an estate was created by operation of law, pursuant to 11 U.S.C. § 541, of all legal and equitable interests of the Debtor in property.

3. On March 8, 2023, the Debtor filed his schedules of assets and liabilities and statement of financial affairs [Docket No. 34] (the "**SOFAs**") reflecting that the real property located at 322 N. June St., Los Angeles, California (the "**Property**") is 50% owned by the Debtor's bankruptcy estate, 50% owned by an alleged marital deduction trust (the "**MDT**") of the Debtor's deceased spouse, Erika Klein, and a life estate held by Barbara Klein ("**Barbara Klein**"), the Debtor's current spouse. A true and correct copy of the SOFAs are annexed hereto as **Exhibit A**.

4. Plaintiff seeks a determination that the Property is solely owned by the Debtor's bankruptcy estate and not held or own by the MDT, Barbara Klein, or any other party.

5. The resolution of this disputed issue is critical to the underlying bankruptcy case because the Property has substantial value and will materially affect distributions to the creditors holding allowed claims against the Debtor and his bankruptcy estate.

### JURISDICTION

6. This Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, 11 U.S.C. § 105, and Federal Rules of Bankruptcy Procedure 7001.

7. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1409.

8. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### PARTIES

9. On May 23, 2023, the Office of the United States Trustee (the "**OUST**") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151]. On May 24, 2023, the OUST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered the same day [Docket No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156] as the chapter 11 trustee of the Debtor's bankruptcy estate.

10.     Leslie Klein, the Debtor, is an individual who is a debtor in the above-captioned bankruptcy case and resides in Los Angeles, California in the Property.

11.     The *Second Amended Klein Living Trust*, dated April 8, 1990 (the "**Klein Living Trust**"), is a living trust that was settled by the Debtor and his former/deceased spouse, Erika Klein. A true and correct copy of the Klein Living Trust is annexed hereto as **Exhibit B**.

12.     The MDT (*i.e.*, the *Marital Deduction Trust of Erika Klein*) was purportedly created and funded in connection with the death of Erika Klein on or around December 2012.

13.     The *Survivor's Trust of Leslie Klein* (the "**Survivor's Trust**") is a trust that was purportedly created at the time of Erika Klein's death as a successor to the Klein Living Trust.

14.     Barbara Klein, an individual, is the current spouse of the Debtor.

## THE PROPERTY

15.     The only and the most recently recorded deed (the "**Property Deed**") relating to the Property reflects that on or about July 8, 1977, the Property was granted to Leslie Klein and Erika Noemi Klein, as Trustees under the Klein Living Trust of 1975.  A true and correct copy of the Property Deed is annexed hereto as **Exhibit C**.

16.     The Klein Living Trust reflects that it amends and supersedes the "Klein Living Trust" and the "First Amended Klein Living Trust." *See* Klein Living Trust, Art. 1.

17.     On April 29, 2024, the Debtor's current counsel sent an email (the **"April 29 Email"**) to the Plaintiff's counsel stating that "A Trust owns 100% of the June Street Property and the 2 Israel properties." A true and correct copy of the April 29 Email is annexed hereto as **Exhibit D**. The Plaintiff understands the reference to the "A Trust" to mean the MDT.

18.     On or about May 3, 2024, the Debtor, through his current counsel, produced documents in response to a formal discovery demand by the Trustee. The produced documents included the Klein Living Trust and a typed document (the "**Klein Trust Property Schedule**") that purports to reflect the property division between the MDT and the Klein Living Trust as a result of the death of Erika Klein. A true and correct copy of the Klein Trust Property Schedule is annexed hereto as **Exhibit E**.

19.     The Klein Trust Property Schedule is undated, unexecuted, and unrecorded, and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ER 1115

there is no evidence that indicates when the schedule was created.

## FIRST CLAIM FOR RELIEF

### (Quiet Title)

20.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

21.     As of the Petition Date, the Property Deed reflects that the Property is owned by the Klein Living Trust.

22.     On or about March 8, 2023, the Debtor represented under penalty of perjury in the SOFAs that the Property was owned 50% by his bankruptcy estate and 50% by the MDT. The Trustee is unaware of any documents to support that the MDT owns 50% of the Property or any other interest in the Property.

23.     On or about March 8, 2023, the Debtor represented under penalty of perjury in the SOFAs that Barbara Klein holds a life estate in the Property. The Trustee is unaware of any documents to support any life estate held or owned by Barbara Klein or any other interest in the Property.

24.     On or about May 3, 2024, the Trustee received the undated, unexecuted, unrecorded Klein Trust Property Schedule that purports to indicate that the Property is 100% owned by the MDT. The Trustee is unaware of any documents to support that the MDT owns 100% of the Property or any other interest in the Property.

25.     As of the Petition Date, the Klein Living Trust or the Survivor's Trust owned 100% of the Property and continues to own 100% of the Property.

26.     The Trustee is entitled to a judicial declaration, pursuant to sections 760.010 *et. seq.* of the CCP, quieting title of the Property in name of the Debtor's bankruptcy estate as of February 22, 2023.

## SECOND CLAIM FOR RELIEF

### (Avoidance pursuant to 11 U.S.C. § 544(a)(3))

27.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

28.     All unrecorded interests in the Property are voidable by a *bona fide* purchaser of such real property who properly perfected such purchase at the time of the commencement of this bankruptcy case.

29.     Pursuant to 11 U.S.C. § 544(a)(3), the Plaintiff as Trustee has the rights and powers of a bona fide purchaser of real property as of the Petition Date and therefore, the estate may void all unrecorded interests in the Property, including any unrecorded interests that beneficiaries of the Klein Living Trust, MDT, Survivor's Trust, and Barbara Klein may assert.

30.     Plaintiff is entitled to a judicial declaration, pursuant to 11 U.S.C. § 544(a)(3), that all unrecorded interests in the  Property are void and unenforceable and the Property is property of the Debtor's bankruptcy estate.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1.     Declaring that any interests in the Property that were not created, transferred or declared in a validly recorded deed or instrument transferring the Property to the Klein Living Trust, Survivor's Trust, or recorded in the appropriate county real estate records are void and that the Property is property of the Debtor's bankruptcy estate giving the Trustee the right and power to transfer the Property free of any such interests (subject to Court approval and any enforceable exemption);

2.     Declaring that any unrecorded interests of the MDT, Survivor's Trust, Barbara Klein, or any other person or entity in the Property are void pursuant to 11 U.S.C. § 544(a)(3); and

3.     For such other and further relief as the Court may deem just and proper.

Dated:  May 29, 2024                    PACHULSKI STANG ZIEHL & JONES LLP


                                        By   */s/ John W. Lucas*
                                             _____
                                             Jeffrey W. Dulberg
                                             John W. Lucas
                                             Jeffrey P. Nolan

                                             Attorneys for Plaintiff, Bradley D. Sharp,
                                             Chapter 11 Trustee

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**(SOFAs)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4889-2964-7549.1 78512.001

# United States Bankruptcy Court
## Central District of California

In re  **Leslie Klein**

_____
Debtor(s)

Case No.   **2:23-bk-10990-SK**

Chapter   **11**

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|

**-NONE-**

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Leslie Klein, am the named debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  _3/8/2023_

Signature  _Leslie Klein_
Leslie Klein

_Penalty for making a false statement of concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

Case 2:23-bk-10990-SK    Doc 461    Filed 05/07/24    Entered 05/07/24 22:32:01    Desc
Main Document    Page 8 of 50

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |
| (if known) | | | |

☐ Check if this is an
amended filing

# Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  |  | Your assets Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) 1a. Copy line 55, Total real estate, from Schedule A/B.................................................. | $ **12,250,000.00** |
| | 1b. Copy line 62, Total personal property, from Schedule A/B....................................... | $ **2,044,000.00** |
| | 1c. Copy line 63, Total of all property on Schedule A/B.................................................. | $ **14,294,000.00** |

### Part 2:    Summarize Your Liabilities

|  |  | Your liabilities Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $ **31,564,856.56** |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................ | $ **0.00** |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $ **97,928.00** |
| | **Your total liabilities** | $ **31,662,784.56** |

### Part 3:    Summarize Your Income and Expenses

| 4. | *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*.............................................. | $ **17,633.00** |
|---|---|---|
| 5. | *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*.......................................... | $ **9,552.00** |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

7.  **What kind of debt do you have?**

☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum        Summary of Your Assets and Liabilities and Certain Statistical Information        page 1 of 2

ER 1120

Debtor 1    **Leslie Klein**

8.  From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

    $ _____

9.  Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

ER 1121

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.

   ■ Yes. Where is the property?

1.1

| | |
|---|---|
| **322 N. June Street** | |
| Street address, if available, or other description | |

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Los Angeles** | **CA** | **90004-0000** |
|---|---|---|
| City | State | ZIP Code |

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$4,900,000.00** | **$2,450,000.00** |

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% is held in by Debtor and 50% held by his Erika's irrevocable marital deduction trust**

| **Los Angeles** | |
|---|---|
| County | |

☐ Check if this is community property (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

**Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.**

ER 1122

Debtor 1    Leslie Klein                                                    Case number *(if known)*    2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.2

**315 N. Martel Avenue**
Street address, if available, or other description

Los Angeles        CA      90036-0000
City                State    ZIP Code

Los Angeles
County

**What is the property?** *Check all that apply*

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** *Check one*
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number:

**Single family residence; rental property. Debtor collects $5,500/month.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,500,000.00** | **$2,500,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

☐ **Check if this is community property**
(see instructions)

---

1.3

**If you own or have more than one, list here:**

**143 S. Highland Drive**
Street address, if available, or other description

Los Angeles        CA      90036-0000
City                State    ZIP Code

Los Angeles
County

**What is the property?** *Check all that apply*

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** *Check one*
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number:

**Single family residence; rental property. Debtor collects $4,000 per month
in rental income.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,200,000.00** | **$2,200,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

☐ **Check if this is community property**
(see instructions)

---

ER 1123

Debtor 1    Leslie Klein                                    Case number *(if known)*   2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.4

**161 N. Poinsettia Place**
_____
Street address, if available, or other description

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative

- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Los Angeles**    **CA**    **90036-0000**
City                State         ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,000,000.00** | **$2,000,000.00** |

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Los Angeles**
_____
County

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property. Debtor collects $3,000 per month rental income.**

---

**If you own or have more than one, list here:**

1.5

**2560-B Whitewater Club Drive**
_____
Street address, if available, or other description

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ■ Condominium or cooperative

- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Palm Springs**    **CA**    **92262-0000**
City                State         ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$350,000.00** | **$350,000.00** |

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Riverside**
_____
County

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**A condo with 2 bedrooms and 2 bathrooms; vacation home.**

---

Official Form 106A/B                    Schedule A/B: Property                    page 3

ER 1124

Debtor 1    Leslie Klein                                    Case number *(if known)*  2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.6
**3752 Ocean Drive**
Street address, if available, or other description

| What is the property? Check all that apply | |
|---|---|
| ■ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Oxnard**          **CA**    **93035-0000**
City                State      ZIP Code

| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ☐ | Other _____ |

Current value of the entire property?   Current value of the portion you own?
**$2,400,000.00**                       **$2,400,000.00**

**Who has an interest in the property?** Check one

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

**Ventura**
County

| ■ | Debtor 1 only |
| ☐ | Debtor 2 only |
| ☐ | Debtor 1 and Debtor 2 only |
| ☐ | At least one of the debtors and another |

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family home; vacation home.**

---

**If you own or have more than one, list here:**

1.7
**Leonardo Plaza Hotel Jerusalem**
Street address, if available, or other description

| What is the property? Check all that apply | |
|---|---|
| ☐ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Jerusalem**
City                State      ZIP Code

| ☐ | Manufactured or mobile home |
| ■ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ■ | Other    **Unit in a hotel** |

Current value of the entire property?   Current value of the portion you own?
**$500,000.00**                         **$250,000.00**

**Who has an interest in the property?** Check one

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**50% by Debtor and 50% by deceased wife's irrevocable trust**

**Israel**
County

| ■ | Debtor 1 only |
| ☐ | Debtor 2 only |
| ☐ | Debtor 1 and Debtor 2 only |
| ☐ | At least one of the debtors and another |

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leanoardo Plaza Hotel. Vacation home.**

---

ER 1125

Debtor 1    **Leslie Klein**                                    Case number *(if known)*    **2:23-bk-10990-SK**

**If you own or have more than one, list here:**

1.8

**Dan Boutique Hotel Jerusalem**

Street address, if available, or other description

| **What is the property?** Check all that apply | |
|---|---|
| ☐ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |
| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ■ | Other    **Unit in a hotel** |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Jerusalem**

City                State            ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$200,000.00** | **$100,000.00** |

**Who has an interest in the property?** Check one

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% by Debtor and 50% by deceased spouse's irrevocable trust**

**Israel**

County

| | |
|---|---|
| ■ | Debtor 1 only |
| ☐ | Debtor 2 only |
| ☐ | Debtor 1 and Debtor 2 only |
| ☐ | At least one of the debtors and another |

☐ **Check if this is community property**
(see instructions)

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leanoardo Plaza Hotel. Vacation home.**

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here........................................................................=>

| |
|---|
| **$12,250,000.00** |

---

**Part 2:   Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

3.1   Make:   **Lexus**
Model:   **LS500**
Year:    **2021**
Approximate mileage:   **n/a**
Other information:

**Leased vehicle. Monthly payment is $1,319.00.**

**Who has an interest in the property?** Check one

| | |
|---|---|
| ■ | Debtor 1 only |
| ☐ | Debtor 2 only |
| ☐ | Debtor 1 and Debtor 2 only |
| ☐ | At least one of the debtors and another |

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$0.00** | **$0.00** |

3.2   Make:   **Lexus**
Model:   **LS**
Year:    **2021**
Approximate mileage:   **n/a**
Other information:

**Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.**

**Who has an interest in the property?** Check one

| | |
|---|---|
| ■ | Debtor 1 only |
| ☐ | Debtor 2 only |
| ☐ | Debtor 1 and Debtor 2 only |
| ☐ | At least one of the debtors and another |

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$0.00** | **$0.00** |

---

Official Form 106A/B                    Schedule A/B: Property                                    page 5

Debtor 1    **Leslie Klein**                                    Case number *(if known)*    **2:23-bk-10990-SK**

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

    ■ No
    ☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
    pages you have attached for Part 2. Write that number here.........................................................=>          | **$0.00** |

---

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?** Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ■ Yes. Describe.....

| | |
|---|---|
| Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household goods and furnishings | $8,000.00 |
| 2560-B Whitewater Club Drive, Palm Spring vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings. | $5,000.00 |
| 3752 Ocean Drive, Oxnard CA vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings. | $5,000.00 |

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
    ☐ No
    ■ Yes. Describe.....

| | |
|---|---|
| TVs, phones, computers | $3,000.00 |

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
    ☐ No
    ■ Yes. Describe.....

| | |
|---|---|
| Books and art objects | $4,000.00 |

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
    ☐ No
    ■ Yes. Describe.....

ER 1127

| Debtor 1 | Leslie Klein | | Case number *(if known)* | 2:23-bk-10990-SK |
|---|---|---|---|---|

| Sports and Hobyy equipment | $2,000.00 |
|---|---|

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes. Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes. Describe.....

| Debtor's residence: Clothes and shoes | $2,000.00 |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes. Describe.....

| Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings,  gold rings and costume jewelry | $20,000.00 |
|---|---|

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes. Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
   for Part 3. Write that number here ................................................................... | **$49,000.00**

| **Part 4:** | Describe Your Financial Assets |

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ■ No
   ☐ Yes.................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes.......................   Institution name:

| 17.1. | Checking account ending in 9401 | Bank of America | $4,000.00 |
|---|---|---|---|

ER 1128

| Debtor 1 | **Leslie Klein** | Case number *(if known)* | **2:23-bk-10990-SK** |

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes.................         Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
■ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| Debtor has a 100% ownership interest in Bay Area Development, Co.   Bay Area Development, Co. filed  a chapter 11 bankruptcy petition on 9/12/2022, Case No.: 2:22-bk-15031-SK.  On December 6, 2022, Bay Area entered into a stipulation with its secured creditor Scott Capital Management Fund 1, LLC and OUST to dismiss the case.  The order dismissing the case with a 180 day bar (due to pending RFS motion) was enterd on 12/6/2022.  The real property owned by Bay Area Development, Co. went into foreclosure.  The company currently does not own any assets. | 100%  % | $0.00 |
| Debtor has a membership interest in Life Capital Group, LLC, which is an investment company.  The LLC buys insurance policies on other people's lives and upon passing, the LLC collects the funds and makes a distribution to its members. | 5% membershi p interest  % | Unknown |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
              Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No
☐ Yes. List each account separately.
              Type of account:         Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. ....................         Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes............         Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............         Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☐ No

| Official Form 106A/B | Schedule A/B: Property | page 8 |

ER 1129

| Debtor 1 | Leslie Klein | Case number *(if known)* | 2:23-bk-10990-SK |
|---|---|---|---|

■ Yes.  Give specific information about them...

> Klein Living Trust dated April 8, 1990. The Settlors of the Trust are Leslie Klein and Erika Noemi Klein, husband and wife. Erika Klein passed away several years ago, and pursuant to the trust provision,Erika Klein's interest in the assets is now in an irrevocable trust ("Marital Deduction Trust").  The assets of the trust are listed on Schedule A/B, item #1 for each property that is part of the Trust. | $0.00

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
          benefits; unpaid loans you made to someone else
   ☐ No
   ■ Yes.  Give specific information..

> Isaac Kirzner. Debtor entered into an agreement with Isaac Kirzner whereby he paid the insurance premiums for Mr. Kirzner, and upon Mr. Kirzner's passing, the Debtor would receive $1 Million. | $1,000,000.00

> Judith Bittman.  Debtor entered into an agreement with Judith Bittman whereby he paid the insurance premiums for Ms. Bittmanm  and upon Ms. Bittman's passing, the Debtor would receive $1 Million. | $1,000,000.00

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
             Company name:                              Beneficiary:                          Surrender or refund value:

ER 1130

Debtor 1     **Leslie Klein**                                     Case number *(if known)*   **2:23-bk-10990-SK**

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list?**

■ No
☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**...................................................................................................

| $2,004,000.00 |

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**
■ No. Go to Part 6.
☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
■ No. Go to Part 7.
☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest In That You Did Not List Above |

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No
☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................

| $0.00 |

ER 1131

| Debtor 1 | **Leslie Klein** | | | Case number *(if known)* | **2:23-bk-10990-SK** |

| **Part 8:** | **List the Totals of Each Part of this Form** |

| 55. | **Part 1: Total real estate, line 2** .................................................................................................... | | | **$12,250,000.00** |
|---|---|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | **$0.00** | | |
| 57. | **Part 3: Total personal and household items, line 15** | **$49,000.00** | | |
| 58. | **Part 4: Total financial assets, line 36** | **$2,004,000.00** | | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | | |
| 61. | **Part 7: Total other property not listed, line 54** + | **$0.00** | | |
| 62. | **Total personal property. Add lines 56 through 61...** | **$2,053,000.00** | Copy personal property total → | **$2,053,000.00** |
| 63. | **Total of all property on Schedule A/B. Add line 55 + line 62** | | | **$14,303,000.00** |

ER 1132

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Leslie Klein** | |
| | First Name      Middle Name      Last Name | |
| Debtor 2 (Spouse if, filing) | First Name      Middle Name      Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number (if known) | **2:23-bk-10990-SK** | ☐ Check if this is an amended filing |

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill it out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **322 N. June Street Los Angeles, CA 90004 Los Angeles County Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.**<br>Line from *Schedule A/B*: **1.1** | $2,450,000.00 | ☑        $678,391.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture, cabinets, refrigerators, and other household g**<br>Line from *Schedule A/B*: **6.1** | $8,000.00 | ☑        $8,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **TVs, phones, computers**<br>Line from *Schedule A/B*: **7.1** | $3,000.00 | ☑        $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

ER 1133

| Debtor 1 | **Leslie Klein** | | Case number (if known) | **2:23-bk-10990-SK** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Books and art objects**<br>Line from *Schedule A/B*: **8.1** | $4,000.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Sports and Hobyy equipment**<br>Line from *Schedule A/B*: **9.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Clothes and shoes**<br>Line from *Schedule A/B*: **11.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings, gold rings and costume jewelry**<br>Line from *Schedule A/B*: **12.1** | $20,000.00 | ■ $9,525.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

3. **Are you claiming a homestead exemption of more than $189,050?**
(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

☐ No

■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ■ No

   ☐ Yes

ER 1134

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1:   List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|

| 2.1 | CCO Mortgage Corp. | | $19,372.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**

Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Secured Line of Credit**

Date debt was incurred **Opened 05/05 Last Active 1/09/23**       Last 4 digits of account number    **1428**

ER 1135

| Debtor 1 | **Leslie Klein** | | | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| 2.2 | **Chase Mortgage** | Describe the property that secures the claim: | $138,719.00 | $350,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:

**2560-B Whitewater Club Drive Palm Springs, CA 92262  Riverside County
A condo with 2 bedrooms and 2 bathrooms; vacation home.**

**BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Deed of Trust**

| Date debt was incurred | **Opened 07/05  Last Active 8/23/22** | Last 4 digits of account number | **2700** |
|---|---|---|---|

| 2.3 | **Ericka and Joseph Vago** | Describe the property that secures the claim: | $24,334,038.99 | $0.00 | $24,334,038.99 |
|---|---|---|---|---|---|

Creditor's Name

**c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401**

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

**Assets of the Debtor**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Notice of Judgment Lien**

| Date debt was incurred | **July 2020** | Last 4 digits of account number | **5050** |
|---|---|---|---|

ER 1136

Debtor 1   **Leslie Klein**

First Name   Middle Name   Last Name

Case number (if known)   **2:23-bk-10990-SK**

| 2.4 | **Fay Servicing LLC** | | | $712,265.00 | $2,400,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**

**Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **1st Deed of Trust**

**Opened
10/13/04
Last Active
08/20**

Date debt was incurred   Last 4 digits of account number   **9505**

| 2.5 | **Fay Servicing LLC** | | | $327,886.00 | $2,400,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**3752 Ocean Drive Oxnard, CA 93035
Ventura County
Single family home; vacation home.**

**Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **2nd Deed of Trust**

**Opened
11/04  Last
Active**

Date debt was incurred   **8/09/22**   Last 4 digits of account number   **9492**

ER 1137

Debtor 1  **Leslie Klein**
First Name    Middle Name    Last Name

Case number (if known)  **2:23-bk-10990-SK**

| 2.6 | **Fiore Racobs & Powers** | Describe the property that secures the claim: | $49,436.57 | $350,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**c/o Palm Springs
Country Club HOA
6820 Indiana Ave., Ste
140
6820 Indiana Ave., Ste
140
Riverside, CA 92506**
Number, Street, City, State & Zip Code

**2560-B Whitewater Club Drive Palm Springs, CA 92262  Riverside County
A condo with 2 bedrooms and 2 bathrooms; vacation home.**

As of the date you file, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Nature of lien. Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

☐ Check if this claim relates to a
community debt

☐ An agreement you made (such as mortgage or secured
car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)  **HOA Assessments**

Date debt was incurred  **2020 - 2023**    Last 4 digits of account number  **4460**

| 2.7 | **Gestetner Charitable Remainder Trus** | Describe the property that secures the claim: | $2,000,000.00 | Unknown | Unknown |
|---|---|---|---|---|---|

Creditor's Name

**Debtor has a membership interest in Life Capital Group, LLC, which is an investment company. The LLC buys insurance policies on other people's lives and upon passing, the LLC collects the funds and makes a distribution to its members.
5% m**

**c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Nature of lien. Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a
community debt

☐ An agreement you made (such as mortgage or secured
car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)  **UCC Financing**

Date debt was incurred  **5/14/2021**    Last 4 digits of account number  **3629**

ER 1138

Debtor 1    **Leslie Klein**

<small>First Name        Middle Name        Last Name</small>

Case number (if known)    **2:23-bk-10990-SK**

---

| 2.8 | **Los Angeles County Tax Collector** | | $15,000.00 | $4,900,000.00 | $0.00 |

<small>Creditor's Name</small>

Describe the property that secures the claim:

> **322 N. June Street Los Angeles, CA 90004  Los Angeles County Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the res**

**Bankruptcy Unit
PO Box 54110
Los Angeles, CA
90054-0027**

<small>Number, Street, City, State & Zip Code</small>

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Property Taxes**

Date debt was incurred    **2022 - 2023**    Last 4 digits of account number    **3008**

---

| 2.9 | **Mrc/united Wholesale M** | | $954,432.00 | $2,000,000.00 | $0.00 |

<small>Creditor's Name</small>

Describe the property that secures the claim:

> **161 N. Poinsettia Place Los Angeles, CA 90036  Los Angeles County Single family residence; rental property. Debtor collects $3,000 per month rental income.**

**Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261**

<small>Number, Street, City, State & Zip Code</small>

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Deed of Trust**

Date debt was incurred    **Opened 05/05  Last Active 11/17/22**    Last 4 digits of account number    **2120**

---

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 5 of 8

ER 1139

Debtor 1    **Leslie Klein**

| First Name | Middle Name | Last Name |

Case number (if known)    **2:23-bk-10990-SK**

---

| 2.10 | **Selene Finance** | | $1,755,385.00 | $2,500,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**315 N. Martel Avenue Los Angeles, CA 90036  Los Angeles County Single family residence; rental property.  Debtor collects $5,500/month.**

**Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Deed of Trust**

Date debt was incurred    **Opened 08/18 Last Active 6/22/21**

Last 4 digits of account number    **8372**

---

| 2.11 | **Shellpoint Mortgage Servicing** | | $1,213,516.00 | $2,200,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**143 S. Highland Drive Los Angeles, CA 90036  Los Angeles County Single family residence; rental property. Debtor collects $4,000 per month in rental income.**

**Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Deed of Trust**

Date debt was incurred    **Opened 04/19  Last Active 12/27/22**

Last 4 digits of account number    **4516**

---

ER 1140

Debtor 1 **Leslie Klein**

First Name      Middle Name      Last Name

Case number (if known)   **2:23-bk-10990-SK**

| | | | |
|---|---|---|---|
| **2.1 2** **Toyota Financial Services** | Describe the property that secures the claim: | $34,318.00 | $0.00 | $34,318.00 |

Creditor's Name

**Attn: Bankruptcy Po Box 259001 Plano, TX 75025**

Number, Street, City, State & Zip Code

**2021 Lexus LS500 n/a miles Leased vehicle. Monthly payment is $1,319.00.**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Auto Lease

Date debt was incurred   **Opened 05/21 Last Active 3/18/22**

Last 4 digits of account number   X788

| | | | |
|---|---|---|---|
| **2.1 3** **Toyota Financial Services** | Describe the property that secures the claim: | $10,488.00 | $0.00 | $10,488.00 |

Creditor's Name

**Attn: Bankruptcy Po Box 259001 Plano, TX 75025**

Number, Street, City, State & Zip Code

**2021 Lexus LS n/a miles Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Auto Lease

Date debt was incurred   **Opened 06/21 Last Active 6/01/22**

Last 4 digits of account number   Y582

Add the dollar value of your entries in Column A on this page. Write that number here:   **$31,564,856.56**

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:   **$31,564,856.56**

**Part 2:**   List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

ER 1141

| Debtor 1 | **Leslie Klein** | | | Case number (if known) | **2:23-bk-10990-SK** |
| --- | --- | --- | --- | --- | --- |
| | First Name | Middle Name | Last Name | | |

[ ]

Name, Number, Street, City, State & Zip Code

**Andor Gestetner**
**c/o Law Offices of Jacob Unger**
**5404 Whitsett Ave Ste. 182**
**Valley Village, CA 91607**

On which line in Part 1 did you enter the creditor?  **2.7**

Last 4 digits of account number ___

[ ]

Name, Number, Street, City, State & Zip Code

**Ericka and Joseph Vago**
**124 N. Highland Ave**
**Sherman Oaks, CA 91423**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

ER 1142

| Fill in this information to identify your case: |

| Debtor 1 | **Leslie Klein** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | 2:23-bk-10990-SK | | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:     List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?

☑ No. Go to Part 2.

☐ Yes.

### Part 2:     List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|

| 4.1 | **Bank of America** | Last 4 digits of account number | 8296 | $7,450.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**4909 Savarese Circle**
**Tampa, FL 33634**
Number Street City State Zip Code

When was the debt incurred? **Opened 09/16  Last Active 02/23**

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   **Credit Card**

Is the claim subject to offset?

☑ No
☐ Yes

ER 1143

Debtor 1  **Leslie Klein** _____    Case number (if known)  **2:23-bk-10990-SK**

---

| 4.2 | **Bank of America** | Last 4 digits of account number | **6416** | **$1,566.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**4909 Savarese Circle**
**Tampa, FL 33634**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

When was the debt incurred?   **Opened 04/89  Last Active 02/23**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

| 4.3 | **Barclays Bank Delaware** | Last 4 digits of account number | **0647** | **$8,896.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 8801**
**Wilmington, DE 19899**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

When was the debt incurred?   **Opened 05/09  Last Active 1/11/23**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

| 4.4 | **California Bank & Trust** | Last 4 digits of account number | **9505** | **$1,695.00** |

Nonpriority Creditor's Name

**Po Box 711510**
**Santee, CA 92072**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

When was the debt incurred?   **Opened 02/83  Last Active 02/23**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

ER 1144

Debtor 1   **Leslie Klein** _____     Case number (if known)   **2:23-bk-10990-SK**

---

| 4.5 | **Chase Card Services** | Last 4 digits of account number   **4280** | **$22,278.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   **Opened 06/18  Last Active 5/07/21**

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| 4.6 | **Chase Card Services** | Last 4 digits of account number   **1527** | **$22,095.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   **Opened 08/18  Last Active 03/21**

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| 4.7 | **Chase Card Services** | Last 4 digits of account number   **9155** | **$17,555.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   **Opened 09/02  Last Active 02/23**

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

ER 1145

Debtor 1    Leslie Klein                            Case number (if known)     2:23-bk-10990-SK

---

| 4.8 | **Chase Card Services** | Last 4 digits of account number | **2050** | **$15,112.00** |

Nonpriority Creditor's Name

Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Number Street City State Zip Code

**Opened 01/89 Last Active**

When was the debt incurred?    **1/22/23**

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Credit Card**

---

| 4.9 | **Citibank** | Last 4 digits of account number | **3837** | **$1,281.00** |

Nonpriority Creditor's Name

Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Number Street City State Zip Code

**Opened 11/90 Last Active**

When was the debt incurred?    **8/12/22**

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Credit Card**

---

| 4.10 | **Franklin H. Menlo Irrevocable Trust** | Last 4 digits of account number | **6769** | **Unknown** |

Nonpriority Creditor's Name

c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Number Street City State Zip Code

When was the debt incurred?    **2012**

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **pending litigation (consolidated and related to 24 other cases)**

---

ER 1146

Debtor 1 **Leslie Klein**  Case number (if known) **2:23-bk-10990-SK**

| 4.1 | | |
|---|---|---|

**Jeffrey Siegel, Successor Trustee**  Last 4 digits of account number **2432**  **Unknown**
Nonpriority Creditor's Name
**of the Hubert Scott Trust**  When was the debt incurred? **2017**
**c/o Oldman, Cooley, Sallus**
**16133 Ventura Blvd., Penthouse**
**Suit**
**Encino, CA 91436-2408**
Number Street City State Zip Code  As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only  ■ Contingent
□ Debtor 2 only  ■ Unliquidated
□ Debtor 1 and Debtor 2 only  ■ Disputed
□ At least one of the debtors and another  Type of NONPRIORITY unsecured claim:
□ **Check if this claim is for a community**  □ Student loans
**debt**  □ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?  report as priority claims
■ No  □ Debts to pension or profit-sharing plans, and other similar debts
□ Yes  ■ Other. Specify **pending litigation**

---

### Part 3:  List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address  On which entry in Part 1 or Part 2 did you list the original creditor?
**Oldman, Cooley, and Sallus**  Line **4.10** of (Check one):  □ Part 1: Creditors with Priority Unsecured Claims
**16133 Ventura Blvd., Penthouse Suit**  ■ Part 2: Creditors with Nonpriority Unsecured Claims
**Encino, CA 91436-2408**

Last 4 digits of account number _____

---

### Part 4:  Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority. Add lines 6a through 6d.** | 6e. | $ 0.00 |
| | | | | Total Claim |
| Total claims from Part 2 | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 97,928.00 |
| | 6j. | **Total Nonpriority. Add lines 6f through 6i.** | 6j. | $ 97,928.00 |

---

ER 1147

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.**

| | Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|---|
| 2.1 | **Chase Doe**<br>**143 S. Highland Drive**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 143 S. Highland Drive, Los Angeles rental property. Debtor collects $4,000 rental income per month.** |
| 2.2 | **Jacob Rummitz**<br>**315 N. Martel Avenue**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 315 N. Martel Avenue, Los Angeles rental property. Debtor collects $5,500 rental income per month.** |
| 2.3 | **Sandra Layton**<br>**161 N. Poinsettia Place**<br>**Los Angeles, CA 90036** | **Month to month residential lease agreement wtih the Debtor for 161 N. Poinsettia Place rental property. Debtor collects $3,000 rental income per month.** |

ER 1148

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an
amended filing

# Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

    ☐ No
    ■ Yes.

    In which community state or territory did you live?    **-NONE-**    . Fill in the name and current address of that person.

    _____
    Name of your spouse, former spouse, or legal equivalent
    Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

Column 1: Your codebtor
Name, Number, Street, City, State and ZIP Code

Column 2: The creditor to whom you owe the debt
Check all schedules that apply:

3.1    **Leslie Klein & Associates, Inc.**
    **c/o Parker Milliken**
    **555 Flower Street**
    **Los Angeles, CA 90071**

☐ Schedule D, line _____
■ Schedule E/F, line  **4.10**
☐ Schedule G _____
**Franklin H. Menlo Irrevocable Trust**

ER 1149

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Leslie Klein |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | 2:23-bk-10990-SK |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I
## Schedule I: Your Income                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| Occupation | | Attorney | |
| Employer's name | | Leslie Klein & Associates, Inc. | |
| Employer's address | | 14245 Ventura Blvd., #301<br>Sherman Oaks, CA 91423 | |
| How long employed there? | | 50 years | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

ER 1150

Debtor 1  **Leslie Klein**

Case number *(if known)*  **2:23-bk-10990-SK**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 0.00 | $ 0.00 |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6.  $ 0.00   $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.  7.  $ 0.00   $ 0.00

8. List all other income regularly received:

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.  8a.  $ 1,800.00   $ 0.00

8b. **Interest and dividends**  8b.  $ 0.00   $ 0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.  8c.  $ 0.00   $ 0.00

8d. **Unemployment compensation**  8d.  $ 0.00   $ 0.00

8e. **Social Security**  8e.  $ 3,333.00   $ 0.00

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify:  8f.  $ 0.00   $ 0.00

8g. **Pension or retirement income**  8g.  $ 0.00   $ 0.00

8h. **Other monthly income. Specify:**  Rental Income from Martel Property  8h.+  $ 5,500.00 +  $ 0.00
Rental Income from Highland Property  $ 4,000.00   $ 0.00
Rental Income from Poinsettia Property  $ 3,000.00   $ 0.00

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  9.  $ 17,633.00   $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.  10.  $ 17,633.00 +  $ 0.00 =  $ 17,633.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:  11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related Data, if it applies  12.  $ 17,633.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain:  Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.

**Fill in this information to identify your case:**

Debtor 1     **Leslie Klein**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number     **2:23-bk-10990-SK**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**     ■ No

    Do not list Debtor 1 and     ☐ Yes.  Fill out this information for
    Debtor 2.                            each dependent..............

    Do not state the
    dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3.  **Do your expenses include      ■ No
    expenses of people other than   ☐ Yes
    yourself and your dependents?**

### Part 2:     Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.                                         4. $ _____ 0.00

    **If not included in line 4:**

    4a.   Real estate taxes                                               4a. $ _____ 1,250.00
    4b.   Property, homeowner's, or renter's insurance                    4b. $ _____ 333.00
    4c.   Home maintenance, repair, and upkeep expenses                   4c. $ _____ 350.00
    4d.   Homeowner's association or condominium dues                     4d. $ _____ 0.00
5.  **Additional mortgage payments for your residence, such as home equity loans**   5. $ _____ 0.00

ER 1152

Debtor 1   **Leslie Klein**      Case number (if known)    **2:23-bk-10990-SK**

| | | | | | |
|---|---|---|---|---|---|
| 6. | **Utilities:** | | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ | 1,800.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ | 0.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 200.00 |
| | 6d. | Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. | $ | 2,000.00 |
| 8. | **Childcare and children's education costs** | | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. | $ | 100.00 |
| 10. | **Personal care products and services** | | 10. | $ | 100.00 |
| 11. | **Medical and dental expenses** | | 11. | $ | 200.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | |
| | 15a. | Life insurance | 15a. | $ | 0.00 |
| | 15b. | Health insurance | 15b. | $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ | 500.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ | 1,319.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ | 500.00 |
| | 17c. | Other. Specify:   **Mortgage for Martel Rental** | 17c. | $ | 10,854.00 |
| | 17d. | Other. Specify:   **Mortgage for Highland Rental** | 17d. | $ | 10,729.00 |
| | | **Mortgage for Poinsettia Rental** | | $ | 10,215.00 |
| | | **Mortgage for Whitewater Club Drive Property** | | $ | 433.00 |
| | | **Property Tax for Whitewater Club Drive Property** | | $ | 100.00 |
| | | **Mortgage for Ocean Drive Property** | | $ | 8,813.00 |
| | | **Leonardo Plaza Hotel Maintenance Expenses** | | $ | 2,500.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | | |
| | 20a. | Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. | Real estate taxes | 20b. | $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | | 21. | +$ | 0.00 |

| | |
|---|---|
| 22. **Calculate your monthly expenses** | |
|     22a. Add lines 4 through 21. | $    52,846.00 |
|     22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ |
|     22c. Add line 22a and 22b. The result is your monthly expenses. | $    52,846.00 |

| | | | |
|---|---|---|---|
| 23. **Calculate your monthly net income.** | | | |
|     23a. Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. | $ | 17,633.00 |
|     23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 52,846.00 |
|     23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | -35,213.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.      Explain here: **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | 2:23-bk-10990-SK |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____    *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119)*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____    X _____
Leslie Klein
Signature of Debtor 1    Signature of Debtor 2

Date  3/8/2023    Date _____

ER 1154

**Fill in this information to identify your case:**

| Debtor 1 | Leslie Klein | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): 2:23-bk-10990-SK

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy
04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ■ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

   | Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
   |---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ☐ No
   ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2 Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $4,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

Official Form 107     Statement of Financial Affairs for Individuals Filing for Bankruptcy     page 1

ER 1155

Debtor 1    **Leslie Klein**                                     Case number *(if known)*   **2:23-bk-10990-SK**

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year:** (January 1 to December 31, 2022 ) | ☐ Wages, commissions, bonuses, tips ■ Operating a business | $24,000.00 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | |
| **For the calendar year before that:** (January 1 to December 31, 2021 ) | ☐ Wages, commissions, bonuses, tips ■ Operating a business | $24,000.00 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐  No
    ■  Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security | $6,666.00 | | |
| | Rental Income | $25,000.00 | | |
| **For last calendar year:** (January 1 to December 31, 2022 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |
| **For the calendar year before that:** (January 1 to December 31, 2021 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |

## Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

    ■  No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

    ■  No.    Go to line 7.
    ☐  Yes    List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

    * Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

ER 1156

Debtor 1    Leslie Klein                                Case number *(if known)*    2:23-bk-10990-SK

☐ **Yes. Debtor 1 or Debtor 2 or both have primarily consumer debts.**
    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

    ☐ **No.** Go to line 7.
    ☐ **Yes** List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ■ No
   ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
   Include payments on debts guaranteed or cosigned by an insider.

   ■ No
   ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

| **Part 4:** | **Identify Legal Actions, Repossessions, and Foreclosures** |
|---|---|

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ☐ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| In re Matter of the Franklin Henry Menlo Irrevocable Trust, et al. v. Leslie Klein BP136769 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending ☐ On appeal ☐ Concluded |
| The Scott Trust DTD 12/24/1992 - Trust BP172432 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending ☐ On appeal ☐ Concluded |
| Joseph Vago, Et Al vs. Leslie Klein 20STCV25050 | Fraud | Superior Court of California 111 Hill St Los Angeles, CA 90012 | ☐ Pending ■ On appeal ☐ Concluded |

ER 1157

| Debtor 1 | **Leslie Klein** | | Case number *(if known)* | **2:23-bk-10990-SK** |

---

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
   Check all that apply and fill in the details below.

   - ■ No. Go to line 11.
   - ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?
   - ■ No
   - ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?
   - ■ No
   - ☐ Yes

## Part 5:    List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?
   - ■ No
   - ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?
   - ■ No
   - ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Address (Number, Street, City, State and ZIP Code) | | | |

## Part 6:    List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

   - ■ No
   - ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss | Date of your loss | Value of property lost |
|---|---|---|---|
| | Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | | |

## Part 7:    List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
   Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

   - ☐ No
   - ☐ Yes. Fill in the details.

| Person Who Was Paid Address Email or website address Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

ER 1158

| Debtor 1 | Leslie Klein | | Case number *(if known)* | **2:23-bk-10990-SK** |

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Law Offices of Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>michael.berger@bankruptcypower.com | Attorney Fees | 2/15/2023 + the filing fee | $21,738.00 |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

ER 1159

Debtor 1    **Leslie Klein**                                    Case number *(if known)*    **2:23-bk-10990-SK**

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

---

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ **No**
☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

ER 1160

Debtor 1    Leslie Klein                                                      Case number (if known)    2:23-bk-10990-SK

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

☑ Yes. Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Bay Area Development, Co. 14245 Ventura Blvd Sherman Oaks, CA 91423 | real estate holding company | Dates business existed EIN:    95-2816693 From-To |
| Life Capital Group, LLC 7223 Beverly Blvd., Suite 205 Los Angeles, CA 90036 | investment company | EIN: From-To |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No
☐ Yes. Fill in the details below.

Name                                          Date Issued
Address
(Number, Street, City, State and ZIP Code)

## Part 12:  Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

_Leslie Klein_ (signature)                                  Signature of Debtor 2
Leslie Klein
Signature of Debtor 1

Date    3/9/2023                                            Date

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**
☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

ER 1161

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

> You are an individual filing for bankruptcy, and

> Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | | Liquidation |
|---|---|---|
| | $245 | filing fee |
| | $78 | administrative fee |
| + | $15 | trustee surcharge |
| | $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

ER 1162

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   |        |                    |
|---|--------|--------------------|
|   | $1,167 | filing fee         |
| + | $571   | administrative fee |
|   | $1,738 | total fee          |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

ER 1163

## Read These Important Warnings

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Chapter 12: Repayment plan for family farmers or fishermen

| | | |
|---|---|---|
| | $200 | filing fee |
| + | $78 | administrative fee |
| | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

| | | |
|---|---|---|
| | $235 | filing fee |
| + | $78 | administrative fee |
| | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

ER 1164

## Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

ER 1165

Fill in this information to identify your case:

Debtor 1 **Leslie Klein**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: **Central District of California**

Case number **2:23-bk-10990-SK**
(if known)

☐ Check if this is an amended filing

## Official Form 122B
## Chapter 11 Statement of Your Current Monthly Income

12/21

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11 (other than Subchapter V). If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1: Calculate Your Current Monthly Income**

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ■ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 2,000.00 | | | |
| Ordinary and necessary operating expenses | -$ | 200.00 | | | |
| Net monthly income from a business, profession, or farm | $ | 1,800.00 | Copy here -> | $ 1,800.00 | $ |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 12,500.00 | | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | | |
| Net monthly income from rental or other real property | $ | 12,500.00 | Copy here -> | $ 12,500.00 | $ |

ER 1166

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | Case number *(if known)* | **2:23-bk-10990-SK** |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| 7. | Interest, dividends, and royalties | $ 0.00 | $ |
| 8. | Unemployment compensation | $ 0.00 | $ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| | | |
|---|---|---|
| For you | $ | 0.00 |
| For your spouse | $ | |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

$ 0.00        $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | Column A | Column B |
|---|---|---|
| | $ _____ | $ _____ |
| | $ 0.00 | $ _____ |
| Total amounts from separate pages, if any. + | $ 0.00 | $ _____ |

11. **Calculate your total current monthly income.**
Add lines 2 through 10 for each column.
Then add the total for Column A to the total for Column B.

$ **14,300.00**   + $ _____   = $ **14,300.00**

ER 1167

Debtor 1   **Leslie Klein** _____   Case number (*if known*)   **2:23-bk-10990-SK** _____

| Part 2: | Sign Below |
|---------|------------|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____

**Leslie Klein**
Signature of Debtor 1

Date   3/8/2023 _____
       MM / DD / YYYY

ER 1168

Debtor 1   **Leslie Klein**                                                  Case number (*if known*)   **2:23-bk-10990-SK**

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2022** to **01/31/2023**.

**Line 5 - Income from operation of a business, profession, or farm**
Source of Income: **Leslie Klein & Associates, Inc.**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 5 Months Ago: | **09/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 4 Months Ago: | **10/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 3 Months Ago: | **11/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 2 Months Ago: | **12/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| Last Month: | **01/2023** | **$2,000.00** | **$200.00** | **$1,800.00** |
| | Average per month: | **$2,000.00** | **$200.00** | |
| | | | Average Monthly NET Income: | **$1,800.00** |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Highland**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 5 Months Ago: | **09/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 4 Months Ago: | **10/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 3 Months Ago: | **11/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 2 Months Ago: | **12/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| Last Month: | **01/2023** | **$4,000.00** | **$0.00** | **$4,000.00** |
| | Average per month: | **$4,000.00** | **$0.00** | |
| | | | Average Monthly NET Income: | **$4,000.00** |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Martel**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 5 Months Ago: | **09/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 4 Months Ago: | **10/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 3 Months Ago: | **11/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 2 Months Ago: | **12/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| Last Month: | **01/2023** | **$5,500.00** | **$0.00** | **$5,500.00** |
| | Average per month: | **$5,500.00** | **$0.00** | |
| | | | Average Monthly NET Income: | **$5,500.00** |

ER 1169

Debtor 1 __Leslie Klein__      Case number (*if known*) __2:23-bk-10990-SK__

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Poinsettia**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 08/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 5 Months Ago: | 09/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 4 Months Ago: | 10/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 3 Months Ago: | 11/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 2 Months Ago: | 12/2022 | $3,000.00 | $0.00 | $3,000.00 |
| Last Month: | 01/2023 | $3,000.00 | $0.00 | $3,000.00 |
| | Average per month: | $3,000.00 | $0.00 | |

Average Monthly NET Income:    $3,000.00

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Income**
Income by Month:

| 6 Months Ago: | 08/2022 | $3,333.00 |
|---|---|---|
| 5 Months Ago: | 09/2022 | $3,333.00 |
| 4 Months Ago: | 10/2022 | $3,333.00 |
| 3 Months Ago: | 11/2022 | $3,333.00 |
| 2 Months Ago: | 12/2022 | $3,333.00 |
| Last Month: | 01/2023 | $3,333.00 |
| | Average per month: | $3,333.00 |

ER 1170

Attorney or Party Name, Address, Telephone & FAX Nos.,
State Bar No. & Email Address
Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212
(310) 271-6223 Fax: (310) 271-9805
California State Bar Number: 100291 CA
michael.berger@bankruptcypower.com

FOR COURT USE ONLY

☐ *Debtor(s) appearing without an attorney*
■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

    **Leslie Klein**

CASE NO.: 2:23-bk-10990-SK
CHAPTER: 11

**VERIFICATION OF MASTER
MAILING LIST OF CREDITORS**

**[LBR 1007-1(a)]**

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____3/8/2023_____        _____
                                      Signature of Debtor 1

Date: _____
                                        Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _____3/8/2023_____
                                        Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                           **F 1007-1.MAILING.LIST.VERIFICATION**

ER 1171

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850


Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036


Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203


Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179


Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401


Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423


Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680


Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067


Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219


Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036


Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408


Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071


Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027


Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261


Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036


Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101


Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603


Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

# EXHIBIT B

**(Klein Living Trust)**

4889-2964-7549.2 78512.001



## This page is part of your document - DO NOT DISCARD





# 20130540038

**Pages:
0027**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/11/13 AT 11:27AM**

| | |
|---|---|
| FEES: | 93.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 93.00 |



## L E A D S H E E T



201304110940011

## 00007537718



004785000

## SEQ:
## 01

### DAR - Counter (Upfront Scan)



## THIS FORM IS NOT TO BE DUPLICATED



*E220504*

ER 1177

Recording Request By:
**Les Klein & Associates**
*and when recorded mail to:*

Name  **LES KLEIN & ASSOCIATES**
Mailing Address
      **14245 Ventura Blvd, 3rd Floor**
City, State  **Sherman Oaks, Ca.**
Zip Code **91423**

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

## SECOND AMENDED KLEIN LIVING TRUST

**Re:  ERIKA  NOEMI  KLEIN**

County Recorder: Please see Page 22 - ARTICLE 10

# SECOND AMENDED KLEIN LIVING TRUST

## ARTICLE 1

### DECLARATION OF TRUST

Trust Establishment: LESLIE KLEIN and ERIKA NOEMI KLEIN, husband and wife, as settlors, will deliver to the trustee without consideration the property described in the attached schedule entitled "Trust Estate." The term "settlor" refers to one or both settlors. This Trust amends in its entirety the First Amended KLEIN Living Trust and revokes in its entirety both the KLEIN Living Trust and the first Amended KLEIN Living Trust. The Klein Living Trust and the first Amended KLEIN Living Trust was not recorded.

Trust Particulars: For convenient reference, the following information applies:

> Settlors: LESLIE KLEIN and ERIKA NOEMI KLEIN
>
> Name of trust: KLEIN Living Trust
>
> Date established:  4/8/1990
>
> First trustee: LESLIE KLEIN and ERIKA NOEMI KLEIN
>             as co-trustees
>
> Children living: KENNETH KLEIN, an adult;
>             SHERI LEE KLEIN, born ▮▮▮▮▮▮▮▮
>             RICHARD KLEIN, born ▮▮▮▮▮▮▮▮
>             JASON KLEIN, born ▮▮▮▮▮▮▮▮

Property Status - Community: All property transferred to this trust is and shall remain community property after its transfer and shall be called the "community trust estate." Further, the trustee shall have the power to convey, encumber, or otherwise dispose of community property without the consent of either husband or wife, whether or not each is then capable of giving such consent.

## ARTICLE 2

### TRUST DURING SETTLORS' JOINT LIVES

Introduction: The trustee shall hold, administer, and distribute all property during the joint lives of the settlors as follows:

Beneficiaries - Both Spouses: The beneficiaries of this trust shall be as follows:

> Income beneficiaries: Class composed of the settlors for their joint lives

> Principal beneficiaries: Class composed of the settlors for their joint lives

Community Income - Broad Standard: The trustee shall pay to or for the income beneficiary's benefit as much of the net income of the community trust estate as necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living. The trustee shall add to principal any net income not so distributed.

Community Principal - Broad Standard: If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

Beneficiary's Incapacity - Ascertainable Standard: If a court declared a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from he trust estate as is necessary for the beneficiary's health, education, or support to maintain the beneficiary;s accustomed manner of living. The trustee shall make payments first form the community trust estate, then equally form the beneficiary's separate trust estates. The trustee shall add to principal any income not distributed.

Community Payments - Special Duty: The beneficiary receiving payments from the community trust estate shall have the same duty to use community income and principal allocations for the income

ER 1180

and principal beneficiary's benefit as that beneficiary has with respect to any other community property.

Guidelines – Other Sources Considered:  In making distributions, the trustee may (1) consider any other income or resources of a beneficiary known to the trustee and reasonably available;  (2) pay or apply for one beneficiary more than the other and may make payments or applications of benefits for one beneficiary to the exclusion of the other; and (3) consider the value of the trust assets, the relative needs, both present and future, of each beneficiary, and the tax consequences to the trust and to the beneficiaries

Payments to Others:  The settlors acting jointly may at any time direct the trustee in writing to pay single sums or periodic payments out of the community trust estate to any  persons or organization .  Additionally, a settlor's conservator upon appropriate court order may exercise this power for payments qualifying for the federal gift tax annual donee exclusion.

Revocation During Settlors' Lives:  During the settlors' joint lives, either or both settlors may revoke from the trust the community trust estate in whole or in part by a written document delivered to the trustee that the trustee may require to be acknowledged.  On revocation, the trustee shall promptly deliver to both settlors or their designee the revoked portion of the community trust estate, which shall continue as the settlors' community property.  The trustee shall also provide an accounting of the trustee's acts for the period since the preceding accounting.  If the settlors revoke this trust with respect to all or a major portion of the trust estate, then the trustee may retain sufficient assets reasonable to secure payment of liabilities lawfully incurred by the trustee in the administration of the trust, unless the settlors indemnify the trustee against losses or expenses.

Amendment During Settlors' Lives:  The settlors acting together may at any time during their joint lives amend any of the terms of this trust by a written document delivered to the trustee.  No amendment shall substantially increase the trustee's duties and liabilities or change the trustee's compensation without the trustee's consent.  The trustee need not abide by the terms of the amendment until it is accepted.  If the settlors remove a trustee, the settlors shall pay to the trustee any sums due and shall indemnify the trustee against liabilities lawfully incurred by the trustee in the administration of the trust.

ER 1181

Powers of Revocation and Amendment Personal:  The settlors'
powers to revoke or amend this trust are personal to them, and no
guardian, conservator, or other person shall exercise them.

END OF ARTICLE

ARTICLE 3

TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH

Action at First Spouse's Death:  The first settlor to die shall
be the "deceased spouse," and the living settlor, the "surviving
spouse."  At the death of the deceased spouse but before the
trust assets are allocated as set forth below, the trustee shall
make the following distributions:

Deceased Spouse's Expenses and Taxes:  The trustee may, in the
trustee's reasonable discretion, pay from the trust estate the
deceased spouse's debts, last illness and funeral costs, and
expenses of administration for this trust and the deceased
spouse's debts to the deceased spouse's interest in the community
trust estate as the trustee determines in the trustee's
reasonable discretion.  However, the trustee shall further
allocate community debts between the deceased spouse's and
surviving spouse's trust interests in the trust estate according
to California law in effect at the deceased spouse's date of
death.

Allocation of Surviving Spouse's Property - Surviving Spouse's
Trust:  At the deceased spouse's death, the trustee shall
allocate the surviving spouse's interest in the community trust
estate to the Surviving Spouse's Trust.

Interrelated Marital Deduction Pecuniary Formula and Exemption
Residue - Distribution Date Values:  From the remainder of the
deceased spouse's interest in the community trust estate, the
trustee shall allocate the following gifts:

A. The Marital Deduction Trust

The Marital Deduction Trust shall consist of the minimum
amount that will entirely eliminate or reduce as far as possible

the federal estate tax, after allowance of all other deductions,
when added to the sum of (a) the federal estate tax value of all
other gifts passing under this instrument and outside this
instrument included in the deceased spouse's gross taxable
estate and qualified as federal estate tax marital deduction
gifts; and (b) the exemption equivalent value of the allowable
unified credit and state death tax credit (provided this latter
credit does not increase the state death taxes paid) reduced by
the federal estate tax value of all other gifts passing under
this instrument and outside this instrument included in the
deceased spouse's gross taxable estate but not qualified as
federal estate tax marital or charitable deduction gifts and by
all debts, administration expenses and charges to principal not
allowed or utilized as federal estate tax deductions.  The amount
so allocated to the Marital Deduction Trust is referred to as
the Marital Deduction Amount.  If a portion of the deceased
spouse's generation-skipping transfer exemption under Section
2631 of the Internal Revenue Code is allocated to the Marital
Deduction Trust under paragraph E below and if the Marital
Deduction Amount exceeds the portion of the exemption so
allocated to the Marital Deduction Trust., the Marital Deduction
Trust shall be divided into two trusts, known as Marital
Deduction Trust A and Marital Deduction Trust B.  Marital
Deduction Trust A shall consist of an amount equal to the
portion of the deceased spouse's exemption allocated to the
Marital Deduction Trust; Marital Deduction Trust B shall consist
of the balance of the Marital Deduction Trust.  Each of Marital
Deduction Trust A and Marital Deduction Trust B shall constitute
separate and independent trusts.

### B.    The Credit Trust

The Credit Trust shall consist of the balance of the
deceased spouse's community property trust estate.

### C. Funding of Trusts

All trusts may be funded in cash or in kind, partly in each.
However, the Marital Deduction Trust, or Marital Deduction Trust
A and Marital Deduction Trust B, as the case may be, shall only
be funded with assets includable in the deceased spouse's gross
estate and eligible for the marital deduction.  Assets allocated
in kind to the Marital Deduction Trust, or to Marital Deduction
Trust A and Marital Deduction Trust B shall be valued either at
their values on the date of distribution to the Marital
Deduction Trust or Trusts, or at their final federal estate tax
values.  If final federal estate tax values are used, assets
allocated in kind shall be fairly representative of appreciation
or depreciation in value for all assets available for
distribution.  The trustee shall not allocate to either Marital
Deduction Trust (1) any interest in life insurance policies or
(2) assets that are, by reason of the deceased spouse's death,
subject to any tax in any foreign country, except to the extent

-5-

ER 1183

the value of those assets exceeds the value of the Credit Trust
created in paragraph B above.

### D. Marital Deduction and Generation Skipping Elections.

The settlors direct the trustee to elect under Section 2056
(b)(7) of the Internal Revenue Code to treat all of the property
allocated to the Marital Deduction Trust as qualified terminable
interest property. If, however, the Marital Deduction Trust is
divided into Marital Deduction Trust A and Marital Deduction
Trust B, the trustee shall elect under Section 2056 (b)(7) of the
Internal Revenue Code to treat all of the property allocated to
Marital Deduction Trust A as qualified terminable interest
property and my executor may, but is not required to elect under
Section 2056 (b)(7) of the Internal Revenue Code to treat all or
any part of the property allocated to Marital Deduction Trust B
as qualified terminable interest property. The trustee shall not
be liable to any beneficiary under this instrument by reason of
making or not making such an election with respect to Marital
Deduction Trust B. If the trustee makes an election with
respect to only a part of the property allocated to Marital
Deduction Trust B, the trustee shall divide Marital Deduction
Trust B into separate trusts to reflect the partial election,
according to the fair market value of the assets of Marital
Deduction Trust B at the time of the division. The portion of
Marital Deduction Trust B with respect to which the election has
not been made shall be known as "Non-Qualified Marital Deduction
Trust B" and the portion of Marital Deduction Trust B with
respect to the election has been made shall be known as
"Qualified Marital Deduction Trust B." The trustee shall elect
under Section 2652 (a)(3) of the Internal Revenue Code to treat
the deceased spouse as the transferor of the Marital Deduction
Trust or, if the Marital Deduction Trust is divided into Marital
Deduction Trust A and Marital Deduction Trust B, to treat the
deceased spouse as the transferor of Marital Deduction Trust A.

### E. Allocation of Generation Skipping Exemption

The portion of the deceased spouse's generation-skipping
transfer exemption under Section 2631 of the Internal Revenue
code which was not allocated during the lifetime of the deceased
spouse shall be allocated by the trustee first to direct skips,
if any, occurring under the provisions of this trust by reason of
the deceased spouse's dearth. If the aggregate value of such
direct skips, as finally determined for federal estate tax
purposes, exceeds that exemption, the unused portion of the
exemption shall be allocated among the direct skips pro-rata in
accordance with their respective values. The remaining unused
portion, if any, of the exemption shall next be allocated to the
Credit Trust and the balance, if any, shall be allocated to the
Marital Deduction Trust; provided, however, that if the Marital
Deduction Trust is divided into Marital Deduction Trust A and
Marital Deduction Trust B, the balance shall be allocated to
Marital Deduction Trust A.

-6-

ER 1184

Special Allocation Guidelines: In computing the interrelated
exemption-marital gifts, the trustee shall disregard all assets
that would disqualify the marital deduction. In all other
respects, the trustee shall have the sole discretion to select
the assets that will constitute the marital gift. In exercising
that discretion, the trustee shall consider the tax advantages
and disadvantages of allocating to the marital gift the
following:

(1) Assets not qualifying for the marital deduction;

(2) Assets qualifying for the federal estate tax foreign
death taxes credit;

(3) Securities qualifying for Internal Revenue Code capital
gain corporate stock redemption, unless they exceed the maximum
number of shares qualifying for such redemption;

(4) Assets qualifying as Internal Revenue Code income in
respect of decedent;

(5) United States Treasury bonds eligible for redemption at
par as payment of federal estate taxes; and

(6) Unmatured life insurance policies.

Additionally, the trustee shall allocate to the exemption
equivalent gift that amount of any retirement, profit-sharing, or
death benefit plan excluded from federal estate taxes.

Also, the trustee shall charge and pay from the exemption
equivalent gift to the extent of reasonably available assets:

(1) All death taxes payable from such gift; and

(2) All debts and expenses for administration deducted
against fiduciary income.

Further, the trustee may or may not fund all trusts prorata with
insurance proceeds, retirement plan distributions, or other
contract payments that are paid to the trustee, unless the
beneficiary designations specifically earmark a particular trust.


Death Taxes - Statutory Provisions and Exemption Gift: The
deceased spouse directs the trustee to charge and collect all
federal death taxes for assets passing under this trust, under
the deceased spouse's will, and outside the deceased spouse's
trust or will from those persons sharing in the deceased spouse's
taxable estate in accordance with California Probate Code

ER 1185

provisions for death tax apportionment and allocation. However, as three exceptions, the deceased spouse directs the trustee to pay from the exemption equivalent gift, without apportionment among the beneficiaries, (1) all federal death taxes chargeable to any assets passing under or outside this trust or the deceased spouse's will constituting federal estate tax marital deduction gifts; (2) all federal death taxes chargeable to any family allowance; and (3) all federal death taxes chargeable to any gift under this trust or the deceased spouse's will designated as "free of all death taxes." The deceased spouse recognizes and confirms that such statutes provide that if a beneficiary's gift contributes to the taxable estate, the beneficiary must pay a proportionate share of the tax calculated at the average tax rate. Further, the deceased spouse directs that all state death taxes shall be charged and collected in the same manner as the federal death taxes and not as a probate administration expense. To the extent other assets are available, the trustee shall not use any qualified retirement plan distribution excluded from federal estate tax under the Internal Revenue Code to pay taxes, debts, or other charges enforceable against the deceased spouse's estate.


Revocation - Surviving Spouse's Trust: After the allocation of the trust estate, the following provisions regarding revocation and amendment shall apply:

(1) Surviving Spouse's Trust: The surviving spouse may revoke and amend the Surviving Spouse's Trust subject to the qualifications contained in Article 1.

(2) Other Trusts: All other trusts shall become irrevocable and nonamendable.

<p style="text-align:center">END OF ARTICLE</p>

<p style="text-align:center">ARTICLE 4</p>

<p style="text-align:center">SURVIVING SPOUSE'S TRUST</p>

Introduction: The trustee shall hold, administer, and distribute all property allocated to the Surviving Spouse's Trust as follows:

Beneficiary - Surviving Spouse: The beneficiary of this trust shall be as follows:

Income beneficiary: Surviving spouse

<p style="text-align:center">-8-</p>

ER 1186

Principal beneficiary:  Surviving spouse

Income - Broad Standard:  The trustee shall pay to or for the
income beneficiary as much of the net income as the trustee
considers necessary for the income beneficiary's health,
education, support, comfort, welfare, or happiness to maintain
at a minimum the income beneficiary's accustomed manner of
living.  The trustee shall add to principal any net income not so
distributed.

Principal - Broad Standard:  If the trustee considers the income
insufficient, the trustee shall pay to or for the principal
beneficiary as much of the principal as is reasonably necessary
for the principal beneficiary's health, education, support,
comfort, welfare, or happiness to maintain at a minimum the
principal beneficiary's accustomed manner of living.

Surviving Spouse's Lifetime Income and Principal General Power of
Appointment - Broad Standard:  At any time during the surviving
spouse's life, the trustee shall distribute all or any part of
the trust, including accrued income and undistributed income, to
such one or more persons and entitles, including the surviving
spouse or the surviving spouse's estate, and on such terms and
conditions, outright, in trust, or by creating further powers of
appointment, as the surviving spouse shall request by an
acknowledged document that specifically refers to this power of
appointment.

Surviving Spouse's Deathtime Income and Principal General Power
of Appointment:  On the death of the surviving spouse, the
trustee shall distribute the remainder, if any, of the trust,
including accrued income and undistributed income to such one or
more persons and entitles, including the surviving spouse's
estate, and on such terms and conditions, either outright, in
trust, or by creating further powers of appointment as the
surviving spouse shall appoint by a valid instrument or lifetime
document that was executed after the deceased spouse's death and
specifically refers to this power of appointment.  If the
surviving spouse does not effectively appoint all the trust
estate, the trustee shall distribute such property according to
the distribution provisions below.

Distribution - Credit Trust:  At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed

-9-

ER 1187

income to the surviving spouse's estate, and (2) any remaining principal according to the Credit Trust distribution provisions.

Spouse's Last Illness Expenses and Taxes: At the surviving spouse's death, the trustee, in the trustee's reasonable discretion, may pay the expenses of the surviving spouse's last illness and funeral, other obligations incurred for the surviving spouse's support, and any estate or inheritance taxes arising by reason of the surviving spouse's death from either income or principal of this trust to the extent they have not been specifically appointed, unless other adequate provisions exist.

Death Taxes - Surviving Spouse's Will: The surviving spouse directs the trustee and the surviving spouse's executor to charge and collect all federal death taxes for assets passing under the surviving spouse's will and outside the surviving spouse's will from those persons sharing in the federal taxable estate in accordance with the California Probate Code provisions for death tax apportionment and allocation. Further, the surviving spouse directs the trustee to charge and collect all state death taxes in the same manner as the federal death taxes and not as probate administration expenses. These tax directions shall not apply to any gifts passing under the surviving spouse's will or under this trust designated as "free of all death taxes," and the trustee shall pay all such death taxes form the remainder of the trust estate without apportionment among the beneficiaries.

END OF ARTICLE

ARTICLE 5

MARITAL DEDUCTION TRUST

Introduction: The trustee shall hold, administer, and distribute all property allocated to the Marital Deduction Trust as follows:

Beneficiary - Surviving Spouse: The beneficiary of this trust shall be as follows:

Income beneficiary: Surviving spouse

Principal beneficiary: Surviving spouse

ER 1188

Income - Entire:  The trustee shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually.


Principal - Ascertainable Standard:  If the trustee considers the income insufficient, the trustee shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.


Guidelines - Other Sources, One Beneficiary:  In making distributions, the trustee, in it s reasonable discretion, may consider any other income or resources of the beneficiary known to the trustee and reasonably available.


Distribution - Credit Trust:  At the surviving spouse's death, the trustee shall distribute (1) any accrued and undistributed income to the surviving spouse's estate, and (2) any remaining principal according to the Credit Trust distribution provisions.


QTIP Election - Optional:  The settlors authorize the trustee, in the trustee's absolute discretion, to make or not make the election provided by section 2056 (b)(7)(B)(v) of the Internal Revenue Code to treat all or a portion of the Marital Deduction Trust as qualified terminable interest property for the purpose of qualifying all or a specific portion of the trust for the federal estate tax marital deduction.  The settlors recognize that if the trustee does not make such an election, the Marital Deduction Trust will not qualify for such marital deduction.  In exercising such discretion, the trustee may consider all relevant factors, including the potential benefits and detriments of reducing the federal estate tax on the deceased spouse's trust estate and increasing such tax on the estate of the surviving spouse's gross estate such appreciation in value of the marital deduction share as may occur after the deceased spouse's death and before the surviving spouse's death.  This discretion of the trustee shall be absolute, notwithstanding any beneficial or adverse effect the making or not making of this election may have on the deceased spouse's estate, the surviving spouse's estate, or the beneficiaries of these estates.  The trustee shall not incur personal liability for exercising or not exercising this election, and the deceased spouse's estate shall hold the trustee harmless against all claims with regard to the election.  The discretion under this clause is not limited by the wording of the Marital Deduction Intention clause.  If the trustee makes that election, the settlors further request, but do not require, that

-11-
-12-

-12-

the trustee make an election under Section 5652 (a)(3) of the
Internal Revenue Code to treat that property, for purposes of
Chapter 13 of the Internal Revenue Code, as if the election had
not been made. The trustee shall not be liable to any
beneficiary by reason of making or not making these elections.
If the trustee decides not to make these elections, the trustee
shall notify the surviving spouse of the decision in writing at
least 30 days before the due date plus any extensions for filing
the deceased spouse's federal estate tax return.


Tax Payment to Spouse's Estate:  On demand of the appropriate
fiduciary representing the surviving spouse's estate, the trustee
of the Marital QTIP trust shall distribute to that fiduciary
property equal to the amount of any federal estate tax that such
fiduciary requests up to the amount that the federal and state
tax codes entitle the surviving spouse's estate to recover.  If
no such fiduciary exists, the trustee shall pay directly to the
taxing authorities any such death taxes.


Marital Deduction Intention:  The deceased spouse intends that
this marital trust qualify for the marital deduction provisions
of the Internal Revenue Code.  Therefore, the deceased spouse
directs that the trustee not take any action or exercise any
power that will impair the marital deduction.  Further, the
deceased spouse specifically directs that the following
provisions apply to the marital trust, notwithstanding contrary
provisions in this instrument:

        (1) The surviving spouse, by written instrument
delivered to the trustee, shall have the right to direct the
trustee to convert any non-income-producing property, including
life insurance policies, to income-producing property, and the
trustee shall comply with any such direction within a reasonable
time after its receipt;

        (2) The trustee shall determine all matters with
respect to what is principal and income and the apportionment and
allocation of receipts and expenses by the provisions of the
California Revised Uniform Principal and Income Act from time to
time existing and shall establish reserves for depreciation and
depletion.  When such act is silent, the trustee, in the
trustee's reasonable discretion, shall determine the
characterization and allocation;

        (3) For all bonds purchased at a discount, the trustee
shall, at least annually, accumulate and pay each discount as
interest if necessary from principal or the sale or redemption
proceeds;

ER 1190

(4) The surviving spouse shall have the right to
continue to occupy any real property free of rent in which the
trust holds an interest and which the settlors used regularly or
occasionally as a residence ar vacation home at the time of the
deceased spouse's death. However, the surviving spouse, in the
surviving spouse's discretion, may direct the trustee to sell any
such property and replace it with another residence of comparable
or lower value selected by the surviving spouse. The trustee
shall pay such portion of the mortgage or trust deed payments,
property taxes, assessments, insurance, maintenance, and ordinary
repairs on all such property as is proportional to the interest
in such property held in the trust.

(5) If the trustee redeems treasury bonds at par to pay
the deceased spouse's federal estate tax liability, the trustee
shall consider any accrued interest on such bonds in calculating
the payment of income from the marital trust to the surviving
spouse.

END OF ARTICLE


ARTICLE 6

CREDIT TRUST


Introduction:  The trustee shall hold, administer, and distribute
all property allocated to the Credit Trust as follows:


Beneficiaries - Surviving Spouse, Settlors' Descendants:  The
beneficiaries of this trust shall be as follows:

      Income beneficiary:  Surviving spouse, settlors'
                                children

      Principal beneficiary:  Surviving Spouse, settlors'
                                children


Income - Ascertainable Standard:  The trustee shall pay to or for
the income beneficiary's health, education, or support to
maintain the income beneficiary's accustomed manner of living.
The trustee shall add to principal any net income not so
distributed.


Principal - Ascertainable Standard:  If the trustee considers the
income insufficient, the trustee shall pay to or for the
principal beneficiary as much of the principal as is necessary

ER 1191

for the principal beneficiary's health, education, or support to
maintain the principal beneficiary's accustomed manner of living.


**Division on Death of Surviving Spouse:**  Upon the death of the
surviving spouse, the trustee shall divide the trust estate into
as many shares as there are children of the settlors then living.
Each child shall thereupon be an income and principal beneficiary
only to the extent of the share allocated to him or her, and the
ascertainable standards specified in paragraphs 6.03 and 6.04 of
this Article shall govern the trustee's discretion with respect
to distributions of income and principal respectively of the
child's share to the child.


**Distribution – Progressive Ages:**  Upon a child's attainment of
age 21, the trustee shall distribute to that child, outright, the
percentage of the then remaining balance of the trust estate.
Should a child predecease complete distribution of his or her
share survived by issue, then the issue of such child shall take
his or her distributive share by right of representation;
provided, however, that should a child predecease complete
distribution of his or her share without issue, then the then-
remaining balance of his or her share shall augment the shares of
the then-surviving children of the settlors equally.

<div align="center">END OF ARTICLE</div>


<div align="center">ARTICLE 7</div>

<div align="center">OFFICE OF TRUSTEE</div>


**Nomination of Trustees for All Trusts:**  For all trusts under this
instrument, the trustee and successor trustees shall be those
persons named below.  Each successor trustee shall serve in the
order designated if the prior trustee fails to qualify or ceases
to act.

> Trustee:  settlors as co-trustees
>
> Successors:
>
> First:  surviving settlor
>
> Second: KENNETH KLEIN

<div align="center">-14-</div>

ER 1192

Employment of Consultants - General:  The trustee may employ
custodians, attorneys, accountants, investment advisers,
corporate fiduciaries, or any other agents or advisers to assist
the trustee in the administration of this trust and may rely on
the advice given by these agents.  The trustee shall pay
reasonable compensation for all services performed by these
agents from the trust estate out of either income or principal as
the trustee in the trustee's reasonable discretion determines.
These payments shall not decrease the compensation to which the
trustee is entitled.

Exculpatory Clause - All Trustees:  No trustee shall be liable to
any person interested in this trust for any act or default unless
it results from the trustee's bad faith, willful misconduct, or
gross negligence.

Waiver of Liability for Predecessor Trustee:  Any successor
trustee may accept as correct any accounting of trust assets made
by any predecessor trustee.  However, a successor trustee may
institute any action or proceeding for the settlement of the
accounts, acts, or omissions of any predecessor trustee.

Bond - Waiver:  No trustee, including nonresidents, shall be
required to post bond or security.

Trustee Self-Dealing - Loan, Buy, and Sell:  The trustee shall
have the power to loan or advance the trustee's own funds to the
trust for any trust purpose, with interest at current rates, to
receive security for such loans in the form of a mortgage,
pledge, deed of trust, or other encumbrance of any assets of the
trust, to purchase or exchange assets of the trust at their fair
market value as determined by an independent appraise, to sell
property to the trust at a price not in excess of its fair market
value as determined by an independent appraise, and to lease
assets to or from the trust for fair rental value as determined
by an independent appraise.

Trustee and Executor Transactions - Self-Dealing Permitted:  The
trustee and the executor of the settlor's estate may freely
contract financial transactions between themselves, such as the
purchase and sale of assets and the making of loans, secured and
unsecured, notwithstanding each office being held by the d\same
person and apparent conflicts of interest.

END OF ARTICLE

ER 1193

## ARTICLE 8

### TRUSTEE MANAGEMENT POWERS

Introduction:  For all trusts under this instrument, the trustee shall have the management powers set forth below in addition to those powers now or hereafter conferred by law.

Retain or Abandon Property:  The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

Unproductive Property:  Except when specifically restricted, the trustee shall have the power to retain , purchase, or otherwise acquire unproductive property.

Sell, Exchange, Repair:  The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

Lease:  The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

Investments - General Power:  The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixes, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

ER 1194

Private Accounting:  The trustee shall annually render an account
of its administration of the trusts under this instrument to all
of the current income and current principal beneficiaries who are
then adults.  The beneficiary's written approval of the
accounting shall be a complete protection of the trustee as to
all matters and transactions stated or shown by the accounting.
Failure to transmit to the trustee either (a) the written
approval of such accounting, or (b) a written objection to the
accounting, with reasons specified, within a period of ninety
(90) days after a written request by the trustee for such
approval shall constitute a written approval of the guardian,
conservator, or representative of such person entitled to the
accounting.  To the extent permitted by law, the written approval
of the adult beneficiaries shall bind minor and contingent
remainder interests.  Except as provided in this paragraph, any
reports or accounts otherwise required by the California Probate
Code are hereby waived to the fullest extent of the law.

Principal and Income - Act Governs:  The trustee shall determine
all matters with respect to what is principal and income of the
trust estate and the apportionment and allocation of receipts and
expenses between these accounts by the provisions of the
California Revised Uniform Principal and Income Act from time to
time existing.  When this instrument or such Act does not
provide, the Trustee, in the Trustee's reasonable discretion,
shall determine the characterization.

Depreciation Reserve - Mandatory:  The trustee shall establish
reasonable reserves for depreciation, notwithstanding any other
provision of this instrument or the California Revised Uniform
Principal and Income Act.

Undistributed Income:  Income accrued or unpaid on trust property
when received into the trust shall be treated as any other
income.  Income accrued or held undistributed by the trustee at
the termination of any trust or any interest in a trust created
under this instrument, other than a trust that may be a qualified
terminable interest property trust, shall go to the next
beneficiaries of that interest or trust in proportion to their
interest in it.  Income accrued or held in trust on the
termination of a qualified terminable interest property trust
shall go to the beneficiary of that trust immediately before the
termination or to his or her estate.

Expense Allocation - Proration:  The trustee shall prorate all
taxes and current expenses among successive beneficiaries over
the period to which they relate on a daily basis.

Tax Consequences - Adjustment:  The trustee shall have the power
in the trustee's reasonable discretion to take any action and to
make any election to minimize the tax liabilities of any trust
and its beneficiaries, to allocate the benefits among the various
beneficiaries, and to make adjustments in the rights of any

ER 1195

beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

Multiple Trusts - No Physical Division: If this instrument creates more than one trust, the trustee shall not be required to physically segregate or divide assets among the various trusts, except on the termination of any of the trusts. However, the trustee shall keep separate undivided interests, and the trust may hold undivided interests in the same assets.

Death Taxes of Beneficiary - Authority to Pay: The trustee, in the trustee's reasonable discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax). However, any trust property otherwise exempt from federal estate tax shall not be subject to the payment of any such death taxes.

Beneficiary's Last Illness and Funeral Expenses: The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

Distributions - Consideration of Basis of Assets: In making nonprorata distributions to the beneficiaries, the trustee shall consider and attempt to equalize, insofar as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries. Any such determination by the trustee shall bind all parties in interest.

Distributions and Powers of Appointment: If, on expiration of the later of either six (6) months after the death of any person holding a power of appointment created by this instrument or the expiration of the statutory period which a will contest must be files, the trustee has not received any document purporting to exercise the power, the trustee may distribute any property according to the terms of this instrument as if the power had not been exercised. If a document purporting to exercise the power is subsequently located, the trustee shall not be liable to the appointees under that exercise, and the rights of the appointees and the persons receiving property from the trustee shall follow applicable law.

Distribution - Broad Powers: When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata. Also, the trustee may make such

-18-

ER 1196

sales, of the trust property as the trustee deems necessary to accommodate such distributions.

Deferral of Division and Distribution: If the trust directs distribution of the trust estate or division into separate trusts, then the trustee may, in the trustee's reasonable discretion, defer that distribution or division for six months. When the trustee so defers, the trustee shall make the distribution or division as if it had taken place at the time prescribed in the absence of this paragraph, and all beneficiary rights in those trust assets shall accrue and vest as of the prescribed time.

Small Trust Termination - Trustee Discretion: The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer. The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings, account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the California Uniform Transfers to Minors Act; or (4) distribute the trust assets as provided by law. On such distribution and delivery, the trust shall terminate. The trustee shall not be liable or responsible to any person for its action or for its failure or refusal at any time to terminate the trust as authorized in this paragraph

Payment of Income or Principal - Trustee's Discretion To Select Payee: If Income or principal is payable to a minor, to a person under legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable to manage the distribution properly, then the trustee may, in its reasonable discretion, pay such income or principal in any of the following ways: (1) to the beneficiary directly, (2) to the legally appointed guardian or conservator of the beneficiary, (3) to a custodian for the beneficiary under the California Uniform Transfers to Minors Act, (4) for the benefit of the beneficiary, or (5) to an adult relative or friend in reimbursement for amounts property advanced for the benefit of the beneficiary.

Back-up Trust for Minor Beneficiary's Distribution: Except when this instrument provides otherwise, the trustee shall delay outright distribution of any minor beneficiary's interest in a trust by continuing in a separate trust such minor's share. subject to any trustee discretion to terminate a small trust or court-ordered termination. The trustee shall add all income to principal and pay to and for the benefit of the minor beneficiary as much of the trust estate as is necessary for the minor beneficiary's health, education, support, or maintenance in the minor beneficiary's accustomed manner of living taking into account the minor beneficiary's other income and resources known to the trustee and reasonably available for that purpose. When

-19-

Bonds - Limitations: The trustee shall have the power to purchase bonds either at a premium or at a discount. For bonds purchased at a premium, the trustee shall, in a reasonable manner, periodically repay to principal each premium from interest on the bond or sale or redemption proceeds. For bonds purchased at discounts, the trustee shall periodically accumulate each discount as interest and, to the extent necessary, pay such discount out of principal or from the sale or redemption proceeds.

Invest in Life Insurance: The trustee shall have the power to acquire and maintain life insurance policies on the life of any person, including a trust beneficiary, and to exercise all rights of ownership granted to such policies.

General Partnership Restriction: The trustee, in the trustee's absolute discretion, shall have the election to act only as a limited partner of any general partnership in the trust and shall take any action necessary to effect this election.

Treasury Bonds - Special Tax Redemptions: The trustee shall have the power to purchase at less than par obligations of the United States of America that are redeemable at par in payment of any federal estate tax liability of a settlor in such amounts as the trustee deems advisable. The trustee shall exercise this discretion if the trustee believes that a settlor is in substantial danger of death, and the trustee may borrow funds and doubt concerning the desirability of making the purchase and its amount in favor of making the purchase and in purchasing a larger, even though somewhat excessive, amount. The trustee shall not be liable to a settlor, any heir, or any beneficiary of this trust for losses resulting from purchases made in good faith. The trustee shall redeem such obligations to the fullest extent possible in payment of a settlor's federal estate tax liability.

END OF ARTICLE

TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS

Introduction: For all trusts under this instrument, the trustee shall have the following powers and duties for accounting and tax matters.

ER 1198

Securities:  The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases, and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

Investment Funds:  The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment counsel employed by the trustee, in mutual funds, money market funds, and index funds that investors of prudence, discretion, and intelligence acquire for their own account.

Nominee's Name:  The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, or in the trustee's own name, or in the name of a nominee, or the trustee may hold securities unregistered in such condition that ownership will pass by delivery.

Insurance:  The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

Borrow - General:  The trustee shall have the power to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or by otherwise securing the indebtedness of the trust or the joint indebtedness of the trust and s co-owner of trust property.

Loan:  The trustee shall have the power to loan money to any person, including a trust beneficiary or the estate of a trust beneficiary, at prevailing interest rates and with or without security as the trustee deems advisable.

ER 1199

the minor beneficiary attains majority, the trustee shall
distribute the trust estate to the beneficiary outright. If the
minor beneficiary dies before distribution, the trustee shall
distribute the trust estate to the beneficiary's estate.

END OF ARTICLE

ARTICLE 10

TRUST ADMINISTRATION PROVISIONS

Introduction: The following additional trust provisions shall
apply under this instrument.

Upon death of either Trustor: This Trust shall be recorded with death certificate.
with the county recorder where decedent resided. *death certificate attached*
Spendthrift Provision: No beneficiary shall anticipate, assign,
encumber, or subject to any creditor's claim or to legal process
any interest in principal or income before its actual receipt by
any beneficiary. The beneficial and legal interests in this
trust, its principal, and its income shall be free from
interference or control of any beneficiary's creditor and shall
not be subject to claims of any such creditor or liable to
attachment, execution, bankruptcy, or other process of law.

Perpetuities Savings Clause - Surviving Spouse and Descendants:
All trusts created by this instrument or by the exercise of any
power of appointment shall terminate 21 years after the death of
the surviving spouse and of settlors' descendants living at the
surviving spouse's death.

California Law Governs; California law shall govern the validity,
construction, interpretation, and administration of this trust.

No contest-contestant disinherited; If an beneficiary in any
matter directly or in directly contests or attacks this
instrument any interest in the trust given to that contesting
beneficiary is revoked and shall be dispose as if that contesting
beneficiary had predeceased the settlor.

Survivorship requirement; Surviving spouse or beneficiaries must
survive the settlor for 60 days before entitlement to such gifts.

Educational expenses; Education expenses shall include the cost
of elementary, secondary, college, and travel for foreign study.
the trustee may also consider the beneficiaries related living
expenses to the extent that they are reasonable.
DATED: *Schedule "A" attached*

7/8/199

SETTLOR
LESLIE KLEIN

-22-

# COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/06)

3201219050694

| | | |
|---|---|---|
| STATE FILE NUMBER | | LOCAL REGISTRATION NUMBER |

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| ERIKA | NAOEMI | KLEIN |

| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months Days | IF UNDER 24 HOURS Hours Minutes | 6. SEX |
|---|---|---|---|---|---|---|
| | | 09/01/1947 | 65 | | | F |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES / NO / UNK | 7. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| GERMANY | 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 | X NO | MARRIED | 12/12/2012 | 2115 |

| 13. EDUCATION – Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (If yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| BACHELOR | X NO | CAUCASIAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| HOMEMAKER | OWN HOME | 42 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 322 N. JUNE ST. |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS ANGELES | LOS ANGELES | 90004 | 42 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| LESLIE KLEIN, HUSBAND | 322 N. JUNE ST., LOS ANGELES, CA 90004 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| LESLIE | | KLEIN |

| 31. NAME OF FATHER/PARENT–FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| KOLEV | | GESTETNER | HUNGARY |

| 35. NAME OF MOTHER/PARENT–FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| TERESA | | SOLOMON | HUNGARY |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 12/13/2012 | JERUSALEM, ISRAEL HAR HAMENUCHOS CEMETERY |

| 41. TYPE OF DISPOSITION(S) | | 43. LICENSE NUMBER |
|---|---|---|
| TR/BU | NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| CHEVRA KADISHA MORTUARY | FD1326 | JONATHAN FIELDING, MD | 12/13/2012 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| CEDARS-SINAI MEDICAL CENTER | X IP / ER/OP / DOA | Hospice / Nursing Home/LTC / Decedent's Home / Other |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| LOS ANGELES | 8700 BEVERLY BLVD | WEST HOLLYWOOD |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events – diseases, injuries, or complications – that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? YES / NO |
|---|---|---|---|
| IMMEDIATE CAUSE (A) | CARDIOPULMONARY ARREST | 5 MINS. | X NO |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) | METASTATIC COLON CANCER | 6 MTHS. | 109. BIOPSY PERFORMED? YES / NO X |
| (C) | | | 110. AUTOPSY PERFORMED? YES / NO X |
| (D) | | | 111. USED IN DETERMINING CAUSE? YES / NO X |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES / NO X / UNK |
|---|---|
| NO | |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since / Decedent Last Seen Alive | MICHAEL T DUFFY M.D. | G59599 | 12/12/2012 |
| (A) mm/dd/ccyy (B) mm/dd/ccyy 09/--/2011 12/12/2012 | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE MICHAEL T DUFFY M.D. 9400 BRIGHTON WAY #300, BEVERLY HILLS, CA 90210 | | |

**CORONER USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. MANNER OF DEATH Natural / Accident / Homicide / Suicide / Pending Investigation / Could not be determined | 120. INJURED AT WORK? YES / NO / UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|---|
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | | | | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | | | | |
| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) | | | | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | | |

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH.J | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | *01000100222 4734* | | |

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

*Jonathan E. Fielding mo*
VE
Director of Public Health and Registrar

DATE ISSUED
*HD3041577*
DEC 13 2012

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar. PBHCO3 (REV) 08/11

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

DATED: 4/8/1990                          _____
                                                SETTLOR ✓
                                         ERIKA NOEMI KLEIN


DATED: 4/8/1990                          _____
                                                TRUSTEE
                                         LESLIE KLEIN


DATED: 4/8/1990                          _____
                                                TRUSTEE
                                         ERIKA NOEMI KLEIN


The settlors' attorney approves this Declaration of Trust.

Dated:

        4/8/1990

                    LESLIE KLEIN    _____
                                         KLEIN AND CUTLER
                                         Attorneys for
                                         settlors


ACKNOWLEDGMENT FOR SETTLORS AND INITIAL CO-TRUSTEES

COUNTY OF LOS ANGELES            )
STATE OF CALIFORNIA              )

On ____4/8____ 1990, before me, the undersigned, a Notary
Public for this State, personally appeared __Leslie Klein__
and __Erika Klein__ personally known to me or proved to me
on the basis of satisfactory evidence to be the settlors and
initial co-trustees of the trust created by this instrument and
to be the persons whose names are subscribed to this instrument
and who acknowledged its signing as the settlors.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

                    Vicente E. Coronel
                    _____
                         Notary Public

(Seal)          ┌─────────────────────────┐    VINCENT E. CORONEL
                │     OFFICIAL SEAL       │
                │   VICENTE E. CORONEL    │
                │ NOTARY PUBLIC - CALIFORNIA │
                │   LOS ANGELES COUNTY    │
                │ My Comm. Expires Dec. 17, 1993 │
                └─────────────────────────┘


                        -23-

ER 1202

## SCHEDULE "A"

Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 146 of Tract 4891 as per Map recorded in Book 52 Page 57 of Maps in the office of the County Recorder of said County.

APN NO: 5527-014-022
Commonly known as:  730 N. Laurel Avenue, Los Angeles, Ca.


Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 300 of Tract 8320 as per Map recorded in Book 98 Page 41 of Maps in the office of the County recorder of said County.

APN NO: 5523-033-008
Commonly known as: 322 N. June Street, Los Angeles, Ca.

-24-

# EXHIBIT C

**(Property Deed)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4889-2964-7549.2 78512.001

2

RECORDING REQUESTED BY
SAFECO TITLE INS. CO.

CENTURY BANK

AND WHEN RECORDED MAIL TO

Name: Leslie Klein and Erika Klein
Street Address: 613 N. Alta Vista
City & State: Los Angeles, California

Escrow No. 1449-NR     7720760

MAIL TAX STATEMENTS TO

Mail Tax Statements to Return Address Above

**77-1376859**

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA.
27 MIN.
PAST   9 A.M. DEC 14 1977
Recorder's Office

FEE
$3
J

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Individual Grant Deed

THIS FORM FURNISHED BY TICOR TITLE INSURERS

A.P.N.

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 353.00
(X) computed on full value of property conveyed, or
( ) computed on full value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: ( ) City of _____ and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

HOWARD L. RAYKOFF AND JUDY H. RAYKOFF

hereby GRANT(S) to   LESLIE KLEIN AND ERIKA NOEMI KLEIN, AS TRUSTEES UNDER THE
KLEIN LIVING TRUST OF 1975,

the following described real property in the city of Los Angeles
County of     Los Angeles     , State of California:

Lot 300 of Tract 8320 as per map recorded in Book 98 Page 41 of maps in the office
of the County REcorder of said County.

Dated     July 8, 1977

STATE OF CALIFORNIA
COUNTY OF  Los Angeles    } ss.
On    11th July 1977    before me, the under-
signed, a Notary Public in and for said State, personally appeared

Howard L. Raykoff and Judy H. Raykoff

_____ known to me
to be the person s whose name s are subscribed to the within
instrument and acknowledged that    they   executed the same.
WITNESS my hand and official seal.

Signature  Irene M. Sells

Howard L. Raykoff
Judy H. Raykoff

OFFICIAL SEAL
IRENE M. SELLS
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires JAN 7, 1979
445 South Figueroa, Los Angeles, CA 90017

(This area for official notarial seal)

Title Order No. _____   Escrow or Loan No.    1449

MAIL TAX STATEMENTS AS DIRECTED ABOVE     7720760-53

END OF RECORDED DOCUMENT

205

# EXHIBIT D

## (April 29 Email)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **From:** | Marc Lieberman <marc.lieberman@flpllp.com> |
| **Sent:** | Monday, April 29, 2024 7:30 PM |
| **To:** | Jeffrey P. Nolan |
| **Cc:** | John W. Lucas; Safa Saleem |
| **Subject:** | Re: (Sent on behalf of Jeffrey W. Dulberg) In re: LESLIE KLEIN - USBC for the Central District of California - 23-10990 (SK) |
| **Attachments:** | image001.jpg; image001.jpg; Klein-Order Entered 4-26-2024 Dkt 721.pdf; Sharp-Klein-Klein Subpoena for Documents.pdf |

Jeff:

Our paralegal Safa Saleem and I are both back in town and loading up a Dropbox with Bates-stamped copies of all responsive documents we can get our hands on.

Some of the responsive documents were provided by Michael Kogan, so there may be a few duplicates.

I believe that there is only one version of the Marital Deduction Trust (MTD) that you refer to below. The MTD, also called the "A Trust" is one of two sub trusts under the Second Amended Klein Trust of 1990 ("Klein Trust") The other is called the Survivors Trust or "B Trust." When Les's late wife passed away in 2012, the A Trust and B Trust became irrevocable.

Les's position has been that assets in the B Trust are property of the bankruptcy estate, while the assets of the A Trust are not property of the estate.

Les contends that the A Trust owns 100% of the June Street Property and the 2 Israel properties. However, I have yet to see documents that support those contentions. If I obtain them, I will up load them to the Dropbox.

The major challenge has been finding documents that evidence what assets are in the A Trust and what assets are in the B Trust. Les is trying to get certified copies of the title documents for the Israel properties, and will provide them when he gets them.

I'm hopeful that some of the documents uploaded to the Dropbox will shed light on other ownership issues.

Other documents to be uploaded are copies of several life insurance policies, title to which appears to be held by various insurance trusts (the "Insurance Trusts") of which Les Klein is the trustee. I hope to also obtain copies of the Insurance Trusts to track who the beneficiaries are.

Then there is Life Capital Group, LLC ("LCG"). The LCG operating agreement will be in the Dropbox. It says that Les Klein owns 50% and Shlomo Rechnitz owns 50% of LCG. (Les contends that his 50% is split equally between the A Trust and the B Trust. However, I have yet to see any documents explaining why this is the case.)

My understanding is that LCG has always been managed by a Rechnitz controlled manager and that there was previously litigation between Les on the one hand and Shlomo and the manger on the other hand. Les is concerned that Shlomo has short-changed the estate or out-right misappropriated LCG monies, all of which would have been the proceeds of insurance policies. Certainly communications among Shlomo, Les, and the manager would be helpful here. Les does not have such communications. It seems that Shlomo and the manager should be subpoenaed.

ER 1207

It is not yet clear to me how the LKA law firm fits into all this. I am still trying to get responsive documents that will shed light on this.

**MARC A. LIEBERMAN, ESQ.**
FLP Law Group LLP
1875 Century Park East, Suite 2230
Los Angeles, CA 90067
t. 310.284.7350 ext. 2
marc.lieberman@flpllp.com
**www.flpllp.com**

This message and any attached documents contain information from the law firm of FLP Law Group LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message. We are a federally designated Debt Relief Agency under the United States Bankruptcy Laws. We help individuals and their companies find solutions to their debt problems, including, where appropriate, assisting them file petitions for relief under the United States Bankruptcy Code. This does not constitute an electronic signature.

On Apr 29, 2024, at 6:04 PM, Jeffrey P. Nolan <jnolan@pszjlaw.com> wrote:

Marc,

Attached please find a courtesy copy of the Court order approving the issuance of the 2004 subpoena to the Debtor. I also included a courtesy copy of the subpoena again. I think my secretary meant this to go to you earlier today rather than Simon. My apologies. I did talk to Simon today and he mentioned the Marital Trust and receiving documents with regards to it. I assume that this is the one and the same Marital Trust the Trustee has been seeking documents in our emails and communications with the Debtor. If it is a different Marital Trust, it would also be responsive to the subpoena. I wanted to check in as to timing and if there is a preferred format to exchange the documents.

Hope all is well otherwise.

Jeff
**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** Ramon X. Sainz <rsainz@pszjlaw.com>
**Sent:** Monday, April 29, 2024 3:17 PM
**To:** saron@wrslawyers.com; moster@wrslawyers.com; les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net; Nathan Talei <ntalei@oclslaw.com>
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Jeffrey P. Nolan

&lt;jnolan@pszjlaw.com&gt;; Yves P. Derac &lt;yderac@pszjlaw.com&gt;
**Subject:** (Sent on behalf of Jeffrey W. Dulberg) In re: LESLIE KLEIN - USBC for the Central District of
California - 23-10990 (SK)

Please see attached.

**Ramon Sainz**
Legal Secretary
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2385
Tel: 310.277.6910 | Fax: 310.201.0760
rsainz@pszjlaw.com

Los Angeles | New York | Wilmington, DE | Houston | San Francisco

# EXHIBIT E

## (Klein Trust Property Schedule)

# KLEIN SECOND AMENDED TRUST AGREEMENT
## dated 4-08-1990
### as of
### September 10, 2013

Marital Deduction Trust (Trust A)

| | | |
|---|---|---|
| 322 N. June Street | Value on 9-10-2013 | $3,500,000 |
| Los Angeles, CA. 90004 | | |
| (Home) | | |
| 100% | | |
| | | |
| Suite 1323 in Leonardo | Value on 9-10-2013 | $500,000 |
| Plaza Jerusalem Israel | | |
| (King George Street) | | |
| 100% | | |
| | | |
| Dan Boutique | Value on 9-10-2013 | |
| Suite on 5th Floor in | | |
| Jerusalem Israel | | |
| (Hebron Road) | | |
| 100% | | $250,000 |
| TOTAL | | $4,250,000 |

25% interest in Life Capital Group LLC

Survivor Trust (Trust B)

COMMON STOCK in
Bay Area Dev. Co 100% which
owns the following properties:

| | | |
|---|---|---|
| 14245 Ventura Blvd. | | |
| Sherman Oaks, CA. 91423 | Value on 9-10-2013 | $2,500,000 |
| (Commercial Office Building) | | |
| | | |
| 419 N. Highland Ave | Value on 9-10-2013 | $1,000,000 |
| Los Angeles, CA-90036 | | |
| (Home) | | |
| | | |
| 507 N. Mansfield Ave | Value on 9-10-2013 | $750,000 |
| Los Angeles, CA. 90036 | | |
| (Home) | | |
| | TOTAL | $4,250,000 |

25% interest in Life Capital Group LLC

ER 1211

KLEIN000814

1

## **EXHIBIT K**

(Answer [Adv. Docket No. 21])

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4865-0920-4701.1 78512.001

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an
individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>      Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>      Defendants. | Case No.: 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11<br><br><br>ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL.<br><br>STATUS CONFERENCE:<br>DATE:   AUGUST 21, 2024<br>TIME:   9:00 AM<br>PLACE: CTRM 1575<br>         255 E. TEMPLE ST<br>         LOS ANGELES, CA 90012. |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 1 -

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"), for themselves and themselves alone, answer the Trustee's First Amended Complaint ("FAC") on file herein by denying each and every allegation (either for lack of information or because the allegations are untrue), except as expressly admitted below:[1]

## Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

## Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

## Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

_____

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 1214

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 3 -

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value. As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

<u>**First Affirmative Defense**</u>

<u>**(Bona Fide Purchaser)**</u>

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 4 -

**WHEREFORE**, Defendants pray

A. That Trustee take nothing by his First Amended Complaint

B. For such other and further relief as the Court may deem just and proper.

Dated: July 12, 2024

Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 5 -

ER 1217

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | AP No.: 2:24-ap-01140-SK |
| Trustee | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

ER 1218

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan    jnolan@pszjlaw.com

## II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 7 -

ER 1219

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR. | Case No.: 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>          Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>          Defendants. | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL.<br><br>STATUS CONFERENCE:<br>DATE:    AUGUST 21, 2024<br>TIME:    9:00 AM<br>PLACE: CTRM 1575<br>            255 E. TEMPLE ST<br>            LOS ANGELES, CA 90012. |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 1 -

ER 1220

1            Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

2 incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

3 Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

4 LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

5 OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

6 LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

7 for themselves and themselves alone, answer the Trustee's First Amended Complaint

8 ("FAC") on file herein by denying each and every allegation (either for lack of

9 information or because the allegations are untrue), except as expressly admitted

10 below:[1]

### Introduction

11 1. Answering paragraphs 1-4 of the FAC admit the same

### Jurisdiction

12 2. Answering Paragraphs 6-7 of the FAC, admit the same

### Parties

13 3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

Defendants allege that as shown on Exhibit B to the First Amended

Complaint The Klein Living Trust was recorded with the Los Angeles

County Recorder 4/11/13 as no. 20130540038.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

Between Barbara Roth Klein and Leslie Klein, and she is further
beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,
Leslie Klein, as trustee of the MDT has held 50% of the June Street
Property for the benefit of the beneficiaries of the MDT and that Leslie
Klein, as Trustee of the Survivor Trust held the other 50% of the June
Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor
Trust, transferred all of his interest in the June Street property to Leslie
Klein, as trustee of the MDT, which took as a bona fide purchaser for
value. As a result of the foregoing, as of the Petition Date, Leslie
Klein, as trustee of the MDT, owns 100% of the June Street property
and neither the Survivor Trust nor the Leslie Klein Chapter 11
bankruptcy estate has any interest in the June Street Property, except
for Leslie Klein's life estate.

### <u>First Affirmative Defense</u>

### <u>(Bona Fide Purchaser)</u>

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as
trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest
in the June Property as a bona fide purchaser for value. As a result,
Leslie Klein, as trustee of the MDT, owns all right, title and interest in
the June Street Property and neither the Survivor's Trust nor the
bankruptcy estate holds any interest in the June Street property,
except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 4 -

WHEREFORE, Defendants pray

A. That Trustee take nothing by his First Amended Complaint

B. For such other and further relief as the Court may deem just and proper.

Dated: July 12, 2024

Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 5 -

ER 1224

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | AP No.: 2:24-ap-01140-SK |
| Trustee | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

ER 1225

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan   jnolan@pszjlaw.com

## II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

ER 1226

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an
individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| DEBTOR. | Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL. |
| vs. | |
| LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL, | |
| Defendants. | |
| | STATUS CONFERENCE: DATE:   AUGUST 21, 2024 TIME:   9:00 AM PLACE: CTRM 1575    255 E. TEMPLE ST    LOS ANGELES, CA 90012. |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 1 -

ER 1227

1        Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

2   incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

3   Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

4   LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

5   OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

6   LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

7   for themselves and themselves alone, answer the Trustee's First Amended Complaint

8   ("FAC") on file herein by denying each and every allegation (either for lack of

9   information or because the allegations are untrue), except as expressly admitted

10  below:[1]

11

12

13                        **Introduction**

14  1.  Answering paragraphs 1-4 of the FAC admit the same

15                        **Jurisdiction**

16  2.  Answering Paragraphs 6-7 of the FAC, admit the same

17

18                        **Parties**

19  3.  Answering Paragraphs 9 – 11 of the FAC, admit the same and

20      Defendants allege that as shown on Exhibit B to the First Amended

21      Complaint The Klein Living Trust was recorded with the Los Angeles

22      County Recorder 4/11/13 as no. 20130540038.

23

24

25

26        _____

27

28      [1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First
Amended Complaint.

    ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 1228

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 3 -

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value.  As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

### First Affirmative Defense

### (Bona Fide Purchaser)

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ER 1230

1
2

**WHEREFORE**, Defendants pray

A. That Trustee take nothing by his First Amended Complaint

3
4

B. For such other and further relief as the Court may deem just and

5

proper.

6

Dated: July 12, 2024

7
8

9

Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 5 -

In re: LESLIE KLEIN
                          Debtor(s)
BRADLEY D. SHARP, Chapter 11
Trustee

Chapter: 11
Case No: 2:23-bk-10990-SK
AP No.: 2:24-ap-01140-SK

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicated method for each person or entity served):
On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
|---|---|---|
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

| In re: LESLIE KLEIN<br><br>Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |
|---|---|

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan   jnolan@pszjlaw.com

## II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 7 -

ER 1233

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE
SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE
MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of
THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an
individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR. | Case No.: 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>      Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>      Defendants. | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL.<br><br>STATUS CONFERENCE:<br>DATE:   AUGUST 21, 2024<br>TIME:   9:00 AM<br>PLACE: CTRM 1575<br>        255 E. TEMPLE ST<br>        LOS ANGELES, CA 90012. |

ER 1234

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

for themselves and themselves alone, answer the Trustee's First Amended Complaint

("FAC") on file herein by denying each and every allegation (either for lack of

information or because the allegations are untrue), except as expressly admitted

below:[1]

## Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

## Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

## Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

Defendants allege that as shown on Exhibit B to the First Amended

Complaint The Klein Living Trust was recorded with the Los Angeles

County Recorder 4/11/13 as no. 20130540038.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 1235

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ER 1236

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value.  As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

### **First Affirmative Defense**

### **(Bona Fide Purchaser)**

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 4 -

1

2

**WHEREFORE**, Defendants pray

A. That Trustee take nothing by his First Amended Complaint

3

B. For such other and further relief as the Court may deem just and

4

proper.

5

Dated: July 12, 2024

6

7

8

9

Eric J. Olson of counsel to
Leslie Klein & Associates
Attorney for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 5 -

In re: LESLIE KLEIN
                                    Debtor(s)
BRADLEY D. SHARP, Chapter 11
Trustee

Chapter: 11
Case No: 2:23-bk-10990-SK
AP No.: 2:24-ap-01140-SK

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicated method for each person or entity served):
On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
|---|---|---|
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

ER 1239

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |

## I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":</u>

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan    jnolan@pszjlaw.com

## II. <u>SERVED BY UNITED STATES MAIL:</u>

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ER 1240

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc
301 East Colorado Boulevard Suite 520
Pasadena, California 91101
626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| DEBTOR. | Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>     Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>    Defendants. | ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS LESLIE KLEIN, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL.<br><br>STATUS CONFERENCE:<br>DATE:    AUGUST 21, 2024<br>TIME:    9:00 AM<br>PLACE: CTRM 1575<br>       255 E. TEMPLE ST<br>       LOS ANGELES, CA 90012. |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 1 -

ER 1241

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure,

incorporated into this adversary proceeding through Bankruptcy Rule 7008, defendants

Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN

LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST

OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF

LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual (collectively "Defendants"),

for themselves and themselves alone, answer the Trustee's First Amended Complaint

("FAC") on file herein by denying each and every allegation (either for lack of

information or because the allegations are untrue), except as expressly admitted

below:[1]

## Introduction

1. Answering paragraphs 1-4 of the FAC admit the same

## Jurisdiction

2. Answering Paragraphs 6-7 of the FAC, admit the same

## Parties

3. Answering Paragraphs 9 – 11 of the FAC, admit the same and

Defendants allege that as shown on Exhibit B to the First Amended

Complaint The Klein Living Trust was recorded with the Los Angeles

County Recorder 4/11/13 as no. 20130540038.

------

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the First
Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

- 2 -

ER 1242

4. Answering Paragraphs 12 – 13 of the FAC, Defendants allege that the MDT and Survivor's Trust are provided for in the Klein Living Trust and were funded in connection with the death of Erika Klein on or about December 2012.

5. Answering Paragraph 14 of the FAC Defendants admit the same.

### The Property

6. Answering Paragraphs 15 – 16 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

7. Answering Paragraphs 17-18, Defendants admit the same except that Defendants    allege that the April 29, Email states that "The A Trust owns 100% of the June Street Property and the 2 Israel Properties".

### First Claim for Relief

8. Answering Paragraph 22 of the FAC, Defendants admit the same except that Defendants allege that as shown on Exhibit B to the First Amended Complaint The Klein Living Trust was recorded with the Los Angeles County Recorder 4/11/13 as no. 20130540038.

9. Answering Paragraph 23 of the FAC, Defendants allege that Barbara Klein is entitled to "also live in the house at 322 N. June Street where the parties [Leslie Klein and Barbara Klein] lived during her lifetime." by First Amendment to Premarital Agreement Dated November 25, 2015

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 3 -

ER 1243

Between Barbara Roth Klein and Leslie Klein, and she is further

beneficiary of Debtor's Homestead on The Property.

10. Answering Paragraph 25 Defendants allege upon Erika's death,

Leslie Klein, as trustee of the MDT has held 50% of the June Street

Property for the benefit of the beneficiaries of the MDT and that Leslie

Klein, as Trustee of the Survivor Trust held the other 50% of the June

Street Property; (b) thereafter, Leslie Klein, as trustee of the Survivor

Trust, transferred all of his interest in the June Street property to Leslie

Klein, as trustee of the MDT, which took as a bona fide purchaser for

value. As a result of the foregoing, as of the Petition Date, Leslie

Klein, as trustee of the MDT, owns 100% of the June Street property

and neither the Survivor Trust nor the Leslie Klein Chapter 11

bankruptcy estate has any interest in the June Street Property, except

for Leslie Klein's life estate.

## **First Affirmative Defense**

## **(Bona Fide Purchaser)**

11. Leslie Klein, as trustee of the MDT, acquired from Leslie Klein, as

trustee of the Survivor's Trust, all of the Survivor's Trust 50% interest

in the June Property as a bona fide purchaser for value. As a result,

Leslie Klein, as trustee of the MDT, owns all right, title and interest in

the June Street Property and neither the Survivor's Trust nor the

bankruptcy estate holds any interest in the June Street property,

except for Leslie Klein's life estate.

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
-4-

ER 1244

1     **WHEREFORE**, Defendants pray

2    A. That Trustee take nothing by his First Amended Complaint

3

4    B. For such other and further relief as the Court may deem just and

5    proper.

6 Dated: July 12, 2024

7

8           Eric J. Olson of counsel to

9           Leslie Klein & Associates

            Attorney for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS

ER 1245

In re: LESLIE KLEIN
                        Debtor(s)
BRADLEY D. SHARP, Chapter 11
Trustee

Chapter: 11
Case No: 2:23-bk-10990-SK
AP No.: 2:24-ap-01140-SK

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Answer to First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property located at 322 North June Street, Los Angeles, California by Defendants"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 07/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 07/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/12/2024 | Jasper Pantaleon | |
| --- | --- | --- |
| Date | Type Name | Signature |

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS ANGELES, CALIFORNIA BY DEFENDANTS
- 6 -

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ANSWER TO FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF
UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 NORTH JUNE STREET, LOS
ANGELES, CALIFORNIA BY DEFENDANTS
- 7 -

ER 1247

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  E-mail:  jdulberg@pszjlaw.com
           jlucas@pszjlaw.com
6          jnolan@pszjlaw.com

7  Attorneys for Plaintiff, Bradley D. Sharp,
   Chapter 11 Trustee
8
                   **UNITED STATES BANKRUPTCY COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10
                        **LOS ANGELES DIVISION**

11  In re:                                  Case No.: 23-10990-SK

12  LESLIE KLEIN,                           Adv. Case No.: 2:24-ap-01140-SK

13          Debtor.                         Chapter 11

14  BRADLEY D. SHARP, Chapter 11 Trustee,   **CERTIFICATE OF SERVICE**

15          Plaintiff,                      Date:   TBD
                                            Time:   TBD
16  v.                                      Place:  Courtroom 1575
                                                    255 E. Temple Street
17  LESLIE KLEIN, an individual, THE                Los Angeles, CA 90012
    SECOND AMENDED KLEIN LIVING
18  TRUST, a trust, THE MARITAL
    DEDUCTION TRUST OF ERIKA KLEIN, a
19  trust, THE SURVIVOR'S TRUST OF
    LESLIE KLEIN, a trust, and BARBARA
20  KLEIN, an individual,

21          Defendants.

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

ER 1248

4870-3076-1703.1 78512.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**One Sansome Street, Suite 3430, San Francisco, CA 94104**

A true and correct copy of the foregoing document entitled (*specify*):

- ***Notice of Motion and Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against Defendants***

- ***Declaration of John W. Lucas in Support of Chapter 11 Trustee's Summary Judgment on All Claims for Relief Against Defendants***

- ***Request for Judicial Notice in Support of Chapter 11 Trustee's Summary Judgment on All Claims for Relief Against Defendants***

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 20, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **September 20, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| <u>Via Federal Express</u><br>Honorable Sandra R. Klein<br>U.S. Bankruptcy Court/Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1582 / Courtroom 1575<br>Los Angeles, CA 90012 | Leslie Klein & Associates, Inc.<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA  90071 |
| Leslie Klein<br>322 North June Street<br>Los Angeles, CA 90004 | Leslie Klein & Associates, Inc.<br>c/o Leslie Klein<br>6454 Van Nuys Blvd. Suite 150<br>Van Nuys, CA 91401 |

☐  Service information continued on attached page

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law

ER 1249

4870-3076-1703.1 78512.001

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **September 20, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or, (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Email:**<br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | **Via Email:**<br>Eric@EJOlsonLaw.com |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 20, 2024 | Oliver Carpio | /s/ Oliver Carpio |
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

ER 1250

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  E-mail:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6            jnolan@pszjlaw.com

7  Attorneys for Plaintiff, Bradley D. Sharp,
   Chapter 11 Trustee
8

9              UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA

                   LOS ANGELES DIVISION

11 | In re:                              | Case No.: 23-10990-SK
12 | LESLIE KLEIN,                       | Adv. Case No.: 2:24-ap-01140-SK
13 |           Debtor.                   | Chapter 11
14 | BRADLEY D. SHARP, Chapter 11 Trustee, | STATEMENT OF UNCONTROVERTED
15 |           Plaintiff,                | FACTS AND CONCLUSIONS OF LAW IN
                                           SUPPORT OF MOTION OF BRADLEY D.
16 | v.                                  | SHARP, CHAPTER 11 TRUSTEE, FOR
                                           SUMMARY JUDGMENT ON ALL
17 | LESLIE KLEIN, an individual, THE    | CLAIMS FOR RELIEF AGAINST
   | SECOND AMENDED KLEIN LIVING          | DEFENDANTS
18 | TRUST, a trust, THE MARITAL          |
   | DEDUCTION TRUST OF ERIKA KLEIN, a    | Date:  TBD
19 | trust, THE SURVIVOR'S TRUST OF       | Time:  TBD
   | LESLIE KLEIN, a trust, and BARBARA   | Place: Courtroom 1575
20 | KLEIN, an individual,                |        255 E. Temple Street
                                           Los Angeles, CA 90012
21 |           Defendants.               |

22

23

24

25

26

27

28

**I.**

**STATEMENT OF UNCONTROVERTED FACTS**

**A.    The Bankruptcy Case**

1.    On February 22, 2023 (the "**Petition Date**") [Bankr. Docket No. 1], the Debtor commenced a voluntary chapter 11 case in the United States Bankruptcy Court for the Central District of California (Los Angeles Division) Case No. 23-10990-SK (the "**Bankruptcy Case**").[1]

2.    On May 23, 2023, the Office of the United States Trustee (the "**OUST**") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151].[2]

3.    On May 24, 2023, the OUST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154],[3] which was approved by order entered the same day [Docket No. 155].[4]

4.    On that same day, the Trustee accepted his appointment [Docket No. 156],[5] as the chapter 11 trustee of the Debtor's bankruptcy estate.

**B.    Schedules of Assets and Liabilities**

5.    On March 8, 2023, the Debtor filed his schedules of assets and liabilities ("**Schedules**") and statement of financial affairs (the "**SOFAs**") [Bankr. Docket No. 34].[6]

6.    The Schedules reflect that the property located at 322 N. June St., Los Angeles, California (the "**June St. Property**") is 50% owned by the Debtor's bankruptcy estate, and 50% owned by the MDT of the Debtor's deceased spouse, Erika Klein.[7]

7.    According to the SOFAs, to the question "[w]ithin 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?" the Debtor admitted that *he had not*.[8]

---

[1] Request for Judicial Notice, **Exhibit A**.
[2] Request for Judicial Notice, **Exhibit B**.
[3] Request for Judicial Notice, **Exhibit C**.
[4] Request for Judicial Notice, **Exhibit D**.
[5] Request for Judicial Notice, **Exhibit E**.
[6] Request for Judicial Notice, **Exhibit F**.
[7] Request for Judicial Notice, **Exhibit F**, Sch. A/B, Pt. 1.1.
[8] Request for Judicial Notice, **Exhibit F**, SOFA Pt. 7.19.

8.     The SOFAs also reflect that the June St. Property is subject to a life estate interest asserted by Barbara Klein ("**Barbara**"), the Debtor's current spouse.[9]

**C.     Barbara Klein and June St. Property**

9.     The Debtor and Barbara entered into a *Premarital Agreement*, dated November 2013. (the "**Premarital Agreement**").[10]

10.     The parties to the premarital agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara.[11]

11.     The Debtor and Barbara entered into a certain *First Amendment to Premarital Agreement*, dated November 25, 2015 (the "**Amendment to the Premarital Agreement**"), wherein the Debtor agreed that Barbara "may also live in the house AT [sic] 322 N. June Street where the Parties live during her life time."[12]

12.     Like the Premarital Agreement, the parties to the Amendment to the Premarital Agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara.[13]

13.     Barbara admits that the Amendment to the Premarital Agreement was never recorded with the recorder's office in the County of Los Angeles (or any other county) prior to or after the Petition Date.[14]

**D.     Debtor's Exemption Regarding June St. Property**

14.     As set forth in the SOFAs, the Debtor sought and obtained an exemption with respect to the June St. Property.[15]

15.     The SOFAs reflect that the Debtor sought an exemption in the amount of $678,397, pursuant to California Code of Civil Procedure § 704.703.[16]

16.     However, after litigation the Court limited the Debtor's exemption in the June St. Property to $189,050. *See* [Bankr. Docket No. 141].[17]

---

[9] Request for Judicial Notice, **Exhibit F**, Sch. A/B, Pt. 1.1.
[10] *Declaration of John W. Lucas* (the "**Lucas Declaration**,") **Exhibit 1**.
[11] Lucas Declaration, **Exhibit 1**.
[12] Lucas Declaration, **Exhibit 2**.
[13] *Id.*
[14] Lucas Declaration, **Exhibit 3**, Nos. 2 and 3.
[15] Request for Judicial Notice, **Exhibit F**, Sch. C, Pt. 1.
[16] *Id.*
[17] Request for Judicial Notice, **Exhibit G**.

### E.    The Property Deed

17.    The real property deed (the "**June St. Deed**") for the June St. Property reflects that it is owned by "Leslie Klein and Erika Noemi Klein, as Trustee under the Klein Living Trust of 1975." (the "**Klein Living Trust of 1975**").[18]

### F.    The Klein Living Trust, Survivor's Trust, and MDT

#### (i)    The Klein Living Trust

18.    On April 8, 1990, the Debtor and his former spouse, Erika Klein ("Erika"), created the Klein Living Trust.[19]

19.    Under the Klein Living Trust, the Debtor and Erika were co-settlors.[20]

20.    Under the Klein Living Trust, the Debtor and Erika were the co-trustees.[21]

21.    During the joint lives of the Debtor and Erika, they were the sole income and principal beneficiaries under the Klein Living Trust.[22]

22.    On December 12, 2012, Erika died.[23]

23.    Under the Klein Living Trust, upon Erika's death, the Debtor became the surviving settlor and assumed the role as the "First Trustee."[24]

24.    Under the Klein Living Trust, the First Trustee serves as trustee for "all trusts under this instrument."[25]

25.    Under the Klein Living Trust, both the Debtor and Erika were sole income and principal beneficiaries.[26]

26.    Each of the Defendants (other than Barbara who was not asked the applicable question) admit that the ownership of the June St. Property was continuously held by the Klein Living Trust of 1975 and then by the Klein Living Trust when such trust was amended and superseded the Klein Living Trust of 1975.[27]

---

[18] Request for Judicial Notice, **Exhibit H**.
[19] Request for Judicial Notice, **Exhibit I**.
[20] Request for Judicial Notice, **Exhibit I**, Art. 1.
[21] Request for Judicial Notice, **Exhibit I**, Art. 1.
[22] Request for Judicial Notice, **Exhibit I**, Art. 2.
[23] Request for Judicial Notice, **Exhibit I**, p. 23.
[24] Request for Judicial Notice, **Exhibit I**, Art. 7.
[25] Request for Judicial Notice, **Exhibit I**, Art. 7.
[26] Request for Judicial Notice, **Exhibit I**, Art. 2.
[27] Lucas Declaration, **Exhibit 4**, No. 3.

27.     Each of the Defendants (other than Barbara who was not asked the applicable question) represent that the documents memorializing the transfer of the June St. Property from the Klein Living Trust to any other party is reflected on ledgers annexed to the responses to interrogatories, which were not recorded with the recorder's office of Los Angeles County, or any other county.[28]

28.     The Defendants admit that the June St. Property is owned by the Klein Living Trust since 1990 and prior versions of such trust (*i.e.*, the Klein Living Trust of 1975) since 1977.[29]

**(ii)    The Marital Deduction Trust or MDT**

29.     Under the Klein Living Trust, the Debtor serves as the First Trustee for the MDT.[30]

30.     Under the Klein Living Trust, and all trusts under such instrument, including the MDT, "self-dealing" is permitted.[31]

31.     Under the Klein Living Trust, the MDT provides that the Debtor is both the income beneficiary and principal beneficiary.[32]

32.     Under the Klein Living Trust, the MDT provides that the First Trustee may use both the income from the MDT and the principal of the MDT for the benefit of the Debtor.[33]

33.     Under the Klein Living Trust, the MDT provides that the First Trustee (i.e., the Debtor) "shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually."[34]

34.     Under the Klein Living Trust, the MDT provides that the First Trustee (i.e., the Debtor) "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living."[35]

---

[28] Lucas Declaration, **Exhibit 5**, No. 1.
[29] Lucas Declaration, **Exhibit 5**, No. 1.
[30] Request for Judicial Notice, **Exhibit I**, Art. 7.
[31] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 15.
[32] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 10.
[33] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.
[34] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.
[35] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.

**(iii)**     **The Survivor's Trust**

35.     Under the Klein Living Trust, the Debtor serves as the First Trustee for the Survivor's Trust.[36]

36.     Under the Klein Living Trust, and all trusts under such instrument, including the Survivor's Trust, "self-dealing" is permitted.[37]

37.     Under the Klein Living Trust, the Survivor's Trust provides that the Debtor is both the income beneficiary and principal beneficiary.[38]

38.     Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee may use both the income from the Survivor's Trust and the principal of the Survivor's Trust for the benefit of the Debtor.[39]

39.     Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the income beneficiary as much of the net income as the trustee considers necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living."[40]

40.     Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living."[41]

**(iv)**     **The Management Powers of the Trustee(s) Under the Klein Living**

41.     Under the Klein Living Trust, the MDT, Survivor's Trust, and any other trust created under the Klein Living Trust, the trustee thereunder has the power to: (a) retain or abandon any property held by the trust (including the June St. Property) and (b) manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property (including the June St. Property).[42]

---

[36] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 14.
[37] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 15.
[38] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 8-9.
[39] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.
[40] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.
[41] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.
[42] Request for Judicial Notice, **Exhibit I**, Art. 8, p. 16.

1    **(v)** **The Spendthrift Clause**

2    42.    The Klein Living Trust contains a "spendthrift" clause (the "**Spendthrift Clause**")

3    that purports to limit or exclude the trust "res" from the reach of creditors to pay their claims.[43]

4    **G.** **The Complaint and Answer**

5    43.    On May 29, 2024, the Plaintiff filed the Complaint [Adv. Docket No. 6] and

6    commenced this adversary proceeding.[44]

7    44.    On July 12, 2024, each of the Defendants filed a consolidated answer (the "**Answer**")

8    to the Complaint [Adv. Docket No. 21].[45]

9    45.    In the Answer, the Defendants represent that the Survivor's Trust transferred its 50%

10   interest in the June St. Property to the MDT.[46]

11                                          **II.**

12                           **CONCLUSIONS OF LAW**

13   **A.** **Elements of a Quiet Title Claim**

14   46.    To state a claim for quiet title, a complaint must include (1) the subject property's

15   description, including both its legal description and its street address or common designation; (2)

16   plaintiff's alleged title to the property; (3) the adverse claims against which a determination is

17   sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of

18   the title against the adverse claims.  *Metcalf v. Drexel Lending Grp.*, No. 08-CV-00731 W POR,

19   2008 U.S. Dist. LEXIS 87420, *14 (S.D. Cal. Oct. 29, 2008).

20   **B.** **The Bankruptcy Code Determines What Is Included in the Estate and**
21        **State Law Determines Whether a Certain Property Interest Is Owned by the Debtor**

22   47.    Federal bankruptcy law governs the extent to which a debtor's property is included in

23   the bankruptcy estate.  *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1986); *In re*

24   *MacDonald*, 164 B.R. 325, 328 (Bankr. C.D. Cal. 1994).

25

26

---

27   [43] Request for Judicial Notice, **Exhibit I**, Art. 10, p. 22.
     [44] Request for Judicial Notice, **Exhibit J**.
28   [45] Request for Judicial Notice, **Exhibit K**.
     [46] Request for Judicial Notice, **Exhibit K**, Para. 11.

48.    Section 541(a) of the Bankruptcy Code expressly provides that property of the estate includes, *inter alia*, "(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a).

49.    However, state law determines whether a particular right, power or interest is "property" and the nature and extent of the debtor's interest therein.  *Butner v. United States*, 440 U.S. 48, 54 (1974); *In re Coupon Clearing Service, Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997).

**C.    The Klein Living Trust and the Underlying Trusts Are
"Self-Settled" and As Such the June St. Property Is Property of the Debtor's Estate**

50.    Upon the filing of a petition under the Bankruptcy Code, an estate is created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a) (1988); *Moses v. Southern California Permanente Med. Group*, 167 F.3d 470, 473 (9th Cir. 1999).

51.    Section 541 of the Bankruptcy Code, however, excludes from the estate property that contains a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law."  11 U.S.C. § 541(c)(2); *Moses*, 167 F.3d at 473.

52.    Under section 541(c)(2) of the Bankruptcy Code, an anti-alienation provision in a valid spendthrift trust created under state law is an enforceable "restriction on the transfer of a beneficial interest of the debtor" and thus serves to exclude the trust corpus from the bankruptcy estate.  *Patterson v. Shumate*, 504 U.S. 753, 757-58 (1992).

53.    California law recognizes the validity of spendthrift trusts.  *In re Neuton*, 922 F.2d 1379 (9th Cir. 1990) (citing Cal. Prob. Code §§ 15300 *et seq.*).

54.    However, the critical inquiry in determining the validity and enforceability of a spendthrift clause under California law is whether the trust's beneficiaries exercise excessive control over the trust.  *See, e.g., In re Salkin*, 526 B.R. 31 (Bankr. C.D. Cal. 2015); *In re Witwer*, 148 B.R. 930, 937 (Bankr. C.D. Cal. 1992).

55.    Under California law, a settlor of a trust containing a spendthrift clause cannot also act as beneficiary of that trust and use such clause to prevent creditors from reaching the trust's corpus to pay their claims.  Cal. Prob. Code § 15304(a).

56.     A trust where the settlor acts as the beneficiary is commonly referred to as a "self-settled" trust.

57.     In this context, California law **voids** spendthrift clauses in self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time still reaping the bounties of such property as a beneficiary of the trust. *Nelson v. California Trust Co.*, 33 Cal. 2d 501, 202 P.2d 1021, 1021 (Cal. 1949) (holding that where a debtor was the sole beneficiary under a trust, all the property in the trust is subject to the claims of the debtor's creditors).

D.     **Sought Exemptions are Property of the Estate & Judicial Estoppel**

58.     The Supreme Court of the United States held that "[n]o property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate." *Owen v. Owen*, 500 U.S. 305, 308 (1991) (superseded by statute on unrelated finding) (emphasis added); *In re Heintz*, 198 B.R. 581, 585 (B.A.P. 9th Cir. 1996) (holding that an exemption removes property from the debtor's estate).

59.     Under California law, Civil Code section 1092 provides that a grant of an estate in real property may be made by providing in substance: "I, A B, grant to C D all that real property . . . ." The operative and essential element of such a deed has long been held to be the word "grant." *Klamath Land & Cattle Co. v. Roemer*, 12 Cal. App. 3d 613, 618 (Cal. App. 1970) (holding that in California the word "grant" has been used to the transfer of all estates in real property, and not solely estates in fee simple, since some time prior to 1845).

60.     Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, which precludes a party from gaining an advantage by asserting one position and subsequently taking a clearly inconsistent position. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

61.     The doctrine applies to prevent a party from asserting inconsistent positions in different cases, as well as in a single litigation. *Id.* at 783.

62.     The Supreme Court has identified three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's position is

"clearly inconsistent" with its earlier position; (2) whether the first court accepted the party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

63.    "In addition to these factors, the Ninth Circuit examines whether the party to be estopped acted inadvertently or with any degree of intent." *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1164 (C.D. Cal. 2008) (internal quotation marks omitted). "If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." *Johnson v. Or. Dep't of Human Res.*, 141 F.3d 1361, 1369 (9th Cir. 1998).

64.    The application of judicial estoppel in the bankruptcy setting is important "to protect the integrity of the bankruptcy process," for "[t]he debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets." *Hamilton*, 270 F.3d at 785.

65.    Further, because the Bankruptcy Code subjects debtors to a continuing duty to disclose all pending and potential claims, *see* 11 U.S.C. § 521(a)(1), judicial estoppel bars a plaintiff from pursuing a claim that the plaintiff failed to disclose in his bankruptcy proceeding even when the claim arose after the bankruptcy petition was initially filed, see Hamilton, 270 F.3d at 785.

66.    Indeed, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784; *see also Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 272-73 (9th Cir. 2013) (applying "a presumption of deliberate manipulation" where "a plaintiff-debtor has not reopened bankruptcy proceedings" and "filed amended bankruptcy schedules that properly listed this claim as an asset").

**E.    Plaintiff is Entitled to Summary Judgment as a
Hypothetical Bona Fide Purchaser Under Section 544(a)(3)**

67.    A debtor or a bankruptcy trustee on behalf of a debtor's estate holds "strong arm powers" provided by section 544(a)(3) of the Bankruptcy Code empowering the trustee to avoid

transfers of or against real property that would be junior under state law to a *bona fide* purchaser for value.

68.    Section 544(a)(3) provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—A bona fide purchaser of all real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that attains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

69.    A bankruptcy court looks to state law to determine the rights of a *bone fide* purchaser for value.  *In re Washburn & Roberts, Inc.*, 795 F.2d 870, 872 (9th Cir. 1986).  Under California law,

> Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action.

Cal. Civ. Code § 1214.

70.    The terms "valuable consideration" or "for value" do not necessarily mean "fair market value" but value that is not nominal in nature.  *Horton v. Kyburz*, 53 Cal. 2d 59, 66 (1959); *Melendrez v. D & I Investment, Inc.*, 127 Cal. App. 4th 1238, 1251 (Cal. App. 2005).

71.    Under California law, a *bona fide* purchaser without actual or constructive notice takes free of a prior equitable interest or constructive trust interest.  *In re Tleel*, 876 F.2d 769, 771-72 (9th Cir. 1989); *Rafftery v. Kirkpatrick*, 29 Cal. App. 2d 503, 507-508 (Cal. App. 1938).  Section 544(a)(3) of the Bankruptcy Code makes a trustee's actual knowledge irrelevant.  A purchaser of real estate for value without constructive notice of a prior interest is given status as a *bona fide* purchaser.  *Tleel*, 876 F.2d at 772.

72.    Constructive notice in the context of real estate is provided by recordation of interests against the property.  Cal. Civ. Code §§ 19, 1214; 3 Harry D. Miller & Marvin B. Starr, *California Real Estate* §§ 8:62, 8:63, 8:65 (2d ed. 1989).

73.    Agreements regarding the formation or dissolution of a marriage that affect real property are not enforceable against a bankruptcy estate unless the rights under such agreement are perfected by recordation in accordance with applicable state law.  *See, e.g.*, *Perlow v. Perlow*, 128 B.R. 412, 415 (E.D.N.C. 1991) (a court approved marital dissolution agreement that provided a spouse with an interest in real property may be avoided under section 544(a)(3) of the Bankruptcy Code if it is not recorded prior to the debtor/former spouse's bankruptcy); *In re Fisher*, 67 B.R. 666, 669 (Bankr. D. Colo. 1986) (same).

74.    Under California law, "No trust in relation to real property is valid unless created or declared:  1. By a written instrument, subscribed by the trustee, or by his agent thereto authorized by writing; 2. By the instrument under which the trustee claims the estate affected; or, 3. By operation of law."  *Bier v. Leisle*, 172 Cal. 432, 435 (1916).

**F.    Trustee Is Entitled to Recover the June St.
Property from the Debtor Pursuant to Section 550 of the Bankruptcy Code**

75.    Section 550 of the Bankruptcy Code sets forth that:

> to the extent that a transfer is avoided under section 544. . .
> [or] 548 . . . of this title, the trustee may recover, for the
> benefit of the estate, the property transferred, or, if the court so
> orders, the value of such property, from - . . . the initial
> transferee of such transfer or the entity for whose benefit such
> transfer was made ….

11 U.S.C. § 550.

**G.    Defendants' Defenses are Unsubstantiated and Without Legal Merit**

76.    The rights of a bona fide purchaser are defined by state law.  *In re Tleel*, 876 F.2d 769, 772 (9th Cir. 1989); *In re Deuel*, 594 F.3d 1073, 1078-1079 (9th Cir. 2010); *In re Seaway Express Corp.*, 912 F.2d 1125, 1128 (9th Cir.1990).

77.    Under California law a *bona fide* purchaser's interest in property takes priority over an unrecorded prior-in-time deed of trust.

78.    Civil Code section 1214 provides that "[e]very conveyance of real property . . . is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

Dated:    September 23, 2024                    PACHULSKI STANG ZIEHL & JONES LLP

By    _/s/ John W. Lucas_
       John W. Lucas

       Attorneys for Plaintiff, Bradley D. Sharp,
       Chapter 11 Trustee

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail:  jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
          jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee, | **CERTIFICATE OF SERVICE** |
| Plaintiff, | Date:   TBD |
| v. | Time:   TBD |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | Place:  Courtroom 1575 |
| Defendants. | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

ER 1264

4870-3076-1703.2 78512.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**One Sansome Street, Suite 3430, San Francisco, CA 94104**

A true and correct copy of the foregoing document entitled (*specify*):

- ***STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS***

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 23, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **September 23, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Via Federal Express<br>Honorable Sandra R. Klein<br>U.S. Bankruptcy Court/Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1582 / Courtroom 1575<br>Los Angeles, CA 90012 | Leslie Klein & Associates, Inc.<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA  90071 |
| Leslie Klein<br>322 North June Street<br>Los Angeles, CA 90004 | Leslie Klein & Associates, Inc.<br>c/o Leslie Klein<br>6454 Van Nuys Blvd. Suite 150<br>Van Nuys, CA 91401 |

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 23, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

ER 1265

4870-3076-1703.2 78512.001

email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Email:** | **Via Email:** |
|---|---|
| Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | Eric@EJOlsonLaw.com |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 20, 2024 | Oliver Carpio | */s/ Oliver Carpio* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law

2

ER 1266

FILED & ENTERED

SEP 24 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Dalke    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 2:23-bk-10990-SK |
| Leslie Klein, | Chapter: 11 |
| | Adversary No.: 2:24-ap-01140-SK |
| Debtor, | **ORDER SETTING HEARING ON MOTION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS** |
| Bradley D. Sharp, Chapter 11 Trustee, | |
| Plaintiff, | |
| vs. | |
| Leslie Klein, Barbara Klein, Kenneth Klein, The Marital Deduction Trust of Erika Klein, The Second Amended Klein Living Trust, The Survivor's Trust of Leslie Klein | Date:   December 18, 2024<br>Time:   9:00 a.m.<br>Crtrm: 1575<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |
| Defendants. | |

On 9/20/24 chapter 11 trustee Bradley S. Sharp (Trustee) filed an "Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on all Claims for Relief Against Defendants" (Motion).  Docket # 32.

ER 1267

The Court hereby sets the Motion for hearing on 12/18/24 at 9:00 a.m. in Courtroom 1575. The Court further orders the following briefing deadlines:

1. The Trustee must file and serve notice of the hearing on all required parties by 9/25/24 at 5:00 p.m.

2. Any opposition to the Motion must be filed and served by 10/16/24 at 12:00 p.m. (noon).

3. Any must be filed and served by 10/30/24 at 12:00 p.m. (noon).

4. No further briefing will be allowed or considered

IT IS SO ORDERED.

Date: September 24, 2024

Sandra R. Klein
United States Bankruptcy Judge

- 2

ER 1268

**\*\*\* TEXT ONLY \*\*\***

| 09/24/2024 | 38 | Hearing Set (RE: related document(s)32 Motion for Summary Judgment filed by Plaintiff Bradley D. Sharp, Chapter 11 Trustee) The Hearing date is set for 12/18/2024 at 09:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (SM) (Entered: 09/24/2024) |
|---|---|---|

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067-4003
4  Telephone: 310-277-6910
   Facsimile: 310-201-0760
5  Email: jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
6          jnolan@pszjlaw.com

7  Attorneys for Plaintiff, Bradley D. Sharp,
   Chapter 11 Trustee

8
                **UNITED STATES BANKRUPTCY COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10
                     **LOS ANGELES DIVISION**

11 | In re                                  | Case No. 23-10990-SK

12 | LESLIE KLEIN,                          | Adv. Case No.:  2:24-ap-01140-SK

13 |         Debtor.                        | Chapter 11

14 | ─────────────────────                  |
                                            | **NOTICE OF HEARING ON MOTION**
15 | BRADLEY D. SHARP, Chapter 11 Trustee,, | **OF BRADLEY D. SHARP, CHAPTER 11**
                                            | **TRUSTEE, FOR SUMMARY**
16 |         Plaintiff,                     | **JUDGMENT ON ALL CLAIMS FOR**
                                            | **RELIEF AGAINST DEFENDANTS**
17 |    v.

18 | LESLIE KLEIN, an individual, THE       | <u>Hearing</u>:
   | SECOND AMENDED KLEIN LIVING
19 | TRUST, a trust, THE MARITAL            |  Date:  December 18, 2024
   | DEDUCTION TRUST OF ERIKA KLEIN, a      |  Time:  9:00 a.m.
20 | trust, THE SURVIVOR'S TRUST OF         |  Court: Courtroom 1575
   | LESLIE KLEIN, a trust, and BARBARA     |         Roybal Federal Building
21 | KLEIN, an individual,                  |         255 E. Temple Street
                                            |         Los Angeles, CA  90012
22 |         Defendants.
                                            | Judge:  Sandra R. Klein
23
                                            | [Relates To Dockets Nos. 32 and 37]

24 **TO THE HONORABLE SANDRA R. KLEIN, ALL DEFENDANTS, OFFICE OF THE**

25 **UNITED STATES TRUSTEE AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

26        **PLEASE TAKE NOTICE** that Plaintiff, Bradley D. Sharp ("<u>Plaintiff</u>"), has filed his

27 *Motion for Summary Judgment on All Claims for Relief Against Defendants* (The "<u>Motion</u>")

28 [Docket No. 32].  The grounds for the Motion are set forth in the Motion and in the Complaint

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   filed against the Defendants [Docket No. 1], seeking to (i) quiet title of that certain property

2   located at 322 June Street, Los Angeles, California (the "June St. Property") in the name of the

3   Debtor, (ii) avoid any unrecorded or invalid transfers of the June St. Property, and (iii) recover the

4   estate's interest in the June St. Property.

5          **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Court's order entered on

6   September 24, 2024 (the "Order") [Docket No. 37], a hearing will be held on the Motion on

7   **December 18, 2024** at **9:00 a.m.** before the Honorable Sandra R. Klein, United States Bankruptcy

8   Court, 255 E. Temple Street, Courtroom 1575, Los Angeles, CA 90012.

9          **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, oppositions to the

10   Motion must be filed and served on parties in interest no later than **October 16, 2024** at **12:00**

11   **p.m. (Pacific Time)**, and replies to oppositions to the Motion must be filed and served on parties

12   in interest no later than **October 30, 2024** at **12:00 p.m. (Pacific Time)**.  No further briefing will

13   be allowed or considered.

14   Dated:  September 25, 2024          PACHULSKI STANG ZIEHL & JONES LLP

15

16                                         By   */s/ John W. Lucas*
                                               _____
17                                               Jeffrey W. Dulberg
                                                 John W. Lucas
18                                               Jeffrey P. Nolan

19                                               Attorneys for Plaintiff, Bradley D. Sharp, Chapter
                                                 11 Trustee
20

21

22

23

24

25

26

27

28

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail:   jdulberg@pszjlaw.com
             jlucas@pszjlaw.com
             jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>　　　　　Debtor.<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>　　　　　Defendants. | Case No.: 23-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11<br><br>**CERTIFICATE OF SERVICE**<br><br>Date:　December 18, 2024<br>Time:　9:00 a.m.<br>Place:　Courtroom 1575<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

4855-8326-0137.1 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**One Sansome Street, Suite 3430, San Francisco, CA 94104**

A true and correct copy of the foregoing document entitled (*specify*):

- ***NOTICE OF HEARING ON MOTION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS***

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 25, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **September 25, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Via Federal Express<br>Honorable Sandra R. Klein<br>U.S. Bankruptcy Court/Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1582 / Courtroom 1575<br>Los Angeles, CA 90012 | Leslie Klein & Associates, Inc.<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA  90071 |
| Leslie Klein<br>322 North June Street<br>Los Angeles, CA 90004 | Leslie Klein & Associates, Inc.<br>c/o Leslie Klein<br>6454 Van Nuys Blvd. Suite 150<br>Van Nuys, CA 91401 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 25, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4855-8326-0137.1 78512.001

email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Email:** | **Via Email:** |
| --- | --- |
| Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | Eric@EJOlsonLaw.com |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 25, 2024 | Oliver Carpio | */s/ Oliver Carpio* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

United States Bankruptcy Court

Central District of California

Sharp, Chapter 11 Trustee,

    Plaintiff

Klein,

    Defendant

Adv. Proc. No. 24-01140-SK

# CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Sep 24, 2024 | Form ID: pdf031 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 26, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| intp | + Joseph Vago, c/o Goe Forsythe & Hodges LLP, 17701 Cowan, Suite 210, IRVINE IRVINE, CA 92614-6840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Barbara Klein |
| pla | | Bradley D. Sharp, Chapter 11 Trustee |
| intp | | Clarisse Young Shumaker |
| dft | | Kenneth Klein |
| dft | | Leslie Klein |
| dft | | The Marital Deduction Trust of Erika Klein |
| dft | | The Second Amended Klein Living Trust |
| dft | | The Survivor's Trust of Leslie Klein |

TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2024          Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 24, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Eric J Olson | |
| | on behalf of Defendant Barbara Klein eric@ejolsonlaw.com |

Eric J Olson
     on behalf of Defendant Leslie Klein eric@ejolsonlaw.com

Eric J Olson
     on behalf of Defendant The Survivor's Trust of Leslie Klein eric@ejolsonlaw.com

Eric J Olson
     on behalf of Defendant The Marital Deduction Trust of Erika Klein eric@ejolsonlaw.com

Eric J Olson
     on behalf of Defendant The Second Amended Klein Living Trust eric@ejolsonlaw.com

Jeffrey P Nolan
     on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com

Jeffrey W Dulberg
     on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

John W Lucas
     on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

Reem J Bello
     on behalf of Interested Party Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Robert P Goe
     on behalf of Interested Party Joseph Vago kmurphy@goeforlaw.com
     rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Simon Aron
     on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

United States Trustee (LA)
     ustpregion16.la.ecf@usdoj.gov


TOTAL: 12

FILED & ENTERED

SEP 24 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY _____ DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 2:23-bk-10990-SK |
| Leslie Klein, | Chapter: 11 |
| | Adversary No.: 2:24-ap-01140-SK |
| Debtor, | **ORDER SETTING HEARING ON MOTION OF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS** |
| Bradley D. Sharp, Chapter 11 Trustee, | |
| Plaintiff, | |
| vs. | |
| Leslie Klein, Barbara Klein, Kenneth Klein, The Marital Deduction Trust of Erika Klein, The Second Amended Klein Living Trust, The Survivor's Trust of Leslie Klein | Date:   December 18, 2024 Time:   9:00 a.m. Crtrm: 1575 |
| Defendants. | 255 E. Temple Street Los Angeles, CA 90012 |

On 9/20/24 chapter 11 trustee Bradley S. Sharp (Trustee) filed an "Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on all Claims for Relief Against Defendants" (Motion).  Docket # 32.

- 1

ER 1277

The Court hereby sets the Motion for hearing on 12/18/24 at 9:00 a.m. in Courtroom 1575. The Court further orders the following briefing deadlines:

1. The Trustee must file and serve notice of the hearing on all required parties by 9/25/24 at 5:00 p.m.

2. Any opposition to the Motion must be filed and served by 10/16/24 at 12:00 p.m. (noon).

3. Any must be filed and served by 10/30/24 at 12:00 p.m. (noon).

4. No further briefing will be allowed or considered

IT IS SO ORDERED.

Date: September 24, 2024

Sandra R. Klein
United States Bankruptcy Judge

- 2

ER 1278

1    Jeffrey W. Dulberg (State Bar No. 181200)
     John W. Lucas (State Bar No. 271038)
2    Jeffrey P. Nolan (State Bar No. 158923)
     PACHULSKI STANG ZIEHL & JONES LLP
3    10100 Santa Monica Blvd., 13th Floor
     Los Angeles, CA  90067-4003
4    Telephone: 310.277.6910
     Facsimile: 310.201.0760
5    E-mail:   jdulberg@pszjlaw.com
               jlucas@pszjlaw.com
6              jnolan@pszjlaw.com

7    Attorneys for Plaintiff, Bradley D. Sharp,
     Chapter 11 Trustee

8

9                   UNITED STATES BANKRUPTCY COURT

                    CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES DIVISION

11   In re:                              Case No.: 23-10990-SK

12   LESLIE KLEIN,                       Adv. Case No.: 2:24-ap-01140-SK

13           Debtor.                     Chapter 11

14   BRADLEY D. SHARP, Chapter 11 Trustee,    **OPPOSITION TO NOTICE OF MOTION
                                              AND MOTION TO ORDER JOINDER OF
15           Plaintiff,                       NECESSARY PARTIES OR DISMISS**

16   v.                                  Date:   October 16, 2024
                                         Time:   9:00 a.m.
17   LESLIE KLEIN, an individual, THE SECOND   Place:  Courtroom 1575
     AMENDED KLEIN LIVING TRUST, a trust,             255 E. Temple Street
18   THE MARITAL DEDUCTION TRUST OF                   Los Angeles, CA 90012
     ERIKA KLEIN, a trust, THE SURVIVOR'S
19   TRUST OF LESLIE KLEIN, a trust, and
     BARBARA KLEIN, an individual,
20
             Defendants.
21

22          Bradley D. Sharp, the duly appointed chapter 11 trustee (the "**Trustee**") of the bankruptcy

23   estate of Leslie Klein (the "**Debtor**"), and Plaintiff is the above-captioned adversary proceeding,

24   hereby files this objection (the "**Opposition**") to the *Motion to Order Joinder of Necessary Parties*

25   *or Dismiss* [Adv. Docket No. 30] (the "**Motion**").  In support of the Opposition, the Trustee

26   represents as follows:

27

28

1    **DEFENDANTS HAVE FAILED TO SATISFY THE REQUIREMENTS OF RULE 19**

2    A Rule 19 motion poses "three successive inquiries." *EEOC v. Peabody Western Coal Co.*,

3    400 F.3d 774, 779 (9th Cir. 2005). "First, the court must determine whether a nonparty should be

4    joined under Rule 19(a)." *Id.* That nonparty (or "absentee") is now referred to as a "person required

5    to be joined if feasible." If an absentee meets the requirements of Rule 19(a), "the second stage is for

6    the court to determine whether it is feasible to order that the absentee be joined." *Id.* "Finally, if

7    joinder is not feasible, the court must determine at the third stage whether the case can proceed

8    without the absentee" or whether the action must be dismissed. *Id.* A nonparty in whose absence an

9    action must be dismissed is one who "not only [has] an interest in the controversy, but [has] an

10    interest of such a nature that a final decree cannot be made without either affecting that interest, or

11    leaving the controversy in such a condition that its final termination may be wholly inconsistent with

12    equity and good conscience." *Shields v. Barrow*, 58 U.S. 130, 139 (1855).

13    As discussed in detail below, the Defendants have failed to satisfy the initial inquiry that any

14    of the Debtor's children should be joined as necessary parties. As a result, there is no need to

15    conduct the further inquiries described above with respect to the feasibility of joining the Debtor's

16    children or the need for potential dismissal of the proceeding. For the reasons stated herein, the

17    Motion should be denied.

18    A.    **The Motion Should be Denied Because it Was Filed in Bad Faith and Without any**
        **Legal Merit or Supporting Facts**

19

20    The Motion is a bad faith filing whereby the Debtor (who is the primary defendant in this

21    adversary proceeding) is trying to delay this Court's adjudication of the pending summary judgment

22    motion [Adv. Docket Nos. 32-24 and 36] (the "**Summary Judgment Motion**") that seeks a

23    determination that the Debtor's primary residence (the "**June St. Property**") is property of the estate

24    and available to pay creditors.

25    On April 8, 1990, the Debtor and his former spouse, Erika Klein ("**Erika**"), created the

26    "Klein Living Trust." As reflected in the Klein Living Trust, there are certain sub-trusts that may be

27    created upon the death of one of the settlors. One such trust, the "marital deduction trust" or "MDT,"

28

reflects that the Debtor is the trustee of the MDT (Klein Living Trust, Art. 7, p. 14) and also the sole income and principal beneficiary of the MDT. Klein Living Trust, Art. 5, p. 10.

The MDT provides that:

> At the surviving spouse's death, the trustee shall distribute (1) any accrued and undistributed income to the surviving spouse's estate, and (2) **any remaining** principal according to the Credit Trust distribution provisions."

Klein Living Trust, Art. 5, p. 11 (emphasis added).

Notably, the MDT does not require the trustee of the MDT (*i.e.*, the Debtor) or the sole income and principal beneficiary of the MDT (*i.e.*, the Debtor) to preserve any property that might be held by the MDT for the benefit of the Debtor's children. Thus, if property held by the MDT is property of the estate (as set forth in the Summary Judgment Motion and herein) then such property may be used to pay the claims of the Debtor's creditors without regard to the provision quoted above, which only has any application **if** the MDT holds property **after** the Debtor's death. Until the Debtor's death, the Debtor's children have **no** interest in the MDT and their claim to property held by the MDT are subject to the Bankruptcy Code and rights of creditors holdings claims against the Debtor and his estate.

First, the Debtor, and not the Debtor's children, is both the income and principal beneficiary of the MDT. The fact that the Debtor (and not his children) is the sole income and principal beneficiary proves that any property he receives via the MDT is property of the Debtor's bankruptcy estate. Klein Living Trust, Art. 5, p. 10.

Second, in addition to being the sole beneficiary of the foregoing bequest (to the extent the MDT was funded with property after Erika's death), the Debtor is the trustee of the MDT who has full control over the use, sale, and other disposition of any property held by the MDT. Klein Living Trust, Arts. 7 and 8. The trustee of the MDT is not required to preserve or hold property held by the MDT for the benefit of the Debtor's children because the sole income and principal beneficiary of the MDT is the Debtor.

Third, the Motion is premised on the assumption that the MDT will have property after the future death of the Debtor, and only at such time will the Debtor's children have an interest in any

distribution from the MDT **but only to the extent the MDT actually holds property**. Prior to the death of the Debtor, property held by the MDT is for the sole benefit of the Debtor (and the Debtor's creditors).

In the end, the quoted provision above in the MDT is nothing more than an administrative provision to help ensure that if the Debtor continues to hold property by way of the MDT at the time of his death there will be a mechanism in the Klein Living Trust to dispose of such property. The foregoing administrative provision does not give the Debtor's children standing, an interest in the June St. Property, or a right to be heard in this adversary proceeding.

**B.      Property Held by the MDT is Estate Property and Subject to Claims of Creditors**

Upon the filing of a petition under the Bankruptcy Code, an estate is created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a) (1988); *Moses v. Southern California Permanente Med. Group*, 167 F.3d 470, 473 (9th Cir. 1999). Section 541 of the Bankruptcy Code, however, excludes from the estate property that contains a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2); *Moses*, 167 F.3d at 473. Under section 541(c)(2) of the Bankruptcy Code, an anti-alienation provision in a valid spendthrift trust created under state law is an enforceable "restriction on the transfer of a beneficial interest of the debtor" and thus serves to exclude the trust corpus from the bankruptcy estate. *Patterson v. Shumate*, 504 U.S. 753, 757-58 (1992).

California law recognizes the validity of spendthrift trusts. *In re Neuton*, 922 F.2d 1379 (9th Cir. 1990) (citing Cal. Prob. Code §§ 15300 *et seq.*). However, the critical inquiry in determining the validity and enforceability of a spendthrift clause under California law is whether the trust's beneficiaries exercise excessive control over the trust. *See, e.g., In re Salkin*, 526 B.R. 31 (Bankr. C.D. Cal. 2015); *In re Witwer*, 148 B.R. 930, 937 (Bankr. C.D. Cal. 1992). California law does not allow a participant with excessive control over his or her trust to shield that trust with an anti-alienation provision lacking true substance.

Under California law, a settlor of a trust containing a spendthrift clause cannot also act as beneficiary of that trust and use such clause to prevent creditors from reaching the trust's corpus to

pay their claims.  Cal. Prob. Code § 15304(a).  A trust where the settlor acts as the beneficiary is commonly referred to as a "self-settled" trust.  In this context, California law voids spendthrift clauses in self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time still reaping the bounties of such property as a beneficiary of the trust.  *Nelson v. California Trust Co.*, 33 Cal. 2d 501, 202 P.2d 1021, 1021 (Cal. 1949) (holding that where a debtor was the sole beneficiary under a trust, all the property in the trust is subject to the claims of the debtor's creditors).

In *Salkin*, a husband and wife were co-settlers of their living trust and also served as co-trustees during their lifetime.  *Salkin*, 526 B.R. at 33.  The husband and wife were income and principal beneficiaries under the trust.  *Id.*  After the husband's death, the wife continued to serve as trustee under the trust and remained as an income and principal beneficiary under the trust.  *Id.*  The trust included a "spendthrift" provision that precluded any beneficiary from alienating, encumbering or hypothecating his or her interest in Trust principal or income and precluding such interest from becoming subject to claims of such beneficiary's creditors.  *Id.*  The court held that the income and principal in the trust were property of the debtor's (*i.e.*, the wife's) estate because section 15304(a) of the California Probate Code renders the spendthrift provision of the trust unenforceable against a transferee (in this case the chapter 7 trustee) or a creditor of the beneficiary.  *Id.* at 33 and 34. Further, the court held that all of the assets of the trust were property of the estate because the debtor as the trustee of the trust was permitted to control the trust's assets.  *Id.* at 34.

Similarly, in *Cutter v. Seror* (*In re Cutter*), 398 B.R. 6, 20 and 21 (B.A.P. 9th Cir. 2008), the court held that because the debtor had access to potentially all of the trust's assets and income to maintain his standard of living and possessed the power to "invade" the corpus of the trust, and the right, at his sole discretion, to make distributions to provide for his health, education, or support and maintenance in his customary standard of living that the spendthrift clause in the trust was not enforceable against his creditors.

Here, the facts are substantially similar, if not identical, to the facts in *Salkin* and *Cutter*.  The Debtor and Erika were co-settlors of the Klein Living Trust. Klein Living Trust, Art. 1.  Under the Klein Living Trust, the Debtor and Erika served as co-trustees and during their lives were both

1  income and principal beneficiaries. *Id.*  After Erika's death, the Debtor continued in his capacity as

2  trustee "[f]or all trusts under this instrument . . ." Klein Living Trust, Art. 7.  Other than the

3  creditors' trust (which does not claim any interest in the June St. Property), the Debtor is the trustee,

4  income beneficiary, and principal beneficiary under the Klein Living Trust and all trusts created

5  thereunder. Klein Living Trust, Arts. 2, 4, and 5.

6      The Debtor, as trustee under the Klein Living Trust, Survivor's Trust, and the MDT, is

7  authorized to "self-deal" which permits him as the trustee under each of the applicable trusts to loan

8  money to the trust and encumber trust property for the purpose of securing such loans, purchase and

9  exchange assets, and abandon and sell assets of the applicable trusts. Klein Living Trust, Art. 7, p.

10  15. Further, the Klein Living Trust, Survivor's Trust, and the MDT each provided the trustee of

11  those trusts (*i.e.*, the Debtor) unfettered discretion to distribute assets of the applicable trust to the

12  income and principal beneficiary, who is also the Debtor. Klein Living Trust, Art. 8, p. 16.

13      Thus, because the Debtor is the settlor, trustee, and sole income and principal beneficiary of

14  the MDT, the Debtor's children do not have any current interest in the MDT that give them standing

15  or a right to be heard in this adversary proceeding.

16  **C.    Debtor's Children Are Not Necessary Nor Should Case be Dismissed**

17      As discussed above, the Defendants have failed to show that any of the Debtor's children are

18  "necessary" parties to the above-captioned adversary proceeding. Indeed, the motion makes no

19  distinction as to whether the Defendants are moving under Rule 19(a) or (b). The Trustee presumes

20  the Defendants are moving under Rule 19(a) because they never once mention that the Debtor's

21  children are "indispensable" parties.

22      If a court finds that a party is not necessary to an action, the party is, by definition, not

23  indispensable to the action. *Mallalieu-Golder Ins. Agency v. Exec. Risk Indem.*, 254 F. Supp. 2d 521,

24  525 (M.D. Pa. 2003). To move for relief under paragraph (a) of Rule 19 the movant seeks a

25  determination whether a party is merely "necessary," while seeking relief under paragraph (b) of

26  Rule 19 movant seeks a determination that the subject party is "indispensable," which is the only

27  context in which the court may consider whether to dismiss the action.  *Wright v. First Nat'l Bank*,

28  483 F.2d 73, 74-75 (10th Cir. 1973).

1    Since the Defendants failed to establish that the Debtor's children are necessary parties, there

2    is no basis to consider whether or not to dismiss this adversary proceeding because if they were not

3    necessary they could never be indispensable parties. Thus, the Court ought not to consider dismissal.

4    The Defendants' citation to *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir.

5    2010) is irrelevant and has no application to the facts in this adversary proceeding. In *Peabody*

6    *Western*, the Ninth Circuit decided whether the Navajo Nation could be joined in a suit by the Equal

7    Employment Opportunity Commission in the context of a unique sovereign immunity defense that

8    applied only to Native American nations, which facts are simply not present here.

9                                        **<u>CONCLUSION</u>**

10    For the reasons set forth herein and on the record of the hearing, the Motion should be

11    denied.

13    Dated:    October 2, 2024                    PACHULSKI STANG ZIEHL & JONES LLP

15                                                 By    */s/ John W. Lucas*
                                                        John W. Lucas

16                                                 Attorneys for Plaintiff, Bradley D. Sharp,
17                                                 Chapter 11 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO NOTICE OF MOTION AND MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 2, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **October 2, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Leslie Klein & Associates, Inc.<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA 90071 | Leslie Klein<br>322 North June Street<br>Los Angeles, CA 90004 | Leslie Klein & Associates, Inc.<br>c/o Leslie Klein<br>6454 Van Nuys Blvd. Suite 150<br>Van Nuys, CA 91401 |

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 2, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| |
|---|
| **Via Email:**  Leslie Klein: les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net |
| **Via Email:**  Eric@EJOlsonLaw.com |

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 2, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
| *Date* | *Printed Name* | *Signature* |

ER 1286

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc.
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR. | Case No.: 2:23-bk-10990-SK<br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11, TRUSTEE,<br><br>         Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>         Defendants. | Hon. Sandra Klein<br><br>**REPLY TO OPPOSITION TO MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS (FRCIVP 19, 12(B)(7)); DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON**<br><br>Date:    October 16, 2024<br>Time:   9:00 AM<br>Place:  Courtroom 1575<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |

REPLY TO OPPOSITION TO MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS (FRCIVP 19, 12(B)(7)); DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON
- 1 -

ER 1287

## BACKGROUND

Plaintiff's complaint is a quiet title action pursuant to CCP § 761.010 et seq.

§762.010 provides *"The Plaintiff shall name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought."*

The Law Revision Commission Comment states *"Section 762.010 states the rule for the joinder of known adverse claimants. Failure to join these persons will result in a judgment that does not bind them."*

Plaintiff, at no point, explained that whether the omission to name the four children of Erika and Leslie and named beneficiaries in the Complaint is deliberate (and if so, what the reason is), or inadvertent. In either case, it would lead to a non-binding result which is certainly a waste of judicial resources.

## THE REQUIREMENT OF RULE 19 ARE MET.

The point of the Complaint is that Plaintiff seeks a determination that he is entitled to the June Street property, a trust asset, to the exclusion of the named beneficiaries. There is absolutely no reason why the interests of all the beneficiaries should not be tried together as opposed to splitting them up. Plaintiff has suggested that if moving party cannot prove that the

ER 1288

children would prevail against Plaintiff (instead of Plaintiff being required to

join the children and giving them the opportunity to present their defenses

(or not). If they are not given the opportunity, Plaintiff will not get a

judgment binding on them. No one has suggested that there is any reason

why the children can't be joined.

## THE MOTION IS BROUGHT IN GOOD FAITH

Plaintiff assets without stating any reason that the motion is not in

good faith. As noted above, Plaintiff has, for unexplained reasons, not

joined all the beneficiaries of the trust in a single case to determine the

rights of the various parties. It is appropriate to bring the matter before the

Court.

## PLAINTIFF INCORRECTLY ASSUMES THAT THE MDT AND CREDIT TRUSTS ARE SELF SETTLED SELF FUNDED (BY LESLIE KLEIN)

The MDT and Credit Trusts are not self-settled self-funded trusts by

Debtor Leslie Klein.

Plaintiff's cases and arguments are founded on the assumption that

they are based on Probate Code §15304(a) and Nelson v. California Trust

33 Cal. 2d 501 (1949). The cases of Cutter v. Seror (In re Cutter) 398 B.R.

6, 2008 Bankr. LEXIS 3848 and In re Salkin 526 B.R. 31, 2015 Bankr.

ER 1289

LEXIS 597, relied on by Plaintiff actually show the correctness of Debtor's position.

In Cutter, the trust was settled by an unmarried man and most of the property was contributed by him. However, a portion was from a third-party source. The Court held that as to that portion, it was exempt from being set aside. In this case, the source of the house is Erika's community share, and it should similarly be deemed exempt.

In the case of Salkin, the debtor was a widow. There was no evidence of the source of the property in the trust, so the court found it was subject to being set aside. The court further stated that ordinarily, the court would have to have a hearing to determine the portion of the income (in that case, the property was a promissory note) that the debtor would need for living expenses, but in that case, the court noted that the Debtor had stated in a declaration that she needed the income from the note for immediate living expenses. In the present case, the source of the house was Erika's community share and there is no contention that Debtor is relying on the house for living expenses.

The trusts are not self-settled and funded by Leslie but by Erika. Closer examination shows that upon her death the MDT [and/or Credit] are funded with her half of the community property. Since the asset in question

ER 1290

is the house, it is clear that it is not contemplated to be sold (except as part of an exchange consented to by Erika to acquire a replacement house). It was anticipated that it would go to their children (and later in part for a life interest to Barbara). The house was never an income producing asset.

## CONCLUSION

For the reasons stated, the Court should require the Plaintiff to join the four children of Erika and Leslie Klein as beneficiaries as parties to the Complaint.

Dated: October 8, 2024

Eric J. Olson
Of Counsel to Leslie Klein &
Associates, Inc.
Attorney for Defendants

ER 1291

## DECLARATION OF LESLIE KLEIN

Leslie Klein states:

1. The June Street house, before or after the death of my late wife, Erika, was never an income producing asset.

2. I always understood that (except to exchange for a similar house, which was never exercised) I only had a life interest in the house, that the children of me and Erika were to inherit it. I later granted a life interest to Barbara as part of our Pre Nuptial Agreement.

3. It was and is my understanding of the trust that the MDT (or Credit Trust) were funded by Erika's community interest including the house.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 7, 2024

_Leslie Klein_
Leslie Klein

## DECLARATION OF ERIC J. OLSON

Eric J. Olson states:

1. I deny any bad faith on my behalf or on any of my clients in filing our motion under FRCivP12(b)(7) and 19. If there was any delay, it was occasioned by Plaintiff's failure to include as parties the children of Erika/Leslie – beneficiaries of the Trust.

2. Shortly after filing our answer I realized that Plaintiff had failed to join as parties the children of Erika/Leslie – beneficiaries of the Trust and that we should take steps to have them joined. Shortly thereafter, I spoke to counsel for Plaintiff.

3. On August 14, 2024, there was a Status Conference where I raised the subject of the need to join the children before the Court and Counsel for Plaintiff.

4. On September 12, 2024, I filed my motion.

5. On September 13, 2024, I met and conferred with counsel about stipulating to add those parties and was expecting a proposed stipulation which never came.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 8, 2024

_____
Eric J. Olson

**REPLY TO OPPOSITION TO MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS (FRCIVP 19, 12(B)(7)); DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON**

- 7 -

ER 1293

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Reply to Opposition to Motion to Order Joinder of Necessary Parties or Dismiss (FRCIVP 19, 12(B)(7)); Declaration of Leslie Klein; Declaration of Eric J. Olson** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/8/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 10/8/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

REPLY TO OPPOSITION TO MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS (FRCIVP 19, 12(B)(7)); DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON

- 8 -

ER 1294

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

10/8/2024     Jasper Pantaleon

Date     Type Name     Signature

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

REPLY TO OPPOSITION TO MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS (FRCIVP 19, 12(B)(7)); DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON

- 9 -

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   Of Counsel to Leslie Klein & Associates, Inc.
3  301 East Colorado Boulevard, Suite 520
4  Pasadena, California 91101
   T: 818-245-2246
5  C: 626-224-5619
6  Eric@EJOlsonLaw.com
7
   Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee
8  of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein
9  as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a
   trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE
10 KLEIN, a trust, and BARBARA KLEIN, an individual
11
                **UNITED STATES BANKRUPTCY COURT**
12
13      **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**
14 IN RE                              Case No.: 2:23-bk-10990-SK
15 LESLIE KLEIN,                      Adv. Case No.: 2:24-ap-01140-SK
16 DEBTOR.                            Chapter 11
17
18 BRADLEY D. SHARP, CHAPTER 11,      Hon. Sandra Klein
   TRUSTEE,
19
                Plaintiff,           **OPPOSITION TO MOTION FOR
20                                    SUMMARY JUDGMENT; POINTS
21 vs.                               AND AUTHORITIES;
                                     DECLARATION OF LESLIE
22 LESLIE KLEIN, AN INDIVIDUAL,      KLEIN; DECLARATION OF ERIC
   THE SECOND AMENDED KLEIN          J. OLSON**
23 LIVING TRUST, A TRUST, THE
24 MARITAL DEDUCTION TRUST OF
   ERIKA KLEIN, A TRUST, THE         Date:    December 18, 2024
25 SURVIVOR'S TRUST OF LESLIE        Time:    9:00 AM
26 KLEIN, A TRUST, AND BARBARA       Place:   Courtroom 1575
   KLEIN, AN INDIVIDUAL,                      255 East Temple Street
27                                            Los Angeles, CA 90012
28              Defendants.

ER 1296

# TABLE OF CONTENTS

Page

POINTS AND AUTHORITIES, BACKGROUND ………………………….…….   5

I. PLAINTIFF INCORRECTLY ASSUMES THAT THE MDT AND CREDIT TRUSTS ARE SELF-SETTLED SELF-FUNDED (BY LESLIE KLEIN). INSTEAD, THEY ARE WHOLLY FUNDED FROM THE PROPERTY OF ERIKA KLEIN ………..…..   7

II. PLAINTIFF MAKES A NUMBER OF MISCELLANEOUS BUT UNSUBSTANTIATED ARGUMENTS ……………………………………………………………   10

III. PLAINTIFF FAILS TO SHOW ANY RIGHT PURSUANT TO SECTION 544(a)(3) TO AVOID INTERESTS OF THE MDT OR CREDIT TRUST OR OF BARBARA KLEIN IN THE HOUSE ……………………………………………………………   14

IV. THE COMPLAINT OMITS TO JOIN NECESSARY PARTIES, THE CHILDREN AND BENEFICIARIES OF THE MDT AND CREDIT TRUST …………………….   17

V. CONCLUSION …………………………………………………………   19

ER 1297

1

# <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

## CASES

4

5   Nelson v. California Trust
    33 Cal. 2d 501 (1949) ................................................................   7

6
    Cutter v. Seror (In re Cutter)
7   398 B.R. 6, 2008 Bankr. LEXIS 3848 ...............................................   7

8   In re Salkin
9   526 B.R. 31, 2015 Bankr. LEXIS 597 ...............................................   8

10  Estate of Heggstad
    16 Cal. App. 4th 193 ..................................................................  11
11

12  Walton v. City of Red Bluff (1991)
    2 Cal. App. 4th 117, 124 [16 Cal. App. 4th 948][3 Cal. Rptr. 2d 275] ...........  11
13

14  Getty v. Getty (1972)
    28 Cal. App. 3d 996, 1003 [105 Cal. Rptr. 259]  ..................................  12
15

16  In re Zibenka (2015)
    528 B.R. 784  .............................................................................  14
17

18  Wallace v. Williams (1958)
    156 Cal. App. 2nd 646 ..................................................................  15
19

20  In re Weisman (1993)
    5 F.3d 417, 420 (9th Cir. 1993) ......................................................  15
21

22  Probasco v. Eads (In re Probasco)
    839 F.2d 1352, 1354 (9th Cir. 1988) ................................................  15
23

24  In re Ireva Holdings, LLC (2011)
    2011 Bankr. LEXIS 5614, 2011 WL 10656544 at *2 (Bankr. E.D. Cal. 2011) ...  15
25
    Three Sixty Five Club v. Shostak
26  104 Cal. App. 2d 735, 738 [232 P.2d 546] ........................................  16

27  Ocean Shore R.R. Co. v. Spring Valley Water Co.
    218 Cal. 86 [21 P.2d 588] ............................................................  16

28

ER 1298

## OTHER AUTHORITIES

§ 544(a)(3) ...................................................................... 6

Probate Code § 15305 (b) ................................................... 7

Probate Code § 15304 (a) .................................................. 7

Probate Code §§ 15201-15205 ........................................... 11

11 Witkin, Summary Cal. Law (9th Ed. 1990) Trusts, § 26 p. 911 ............... 12

Probate Code § 15200  ....................................................... 12

Rest.2d Trusts, § 17 ........................................................... 12

Probate Code § 15206  ....................................................... 12

Rest.2d, Trusts, § 40, com. B, at p. 105 ................................. 12

California Civil Code § 1214 ................................................. 15

California Civil Code § 1217 ................................................. 15

Civil Code § 19 ................................................................. 15

Civil Code of Procedure § 762.010  ....................................... 17

ER 1299

# OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

## POINTS AND AUTHORITIES

## BACKGROUND

A. The primary point of Plaintiff's complaint is that it seeks to establish Plaintiff's right to the house at 322 North June Street (the "House"). While Plaintiff urges that it is simply an aspect of the property of Debtor, it is apparent that it is actually the handling of Erika's share of community and to deprive Erika's children as named beneficiaries of their bequests of her property.

B. The house was originally purchased by deed recorded December 14, 1977 (RFA H) to LESLIE KLEIN AND ERIKA NOEMI KLEIN AS TRUSTEES UNDER THE KLEIN LIVING TRUST OF 1975.

C. The House is listed on a schedule of SECOND AMENDED KLEIN LIVING TRUST sometimes referred to as Klein Living Trust Established April 8, 1990 by LESLIE KLEIN and ERIKA NOEMI KLEIN which was recorded April 11, 2013 (RFA I). Such Trust provides for a Marital Deduction Trust (MDT), Credit Trust, and Survivor's Trust following the death of the first spouse.

D. ERIKA NOEMI KLEIN died on December 12, 2012.

ER 1300

E. The TRUST provides that on the death of the first spouse (Erika), all
of the community interest goes to either or both of the MDT and/or
the Credit Trust and the interest of the community interest of the
surviving spouse (Leslie) goes to the Survivor's Trust.

F. A ledger dated as of September 10, 2013 (attached to the Complaint
as Exhibit E) shows the House as wholly owned by the MDT. A copy
of that ledger appears in the responses to interrogatories (Lucas
Exhibit 5) in addition to ledgers dated as of December 31, 2014,
2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 which
show the House as wholly owned by the Credit Trust. The primary
difference between the MDT and the Credit Trust for these purposes
is that the Children are joint beneficiaries of the Debtor, rather than
simply being successor beneficiaries.

Defendants' primary points of opposition to Plaintiff's motion are:

1. Plaintiff's position is fatally defective in the assumption that the MDT
and Credit Trusts are Self-Settled Self-Funded by Debtor. Instead,
they are funded entirely by Erika.

2. There are multiple misunderstandings by Plaintiff outlined below,
some of which are based on the misconception mentioned above.

ER 1301

3. Plaintiff is not entitled to set aside the rights of Defendants, including Barbara Klein under § 544(a)(3).

4. Plaintiff has failed to join (FRCivP 19) as necessary parties the children of Erika and Debtor who are the named beneficiaries of the MDT and Credit Trust.

## I. PLAINTIFF INCORRECTLY ASSUMES THAT THE MDT AND CREDIT TRUSTS ARE SELF-SETTLED SELF-FUNDED (BY LESLIE KLEIN). INSTEAD, THEY ARE WHOLLY FUNDED FROM THE PROPERTY OF ERIKA KLEIN.

Plaintiff's Motion for Summary Judgment is predicated on the assumption that the Marital Deduction Trust (MDT) and Credit Trusts are self-settled self-funded (by Debtor Leslie Klein). Instead, they are entirely funded by his late wife, Erika, from her share of the community property, creating the MDT and/or Credit Trust to hold it. Properly viewed, they represent Erika's disposition of half of the community property insofar as it pertains to their June Street house ("the House") that she provided a life estate for the benefit of her husband, but with the remainder going to their children. The House was never an income producing asset (see Declaration of Leslie Klein). Insofar as the acquisition of the "second half", the House is concerned as reflected in Exhibit E of the Plaintiff's Complaint

ER 1302

(Declaration of Lucas, Exhibit J) it was acquired from the Survivor's Trust by the MDT in exchange for other assets of MDT, hence with proceeds from Erika, not the Debtor. The ledgers from 2014 – 2023 (Declaration of Lucas, Exhibit 5) show the House as wholly owned by the Credit Trust.

Probate Code § 15305 (b) provides:

*"(b) If the settlor is the beneficiary of a trust created by the settlor and the trust instrument provides that the trustee shall pay income or principal or both for the education or support of the beneficiary or gives the trustee discretion to determine the amount of income or principal or both to be paid to or for the benefit of the settlor, a transferee or creditor of the settlor may reach the maximum amount that the trustee could pay to or for the benefit of the settlor under the trust instrument, **not exceeding the amount of the settlor's proportionate contribution to the trust.**"*

Because the MDT and Credit Trust were entirely funded by Erika, the amount attributable to the Debtor is zero.

None of the cited cases is even remotely supportive of Plaintiff's position.

Plaintiff's cases and arguments are founded on the assumption that they are based on *Probate Code § 15304 (a)* and *Nelson v. California Trust 33 Cal. 2d 501 (1949)*. The cases of *Cutter v. Seror (In re Cutter) 398 B.R.*

ER 1303

*6, 2008 Bankr. LEXIS 3848* and *In re Salkin 526 B.R. 31, 2015 Bankr. LEXIS 597*, relied on by Plaintiff actually show the correctness of Debtor's position.

In Cutter, the trust was settled by an unmarried man and most of the property was contributed by him. However, a portion was from a third-party source. The Court held that as to that portion, it was exempt from being set aside. In this case, the source of the House in the MDT/Credit Trust is Erika's community share, and it should similarly be deemed exempt.

In the case of Salkin, the debtor was a widow. There was no evidence of the source of the property in the trust, so the court found it was subject to being set aside. The court further stated that ordinarily, the court would have to have a hearing to determine the portion of the income (in that case, the property was a promissory note) that the debtor would need for living expenses, but in that case, the court noted that the debtor had stated in a declaration that she needed the income from the note for immediate living expenses. In the present case, the source of the house was Erika's community share and there is no contention that Debtor is relying on the house for living expenses.

The MDT/Credit Trusts are not self-settled and self-funded by Leslie but by Erika. Closer examination shows that upon her death, the MDT and/or

ER 1304

Credit Trust are funded with her half of the community property. Since the asset in question is the house, it is clear that it is not contemplated to be sold (except as part of an exchange consented to by Erika to acquire a replacement house). It was anticipated that it would eventually go to their children. The house was never an income producing asset.

An analysis of the Second Amended Trust (Declaration of Lucas, Exhibit I) beginning with "Article 3 Trust Allocation after First Spouse's Death" at Page 4 shows that upon the death of the first spouse:

1. The deceased spouse's community interest goes to the MDT and/or Credit Trust; the surviving spouse's community share goes to the Survivor's Trust.

2. (At Page 8) The Survivor's Trust remains revocable or amenable to amendment but the MDT and the Credit Trust are irrevocable.

3. In "Article 3 Marital Deduction Trust" (at Page 11) upon the death of the surviving spouse, the balance of the principal is payable according to the Credit Trust distribution provisions.

4. (At Page 13) provides for the surviving spouse to live rent free in the House.

## II.    PLAINTIFF MAKES A NUMBER OF MISCELLANEOUS BUT UNSUBSTANTIATED ARGUMENTS.

A. Beginning at Page 13 Line 10, Plaintiff contends that Debtor has (apparently by implication) "Admitted" that the House is part of the Estate. Plaintiff cites Request for Judicial Notice Exhibit G (which is an order, but the underlying pleadings of the parties are not included in the judicial notice and there is no reference to statements in such documents wherein such Admission is allegedly made or is there any discussion of how the interest of the MDT or Credit Trust or the innocent third-party beneficiaries deprived of their bequests from Erika was intended to be implicated.

B. Beginning at Page 14 Lines 8-17, Plaintiff contend that Debtor falsely stated of the bankruptcy (February 22, 2023) he had not within the preceding 10 years transferred any property to a "self settled trust or any similar party". This claim is apparently predicated on the theory that the Second Amended Trust was recorded April 11, 2013. Assuming for the moment that the Second Amended Trust is what is referred to, as more fully explained infra, the House was transferred to it April 8, 1990 (if it wasn't previously in the trust) by the deed recorded December 14, 1977 (Declaration of Lucas, Exhibit H).

C. Plaintiff argues that the June Street property was not conveyed into the Second Amended Trust by Leslie and Erika arguing that the only

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES;
DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON**
**- 11 -**

way to convey it is by deed pursuant to Civil Code § 1092. Plaintiff does not state why the decision in *Estate of Heggstad, 16 Cal. App. 4th 193* is not applicable (see Plaintiff's Points and Authorities Page 14, 22), whereas Defendants argue that it is "on all fours".

***"The Appellant contends that a written declaration of trust is insufficient, by itself, to create a revocable living trust in real property, and the decedent was required to have executed a grant deed transferring the property to himself as trustee of the Heggstad Family Trust. None of the authorities cited by the appellant required a settlor, who also names himself as trustee of a revocable living trust, to convey his property to the trust by a separate deed. Our independent research has uncovered no decisional law to support this position. To the contrary, all the authorities we have consulted support the conclusion that a declaration by the settlor that he holds the property in trust for another, alone, is sufficient."***

To create an express trust there must be a competent trustor, trust intent, trust property, trust purpose, and a beneficiary. *(Probate Code §§ 15201-15205; Walton v. City of Red Bluff (1991) 2 Cal. App. 4th 117, 124 [16 Cal. App. 4th 948] [3 Cal. Rptr. 2d 275].)* The settlor

ER 1307

can manifest his intention to create a trust in his property either by: (a) declaring himself trustee of the property or (b) transferring the property to another as trustee for some other person, by deed or other inter vivos transfer or by will. *(11 Witkin, Summary Cal. Law (9th Ed. 1990) Trusts, § 26, p. 911; see also Getty v. Getty (1972) 28 Cal. App. 3d 996, 1003 [105 Cal. Rptr. 259] ["An inter vivos trust can be created either by agreement or by a unilateral declaration of the person who assumes to act as trustee."*

These two methods for creating a trust are codified in Section 15200: *"(a) A declaration by the owner of property that the owner holds the property as trustee,"* and *"(b) A transfer of property by the owner during the owner's lifetime to another person as trustee." (§ 15200; see also Rest.2d Trusts, § 17).*

Where the trust property is real estate, the statute of frauds requires that the declaration of trust must be in writing signed by the trustee. *(§ 15206; accord Rest.2d, Trusts, § 40, com. B, at p. 105).* Here, the written document declaring a trust in the property described in Schedule A was signed by the decedent at the time he made the declaration and constitutes a proper manifestation of his intent to create a trust. ***Contrary to appellant's assertion, there is no***

ER 1308

***requirement that the settlor/trustee execute a separate writing
conveying the property to the trust.***

It is appropriate to note that the operative action to create a Trust is not recording but signing. Therefore, the effective date of the Second Amended Trust is April 8, 1990. It was recorded April 11, 2013. See B, supra.

D. Plaintiff has a long discussion of the principles of judicial estoppel as they might relate to the prior proceedings relating to Debtor's homestead (of which have not been requested the court take judicial notice). There is nothing in Plaintiff's argument that deals with the concept that the House belongs to Erika Klein's MDT and/or Credit Trust and that allegedly, the actions of Debtor (whose interest therein is a life estate) would somehow estop the innocent third-party beneficiaries of such trusts.

III. <u>**PLAINTIFF FAILS TO SHOW ANY RIGHT PURSUANT TO
SECTION 544(a)(3) TO AVOID INTERESTS OF THE MDT OR
CREDIT TRUST OR OF BARBARA KLEIN IN THE HOUSE.**</u>

Plaintiff was, "as of the commencement of the case" (February 22, 2023) potentially entitled to certain interests, but had to take it as he found it. The Second Amended Trust was recorded April 11, 2013 (RFA I)

ER 1309

containing 3 subtrusts to facilitate the allocation of the property after the death of the first spouse. As may be seen this represented a series of book entries. Without citing any authority, Petitioner claims that the ledger by which Leslie as trustee reflected that the MDT (Erika's community share) included all of the House and the Survivor's Trust (Leslie's community share) included all of the other property had to be represented by a recorded deed. This represented an enormous leap of faith, assuming that any transaction inside a family trust over a decade must be represented in a recorded deed. The recorded Second Amended Trust duly recorded provides for the provisions of four trusts, all transactions within such trusts and in accordance with the stated terms of such trusts. As stated infra there is no way there is any one could be a BFP as to property in any of the trusts that are part of the Second Amended Trust, recorded April 13, 2013.

Plaintiff is not entitled to set aside the interests in the House of Barbara Klein, Leslie's second wife, under the Premarital Agreement and First Amendment to Prenuptial Agreement (Declaration of Lucas, Exhibit 1 and 2).

In the case of *In re Zibenka 528 B.R. 784 (2015)*, the Court states as follows at 788:

ER 1310

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"Although the question of whether a trustee qualifies under § 544(a)(3) is one of federal law, state law determines if the trustee's status as a bona fide purchaser will defeat the rights of a person against whom the trustee seeks to assert those powers. In re Weisman, 5 F.3d 417, 420 (9th Cir. 1993); In re Ireva Holdings, LLC, 2011 Bankr. LEXIS 5614, 2011 WL 10656544 at *2 (Bankr. E.D. Cal. 2011). Thus, California law applies and will determine who, in this case, holds the superior interest in the Sacramento Property.

California is a race-notice jurisdiction and requires every conveyance of real property to be recorded of the same property. Cal. Civ. Code § 1214. However, an unrecorded instrument is valid as between the parties thereto and those who have notice of it. Cal. Civ. Code § 1217. Although § 544(a)(3) creates the legal fiction of a perfect bona fide purchaser and explicitly renders the trustee's actual notice of prior grantees irrelevant, the Ninth Circuit has long-recognized that constructive or inquiry notice obtained in accordance with Civil Code § 19 can defeat a trustee's claim. Weisman, 5 F.3d at 420 (citing Probasco v. Eads (In re Probasco), 839 F.2d 1352, 1354 (9th Cir. 1988))."

ER 1311

Open and notorious possession of real estate is sufficient to put the purchaser upon inquiry as to the interest of the occupant, legal or equitable. The case of *Wallace v. Williams 156 Cal. App. 2nd 646 (1958)* states:

"Section 19 of the Civil Code provides:

*Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact."*

As stated in the case of *Three Sixty Five Club v. Shostak, 104 Cal. App. 2d 735, at page 738 [232 P.2d 546]:*

"If the circumstances as to possession are such as to put a purchaser on inquiry, he is chargeable with knowledge of all that a reasonably diligent inquiry as to the rights and claims of the occupant might have disclosed. (25 Cal. Jur. 836). The circumstances of each case determine whether an inquiry should be made. This is ordinarily a question of fact." (See also *Ocean Shore R.R. Co. v. Spring Valley Water Co., 218 Cal. 86 [21 P.2d 588].)"*

The presence of Barbara Klein, wife of Leslie Klein, in the House would put anyone on notice of her rights, so the would be buyer could not be a BFP.

ER 1312

## IV.    THE COMPLAINT OMITS TO JOIN NECESSARY PARTIES, THE CHILDREN AND BENEFICIARIES OF THE MDT AND CREDIT TRUST.

Defendants have pending a motion to compel Plaintiff to join such beneficiaries and the hearing is scheduled for October 16, 2024 whereas these papers are anticipated to be filed October 15, 2024.

Plaintiff's Complaint is a quiet title action pursuant to *CCP § 762.010 et seq.*

§ 762.010 provides *"The Plaintiff shall name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought."*

The Law Revision Commission Comment states *"Section 762.010 states the rule for the joinder of known adverse claimants. Failure to join these persons will result in a judgment that does not bind them."*

Plaintiff, at no point, explained that whether the omission to name the four children of Erika and Leslie and named beneficiaries in the Complaint is deliberate (and if so, what the reason is), or inadvertent. In either case, it would lead to a non-binding result leaving a title which is surely uninsurable and unmarketable, which is certainly a waste of judicial resources.

ER 1313

## **CONCLUSION**

For the reasons stated, the Court should deny the Plaintiff's motion

for summary judgment.

Dated: October 15, 2024

_____

Eric J. Olson
Of Counsel to Leslie Klein &
Associates, Inc.
Attorney for Defendants

ER 1314

## DECLARATION OF LESLIE KLEIN

Leslie Klein states:

1. The June Street house, before or after the death of my late wife, Erika, was never an income producing asset.

2. I always understood that (except to exchange for a similar house, which was never exercised) I only had a life interest in the house, that the children of me and Erika were to inherit it. I later granted a life interest to Barbara as part of our Pre Nuptial Agreement.

3. It was and is my understanding of the trust that the MDT (or Credit Trust) were funded by Erika's community interest including the house.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 7, 2024

_Leslie Klein_

Leslie Klein

REPLY TO OPPOSITION TO MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS
(FRCIVP 19, 12(B)(7)); DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON

-6-

20

ER 1315

## DECLARATION OF ERIC J. OLSON

Eric J. Olson states:

1. Insofar as I do not indicate a disagreement or qualification of the Documents in the Request for Judicial Notice or the Declaration of John Lucas, we accept for purposes of this Motion of Summary Judgment the genuineness of such Documents.

2. Insofar as I do not state a disagreement or qualification of Plaintiff's Statement of Undisputed Facts without stipulating to the materiality or relevance thereof.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 15, 2024

_____
Eric J. Olson

ER 1316

| In re: LESLIE KLEIN<br><br>                          Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Opposition to Motion for Summary Judgment; Points and Authorities; Declaration of Leslie Klein; Declaration of Eric J. Olson"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/15/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 10/15/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES;
DECLARATION OF LESLIE KLEIN; DECLARATION OF ERIC J. OLSON**
**- 22 -**

ER 1317

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/15/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

ER 1318

1  Eric J. Olson (SBN 37630)
2  EJOLSONLAW
   Of Counsel to Leslie Klein & Associates, Inc.
3  301 East Colorado Boulevard, Suite 520
4  Pasadena, California 91101
   T: 818-245-2246
5  C: 626-224-5619
6  Eric@EJOlsonLaw.com
7
   Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee
8  of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein
9  as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a
   trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE
10 KLEIN, a trust, and BARBARA KLEIN, an individual
11
              **UNITED STATES BANKRUPTCY COURT**
12
13     **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

14 IN RE                              | Case No.: 2:23-bk-10990-SK
15 LESLIE KLEIN,                      | Adv. Case No.: 2:24-ap-01140-SK
16 DEBTOR.                            | Chapter 11
17
18 BRADLEY D. SHARP, CHAPTER 11,      | Hon. Sandra Klein
   TRUSTEE,
19                                    | **STATEMENT OF GENUINE**
          Plaintiff,                  | **ISSUES OF FACTS IN**
20                                    | **OPPOSITION TO MOTION FOR**
21 vs.                               | **SUMMARY JUDGMENT**
22 LESLIE KLEIN, AN INDIVIDUAL,
23 THE SECOND AMENDED KLEIN           | Date:      December 18, 2024
   LIVING TRUST, A TRUST, THE         | Time:      9:00 AM
24 MARITAL DEDUCTION TRUST OF         | Place:     Courtroom 1575
25 ERIKA KLEIN, A TRUST, THE          |            255 East Temple Street
   SURVIVOR'S TRUST OF LESLIE         |            Los Angeles, CA 90012
26 KLEIN, A TRUST, AND BARBARA
27 KLEIN, AN INDIVIDUAL,
28        Defendants.

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT**
- 1 -

Pursuant to Rule 56 of Federal Rules of Civil Procedure and Local
Bankruptcy Rule 7056-1(c)(2)(A), the Defendants name the following
STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF
BRADLEY D. SHARP MOTION FOR SUMMARY JUDGMENT. As more
fully set forth herein and in the Points and Authorities, Plaintiff has not set
forth Statements of "Fact" that would support any basis of Summary
Judgment.

## I.    STATEMENT OF GENUINE ISSUES OF FACT

| PLAINTIFF'S "UNCONTROVERTED FACT" | DEFENDANTS' GENUINE ISSUES OF FACT |
|---|---|
| 1. On February 22, 2023 (the "Petition Date") [Bankr. Docket No. 1], the Debtor commenced a voluntary chapter 11 case in the United States Bankruptcy Court for the Central District of California (Los Angeles Division) Case No. 2:23-bk-10990-SK (the "Bankruptcy Case"). | |
| 2. On May 23, 2023, the Office of the United States Trustee (the "OUST") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151]. | |
| 3. On May 24, 2023, the OUST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered | |

ER 1320

| | |
|---|---|
| the same day [Docket No. 155]. | |
| 4. On that same day, the Trustee accepted his appointment [Docket No. 156], as the chapter 11 trustee of the Debtor's bankruptcy case. | |
| 5. On March 8, 2023, the Debtor filed his schedules of assets and liabilities ("Schedules") and statement of financial affairs (the "SOFAs") [Bankr. Docket No. 34]. | |
| 6. The Schedules reflect that the property located at 322 N. June Street, Los Angeles, California (the "June St. Property") is 50% owned by the Debtor's bankruptcy estate, and 50% is owned by the MDT of the Debtor's deceased spouse, Erika Klein. | SOFAs also state that Debtor's wife, Barbara Klein, has a life estate interest. See 8, infra. |
| 7. According to the SOFAs, to the question "[w]ithin 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?" the Debtor admitted that *he had not.* | Defendants object to "admitted" as argumentative. Debtor transferred title to the House and other property to the Second Amended Trust dated April 8, 1990 (approximately 23 years before filing) RJN I, see Points and Authorities p. 11 par B |
| 8. The SOFAs also reflect that the June St. Property is subject to a life estate interest asserted by Barbara Klein ("Barbara"), the Debtor's current spouse. | |

ER 1321

| | |
|---|---|
| 9. The Debtor and Barbara entered into a *Premarital Agreement*, dated November 2013 (the "Premarital Agreement"). | Dated November 25, 2013. See Declaration of Lucas Exhibit 1 |
| 10.     The parties to the premarital agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara. | |
| 11.     The Debtor and Barbara entered into a certain *First Amendment to Premarital Agreement*, dated November 25, 2015 (the "Amendment to the Premarital Agreement"), wherein the Debtor agreed that Barbara "may also live in the house AT [sic] 322 N. June Street where the Parties live during her life time." | |
| 12.     Like the Premarital Agreement, the parties to the Amendment to the Premarital Agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara. | |
| 13.     Barbara admits that the Amendment to the Premarital Agreement was never recorded with the recorder's office in the County of Los Angeles (or any other county) prior to or after the Petition Date. | |
| 14.     As set forth in the SOFAs, the Debtor sough and obtained an exemption | |

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

- 4 -

| | |
|---|---|
| with respect to the June St. Property. | |
| 15.    The SOFAs reflect that the Debtor sought an exemption in the amount of $678,397, pursuant to California Code of Civil Procedure § 704.703. | Amount is $678,391.00 |
| 16.    However, after litigation the Court limited the Debtor's exemption in the June St. Property to $189,050. *See* [Bankr. Docket No. 141]. | |
| 17.    The real property deed (the "June St. Deed") for the June St. Property reflects that it is owned by "Leslie Klein and Erika Noemi Klein, as Trustee under the Klein Living Trust of 1975" (the "Klein Living Trust of 1975"). | Deed was recorded December 14, 1977 (RFA J) |
| 18.    On April 8, 1990, the Debtor and his former spouse, Erika Klein ("Erika"), created the Klein Living Trust. | Trust instrument included 322 No June St as property of trust. Trust was recorded April 13, 2013. RJA I. |
| 19.    Under the Klein Living Trust, the Debtor and Erika were co-settlors. | During their joint lives. See Art 2 "during Settlors' Joint Lives". RJA I |
| 20.    Under the Klein Living Trust, the Debtor and Erika were the co-trustees. | During their joint lives. See Art 2 "during Settlors' Joint Lives". RJA I |
| 21.    During the joint lives of the Debtor and Erika, they were the sole income and principal beneficiaries under the Klein Living Trust. | |
| 22.    On December 12, 2012, Erika died. | |

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

ER 1323

| | |
|---|---|
| 23. Under the Klein Living Trust, upon Erika's death, the Debtor became the surviving settlor and assumed the role as the "First Trustee". | |
| 24. Under the Klein Living Trust, the First Trustee serves as trustee for "all trusts under this instrument". | |
| 25. Under the Klein Living Trust, both the Debtor and Erika were sole income and principal beneficiaries. | |
| 26. Each of the Defendants (other than Barbara who was not asked the applicable question) admit that the ownership of the June St. Property was continuously held by the Klein Living Trust of 1975 and then by the Klein Living Trust when such trust was amended and superseded the Klein Living Trust of 1975. | |
| 27. Each of the Defendants (other than Barbara who was not asked the applicable question) represent that the documents memorializing the transfer of the June St. Property from the Klein Living Trust to any other party is reflected on ledgers annexed to the responses to interrogatories, which were not recorded with the recorder's office of Los Angeles County, or any other county. | There is no "transferee party" other than the MDT or Credit Trust. See Declaration of Lucas, Exhibit 5, Points and Authorities p. 6 par C |

| | |
|---|---|
| 28.    The Defendants admit that the June St. Property is owned by the Klein Living Trust since 1990 and prior versions of such trust (i.e. the Klein Living Trust of 1975) since 1977. | |
| 29.    Under the Klein Living Trust, the Debtor serves as the First Trustee of the MDT. | |
| 30.    Under the Klein Living Trust, and all trusts under such instrument, including the MDT, "self-dealing" is permitted. | |
| 31.    Under the Klein Living Trust, the MDT provides that the Debtor is both the income beneficiary and principal beneficiary. | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 32.    Under the Klein Living Trust, the MDT provides that the First Trustee may use both the income from the MDT and the principal of the MDT for the benefit of the Debtor. | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment |

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

ER 1325

| | |
|---|---|
| | thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 33.     Under the Klein Living Trust, the MDT provides that the First Trustee (i.e. the Debtor) "shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually". | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 34.     Under the Klein Living Trust, the MDT provides that the First Trustee (i.e. the Debtor) "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living". | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 35.     Under the Klein Living Trust, the Debtor serves as the First Trustee for the Survivor's Trust. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing |

ER 1326

| | |
|---|---|
| | property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 36.    Under the Klein Living Trust, and all trusts under such instrument, including the Survivor's Trust, "self-dealing" is permitted. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 37.    Under the Klein Living Trust, the Survivor's Trust provides that the Debtor is both the income beneficiary and the principal beneficiary. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to |

ER 1327

| | |
|---|---|
| | inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 38.    Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee may use both the income from the Survivor's Trust and the principal of the Survivor's Trust for the benefit of the Debtor. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 39.    Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the income beneficiary as much of the net income as the trustee considers necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living". | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment |

ER 1328

| | thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
|---|---|
| 40.      Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living". | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 41.      Under the Klein Living Trust, the MDT, Survivor's Trust, and any other trust created under the Klein Living Trust, the trustee thereunder has the power to: (a) retain or abandon any property held by the trust (including the June St. Property) and (b) manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property (including the June St. Property). | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. |

| | See Points and Authorities p. 10 and Declaration of Leslie Klein |
|---|---|
| 42.      The Klein Living Trust contains a "spendthrift" clause (the "Spendthrift Clause") that purports to limit or exclude the trust "res" from reach of creditors to pay their claims. | |
| 43.      On May 29, 2024, the Plaintiff filed the Complaint [Adv. Docket No. 6] and commenced this adversary proceeding. | |
| 44.      On July 12, 2024, each of the Defendants filed a consolidated answer (the "Answer") to the Complaint [Adv. Docket No. 21]. | |
| 45.      In the Answer, the Defendants represent that the Survivor's Trust transferred its 50% interest in the June St. Property to the MDT. | |

Dated: October 15, 2024

Eric J. Olson
Of Counsel to Leslie Klein &
Associates, Inc.
Attorney for Defendants

| In re: LESLIE KLEIN<br><br>                    Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Statement of Genuine Issues of Facts in Opposition to Motion for Summary Judgment"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/15/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicated method for each person or entity served):**
On 10/15/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**- 13 -**

ER 1331

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s)  BRADLEY D. SHARP, Chapter 11 Trustee | Case No: 2:23-bk-10990-SK  AP No.: 2:24-ap-01140-SK |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/15/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**- 14 -**

ER 1332

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Associates, Inc.
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants Leslie Klein, an individual, Leslie Klein as trustee of THE SECOND AMENDED KLEIN LIVING TRUST, a trust, Leslie Klein as trustee of THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, Leslie Klein as trustee of THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>LESLIE KLEIN,<br><br>DEBTOR. | Case No.: 2:23-bk-10990-SK<br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11, TRUSTEE,<br><br>         Plaintiff,<br><br>vs.<br><br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br><br>         Defendants. | Hon. Sandra Klein<br><br>**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     December 18, 2024<br>Time:    9:00 AM<br>Place:   Courtroom 1575<br>        255 East Temple Street<br>        Los Angeles, CA 90012 |

ER 1333

Pursuant to Rule 56 of Federal Rules of Civil Procedure and Local

Bankruptcy Rule 7056-1(c)(2)(A), the Defendants name the following

STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF

BRADLEY D. SHARP MOTION FOR SUMMARY JUDGMENT. As more

fully set forth herein and in the Points and Authorities, Plaintiff has not set

forth Statements of "Fact" that would support any basis of Summary

Judgment.

## I.   STATEMENT OF GENUINE ISSUES OF FACT

| PLAINTIFF'S "UNCONTROVERTED FACT" | DEFENDANTS' GENUINE ISSUES OF FACT |
|---|---|
| 1. On February 22, 2023 (the "Petition Date") [Bankr. Docket No. 1], the Debtor commenced a voluntary chapter 11 case in the United States Bankruptcy Court for the Central District of California (Los Angeles Division) Case No. 2:23-bk-10990-SK (the "Bankruptcy Case"). | |
| 2. On May 23, 2023, the Office of the United States Trustee (the "OUST") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151]. | |
| 3. On May 24, 2023, the OUST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered | |

ER 1334

| | |
|---|---|
| the same day [Docket No. 155]. | |
| 4. On that same day, the Trustee accepted his appointment [Docket No. 156], as the chapter 11 trustee of the Debtor's bankruptcy case. | |
| 5. On March 8, 2023, the Debtor filed his schedules of assets and liabilities ("Schedules") and statement of financial affairs (the "SOFAs") [Bankr. Docket No. 34]. | |
| 6. The Schedules reflect that the property located at 322 N. June Street, Los Angeles, California (the "June St. Property") is 50% owned by the Debtor's bankruptcy estate, and 50% is owned by the MDT of the Debtor's deceased spouse, Erika Klein. | SOFAs also state that Debtor's wife, Barbara Klein, has a life estate interest. See 8, infra. |
| 7. According to the SOFAs, to the question "[w]ithin 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?" the Debtor admitted that *he had not*. | Defendants object to "admitted" as argumentative. Debtor transferred title to the House and other property to the Second Amended Trust dated April 8, 1990 (approximately 23 years before filing) RJN I, see Points and Authorities p. 11 par B |
| 8. The SOFAs also reflect that the June St. Property is subject to a life estate interest asserted by Barbara Klein ("Barbara"), the Debtor's current spouse. | |

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

- 3 -

ER 1335

| | |
|---|---|
| 9. The Debtor and Barbara entered into a *Premarital Agreement*, dated November 2013 (the "Premarital Agreement"). | Dated November 25, 2013. See Declaration of Lucas Exhibit 1 |
| 10. The parties to the premarital agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara. | |
| 11. The Debtor and Barbara entered into a certain *First Amendment to Premarital Agreement*, dated November 25, 2015 (the "Amendment to the Premarital Agreement"), wherein the Debtor agreed that Barbara "may also live in the house AT [sic] 322 N. June Street where the Parties live during her life time." | |
| 12. Like the Premarital Agreement, the parties to the Amendment to the Premarital Agreement are the Debtor, Leslie Klein in his individual capacity, and Barbara. | |
| 13. Barbara admits that the Amendment to the Premarital Agreement was never recorded with the recorder's office in the County of Los Angeles (or any other county) prior to or after the Petition Date. | |
| 14. As set forth in the SOFAs, the Debtor sough and obtained an exemption | |

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

- 4 -

ER 1336

| | |
|---|---|
| with respect to the June St. Property. | |
| 15. The SOFAs reflect that the Debtor sought an exemption in the amount of $678,397, pursuant to California Code of Civil Procedure § 704.703. | Amount is $678,391.00 |
| 16. However, after litigation the Court limited the Debtor's exemption in the June St. Property to $189,050. *See* [Bankr. Docket No. 141]. | |
| 17. The real property deed (the "June St. Deed") for the June St. Property reflects that it is owned by "Leslie Klein and Erika Noemi Klein, as Trustee under the Klein Living Trust of 1975" (the "Klein Living Trust of 1975"). | Deed was recorded December 14, 1977 (RFA J) |
| 18. On April 8, 1990, the Debtor and his former spouse, Erika Klein ("Erika"), created the Klein Living Trust. | Trust instrument included 322 No June St as property of trust. Trust was recorded April 13, 2013. RJA I. |
| 19. Under the Klein Living Trust, the Debtor and Erika were co-settlors. | During their joint lives. See Art 2 "during Settlors' Joint Lives". RJA I |
| 20. Under the Klein Living Trust, the Debtor and Erika were the co-trustees. | During their joint lives. See Art 2 "during Settlors' Joint Lives". RJA I |
| 21. During the joint lives of the Debtor and Erika, they were the sole income and principal beneficiaries under the Klein Living Trust. | |
| 22. On December 12, 2012, Erika died. | |

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

- 5 -

| | |
|---|---|
| 23.    Under the Klein Living Trust, upon Erika's death, the Debtor became the surviving settlor and assumed the role as the "First Trustee". | |
| 24.    Under the Klein Living Trust, the First Trustee serves as trustee for "all trusts under this instrument". | |
| 25.    Under the Klein Living Trust, both the Debtor and Erika were sole income and principal beneficiaries. | |
| 26.    Each of the Defendants (other than Barbara who was not asked the applicable question) admit that the ownership of the June St. Property was continuously held by the Klein Living Trust of 1975 and then by the Klein Living Trust when such trust was amended and superseded the Klein Living Trust of 1975. | |
| 27.    Each of the Defendants (other than Barbara who was not asked the applicable question) represent that the documents memorializing the transfer of the June St. Property from the Klein Living Trust to any other party is reflected on ledgers annexed to the responses to interrogatories, which were not recorded with the recorder's office of Los Angeles County, or any other county. | There is no "transferee party" other than the MDT or Credit Trust. See Declaration of Lucas, Exhibit 5, Points and Authorities p. 6 par C |

STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

- 6 -

ER 1338

| | |
|---|---|
| 28.     The Defendants admit that the June St. Property is owned by the Klein Living Trust since 1990 and prior versions of such trust (i.e. the Klein Living Trust of 1975) since 1977. | |
| 29.     Under the Klein Living Trust, the Debtor serves as the First Trustee of the MDT. | |
| 30.     Under the Klein Living Trust, and all trusts under such instrument, including the MDT, "self-dealing" is permitted. | |
| 31.     Under the Klein Living Trust, the MDT provides that the Debtor is both the income beneficiary and principal beneficiary. | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 32.     Under the Klein Living Trust, the MDT provides that the First Trustee may use both the income from the MDT and the principal of the MDT for the benefit of the Debtor. | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment |

ER 1339

| | |
|---|---|
| | thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 33.    Under the Klein Living Trust, the MDT provides that the First Trustee (i.e. the Debtor) "shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually". | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 34.    Under the Klein Living Trust, the MDT provides that the First Trustee (i.e. the Debtor) "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living". | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 35.    Under the Klein Living Trust, the Debtor serves as the First Trustee for the Survivor's Trust. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing |

| | property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
|---|---|
| 36.    Under the Klein Living Trust, and all trusts under such instrument, including the Survivor's Trust, "self-dealing" is permitted. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 37.    Under the Klein Living Trust, the Survivor's Trust provides that the Debtor is both the income beneficiary and the principal beneficiary. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to |

STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

- 9 -

| | |
|---|---|
| | inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 38.    Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee may use both the income from the Survivor's Trust and the principal of the Survivor's Trust for the benefit of the Debtor. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 39.    Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the income beneficiary as much of the net income as the trustee considers necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living". | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment |

ER 1342

| | |
|---|---|
| | thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 40.      Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living". | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein |
| 41.      Under the Klein Living Trust, the MDT, Survivor's Trust, and any other trust created under the Klein Living Trust, the trustee thereunder has the power to: (a) retain or abandon any property held by the trust (including the June St. Property) and (b) manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property (including the June St. Property). | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. |

ER 1343

| | See Points and Authorities p. 10 and Declaration of Leslie Klein |
|---|---|
| 42.     The Klein Living Trust contains a "spendthrift" clause (the "Spendthrift Clause") that purports to limit or exclude the trust "res" from reach of creditors to pay their claims. | |
| 43.     On May 29, 2024, the Plaintiff filed the Complaint [Adv. Docket No. 6] and commenced this adversary proceeding. | |
| 44.     On July 12, 2024, each of the Defendants filed a consolidated answer (the "Answer") to the Complaint [Adv. Docket No. 21]. | |
| 45.     In the Answer, the Defendants represent that the Survivor's Trust transferred its 50% interest in the June St. Property to the MDT. | |

Dated: October 15, 2024

Eric J. Olson
Of Counsel to Leslie Klein &
Associates, Inc.
Attorney for Defendants

STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT
- 12 -

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Statement of Genuine Issues of Facts in Opposition to Motion for Summary Judgment"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/15/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicated method for each person or entity served):**
On 10/15/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
- 13 -

ER 1345

| In re: LESLIE KLEIN<br><br>                          Debtor(s)<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/15/2024 | Jasper Pantaleon | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

**STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
- 14 -

ER 1346

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John W. Lucas (CA Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California  90067<br>Telephone: 310/277-6910<br>Facsimile:  310/201-0760<br>E-mail:  jlucas@pszjlaw.com<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorneys for* Bradley D. Sharp, Chapter 11 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>　　　LESLIE KLEIN,<br><br>　　　　　　　　　　Debtor(s) | CASE NO.:  2:23-bk-10990-SK<br>CHAPTER: 11<br><br>ADV. CASE NO. 2:24-ap-01140-SK |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>LESLIE KLEIN, an individual, *et al*.,<br><br>　　　　　　　　　　　Defendants. | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** *(title of motion₁)* **MOTION TO ORDER JOINDER OF NECESSARY PARTIES OR DISMISS** |

PLEASE TAKE NOTE that the order titled **Order Denying Motion to Order Joinder of Necessary Parties or Dismiss** was lodged on *(date)* October 17, 2024 and is attached as Exhibit A hereto. This order relates to the Motion which is docket number <u>30</u> .

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　　　　　　　Page 1　　　　　　　**F 9021-1.2.BK.NOTICE.LODGMENT**
LA:4858-4209-4321.1 78512.001　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ER 1347

# EXHIBIT A

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*
LA:4858-4209-4321.1 78512.001

**F 9021-1.2.ADV.NOTICE.LODGMENT**

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  E-mail:   jdulberg@pszjlaw.com
             jlucas@pszjlaw.com
6            jnolan@pszjlaw.com

7  Attorneys for Plaintiff, Bradley D. Sharp,
   Chapter 11 Trustee
8
9              UNITED STATES BANKRUPTCY COURT
                CENTRAL DISTRICT OF CALIFORNIA
10                 LOS ANGELES DIVISION

11 | In re:                              | Case No.: 23-10990-SK
12 | LESLIE KLEIN,                       | Adv. Case No.: 2:24-ap-01140-SK
13 |              Debtor.                | Chapter 11

14 | BRADLEY D. SHARP, Chapter 11 Trustee, | **ORDER DENYING MOTION TO ORDER**
15 |              Plaintiff,               | **JOINDER OF NECESSARY PARTIES OR**
                                           | **DISMISS**
16 | v.                                    |
                                           | Date:   October 16, 2024
17 | LESLIE KLEIN, an individual, THE SECOND | Time:  10:30 a.m.
   | AMENDED KLEIN LIVING TRUST, a trust,  | Place:  Courtroom 1575
18 | THE MARITAL DEDUCTION TRUST OF        |         255 E. Temple Street
   | ERIKA KLEIN, a trust, THE SURVIVOR'S  |         Los Angeles, CA 90012
19 | TRUST OF LESLIE KLEIN, a trust, and   |
   | BARBARA KLEIN, an individual,         | [Relates to Docket Nos. 30, 41, and 42]
20 |                                       |
21 |              Defendants.              |

22      A hearing was held on October 16, 2024 at 10:30 a.m. in Courtroom 1575, 255 East Temple

23 Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court to

24 consider and act upon the *Motion to Order Joinder of Necessary Parties* [Docket No. 30] (the

25 "Motion"), filed by defendants, Leslie Klein, an individual, Leslie Klein as trustee of The Second

26 Amended Klein Living Trust, Leslie Klein, as trustee of The Marital Deduction Trust of Erika Klein,

27 Leslie Klein as trustee of The Survivor's Trust of Leslie Klein, and Barbara Klein (collectively, the

28 "Defendants").  Appearances were as noted on the record.

1    Based upon the record, the objection to the Motion filed by plaintiff, Bradley D. Sharp

2  [Docket No. 41], the reply filed by Defendants [Docket No. 42], the findings made by the Court on

3  the record of the hearing, and good cause appearing therefor,

4    **IT IS HEREBY ORDERED:**

5    1.    The Motion is DENIED.

6    2.    The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising

7  from or relating to this Order.

8                                        # # #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 17, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **October 17, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 17, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> **Via Email:**
> Eric@EJOlsonLaw.com
>
> Leslie Klein:  les.kleinlaw@gmail.com;
> leskleinlaw@gmail.com; kleinlaw@earthlink.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 17, 2024 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*
LA:4858-4209-4321.1 78512.001                    Page 2                    **F 9021-1.2.BK.NOTICE.LODGMENT**
ER 1351

**ADDITIONAL SERVICE LIST**

**MAILING INFORMATION FOR CASE NO. 2:23-bk-10990-SK**

**1.        TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL:**

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Barbara Klein
322 North June Street
Los Angeles, CA 90004

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.



1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  E-mail:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6            jnolan@pszjlaw.com

7  Attorneys for Plaintiff, Bradley D. Sharp,
   Chapter 11 Trustee
8

9                 **UNITED STATES BANKRUPTCY COURT**
10                **CENTRAL DISTRICT OF CALIFORNIA**
                      **LOS ANGELES DIVISION**
11
   In re:                              |  Case No.: 23-10990-SK
12
   LESLIE KLEIN,                       |  Adv. Case No.: 2:24-ap-01140-SK
13
               Debtor.                 |  Chapter 11
14
   BRADLEY D. SHARP, Chapter 11 Trustee, | **ORDER DENYING MOTION TO ORDER**
15                                       | **JOINDER OF NECESSARY PARTIES OR**
               Plaintiff,                | **DISMISS**
16
   v.                                   |  Date:   October 16, 2024
17                                       |  Time:   10:30 a.m.
   LESLIE KLEIN, an individual, THE SECOND | Place:  Courtroom 1575
18 AMENDED KLEIN LIVING TRUST, a trust,  |          255 E. Temple Street
   THE MARITAL DEDUCTION TRUST OF        |          Los Angeles, CA 90012
19 ERIKA KLEIN, a trust, THE SURVIVOR'S  |
   TRUST OF LESLIE KLEIN, a trust, and   |  [Relates to Docket Nos. 30, 41, and 42]
20 BARBARA KLEIN, an individual,         |

21             Defendants.

22         A hearing was held on October 16, 2024 at 10:30 a.m. in Courtroom 1575, 255 East Temple

23 Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court to

24 consider and act upon the *Motion to Order Joinder of Necessary Parties* [Docket No. 30] (the

25 "Motion"), filed by defendants, Leslie Klein, an individual, Leslie Klein as trustee of The Second

26 Amended Klein Living Trust, Leslie Klein, as trustee of The Marital Deduction Trust of Erika Klein,

27 Leslie Klein as trustee of The Survivor's Trust of Leslie Klein, and Barbara Klein (collectively, the

28 "Defendants").  Appearances were as noted on the record.

4854-3464-6256.2 78512.001                           1                                    ER 1353

1    Based upon the record, the objection to the Motion filed by plaintiff, Bradley D. Sharp

2  [Docket No. 41], the reply filed by Defendants [Docket No. 42], the findings made by the Court on

3  the record of the hearing, and good cause appearing therefor,

4    **IT IS HEREBY ORDERED:**

5    1.    The Motion is DENIED.

6    2.    The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising

7  from or relating to this Order.

8                                            # # #

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Date: October 18, 2024

24                                          Sandra R. Klein
                                            United States Bankruptcy Judge

25

26

27

28

United States Bankruptcy Court

Central District of California

Sharp, Chapter 11 Trustee,

    Plaintiff

Adv. Proc. No. 24-01140-SK

Klein,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Oct 18, 2024 | Form ID: pdf031 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 20, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| intp | + Joseph Vago, c/o Goe Forsythe & Hodges LLP, 17701 Cowan, Suite 210, IRVINE IRVINE, CA 92614-6840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Barbara Klein |
| pla | | Bradley D. Sharp, Chapter 11 Trustee |
| intp | | Clarisse Young Shumaker |
| dft | | Kenneth Klein |
| dft | | Leslie Klein |
| dft | | The Marital Deduction Trust of Erika Klein |
| dft | | The Second Amended Klein Living Trust |
| dft | | The Survivor's Trust of Leslie Klein |

TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2024        Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 18, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Eric J Olson | |
| | on behalf of Defendant Barbara Klein eric@ejolsonlaw.com |

District/off: 0973-2

Date Rcvd: Oct 18, 2024

User: admin

Form ID: pdf031

Page 2 of 2

Total Noticed: 1

Eric J Olson
        on behalf of Defendant Leslie Klein eric@ejolsonlaw.com

Eric J Olson
        on behalf of Defendant The Survivor's Trust of Leslie Klein eric@ejolsonlaw.com

Eric J Olson
        on behalf of Defendant The Marital Deduction Trust of Erika Klein eric@ejolsonlaw.com

Eric J Olson
        on behalf of Defendant The Second Amended Klein Living Trust eric@ejolsonlaw.com

Jeffrey P Nolan
        on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com

Jeffrey W Dulberg
        on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

John W Lucas
        on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

Reem J Bello
        on behalf of Interested Party Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Robert P Goe
        on behalf of Interested Party Joseph Vago kmurphy@goeforlaw.com
        rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Simon Aron
        on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

United States Trustee (LA)
        ustpregion16.la.ecf@usdoj.gov


TOTAL: 12

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  E-mail: jdulberg@pszjlaw.com
            jlucas@pszjlaw.com
6           jnolan@pszjlaw.com

7  Attorneys for Plaintiff, Bradley D. Sharp,
   Chapter 11 Trustee

8

**FILED & ENTERED**

**OCT 18 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may        DEPUTY CLERK

9          UNITED STATES BANKRUPTCY COURT

            CENTRAL DISTRICT OF CALIFORNIA

10             LOS ANGELES DIVISION

11 | In re:                                    | Case No.: 23-10990-SK

12 | LESLIE KLEIN,                             | Adv. Case No.: 2:24-ap-01140-SK

13 |        Debtor.                            | Chapter 11

14 | BRADLEY D. SHARP, Chapter 11 Trustee,     | **ORDER DENYING MOTION TO ORDER**
                                              | **JOINDER OF NECESSARY PARTIES OR**
15 |        Plaintiff,                         | **DISMISS**

16 | v.                                        | Date:   October 16, 2024
                                              | Time:   10:30 a.m.
17 | LESLIE KLEIN, an individual, THE SECOND   | Place:  Courtroom 1575
   | AMENDED KLEIN LIVING TRUST, a trust,      |         255 E. Temple Street
18 | THE MARITAL DEDUCTION TRUST OF            |         Los Angeles, CA 90012
   | ERIKA KLEIN, a trust, THE SURVIVOR'S      |
19 | TRUST OF LESLIE KLEIN, a trust, and       | [Relates to Docket Nos. 30, 41, and 42]
   | BARBARA KLEIN, an individual,             |
20 |                                           |
21 |        Defendants.                        |

22         A hearing was held on October 16, 2024 at 10:30 a.m. in Courtroom 1575, 255 East Temple

23 Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court to

24 consider and act upon the *Motion to Order Joinder of Necessary Parties* [Docket No. 30] (the

25 "Motion"), filed by defendants, Leslie Klein, an individual, Leslie Klein as trustee of The Second

26 Amended Klein Living Trust, Leslie Klein, as trustee of The Marital Deduction Trust of Erika Klein,

27 Leslie Klein as trustee of The Survivor's Trust of Leslie Klein, and Barbara Klein (collectively, the

28 "Defendants"). Appearances were as noted on the record.

ER 1357

1        Based upon the record, the objection to the Motion filed by plaintiff, Bradley D. Sharp

2 [Docket No. 41], the reply filed by Defendants [Docket No. 42], the findings made by the Court on

3 the record of the hearing, and good cause appearing therefor,

4        **IT IS HEREBY ORDERED:**

5        1.      The Motion is DENIED.

6        2.      The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising

7 from or relating to this Order.

8                                     # # #

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23     Date: October 18, 2024

24                                     Sandra R. Klein
                                      United States Bankruptcy Judge

25

26

27

28

4854-3464-6256.2 78512.001                  2

ER 1358

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail:   jdulberg@pszjlaw.com
6             jlucas@pszjlaw.com
              jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

9              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
10                  LOS ANGELES DIVISION

11

12 | In re:                                      | Case No.: 23-10990-SK

13 | LESLIE KLEIN,                               | Adv. Case No.: 2:24-ap-01140-SK

   |          Debtor.                            | Chapter 11
14
15 | BRADLEY D. SHARP, Chapter 11 Trustee,       | **REPLY TO DEFENDANTS'
   |                                             | STATEMENT OF GENUINE ISSUES OF
   |          Plaintiff,                         | FACTS IN OPPOSITION TO MOTION
16 |                                             | FOR SUMMARY JUDGMENT**

17 | v.                                          | Date:   December 18, 2024
                                                 | Time:   09:00 a.m.
18 | LESLIE KLEIN, an individual, THE SECOND     | Place:  Courtroom 1575
   | AMENDED KLEIN LIVING TRUST, a trust,        |         255 E. Temple Street
19 | THE MARITAL DEDUCTION TRUST OF              |         Los Angeles, CA 90012
   | ERIKA KLEIN, a trust, THE SURVIVOR'S        |
20 | TRUST OF LESLIE KLEIN, a trust, and         |
   | BARBARA KLEIN, an individual,               |
21 |                                             |
   |          Defendants.                        |
22

23         Bradley D. Sharp, the duly appointed chapter 11 trustee ) for the bankruptcy estate of

24  Leslie Klein (the "**Debtor**"), and plaintiff in the above-captioned adversary proceeding

25  ("**Plaintiff**"), hereby files this reply to the Defendants' *Statement of Genuine Issues of Facts in*

26  *Opposition to Motion for Summary Judgment* [Adv. Docket No. 44] (the "**Statement of Genuine**

27  **Issues**"), which was in response to Plaintiff's *Statement of Facts* [Adv. Docket No. 36]

28  ("**Statement of Facts**").  In support of this reply, the Plaintiff represents as follows:

4861-7647-0258.2 78512.001

A.    <u>**The Statement of Facts Are Uncontested**</u>

Plaintiff's Statement of Facts remain entirely uncontroverted notwithstanding the Statement of Genuine Issues filed by the Defendants.  The Defendants' Statement of Genuine Issues fails entirely at raising any material issues of fact. Their Statement of Genuine Issues either:

- <u>**agrees**</u> with the Plaintiff's Statement of Facts (because Defendants offer no response),

- <u>**seeks minor, likely irrelevant clarifications**</u> (with which Plaintiff agrees),

- <u>**attempts to manufacture a factual dispute**</u> (by drawing false conclusions where the referenced documents speak for themselves), or

- <u>**provides unsupported assertions that have no relevance**</u> to the facts set forth by the Plaintiff.

The chart below outlines the Plaintiff's Statement of Facts that the Defendants responded to and the Plaintiff's reply.

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|-----|--------------------|-----------------------------|---------------------|
| 6 | The Schedules reflect that the Property located at 322 N. June Street, Los Angeles, California (the "June St. Property") is 50% owned by the Debtor's bankruptcy estate, and 50% owned by the MDT of the Debtor's deceased spouse, Erika Klein. | SOFAs also state that Debtor's wife, Barbara Klein, has a life estate interest. See 8, infra. | Agree. See Paragraph 8 of Plaintiff's Statement of Facts. |
| 7 | According to the SOFAs, to the question "[w]ithin 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?" the Debtor admitted that *he had not*. | Defendants object to the "admitted" as argumentative. Debtor transferred title to the House and other property to the Second Amended Trust dated April 8, 1990 (approximately 23 years before filing) RJN I, see Points and Authorities p. 11 par B | Defendants' attempt to create a genuine issue of fact fails because Plaintiff is not referring to the Transfer of the June St. Property into the Klein Living Trust in 1990.

Instead, the Debtor represented in the SOFAs, under penalty of perjury, that he had not transferred any property into a trust or |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|-----|--------------------|-----------------------------|-------------------|
| | | | self-settled trust for which he was a beneficiary in the ten (10) years prior to the filing of his bankruptcy case.[1]<br><br>The Klein Living Trust was recorded on or about April 11, 2013, approximately four months after the death of Erika. There is nothing in such recording to reflect that the June St. Property had been transferred from the Klein Living Trust to any other trust, person, or entity.<br><br>The petition was filed on February 22, 2013 (i.e., within ten years of the recording on April 11, 2013).[2] Thus, the Debtor's representation in the SOFAs, made under penalty of perjury, can fairly be characterized as an "admission" that he did not transfer any of his property, including the June St. Property, to a trust or self-settled trust for which he was a beneficiary. |
| 9 | The Debtor and Barbara entered into a Premarital Agreement, dated November 2013 (the "Premarital Agreement"). | Dated November 25, 2013. See Declaration of Lucas Exhibit 1 | Agree. |
| 15 | The SOFAs reflect that the Debtor sought an exemption in the amount of $678,397, | Amount is $678,391.00 | Agree. |

---

[1] Request for Judicial Notice, **Exhibit F**, SOFA Pt. 7.19.

[2] Request for Judicial Notice, **Exhibit A**.

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|-----|--------------------|-----------------------------|--------------------|
|  | pursuant to California Code of Civil Procedure § 704.703. | | |
| 17 | The real property deed  (the "June St. Deed") for the June St. Property reflects that it is owned by "Leslie Klein and Erika Noemi Klein, as Trustee under the Klein Living Trust of 1975" (the "Klein Living Trust of 1975"). | Deed was recorded December 14, 1977 (RFA J) | Agree. |
| 18 | On April 8, 1990, the Debtor and his former spouse, Erika Klein ("Erika"), created the Klein Living Trust. | Trust instrument included 322 No June St as property of trust. Trust was recorded April 13, 2013. RJA I. | Plaintiff does not dispute that the Klein Living Trust was recorded on or about April 13, 2013 but avers such recording did not reflect that the ownership of the June St. Property had changed in any manner. |
| 19 | Under the Klein Living Trust, the Debtor and Erika were co-settlers. | During their joint lives. See Art 2 "during Settlers' Joint Lives". RJA I | Agree. |
| 20 | Under the Klein Living Trust, the Debtor and Erika were the co-trustees. | During their joint lives. See Art 2 "during Settlers' Joint Lives". RJA I | Agree. |
| 27 | Each of the Defendants (other than Barbara who was not asked the applicable question) represent that the documents memorializing the transfer of the June St. Property from the Klein Living Trust to any other party is reflected on ledgers annexed to the responses to interrogatories, which were not recorded with the recorder's office of Los Angeles County, or any other county. | There is no "transferee party" other than the MDT or Credit Trust. See Declaration of Lucas, Exhibit 5, Points and Authorities p. 6 par C | It is undisputed that the Defendants attach to the discovery responses "ledgers" or "schedules" that purport to reflect the "evolution" of the which trust owned or owns the June St. Property.

The Plaintiff disputes the effect of such "ledgers" or "schedules" or that they were prepared contemporaneously with any purported transfer of the June St. Property. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|---|---|---|---|
| | | | It is undisputed that such "ledgers" or "schedules" were not recorded with the recorder's office of Los Angeles County, or any other county. |
| 31 | Under the Klein Living Trust, the MDT provides that the Debtor is both the income property beneficiary and principal beneficiary. | As a practical matter, the House was never an income producing, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | The Klein Living Trust reflects in unambiguous terms that the Debtor is both the sole income and principal beneficiary of the MDT.[3]<br><br>The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 32 | Under the Klein Living Trust, the MDT provides that the First Trustee may use both the income from MDT and the principal of the MDT for the benefit of the Debtor. | As a practical matter, the House was never an income producing property, it was Debtor's the understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 | The Klein Living Trust reflects in unambiguous terms that the First Trustee (who is the Debtor) may use the income and principal from the MDT for the benefit of the Debtor.[4]<br><br>The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |

[3] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 10.

[4] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|---|---|---|---|
| | | and Declaration of Leslie Klein | |
| 33 | Under the Klein Living Trust, the MDT provides that the First Trustee (*i.e.* the Debtor) "shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually." | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | The Klein Living Trust reflects in unambiguous terms that the First Trustee (who is the Debtor) "shall pay to or for the income beneficiary all net income of the trust in convenient installments at least annually."[5]  The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 34 | Under the Klein Living Trust, the MDT provides that the First Trustee (i.e. the Debtor) "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living." | As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | The Klein Living Trust reflects in unambiguous terms that the First Trustee (who is the Debtor) "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living."[6]  The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's |

---

[5] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.

[6] Request for Judicial Notice, **Exhibit I**, Art. 5, p. 11.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|---|---|---|---|
| | | | intentions with respect to the June St. Property. |
| 35 | Under the Klein Living Trust, the Debtor serves as the First Trustee for the Survivor's Trust. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | The Klein Living Trust reflects in unambiguous terms that the Debtor serves as the First Trustee of the Survivor's Trust.[7]<br><br>The unsubstantiated assertions are incomprehensible (e.g., the assertion that there is "no evidence that the House was ever anywhere in the MDT or Credit Trust" contradicts the very argument the Defendants are making to protect the June St. Property).<br><br>The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 36 | Under the Klein Living Trust, and all trusts under such instrument, including the Survivor's Trust, "self-dealing" is permitted. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their | The Klein Living Trust reflects in unambiguous terms that all trusts under such instrument, including the Survivor's Trust, "self-dealing" is permitted.[8]<br><br>The unsubstantiated assertions are non-sensical at best (*e.g.*, the assertion that there is "no evidence that the House was ever anywhere in the MDT or Credit Trust" contradicts |

---

[7] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 14.

[8] Request for Judicial Notice, **Exhibit I**, Art. 7, p. 15.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|-----|--------------------|-----------------------------|--------------------|
|  |  | Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | the very argument the Defendants are making to protect the June St. Property).  The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 37 | Under the Klein Living Trust, the Survivor's Trust provides that the Debtor is both the income beneficiary and the principal beneficiary. | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | Under the Klein Living Trust, it reflects in unambiguous terms that the Debtor is both the income and principal beneficiary under the Survivor's Trust.[9]  The unsubstantiated assertions are non-sensical at best (*e.g.*, the assertion that there is "no evidence that the House was ever anywhere in the MDT or Credit Trust" contradicts the very argument the Defendants are making to protect the June St. Property).  The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 38 | Under the Klein Living Trust, the Survivor's Trust | There is no evidence that the House was ever anywhere in | Under the Klein Living Trust, it reflects in |

---

[9] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 8-9.

Pachulski Stang Ziehl & Jones LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|---|---|---|---|
| | provides that the First Trustee may use both the income from the Survivor's Trust and the principal of the Survivor's Trust for the benefit of the Debtor. | the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | unambiguous terms the First Trustee may use both the income from the Survivor's Trust and the principal of the Survivor's Trust for the benefit of the Debtor.[10]<br><br>The unsubstantiated assertions are non-sensical at best (*e.g.*, the assertion that there is "no evidence that the House was ever anywhere in the MDT or Credit Trust" contradicts the very argument the Defendants are making to protect the June St. Property).<br><br>The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 39 | Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the income beneficiary as much of the net income as the trustee considers necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living." | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and | The Klein Living Trust reflects in unambiguous terms that under the Survivor's Trust the First Trustee (who is the Debtor) "shall pay to or for the income beneficiary as much of the net income as the trustee considers necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income |

[10] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|---|---|---|---|
| | | the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | beneficiary's accustomed manner of living."[11]<br><br>The unsubstantiated assertions are non-sensical at best (*e.g.*, the assertion that there is "no evidence that the House was ever anywhere in the MDT or Credit Trust" contradicts the very argument the Defendants are making to protect the June St. Property).<br><br>The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 40 | Under the Klein Living Trust, the Survivor's Trust provides that the First Trustee "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living." | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community | The Klein Living Trust reflects in unambiguous terms that under the Survivor's Trust the First Trustee (who is the Debtor) "shall pay to or for the principal beneficiary as much of the principal as is necessary for the principal beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living."[12] |

---

[11] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.

[12] Request for Judicial Notice, **Exhibit I**, Art. 4, p. 9.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|---|---|---|---|
| | | property. See Points and Authorities p. 10 and Declaration of Leslie Klein | The unsubstantiated assertions are non-sensical at best (*e.g.*, the assertion that there is "no evidence that the House was ever anywhere in the MDT or Credit Trust" contradicts the very argument the Defendants are making to protect the June St. Property).<br><br>The fact that the June St. Property might not have produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |
| 41 | Under the Klein Living Trust, the MDT, Survivor's Trust, and any other trust created under the Klein Living Trust, the trustee thereunder has the power to: (a) retain or abandon any property held by the trust (including the June St. Property) and (b) manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property (including the June St. Property). | There is no evidence that the House was ever anywhere in the MDT or Credit Trust. See 27, supra. As a practical matter, the House was never an income producing property, it was Debtor's understanding that he had a life interest in the House subject to the right of his and Erika's children to inherit it. He later gave a life interest to his second wife Barbara in connection with their Premarital Agreement and the Amendment thereto. The MDT and Credit Trust were wholly funded by Erika's interest in the community property. See Points and Authorities p. 10 and Declaration of Leslie Klein | The Klein Living Trust reflects in unambiguous terms that the trustee (who is the Debtor) under any of the trusts has the powers enumerated in paragraph 41 of the Statement of Facts.[13]<br><br>The unsubstantiated assertions are non-sensical at best (*e.g.*, the assertion that there is "no evidence that the House was ever anywhere in the MDT or Credit Trust" contradicts the very argument the Defendants are making to protect the June St. Property).<br><br>The fact that the June St. Property might not have |

---

[13] Request for Judicial Notice, **Exhibit I**, Art. 8, p. 16.

| No. | Statement of Facts | Statement of Genuine Issue | Plaintiff's Reply |
|-----|-------------------|---------------------------|-------------------|
|     |                   |                           | produced income is irrelevant as are the Debtor's unsubstantiated assertions about Erika's intentions with respect to the June St. Property. |

Dated:   October 30, 2024

PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ John W. Lucas*
      John W. Lucas

Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **REPLY TO DEFENDANTS' STATEMENT OF GENUINE ISSUES OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 30, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R @notify.bestcase.com;ajohnston@goeforlaw.com

- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:  On (*date*) **October 30, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

☐  Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 30, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Email:** | **Via Email:** |
|---|---|
| Eric@EJOlsonLaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | youngshumaker@smcounsel.com |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

LA:4886-2212-5506.1 78512.001

ER 1371

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail:   jdulberg@pszjlaw.com
6              jlucas@pszjlaw.com
               jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

9              UNITED STATES BANKRUPTCY COURT
10             CENTRAL DISTRICT OF CALIFORNIA
               LOS ANGELES DIVISION
11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>　　　　Debtor.<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>　　　　Defendants. | Case No.: 23-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　December 18, 2024<br>Time:　9:00 a.m.<br>Place:　Courtroom 1575<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

23        Bradley D. Sharp, the duly appointed chapter 11 trustee (the "**Trustee**") for the bankruptcy

24  estate of Leslie Klein (the "**Debtor**"), and Plaintiff is the above-captioned adversary proceeding,

25  hereby files this reply (the "**Reply**") to the *Opposition to Motion for Summary Judgment* [Adv.

26  Docket No. 43] (the "**Opposition**").  In support of the Reply, the Trustee represents as follows:

4893-2383-4097.2 78512.001

1

**I.**

2

**PRELIMINARY STATEMENT**

3        The undisputed facts show that as of the February 22, 2023 (the "**Petition Date**") that the

4    June St. Property was owned by the Klein Living Trust.[1] Under the Klein Living Trust, the Debtor

5    serves as the sole trust and co-beneficiary with his former spouse, Erika, and upon Erika's death,

6    the Debtor continued to serve as the sole trustee (with unfettered control of the assets) and the

7    Debtor enjoyed the status as the sole income and principal beneficiary under all sub-trusts created

8    under the Klein Living Trust.

9        Since the Petition Date, the Debtor (and the other Defendants) have attempted to distort the

10   facts to show that the June St. Property is not property of the estate. First, in the Schedules the

11   Debtor represents, under penalty of perjury, that the June St. Property is 50% owned by the MDT

12   and 50% owned by the Debtor.[2] Second, in the Answer to the Complaint the Debtor represents

13   that the June St. Property is 100% owned by the MDT (based upon the unsubstantiated assertions

14   of the Debtor).[3] Most recently in the Opposition, the Debtor now contends that the June St.

15   Property is owned by the Credit Trust (again, based upon unsubstantiated assertions).[4] The Debtor

16   also sought and obtained a parties exemption of the June St. Property, which requires the June St.

17   Property to be property of the estate (*i.e.*, something cannot be exempt unless it is first property of

18   the estate).[5]

19       The Court already held that the Klein Living Trust is "self-settled" and as such its assets

20   cannot be used as a shield to insulate from creditors' claims. On that finding, even if the June St.

21   Property had been transferred to the MDT (as the Debtor contends) such transfer would also

22   demonstrate that the June St. Property is property of the estate because the Debtor as trustee of

23
_____

[1] Request for Judicial Notice, **Exhibit H** and Lucas Declaration, **Exhibit 5**, No. 1.

24

[2] Request for Judicial Notice, **Exhibit F**, Sch. A/B, Pt. 1.1.

25

[3] Request for Judicial Notice, **Exhibit K**, Para. 11.

26

[4] Opposition, 4:7-18.

27

[5] Request for Judicial Notice, **Exhibit G** and *Owen v. Owen*, 500 U.S. 305, 308 (1991) (superseded by statute on

28   unrelated finding).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   such trust has unfettered control over the property and enjoys such property as the sole

2   beneficiary.

3       Last, Barbara admits that the life estate she was granted in the June St. Property by the

4   Debtor (to the extent such grant is effective) that she did not record the grant prior to the petition

5   date. As a result, the Plaintiff may avoid such transfer because the property interest was not

6   perfected against the Debtor's estate.

7       For reasons set forth herein, the Summary Judgment Motion, the supporting exhibits, and

8   argument at the hearing, the Plaintiffs respectfully asks for the Court to grant the motion and

9   overrule the Opposition in all respects and find that the June St. Property is property of the

10  Debtor's estate.

11                              **II.**

12          **THE SUMMARY JUDGMENT MOTION SHOULD GRANTED**

13      As set forth herein and the Summary Judgment Motion, the motion should be granted

14  because there are no disputed facts and the law dictates that the June St. Property is property of the

15  Debtor's estate.

16  A.     **The Supporting Facts Are Uncontested**

17      Plaintiff's *Statement of Facts* **[Adv. Docket No. 36] ("Statement of Facts")** remain

18  entirely uncontroverted notwithstanding the **Defendants'** *Statement of Genuine Issues of Facts*

19  *in Opposition to Motion for Summary Judgment* **[Adv. Docket No. 44] (the "Statement of**

20  **Genuine Issues")**.  The Defendants' Statement of Genuine Issues fails entirely at raising any

21  material issues of fact. Their Statement of Genuine Issues either:

22          • **agrees** with the Plaintiff's Statement of Facts (because Defendants offer no

23              response),

24          • **seeks minor, likely irrelevant clarifications** (with which Plaintiff agrees),

25          • **attempts to manufacture a factual dispute** (by drawing false conclusions where

26              the referenced documents speak for themselves), or

27          • **provides unsupported assertions that have no relevance** to the facts set forth by

28              the Plaintiff.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The chart in the Plaintiff's reply [Adv. Docket No. 48] to the Statement of Genuine Issues outlines, in turn, the Plaintiff's Statement of Facts that the Defendants responded to and the Plaintiff's reply.

**B.      The Klein Living Trust and Any Trust Thereunder Are Self-Settled,  and Wholly Controlled by the Debtor, and for the Sole Benefit of the Debtor**

On October 16, 2024, the Court denied the Defendants' *Motion to Join Necessary Parties* [Adv. Docket No. 30] (the "**Joinder Motion**"). [Adv. Docket No. 46]. The Court held that the Klein Living Trust, the MDT, the Survivor's Trust, and the other trust(s) created thereunder are "self-settled" and the property held by such trust(s) cannot be insulated from the Debtor's creditors. *See* Hearing Transcript, October 16, 2024 at 18:13-21 and 22:22-25 through 24:1-8 (the "**Oct. 16 Transcript**") annexed hereto as **Exhibit A**. The facts presented to the Court in connection with the Joinder Motion demonstrated that the Klein Living Trust and the purported trusts thereunder are self-settled. The facts supporting the Summary Judgment Motion are the same facts that supported the Court's denial of the Joinder Motion.

**1.      The Klein Living Trust Did Not Predetermine the Allocation and Distribution of Trust Property**

The Klein Living Trust did not predetermine the allocation or distribution of trust property among the various sub-trusts (*e.g.*, Survivor's Trust, MDT, or Credit Trust) upon Erika's death. Instead, Article 3 of the Klein Living Trust, titled "Trust Allocation After First Spouse's Death," outlines the rules and procedures the trustee (*i.e.*, the Debtor) may use to allocate and distribute property after Erika's death. For example, Article 3(A) of the Klein Living Trust provides that:

> [t]he Marital Deduction Trust shall consist of the minimum amount that will entirely eliminate or reduce as far as possible the federal estate tax, after allowance of all other deductions . . . [6]

> * * *

> All trusts may be funded in cash or in kind, party in each.[7]

---

[6] Request for Judicial Notice [Adv. Docket No. 34] ("**RJN**"), Exhibit I, Art. 3, p. 4-5.

[7] *Id.* at p. 5.

1    The above cited provisions of the Klein Living Trust do not provide that specific property

2    would be transferred to the MDT, or the Survivor's Trust or the Credit Trust. Instead, the

3    distribution or allocation of property to any trust is dependent upon the "minimum amount" of

4    property (*i.e.*, whatever that might be) that will avoid or reduce federal taxation. There was never

5    any determination by the trustee (*i.e.*, the Debtor) of the Klein Living Trust on how to distribute or

6    allocate the property owned by the Klein Living Trust. Even if a distribution or allocation had

7    occurred – and there is no evidence to support that it has – the documents supporting the

8    distribution or allocation were not recorded and as a result may be avoided.

9    The Defendants' self-serving and conclusory statement, "[b]ecause the MDT and Credit

10    Trust were entirely funded by Erika, the amount attributable to the Debtor is zero,"[8] presumes

11    there is real, concrete evidence to support that either the MDT or the Credit Trust were funded,

12    distributed, or allocated any property – let alone the June St. Property. There is no evidence in the

13    record to support that any of the property owned by the Klein Living Trust was transferred to the

14    Survivor's Trust, MDT, the Credit Trust, or any other trust or party.

15    If the Survivor's Trust, MDT, or the Credit Trust did not contain any property, such trusts

16    were never formed because the existence of a trust "res" is a necessary condition to the formation

17    of any trust. *In re Honkanen*, 446 B.R. 373, 381, n.9  (B.A.P. 9th Cir. 2011) (holding that "[i]n the

18    absence of a trust res, a fundamental requirement to form a trust, there was no express, technical or

19    statutory trust formed . . ."); *Estate of Gardner*, 187 Cal. App. 4th 543, 552 (2010) (holding that

20    "[t]o be valid, a trust, whether oral or written, must contain three elements: a trust res, the

21    manifestation of a trust intent, and a proper trust purpose. (§§ 15201, 15202, 15203))."

22    **2.    There is No Evidence to Support the Transfer of
        Property from the Klein Living Trust to Any Other Trust**

23

24    The remainder of Part I of the Opposition is largely nonsensical and unsupported by any

25    evidence other than the assertions of the Defendants' counsel. For example, the Defendants assert

26    that the Debtor's 50% share of the June St. Property was acquired by the MDT in exchange for

27

28    _____
[8] Opposition, 8:19-20.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   assets owned by the MDT.[9] However, there is **no** description of when the alleged transfer

2   occurred, what assets were exchanged in consideration, in accordance with what terms, or what

3   credible documents governed the purported transfer of the Debtor's 50% share of the June St.

4   Property to the MDT.

5         The Defendants also assert, for the first time, that "[t]he ledgers from 2014 - 2023

6   (Declaration of Lucas, Exhibit 5) show the House as wholly owned by the Credit Trust."[10] As of

7   the Petition Date, the Debtor originally represented that the June St. Property was 50% owned by

8   the Debtor and 50% owned by the MDT.[11] The Defendants' Answer then represented that the June

9   St. Property was wholly owned by the MDT.[12] Now, by the Opposition, the Defendants contend

10   that the June St. Property is owned by the Credit Trust.[13] These assertions are inconsistent and are

11   accordingly not credible.

12         No Defendant produced any writing that reflects there was a grant of the fee interest in the

13   June St. Property to any other Defendant, the Credit Trust, or any other party for that matter. As

14   set forth in the Motion, under California law, Civil Code section 1092 provides that a grant of an

15   estate in real property may be made by providing in substance: "I, A B, grant to C D all that real

16   property . . . ." The operative and essential element of such a deed has long been held to be the

17   word "grant." *Klamath Land & Cattle Co. v. Roemer*, 12 Cal. App. 3d 613, 618 (Cal. App. 1970)

18   (holding that in California the word "grant" has been used to the transfer of all estates in real

19   property, and not solely estates in fee simple, since some time prior to 1845).

20         The Debtor's and the other Defendants' futile attempt to show that the June St. Property is

21   not part of the Debtor's bankruptcy estate is nothing more than obfuscation through legal briefing

22   to create a material issue of fact. "Disputes over irrelevant or unnecessary facts will not preclude a

23

---

24   [9] Opposition, 7:26-28 – 8:1-5.

25   [10] Opposition, 8:4-5.

26   [11] Request for Judicial Notice, **Exhibit F**, Sch. A/B, Pt. 1.1.

27   [12] Request for Judicial Notice, **Exhibit K**, Para. 11.

28   [13] Opposition, 4:7-18.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d

2    626, 630 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

3    Rather, following the filing of "a properly submitted summary judgment motion, the burden shifts

4    to the opposing party to set forth specific facts showing that there is a genuine issue for trial."

5    *Barboza v. New Form, Inc. (In re Barboza)*, 545 F. 3d 702, 707 (9th Cir. 2008).  The opposing

6    party cannot simply assert the "mere existence of some alleged factual dispute between the

7    parties" (*Liberty Lobby*, 477 U.S. at 247-48), nor can it "rest upon the mere allegations or denials"

8    in the pleadings.  *Id.*[14]  Thus, "[f]or an issue to be 'genuine,' there must be evidence such that a

9    reasonable jury could reach a verdict in favor of the nonmoving party."  *Summers v. Teichert &*

10    *Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997) (citing *Liberty Lobby*, 477 U.S. at 250)).

11        Thus, the Debtor and the other Defendants' attempted manipulation of the facts falls flat

12    because they cannot demonstrate with evidence, as they must, that there was a transfer of the June

13    St. Property in whole or in part.

### 3.    The Debtor's "Ledgers" Are Not Credible or Sufficient to Show the June St. Property Is Owned by the MDT or Any Other Trust and They May be Avoided Because They Were Never Recorded

16        Part III of the Opposition is largely incomprehensible. It appears that the Defendants

17    contend that the "ledgers" or other "book entries" are sufficient means of transferring the June St.

18    Property between or among the various trusts that were purportedly created under the Klein Living

19    Trust. The authority cited above[15] reflects how real property is properly transferred (via a grant

20    deed and recordation). The Defendants have failed to show that "ledgers" or "book entries" are an

21    adequate means of transferring real property. Regardless, such "ledgers" or "book entries" were

---

[14] In *Liberty Lobby*, a Georgia politician sued Liberty Lobby, Inc. for defamation stemming from an article in their magazine *The Spotlight* that falsely associated him with the Communist Party.  *Id.*  The Court vacated the partial summary judgment in favor of the petitioners and remanded the case due to the incorrect application of the standard of review: the plaintiff was compelled to provide specific facts showing actual malice in order to survive the defendant's motion for summary judgment.  *Id.*  *Accord*, *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968) (holding that in response to the defendant's amply supported motion for summary judgment, plaintiff could not rely solely on his allegations of a conspiracy to get to a jury without "any significant probative evidence tending to support the complaint.").

[15] *See supra*, 5:4-11.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   never recorded so even if it is assumed such practice was sufficient they can be avoided because

2   they were never recorded prior to the Petition Date. The recordation of the Klein Living Trust on

3   April 13, 2013 is insufficient because the Klein Living Trust did not effectuate or otherwise reflect

4   any transfer of ownership from one trust to another.[16] Importantly, the Klein Living Trust was in

5   the exact same form on April 13, 2024 as it was when it was formed on or about April 8, 1990, at

6   which time the June St. Property was held by the Klein Living Trust.

7   **C.    Barbara's Life Estate in June St. Property Was Not
        Recorded and is Subject to Avoidance as a Matter of Law**

8

9        Barbara's life estate in the June St. Property is avoidable under section 544(a)(3) of the

10  Bankruptcy Code because she did not record the document granting her such interest prior to the

11  February 22, 2023, Petition Date. Her presence in the June St. Property is not sufficient to put the

12  Plaintiff on notice or otherwise challenge his status as a *bona fide* purchaser for value because any

13  inquiry into Barbara's interest could not have been verified because **it was never recorded**.

14       The Debtor and Barbara entered into a certain *First Amendment to Premarital Agreement*,

15  dated November 25, 2015 (the "**Amendment to the Premarital Agreement**"), wherein the

16  Debtor agreed that Barbara "may also live in the house AT [sic] 322 N. June Street where the

17  Parties live during her life time."[17] The parties to the Amendment to the Premarital Agreement are

18  the Debtor, Leslie Klein in his individual capacity, and Barbara.

19       Barbara **admits** that the Amendment to the Premarital Agreement was never recorded with

20  the recorder's office in the County of Los Angeles (or any other county) prior to or after the

21  Petition Date.[18]

22       Under California law, a *bona fide* purchaser without actual or constructive notice takes free

23  of a prior equitable interest or constructive trust interest.  *In re Tleel*, 876 F.2d 769, 771-72 (9th

24  Cir. 1989); *Rafftery v. Kirkpatrick*, 29 Cal. App. 2d 503, 507-508 (Cal. App. 1938).  Section

25

26  _____
    [16] See discussion above regarding allocation of trust assets at Part B.1.

27  [17] Lucas Declaration, **Exhibit 2**.

28  [18] Lucas Declaration, **Exhibit 3**, Nos. 2 and 3.

1   544(a)(3) of the Bankruptcy Code makes a trustee's actual knowledge irrelevant. A purchaser of

2   real estate for value without constructive notice of a prior interest is given status as a *bona fide*

3   purchaser. *Tleel*, 876 F.2d at 772. Constructive notice in the context of real estate is provided by

4   recordation of interests against the property. Cal. Civ. Code §§ 19, 1214; 3 Harry D. Miller &

5   Marvin B. Starr, *California Real Estate* §§ 8:62, 8:63, 8:65 (2d ed. 1989).

6       For purposes of section 544(a)(3) of the Bankruptcy Code, actual notice is irrelevant.

7   Constructive notice is given by recordation, which did not occur here. The fact that Barbara lived

8   in the June St. Property does not suggest that she owned, held a life estate in, or held any other

9   interest the property. More importantly, if Barabara's presence in the June St. Property was

10  sufficient to put the Plaintiff on "inquiry" notice, which it was not, there was nothing recorded

11  prior to the Petition Date for any party to verify the interest that Barbara held. As a result,

12  Barabara's presence alone does not defeat the Plaintiff's rights as a *bona fide* purchaser for value

13  under section 544(a)(3) of the Bankruptcy Code.

14      In addition, the Plaintiff questions the efficacy of the Amendment to the Premarital

15  Agreement. As reflected by such agreement, the Debtor, in his individual capacity, is the

16  counterparty and the party that purportedly granted Barabara a life estate in the June St. Property.

17  However, the Debtor, in his individual capacity, did not have the power or requisite authority to

18  convey any interest in the June St. Property. According to the Debtor, after Erika's death the June

19  St. Property was owned in one (or all, it is not clear) of the following manners: (a) 50% by

20  Survivor's Trust and 50% buy MDT, (b) 100% by MDT, or (c) 100% by Credit Trust. If any of

21  the foregoing were correct then the proper party to grant Barbara a life estate in the June St.

22  Property would have been a trustee of the applicable trust under the Klein Living Trust. The

23  Debtor's attempt to tell and re-tell the story of his, Erika's, and the Klein Living Trust's ownership

24  of the June St. Property falls apart and is contradictory and any attempt "straighten out" the story

25  by the Debtor or other Defendants should be disregarded entirely.

26  **D.    <u>The Court Already Denied the Joinder Motion</u>**

27      Part IV of the Opposition argues that it is necessary to join the Debtor's children to this

28  adversary proceeding so the Court can properly adjudicate the Defendants' and the Debtor's

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    childrens' interest in the June St. Property. Opposition, 18:5-26. As noted above, the Court already

2    denied the Joinder Motion. *See* [Adv. Docket No. 46]. The Court ruled that it was not necessary to

3    join the Debtor's children to this adversary proceeding.

4                                              **III.**

5                                        **<u>CONCLUSION</u>**

6              The Summary Judgment Motion should be granted. There are no material issues of fact.

7    The real property deed for the June St. Property reflects that it is owned by the Klein Living Trust.

8    The Court already held that the Klein Living Trust and the trust thereunder are "self-settled"

9    because they were formed by the Debtor and Erika, the Debtor has complete control of assets

10   under all of the trusts, and the Debtor is the sole beneficiary of all the trusts, which, as a matter of

11   law, precludes the Debtor and the other Defendants arguing that the assets held by the Klein

12   Living Trust are not available to pay creditor claims. There are no credible documents

13   demonstrating that the June St. Property is owned by any other party than the Klein Living Trust,

14   and to the extent there are such documents (*e.g.*, Amendment to the Premarital Agreement) they

15   were never recorded and are avoidable by the Plaintiff.

16     Dated:    October 30, 2024              PACHULSKI STANG ZIEHL & JONES LLP

17

18                                            By    */s/ John W. Lucas*
                                                   John W. Lucas

19

20                                            Attorneys for Plaintiff, Bradley D. Sharp,
                                              Chapter 11 Trustee

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

1

<pre>
 1                    UNITED STATES BANKRUPTCY COURT

 2                    CENTRAL DISTRICT OF CALIFORNIA

 3                              -oOo-

 4    In Re:                        ) Case No. 2:23-10990
                                    ) Chapter 11
 5     LESLIE KLEIN                  )
                                    ) Los Angeles, California
 6                       Debtor.     ) Wednesday, October 16, 2024
      _____ ) 9:00 AM
 7
                                      ADV#: 2:24-01140
 8                                    SHARP, CHAPTER 11 TRUSTEE v.
                                      KLEIN, ET AL.
 9
                                      #32.00 HRG RE MOTION TO ORDER
10                                    JOINDER OF NECESSARY PARTIES
                                      OR DISMISS (FRCIVP 19,
11                                    12(B)(7))

12                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE SANDRA R. KLEIN
13                UNITED STATES BANKRUPTCY JUDGE

14   APPEARANCES (All present by video or telephone):
     For the Debtor:            ERIC J. OLSON, ESQ.
15                              EJOlsonLAW
                                301 East Colorado Boulevard
16                              Suite 520
                                Pasadena, CA 91101
17                              (626)224-5619

18   For Bradley D. Sharp,      JEFFREY W. DULBERG, ESQ.
     Chapter 11 Trustee:        Pachulski Stang Ziehl & Jones LLP
19                              10100 Santa Monica Boulevard
                                Suite 1300
20                              Los Angeles, CA 90067
                                (310)277-6910

21

22

23

24

25
</pre>

2

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17  Court Recorder:              DINA G. JOHNSON
                                United States Bankruptcy Court
18                              Edward R. Roybal Federal Building
                                255 East Temple Street
19                              Room 940
                                Los Angeles, CA 90012
20                              (855)460-9641

21  Transcriber:                RIVER WOLFE
                                eScribers, LLC
22                              7227 N. 16th Street
                                Suite #207
23                              Phoenix, AZ 85020
                                (800) 257-0885
24
    Proceedings recorded by electronic sound recording;
25  transcript provided by transcription service.
```

**eScribers, LLC**

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document     Page 14 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

3

1    LOS ANGELES, CALIFORNIA, WEDNESDAY, OCTOBER 16, 2024, 11:07 AM

2                              -oOo-

3        (Call to order of the Court.)

4            THE COURT:  Matter number 32, I said this would be

5    called at 10:30.  So I'm going to continue on with the 9

6    o'clock matters.  I'll come back to the 10:30 matters, and I

7    realize we're behind and I apologize for that.

8        (Recess from 11:07 a.m., until 1:08 p.m.)

9            THE COURT:  All right.  Turning to the next matter on

10   calendar.  Hold on.  It is Klein.

11           I see Mr. Olson.

12           MR. OLSON:  Yes, Your Honor.

13           THE COURT:  Good morning.

14           I see Mr. Dulberg.

15           MR. DULBERG:  Good afternoon, Your Honor.

16           THE COURT:  Good afternoon.

17           Is anyone else here on this matter?

18           MR. OLSON:  I don't see anybody.  No.

19           THE COURT:  Okay.  All right.  So I've reviewed all of

20   the pleadings.  I'm very familiar with the facts, the case, and

21   the law.

22           Mr. Olson, you are the movant.  You have the burden.

23   If there's anything you would like to highlight for the Court,

24   I'd be happy to hear it.

25           MR. OLSON:  No.  Just briefly.  The plaintiff has

4

1   moved for summary judgment in this case, where they are

2   seeking, in effect, to deprive the main beneficiaries of their

3   interest in the property in question, but they haven't named

4   them.  They haven't served them.  They haven't appeared.

5        And we think Rule 19 makes them clearly necessary

6   parties.  The Code Commissioner's comments to the underlying

7   California statute that they say they are acting under is that

8   if they don't name them, they are going to get a judgment that

9   excludes any effect on those parties.  And this sounds like a

10  terrible waste of time.  And they're going to wind up with a

11  judgment, if they succeed, I suppose that they are entitled to

12  the value of Mr. Klein's life interest, but not the remainder.

13  So on that basis, I bring this up, that there are simply four

14  missing necessary parties.

15        THE COURT:  Thank you, Mr. Olson.

16        Mr. Dulberg.

17        MR. DULBERG:  Thank you, Your Honor.  I'll keep it

18  relatively brief.

19        So Your Honor, this property was initially listed in

20  the debtor's schedules as his own.  Your Honor may recall from

21  prior to the trustee's appointment, there was a dispute about

22  the amount of the exemption on the property.  Suddenly, now

23  it's not his own anymore.  Right.  And now we see, Your Honor,

24  in the motion for summary judgment response that Mr. Olson

25  filed yesterday, that everything that it says in his pleadings

5

1    here isn't even true, that he's now going to allege that it's

2    held by the creditor trust, not by the marital deduction trust.

3    So apparently the game is on again.

4         But Your Honor, I don't think that the beneficiaries,

5    even if the MDT does have the property, which we obviously

6    don't concede and nothing evidences that even, if it did, that

7    doesn't mean every beneficiary needs to be named in connection

8    with the proper resolution of the asset.  Your Honor, if I go

9    to your home and I trip and fall and I bring suit against you

10   as a homeowner, I don't have to name the beneficiaries of the

11   trust of your family trust in order to succeed.  Right.

12   Because he's the beneficiary, the settlor, on the MDT trust,

13   even if it did have the property, he could do whatever he

14   wanted with it, and it should be available to satisfy his

15   creditors.

16        The children don't have some right to it.  They have a

17   remainder interest, if there's anything left over.  When I

18   pass, whatever's left over is going to pass to whoever I

19   designate, or it's going to go intestate, same as everybody

20   else.  So this makes it no different than any other asset on

21   earth.  And I can't imagine this was done for any other reason

22   other than to obfuscate.

23        And I also point out, Your Honor, that Ken Klein, who

24   is the oldest of the four children, knows full well what's

25   going on here.  He's a defendant in another piece of litigation

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document     Page 17 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

6

1   with respect to another property that was fraudulently

2   transferred to Ken Klein.  That's before Your Honor.  And Mr.

3   Ken Klein adamantly refused to -- he is the backup trustee

4   under the Les Klein trust.  He adamantly refused to pick up

5   that roll when asked.

6           So it's very clear that the children are not on the

7   same page, and they're not here.  Right.  They haven't asked.

8   And nothing evidences that Mr. Olson asked them.  So I don't

9   understand who he's here for.  And we think that this motion

10  should be denied for those reasons and the reasons we say in

11  our opposition as well.

12          THE COURT:  Thank you.

13          Mr. Olson.  Briefly, please.

14          MR. OLSON:  Yeah.  Yeah, just very briefly.

15          The marital deduction trust and the credit trust are

16  fully funded by Erika Klein, deceased's property.  She is

17  the -- she, deceased, is the settlor and funder of these

18  trusts.  The counsel has pointed out that we pointed out in our

19  papers that the documents he attached to his motion for summary

20  judgment indicate that the property actually belongs to the

21  creditor trust.  But in any event, we are talking about the

22  estate of Erika Klein, deceased, here.  We are not talking

23  about any property that has any history in the hands of Mr. Les

24  Klein.

25          And counsel is saying, well, Ken is not here.  Ken has

**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

7

1  never been named.  He's never been served.  And if we go on and

2  they get the judgment they hope for, I can't imagine any title

3  insurance insuring the title or anybody buying a property where

4  the judgment said this judgment does not deal with the rights

5  of the beneficiaries.

6          THE COURT:  Thank you, Mr. Olson.

7          Okay.  I'm ready to rule.

8          So before the Court is the debtor's motion for order

9  joining necessary parties or dismissal with the supporting

10 declaration by Mr. Olson.  Bradley Sharp, the Chapter 11

11 trustee, filed an opposition.  And the debtor Klein filed a

12 reply and a declaration of himself and Olson.

13         On February 23rd of last year, Klein filed a sub V

14 case.  The Court entered an order directing appointment of a

15 trustee about three months later, and shortly thereafter, the

16 Court approved the appointment of Brad Sharp as trustee.

17         Sharp filed an adversary proceeding against Klein, the

18 Second Amended Klein Living Trust, the Marital Deduction Trust

19 of Erika Klein, and Barbara Klein.  Sharp then filed an amended

20 complaint to include the survivors trust of Les Klein as a

21 defendant.  The adversary contains two causes of action.  One

22 is quiet title and the second is avoidance of all unrecorded

23 interests of the property under 544(a)(3).

24         In the motion, Klein alleges that the second amended

25 living trust, which is Exhibit B to the complaint, demonstrates

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document     Page 19 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

8

1   that the property was an asset of the living trust.  He

2   highlights that exhibit 8 of the living trust includes a list

3   of properties that is an asset of the estate.  He contends

4   article 5 of the living trust addressed the marital deduction

5   trust, which provides that when the surviving spouse dies, the

6   trustee shall distribute any accrued undistributed income to

7   the surviving spouse's estate and any remaining principal

8   according to the credit trust distribution provisions.

9        The credit trust provisions indicate that the income

10   and principal beneficiaries are the surviving spouse, and upon

11   the death of the surviving spouse, then the settlor's children.

12   Upon death of the surviving spouse, the trustee shall divide

13   the trust estate between the living children of the settlors.

14   According to Klein, the MDT and credit trust represent Erika

15   Klein's interest in the former community property, which

16   provided a life interest to Klein, with the remainder to her

17   children Kenneth, Sheri (phonetic), Richard, and Jason.  Klein

18   alleges that to the extent the children are remaindermen, the

19   situation is analogous to EEOC, a Ninth Circuit 2008 case.

20   Klein concludes by arguing that the children are necessary

21   parties and need to be joined under FRCP 19, or the action must

22   be dismissed.

23        In opposition, the trustee states that Klein has

24   failed to demonstrate that any of the children should be joined

25   as necessary parties.  He contends that the motion was filed in

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document      Page 20 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

9

1   bad faith to delay the Court adjudicating the pending summary

2   judgment motion, which seeks a finding that the property is

3   property of the estate.  According to the trustee, in 1990,

4   Klein and his former spouse Erika created the living trust,

5   which provides that certain sub trusts may be created upon the

6   death of one of the settlors.  According to the living trust,

7   Klein would be trustee and the sole income and principal

8   beneficiary of the marital deduction trust.

9          The trustee highlights that until Klein dies, the

10  children have no interest in the MDT, and their claim to

11  property held by the MDT is subject to the Bankruptcy Code.

12  The trustee asserts that the MDT is an administrative provision

13  to ensure that if Klein continues to hold property in the MDT

14  when he dies, there will be a mechanism to dispose of the

15  property.  He contends that such an administrative provision

16  does not give the children standing an interest in the property

17  or a right to be heard in the adversary.

18         The trustee acknowledges that California law

19  recognizes spendthrift trusts, but the validity and

20  enforceability of a spendthrift trust depends on whether the

21  trust beneficiaries exercise excessive control over the trust.

22  The trustee notes that under California law, a settlor of a

23  trust containing a spendthrift clause cannot also act as a

24  beneficiary and use that clause to prevent creditors from

25  reaching the trust's corpus.

**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

10

1          According to Klein, California law avoids

2     spendthrift -- excuse me.  According to the trustee, California

3     law avoids spendthrift clauses in self-settled trusts to

4     prevent individuals from placing property beyond their

5     creditors, while at the same time reaching the bounty --

6     reaping the bounty as beneficiaries of the trust.  The trustee

7     claims that the facts here are substantially similar to those

8     in Salkin and Cutter.  The trustee contends that Klein has

9     failed to distinguish between FRCP 19(a) and (b).

10          The trustee concludes that if the Court finds a party

11     is not necessary to an action, the party is by definition not

12     indispensable.  A finding that a party is indispensable is the

13     only context in which a court may consider whether to dismiss.

14          In the reply, Klein argues, there is no reason why the

15     interests of all the beneficiaries should not be tried

16     together.  He asserts that the MDT and credit trust were self-

17     settled by Erika, not him.  He notes that upon Erika's death,

18     the MDT and/or credit trust were to be funded with her half of

19     the community property.

20          He contends that Cutter and Salkin are distinguishable

21     from the facts here.  According to Klein, the trust in Cutter

22     was settled and primarily funded by an unmarried man, with a

23     portion funded by a third-party.  Regarding that portion, the

24     court held it was exempt from being set aside.  Klein contends

25     that the source of the house is Erika's community share, and it

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document      Page 22 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

11

1   should similarly be deemed exempt.

2          Klein contends that In re: Salkin, there was no

3   evidence regarding the source of the trust property, whereas

4   here, he asserts that no one disputes he is relying on the

5   house for living expenses.  Klein asserts that because the

6   asset in question is the property, it's clear it was not

7   contemplated to be sold, and it was anticipated to go to the

8   children.

9          Legal standard.  Rule 19(a) governs compulsory joinder

10  and provides one required party.  A person who is subject to

11  service of process and whose joinder will not deprive the Court

12  of jurisdiction over the subject matter of the action, must be

13  joined if, (A), in that person's absence, the court cannot

14  afford complete relief among existing parties, or (B), that

15  person claims an interest relating to the subject of the action

16  and is so situated that the disposition of the action in the

17  person's absence may, (i), as a practical matter impair or

18  impede the person's ability to protect the interest, or (ii),

19  leave an existing party subject to a substantial risk of

20  incurring double, multiple, or otherwise inconsistent

21  obligations because of the interest.

22          For compulsory joinder, the court conducts a three-

23  step inquiry.  First, if a party is required.  A party is

24  required if either a court cannot afford complete relief among

25  existing parties in the party's absence or proceeding with the

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document      Page 23 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

12

1    suit in its absence will impair or impede the party's ability

2    to protect a claimed legal interest related to the subject of

3    the action or to leave an existing party subject to a

4    substantial risk of incurring double, multiple, or otherwise

5    inconsistent obligations.  Second, if the party's a required

6    party, then the court must determine if joinder is feasible.

7    Finally, if joinder is not feasible, then the court must

8    determine if the case can proceed against the party or if the

9    absent party is indispensable, such that equity in good

10   conscience require the suit to be dismissed.

11        While Rule 19 provides courts considerable discretion

12   to determine if a party is indispensable, the court must

13   initially follow the proper Rule 19 analysis.  Determining if a

14   party should be joined under Rule 19 is a fact-based inquiry,

15   and the party advocating joinder has the burden.

16        The evidence before the Court is as follows.  On

17   4/8/1990, Klein and his then-wife Erika Klein as settlors

18   executed the Klein Living Trust.  Klein and Erika were listed

19   as cotrustees and income and principal beneficiaries of the

20   living trust.  Upon the death of either Klein or Erika, the

21   living trust provided for the creation of three sub trusts to

22   be funded as follows:  A surviving spouse trust, which would

23   consist of the surviving spouse's interest in community

24   property; from the remainder of the deceased spouse interest in

25   community estate, a marital deduction trust was to be created,

**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

13

1   which would consist of the minimum amount that would eliminate

2   or reduce the federal estate tax; and finally, a credit trust,

3   which would consist of the balance of the deceased spouse's

4   community property estate.

5          The living trust provided that all trusts may be

6   funded in cash or in kind regarding the marital deduction

7   trust.  The living trust provides the income and principal

8   beneficiary will be the surviving spouse.  The trustee shall

9   pay to the surviving spouse all net income of the MDT.  If the

10  trustee considers the income insufficient, the trustee shall

11  pay as much of the principal as is necessary for the surviving

12  spouse's health, education, or support to maintain the

13  surviving spouse's accustomed manner of living.  At the

14  surviving spouse's death, the trustee shall distribute any

15  accrued interest to the surviving spouse and any remaining

16  principal according to the credit trust distribution

17  provisions.

18          In terms of the credit trust, the living trust

19  provides, the income and principal beneficiary will be the

20  surviving spouse.  After the surviving spouse passes, the

21  children are the beneficiaries.  If the trustee considers the

22  income insufficient, the trustee shall pay as much of the

23  principal as is necessary for the surviving spouse's health,

24  education, or support to maintain the surviving spouse's

25  accustomed manner of living.  Upon the death of the surviving

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document      Page 25 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

14

1   spouse, the remainder of the credit trust is to be distributed

2   to the children of the settlors then living.  Erika passed away

3   in 2012.

4        Klein claims that the facts in this case are analogous

5   to those in EEOC.  The Court disagrees.  EEOC is easily

6   distinguishable from the facts here.  Here, Klein alleges that

7   the children are possible remainderman of the assets that may

8   have been allocated to the credit trust or the marital

9   deduction trust after Klein's death.  Whereas in the EEOC, the

10  Ninth Circuit addressed whether the Navajo Nation could be

11  joined in a lawsuit brought by the EEOC under Title 7.

12        Turning to the evidence, or lack thereof, in this case

13  as an initial matter, there is no evidence before the Court

14  that upon Erika's passing, the marital deduction trust was

15  actually created or funded with any assets.  If the marital

16  deduction trust had been created, there would have had to have

17  been a tax identifying number issued by the IRS.  And if the

18  marital deduction trust had been created and funded, then it

19  would have had to file tax returns.  But there's no evidence of

20  either of those facts in the record.

21        If the marital deduction trust was not created and/or

22  funded, then upon Klein's death, there would be no assets for

23  Erika's community property interest to flow from the marital

24  deduction trust into the credit trust for the benefit of the

25  children.  Klein, as movant, has the burden of demonstrating

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document      Page 26 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

15

1   that joinder of the children is warranted.  Therefore, on this

2   basis alone, the Court could deny the motion.

3        Even if that were not the case, the Court finds that

4   Klein, not the children, had complete control over the living

5   trust and possibly the marital deduction trust, if it were ever

6   created.  And he was the sole beneficiary of the income and

7   principal of the MDT during his lifetime.  The Klein living

8   trust provides that upon Erika's death, Klein became the income

9   and principal beneficiary of all trusts created by the living

10  trust.

11       Klein, as the sole trustee of each of the trusts, has

12  full and complete control over the use, sale, and distribution

13  of the trust assets.  As the trustee and beneficiary, Klein was

14  and is able to use any and all principal and any and all income

15  from the surviving spouse's trust, the marital deduction trust,

16  and the credit trust for his benefit.  The children were not

17  guaranteed to receive any assets from the living trust or

18  marital deduction trust or the credit trust because the living

19  trust did not limit the amount of assets and funds that Klein,

20  as trustee of each of those trusts, could use.  And the living

21  trust did not require that any assets be preserved for the

22  children's benefit.

23       Only upon Klein's death as the trustee to distribute

24  from the marital deduction trust, assuming one was created, any

25  accrued interest to Klein's estate and any remaining principal

16

1    according to the credit trust distribution provisions.  And

2    only upon Klein's death do the children possibly gain an

3    interest in Erika's community property assets that might have

4    been allocated to the MDT and/or the credit trust.  Based on

5    the express terms of the living trust, there is no guarantee or

6    requirement that the children would receive any assets

7    whatsoever from the MDT or the credit trust.

8          Although Klein alleges that joinder is required under

9    Rule 19, he does not specify whether he believes it's required

10   under 19(a)(1)(A) or (B).  The Court finds that joinder is not

11   required under any section.  19(a)(1)(A) provides that joinder

12   is required if in the person's absence, the court cannot

13   provide complete relief among the existing parties in the

14   adversary.  Because the children may only receive a possible

15   distribution of assets, if any remains upon Klein's death, the

16   Court does not find that the children who Klein described as

17   remaindermen are necessary parties.

18         Likewise, the Court finds that the children are also

19   not required parties under 19(a)(1)(B), which provides that

20   joinder is required if either the persons -- if either of the

21   person claims an interest related to the subject of the action

22   and is so situated that disposing of the action without the

23   person would impair or impede the person's ability to protect

24   the interest, or it would leave an existing party subject to

25   substantial risk of incurring multiple inconsistent

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document     Page 28 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

17

1  obligations.

2        As analyzed, the living trust provides that the

3  children will only receive an interest in the assets of Erika

4  if, 1, the MDT was actually created, 2, the MDT was actually

5  funded, and 3, only if -- and this is a big if -- there are

6  assets remaining in the MDT when Klein passes.  Because the

7  children lack an interest in the MDT and the credit trust and

8  there is no evidence that the MDT and/or credit trust were

9  funded, the Court finds that joinder of the children is not

10 necessary under Rule 19(a)(1)(A), (B)(i).

11       Finally, Klein has not argued that any existing party

12 will be subject to any risk of double, multiple, or otherwise

13 inconsistent obligations because of their interest.  The

14 parties with a possible existing interest in the property are

15 currently involved in this AP, and any ruling will resolve this

16 matter for all affected parties.

17       Although Klein mentions for the first time in the

18 reply that the property was not contemplated to be sold, that

19 it was supposedly anticipated to go to the children and it was

20 never an income producing asset, that does not alter the

21 analysis.  Here, because there's no evidence that the MDT

22 and/or credit trusts were ever created or funded and the trusts

23 were not required to retain any assets for the children, the

24 Court finds that Klein has not met his burden of demonstrating

25 that the children are required parties to be joined under Rule

1   19.

2       In terms of the spendthrift provision, when a

3 bankruptcy case is filed, an estate is created that includes

4 all legal or equitable interests of the debtor and property.

5 Additionally, an interest of the debtor and property becomes

6 property of the estate, notwithstanding any provision in an

7 agreement or applicable nonbankruptcy law that restricts or

8 conditions transfer of such interest by the debtor.  Under 11

9 U.S.C. 541(c)(2), however, a restriction on the transfer of

10 beneficial interest in the debtor in a trust that is

11 enforceable under applicable nonbankruptcy law is enforceable

12 in a case under this title.

13       The Klein living trust is a self-settled trust, which

14 is a trust in which the settlor is also the person who is to

15 receive the benefits from the trust.  A spendthrift provision

16 in a trust is a clause that prohibits the beneficiary's

17 interest from being assigned and prevents a creditor from

18 attaching that interest.  To the extent a debtor holds a

19 beneficial interest in a trust, that beneficial interest

20 becomes property of the estate unless it is protected by a

21 valid spendthrift provision.

22       Although spendthrift provisions are typically valid

23 under California law, they are invalid when the settlor is also

24 the beneficiary of the trust.  Here, the Klein living trust

25 contains the following spendthrift provision.  No beneficiary

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document      Page 30 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

19

1    shall anticipate a sign encumber or subject to any creditor's

2    claims or to legal process any interest in principle or income

3    before its actual receipt by any beneficiary.  The beneficial

4    and legal interest in this trust, its principal, and its income

5    shall be free from interference or control of any beneficiary's

6    creditor and shall not be subject to claims of any such

7    creditor or liable to attachment, execution, bankruptcy, or any

8    process of law.  The trustee argues that Cutter and Salkin

9    renders the Klein living trust spendthrift provisions invalid.

10    Klein replies that the case is cited by the trustee are

11    inapplicable.

12         In Cutter, Edward Cutter, II, filed a Chapter 7

13    bankruptcy case.  As of the petition date, he held title to

14    four properties as Trustee of the Edward Cutter, 2nd Inter-

15    Vivos Trust dated 1989 and a fifth property in Los Angeles

16    County individually.  Cutter created the Cutter trust as

17    trustor and named himself as trustee.  The Cutter trust listed

18    the primary beneficiaries as a surviving issue in any and then

19    descendants of his nonsurviving issue.

20         The Cutter trust had a spendthrift clause stating no

21    interest in the principal or income of any trust created under

22    this instrument shall be anticipated, assigned, encumbered, or

23    subjected to a creditor's claim a legal process before actual

24    receipt by the beneficiary.  Chapter 7 Trustee David Seror and

25    Creditor Vujic filed an adversary complaint against Cutter,

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document      Page 31 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

20

1   both individually and as trustee of the Cutter trust, seeking

2   denial of Cutter's discharge.  They filed a motion for summary

3   judgment, arguing that title to the Cutter trust properties and

4   LA property should be quieted to Seror.  Seror asserted that

5   the Cutter trust was self-settled, irrevocable, spendthrift

6   trust designed to benefit Cutter and the Cutter trust

7   properties were property of the estate.  Further, he argued

8   that Cutter actually held title to the LA property.

9        The bankruptcy court granted partial summary judgment,

10  determining that the Cutter trust properties belonged to the

11  estate but indicated that there were genuine issues of material

12  fact regarding the LA property.  The bankruptcy court noted

13  that the Cutter trust provided that Cutter, as trustee, could

14  make distributions from the trust to himself as trustor in his

15  sole discretion.  Because there was no limit regarding the

16  amount of principal or income that Cutter could use, the

17  bankruptcy court ruled that Cutter was the primary beneficiary

18  of the Cutter trust, notwithstanding the absence of such a

19  designation.

20       Cutter appealed in the Ninth Circuit BAP-affirmed

21  finding that the express terms of the Cutter trust allowed

22  Cutter to access potentially all of the assets and income, at

23  its sole discretion, to maintain his standard of living and

24  invade the Cutter trust corpus for emergencies relating to his

25  health, education, support, and/or maintenance.  The BAP

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document     Page 32 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

21

1   concluded that Cutter was the trustor and beneficiary of the

2   Cutter trust, despite the absence of such a designation, and he

3   had a beneficial and equitable interest in the trust that

4   became property of the estate.  Further, the Cutter trust

5   properties were property of the estate, notwithstanding the

6   Cutter trust's spendthrift clause, because under California

7   law, a spendthrift cause is invalid when a trust beneficiary

8   exercises excessive control over the trust for his own benefit.

9          In Salkin, Marshall Salkin and his wife Ellen created

10  the Salkin trust.  The Salkin served as cotrustees, and per the

11  terms of the trust, all net income was payable to them during

12  their lives.  The Salkin trust had a 165,000-dollar promissory

13  note secured by a deed of trust, which was payable to the

14  Salkin trust in equal monthly installments.  The Salkin trust

15  also had a spendthrift provision that prevented any trust

16  beneficiary from alienating, encumbering, or hypothecating

17  their interests in the Salkin trust income or principal or from

18  becoming subject to the claims of creditors.

19         After Marshall died, the Salkin trust became

20  irrevocable, and Ellen became the sole trustee.  She was

21  required to divide the trust into two separate trusts, a family

22  trust and marital trust.  The family trust was to be allocated

23  a maximum dollar amount that could be distributed free of

24  federal estate taxes, and the remainder was to be allocated to

25  the marital trust.  Because the valuation of the Salkin trust

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document    Page 33 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

22

1  was less than the maximum dollar amount, the entire estate was

2  allocated to the family trust.  Ellen was the lifetime income

3  beneficiary of the family trust, and the trust corpus was to be

4  distributed to her for her proper care, maintenance, or

5  support.  Upon her death, the family trust was to be divided

6  equally among the Salkin's children.

7       Ellen then filed a Chapter 7 bankruptcy case, and the

8  Chapter 7 trustee John Pringle sought turnover of the note,

9  arguing that the Salkin trust income and principal should be

10 included in Ellen's bankruptcy estate.  Pringle relied on

11 Cutter and asserted that Ellen, as the sole trustee and debtor

12 beneficiary, was able to exercise control over the trust

13 property, and the Salkin estate was entitled to any amount

14 Ellen would receive.

15      The bankruptcy court agreed and held that both the

16 Salkin trust's income and principal were property of the Salkin

17 estate.  The bankruptcy court also held that the spendthrift

18 provision did not alter the analysis because the California

19 Probate Code renders a spendthrift clause unenforceable against

20 a transferee or creditor of the settlor, and Pringle was a

21 transferee of Ellen.

22      Klein's attempt to distinguish Cutter and Salkin from

23 the facts before the this Court is unpersuasive.  The fact that

24 some of Erika's community property assets were supposed to be

25 used to fund the MDT and/or credit trust, does not mean that

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
Main Document     Page 34 of 45
**Leslie Klein; Sharp, Chapter 11 Trustee v. Klein, et al.**

23

1   those assets should be deemed exempt.  Further, the fact that

2   no one disputes that he is relying on the house for living

3   expenses and it was not contemplated to be sold does not change

4   the analysis.

5           Klein also alleges that Erika, not he, self-settled

6   and funded the trusts.  This argument is contrary to the

7   express language of the living trust, which provides that Klein

8   and Erika with the settlors of the living trust, they were

9   cotrustees of the living trust, and they were beneficiaries of

10  the living trust, which was funded with assets that were and

11  would remain community property.  Upon Erika's death, the MDT

12  and credit trust were to be created based on the provisions of

13  the living trust and funded with Erika's portion of community

14  property.

15          The living trust provides that after Erika's death,

16  the MDT and credit trust were and are controlled by Klein as

17  trustee, and Klein is the income and principal beneficiary of

18  both those trusts.  Because Klein was cosettlor with Erika of

19  the living trust, cotrustee with Erika of the living trust, and

20  an income and principal beneficiary with Erika of the living

21  trust, and he is now the trustee and sole beneficiary of the

22  MDT and the trustee and sole beneficiary of the credit trust,

23  if either were ever created, the Court finds that the living

24  trust, the MDT, and the credit trusts are all self-settled

25  trusts, and the spendthrift clause in the living trust is

24

1   invalid.

2          So because the Court finds that the children are not

3   required parties, that is the end of the analysis, and the

4   Court need not address Klein's other argument, that the

5   adversary proceeding must be dismissed.  In conclusion, Klein

6   has not met his burden of showing that the children are

7   required parties under Rule 19, and therefore the motion is

8   denied.

9          Mr. Dulberg, as the prevailing party under the FRB, if

10  you would please upload an order, and it should just say, for

11  the reasons stated on the record --

12          MR. DULBERG:  Yes, Your Honor.

13          THE COURT:  -- the motion is denied.

14          MR. DULBERG:  Understood, Your Honor.  Thank you.

15          THE COURT:  Thank you.

16          MR. DULBERG:  Will do so.  So that's matter number 32.

17  Hold on.  I think there's another -- no, that's it for Klein, I

18  believe.

19          MR. DULBERG:  That was it.  Yeah.

20          THE COURT:  Thank you.

21          MR. DULBERG:  Thank you, Your Honor.

22      (Whereupon these proceedings were concluded at 1:40 PM)

23

24

25

**eScribers, LLC**

25

1                              I N D E X

2    RULINGS:                                    PAGE LINE

3    Defendant's motion to order joinder is denied    24    5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1                C E R T I F I C A T I O N

2

3   I, River Wolfe, certify that the foregoing transcript is a true

4   and accurate record of the proceedings.

5

6

7

8   _____

9   /s/ RIVER WOLFE, CDLT-265

10

11  eScribers

12  7227 N. 16th Street, Suite #207

13  Phoenix, AZ 85020

14

15  Date:  October 18, 2024

16

17

18

19

20

21

22

23

24

25

Case 2:24-ap-01140-SK    Doc 49    Filed 10/30/24    Entered 10/30/24 10:33:47    Desc
In Re: Leslie Klein                    Main Document        Page 38 of 45

October 16, 2024

## A

**ability (3)**
11:18;12:1;16:23
**able (2)**
15:14;22:12
**absence (7)**
11:13,17,25;12:1;
16:12;20:18;21:2
**absent (1)**
12:9
**access (1)**
20:22
**according (9)**
8:8,14;9:3,6;10:1,2,
21;13:16;16:1
**accrued (3)**
8:6;13:15;15:25
**accustomed (2)**
13:13,25
**acknowledges (1)**
9:18
**act (1)**
9:23
**acting (1)**
4:7
**action (9)**
7:21;8:21;10:11;
11:12,15,16;12:3;
16:21,22
**actual (2)**
19:3,23
**actually (5)**
6:20;14:15;17:4,4;
20:8
**adamantly (2)**
6:3,4
**Additionally (1)**
18:5
**address (1)**
24:4
**addressed (2)**
8:4;14:10
**adjudicating (1)**
9:1
**administrative (2)**
9:12,15
**adversary (6)**
7:17,21;9:17;16:14;
19:25;24:5
**advocating (1)**
12:15
**affected (1)**
17:16
**afford (2)**
11:14,24
**afternoon (2)**
3:15,16
**again (1)**
5:3
**against (5)**
5:9;7:17;12:8;

19:25;22:19
**agreed (1)**
22:15
**agreement (1)**
18:7
**alienating (1)**
21:16
**allege (1)**
5:1
**alleges (5)**
7:24;8:18;14:6;
16:8;23:5
**allocated (3)**
14:8;16:4;21:22,24;
22:2
**allowed (1)**
20:21
**alone (1)**
15:2
**alter (2)**
17:20;22:18
**Although (3)**
16:8;17:17;18:22
**Amended (3)**
7:18,19,24
**among (4)**
11:14,24;16:13;
22:6
**amount (7)**
4:22;13:1;15:19;
20:16;21:23;22:1,13
**analogous (2)**
8:19;14:4
**analysis (5)**
12:13;17:21;22:18;
23:4;24:3
**analyzed (1)**
17:2
**and/or (7)**
10:18;14:21;16:4;
17:8,22;20:25;22:25
**ANGELES (2)**
3:1;19:15
**anticipate (1)**
19:1
**anticipated (3)**
11:7;17:19;19:22
**anymore (1)**
4:23
**AP (1)**
17:15
**apologize (1)**
3:7
**apparently (1)**
5:3
**appealed (1)**
20:20
**appeared (1)**
4:4
**applicable (2)**
18:7,11
**appointment (3)**
4:21;7:14,16

**approved (1)**
7:16
**argued (1)**
17:11;20:7
**argues (2)**
10:14;19:8
**arguing (3)**
8:20;20:3;22:9
**argument (2)**
23:6;24:4
**article (1)**
8:4
**aside (1)**
10:24
**asserted (2)**
20:4;22:11
**asserts (4)**
9:12;10:16;11:4,5
**asset (6)**
5:8,20;8:1,3;11:6;
17:20
**assets (17)**
14:7,15,22;15:13,
17,19,21;16:3,6,15;
17:3,6,23;20:22;
22:24;23:1,10
**assigned (2)**
18:17;19:22
**assuming (1)**
15:24
**attached (1)**
6:19
**attaching (1)**
18:18
**attachment (1)**
19:7
**attempt (1)**
22:22
**available (1)**
5:14
**avoidance (1)**
7:22
**avoids (2)**
10:1,3
**away (1)**
14:2

## B

**back (1)**
3:6
**backup (1)**
6:3
**bad (1)**
9:1
**balance (1)**
13:3
**Bankruptcy (11)**
9:11;18:3;19:7,13;
20:9,12,17;22:7,10,
15,17
**BAP (1)**
20:25

**BAP-affirmed (1)**
20:20
**Barbara (1)**
7:19
**Based (2)**
16:4;23:12
**basis (2)**
4:13;15:2
**became (4)**
15:8;21:4,19,20
**becomes (2)**
18:5,20
**becoming (1)**
21:18
**behind (1)**
3:7
**believes (1)**
16:9
**belonged (1)**
20:10
**belongs (1)**
6:20
**beneficial (5)**
18:10,19,19;19:3;
21:3
**beneficiaries (12)**
4:2;5:4,10;7:5;
8:10;9:21;10:6,15;
12:19;13:21;19:18;
23:9
**beneficiary (23)**
5:7,12;9:8,24;13:8,
19;15:6,9,13;18:24,
25;19:3,24;20:17;
21:1,7,16;22:3,12;
23:17,20,21,22
**beneficiary's (2)**
18:16;19:5
**benefit (5)**
14:24;15:16,22;
20:6;21:8
**benefits (1)**
18:15
**beyond (1)**
10:4
**Bi (1)**
17:10
**big (1)**
17:5
**both (3)**
20:1;22:15;23:18
**bounty (2)**
10:5,6
**Brad (1)**
7:16
**Bradley (1)**
7:10
**brief (1)**
4:18
**briefly (3)**
3:25;6:13,14
**bring (2)**
4:13;5:9

**brought (1)**
14:11
**burden (5)**
3:22;12:15;14:25;
17:24;24:6
**buying (1)**
7:3

## C

**calendar (1)**
3:10
**CALIFORNIA (9)**
3:1;4:7;9:18,22;
10:1,2;18:23;21:6;
22:18
**Call (1)**
3:3
**called (1)**
3:5
**can (1)**
12:8
**care (1)**
22:4
**case (13)**
3:20;4:1;7:14;8:19;
12:8;14:4,12;15:3;
18:3,12;19:10,13;
22:7
**cash (1)**
13:6
**cause (1)**
21:7
**causes (1)**
7:21
**certain (1)**
9:5
**change (1)**
23:3
**Chapter (5)**
7:10;19:12,24;22:7,
8
**children (33)**
5:16,24;6:6;8:11,
13,17,18,20,24;9:10,
16;11:8;13:21;14:2,7,
25;15:1,4,16;16:2,6,
14,16,18;17:3,7,9,19,
23,25;22:6;24:2,6
**children's (1)**
15:22
**Circuit (3)**
8:19;14:10;20:20
**cited (1)**
19:10
**claim (2)**
9:10;19:23
**claimed (1)**
12:2
**claims (7)**
10:7;11:15;14:4;
16:21;19:2,6;21:18
**clause (7)**

9:23,24;18:16;
19:20;21:6;22:19;
23:25
**clauses (1)**
10:3
**clear (2)**
6:6;11:6
**clearly (1)**
4:5
**Code (3)**
4:6;9:11;22:19
**comments (1)**
4:6
**Commissioner's (1)**
4:6
**community (11)**
8:15;10:19,25;
12:23,25;13:4;14:23;
16:3;22:24;23:11,13
**complaint (3)**
7:20,25;19:25
**complete (5)**
11:14,24;15:4,12;
16:13
**compulsory (2)**
11:9,22
**concede (1)**
5:6
**concluded (2)**
21:1;24:22
**concludes (2)**
8:20;10:10
**conclusion (1)**
24:5
**conditions (1)**
18:8
**conducts (1)**
11:22
**connection (1)**
5:7
**conscience (1)**
12:10
**consider (1)**
10:13
**considerable (1)**
12:11
**considers (2)**
13:10,21
**consist (3)**
12:23;13:1,3
**containing (1)**
9:23
**contains (2)**
7:21;18:25
**contemplated (3)**
11:7;17:18;23:3
**contends (7)**
8:3,25;9:15;10:8,
20,24;11:2
**context (1)**
10:13
**continue (1)**
3:5

**continues (1)**
9:13
**contrary (1)**
23:6
**control (6)**
9:21;15:4,12;19:5;
21:8;22:12
**controlled (1)**
23:16
**corpus (3)**
9:25;20:24;22:3
**cosettlor (1)**
23:18
**cotrustee (1)**
23:19
**cotrustees (3)**
12:19;21:10;23:9
**counsel (2)**
6:18,25
**County (1)**
19:16
**Court (47)**
3:3,4,9,13,16,19,23;
4:15;6:12;7:6,8,14,
16;9:1;10:10,13,24;
11:11,13,22,24;12:6,
7,12,16;14:5,13;15:2,
3;16:10,12,16,18;
17:9,24;20:9,12,17;
22:15,17,23;23:23;
24:2,4,13,15,20
**courts (1)**
12:11
**created (18)**
9:4,5;12:25;14:15,
16,18,21;15:6,9,24;
17:4,22;18:3;19:16,
21;21:9;23:12,23
**creation (1)**
12:21
**credit (25)**
6:15;8:8,9,14;
10:16,18;13:2,16,18;
14:1,8,24;15:16,18;
16:1,4,7;17:7,8,22;
22:25;23:12,16,22,24
**creditor (7)**
5:2;6:21;18:17;
19:6,7,25;22:20
**creditors (4)**
5:15;9:24;10:5;
21:18
**creditor's (2)**
19:1,23
**currently (1)**
17:15
**Cutter (34)**
10:8,20,21;19:8,12,
12,14,16,24;15:16,18;
20:1,3,5,6,6,8,10,13,
13,16,17,18,20,21,22,
24;21:1,2,4,6;22:11,
22

**Cutter's (1)**
20:2

**D**

**date (1)**
19:13
**dated (1)**
19:15
**David (1)**
19:24
**deal (1)**
7:4
**death (16)**
8:11,12;9:6;10:17;
12:20;13:14,25;14:9,
22;15:8,23;16:2,15;
22:5;23:11,15
**debtor (7)**
7:11;18:4,5,8,10,
18;22:11
**debtor's (2)**
4:20;7:8
**deceased (4)**
6:17,22;12:24;13:3
**deceased's (1)**
6:16
**declaration (2)**
7:10,12
**deduction (17)**
5:2;6:15;7:18;8:4;
9:8;12:25;13:6;14:9,
14,16,18,21,24;15:5,
15,18,24
**deed (1)**
21:13
**deemed (2)**
11:1;23:1
**defendant (2)**
5:25;7:21
**definition (1)**
10:11
**delay (1)**
9:1
**demonstrate (1)**
8:24
**demonstrates (1)**
7:25
**demonstrating (2)**
14:25;17:24
**denial (1)**
20:2
**denied (3)**
6:10;24:8,13
**deny (1)**
15:2
**depends (1)**
9:20
**deprive (2)**
4:2;11:11
**descendants (1)**
19:19
**described (1)**

16:16
**designate (1)**
5:19
**designation (2)**
20:19;21:2
**designed (1)**
20:6
**despite (1)**
21:2
**determine (3)**
12:6,8,12
**Determining (2)**
12:13;20:10
**died (1)**
21:19
**dies (3)**
8:5;9:9,14
**different (1)**
5:20
**directing (1)**
7:14
**disagrees (1)**
14:5
**discharge (1)**
20:2
**discretion (3)**
12:11;20:15,23
**dismiss (1)**
10:13
**dismissal (1)**
7:9
**dismissed (3)**
8:22;12:10;24:5
**dispose (1)**
9:14
**disposing (1)**
16:22
**disposition (1)**
11:16
**dispute (1)**
4:21
**disputes (2)**
11:4;23:2
**distinguish (2)**
10:9;22:22
**distinguishable (2)**
10:20;14:6
**distribute (3)**
8:6;13:14;15:23
**distributed (3)**
14:1;21:23;22:4
**distribution (5)**
8:8;13:16;15:12;
16:1,15
**distributions (1)**
20:14
**divide (2)**
8:12;21:21
**divided (1)**
22:5
**documents (1)**
6:19
**dollar (2)**

21:23;22:1
**done (1)**
5:21
**double (3)**
11:20;12:4;17:12
**Dulberg (5)**
3:14,15;4:16,17;
24:9,12,14,16,19,21
**during (1)**
15:7;21:11

**E**

**earth (1)**
5:21
**easily (1)**
14:5
**education (3)**
13:12,24;20:25
**Edward (2)**
19:12,14
**EEOC (5)**
8:19;14:5,5,9,11
**effect (2)**
4:2,9
**either (6)**
11:24;12:20;14:20;
16:20,20;23:23
**eliminate (1)**
13:1
**Ellen (7)**
21:9,20;22:2,7,11,
14,21
**Ellen's (1)**
22:10
**else (2)**
3:17;5:20
**emergencies (1)**
20:24
**encumber (1)**
19:1
**encumbered (1)**
19:22
**encumbering (1)**
21:16
**end (1)**
24:3
**enforceability (1)**
9:20
**enforceable (2)**
18:11,11
**ensure (1)**
9:13
**entered (1)**
7:14
**entire (1)**
22:1
**entitled (2)**
4:11;22:13
**equal (1)**
21:14
**equally (1)**
22:6

Case 2:24-ap-01140-SK    Doc 49    Filed 10/30/24    Entered 10/30/24 10:33:47    Desc
In Re: Leslie Klein                        Main Document        Page 40 of 45

October 16, 2024

**equitable (2)**
18:4;21:3
**equity (1)**
12:9
**Erika (16)**
6:16,22;7:19;8:14;
9:4;10:17;12:17,18,
20;14:2;17:3;23:5,8,
18,19,20
**Erika's (10)**
10:17,25;14:14,23;
15:8;16:3;22:24;
23:11,13,15
**estate (21)**
6:22;8:3,7,13;9:3;
12:25;13:2,4;15:25;
18:3,6,20;20:7,11;
21:4,5,24;22:1,10,13,
17
**even (5)**
5:1,5,6,13;15:3
**event (1)**
6:21
**everybody (1)**
5:19
**evidence (7)**
11:3;12:16;14:12,
13,19;17:8,21
**evidences (2)**
5:6;6:8
**excessive (2)**
9:21;21:8
**excludes (1)**
4:9
**excuse (1)**
10:2
**executed (1)**
12:18
**execution (1)**
19:7
**exempt (3)**
10:24;11:1;23:1
**exemption (1)**
4:22
**exercise (2)**
9:21;22:12
**exercises (1)**
21:8
**Exhibit (2)**
7:25;8:2
**existing (8)**
11:14,19,25;12:3;
16:13,24;17:11,14
**expenses (2)**
11:5;23:3
**express (1)**
16:5;20:21;23:7
**extent (2)**
8:18;18:18

**F**

**fact (3)**

20:12;22:23;23:1
**fact-based (1)**
12:14
**facts (7)**
3:20;10:7,21;14:4,
6,20;22:23
**failed (2)**
8:24;10:9
**faith (1)**
9:1
**fall (1)**
5:9
**familiar (1)**
3:20
**family (6)**
5:11;21:21,22;22:2,
3,5
**feasible (2)**
12:6,7
**February (1)**
7:13
**federal (2)**
13:2;21:24
**fifth (1)**
19:15
**file (1)**
14:19
**filed (12)**
4:25;7:11,11,13,17,
19;8:25;18:3;19:12,
25;20:2;22:7
**Finally (3)**
12:7;13:2;17:11
**find (1)**
16:16
**finding (3)**
9:2;10:12;20:21
**finds (8)**
10:10;15:3;16:10,
18;17:9,24;23:23;
24:2
**First (2)**
11:23;17:17
**flow (1)**
14:23
**follow (1)**
12:13
**following (1)**
18:25
**follows (2)**
12:16,22
**former (2)**
8:15;9:4
**four (3)**
4:13;5:24;19:14
**fraudulently (1)**
6:1
**FRB (1)**
24:9
**FRCP (2)**
8:21;10:9
**free (2)**
19:5;21:23

**F**

**fact (3)**

**full (2)**
5:24;15:12
**fully (1)**
6:16
**fund (1)**
22:25
**funded (15)**
6:16;10:18,22,23;
12:22;13:6;14:15,18,
22;17:5,9,22;23:6,10,
13
**funder (1)**
6:17
**funds (1)**
15:19
**Further (3)**
20:7;21:4;23:1

**G**

**gain (1)**
16:2
**game (1)**
5:3
**genuine (1)**
20:11
**Good (4)**
3:13,15,16;12:9
**governs (1)**
11:9
**granted (1)**
20:9
**guarantee (1)**
16:5
**guaranteed (1)**
15:17

**H**

**half (1)**
10:18
**hands (1)**
6:23
**happy (1)**
3:24
**health (3)**
13:12,23;20:25
**hear (1)**
3:24
**heard (1)**
9:17
**held (7)**
5:2;9:11;10:24;
19:13;20:8;22:15,17
**highlight (1)**
3:23
**highlights (2)**
8:2;9:9
**himself (3)**
7:12;19:17;20:14
**history (1)**
6:23
**Hold (3)**

3:10;9:13;24:17
**holds (1)**
18:18
**home (1)**
5:9
**homeowner (1)**
5:10
**Honor (13)**
3:12,15;4:17,19,20,
23;5:4,8,23;6:2;
24:12,14,21
**hope (1)**
7:2
**house (3)**
10:25;11:5;23:2
**hypothecating (1)**
21:16

**I**

**identifying (1)**
14:17
**ii (2)**
11:18;19:12
**imagine (2)**
5:21;7:2
**impair (3)**
11:17;12:1;16:23
**impede (3)**
11:18;12:1;16:23
**inapplicable (1)**
19:11
**include (1)**
7:20
**included (1)**
22:10
**includes (2)**
8:2;18:3
**income (25)**
8:6,9;9:7;12:19;
13:7,9,10,19,22;15:6,
8,14;17:20;19:2,4,21;
20:16,22;21:11,17;
22:2,9,16;23:17,20
**inconsistent (4)**
11:20;12:5;16:25;
17:13
**incurring (3)**
11:20;12:4;16:25
**indicate (2)**
6:20;8:9
**indicated (1)**
20:11
**indispensable (4)**
10:12,12;12:9,12
**individually (2)**
19:16;20:1
**individuals (1)**
10:4
**initial (1)**
14:13
**initially (2)**
4:19;12:13

**inquiry (2)**
11:23;12:14
**installments (1)**
21:14
**instrument (1)**
19:22
**insufficient (2)**
13:10,22
**insurance (1)**
7:3
**insuring (1)**
7:3
**Inter- (1)**
19:14
**interest (34)**
4:3;12;5:17;8:15,
16;9:10,16;11:15,18,
21;12:2,23,24;13:15;
14:23;15:25;16:3,21,
24;17:3,7,13,14;18:5,
8,10,17,18,19,19;
19:2,4,21;21:3
**interests (4)**
7:23;10:15;18:4;
21:17
**interference (1)**
19:5
**intestate (1)**
5:19
**into (2)**
14:24;21:21
**invade (1)**
20:24
**invalid (4)**
18:23;19:9;21:7;
24:1
**involved (1)**
17:15
**irrevocable (2)**
20:5;21:20
**IRS (1)**
14:17
**issue (2)**
19:18,19
**issued (1)**
14:17
**issues (1)**
20:11

**J**

**Jason (1)**
8:17
**John (1)**
22:8
**joinder (12)**
11:9,11,22;12:6,7,
15;15:1;16:8,10,11,
20;17:9
**joined (6)**
8:21,24;11:13;
12:14;14:11;17:25
**joining (1)**

Case 2:24-ap-01140-SK    Doc 49    Filed 10/30/24    Entered 10/30/24 10:33:47    Desc
In Re: Leslie Klein         Main Document       Page 41 of 45

October 16, 2024

7:9
**judgment (11)**
4:1,8,11,24;6:20;
7:2,4,4;9:2;20:3,9
**jurisdiction (1)**
11:12

## K

**keep (1)**
4:17
**Ken (5)**
5:23;6:2,3,25,25
**Kenneth (1)**
8:17
**kind (1)**
13:6
**Klein (63)**
3:10;5:23;6:2,3,4,
16,22,24;7:11,13,17,
18,19,19,20,24;8:14,
16,17,20,23;9:4,7,9,
13;10:1,8,14,21,24;
11:2,5;12:17,17,18,
18,20;14:4,6,25;15:4,
7,8,11,13,19;16:8,16;
17:6,11,17,24;18:13,
24;19:9,10;23:5,7,16,
17,18;24:5,17
**Klein's (10)**
4:12;8:15;14:9,22;
15:23,25;16:2,15;
22:22;24:4
**knows (1)**
5:24

## L

**LA (3)**
20:4,8,12
**lack (2)**
14:12;17:7
**language (1)**
23:7
**last (1)**
7:13
**later (1)**
7:15
**law (10)**
3:21;9:18,22;10:1,
3;18:7,11,23;19:8;
21:7
**lawsuit (1)**
14:11
**leave (3)**
11:19;12:3;16:24
**left (2)**
5:17,18
**Legal (6)**
11:9;12:2;18:4;
19:2,4,23
**Les (3)**
6:4,23;7:20

**less (1)**
22:1
**liable (1)**
19:7
**life (2)**
4:12;8:16
**lifetime (2)**
15:7;22:2
**Likewise (1)**
16:18
**limit (2)**
15:19;20:15
**list (1)**
8:2
**listed (3)**
4:19;12:18;19:17
**litigation (1)**
5:25
**lives (1)**
21:12
**Living (42)**
7:18,25;8:1,2,4,13;
9:4,6;11:5;12:18,20,
21;13:5,7,13,18,25;
14:2;15:4,7,9,17,18,
20;16:5;17:2;18:13,
24;19:9;20:23;23:2,7,
8,9,10,13,15,19,19,20,
23,25
**LOS (2)**
3:1;19:15

## M

**main (1)**
4:2
**maintain (3)**
13:12,24;20:23
**maintenance (1)**
20:25;22:4
**makes (2)**
4:5;5:20
**man (1)**
10:22
**manner (2)**
13:13,25
**marital (19)**
5:2;6:15;7:18;8:4;
9:8;12:25;13:6;14:8,
14,15,18,21,23;15:5,
15,18,24;21:22,25
**Marshall (2)**
21:9,19
**material (1)**
20:11
**Matter (8)**
3:4,9,17;11:12,17;
14:13;17:16;24:16
**matters (2)**
3:6,6
**maximum (2)**
21:23;22:1
**may (7)**

4:20;9:5;10:13;
11:17;13:5;14:7;
16:14
**MDT (24)**
5:5,12;8:14;9:10,
11,12,13;10:16,18;
13:9;15:7;16:4,7;
17:4,4,6,7,8,21;22:25;
23:11,16,22,24
**mean (2)**
5:7;22:25
**mechanism (1)**
9:14
**mentions (1)**
17:17
**met (2)**
17:24;24:6
**might (1)**
16:3
**minimum (1)**
13:1
**missing (1)**
4:14
**monthly (1)**
21:14
**months (1)**
7:15
**morning (1)**
3:13
**motion (11)**
4:24;6:9,19;7:8,24;
8:25;9:2;15:2;20:2;
24:7,13
**movant (2)**
3:22;14:25
**moved (1)**
4:1
**much (2)**
13:11,22
**multiple (4)**
11:20;12:4;16:25;
17:12
**must (6)**
8:21;11:12;12:6,7,
12;24:5

## N

**name (2)**
4:8;5:10
**named (4)**
4:3;5:7;7:1;19:17
**Nation (1)**
14:10
**Navajo (1)**
14:10
**necessary (10)**
4:5,14;7:9;8:20,25;
10:11;13:11,23;
16:17;17:10
**need (2)**
8:21;24:4
**needs (1)**

5:7
**net (2)**
13:9;21:11
**next (1)**
3:9
**Ninth (3)**
8:19;14:10;20:20
**nonbankruptcy (2)**
18:7,11
**nonsurviving (1)**
19:19
**note (2)**
21:13;22:8
**noted (1)**
20:12
**notes (2)**
9:22;10:17
**notwithstanding (3)**
18:6;20:18;21:5
**number (3)**
3:4;14:17;24:16

## O

**obfuscate (1)**
5:22
**obligations (4)**
11:21;12:5;17:1,13
**obviously (1)**
5:5
**o'clock (1)**
3:6
**OCTOBER (1)**
3:1
**oldest (1)**
5:24
**Olson (13)**
3:11,12,18,22,25;
4:15,24;6:8,13,14;7:6,
10,12
**One (6)**
7:21;9:6;11:4,10;
15:24;23:2
**only (6)**
10:13;15:23;16:2,
14;17:3,5
**oOo- (1)**
3:2
**opposition (3)**
6:11;7:11;8:23
**order (5)**
3:3;5:11;7:8,14;
24:10
**otherwise (3)**
11:20;12:4;17:12
**out (3)**
5:23;6:18,18
**over (8)**
5:17,18;9:21;11:12;
15:4,12;21:8;22:12
**own (3)**
4:20,23;21:8

## P

**page (1)**
6:7
**papers (1)**
6:19
**partial (1)**
20:9
**parties (16)**
4:6,9,14;7:9;8:21,
25;11:14,25;16:13,17,
19;17:14,16,25;24:3,7
**party (17)**
10:10,11,12;11:10,
19,23,23;12:3,6,8,9,
12,14,15;16:24;
17:11;24:9
**party's (3)**
11:25;12:1,5
**pass (2)**
5:18,18
**passed (1)**
14:2
**passes (2)**
13:20;17:6
**passing (1)**
14:14
**pay (3)**
13:9,11,22
**payable (2)**
21:11,13
**pending (1)**
9:1
**per (1)**
21:10
**person (5)**
11:10,15;16:21,23;
18:14
**persons (1)**
16:20
**person's (5)**
11:13,17,18;16:12,
23
**petition (1)**
19:13
**phonetic (1)**
8:17
**pick (1)**
6:4
**piece (1)**
5:25
**placing (1)**
10:4
**plaintiff (1)**
3:25
**pleadings (2)**
3:20;4:25
**please (2)**
6:13;24:10
**pm (2)**
3:8;24:22
**point (1)**

Case 2:24-ap-01140-SK   Doc 49   Filed 10/30/24   Entered 10/30/24 10:33:47   Desc
In Re: Leslie Klein                    Main Document      Page 42 of 45

October 16, 2024

5:23
**pointed (2)**
6:18,18
**portion (3)**
10:23,23;23:13
**possible (3)**
14:7;16:14;17:14
**possibly (2)**
15:5;16:2
**potentially (1)**
20:22
**practical (1)**
11:17
**preserved (1)**
15:21
**prevailing (1)**
24:9
**prevent (2)**
9:24;10:4
**prevented (1)**
21:15
**prevents (1)**
18:17
**primarily (1)**
10:22
**primary (2)**
19:18;20:17
**principal (21)**
8:7,10;9:7;12:19;
13:7,11,16,19,23;
15:7,9,14,25;19:4,21;
20:16;21:17;22:9,16;
23:17,20
**principle (1)**
19:2
**Pringle (3)**
22:8,10,20
**prior (1)**
4:21
**Probate (1)**
22:19
**proceed (1)**
12:8
**proceeding (3)**
7:17;11:25;24:5
**proceedings (1)**
24:22
**process (4)**
11:11;19:2,8,23
**producing (1)**
17:20
**prohibits (1)**
18:16
**promissory (1)**
21:12
**proper (3)**
5:8;12:13;22:4
**properties (6)**
8:3;19:14;20:3,7,
10;21:5
**property (45)**
4:3,19,22;5:5,13;
6:1,16,20,23;7:3,23;

8:1,15;9:2,3,11,13,15,
16;10:4,19;11:3,6;
12:24;13:4;14:23;
16:3;17:14,18;18:4,5,
6,20;19:15;20:4,7,8,
12;21:4,5;22:13,16,
24;23:11,14
**protect (3)**
11:18;12:2;16:23
**protected (1)**
18:20
**provide (1)**
16:13
**provided (4)**
8:16;12:21;13:5;
20:13
**provides (12)**
8:5;9:5;11:10;
12:11;13:7,19;15:8;
16:11,19;17:2;23:7,
15
**provision (9)**
9:12,15;18:2,6,15,
21,25;21:15;22:18
**provisions (7)**
8:8,9;13:17;16:1;
18:22;19:9;23:12

## Q

**quiet (1)**
7:22
**quieted (1)**
20:4

## R

**re (1)**
11:2
**reaching (2)**
9:25;10:5
**ready (1)**
7:7
**realize (1)**
3:7
**reaping (1)**
10:6
**reason (2)**
5:21;10:14
**reasons (3)**
6:10,10;24:11
**recall (1)**
4:20
**receipt (2)**
19:3,24
**receive (6)**
15:17;16:6,14;17:3;
18:15;22:14
**Recess (1)**
3:8
**recognizes (1)**
9:19
**record (2)**

14:20;24:11
**reduce (1)**
13:2
**refused (2)**
6:3,4
**Regarding (5)**
10:23;11:3;13:6;
20:12,15
**related (2)**
12:2;16:21
**relating (2)**
11:15;20:24
**relatively (1)**
4:18
**relied (1)**
22:10
**relief (3)**
11:14,24;16:13
**relying (2)**
11:4;23:2
**remain (1)**
23:11
**remainder (6)**
4:12;5:17;8:16;
12:24;14:1;21:24
**remainderman (1)**
14:7
**remaindermen (2)**
8:18;16:17
**remaining (4)**
8:7;13:15;15:25;
17:6
**remains (1)**
16:15
**renders (2)**
19:9;22:19
**replies (1)**
19:10
**reply (3)**
7:12;10:14;17:18
**represent (1)**
8:14
**require (2)**
12:10;15:21
**required (15)**
11:10,23,24;12:5;
16:8,9,11,12,19,20;
17:23,25;21:21;24:3,
7
**requirement (1)**
16:6
**resolution (1)**
5:8
**resolve (1)**
17:15
**respect (1)**
6:1
**response (1)**
4:24
**restriction (1)**
18:9
**restricts (1)**
18:7

**retain (1)**
17:23
**returns (1)**
14:19
**reviewed (1)**
3:19
**Richard (1)**
8:17
**right (7)**
3:9,19;4:23;5:11,
16;6:7;9:17
**rights (1)**
7:4
**risk (4)**
11:19;12:4;16:25;
17:12
**roll (1)**
6:5
**Rule (10)**
4:5;7:7;11:9;12:11,
13,14;16:9;17:10,25;
24:7
**ruled (1)**
20:17
**ruling (1)**
17:15

## S

**sale (1)**
15:12
**Salkin (19)**
10:8,20;11:2;19:8;
21:9,9,10,10,12,14,14,
17,19,25;22:9,13,16,
16,22
**Salkin's (1)**
22:6
**same (3)**
5:19;6:7;10:5
**satisfy (1)**
5:14
**saying (1)**
6:25
**schedules (1)**
4:20
**Second (4)**
7:18,22,24;12:5
**section (1)**
16:11
**secured (1)**
21:13
**seeking (2)**
4:2;20:1
**seeks (1)**
9:2
**self- (1)**
10:16
**self-settled (5)**
10:3;18:13;20:5;
23:5,24
**separate (1)**
21:21

**Seror (3)**
19:24;20:4,4
**served (2)**
4:4;7:1;21:10
**service (1)**
11:11
**set (1)**
10:24
**settled (2)**
10:17,22
**settlor (6)**
5:12;6:17;9:22;
18:14,23;22:20
**settlors (5)**
8:13;9:6;12:17;
14:2;23:8
**settlor's (1)**
8:11
**shall (10)**
8:6,12;13:8,10,14,
22;19:1,5,6,22
**share (1)**
10:25
**Sharp (4)**
7:10,16,17,19
**Sheri (1)**
8:17
**shortly (1)**
7:15
**showing (1)**
24:6
**sign (1)**
19:1
**similar (2)**
10:7
**similarly (1)**
11:1
**simply (1)**
4:13
**situated (2)**
11:16;16:22
**situation (1)**
8:19
**sold (3)**
11:7;17:18;23:3
**sole (9)**
9:7;15:6,11;20:15,
23;21:20;22:11;
23:21,22
**sought (1)**
22:8
**sounds (1)**
4:9
**source (2)**
10:25;11:3
**specify (1)**
16:9
**spendthrift (19)**
9:19,20,23;10:2,3;
18:2,15,21,22,25;
19:9,20;20:5;21:6,7,
15;22:17,19;23:25
**spouse (13)**

Case 2:24-ap-01140-SK    Doc 49    Filed 10/30/24    Entered 10/30/24 10:33:47    Desc
In Re: Leslie Klein
Main Document    Page 43 of 45

October 16, 2024

8:5,10,11,12;9:4;
12:22,24;13:8,9,15,
20,20;14:1
**spouse's (9)**
8:7;12:23;13:3,12,
13,14,23,24;15:15
**standard (2)**
11:9;20:23
**standing (1)**
9:16
**stated (1)**
24:11
**states (1)**
8:23
**stating (1)**
19:20
**statute (1)**
4:7
**step (1)**
11:23
**sub (3)**
7:13;9:5;12:21
**subject (13)**
9:11;11:10,12,15,
19;12:2,3;16:21,24;
17:12;19:1,6;21:18
**subjected (1)**
19:23
**substantial (3)**
11:19;12:4;16:25
**substantially (1)**
10:7
**succeed (2)**
4:11;5:11
**Suddenly (1)**
4:22
**suit (3)**
5:9;12:1,10
**summary (6)**
4:1,24;6:19;9:1;
20:2,9
**support (4)**
13:12,24;20:25;
22:5
**supporting (1)**
7:9
**suppose (1)**
4:11
**supposed (1)**
22:24
**supposedly (1)**
17:19
**surviving (20)**
8:5,7,10,11,12;
12:22,23;13:8,9,11,
13,14,15,20,20,23,24,
25;15:15;19:18
**survivors (1)**
7:20

---

**T**

**talking (2)**

---

6:21,22
**tax (3)**
13:2;14:17,19
**taxes (1)**
21:24
**terms (5)**
13:18;16:5;18:2;
20:21;21:11
**terrible (1)**
4:10
**then-wife (1)**
12:17
**thereafter (1)**
7:15
**Therefore (2)**
15:1;24:7
**thereof (1)**
14:12
**third-party (1)**
10:23
**three (2)**
7:15;12:21
**three- (1)**
11:22
**title (8)**
7:2,3,22;14:11;
18:12;19:13;20:3,8
**together (1)**
10:16
**transfer (2)**
18:8,9
**transferee (2)**
22:20,21
**transferred (1)**
6:2
**tried (1)**
10:15
**trip (1)**
5:9
**true (1)**
5:1
**trust (143)**
5:2,2,11,11,12;6:4,
15,15,21;7:18,18,20,
25;8:1,2,4,5,8,9,13,
14;9:4,6,8,20,21,21,
23;10:6,16,18,21;
11:3;12:18,20,21,22,
25;13:2,5,7,7,16,18,
18;14:1,8,9,14,16,18,
21,24,24;15:5,5,8,10,
13,15,15,16,17,18,18,
19,21,24;16:1,4,5,7;
17:2,7,8;18:10,13,13,
14,15,16,19,24,24;
19:4,9,15,16,17,20,
21;20:1,3,5,6,6,10,13,
14,18,21,24;21:2,3,4,
7,8,10,11,12,13,14,14,
15,17,19,21,22,22,22,
25,25;22:2,3,3,5,9,12,
25;23:7,8,9,10,12,13,
15,16,19,19,21,22,24,

---

25
**trustee (40)**
6:3;7:11,15,16;8:6,
12,23;9:3,7,9,12,18,
22;10:2,6,8,10;13:8,
10,10,14,21,22;15:11,
13,20,23;19:8,10,14,
17,24;20:1,13;21:20;
22:8,11;23:17,21,22
**trustee's (1)**
4:21
**trustor (3)**
19:17;20:14;21:1
**trusts (16)**
6:18;9:5,19;10:3;
12:21;13:5;15:9,11,
20;17:22,22;21:21;
23:6,18,24,25
**trust's (1)**
9:25;21:6;22:16
**Turning (2)**
3:9;14:12
**turnover (1)**
22:8
**two (2)**
7:21;21:21
**typically (1)**
18:22

---

**U**

**under (21)**
4:7;6:4;7:23;8:21;
9:22;12:14;14:11;
16:8,10,11,19;17:10,
25;18:8,11,12,23;
19:21;21:6;24:7,9
**underlying (1)**
4:6
**Understood (1)**
24:14
**undistributed (1)**
8:6
**unenforceable (1)**
22:19
**unless (1)**
18:20
**unmarried (1)**
10:22
**unpersuasive (1)**
22:23
**unrecorded (1)**
7:22
**up (3)**
4:10,13;6:4
**upload (1)**
24:10
**upon (14)**
8:10,12;9:5;10:17;
12:20;13:25;14:14,
22;15:8,23;16:2,15;
22:5;23:11
**USC (1)**

---

18:9
**use (5)**
9:24;15:12,14,20;
20:16
**used (1)**
22:25

---

**V**

**valid (2)**
18:21,22
**validity (1)**
9:19
**valuation (1)**
21:25
**value (1)**
4:12
**Vivos (1)**
19:15
**Vujic (1)**
19:25

---

**W**

**warranted (1)**
15:1
**waste (1)**
4:10
**WEDNESDAY (1)**
3:1
**whatever's (1)**
5:18
**what's (1)**
5:24
**whatsoever (1)**
16:7
**whereas (2)**
11:3;14:9
**Whereupon (1)**
24:22
**whose (1)**
11:11
**wife (1)**
21:9
**wind (1)**
4:10
**without (1)**
16:22

---

**Y**

**year (1)**
7:13
**yesterday (1)**
4:25

---

**1**

**1 (1)**
17:4
**1:08 (1)**
3:8
**1:40 (1)**

---

24:22
**10:30 (2)**
3:5,6
**11 (2)**
7:10;18:8
**11:07 (2)**
3:1,8
**16 (1)**
3:1
**165,000-dollar (1)**
21:12
**19 (8)**
4:5;8:21;12:11,13,
14;16:9;18:1;24:7
**1989 (1)**
19:15
**1990 (1)**
9:3
**19a (2)**
10:9;11:9
**19A1A (3)**
16:10,11;17:10
**19a1B (1)**
16:19

---

**2**

**2 (1)**
17:4
**2008 (1)**
8:19
**2012 (1)**
14:3
**2024 (1)**
3:1
**23rd (1)**
7:13
**2nd (1)**
19:14

---

**3**

**3 (1)**
17:5
**32 (2)**
3:4;24:16

---

**4**

**4/8/1990 (1)**
12:17

---

**5**

**5 (1)**
8:4
**541c2 (1)**
18:9
**544a3 (1)**
7:23

---

**7**

October 16, 2024

**7 (5)**
  14:11;19:12,24;
  22:7,8

**8**

**8 (1)**
  8:2

**9**

**9 (1)**
  3:5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in
the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 30, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **October 30, 2024**, I served the following persons and/or entities at
the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 30, 2024**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing
to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a
declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the
document is filed.

| **Via Email:** | **Via Email:** |
|---|---|
| Eric@EJOlsonLaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | youngshumaker@smcounsel.com |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | |
|---|---|
| Jeffrey W. Dulberg (State Bar No. 181200)<br>John W. Lucas (State Bar No. 271038)<br>Jeffrey P. Nolan (State Bar No. 158923)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067-4003<br>Telephone:  310/277-6910<br>Facsimile:  310.201-0760<br>Email:  jdulberg@pszjlaw.com<br>        jlucas@pszjlaw.com<br>        jnolan@pszjlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Plaintiff, Bradley D. Sharp, Chapter 11 Trustee | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| In re:<br><br>LESLIE KLEIN,<br><br><div align="right">Debtor(s).</div> | CASE NO.: 23-10990-SK<br><br>ADVERSARY NO.: 2:24-ap-01140-SK<br><br>CHAPTER: 11 |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br><div align="right">Plaintiff(s).</div><br><div align="center">vs.</div><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br><div align="right">Defendant(s).</div> | <div align="center">**JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**</div><br><br>DATE:    December 4, 2024<br>TIME:    9:00 a.m.<br>COURTROOM: 1575<br>ADDRESS:<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1 (a)(2):

**A.  PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?                                                                  ☒ Yes   ☐ No

2. Have all parties filed and served answers to the Claims Documents?                  ☒ Yes   ☐ No

3. Have all motions addressed to the Claims Documents been resolved?                  ☒ Yes   ☐ No

4. Have counsel met and conferred in compliance with LBR 7026-1?                      ☒ Yes   ☐ No

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 2                          **F 7016-1.STATUS.REPORT**
4922-3309-9521.1 78512.001

ER 1417

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below *(or on attached page):*

**B.  <u>READINESS FOR TRIAL</u>:**

1.  When will you be ready for trial in this case?

<u>Plaintiff</u>                                                    <u>Defendant</u>

Assuming the Court does not grant Plaintiff's summary judgment motion, Plaintiff will be ready for trial subject to the Court's schedule.

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

<u>Plaintiff</u>                                                    <u>Defendant</u>

n/a

3.  When do you expect to complete <u>your</u> discovery efforts?

<u>Plaintiff</u>                                                    <u>Defendant</u>

Concluded in September 2024.                        Concluded September 2024

4.  What additional discovery do you require to prepare for trial?

<u>Plaintiff</u>                                                    <u>Defendant</u>

n/a                                                                    n/a

**C.  <u>TRIAL TIME</u>:**

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial *(including rebuttal stage if applicable)?*

<u>Plaintiff</u>                                                    <u>Defendant</u>

Approximately 2.5 hours.

2.  How many witnesses do you intend to call at trial *(including opposing parties)?*

<u>Plaintiff</u>                                                    <u>Defendant</u>

Approximately three.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 2                            **F 7016-1.STATUS.REPORT**
4922-3309-9521.1 78512.001

ER 1418

3.  How many exhibits do you anticipate using at trial?

|                          | Plaintiff | Defendant |
|--------------------------|-----------|-----------|

Approximately twelve - fifteen.

## D.  **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|-----------|-----------|

Pretrial conference  ☐ is  ☒ is not requested         Pretrial conference  ☐ is  ☐ is not requested
Reasons:                                              Reasons:
Plaintiff does not believe that a pre-trial conference will be
necessary because there is very little disputed evidence.
See [Docket No. 48]. Plus, any pre-trial order should be
narrow in its scope and uncontroversial.

| Plaintiff | Defendant |
|-----------|-----------|

Pretrial conference should be set <u>after</u>:         Pretrial conference should be set <u>after</u>:

*(date)* _____                              *(date)* _____

## E.  **SETTLEMENT:**

1.  What is the status of settlement efforts?
Plaintiff does not believe that a settlement is possible. From Plaintiff's perspecive, the Defendants do not have any
colorable defenses and the subject property is property of the estate.

2.  Has this dispute been formally mediated?        ☐ Yes    ☒ No
If so, when?

3.  Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|-----------|-----------|

☐ Yes    ☒ No                                          ☐ Yes    ☐ No

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                         Page 3                         **F 7016-1.STATUS.REPORT**
4922-3309-9521.1 78512.001

ER 1419

**F.  <u>FINAL JUDGMENT/ORDER</u>:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

<table>
<tr><td><u>Plaintiff</u></td><td><u>Defendant</u></td></tr>
<tr><td>I ☒ do ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td><td>I ☐ do ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td></tr>
</table>

**G.  <u>ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL</u>:** *(Use additional page if necessary)*

Plaintiff's summary judgment motion [Docket Nos. 32, 33, 34, and 36] is fully briefed, Defendants objected thereto [Docket Nos. 43 and 44], and Plaintiff replied [Docket Nos. 48 and 49]. The Court has scheduled December 18, 2024 for the hearing on the Summary Judgment Motion [Docket No. 37].

See Addendum attached hereto as Exhibit "A".

Respectfully submitted,

Date: December 4, 2024

EJOLSONLAW
Printed name of law firm

Signature

Eric J. Olson
Printed name

Attorney for: Defendants

Date: December 4, 2024

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm

/s/John W. Lucas
Signature

John W. Lucas
Printed name

Attorney for: Plaintiff

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*
4922-3309-9521.1 78512.001

Page 4

**F 7016-1.STATUS.REPORT**

ER 1420

# EXHIBIT A

Defendants' Addendum to Joint Status Report

A. The Amended Complaint does not name as defendants 5 parties named in the trust, the four children of the trustors and the credit trust.  The action being a quiet title action under CCP § 762.010 "*The Plaintiff shall name as defendants in the action persons having adverse claims to the title of the plaintiff against which a determination is sought*."  The Law Revision Commission Comment states that "*Failure to name these persons will result in a judgment that does not bind them*"

No matter confident Trustee may be of his position, even if he prevails he will have unmarketable title since no title company will insure clear title in light of the explicit exception quoted above.

Under the circumstances, it is premature to have a hearing before the Trustee joins the other parties and the case is otherwise at issue and ready for any motions.

B. Assuming that the court does not grant the motion for summary judgment Defendants estimate that the case would be ready for trial in July 2025.

Defendants contemplate that both parties will need expert witnesses in probate practice and related matters.  We would desire to depose the Trustee and other matters depending on the issues determined not to be non-triable issues.

C. We estimate approximately 2 days.  We estimate approximately 4 witnesses including expert witness(es).

D.  We believe that the case is far more complex than Plaintiff estimates and that a pretrial conference will be appropriate.

E. The case has not been mediated and that once the remaining parties are joined  and the case is at issue, the case should be mediated.

F. Defendant is of the view that the proper venue for a case like this is in the Superior Court in Probate

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1 (a)(2)]** will be served
or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)*
12/4/2024____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On *(date)*  12/4/2024____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)*  12/4/2024____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Honorable Sandra R. Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/4/2024 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                      Page 5                              **F 7016-1.STATUS.REPORT**
4922-3309-9521.1 78512.001

ER 1423

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| Leslie Klein & Associates, Inc. | Leslie Klein | Leslie Klein & Associates, Inc. |
| c/o Parker Milliken | 322 North June Street | c/o Leslie Klein |
| 555 Flower Street | Los Angeles, CA 90004 | 6454 Van Nuys Blvd. Suite 150 |
| Los Angeles, CA  90071 | | Van Nuys, CA 91401 |

1  Roza Crawford (SBN 222380)
   Daniel A. Crawford (SBN 187807)
2  CRAWFORD LAW GROUP
   15303 Ventura Blvd., 9th Floor
3  Sherman Oaks, California 91403
   Tel: (818) 935-6568
4  dac@crawfordlawgroup.com

5  Eric J. Olson (SBN 37630)
   EJOLSONLAW
6  Of Counsel to Leslie Klein & Assoc.
   301 E. Colorado Blvd., Suite 250
7  Pasadena, CA 91101
   Tel: (818) 245-2246
8  Cell: (626) 224-5619
   Eric@EJOlsonLaw.com

9

10 Attorneys for Defendants,
   THE MARITAL DEDUCTION TRUST
11 OF ERIKA KLEIN, and
   THE CREDIT TRUST of the SECOND
12 AMENDED KLEIN LIVING TRUST

13           UNITED STATES BANKRUPTCY COURT
              CENTRAL DISTRICT OF CALIFORNIA
14
                   Los Angeles Division
15

16 **IN RE LESLIE KLEIN,**          Case No.: 2:23-bk-10990-SK

17        **Debtor,**               Adv. Case No.: 2:24-ap-01140-SK

18                                  Chapter 11

19 BRADLEY D. SHARP, CHAPTER 11     Hon. Sandra Klein
   TRUSTEE,
20            Plaintiff,            **NOTICE OF MOTION AND
                                    MOTION FOR CONTINUANCE OF
21 v.                               MOTION FOR SUMMARY
                                    JUDGMENT (FRCP 56(d));
22 LESLIE KLEIN, an individual,     MEMORANDUM OF POINTS AND
   THE SECOND AMENDED KLEIN         AUTHORITIES;
23 LIVING TRUST, a trust,           DECLARATION OF DANIEL A.
   THE MARITAL DEDUCTION            CRAWFORD, ESQ.**
24 TRUST OF ERIKA KLEIN, a trust,
   THE SURVIVOR'S TRUST OF          **[(PROPOSED) ORDER filed
25 LESLIE KLEIN, a trust, and       concurrently herewith]**
   BARBARA KLEIN, an individual,
26                                  Date:  December 18, 2024
27        Defendants.               Time:  9:00 a.m.
                                    Courtroom: 1575
28                                  255 East Temple Street
                                    Los Angeles, CA 90012

                              1
           **MOTION FOR CONTINUANCE OF
      MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

ER 1425

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on December 18, 2024, in the courtroom of the Hon. Sandra Klein, Courtroom 1575, located at 255 East Temple Street Los Angeles, California, at 9:00 a.m. or as soon thereafter at the matter may be heard, Defendants THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN ("Marital Deduction Trust" or "MDT") and THE CREDIT TRUST of the SECOND AMENDED KLEIN LIVING TRUST ("Credit Trust") will, and hereby do, move for an order continuing Plaintiff's pending motion for summary judgment ("MSJ"), currently set for hearing on December 18, 2024, for a period of 90 days or to a time to be determined, as necessary, to allow Defendants to present evidence regarding the internal operation of the Second Amended Klein Living Trust ("Klein Trust") and moving Defendants, the subtrusts thereunder.

No prior continuances have been granted or sought by the moving Defendants.

This motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 56(d) and LBR 9013-1(m), on the grounds that there are facts currently unavailable to the moving Defendants which will be dispositive to the MSJ, precluding summary judgment, and which facts will be available at a later time. Specifically, the moving Defendants have filed a petition with the Los Angeles Superior Court, Probate Division, designated as LASC Case No. 24STPB13777, petitioning that court to exercise its exclusive jurisdiction under California *Probate Code* Sections 17000 and 17200, *et seq.,* to resolve a matter concerning the internal affairs of the Klein Trust, specifically whether the real property located at 322 June Street, Los Angeles, was allocated in part or in whole to the moving Defendant trusts. That issue is critical to this Court's determination of the MSJ, and must be resolved before the MSJ. Moving Defendants must have the opportunity to present those facts to the Court, which will

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

1  not be possible without a continuance.  This motion is also made on the grounds that

2  attorney Crawford is newly added to the case, and respectfully requires and requests a

3  reasonable extension of time in order to provide the best representation to

4  Defendants.

5       This Motion is based on the attached memorandum of points and authorities,

6  on the Declaration of Daniel A. Crawford and exhibits thereto, on the pleadings, other

7  files and records of the Court, and on such other arguments and evidence as may be

8  presented to the Court.

9  Dated: December 9, 2024          CRAWFORD LAW GROUP

10

11             By  *Daniel A. Crawford*

12                Daniel A. Crawford
                 **Attorneys for Defendants,**

13                **THE MARITAL DEDUCTION TRUST**
                 **OF ERIKA KLEIN, and THE CREDIT**

14                **TRUST of the SECOND AMENDED KLEIN**
                 **LIVING TRUST**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff is seeking summary judgment determining ownership of the real property at 322 June Street, Los Angeles (the "June Street Property"). Plaintiff concedes that title is held by the Second Amended Klein Living Trust ("Klein Trust"), and not by Debtor Leslie Klein personally. But Plaintiff contends the June Street Property is included in the bankruptcy estate as a matter of law because of Mr. Klein's role as a settlor, trustee and beneficiary of the Klein Trust. Plaintiff also contends there is no proof that the Marital Deduction Trust and the Credit Trust— which are both subtrusts created under the Klein Trust—even exist.

Plaintiff's arguments all depend on assumptions about the internal affairs of the Klein Trust. For example, Plaintiff's points assume Mr. Klein's roles as settlor, trustee and beneficiary must negate any other terms of the Klein Trust, including any limitations on Mr. Klein's authority in the trust declaration. Plaintiff's argument also assumes that, as a matter of law, the terms of the Klein Trust establishing the Marital Deduction Trust and the Credit Trust are ineffective and void, along with any allocations of interest in the June Street Property to those subtrusts.

Those legal issues and questions behind Plaintiff's summary judgment argument—which are critical to Plaintiff's argument—all relate to the internal affairs of the Klein Trust and the respective rights of the beneficiaries, and *cannot be decided by this Court.*[1] All issues relating to the internal affairs of the Klein Trust, including Mr. Klein's roles, the existence and effect of the subtrusts, and the interests of beneficiaries of those subtrusts in the June Street Property, are subject to the exclusive jurisdiction of the Probate Department of the Superior Court, and must be

_____

[1] Those legal issues and questions also involve disputed issues of material facts, which should preclude any summary adjudication now.

4

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

1   decided by that court. *Cal. Probate Code* §§17000, 17200; *Estate of Heggstad* (1993)

2   16 Cal.App.4th 943, 951; *In re Rens* (B.A.P. 9th Cir. 2021) 633 B.R. 594, 600.

3       Defendants have filed a petition with the Los Angeles Superior Court seeking

4   resolution of just such issues. *See* Declaration of Daniel A. Crawford ("Crawford

5   Declaration") ¶XX, Exh. XX. No party with standing will oppose that petition and it

6   is subject to judicial priority, so Defendants anticipate it may be resolved shortly.

7   The probate court has set the petition for initial hearing in February 2025. *Id.*

8       When the Probate Court addresses the petition, that decision will provide facts

9   essential to the motion for summary judgment ("MSJ") in this case. In particular, that

10   court's decision should establish conclusively the existence and effectiveness of the

11   Marital Deduction Trust and the Credit Trust (which Plaintiff disputes), should

12   establish conclusively that all interests in the June Street Property were duly allocated

13   to the subtrusts by Mr. Klein, while he was acting in his authorized capacity as the

14   trustee of the Klein Trust, and that Mr. Klein's roles as trustee and beneficiary of the

15   Klein Trust did not eliminate the subtrust beneficiaries' interests in the June Street

16   Property (as Plaintiff also contends). But the Probate Court's determination will not

17   be available for Defendants to present to this Court before the current MSJ date. *Id.*

18       Additionally, LESLIE KLEIN filed an amended Schedule A/B which expressly

19   addresses allocation of interests in the June Street Property to the Marital Deduction

20   Trust and the Credit Trust. *See* Crawford Declaration, Exh. XX. That evidence is in

21   the Court's record and is material to the MSJ, but was not brought to the Court's

22   attention in the context of the pending motion. Defendants should have the

23   opportunity to address the significance of those revised schedules to the MSJ, and

24   will do if the hearing is continued.

25       Furthermore, Defendants have retained new counsel very recently, Daniel A.

26   Crawford (the undersigned), as co-counsel to assist with the litigation of this case and

27

28

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

1    the connected matter in the probate court.  Owing to the complexities of the case, Mr.

2    Crawford requests a brief continuance to educate himself before the MSJ hearing.

3    **II.    THE MSJ HEARING SHOULD BE CONTINUED UNTIL ALL
         ESSENTIAL FACTS CAN BE PRESENTED TO THE COURT**

4

5         **A. Continuance of a Summary Judgment Motion should be Granted with
              Liberality when the Non-Moving Party Meets its Burdens.**

6

7    Federal Rule of Civil Procedure 56(d) states:

8         **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant
              shows by affidavit or declaration that, for specified reasons, it cannot

9              present facts essential to justify its opposition, the court may:

10             **(1)** defer considering the motion or deny it;

11             **(2)** allow time to obtain affidavits or declarations or to take discovery;

12                 or

13             **(3)** issue any other appropriate order.

14   *Fed. Rule Civ. Proc.* 56(d).

15        The decision on a request for continuance "lies with the broad discretion of the

16   trial court." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.1985).  However,

17   courts should consider four factors in their exercise of that discretion:

18             (1) the movant's diligence in its efforts to ready its defense prior to the
                   date beyond which a continuance is sought;

19

20             (2) whether a continuance will served a useful purpose if granted;

21

22             (3) the extent to which granting the continuance will or will not
                   inconvenience the court, opposing parties, and witnesses; and,

23

24             (4) the amount of prejudice the movant will suffer if the request for a
                   continuance is denied.

25

26   *Flynt, supra,* at 1359.  Also, continuance requests under FRCP 56(d) should be

27   resolved "with a spirit of liberality to prevent injustice to the party facing summary

28   judgment." *Gofron v. Picsel Technologies, Inc.* (N.D. Cal. 2011) 804 F.Supp.2d 1030,

6

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

1036 (citing,10B Charles Alan Wright, et al., *Fed. Practice & Proc.* § 2740 (3d ed. 2011); and *First Chicago Int'l v. United Exchange Co.,* 836 F.2d 1375, 1380 (D.C.Cir.1988)).

The party seeking a continuance bears the burden of showing what specific facts it intends to present to support its opposition. To meet that burden under FRCP 56(d):

> the non-moving party must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment."

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008). Also, the party seeking a continuance must specify which particular facts it intends to present to oppose summary judgment, and must show how additional time will make those facts available. *See, Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993); *Continental Maritime v. Pacific Coast Metal Trades,* 817 F.2d 1391, 1395 (9th Cir. 1987).

In the present case, as demonstrated herein, a continuance is warranted.

**B. The Probate Court's Decision is Forthcoming and Will Provide Essential Facts for the MSJ, so the MSJ Should be Continued Now.**

Plaintiff seeks summary judgment on the asserted grounds that Leslie Klein's roles as a settlor, trustee and beneficiary of the Klein Trust mean that, regardless of any other provisions of the trust declaration, Mr. Klein owns an exclusive 100% interest in the June Street Property, and it must be a part of the bankruptcy estate as a matter of law. Plaintiff also asserts the subtrusts under the Klein Trust, comprising the Marital Deduction Trust and the Credit Trust, are ineffective or non-existent because there is no evidence for them *apart from* the Klein Trust declaration.

Plaintiff concedes that the Klein Trust holds the title to June Street, and Mr. Klein has provided evidence to the Court that in his role as trustee of the Klein Trust he allocated 100% of the interest in June Street to the subtrusts, for the beneficiaries

7

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

1    thereunder.  Notwithstanding that, Plaintiff's argument also impliedly asserts that Mr.

2    Klein's allocations did not occur or were not effective, so that neither the subtrusts

3    nor the beneficiaries have any interest in June Street.

4         All of those assumptions underlaying Plaintiff's argument are issues within the

5    exclusive jurisdiction of the probate court.  California *Probate Code* Section 17000

6    states:

7              Exclusive and concurrent jurisdiction.

8              (a) The superior court having jurisdiction over the trust pursuant to this
9              part has exclusive jurisdiction of proceedings concerning the
                  internal affairs of trusts.
10             (b) The superior court having jurisdiction over the trust pursuant to this
                  part has concurrent jurisdiction of the following:
11
12                  (1)  Actions and proceedings to determine the existence of trusts.
                    (2)  Actions and proceedings by or against creditors or debtors of
13                       trusts.
                    (3)  Other actions and proceedings involving trustees and third
14                       persons.

15
16   Accordingly, the Probate Department of the Los Angeles Superior Court has
17   *exclusive* jurisdiction to make findings concerning all matters related to the internal
18   affairs of the Klein Trust, or related to property held by that trust such as the June
19   Street Property.  *See, Marshall v. Marshall* (2006) 547 U.S. 293, 308.  That court's
20   exclusive jurisdiction includes disputes among the parties to a trust, such as a dispute
21   between the trustee and the beneficiaries of the Klein Trust.  *In re Rens* (B.A.P. 9th
     Cir. 2021) 633 B.R. 594, 600-01.
22
23        *Probate Code* Section 17200 expressly provides that the exclusive jurisdiction
24   of the Probate Court includes:

25             (b)  Proceedings concerning the internal affairs of a trust include, but are
                   not limited to, proceedings for any of the following purposes:
26                  (1)  Determining questions of construction of a trust instrument.
27                  (2)  Determining the existence or nonexistence of any immunity,
                         power, privilege, duty, or right.
28

8

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

(3)  Determining the validity of a trust provision.

(4)  Ascertaining beneficiaries and determining to whom property shall pass or be delivered upon final or partial termination of the trust, to the extent the determination is not made by the trust instrument.

(5)  Settling the accounts and passing upon the acts of the trustee, including the exercise of discretionary powers...

*Prob. Code* § 17200.

Defendants' petition with the probate court addresses issues directly within the exclusive jurisdiction of that court. Those are the same issues which are unaddressed, assumed *and critical* to Plaintiff's MSJ. Those issues include the existence and effectiveness of the Marital Deduction Trust and the Credit Trust, whether Mr. Klein's allocation of interests in the June Street Property to those subtrusts was effective, and whether the provisions of the Klein Trust which establish *and limit* Mr. Klein's authority as a settlor and trustee are effective to preserve the beneficiaries' interests in the June Street Property.

Of course, if the probate court holds that the subtrusts exist and are in effect, that Mr. Klein's allocations of interests in the June Street Property to the subtrusts were effective, and that the beneficiaries' interests are not negated by Mr. Klein's dual capacity as a beneficiary and trustee (all positions which Defendants believe the probate court should take) then Plaintiff's argument for summary judgment will be undercut entirely.

Defendants make this argument in their opposition brief to the MSJ, pointing out that these are already disputed issues of fact, but when the probate court makes its ruling then the factual disputes will be resolved. So, a delay in the MSJ hearing to allow Defendants to obtain a ruling—judicial facts—from the probate court is essential to their opposition to the MSJ.

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

ER 1433

**C. The Court should Apply its Discretion to Continue the MSJ Now.**

As set forth above and in the accompanying declaration of Mr. Crawford, Defendants meet their burden for a continuance of the MSJ by showing that facts will be found *and can only be found* by the probate court when it rules on Defendants' petition, and that those facts are essential to Defendants' opposition to the MSJ. The continuance Defendants seek will fulfil a very useful purpose of allowing Defendants to present a ruling from the probate court to this Court, which will resolve essential disputed issues in the MSJ.

Because Defendants have met that burden, the Court should exercise its discretion to continue the MSJ hearing now. Defendants have already filed their petition with the probate court before requesting this continuance, and the probate court has scheduled the hearing on that petition in just two months, in February 2025. The facts which Defendants intend to present to the Court are not facts which could have been obtained earlier through discovery, so Defendants' continuance request is not a result of lack of diligence conducting discovery.

Moreover, the facts which Defendants seek to obtain from the probate court were *never* issues which could have been resolved by this Court. Prob. Code §17000. It was not until filing the MSJ that Plaintiff expressly requested this Court to adjudicate issues involving the internal affairs of the Klein Trust, the existence of the subtrusts, the trustee's powers, rights and duties, and the allocation of the June Street Property to the beneficiaries. Only at that point could Defendants have realized that Plaintiff was asking this Court to intrude on the probate court's jurisdiction, and only then did it become necessary for Defendants to petition the probate court for factual findings. Defendants have now done so, and the hearing is set. Even if Defendants had filed that petition when their opposition brief to the MSJ was due, the probate court likely would not have decided the facts before the MSJ hearing. Thus, any

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

1  delay by Defendants in preparing and filing that probate petition did not cause the

2  need for a continuance now.

3      If the Court denies a continuance now, then the MSJ certainly should be denied

4  anyway because there are no authoritative answers before this Court on critical

5  disputed factual issues—which are the existence and effectiveness of the subtrusts,

6  the effectiveness of Mr. Stein's allocations to those trusts and the beneficiaries' rights

7  to June Street.  However, if the MSJ is continued as Defendants request, then those

8  factual issues should be resolved before the hearing.

9      Finally, the continuance will not unduly prejudice Plaintiff, and should not

10  inconvenience the Court as it will be the first continuance, and should only involve a

11  two-month delay.  The continuance will also promote substantial justice, by allowing

12  the Court to rule on all the essential facts, including the expected factual findings

13  from the probate court.  For those reasons, the Court should employ its discretion in

14  favor of a short delay.

15  **III.    CONCLUSION**

16      Based on the foregoing points and authorities, Defendants request that the

17  hearing on the MSJ be continued for a period of 90 days, or such other time as may be

18  necessary and appropriate to bring all material and essential facts before the Court.

19  Dated: December 9, 2024            CRAWFORD LAW GROUP

20

21                          By _Daniel A. Crawford_____

22                          Daniel A. Crawford

23                          Attorneys for Defendants,
                           THE MARITAL DEDUCTION TRUST

24                          OF ERIKA KLEIN, and THE CREDIT
                           TRUST of the SECOND AMENDED KLEIN

25                          LIVING TRUST

26

27

28

**MOTION FOR CONTINUANCE OF
MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

ER 1435

## DECLARATION OF DANIEL A. CRAWFORD, ESQ.

I, Daniel A. Crawford, hereby declare as follows:

1.    I am an attorney licensed to practice before all courts of the State of California and the United States District Court for the Central District of California.  I am one of the attorneys representing Defendants THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN ("Marital Deduction Trust"), and THE CREDIT TRUST ("Credit Trust") of the SECOND AMENDED KLEIN LIVING TRUST ("Klein Trust") in the above-entitled action.

2.    The facts stated herein are within my personal knowledge, and I could testify to these facts competently if called.

3.    I was retained on about December 2, 2024, by the co-trustee, Leslie Klein, to assist as co-counsel with Eric Olson, Esq., in the above-entitled case and also with a probate petition which was then being prepared.

4.    Attached hereto as Exhibit A is a true and correct copy of the conformed caption page from a petition which I caused to be filed in the Los Angeles Superior Court, Probate Department.  The petition requests, among other relief, that the probate court confirm the validity of the Marital Deduction Trust and the Credit Trust under the Klein Trust, and affirm Mr. Stein's allocation of the June Street Property to those subtrusts and the beneficiaries.  The probate court has set a hearing on the petition for February 18, 2025.  I worked as diligently as possible with Mr. Klein to prepare and file the probate petition after I was retained.

I certify under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.  Executed in Sherman Oaks, California, on December 10, 2024.

_Daniel A. Crawford_

DANIEL A. CRAWFORD, Esq.

12

**MOTION FOR CONTINUANCE OF**
**MOTION FOR SUMMARY JUDGMENT (FRCP 56(d))**

# EXHIBIT A

ER 1437

Assigned for all purposes to: Wada, Robert S, Judicial Officer:Stanley Mosk Dept. - 29

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/9/2024 10:20 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By T. Young, Deputy Clerk

1   **CRAWFORD LAW GROUP**
    Daniel A. Crawford - SBN 187807
2   15303 Ventura Blvd., 9th Floor
    Sherman Oaks, California 91403
3   (818) 935-6568

4

5   Attorneys for LESLIE KLEIN, Co-Trustee

6          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7              **FOR THE COUNTY OF LOS ANGELES**

8

9   IN RE THE SECOND AMENDED MARITAL )
10  DEDUCTION TRUST AND CREDIT TRUST )      **24STPB13777**
    DATED APRIL 8, 1990 OF ERIKA KLEIN )   **CASE NO:**
11                                      )
                                        ) **VERIFIED PETITION FOR ORDER**
12  _____ )     **CONVEYING TRUST ASSETS INTO**
                                        **THE SECOND AMENDED MARITAL**
13                                      **DEDUCTION TRUST AND CREDIT**
                                        **TRUST DATED APRIL 8, 1990 OF**
14                                      **ERIKA KLEIN**

15

                                        Hearing Information: 2/18/2025 8:30 AM
16                                      **DATE:**
                                        **TIME:**
17                                      **DEPT:**

18

19

20  Petitioner, LESLIE KLEIN, alleges:

21  1.      Petitioner LESLIE KLEIN, is the Co-Trustee of the "THE SECOND AMENDED

22  MARITAL DEDUCTION TRUST AND CREDIT TRUST DATED APRIL 8, 1990 OF

23  ERIKA KLEIN (the "Trust") and LESLIE KLEIN AND ERIKA KLEIN are the Trustors of the

24  Trust. (The "Trustors").

25  2.      Administration of the Second Amended Trust is in Los Angeles County.

26                                      1
27              **PETITION FOR ORDER CONVEYING TRUST ASSETS**
                            **INTO THE KLEIN TRUST**
28

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor | Case No.: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 | Adv. Case No.: 2:24-ap-01140-SK |
| Trustee | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Motion for Continuance of Motion for Summary Judgment (FRCP 56(d))"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 11, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicated method for each person or entity served):**

On December 11, 2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

**MOTION FOR CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT (FRCP 56(D))**
**- 13 -**

ER 1439

| In re: LESLIE KLEIN<br>Debtor<br>BRADLEY D. SHARP, Chapter 11<br>Trustee | Chapter 11<br>Case No.: 2:23-bk-10990-SK<br>Adv. Case No.: 2:24-ap-01140-SK |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

___12/11/2024___     ___Jasper Pantaleon___

Date                     Type Name                     Signature

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

Simon Aron                saron@wrslawyers.com, moster@wrslawyers.com

Reem J Bello             rbello@goeforlaw.com, kmurphy@goeforlaw.com

Jeffrey W Dulberg        jdulberg@pszjlaw.com

Robert P Goe             kmurphy@goeforlaw.com, rgoe@goeforlaw.com,

goeforecf@gmail.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

John W Lucas             jlucas@pszjlaw.com, ocarpio@pszjlaw.com

Jeffrey P Nolan          jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein

U.S. Bankruptcy Court

255 East Temple Street #1582

Los Angeles, California 90012

MOTION FOR CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT (FRCP 56(D))
- 14 -

ER 1440

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
Los Angeles, California 90067-4003
E-mail:   jdulberg@pszjlaw.com
             jlucas@pszjlaw.com
             jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>        Debtor.<br>―――――――――――――――――<br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>        Defendants. | Case No.: 23-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   December 18, 2024<br>Time:  9:00 a.m.<br>Place:  Courtroom 1575<br>        255 E. Temple Street<br>        Los Angeles, CA 90012<br><br>[Relates to Docket Nos. 32, 37, 43, 49 and 51] |

      Bradley D. Sharp, the duly appointed chapter 11 trustee for the bankruptcy estate of Leslie Klein and plaintiff in the above-captioned adversary proceeding (the "**Plaintiff**"), hereby files this opposition to the *Motion for Continuance of Motion for Summary Judgment* (the "**Motion to Continue**") [Adv. Docket No. 51].  In support of this opposition, the Plaintiff represents as follows:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4921-8421-6582.2 78512.001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**I.**

**PRELIMINARY STATEMENT**

Nearly seven months ago, on May 23, 2024, Plaintiff filed a *Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property Located at 322 June St., Los Angeles, California* [Adv. Docket No. 1], which was amended on May 29, 2024 [Adv. Docket No. 6].

On July 12, 2024, defendants Leslie Klein, an individual, Leslie Klein as trustee of the Second Amended Klein Living Trust, a trust, Leslie Klein, as trustee of The Marital Deduction Trust of Erika Klein, a trust, Leslie Klein as trustee of The Survivor's Trust of Leslie Klein, a trust, and Barbara Klein, an individual (collectively, the "**Defendants**") filed an answer to the First Amended Complaint [Adv. Docket No. 21].

On August 27, 2024, the Court entered the *Scheduling Order* [Adv. Docket No. 28], setting August 31, 2024 as the deadline for the parties to propound discovery, and September 30, 2024 as the deadline for the parties to file dispositive motions.

On September 12, 2024, Defendants filed a *Notice of Motion and Motion to Order Joinder of Necessary Parties or Dismiss* [Adv. Docket No. 30], which was denied by the Court pursuant to order entered on October 18, 2024 [Adv. Docket No. 46].

On September 20, 2024, Plaintiff filed the *Motion of Bradley D. Sharp, Chapter 11 Trustee, For Summary Judgment on All Claims for Relief* (the "**Motion for Summary Judgment**") [Adv. Docket No. 32].

On September 24, 2024, the Court entered an order, setting the Motion for Summary Judgment for hearing on December 18, 2024 at 9:00 a.m. [Adv. Docket No. 37].

On October 15, 2024, Defendants filed an opposition to the Motion for Summary Judgment [Adv. Docket No. 43]. On October 16, 2024 Defendants filed a statement of purported disputed facts [Adv. Docket No. 44].

On October 30, 2024, Plaintiff filed his reply to the statement of disputed facts [Adv. Docket No. 48] and the Opposition to Motion for Summary Judgment [Adv. Docket No. 49]. The Motion for Summary Judgment is fully brief by the Plaintiff and Defendants.

On December 11, 2024, defendant The Marital Deduction Trust of Erika Klein and *non-defendant* The Credit Trust of the Second Amended Klein Living Trust filed the Motion to Continue.

## II.

### <u>THE DEBTOR'S MOTION TO CONTINUE HEARING SHOULD BE DENIED</u>

The Trustee declines to voluntarily continue the hearing for three months and opposes this relief.  There are several reasons why, both general and specific in nature.  Speaking generally, the creditors of Mr. Klein's bankruptcy estate have suffered mightily due to his obstreperous approach since the commencement of the chapter 11 case.  The Court is well aware of this.  Accordingly, the Trustee is simply unwilling – and really *unable* given the reports we have previously provided the Court about his behavior -- to voluntarily offer Mr. Klein further leeway to waste resources as if this is simply a matter of courtesy.  It is not.  This is especially true given that the movant is unable to articulate the additional facts relevant to the motion which were not raised previously which might justify a continuance.  The Court should not be persuaded by movant's reference to additional unknown facts that cannot be quantified now. The Trustee suspects that this continuance demand is simply the Debtor's latest ruse to prolong the proceeding and maintain his residency in the property.

The Defendants cite and rely on the proposition that "the party seeking a continuance must specify which particular facts it intends to present to oppose summary judgment, and must show how additional time will make those facts available. *See, Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993); *Continental Maritime v. Pacific Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir. 1987)." Motion to Continue, 7:11-15. However, the Defendants do not offer any facts to support the Motion to Continue (as they must) but merely state their desired conclusions (*i.e.*, the June St. Property is owned by the Creditor Trust).

It also appears that the Defendants might have commenced an action in the Probate Court regarding the efficacy of the actions of the Second Amended Klein Living Trust and the various subtrusts. Motion to Continue, 2;19-25 and 5:3-7. The Trustee was not named as a party in this purported action nor was the Trustee served. There is no dispute that actions taken by the Debtor,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  third parties, and non-bankruptcy courts over property of the estate violate the automatic stay. Any

2  such actions are void. Any action filed in the Probate Court by the Debtor and the other

3  Defendants must be discontinued immediately.

4      In addition to the above, the Trustee opposes the Motion to Continue for the following

5  specific reasons: (a) the adversary proceeding was commenced in May, *i.e.*, seven months ago; (b)

6  the summary judgment motion was filed in September, *i.e.*, three months ago (and fully briefed by

7  both sides); (c) Eric Olson has represented the Marital Deduction Trust since the inception of the

8  adversary proceeding and Mr. Klein for quite some time so a change of counsel nine days before

9  the hearing is inappropriate and nothing more than a delay tactic; (d) the Credit Trust, while not a

10 named party, has already been refused entry into the case as the judge denied its joinder request;

11 and finally (e) Eric Olson represented the Credit Trust on discovery responses in this adversary

12 proceeding regarding the June St. Property.

13     All of these facts point to proceeding to judgment on the present timetable.

**III.**

**CONCLUSION**

16     For the reasons stated herein and on the record of the hearing, the Motion to Continue

17 should be denied.

18

19  Dated:    December 16, 2024                PACHULSKI STANG ZIEHL & JONES LLP

20

21                                            By    */s/ Jeffrey W. Dulberg*
                                                  Jeffrey W. Dulberg

22
                                              Attorneys for Plaintiff, Bradley D. Sharp,
23                                            Chapter 11 Trustee

24

25

26

27

28

**\*\*\* TEXT ONLY \*\*\***

| | | |
|---|---|---|
| 12/16/2024 | **53** | Notice to Filer of Error and/or Deficient Document **Other - Proof of Service required** (RE: related document(s)52 Opposition filed by Plaintiff Bradley D. Sharp, Chapter 11 Trustee) (TM) (Entered: 12/16/2024) |

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail:  jdulberg@pszjlaw.com
6          jlucas@pszjlaw.com
           jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                 LOS ANGELES DIVISION

12  In re:                                    Case No.: 23-10990-SK

13  LESLIE KLEIN,                             Adv. Case No.: 2:24-ap-01140-SK

14         Debtor.                            Chapter 11

15  BRADLEY D. SHARP, Chapter 11 Trustee,     CERTIFICATE OF SERVICE

16         Plaintiff,                         Date:  December 18, 2024
                                              Time:  9:00 a.m.
17  v.                                        Place: Courtroom 1575
                                                     255 E. Temple Street
18  LESLIE KLEIN, an individual, THE SECOND           Los Angeles, CA 90012
    AMENDED KLEIN LIVING TRUST, a trust,
19  THE MARITAL DEDUCTION TRUST OF
    ERIKA KLEIN, a trust, THE SURVIVOR'S
20  TRUST OF LESLIE KLEIN, a trust, and
    BARBARA KLEIN, an individual,
21
           Defendants.
22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4938-7198-2855.1 78512.001

ER 1446

1   STATE OF CALIFORNIA              )
                                     )
2   COUNTY OF SAN FRANCISCO          )

3         I, Oliver Carpio, am employed in the city and county of San Francisco, State of California.
4   I am over the age of 18 and not a party to the within action; my business address is One Sansome
    Street, 34th Floor, Suite 3430, San Francisco, CA 94104.
5
6         On December 16, 2024, I caused to be served the ***Opposition to Motion for Continuance
    of Motion for Summary Judgment*** [Docket No. 52] in this action by placing a true and correct
7   copy of said document(s) in sealed envelopes addressed as follows:

8   **VIA U.S. Mail**                    **VIA U.S. Mail**
    Eric J. Olson                        Leslie Klein
9   EJOLSONLAW                           322 North June Street
    301 East Colorado Boulevard, Suite 520   Los Angeles, CA 90004
10  Pasadena, California 91101

11  **VIA U.S. Mail**                    **VIA Email**
    Simon Aron                           les.kleinlaw@gmail.com;
12  Wolf, Rifkin, Shapiro & Schulman LLP  leskleinlaw@gmail.com;
    11400 W Olympic Blvd 9th Fl           kleinlaw@earthlink.net
13  Los Angeles, CA 90064-1565
    Email:
14
    **VIA Email**
15  eric@ejolsonlaw.com
    saron@wrslawyers.com
16

17  ☑   (BY MAIL) I am readily familiar with the firm's practice of collection and processing
        correspondence for mailing. Under that practice it would be deposited with the U.S.
18      Postal Service on that same day with postage thereon fully prepaid at Los Angeles,
        California, in the ordinary course of business. I am aware that on motion of the party
19      served, service is presumed invalid if postal cancellation date or postage meter date is
        more than one day after date of deposit for mailing in affidavit.
20

21  ☑   (BY EMAIL) I caused to be served the above-described document by email to the parties
        indicated on the attached service list at the indicated email address.
22

23  ☐   (BY OVERNIGHT DELIVERY) By sending by Federal Express to the addressee(s) as
        indicated on the attached list.
24
          I declare that I am employed in the office of a member of the bar of this Court at whose
25  direction was made.

26        Executed on December 16, 2024, at San Francisco, California.

27                                      /s/ Oliver Carpio
                                        Oliver Carpio
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4938-7198-2855.1 78512.001                    2                                    ER 1447

**\*\*\* TEXT ONLY \*\*\***

| | | |
|---|---|---|
| 12/16/2024 | **55** | Notice to Filer of Correction/No Action Required: **Other - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE. Event code selected should match PDF. CORRECT EVENT CODE: Bankruptcy Events BK - Other >Certificate of Service** (RE: related document(s)54 Proof of service filed by Plaintiff Bradley D. Sharp, Chapter 11 Trustee) (TM) (Entered: 12/16/2024) |

1  Roza Crawford (SBN 222380)
   Daniel A. Crawford (SBN 187807)
2  CRAWFORD LAW GROUP
   15303 Ventura Blvd., 9th Floor
3  Sherman Oaks, California 91403
   Tel: (818) 935-6568
4  dac@crawfordlawgroup.com

5  Eric J. Olson (SBN 37630)
   EJOLSONLAW
6  Of Counsel to Leslie Klein & Assoc.
   301 E. Colorado Blvd., Suite 250
7  Pasadena, CA 91101
   Tel: (818) 245-2246
8  Cell: (626) 224-5619
   Eric@EJOlsonLaw.com
9
   Attorneys for Defendants,
10 THE MARITAL DEDUCTION TRUST
   OF ERIKA KLEIN, and
11 THE CREDIT TRUST of the SECOND
   AMENDED KLEIN LIVING TRUST
12

13                UNITED STATES BANKRUPTCY COURT
                   CENTRAL DISTRICT OF CALIFORNIA
14
                          Los Angeles Division
15

16 **IN RE LESLIE KLEIN,**            | Case No.: 2:23-bk-10990-SK

17         **Debtor,**                | Adv. Case No.: 2:24-ap-01140-SK

18                                    | Chapter 11

19                                    | Hon. Sandra Klein

20                                    | **DEFENDANTS' REPLY RE:**
                                      | **MOTION TO CONTINUE MOTION**
                                      | **FOR SUMMARY JUDGMENT**
21
                                      | Date:  December 18, 2024
22                                    | Time:  9:00 a.m.
                                      | Courtroom: 1575
23                                    | 255 East Temple Street
                                      | Los Angeles, CA 90012
24

25

26

27

28                                    1
   _____
                    **DEFENDANTS' REPLY RE:**
      **MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

BRADLEY D. SHARP, CHAPTER 11
TRUSTEE,
                    Plaintiff,

v.

LESLIE KLEIN, an individual,
THE SECOND AMENDED KLEIN
LIVING TRUST, a trust,
THE MARITAL DEDUCTION
TRUST OF ERIKA KLEIN, a trust,
THE SURVIVOR'S TRUST OF
LESLIE KLEIN, a trust, and
BARBARA KLEIN, an individual,

                    Defendants.

## I.    INTRODUCTION

Plaintiff's opposition to Defendants' request for a continuance of the motion for summary judgment ("MSJ") does not offer any valid reason why that request should be denied.

Plaintiff reviews some selective history of the case and notes, rightly, that it has been pending for some time.  But Plaintiff does not actually address the reasons why Defendants are seeking a continuance now, or the legal criteria by which Defendants' motion should be decided.  Contrary to Plaintiff's opposition brief, there are multiple reasons why the MSJ should not be continued now, and why Defendants' motion should be granted.

## II.    PLAINTIFF DOES NOT SHOW WHY DEFENDANTS' MOTION SHOULD NOT BE GRANTED UNDER FRCP 56(d).

As Defendants noted in the moving papers, FRCP 56(d) governs this motion, but Plaintiff does not address that rule.  Plaintiff does point out that the original

---

<div align="center">

2

**DEFENDANTS' REPLY RE:
MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

</div>

1    deadlines for briefing and presenting evidence on the MSJ are past, but that is exactly

2    the situation that FRCP 56(d) is designed to address.  In situations where the essential

3    facts are not available earlier, as in the present case, FRCP 56(d) specifically provides

4    a mechanism to allow a court to consider all essential facts needed for a just decision

5    before granting or denying summary judgment.  The fact the briefing on the MSJ is

6    closed in this case is irrelevant to the question of whether a continuance is warranted

7    now.

8         Defendants set forth in the moving papers what new essential facts they intend

9    to present, showed how those facts are essential to the MSJ, and explained why those

10   facts are not yet available.  Briefly, again, Defendants intend to present the factual

11   findings of the Los Angeles Probate Court concerning the interests of various parties

12   (exclusive of the debtor, Mr. Klein) in the exact June Street property which is the

13   disputed subject of the MSJ.  Those facts should be available in February 2025, when

14   the probate court rules.

15        Plaintiff does not dispute that those facts—judicial findings from the probate

16   court—are essential to the MSJ.  Plaintiff also does not dispute that those facts are

17   unavailable now, or that they will be available shortly, as Defendants suggest.  In

18   other words, Plaintiff does not dispute in its motion that Defendants have articulated a

19   good basis for the requested continuance now.   So, Plaintiff fails to even address

20   whether Defendants' request satisfies the standards under the governing statute,

21   FRCP 56(d), much less show why the motion should be denied.

22        Instead, Plaintiff complains about Mr. Klein's conduct and other ancillary

23   matters which have nothing to do either with the MSJ or with the current motion.

24   Plaintiff complains that Mr. Klein has been obstreperous, and he creditors have

25   suffered from delays that Mr. Klein purportedly caused.  However, Mr. Klein's

26   attitude in this case has nothing whatsoever to do with the subject of the adversary

27   proceeding, which is whether the June Street Property is part of the bankruptcy estate.

28

**3**

**DEFENDANTS' REPLY RE:**
**MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

1  Mr. Klein's attitude also does not affect whether there are disputed issues of fact
2  which preclude summary judgment, or not.

3      As for Mr. Klein's creditors, Plaintiff, the trustee, is already holding significant
4  funds from Mr. Klein's estate which could begin to satisfy their claims, even without
5  the June Street Property included.

6      Plaintiff also argues that Defendants' probate petition violates the automatic
7  stay and is void. But that petition is not against the debtor, Mr. Klein, or against any
8  property in the bankruptcy estate—whether the June Street Property is or is not in the
9  estate is disputed and unsettled. In any event, to the extent there is any question of
10 the viability of Defendants' probate petition, that is more reason why the MSJ should
11 be continued now, as Defendants request.

12 **III.    THE MSJ SHOULD BE CONTINUED NOW**

13     Notwithstanding Plaintiff's failure to address FRCP 56(d), or to refute
14 Defendants' points in the moving papers, there are many reasons why the MSJ should
15 be continued or denied now.

16     First, there are at least seven disputed points of material facts which should
17 delay or defeat the MSJ now. Those include who owns the June Street Property, Mr.
18 Klein or Erika Klein's marital deduction trust; whether the Klein Trust or the
19 subtrusts even exist; what property was allocated to the survivor's trust and whether
20 that allocation was effective prior to the "lookback" date; which court is empowered
21 to decide the affairs related to the Klein Trust, the probate court or this Court;
22 whether it is necessary to record a deed to transfer real property into a trust; whether
23 the credit trust has a role, or standing to assert a claim, in this case; whether Plaintiff's
24 evidence, without an affidavit addressing critical issues, is sufficient for an MSJ; and,
25 whether the beneficiaries of the Klein Trust are entitled to notice.

26

27

28

**4**

**DEFENDANTS' REPLY RE:**
**MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

1       Second, Leslie Klein resigned as Trustee of the Marital Deduction Trust in

2   May 28, 2024, although Plaintiff served discovery on Mr. Klein in this case

3   afterword.

4       Third, the Plaintiff has continued the Menlo matter seven times in an effort to

5   obtain trustees fees which are due to Klein, while also filing the Reiser report which

6   concludes that Klein is not entitled to those fees.

7       Finally, Plaintiff caused an affidavit to be filed in the Jerusalem Magistrate

8   Court, declaring falsely Leslie Klein owns 100% of the Dan Boutique Hotel suite,

9   while Plaintiffs has access to records that the Estate of Erika Klein owns 50% of the

10  property. That court required a declaration from an American probate court. In the

11  meantime the Trustee appointed a receiver to attempt to sell the property.

12  **IV.   CONCLUSION**

13      For all the foregoing reasons, Defendants again respectfully request that their

14  motion to continue the MSJ be granted.

15  Dated: December16, 2024           CRAWFORD LAW GROUP

16

17                  By _____

18                      Daniel A. Crawford

19                      Attorneys for Defendants,
    THE MARITAL DEDUCTION TRUST
    OF ERIKA KLEIN, and THE CREDIT

20                      TRUST of the SECOND AMENDED KLEIN
    LIVING TRUST

21

22

23

24

25

26

27

28

**DEFENDANTS' REPLY RE:
MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

ER 1453

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Defendants' Reply Re: Motion to Continue Motion for Summary Judgment"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/17/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 12/17/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

ER 1454

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/17/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

**DEFENDANTS' REPLY RE: MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**
**- 7 -**

ER 1455

**\*\*\* TEXT ONLY \*\*\***

| | 57 | Notice to Filer of Error and/or Deficient Document **Document (Proof of Service) filed without electronic /s/ or holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE "PROOF OF SERVICE" WITH THE PROPER SIGNATURES.** (RE: related document(s)56 Reply filed by Defendant The Second Amended Klein Living Trust, Defendant The Marital Deduction Trust of Erika Klein) (TM) (Entered: 12/17/2024) |
| 12/17/2024 | | |

Roza Crawford (SBN 222380)
Daniel A. Crawford (SBN 187807)
CRAWFORD LAW GROUP
15303 Ventura Boulevard, 9th Floor
Sherman Oaks, California 91403
Tel: (818) 935-6568
dac@crawfordlawgroup.com

Eric J. Olson (SBN 37630)
EJOLSONLAW
Of Counsel to Leslie Klein & Assoc.
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
Tel: (818) 245-2246
Cell: (626) 224-5619
Eric@EJOlsonLaw.com

Attorneys for Defendants
THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, and
THE CREDIT TRUST of the SECOND AMENDED KLEIN LIVING TRUST

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LESLIE KLEIN. | Case No.: 2:23-bk-10990-SK |
| DEBTOR. | Adv. Case No.: 2:24-ap-01140-SK |
| | Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | Hon. Sandra Klein |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | Date:  December 18, 2024 |
| LESLIE KLEIN, AN INDIVIDUAL; THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST; THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST; THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST; AND BARBARA KLEIN, AN INDIVIDUAL, | Time:  9:00 a.m. |
| | Courtroom: 1575 |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |
| Defendants. | |

**PROOF OF SERVICE**
- 1 -

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Defendants' Reply Re: Motion to Continue Motion for Summary Judgment"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/17/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicated method for each person or entity served):</u>**
On 12/17/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

**PROOF OF SERVICE**
**- 2 -**

ER 1458

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee | AP No.: 2:24-ap-01140-SK |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/17/2024 | Jasper Pantaleon | |
| Date | Type Name | Signature |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

PROOF OF SERVICE
- 3 -

ORDER No. _____



# UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

## TRANSCRIPT ORDER FORM

CHAPTER _11_

APPEAL? ☐ Yes ☒ No
APPEAL No. _____
(if known)

(File this form on the related case docket)

Ordering Party's Name: ___Jeffrey W. Dulberg___    Attorney Bar# ___181200___

Law Firm: ___Pachulski Stang Ziehl & Jones LLP___

Mailing Address: ___10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067___

Person to Contact (**If Judge-ordered: Transcriber to contact Procurement\*\***): ___Beth Dassa___

Telephone: (_310_) ___277-6910___    E-mail: ___bdassa@pszjlaw.com___

Bankruptcy Case #: ___23-10990___    Adversary Proceeding #/MP #: ___24-01140___

Date of Hearing (**complete a SEPARATE form for EACH hearing date**): ___12/18/24___    Time: ___10:30 a.m.___

Debtor: ___Leslie Klein___

Adversary Proceeding Name: ___Bradley D. Sharp, etc.___    vs. ___Leslie Klein, etc., et al.___

Hearing Judge: ___Sandra R. Klein___    Courtroom #: ___1575___

**TRANSCRIBER:** ___eScribers___    **ALTERNATE:** ___Ben Hyatt___
(Select from the Court-approved list of Transcription Service Providers. This provider will contact you regarding payment)

**341(a) MEETING OF CREDITORS:** The Meeting of Creditors is recorded by the Trustee. **DO NOT USE THIS FORM.** For *341(a) Recording Request Procedures*, visit the U.S. Trustee website www.justice.gov/ust/r16

| **Transcript Type:** | **NOTE:** The Court is not responsible for determining if a hearing has been previously transcribed. Check the case docket to determine if a filed transcript already exists or is being transcribed before filing this form. |
|---|---|

**Copy of Existing Transcript:** Contact the transcriber directly for a copy.

☐ Ordinary (30 days)    ☐ 3 Days    ☒ Entire Hearing
☐ 14 Days    ☐ Daily (24 hours)    ☐ Ruling/Opinion of Judge only
☒ 7 Days    ☐ Testimony of Witness _____
                                    ☐ Other*        (name of witness)

*Special Instructions: _____

**Transcript due dates** are computed from the date the deposit is received by the Transcriber. The cost of a transcript varies for each type. See *Transcript Ordering Instructions, **Transcript Costs/Forms of Payment***.

### TO BE COMPLETED BY THE COURT

☐ **Judge Ordered Transcript\*\*:** Clerk must **docket this form**; CM/ECF will automatically notify Procurement.

Date Request Filed: _____ Date Sent to Transcriber: _____ By ☐FDS ☐Mail ☐Messenger

Digital Recording (or Analog Tape Recording)

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

Court Recorder: _____Division:_____Processed by: _____

### **\*\*TRANSCRIBER INSTRUCTIONS**

**Judge-ordered transcripts:** email price quote & invoice to procurement@cacb.uscourts.gov. Provide quote **prior** to transcribing.

*Rev. November 2018. This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.*

ER 1460

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John W. Lucas (CA Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>E-mail: jlucas@pszjlaw.com<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorneys for* Bradley D. Sharp, Chapter 11 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>    LESLIE KLEIN,<br><br>                              Debtor(s) | CASE NO.: 2:23-bk-10990-SK<br>CHAPTER: 11<br><br>ADV. CASE NO. 2:24-ap-01140-SK |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>                              Plaintiff,<br><br>    vs.<br><br>LESLIE KLEIN, an individual, *et al.*,<br><br>                              Defendants. | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion1*) **MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS** |

PLEASE TAKE NOTE that the order titled **Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants** was lodged on (*date*) December 19, 2024 and is attached hereto. This order relates to the Motion which is docket number <u>32</u>.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 9021-1.2.BK.NOTICE.LODGMENT**
LA:4897-6663-3224.1 78512.001

ER 1461

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail:  jdulberg@pszjlaw.com
6           jlucas@pszjlaw.com
            jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

9                UNITED STATES BANKRUPTCY COURT

10               CENTRAL DISTRICT OF CALIFORNIA

                    LOS ANGELES DIVISION
11

12  In re:                              | Case No.: 23-10990-SK

    LESLIE KLEIN,                        | Adv. Case No.: 2:24-ap-01140-SK
13
                  Debtor.                | Chapter 11
14

15  BRADLEY D. SHARP, Chapter 11 Trustee, | **ORDER GRANTING MOTION FOR
                                          | SUMMARY JUDGMENT ON ALL
16               Plaintiff,               | CLAIMS FOR RELIEF AGAINST
                                          | DEFENDANTS**
17  v.

18  LESLIE KLEIN, an individual, THE SECOND | Date:   December 18, 2024
    AMENDED KLEIN LIVING TRUST, a trust,   | Time:   10:30 a.m.
19  THE MARITAL DEDUCTION TRUST OF         | Place:  Courtroom 1575
    ERIKA KLEIN, a trust, THE SURVIVOR'S   |         255 E. Temple Street
20  TRUST OF LESLIE KLEIN, a trust, and    |         Los Angeles, CA 90012
    BARBARA KLEIN, an individual,
21                                         | [Relates to Docket Nos. 32, 33, 34, 36, 43, 44,
                  Defendants.             | 48 and 49]
22

23

24        A hearing was held on December 18, 2024 at 10:30 a.m. in Courtroom 1575, 255 East

25  Temple Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court

26  to consider and act upon the *Motion For Summary Judgment On All Claims for Relief Against*

27  *Defendants* (the "**Motion**")[1] [Adv. Docket No. 32], filed by plaintiff, Bradley D. Sharp, as trustee

28  ─────────────────
    [1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

    4920-9348-3016.1 78512.001

1   (the "**Plaintiff**") for the Chapter 11 estate of Leslie Klein.  Appearances were as noted on the

2   record.

3        Based upon the record, the declaration of John W. Lucas [Adv. Docket No. 33], the request

4   for judicial notice [Adv. Docket No. 34], and the statement of facts and conclusions of law [Adv.

5   Docket No. 36], filed in support of the Motion; the opposition to the Motion (the "**Opposition**")

6   [Adv. Docket No. 43] and statement of genuine issues of facts [Adv. Docket No. 44], filed by

7   Defendants; the replies to the statement of facts [Adv. Docket No. 48] and Opposition [Adv.

8   Docket No. 49], filed by Plaintiff; the arguments of counsel at the hearing; the findings made by

9   the Court on the record of the hearing; and good cause appearing therefor; and for the reasons

10  stated by the Court on the record of the hearing,

11       **IT IS HEREBY ORDERED:**

12       1.    The Motion is GRANTED.

13       2.    The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute

14  arising from or relating to this Order.

15                                    # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4920-9348-3016.1 78512.001                        2

ER 1463

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>December 19, 2024,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:** On (*date*) <u>December 19, 2024,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>December 19, 2024,</u> I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via Email:</u>
Eric@EJOlsonLaw.com

Leslie Klein:  les.kleinlaw@gmail.com;
leskleinlaw@gmail.com; kleinlaw@earthlink.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 19, 2024 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*
LA:4897-6663-3224.1 78512.001

**F 9021-1.2.ADV.NOTICE.LODGMENT**

ADDITIONAL SERVICE LIST

MAILING INFORMATION FOR CASE NO. 2:23-bk-10990-SK

1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- Simon Aron   saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- Reem J Bello   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg   jdulberg@pszjlaw.com
- Robert P Goe   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- John W Lucas   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P Nolan   jnolan@pszjlaw.com
- Eric J Olson   eric@ejolsonlaw.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

2. SERVED BY UNITED STATES MAIL:

| | | |
|---|---|---|
| Peter C. Anderson, U.S. Trustee<br>Michael Jones, Assistant U.S. Trustee<br>Office of the U.S. Trustee<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, CA  90017 | Nathan Talei<br>Oldman, Sallus & Gold, L.L.P.<br>16133 Ventura Blvd., PH-A<br>Encino, CA 91436 | Leslie Klein & Associates, Inc.<br>c/o Leslie Klein<br>6454 Van Nuys Blvd. Suite 150<br>Van Nuys, CA 91401 |
| Leslie Klein & Associates, Inc.<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA  90071 | Leslie Klein<br>322 North June Street<br>Los Angeles, CA 90004 | Barbara Klein<br>322 North June Street<br>Los Angeles, CA 90004 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012
LA:4897-6663-3224.1 78512.001                   Page 2                   F 9021-1.2.BK.NOTICE.LODGMENT

ER 1465

**\*\*\* TEXT ONLY \*\*\***

| | 61 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 24-SK-39. RE Hearing Date: 12/18/24, [TRANSCRIPTION SERVICE PROVIDER: eScribers, Telephone number 213-943-3843.] (RE: related document(s)59 Transcript Order Form (Public Request) filed by Plaintiff Bradley D. Sharp, Chapter 11 Trustee) (DF) (Entered: 12/19/2024) |
|---|---|---|
| 12/19/2024 | | |

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
Los Angeles, California 90067-4003
E-mail:  jdulberg@pszjlaw.com
         jlucas@pszjlaw.com
         jnolan@pszjlaw.com

FILED & ENTERED

DEC 20 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may        DEPUTY CLERK

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 23-10990-SK<br><br>Adv. Case No.: 2:24-ap-01140-SK<br><br>Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual,<br><br>Defendants. | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS**<br><br>Date:  December 18, 2024<br>Time:  10:30 a.m.<br>Place:  Courtroom 1575<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br><br>[Relates to Docket Nos. 32, 33, 34, 36, 43, 44, 48 and 49] |

A hearing was held on December 18, 2024 at 10:30 a.m. in Courtroom 1575, 255 East

Temple Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court

to consider and act upon the *Motion For Summary Judgment On All Claims for Relief Against*

*Defendants* (the "**Motion**")[1] [Adv. Docket No. 32], filed by plaintiff, Bradley D. Sharp, as trustee

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  (the "**Plaintiff**") for the Chapter 11 estate of Leslie Klein.  Appearances were as noted on the

2  record.

3         Based upon the record, the Motion, the declaration of John W. Lucas [Adv. Docket No.

4  33], the request for judicial notice [Adv. Docket No. 34], and the statement of facts and

5  conclusions of law [Adv. Docket No. 36], filed by Plaintiff in support of the Motion; the

6  opposition to the Motion filed by Defendants [Adv. Docket No. 43], the statement of genuine

7  issues of facts filed by Defendants [Adv. Docket No. 44]; the reply to the statement of facts filed

8  by Plaintiff [Adv. Docket No. 48], and the reply to the Opposition filed by Plaintiff [Adv. Docket

9  No. 49]; the motion to continue filed by Defendants [Adv. Docket No. 51]; and the opposition to

10  the Motion to Continue, filed by Plaintiff [Adv. Docket No. 52]; and the arguments of counsel at

11  the hearing; based on the findings of fact and conclusions of law made by the Court on the record

12  of the hearing; and good cause appearing therefor; and for the reasons stated by the Court on the

13  record of the hearing,

14      **IT IS HEREBY ORDERED:**

15      1.    The Motion is GRANTED.

16      2.    The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute

17  arising from or relating to this Order.

18           # # #

19

20

21

22

23  Date: December 20, 2024

24          Sandra R. Klein
        United States Bankruptcy Judge

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

United States Bankruptcy Court
Central District of California

Sharp, Chapter 11 Trustee,

    Plaintiff

                                      Adv. Proc. No. 24-01140-SK

Klein,

    Defendant

# CERTIFICATE OF NOTICE

District/off: 0973-2                       User: admin                         Page 1 of 2

Date Rcvd: Dec 20, 2024            Form ID: pdf031            Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 22, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| intp | + Joseph Vago, c/o Goe Forsythe & Hodges LLP, 17701 Cowan, Suite 210, IRVINE IRVINE, CA 92614-6840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Barbara Klein |
| pla | | Bradley D. Sharp, Chapter 11 Trustee |
| intp | | Clarisse Young Shumaker |
| dft | | Kenneth Klein |
| dft | | Leslie Klein |
| dft | | The Marital Deduction Trust of Erika Klein |
| dft | | The Second Amended Klein Living Trust |
| dft | | The Survivor's Trust of Leslie Klein |

TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2024            Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 20, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Eric J Olson | on behalf of Defendant Barbara Klein eric@cjolsonlaw.com |

District/off: 0973-2                           User: admin                              Page 2 of 2
Date Rcvd: Dec 20, 2024                       Form ID: pdf031                          Total Noticed: 1

Eric J Olson
    on behalf of Defendant Leslie Klein eric@ejolsonlaw.com

Eric J Olson
    on behalf of Defendant The Survivor's Trust of Leslie Klein eric@ejolsonlaw.com

Eric J Olson
    on behalf of Defendant The Marital Deduction Trust of Erika Klein eric@ejolsonlaw.com

Eric J Olson
    on behalf of Defendant The Second Amended Klein Living Trust eric@ejolsonlaw.com

Jeffrey P Nolan
    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com

Jeffrey W Dulberg
    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

John W Lucas
    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

Reem J Bello
    on behalf of Interested Party Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Robert P Goe
    on behalf of Interested Party Joseph Vago kmurphy@goeforlaw.com
    rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Simon Aron
    on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

United States Trustee (LA)
    ustpregion16.la.ecf@usdoj.gov


TOTAL: 12

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail: jdulberg@pszjlaw.com
6         jlucas@pszjlaw.com
          jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

FILED & ENTERED

DEC 20 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may          DEPUTY CLERK

9              UNITED STATES BANKRUPTCY COURT
10             CENTRAL DISTRICT OF CALIFORNIA
                    LOS ANGELES DIVISION
11

| | |
|---|---|
| In re: | Case No.: 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS** |
| Plaintiff, | |
| v. | Date:   December 18, 2024 |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | Time:   10:30 a.m.<br>Place:   Courtroom 1575<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br><br>[Relates to Docket Nos. 32, 33, 34, 36, 43, 44, 48 and 49] |
| Defendants. | |

A hearing was held on December 18, 2024 at 10:30 a.m. in Courtroom 1575, 255 East

Temple Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court

to consider and act upon the *Motion For Summary Judgment On All Claims for Relief Against*

*Defendants* (the "**Motion**")[1] [Adv. Docket No. 32], filed by plaintiff, Bradley D. Sharp, as trustee

_____
[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

4920-9348-3016.1 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  (the "**Plaintiff**") for the Chapter 11 estate of Leslie Klein.  Appearances were as noted on the

2  record.

3          Based upon the record, the Motion, the declaration of John W. Lucas [Adv. Docket No.

4  33], the request for judicial notice [Adv. Docket No. 34], and the statement of facts and

5  conclusions of law [Adv. Docket No. 36], filed by Plaintiff in support of the Motion; the

6  opposition to the Motion filed by Defendants [Adv. Docket No. 43], the statement of genuine

7  issues of facts filed by Defendants [Adv. Docket No. 44]; the reply to the statement of facts filed

8  by Plaintiff [Adv. Docket No. 48], and the reply to the Opposition filed by Plaintiff [Adv. Docket

9  No. 49]; the motion to continue filed by Defendants [Adv. Docket No. 51]; and the opposition to

10 the Motion to Continue, filed by Plaintiff [Adv. Docket No. 52]; and the arguments of counsel at

11 the hearing; based on the findings of fact and conclusions of law made by the Court on the record

12 of the hearing; and good cause appearing therefor; and for the reasons stated by the Court on the

13 record of the hearing,

14         **IT IS HEREBY ORDERED:**

15         1.      The Motion is GRANTED.

16         2.      The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute

17 arising from or relating to this Order.

18                                         # # #

19

20

21

22

23 Date: December 20, 2024

24                                         Sandra R. Klein
                                           United States Bankruptcy Judge
25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ER 1472

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail:  jdulberg@pszjlaw.com
6            jlucas@pszjlaw.com
             jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

FILED & ENTERED

DEC 30 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

9           UNITED STATES BANKRUPTCY COURT
10           CENTRAL DISTRICT OF CALIFORNIA
             LOS ANGELES DIVISION
11

| | |
|---|---|
| In re: | Case No.: 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee, | **ORDER TO SHOW CAUSE REGARDING WHY LESLIE KLEIN, DANIEL CRAWFORD, AND ERIC OLSON ARE NOT IN VIOLATION OF THE AUTOMATIC STAY** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | Date:  January 22, 2025<br>Time:  9:00 a.m.<br>Crtrm:  Courtroom 1575<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |
| Defendants. | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On 2/22/23, debtor Leslie Klein (Klein) filed a voluntary chapter 11 bankruptcy petition, case no. 2:23-bk-10990-SK.  Docket #1.  On 5/24/23, the Court appointed Bradley D. Sharp (Sharp) as chapter 11 trustee for Klein's bankruptcy estate.  Docket #155.

On 5/23/24, Sharp filed a complaint that initiated the above-captioned adversary proceeding.  Adv. Docket #1.  On 5/29/24 Sharp filed an amended complaint (Amended

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Complaint) against Klein, the Second Amended Klein Living Trust, the Marital Deduction Trust

2    of Erika Klein, the Survivor's Trust of Leslie Klein and Barbara Klein (Defendants).  Adv. Docket

3    #6.  The Amended Complaint sought: 1) a determination that 322 N. June St., Los Angeles,

4    California, 90004, (Property) is solely owned by Klein's bankruptcy estate; 2) a judicial

5    declaration quieting title to the Property; and 3) a determination that all unrecorded interests in the

6    Property are void and unenforceable.  Id. at 4-5.

7         On 9/20/24, Sharp filed a Motion for Summary Judgment (MSJ) regarding the causes of

8    action pled in the Amended Complaint.  Adv. Docket #32.  On 9/24/24, the Court entered an order

9    setting briefing deadlines and a hearing on the MSJ on 12/18/24 (12/18/24 Hearing).  Adv. Docket

10   #37.  On 10/15/24, Defendants filed an opposition (Opposition), Adv. Docket #43, and on

11   10/30/24 Sharp filed a reply (Reply).  Adv. Docket #49.

12        On 12/11/24, Daniel Crawford (Crawford), Klein's co-counsel with Eric Olson (Olson),

13   filed a "Notice of Motion and Motion for Continuance of Motion for Summary Judgment . . ."

14   (Motion to Continue).  Adv. Docket #51.  The Motion to Continue indicated that on 12/9/24, the

15   Defendants filed a petition in the Los Angeles Superior Court, Probate Division, case no.

16   24STPB13777 (Probate Action), seeking to have the probate court "exercise its exclusive

17   jurisdiction . . . to resolve a matter concerning the internal affairs" of the Second Amended Klein

18   Living Trust (Klein Trust), specifically whether the Property was allocated in part, or in whole, to

19   the Defendants' trusts.  Id.  Attached to the Motion to Continue was a "Verified Petition for Order

20   Conveying Trust Assets Into the Second Amended Marital Deduction Trust and Credit Trust

21   Dated April 8, 1990 of Erika Klein." (Petition), which was filed in the Probate Action on 12/9/24.

22   Id. at 14.

23        On 12/18/24 at 10:30 a.m., the Court held a hearing on the MSJ and a status conference in

24   this matter.  During the 12/18/24 Hearing:

25        1)  The Court granted the MSJ.

26        2)  Sharp's counsel argued that filing the Petition in the Probate Action violated the

27            automatic stay and requested that the Petition be dismissed.

28

1    3)  The Court declined the request to dismiss the Petition, but indicated that it would issue

2        an order to show cause why Klein, and his attorneys, Daniel Crawford and Eric Olson,

3        should not be sanctioned for violating the automatic stay.

4    Based on the foregoing, IT IS HEREBY ORDERED THAT the following individuals are

5    ordered to show cause regarding why they have not violated the automatic stay by filing the

6    Petition and prosecuting the Probate Action:

7    1)  Leslie Klein, in his individual capacity, and as trustee of The Second Amended Klein

8        Living Trust, dated April 8, 1990, the Marital Deduction Trust, the Survivor's Trust,

9        and the Credit Trust thereunder,

10   2)  Daniel Crawford; and

11   3)  Eric Olson.

12   If the Court finds that filing the Petition and/or prosecution of the Probate Action violated

13   the automatic stay, it will also consider what sanctions, if any, should be imposed on Klein,

14   Crawford, and/or Olson.

15   1)  A written response to this OSC must be filed and served by 1/8/25 at 12:00 p.m. noon;

16   2)  Replies, if any, must be filed and served by 1/15/25 12:00 p.m. noon;

17   3)  No further briefing will be allowed or considered.

18   4)  A hearing on this OSC is set for 1/22/25 at 9:00 a.m.

19

20                                    # # #

21

22

23   Date: December 30, 2024

24                                    Sandra R. Klein
                                      United States Bankruptcy Judge

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
4  Los Angeles, CA  90067-4003
   Telephone: 310.277.6910
5  Facsimile: 310.201.0760
   Los Angeles, California 90067-4003
6  E-mail:  jdulberg@pszjlaw.com
7          jlucas@pszjlaw.com
           jnolan@pszjlaw.com
8
   Attorneys for Plaintiff, Bradley D. Sharp,
9  Chapter 11 Trustee

10              UNITED STATES BANKRUPTCY COURT
11              CENTRAL DISTRICT OF CALIFORNIA
                    LOS ANGELES DIVISION
12

13 In re:                                  Case No.: 23-10990-SK

14 LESLIE KLEIN,                           Adv. Case No.: 2:24-ap-01140-SK

15        Debtor.                          Chapter 11

16 ─────────────────────────────          **PROOF OF SERVICE OF ORDER TO
   BRADLEY D. SHARP, Chapter 11 Trustee,  SHOW CAUSE REGARDING WHY
17                                         LESLIE KLEIN, DANIEL CRAWFORD,
          Plaintiff,                       AND ERIC OLSON ARE NOT IN
18                                         VIOLATION OF THE AUTOMATIC
   v.                                      STAY – DOCKET NO. 64**
19
   LESLIE KLEIN, an individual, THE SECOND
20 AMENDED KLEIN LIVING TRUST, a trust,
   THE MARITAL DEDUCTION TRUST OF
21 ERIKA KLEIN, a trust, THE SURVIVOR'S
   TRUST OF LESLIE KLEIN, a trust, and
22 BARBARA KLEIN, an individual,

23        Defendants.

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **PROOF OF SERVICE OF ORDER TO SHOW CAUSE REGARDING WHY LESLIE KLEIN, DANIEL CRAWFORD, AND ERIC OLSON ARE NOT IN VIOLATION OF THE AUTOMATIC STAY – DOCKET NO. 64** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 31, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R @notify.bestcase.com;ajohnston@goeforlaw.com

- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **December 31, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 31, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Email:**<br>Eric Olson, Esq.<br>Eric@EJOlsonLaw.com<br><br>Leslie Klein: les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | **Via Email:**<br>Daniel A. Crawford, Esq.<br>Email: dac@crawfordlawgroup.com |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 31, 2024 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| Date | Printed Name | Signature |

4937-9670-6571.1 78512.001

United States Bankruptcy Court

Central District of California

Sharp, Chapter 11 Trustee,

    Plaintiff

                                     Adv. Proc. No. 24-01140-SK

Klein,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 30, 2024 | Form ID: pdf031 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 01, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| intp | + Joseph Vago, c/o Goe Forsythe & Hodges LLP, 17701 Cowan, Suite 210, IRVINE IRVINE, CA 92614-6840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Barbara Klein |
| pla | | Bradley D. Sharp, Chapter 11 Trustee |
| intp | | Clarisse Young Shumaker |
| dft | | Kenneth Klein |
| dft | | Leslie Klein |
| dft | | The Marital Deduction Trust of Erika Klein |
| dft | | The Second Amended Klein Living Trust |
| dft | | The Survivor's Trust of Leslie Klein |

TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 01, 2025                  Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 30, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Eric J Olson | |
| | on behalf of Defendant Barbara Klein eric@ejolsonlaw.com |

District/off: 0973-2 · · · · · · · · · · · · · · · · · · User: admin · · · · · · · · · · · · · · · · · · Page 2 of 2
Date Rcvd: Dec 30, 2024 · · · · · · · · · · · · · · Form ID: pdf031 · · · · · · · · · · · · · · · · Total Noticed: 1

Eric J Olson
          on behalf of Defendant Leslie Klein eric@ejolsonlaw.com

Eric J Olson
          on behalf of Defendant The Survivor's Trust of Leslie Klein eric@ejolsonlaw.com

Eric J Olson
          on behalf of Defendant The Marital Deduction Trust of Erika Klein eric@ejolsonlaw.com

Eric J Olson
          on behalf of Defendant The Second Amended Klein Living Trust eric@ejolsonlaw.com

Jeffrey P Nolan
          on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com

Jeffrey W Dulberg
          on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

John W Lucas
          on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

Reem J Bello
          on behalf of Interested Party Joseph Vago rbello@gocforlaw.com  kmurphy@gocforlaw.com

Robert P Goe
          on behalf of Interested Party Joseph Vago kmurphy@gocforlaw.com
          rgoe@gocforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@gocforlaw.com

Simon Aron
          on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

United States Trustee (LA)
          ustpregion16.la.ecf@usdoj.gov

TOTAL: 12

1
2
3
4
5
6
7
8

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
Los Angeles, California 90067-4003
E-mail:  jdulberg@pszjlaw.com
　　　　jlucas@pszjlaw.com
　　　　jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

**FILED & ENTERED**

**DEC 30 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

9
10
11

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

12
13
14
15
16
17
18
19
20
21
22
23

| | |
|---|---|
| In re: | Case No.: 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee, | **ORDER TO SHOW CAUSE REGARDING WHY LESLIE KLEIN, DANIEL CRAWFORD, AND ERIC OLSON ARE NOT IN VIOLATION OF THE AUTOMATIC STAY** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | Date:  January 22, 2025
Time:  9:00 a.m.
Crtrm: Courtroom 1575
　　　 255 E. Temple Street
　　　 Los Angeles, CA 90012 |
| Defendants. | |

24
25
26
27
28

　　　On 2/22/23, debtor Leslie Klein (Klein) filed a voluntary chapter 11 bankruptcy petition, case no. 2:23-bk-10990-SK.  Docket #1.  On 5/24/23, the Court appointed Bradley D. Sharp (Sharp) as chapter 11 trustee for Klein's bankruptcy estate.  Docket #155.

　　　On 5/23/24, Sharp filed a complaint that initiated the above-captioned adversary proceeding.  Adv. Docket #1.  On 5/29/24 Sharp filed an amended complaint (Amended

4900-8183-7064.2 78512.001

1   Complaint) against Klein, the Second Amended Klein Living Trust, the Marital Deduction Trust

2   of Erika Klein, the Survivor's Trust of Leslie Klein and Barbara Klein (Defendants).  Adv. Docket

3   #6.  The Amended Complaint sought: 1) a determination that 322 N. June St., Los Angeles,

4   California, 90004, (Property) is solely owned by Klein's bankruptcy estate; 2) a judicial

5   declaration quieting title to the Property; and 3) a determination that all unrecorded interests in the

6   Property are void and unenforceable.  Id. at 4-5.

7        On 9/20/24, Sharp filed a Motion for Summary Judgment (MSJ) regarding the causes of

8   action pled in the Amended Complaint.  Adv. Docket #32.  On 9/24/24, the Court entered an order

9   setting briefing deadlines and a hearing on the MSJ on 12/18/24 (12/18/24 Hearing).  Adv. Docket

10  #37.  On 10/15/24, Defendants filed an opposition (Opposition), Adv. Docket #43, and on

11  10/30/24 Sharp filed a reply (Reply).  Adv. Docket #49.

12       On 12/11/24, Daniel Crawford (Crawford), Klein's co-counsel with Eric Olson (Olson),

13  filed a "Notice of Motion and Motion for Continuance of Motion for Summary Judgment . . ."

14  (Motion to Continue).  Adv. Docket #51.  The Motion to Continue indicated that on 12/9/24, the

15  Defendants filed a petition in the Los Angeles Superior Court, Probate Division, case no.

16  24STPB13777 (Probate Action), seeking to have the probate court "exercise its exclusive

17  jurisdiction . . . to resolve a matter concerning the internal affairs" of the Second Amended Klein

18  Living Trust (Klein Trust), specifically whether the Property was allocated in part, or in whole, to

19  the Defendants' trusts.  Id.  Attached to the Motion to Continue was a "Verified Petition for Order

20  Conveying Trust Assets Into the Second Amended Marital Deduction Trust and Credit Trust

21  Dated April 8, 1990 of Erika Klein." (Petition), which was filed in the Probate Action on 12/9/24.

22  Id. at 14.

23       On 12/18/24 at 10:30 a.m., the Court held a hearing on the MSJ and a status conference in

24  this matter.  During the 12/18/24 Hearing:

25       1)  The Court granted the MSJ.

26       2)  Sharp's counsel argued that filing the Petition in the Probate Action violated the

27           automatic stay and requested that the Petition be dismissed.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3) The Court declined the request to dismiss the Petition, but indicated that it would issue an order to show cause why Klein, and his attorneys, Daniel Crawford and Eric Olson, should not be sanctioned for violating the automatic stay.

Based on the foregoing, IT IS HEREBY ORDERED THAT the following individuals are ordered to show cause regarding why they have not violated the automatic stay by filing the Petition and prosecuting the Probate Action:

1) Leslie Klein, in his individual capacity, and as trustee of The Second Amended Klein Living Trust, dated April 8, 1990, the Marital Deduction Trust, the Survivor's Trust, and the Credit Trust thereunder,

2) Daniel Crawford; and

3) Eric Olson.

If the Court finds that filing the Petition and/or prosecution of the Probate Action violated the automatic stay, it will also consider what sanctions, if any, should be imposed on Klein, Crawford, and/or Olson.

1) A written response to this OSC must be filed and served by 1/8/25 at 12:00 p.m. noon;

2) Replies, if any, must be filed and served by 1/15/25 12:00 p.m. noon;

3) No further briefing will be allowed or considered.

4) A hearing on this OSC is set for 1/22/25 at 9:00 a.m.

# # #

Date: December 30, 2024

Sandra R. Klein
United States Bankruptcy Judge

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4900-8183-7064.2 78512.001

3

ER 1482

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Eric J. Olson (SBN 37630)<br>EJOlsonLaw<br>301 East Colorado Boulevard, Suite 520<br>Pasadena, California 91101<br>T: 818-245-2246<br>C: 626-224-5619<br>E: Eric@EJOlsonLaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Defendants (See Attachment 1) | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Leslie Klein | CASE NO.:2:23-bk-10990-SK<br><br>ADVERSARY NO.: 2:24-ap-01140-SK<br>*(if applicable)*<br><br>CHAPTER: 11 |
|---|---|
| Debtor(s). | |
| Bradley D. Sharp, Chapter 11 Trustee<br><br><br>Plaintiff(s) *(if applicable)*.<br>vs.<br>Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; and Barbara Klein, an individual<br>Defendant(s) *(if applicable)*. | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1:  Identify the appellant(s)**

1.   Name(s) of appellant(s):  Defendants (See Attachment 1)

2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☒ Defendant
☐ Other *(describe)*:

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other *(describe)*:

ER 1483

Attachment 1 to Notice of Appeal and Statement of Election

2:24-ap-01140-SK

Defendants:

Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The
Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie
Klein, a trust; and Barbara Klein, an individual

**Part 2:  Identify the subject of this appeal**

1.  Describe the judgment—or the appealable order or decree—from which the appeal is taken:
    Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants


2.  State the date on which the judgment—or the appealable order or decree—was entered: 12/20/2024

**Part 3:  Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the
names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party:  Bradley D. Sharp, Chapter 11 Trustee

    Attorney:

    Jeffrey W. Dulberg, John W. Lucas, Jeffrey P. Nolan
    PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Boulevard, 13th Floor
    Los Angeles, California 90067
    T: 310-277-6910 F: 310-201-0760
    E: jdulberg@pszjlaw.com; jlucas@pszjlaw.com; jnolan@pszjlaw.com

2.  Party:

    Attorney:




**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal
unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If
an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not
check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy
    Appellate Panel.

**Part 5:  Sign below**

_____    Date:  01/03/2025
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in
§ 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P.
8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of
Appeal.]

<table>
<tr><td>

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13<sup>th</sup> Floor
   Los Angeles, CA 90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail:  jdulberg@pszjlaw.com
6           jlucas@pszjlaw.com
            jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

</td><td>

**FILED & ENTERED**

**DEC 20 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may        DEPUTY CLERK

</td></tr>
</table>

9              UNITED STATES BANKRUPTCY COURT
10             CENTRAL DISTRICT OF CALIFORNIA
                  LOS ANGELES DIVISION
11

| | |
|---|---|
| In re: | Case No.: 23-10990-SK |
| 12 | |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| 13 | |
| Debtor. | Chapter 11 |
| 14 | |
| 15  BRADLEY D. SHARP, Chapter 11 Trustee, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST** |
| 16  Plaintiff, | **DEFENDANTS** |
| 17  v. | |
| 18  LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, | Date:  December 18, 2024<br>Time:  10:30 a.m.<br>Place:  Courtroom 1575 |
| 19  THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S | 255 E. Temple Street<br>Los Angeles, CA 90012 |
| 20  TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | [Relates to Docket Nos. 32, 33, 34, 36, 43, 44, |
| 21  Defendants. | 48 and 49] |
| 22 | |

23
24        A hearing was held on December 18, 2024 at 10:30 a.m. in Courtroom 1575, 255 East
25   Temple Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court
26   to consider and act upon the *Motion For Summary Judgment On All Claims for Relief Against*
27   *Defendants* (the "**Motion**")[1] [Adv. Docket No. 32], filed by plaintiff, Bradley D. Sharp, as trustee

28   ───────────────
     [1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   (the "**Plaintiff**") for the Chapter 11 estate of Leslie Klein.  Appearances were as noted on the

2   record.

3        Based upon the record, the Motion, the declaration of John W. Lucas [Adv. Docket No.

4   33], the request for judicial notice [Adv. Docket No. 34], and the statement of facts and

5   conclusions of law [Adv. Docket No. 36], filed by Plaintiff in support of the Motion; the

6   opposition to the Motion filed by Defendants [Adv. Docket No. 43], the statement of genuine

7   issues of facts filed by Defendants [Adv. Docket No. 44]; the reply to the statement of facts filed

8   by Plaintiff [Adv. Docket No. 48], and the reply to the Opposition filed by Plaintiff [Adv. Docket

9   No. 49]; the motion to continue filed by Defendants [Adv. Docket No. 51]; and the opposition to

10  the Motion to Continue, filed by Plaintiff [Adv. Docket No. 52]; and the arguments of counsel at

11  the hearing; based on the findings of fact and conclusions of law made by the Court on the record

12  of the hearing; and good cause appearing therefor; and for the reasons stated by the Court on the

13  record of the hearing,

14        **IT IS HEREBY ORDERED:**

15        1.    The Motion is GRANTED.

16        2.    The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute

17  arising from or relating to this Order.

18                                    # # #

19

20

21

22

23  Date: December 20, 2024

24                                    Sandra R. Klein
                                      United States Bankruptcy Judge

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

301 East Colorado Boulevard, Suite 520, Pasadena, California 91101

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
 01/03/2025 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Simon Aron (saron@wrslawyers.com, moster@wrslawyers.com); Reem J. Bello (rbello@goeforlaw.com;
kmurphy@goeforlaw.com); Jeffrey W. Dulberg (jdulberg@pszjlaw.com); Robert P. Goe (kmurphy@goeforlaw.com,
rgoe@goeforlaw.com, goeforecf@gmail.com); United States Trustee (LA) (ustpregion16.la.ecf@usdoj.gov); John W.
Lucas (jlucas@pszjlaw.com, ocarpio@pszjlaw.com); Jeffrey P. Nolan (jnolan@pszjlaw.com)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 01/03/2025 , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

via US Mail
Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/3/2025 | Jasper Pantaleon | |
|---|---|---|
| Date | Printed Name | Signature |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Leslie Klein<br><br><br><br><br>Debtor(s) | CASE NO.: 2:23-bk-10990-SK<br>ADVERSARY NO.: 2:24-ap-01140-SK<br>NOTICE OF APPEAL FILED: 01/03/2025<br>NOTICE OF CROSS APPEAL FILED :<br>BANKRUPTCY CASE FILED : 02/22/2023<br>APPEAL DOCKET ENTRY NO.: 67 |
|---|---|
| Bradley D. Sharp, Chapter 11 Trustee<br><br><br>Plaintiff(s)<br>vs.<br>Leslie Klein; The Second Amended Klein Living Trust;<br>The Marital Deduction Trust of Erika Klein; Barbara Klein;<br>The Survivor's Trust of Leslie Klein; Kenneth Klein<br><br><br>Defendant(s) | **NOTICE OF REFERRAL OF APPEAL** |

To all parties in interest, and the:

☒ Bankruptcy Appellate Panel of the Ninth Circuit
☐ United States District Court, Central District of California

You are hereby notified that the following document(s) have been filed at the Bankruptcy Court.

☐ Motion for Leave to Appeal
☐ Answer in opposition to Motion for Leave to Appeal
☒ Notice of Appeal and Statement of Election
☐ Notice of Cross-Appeal
☐ Appellant's Statement of Election to Transfer Appeal to the District Court
☐ Other (*specify*):

By virtue of orders of the Judicial Council of the Ninth Circuit and the District Court for this District, the above appeal and related documents have been referred to the Bankruptcy Appellate Panel or U.S. District Court, as indicated above.

I certify that a true copy of the Notice of Appeal and Statement of Election, Notice of Referral of Appeal, Transcript Order Form, and Notice of Transcript were served on each of the parties listed in the Appeal, together with a copy of the Amended Order Continuing the Bankruptcy Appellate Panel of the Ninth Circuit, as applicable.

Kathleen J. Campbell
Clerk of Court

Date: 01/06/2025          By: /s/ Sonny Milano
                              Deputy Clerk

# NOTICE OF APPEAL SERVICE LIST

1. **SERVED BY THE BANKRUPTCY COURT BY NOTICE OF ELECTRONIC FILING (NEF):**

   ☒ Bankruptcy Appellate Panel of the Ninth Circuit at bapca09filings@ca9.uscourts.gov
   ☐ United States District Court at bkappeal_cacd@cacd.uscourts.gov

   Office of the United States Trustee

   ☒ Los Angeles Division at ustpregion16.la.ecf@usdoj.gov
   ☐ Riverside Division at ustpregion16.rs.ecf@usdoj.gov
   ☐ Santa Ana Division at ustpregion16.sa.ecf@usdoj.gov
   ☐ San Fernando Valley Division at ustpregion16.wh.ecf@usdoj.gov
   ☐ Northern Division at ustpregion16.nd.ecf@usdoj.gov

   Other parties served by NEF:
   Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
   Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
   Jeffrey W Dulberg    jdulberg@pszjlaw.com
   Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;
   Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
   John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
   Jeffrey P Nolan    jnolan@pszjlaw.com
   Eric J Olson    eric@ejolsonlaw.com

2. **SERVED BY THE BANKRUPTCY COURT BY UNITED STATES MAIL:**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION****

| In re: | |
|---|---|
| | CASE NO.: |
| | CHAPTER: **Select Chapter** |
| | ADVERSARY NO.:<br>(if applicable) |
| | DATE NOTICE OF APPEAL FILED: |
| | DATE NOTICE OF CROSS APPEAL FILED: |
| Debtor(s). | APPEAL DOCKET ENTRY NO.: |
| Plaintiff(s),<br>vs.<br><br>Defendant(s). | **NOTICE OF TRANSCRIPT(S)<br>DESIGNATED FOR AN APPEAL** |

Notice is given to the court and other parties in interest that the following action was taken:

☐   I do not intend to designate any portion of the transcript(s).

☐   I requested a copy of the transcript(s).

    1.   Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
       Date (*specify*) _____ transcript was requested.

    2.   Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
       Date (*specify*) _____ transcript was requested.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ER 1491

3.  Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
    Date (*specify*) _____ transcript was requested.

4.  Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
    Date (*specify*) _____ transcript was requested.

5.  Hearing date (*specify*) _____ and time (*specify*) _____ of transcript requested.
    Date (*specify*) _____ transcript was requested.

☐  I intend to designate the following transcript(s) previously docketed:

1.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

2.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

3.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

4.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

5.  Hearing date (*specify*) _____ of designated transcript.
    Docket entry number of designated transcript  (*specify*) _____

Date: 01/06/2025
      _____

_____
Printed name of law firm

_____
Signature

_____
Printed name

_____
Attorney for (*specify*)

<u>Instructions</u>

This Notice <u>cannot</u> be used to order a transcript.  To order a transcript, use the court approved Transcript Order Form on the court's website at <u>www.cacb.uscourts.gov/transcripts</u>.

This Notice must be served on opposing counsel and filed with the court within 14 days of the filing of the Notice of Appeal.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF TRANSCRIPT(S) DESIGNATED FOR AN APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2016                                    Page 3                        **F 8004-1.1.NOTICE.TRANSCRIPT**

ER 1493

# TRANSCRIPT ORDERING INSTRUCTIONS

## TRANSCRIPT REQUESTS
A separate form must be completed for each hearing date requested. Select a Transcription Service Provider from the attached Court-approved list of transcribers and complete the *Transcript Order form*.

Five (5) types of transcript requests:

- **30 Days:** A transcript to be delivered within thirty (30) calendar days after receipt of deposit.
- **14 Days:** A transcript to be delivered within fourteen (14) calendar days after receipt of deposit.
- **7 Days:** A transcript to be delivered within seven (7) calendar days after receipt of deposit.
- **3 Days:** A transcript to be delivered within three (3) calendar days after receipt of deposit.
- **Next Day:** A transcript to be delivered within 24 hours after receipt of deposit.

## 341(a) MEETING OF CREDITORS:
The Meeting of Creditors is recorded by the Trustee. The Court does not keep or provide a copy of the recording. For *341(a) Recording Request Procedures*, visit the U.S. Trustee website www.justice.gov/ust/r16.

## FILE THE TRANSCRIPT ORDER FORM
Parties with an ECF account must file the Transcript Order Form in CM/ECF on the related case docket. Use docket event "*Transcript Order Form (Public Request)*." As with all ECF filings, the completed PDF *Transcript Order Form* must be "flattened" before electronically filing through ECF (click here to view the procedure). Self-represented litigants and parties without an ECF account may hand-deliver or mail the form to the division where the hearing was held.

**\*NOTE: The Court does not accept transcript requests via fax, email or telephone.**

## TRANSCRIPT PROCESSING
The Court does not transcribe court proceedings. **The official record of court proceedings is transcribed by a court-approved transcriber from materials provided to that transcriber by the court.** When a *Transcript Order Form* is received, the Court will forward the hearing information to the Transcription Service Provider you designate on the Transcript Order Form. The Transcription Service Provider will contact you regarding receipt of the transcript. Thereafter, contact the Transcription Service Provider directly if you have questions regarding your transcript order. Transcripts cannot be picked up at the Court. For more information, go to www.cacb.uscourts.gov/track-transcript-status.

## TRANSCRIPT COSTS/FORMS OF PAYMENT
The Transcription Service Provider will contact you directly regarding transcript costs and forms of payment. Rates may vary but may not exceed maximum charges set by the Judicial Conference of the United States (maximum rates are listed at www.cacb.uscourts.gov/transcripts).

## COPIES OF TRANSCRIPTS
Once the *Transcript Order Form* requesting a transcript of a hearing is entered on the related case docket, a Transcription Service Provider is designated and materials for transcription are sent by the Court to the designated Transcription Service Provider. If more than one party files a *Transcript Order Form* for the same hearing, the first *Transcript Order Form* on the docket takes precedence. All other parties that wish to obtain a transcript of the same hearing are to contact the Transcription Service Provider designated on the case docket.

Completed transcripts are filed by the transcriber on the related case docket and restricted for 90 days from the filed date as set forth in the *Guide to Judiciary Policy* Vol. 6, §510.25.10. During the 90-day restriction period, the transcript may be viewed at the Clerk's Office on a public computer terminal or a copy purchased from the designated Transcription Service Provider that created the original transcript. For more information see *Transcript Ordering Instructions*, section 1.15 of the Court Manual at www.cacb.uscourts.gov/court-manual.

ER 1494

## COURT LOCATIONS

Self-represented litigants and parties without an ECF account may hand-deliver or mail the form to the division where the hearing was held.

| *DIVISION | ADDRESS |
|---|---|
| **Los Angeles (LA)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>255 E. Temple Street Suite 940<br>Los Angeles, CA 90012<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **Northern (ND)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>1415 State Street<br>Santa Barbara, CA 93101<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **Riverside (RS)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **San Fernando Valley (SV)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367<br>Attn: Transcript Orders (name of Judge who held the hearing) |
| **Santa Ana (SA)**<br><br>(855) 460-9641 | United States Bankruptcy Court<br>411 West Fourth Street<br>Santa Ana, CA 92701<br>Attn: Transcript Orders (name of Judge who held the hearing) |

**\*NOTE: The Court does not accept transcript requests via fax, email or telephone.**



# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

## APPROVED TRANSCRIPTION SERVICE PROVIDERS

**BEN HYATT CERTIFIED DEPOSITION REPORTERS**
17835 Ventura Blvd., Suite 310
Encino, CA 91316
Ph: (888) 272-0022, ext. 201 or ext. 206
Fax: (818) 343-7116
Email: mhyatt@benhyatt.com
www.BenHyatt.com

**eSCRIBERS, LLC**
7227 N 16th Street, Suite 207
Phoenix, AZ 85020
Ph:(213) 943-3843
Fax: (973) 954-5619
Email: sales@escribers.net
www.eScribers.net

**BRIGGS REPORTING CO., INC.**
9711 Cactus Street
Suite B
Lakeside, CA 92040
Ph: (310) 410-4151
Fax: (858) 453-9625
Email: BriggsReporting@yahoo.com

**EXCEPTIONAL REPORTING SERVICES, INC.**
14633 S. Padre Island Drive, Suite 103
Corpus Christi, TX 78418
Ph:(361) 949-2988, ext. 0
Fax: (361) 949-7799
Email: transcripts@exceptionalreporting.com
www.ExceptionalReporting.com

**ECHO REPORTING, INC.**
9711 Cactus Street
Suite B
Lakeside, CA 92040
Ph:(858) 453-7590
Fax: (858) 453-9625
Email: echoreporting@yahoo.com

**J & J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, NJ 08619
Ph: (609) 586-2311
Fax: (609) 587-3599
Email: JJcourt@JJcourt.com
www.JJcourt.com



ORDER No. _____

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### TRANSCRIPT ORDER FORM

CHAPTER_____

APPEAL? ⌐Yes ⌐No
APPEAL No. _____
(if known)

(File this form on the related case docket)

Ordering Party's Name:_____ Attorney Bar# _____

Law Firm: _____

Mailing Address: _____

_____

Person to Contact (**If Judge-ordered: Transcriber to contact Procurement\*\***):_____

Telephone: (_____)_____ E-mail: _____

Bankruptcy Case #: _____ Adversary Proceeding #/MP #: _____

Date of Hearing (**complete a SEPARATE form for EACH hearing date**): _____Time: _____

Debtor: _____

Adversary Proceeding Name: _____ vs. _____

Hearing Judge: SELECT _____Courtroom #: SELECT

**TRANSCRIBER:** SELECT _____ **ALTERNATE:** SELECT

(Select from the Court-approved list of Transcription Service Providers. This provider will contact you regarding payment)

**341(a) MEETING OF CREDITORS:** The Meeting of Creditors is recorded by the Trustee. **DO NOT USE THIS FORM.** For *341(a) Recording Request Procedures*, visit the U.S. Trustee website www.justice.gov/ust/r16

| Transcript Type: | **NOTE:** The Court is not responsible for determining if a hearing has been previously transcribed. Check the case docket to determine if a filed transcript already exists or is being transcribed before filing this form. |
|---|---|

**Copy of Existing Transcript:** Contact the transcriber directly for a copy.

⌐ 30 Days (Ordinary)    ⌐ 3 Days    ⌐ Entire Hearing
⌐14 Days    ⌐ Next Day (24 hours) ⌐ Ruling/Opinion of Judge only
⌐ 7 Days    ⌐ Testimony of Witness _____
⌐ Other\*    (name of witness)

\*Special Instructions: _____

**Transcript due dates** are computed from the date the deposit is received by the Transcriber. The cost of a transcript varies for each type. See *Transcript Ordering Instructions*, ***Transcript Costs/Forms of Payment***.

### TO BE COMPLETED BY THE COURT

☐ **Judge Ordered Transcript\*\*:** Clerk must **docket this form**; CM/ECF will automatically notify Procurement.

Date Request Filed: _____Date Sent to Transcriber: _____ By ⌐FDS ⌐ Mail ⌐ Messenger

Digital Recording (or Analog Tape Recording)

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

(Tape #:____)Time Start (Index #): _____Time End (Index #): _____Time Start: _____Time End: _____

Court Recorder: _____Division:_____Processed by: _____

### \*\*TRANSCRIBER INSTRUCTIONS

**Judge-ordered transcripts:** email price quote & invoice to procurement@cacb.uscourts.gov. Provide quote *prior* to transcribing.

*Rev. October 2023. This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.*

**AMENDED ORDER CONTINUING**

**THE BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

**JUDICIAL COUNCIL OF THE NINTH CIRCUIT AMENDED ORDER CONTINUING THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

1.      **Continuing the Bankruptcy Appellate Panel Service.**

         **(a) Pursuant to 28 U.S.C. § 158(b)(1) as amended by the Bankruptcy Reform Act of 1994, the judicial council hereby reaffirms and continues a bankruptcy appellate panel service which shall provide panels to hear and determine appeals from judgments, orders and decrees entered by bankruptcy judges from districts within the Ninth Circuit.**

         **(b) Panels of the bankruptcy appellate panel service may hear and determine appeals originating from districts that have authorized such appeals to be decided by the bankruptcy appellate panel service pursuant to 28 U.S.C. § 158(b)(6).**

         **(c) All appeals originating from those districts shall be referred to bankruptcy appellate panels unless a party elects to have the appeal heard by the district court in the time and manner and form set forth in 28 U.S.C. § 158(c)(1) and in paragraph 3 below.**

         **(d) Bankruptcy appellate panels may hear and determine appeals from final judgments, orders and decrees entered by bankruptcy judges and, with leave of bankruptcy appellate panels, appeals from interlocutory orders and decrees entered by bankruptcy judges.**

         **(e) Bankruptcy appellate panels may hear and determine appeals from final judgments, orders, and decrees entered after the district court from which the appeal originates has issued an order referring bankruptcy cases and proceedings to bankruptcy judges pursuant to 28 U.S.C. § 157(a).**

2.      **Immediate Reference to Bankruptcy Appellate Panels.**

         **Upon filing of the notice of appeal, all appeals are immediately referred to the bankruptcy appellate panel service.**

3.  **Election to District Court.**

         **A party desiring to transfer the hearing of an appeal from the bankruptcy appellate panel**

service to the district court pursuant to 28 U.S.C. § 158(c)(1) shall timely file a written statement of election expressly stating that the party elects to have the appeal transferred from the bankruptcy appellate panel service to the district court.

(a) Appellant: If the appellant wishes to make such an election, appellant must file a written statement of election with the clerk of the bankruptcy court at the time of filing the notice of appeal. See Bankruptcy Rule 8005(a). When such an election is made, the clerk of the bankruptcy court shall forthwith transfer the case to the district court. The clerk of the bankruptcy court shall give notice to all parties and the clerk of the bankruptcy appellate panel of the transfer at the same time and in the same manner as set forth for serving notice of the appeal in Bankruptcy Rule 8003(c).

(b) All Other Parties: In all appeals where appellant does not file an election, the clerk of the bankruptcy court shall forthwith transmit a copy of the notice of appeal to the clerk of the bankruptcy appellate panel. If any other party wishes to have the appeal heard by the district court, that party must, within thirty (30) days after service of the notice of appeal, file with the clerk of the bankruptcy appellate panel a written statement of election to transfer the appeal to the district court. Upon receipt of a timely statement of election filed under this section, the clerk of the bankruptcy appellate panel shall forthwith transfer the appeal to the appropriate district court and shall give notice of the transfer to the parties and the clerk of the bankruptcy court. Any question as to the timeliness of an election shall be referred by the clerk of the bankruptcy appellate panel to a bankruptcy appellate panel motions panel for determination.

4.    MOTIONS DURING ELECTION PERIOD

All motions relating to an appeal shall be filed with the bankruptcy appellate panel service unless the case has been transferred to a district court. The bankruptcy appellate panels may not dismiss or render a final disposition of an appeal within thirty (30) days from the date of service of the notice of appeal,  but may otherwise fully consider and dispose of all motions.

5.    PANELS

Each appeal shall be heard and determined by a panel of three judges from among those appointed pursuant to paragraph 6, provided however that a bankruptcy judge shall not participate in an appeal originating in a district for which the judge is appointed or designated under 28 U.S.C. § 152. In addition, the panel may hear and determine appeals en banc under rules promulgated by and approved as provided in section 8 of this order.

6.    MEMBERSHIP OF BANKRUPTCY APPELLATE PANELS

The bankruptcy appellate panel shall consist of seven members serving seven-year terms (subject to reappointment to one additional three-year term). The judicial council shall periodically examine the caseload of the bankruptcy appellate panel service to assess whether the number of bankruptcy judges serving should change. Appointment of regular and pro tem bankruptcy judges to service on the bankruptcy appellate panel shall be governed by regulations promulgated by the Judicial Council.

(a) When a three-judge panel cannot be formed from the judges designated under subparagraph (a) to hear a case because judges have recused themselves, are disqualified from hearing the case because it arises from their district, or are otherwise unable to participate, the Chief Judge of the Ninth Circuit may designate one or more other bankruptcy judge(s) from the circuit to hear the case.

(b) In order to provide assistance with the caseload or calendar relief, to constitute an en banc panel, or otherwise to assist the judges serving, or to afford other bankruptcy judges with the opportunity to serve on the bankruptcy appellate panels, the Chief Judge of the Ninth Circuit may designate from time to time one or more other bankruptcy judge(s) from the circuit to participate in one or more panel sittings.

7.    CHIEF JUDGE

The members of the bankruptcy appellate panel service by majority vote shall select one of their number to serve as chief judge.

8.    RULES OF PROCEDURE

(a)    Practice before the bankruptcy appellate panels shall be governed by Part VIII of the Federal Rules of Bankruptcy Procedure, except as provided in this order or by rule of the bankruptcy appellate panel service adopted under subparagraph (b).

(b)    The bankruptcy appellate panel service may establish rules governing practice and procedure before bankruptcy appellate panels not inconsistent with the Federal Rules of Bankruptcy Procedure. Such rules shall be submitted to, and approved by, the Judicial Council of the Ninth Circuit.

9.    PLACES OF HOLDING COURT.

Bankruptcy appellate panels may conduct hearings at such times and places within the Ninth Circuit as it determines to be appropriate.

10.    **CLERK AND OTHER EMPLOYEES.**

(a) **Clerk's Office.** The members of the bankruptcy appellate panel service shall select and hire the clerk of the bankruptcy appellate panel. The clerk of the bankruptcy appellate panel may select and hire staff attorneys and other necessary staff. The chief judge shall have appointment authority for the clerk, staff attorneys and other necessary staff. The members of the bankruptcy appellate panel shall determine the location of the principal office of the clerk.

(b) **Law Clerks.** Each judge on the bankruptcy appellate panel service shall have appointment authority to hire an additional law clerk.

11.    **EFFECTIVE DATE**

This Order shall be effective as to all appeals originating in those bankruptcy cases that are filed after the effective date of this Order. For all appeals originating in those bankruptcy cases that were filed before October 22, 1994, the Judicial Council's prior Amended Order, as revised October 15, 1992, shall apply. This Order, insofar as just and practicable, shall apply to all appeals originating in those bankruptcy cases that were filed after the effective date of the Bankruptcy Reform Act of 1994, October 22, 1994, but before the date of this Order.

IT IS SO ORDERED.

DATE: April 28, 1995; amended May 9, 2002, amended May 4, 2010, amended February 18, 2015.

For the Judicial Council:

Sidney R. Thomas, Chief Judge
U.S. Court of Appeals

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Eric J. Olson (SBN 37630)<br>EJOlsonLaw<br>301 East Colorado Boulevard, Suite 520<br>Pasadena, California 91101<br>T: 818-245-2246<br>C: 626-224-5619<br>E: Eric@EJOlsonLaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Defendants (See Attachment 1) | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Leslie Klein<br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br><br>ADVERSARY NO.: 2:24-ap-01140-SK<br>(*if applicable*)<br><br>CHAPTER: 11 |
|---|---|
| Bradley D. Sharp, Chapter 11 Trustee<br><br><br>Plaintiff(s) (*if applicable*).<br>vs.<br>Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; and Barbara Klein, an individual<br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): <u>Defendants (See Attachment 1)</u>

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☒ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

ER 1502

Attachment 1 to Notice of Appeal and Statement of Election

2:24-ap-01140-SK

Defendants:

Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; and Barbara Klein, an individual

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants

2. State the date on which the judgment—or the appealable order or decree—was entered: 12/20/2024

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Bradley D. Sharp, Chapter 11 Trustee

   Attorney:

   Jeffrey W. Dulberg, John W. Lucas, Jeffrey P. Nolan
   PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Boulevard, 13th Floor
   Los Angeles, California 90067
   T: 310-277-6910 F: 310-201-0760
   E: jdulberg@pszjlaw.com; jlucas@pszjlaw.com; jnolan@pszjlaw.com

2. Party:

   Attorney:

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_____     Date: 01/03/2025
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067-4003
4  Telephone: 310.277.6910
   Facsimile: 310.201.0760
5  Los Angeles, California 90067-4003
   E-mail:  jdulberg@pszjlaw.com
6          jlucas@pszjlaw.com
           jnolan@pszjlaw.com
7
   Attorneys for Plaintiff, Bradley D. Sharp,
8  Chapter 11 Trustee

FILED & ENTERED

DEC 20 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may        DEPUTY CLERK

9              UNITED STATES BANKRUPTCY COURT
10              CENTRAL DISTRICT OF CALIFORNIA
                   LOS ANGELES DIVISION
11

12  | In re: | Case No.: 23-10990-SK |
    | LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |

13

14  Debtor.   |   Chapter 11

15  BRADLEY D. SHARP, Chapter 11 Trustee,   |   **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS**

16              Plaintiff,

17  v.

18  LESLIE KLEIN, an individual, THE SECOND
    AMENDED KLEIN LIVING TRUST, a trust,
19  THE MARITAL DEDUCTION TRUST OF
    ERIKA KLEIN, a trust, THE SURVIVOR'S
20  TRUST OF LESLIE KLEIN, a trust, and
    BARBARA KLEIN, an individual,
21
              Defendants.
22

    Date:   December 18, 2024
    Time:   10:30 a.m.
    Place:  Courtroom 1575
            255 E. Temple Street
            Los Angeles, CA 90012

    [Relates to Docket Nos. 32, 33, 34, 36, 43, 44, 48 and 49]

23

24      A hearing was held on December 18, 2024 at 10:30 a.m. in Courtroom 1575, 255 East

25  Temple Street, Los Angeles, California 90012 before the Honorable Sandra R. Klein for the Court

26  to consider and act upon the *Motion For Summary Judgment On All Claims for Relief Against*

27  *Defendants* (the "**Motion**")[1] [Adv. Docket No. 32], filed by plaintiff, Bradley D. Sharp, as trustee

28  _____
    [1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  (the "**Plaintiff**") for the Chapter 11 estate of Leslie Klein.  Appearances were as noted on the

2  record.

3          Based upon the record, the Motion, the declaration of John W. Lucas [Adv. Docket No.

4  33], the request for judicial notice [Adv. Docket No. 34], and the statement of facts and

5  conclusions of law [Adv. Docket No. 36], filed by Plaintiff in support of the Motion; the

6  opposition to the Motion filed by Defendants [Adv. Docket No. 43], the statement of genuine

7  issues of facts filed by Defendants [Adv. Docket No. 44]; the reply to the statement of facts filed

8  by Plaintiff [Adv. Docket No. 48], and the reply to the Opposition filed by Plaintiff [Adv. Docket

9  No. 49]; the motion to continue filed by Defendants [Adv. Docket No. 51]; and the opposition to

10  the Motion to Continue, filed by Plaintiff [Adv. Docket No. 52]; and the arguments of counsel at

11  the hearing; based on the findings of fact and conclusions of law made by the Court on the record

12  of the hearing; and good cause appearing therefor; and for the reasons stated by the Court on the

13  record of the hearing,

14          **IT IS HEREBY ORDERED:**

15          1.      The Motion is GRANTED.

16          2.      The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute

17  arising from or relating to this Order.

18                                                          # # #

19

20

21

22

23  Date: December 20, 2024

                                            Sandra R. Klein
24                                          United States Bankruptcy Judge

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

301 East Colorado Boulevard, Suite 520, Pasadena, California 91101

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/03/2025 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Simon Aron (saron@wrslawyers.com, moster@wrslawyers.com); Reem J. Bello (rbello@goeforlaw.com; kmurphy@goeforlaw.com); Jeffrey W. Dulberg (jdulberg@pszjlaw.com); Robert P. Goe (kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com); United States Trustee (LA) (ustpregion16.la.ecf@usdoj.gov); John W. Lucas (jlucas@pszjlaw.com, ocarpio@pszjlaw.com); Jeffrey P. Nolan (jnolan@pszjlaw.com)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/03/2025 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

via US Mail
Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/3/2025 | Jasper Pantaleon | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

ER 1507

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
(626) 229-7220

**RE:** LESLIE KLEIN

**Appellant:** LESLIE KLEIN, an individual; THE
SECOND AMENDED KLEIN LIVING TRUST, a
trust; THE MARITAL DEDUCTION TRUST OF
ERIKA KLEIN, a trust; THE SURVIVOR'S TRUST
OF LESLIE KLEIN, a trust; BARBARA KLEIN, an
individual

**BAP No.:** CC-25-1002

**Bk. No.:** 2:23-bk-10990-SK          **Adv. No.(s):** 2:24-ap-01140-SK

## OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy Appellate Panel (BAP) and assigned the case number above.

Electronic filing using the BAP's Case Management/Electronic Case Filing (CM/ECF) docketing system is **mandatory** for all attorneys. Please review the Administrative Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov for further information.

For non-attorneys, all papers filed with the BAP should be in the form of an original and three copies.

The BAP docket and other court information is available through the National PACER system. http://www.bap9.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the BAP. Appeals are also governed by Parts VIII and IX of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), and some parts of the Federal Rules of Appellate Procedure (F.R.A.P.) See 9th Cir. BAP Rule 8026-1.

Pursuant to 9th Cir. Rule 8003-1, please immediately send the BAP Clerk a copy of the signed and entered order or judgment being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is compliance with F.R.B.P 8009, which require Appellant to file within 14 days in the bankruptcy court a designation of the record, statement of issues on appeal, and a notice regarding the ordering of transcripts. Under these rules Appellee may also file a supplemental designation of the record and order transcripts. The party ordering the transcripts must make satisfactory arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with the bankruptcy court a notice stating that none are required. See also 9th Cir. BAP R. 8009-1.

The parties should note that the designation of the record under F.R.B.P. 8009 is a necessary procedural step in prosecuting an appeal and the parties may not later include in their excerpts of the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those

ER 1508

items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8010(a)(2)(C), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible scheduled date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request of change time and place are rarely granted.

<u>CERTIFICATE OF MAILING</u>

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Cecil Lizandro Silva, Deputy Clerk

**Date:** January 6, 2025

1 | Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
2 | Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
3 | 10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
4 | Telephone: 310-277-6910
Facsimile:  310-201-0760
5 | Email: jdulberg@pszjlaw.com
        jlucas@pszjlaw.com
6 |        jnolan@pszjlaw.com

7 | Counsel to Bradley D. Sharp, Chapter 11 Trustee

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 | In re | Case No. 2:23-bk-10990-SK

12 | LESLIE KLEIN, | Chapter 11

13 | Debtor. | **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER**
14 | | **(1) RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST.,**
15 | | **LOS ANGELES, CALIFORNIA TO THE TRUSTEE AND COMPELLING DEBTOR TO**
16 | | **VACATE THE PROPERTY; AND (2) DIRECTING AND AUTHORIZING THE**
17 | | **UNITED STATES MARSHAL SERVICE, OR ANY OTHER LAW ENFORCEMENT**
18 | | **AGENCY WITH JURISDICTION, TO ENFORCE THE ORDER OF THE COURT TO**
19 | | **RESTORE POSSESSION OF THE PROPERTY TO THE TRUSTEE;**
20 | | **MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF**
21 | | **BRADLEY D. SHARP AND JEFFREY W. DULBERG IN SUPPORT THEREOF**
22 | |
23 | | Date:    February 12, 2025
Time:    9:00 a.m.
24 | | Place:   Courtroom 1575
        255 E. Temple Street
25 | | Los Angeles, CA 90012
26 |
27 |
28 |

LA:4902-5967-1053.2 78512.001

ER 1510

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL OF RECORD, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Leslie Klein, the debtor herein (the "**Debtor**") hereby moves (the "**Motion**") the Court for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 542(a) to restore possession of the property located at 322 N. June Street, Los Angeles, California (the "**Property**") to the Trustee, to compel the Debtor to vacate the Property, and to direct and authorize the United States Marshal Service, or any other law enforcement agency with jurisdiction, to enforce the order of the Court to restore control and possession of the Property to the Estate and the Trustee.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held on **February 12, 2025,** at **9:00 a.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Sandra R. Klein, United States Bankruptcy Judge, in Courtroom 1575, 255 East Temple Street, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of Bradley D. Sharp annexed thereto, the record in this chapter 11 case, as well as any other documentary evidence as may be presented to this Court at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the Motion.  The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

Dated: January 17, 2025

PACHULSKI STANG ZIEHL & JONES LLP

 */s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg

Counsel to Bradley D. Sharp, Chapter 11 Trustee

# I.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    STATEMENT OF FACTS**

In his amended bankruptcy schedules filed on April 10, 2023 [Docket No 70], the Debtor listed the value of the property located at 322 N. June Street, Los Angeles, California (the "**Property**") at $4,900,000.00, with his ownership interest in the Property at 50%, and the remaining 50% ownership interest in the Property held by his deceased wife's irrevocable marital trust.

Pursuant to the *Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. § 522(q)* [Docket No. 71], approved by order entered May 17, 2023 [Docket No. 141], the Debtor's homestead exemption in the Property was reduced to $189,050.00, and all amounts in excess of that amount were disallowed.

On May 29, 2024, the Trustee filed a *First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interest in Real Property Located at 322 June St., Los Angeles, California* (the "**Complaint**") [Adv. Docket No. 6].[1]  The Trustee commenced this action seeking to (i) quiet title, pursuant to section 760.101, et. seq. of the California Code of Civil Procedure, of the Property in the name of the Debtor and, as such, as property of the Estate, (ii) avoid any unrecorded or invalid transfers, pursuant to section 544(a)(3) of the Bankruptcy Code, of the Property, and (iii) recover the Estate's[2] interest in the Property, pursuant to section 550 of the Bankruptcy Code.

On September 20, 2024, the Trustee filed a *Motion for Summary Judgment on All Claims for Relief Against Defendants* (the "**MSJ**") [Adv. Docket No. 32], seeking summary judgment on all claims for relief as set forth in the Complaint.  The MSJ was approved by order entered on January 20, 2024 (the "**Judgment**") [Adv. Docket No. 62].

On January 3, 2025, the Debtor filed a *Notice of Appeal* of the Judgment [Adv. Docket No. 67].  No stay of the Judgment is in place.

On January 15, 2025, Jeffrey Dulberg, counsel for the Trustee, wrote to the Debtor and his occasional counsel, Mr. Olson, requesting that the Debtor "begin the process of the turning over

---

[1] All references herein to "Adv. Docket No. ___" are to the docket entries in Adv. Case No.: 2:24-ap-01140-SK.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1  control of [the Property] to Mr. Sharp." In counsel's correspondence, he indicated that the Trustee

2  preferred to not expend estate resources to obtain control of the Property.

3  Mr. Dulberg received no response to the January 15, 2025 correspondence, even though he

4  wrote to both individuals, and merely asked the Debtor to abide by this Court's ruling awarding the

5  Property to the estate.

6  On January 17, 2025, Mr. Dulberg wrote a follow up note to the Debtor and Mr. Olson

7  confirming their non-response to his earlier e-mail.  Attached hereto as **Exhibit "A"** and

8  incorporated herein by reference is a true and correct copy of Mr. Dulberg's correspondence with the

9  Debtor and Mr. Olson.

10  **B.    ARGUMENT**

11      **1.    This Court Has the Authority To Issue An Order Restoring the Trustee To
            Possession of the Property and Compel Leslie Klein to Vacate the Property.**

12

13  Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he Court may issue

14  any order, process or judgment that is necessary to carry out the provisions of this title."  In Unioil,

15  948 F.2d 678 (10th Cir. 1991).  A Bankruptcy Court has the equitable authority to enforce judgments

16  for possession of property through writs and orders under § 105(a).  In re Kerlo, 311 B.R. 256, 262

17  (Bankr. C.D. Cal. 2004) (citing Stone v. White (In re Stone), No. 92-01383, 1998 WL 1819081

18  (Bankr. D.C. 1998) (discussing a writ of possession issued to enforce a turnover order), (citing

19  Toledano v. Kittay (In re Toledano) 299 B.R. 284, 299 (Bankr S.D. N.Y. 2003) (stating that in the

20  event the debtor or any other individuals occupying property of the estate did not voluntarily vacate

21  the premises in accordance with the court's order, the trustee is authorized to direct the United States

22  Marshal Service to effectuate the terms of the order by evicting all occupants form the premises).

23  Further, Bankruptcy Code section 542(a) provides that:3

24      (a) Except as provided in subsection (c) or (d) of this section, an entity other
        than a  custodian, in possession, custody, or control during the case, of

25      property that the trustee may use, sell, or lease under section 363, of this
        title, or that the debtor may exempt under section 522 of this title, shall

26

27  ――――――――――

28  [3] The Federal Rules of Bankruptcy Procedure generally require turnover actions to be commenced via adversary
    proceeding however there is a specific exception for "a proceeding to compel the debtor to deliver property to the
    trustee."  Fed. R. Bankr. Proc. 7001(a).

<u>deliver to the trustee</u>, and account for, such property, unless such property is
of inconsequential value or benefit to the estate. (Emphasis added).

There is no dispute that the Property is an asset of the Estate.  The Property is clearly
property that the Trustee may use, sell, or lease under section 363 and is not of inconsequential
value.  The Trustee believes that substantial equity would be derived from the sale of the Property,
which would benefit creditors and be advantageous to the Estate.

Section 105(a) Bankruptcy Code provides the Court with the authority to do what may be
necessary and appropriate for the Trustee to obtain possession of the Property.  The Trustee therefore
requests that the Court issue an order restoring the Trustee to possession of the Property and
compelling the Debtor and all other occupants to vacate the Property immediately, or as the Court
may order, and to remove all personal possessions from the Property.  The Trustee will not be able to
adequately market and sell the Property unless he is able to provide unfettered access to prospective
purchasers to perform inspections of the Property, conduct appraisals and/or waive any other
contingencies.  Further, without control of the Property, the Property is at risk of loss to the creditors
due to potential negligence or the Debtor's failure to maintain the Property.  Furthermore, the Debtor
has failed to cooperate with the Trustee's request that he turnover control and possession of the
Property to the Trustee. Thus, an order directing the Debtor and all other occupants to vacate the
Property and deliver possession to the Trustee is appropriate.

**2.    The United States Marshal Service, or any other Law Enforcement Agency with
Jurisdiction, Should be Directed and Authorized to Enforce the Order Restoring
Trustee to Possession of the Property.**

The involvement of the United States Marshal Service, or any other law enforcement agency
with jurisdiction, is the only way that the Trustee can effectively enforce the Court's order restoring
Trustee to possession of the Property.  <u>See</u> In re Kerlo, 311 B.R. at 265.  In the case of <u>Toledano v.
Kittay (In re Toledano)</u>, 299 B.R. 284, 299 (Bankr. S.D.N.Y. 2003), the Court stated that in the event
the debtor or any other individuals occupying property of the estate did not voluntarily vacate the
premises in accordance with the court's order, the trustee is authorized to direct the United States
Marshal Service to effectuate the terms of the order by evicting all occupants from the premises.
Thus, in the event the Trustee's attempt to resolve this matter by an order restoring the Trustee's

possession of the Property fails, the Trustee will require the assistance of the United States Marshal

Service, or any other law enforcement agency with jurisdiction, to assist him in implementing the

Court's Order.  Accordingly, the Trustee requests an order requiring the Debtor to deliver possession

to the Trustee and for issuance of a writ of possession directing the United States Marshal Service to

enforce the order if the Debtor and any other occupants fail to vacate the Property and remove all

personal possessions.

## II.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting

the Motion; (b) restoring possession of the Property to the Trustee; (c) compelling the Debtor and all

occupants of the Property to vacate and deliver possession of the Property immediately, or as the

Court may order; (d) compelling the Debtor and all occupants of the Property to remove all personal

possessions from the Property immediately, or as the Court may order; (e) directing and authorizing

the United States Marshal Service, or any other law enforcement agency with jurisdiction, to

immediately enforce the Court's order to restore Trustee to possession of the Property if the Debtor

and all occupants fail to vacate the Property; and (f) granting such other and further relief as this

Court deems just and proper under the circumstances.


 Dated:  January 17, 2025                    PACHULSKI STANG ZIEHL & JONES LLP


                                              _/s/ Jeffrey W. Dulberg_____
                                             Jeffrey W. Dulberg

                                             Counsel to Bradley D. Sharp, Chapter 11 Trustee

## DECLARATION OF BRADLEY D. SHARP

I, Bradley D. Sharp, declare as follows:

1.      I am the duly appointed Chapter 11 Trustee of the bankruptcy estate of Leslie Klein.

2.      I make this Declaration in support of the *Motion of Chapter 11 Trustee (1) Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee and Compelling Debtor to Vacate the Property; and (2) Directing and Authorizing the United States Marshal Service, or Any Other Law Enforcement Agency With Jurisdiction, to Enforce the Order of the Court to Restore Possession of the Property to the Trustee* (the "**Motion**") to which this Declaration is annexed.

3.      All matters set forth herein are based on either my personal knowledge, my review of relevant documents and information, including, without limitation, documents and information supplied to me by my professionals, and the record in these Cases for which judicial notice is sought. All capitalized terms herein which are otherwise not defined herein shall have the same meaning ascribed to them in the Motion to which this Declaration is attached. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.      In his amended bankruptcy schedules filed on April 10, 2023 [Docket No 70], the Debtor listed the value of the property located at 322 N. June Street, Los Angeles, California (the "**Property**") at $4,900,000.00, with his ownership interest in the Property at 50%, and the remaining 50% ownership interest in the Property held by his deceased wife's irrevocable marital trust.

5.      Pursuant to the *Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. § 522(q)* [Docket No. 71], approved by order entered May 17, 2023 [Docket No. 141], the Debtor's homestead exemption in the Property was reduced to $189,050.00, and all amounts in excess of that amount were disallowed.

6.      On May 29, 2024, I filed a First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interest in Real Property Located at 322 June St., Los Angeles, California (the "**Complaint**") [Adv. Docket No. 6].[4]  I commenced this action seeking to (i) quiet title, pursuant to

---

[4] All references herein to "Adv. Docket No. ___" are to the docket entries in Adv. Case No.: 2:24-ap-01140-SK.

section 760.101, et. seq. of the California Code of Civil Procedure, of the Property in the name of the Debtor and, as such, as property of the Estate, (ii) avoid any unrecorded or invalid transfers, pursuant to section 544(a)(3) of the Bankruptcy Code, of the Property, and (iii) recover the Estate's interest in the Property, pursuant to section 550 of the Bankruptcy Code.

7.      On September 20, 2024, the Trustee filed a *Motion for Summary Judgment on All Claims for Relief Against Defendants* (the "**MSJ**") [Adv. Docket No. 32], seeking summary judgment on all claims for relief as set forth in the Complaint.  The MSJ was approved by order entered on January 20, 2024 (the "**Judgment**") [Adv. Docket No. 62].

8.      On January 3, 2025, the Debtor filed a *Notice of Appeal* of the Judgment [Adv. Docket No. 67].  No stay of the Judgment is in place.

9.      There is no dispute that the Property is an asset of the Estate.  The Property is clearly property that I may use, sell, or lease under section 363 and is not of inconsequential value.  I believe that substantial equity would be derived from the sale of the Property, which would benefit creditors and be advantageous to the Estate.

10.      I request that the Court issue an order restoring possession of the Property to my control and compelling the Debtor and all other occupants to vacate the Property immediately, or as the Court may order, and to remove all personal possessions from the Property.  I cannot adequately market and sell the Property unless I am able to provide unfettered access to prospective purchasers to perform inspections of the Property, conduct appraisals and/or waive any other contingencies.  Further, without control of the Property, the Property is at risk of loss to the creditors due to potential negligence or the Debtor's failure to maintain the Property.  Furthermore, the Debtor has failed to cooperate with my formal requests that he turnover control and possession of the Property. Thus, an

1  order directing the Debtor and all other occupants to vacate the Property and deliver possession to

2  me is appropriate.

3        I declare under penalty of perjury under the laws of the United States of America that the

4  foregoing is true and correct.

5        Executed this 17th day of January, 2025 at Oakland, California.

6

7  _____

8  Bradley D. Sharp

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF JEFFREY W. DULBERG</u>

I, Jeffrey W. Dulberg, declare as follows:

1.      I am a partner of Pachulski Stang Ziehl & Jones LLP, general bankruptcy counsel to Bradley D. Sharp, the duly appointed chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate of Leslie Klein.

2.      I make this Declaration in support of the *Motion of Chapter 11 Trustee (1) Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee and Compelling Debtor to Vacate the Property; and (2) Directing and Authorizing the United States Marshal Service, or Any Other Law Enforcement Agency With Jurisdiction, to Enforce the Order of the Court to Restore Possession of the Property to the Trustee* (the "**Motion**") to which this Declaration is annexed.

3.      All matters set forth herein are based on either my personal knowledge, my review of relevant documents and information, including, without limitation, documents and information supplied to me by my professionals, and the record in this case for which judicial notice is sought. All capitalized terms herein which are otherwise not defined herein shall have the same meaning ascribed to them in the Motion. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.      On January 15, 2025, on behalf of the Trustee, I wrote to the Debtor and his occasional counsel, Mr. Olson, requesting that the Debtor "begin the process of the turning over control of [the Property] to Mr. Sharp." In my note, I indicated that the Trustee preferred to not expend estate resources to obtain control of the Property.

5.      I received no response to my e-mail, even though I wrote to both individuals, and merely asked the Debtor to abide by this Court's ruling awarding the Property to the estate.

6.      On January 17, 2025, I wrote a follow up note the Debtor and Mr. Olson confirming their non-response to my e-mail.  Attached hereto as **Exhibit "A"** and incorporated herein by reference is a true and correct copy of my correspondence with the Debtor and Mr. Olson.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of January, 2025 at Los Angeles, California.

*/s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg

# EXHIBIT A

**From:** Jeffrey Dulberg <jdulberg@pszjlaw.com>
**Date:** January 17, 2025 at 3:12:25 PM PST
**To:** "Eric J. Olson" <Eric@ejolsonlaw.com>, les.kleinlaw@gmail.com, leskleinlaw@gmail.com
**Cc:** Bradley Sharp <bsharp@dsiconsulting.com>, "John W. Lucas" <jlucas@pszjlaw.com>
**Subject: RE: Klein / June St Turnover**


Messrs. Olson & Klein:

I am confirming that I have not received a response from you with respect to the Trustee's turnover demand below.  The Trustee will proceed accordingly.

Best,


**Jeffrey Dulberg**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Jeffrey Dulberg
**Sent:** Wednesday, January 15, 2025 10:19 AM
**To:** Eric J. Olson <Eric@ejolsonlaw.com>; les.kleinlaw@gmail.com; leskleinlaw@gmail.com
**Cc:** Bradley Sharp <bsharp@DSIConsulting.com>; John W. Lucas <jlucas@pszjlaw.com>
**Subject:** Klein / June St Turnover

Messrs. Olson & Klein:

As you know, the Trustee prevailed in the June St adversary proceeding and Mr. Klein's bankruptcy estate is now the lawful owner of 100% of the property.  I am writing to begin the process of turning over control of the property to Mr. Sharp.  Please contact me at your earliest opportunity to discuss the turnover.  We would prefer not to have to spend more of the estate's funds to obtain control of the property so please contact me at once.

Best,


**Jeffrey Dulberg**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn

<image001.jpg>
Los Angeles | New York | Wilmington, DE | Houston | San Francisco

ER 1523

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*)**:  NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER (1) RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA TO THE TRUSTEE AND COMPELLING DEBTOR TO VACATE THE PROPERTY; AND (2) DIRECTING AND AUTHORIZING THE UNITED STATES MARSHAL SERVICE, OR ANY OTHER LAW ENFORCEMENT AGENCY WITH JURISDICTION, TO ENFORCE THE ORDER OF THE COURT TO RESTORE POSSESSION OF THE PROPERTY TO THE TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRADLEY D. SHARP AND JEFFREY W. DULBERG IN SUPPORT THEREOF** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 17, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **January 17, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 17, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| <u>Via Email:</u><br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 17, 2025 | | /s/ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4888-5069-3839.1 78512.001

**F 9013-3.1.PROOF.SERVICE**
ER 1524

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  **Case 2:23-bk-10990-SK**

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**    armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Christopher M McDermott**    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Kevin Ronk**    Kevin@portilloronk.com, jaclyn@cym.law,karen@cym.law
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Richard P Steelman**    RPS@LNBYG.COM
- **Nikko Salvatore Stevens**    nikko@cym.law, karen@cym.law
- **Alan G Tippie**    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**    gtokumori@pmcos.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**    mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**    jward@attlesseyward.com, ephuong@attlesseyward.com
- **Brett J. Wasserman**    wasserman@smcounsel.com
- **Alex M Weingarten**    aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**    paul@cym.law, jaclyn@cym.law
- **Roye Zur**    rzur@elkinskalt.com, TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**2.  SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4888-5069-3839.1 78512.001

**F 9013-3.1.PROOF.SERVICE**
ER 1525